UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-24505

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO

    Plaintiffs,

v.

STRATAIR AVIATION SERVICES, LLC,

    Defendant.
_____/

## MOTION TO DISMISS COUNT VIII OF THE COMPLAINT, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

Defendant, StratAir Aviation Services, LLC ("StratAir"), pursuant to Rules, 12(b), 12(e), and 12(f) of the Federal Rules of Civil Procedure hereby file this Motion to Dismiss Count VIII of the Complaint, Motion for More Definite Statement, and Motion to Strike, and in support thereof states as follows:[1]

---

[1] Because of the overlapping allegations and applicable defenses, StratAir has elected to wait until the Court rules on this Motion to Dismiss Count VIII of the Complaint, Motion for More Definite Statement, and Motion to Strike instead of filing an answer to Counts II and III of the Complaint. *See Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07cv30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) ("[A] party need not file an answer while a partial motion to dismiss is pending"); *Pushko v. Klebener*, No. 3:05-cv-211-J-25HTS, 2005 WL 7460162 (M.D. Fla. June 10, 2005) (same); *Ferk v. Mitchell*, 14-CV-21916, 2014 WL 7369646, at *1 (S.D. Fla. 2014) (citing with approval *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007)); *Finnegan v. Univ. of Rochester Med. Ctr.*, No. 97-cv-6577, 1998 WL 426527 (W.D.N.Y. June 30, 1998) (citing numerous cases and stating this is the majority rule). If this Court imposes a different requirement, StratAir hereby moves for an enlargement of time to respond to the claims not addressed by this Motion until after such time as the Court renders a decision on this Motion.

**Summary of Argument**

Count VIII of the Complaint, "Interference with FMLA Rights (Luis Ceruto Rodriguez),"[2] should be dismissed. Plaintiff Rodriguez Ceruto fails to plead more than a threadbare recital of the elements of FMLA interference, making conclusory allegations that are unsupported by any factual allegations. The claim should be dismissed for failure to plead any facts to demonstrate that StratAir interfered with his FMLA rights (which StratAir denies). With respect to Counts VI, VIII, III, and IV,[3] StratAir respectfully requests the Court require Plaintiff Rodriguez Ceruto to provide a more definite statement of his claims because certain paragraphs of the Complaint reference his wife's cancer diagnosis as the basis for his claims, while other paragraphs allege that it was Plaintiff Rodriguez Ceruto's own cancer diagnosis. StratAir needs clarity on the basis of Plaintiff's claims so that it can reasonably prepare a response. Finally, Count I of the Complaint seeks compensatory damages for alleged mental damages, which are not recoverable under the ADEA. Therefore, StratAir moves to strike the Plaintiff's improper request for relief.

**Motion to Dismiss and Memorandum of Law**

I.   **Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[2] The Complaint refers to Plaintiff Rodriguez Ceruto as "Luis Rodriguez Ceruto" and "Luis Ceruto Rodriguez" in various counts. StratAir will refer to Plaintiff as "Plaintiff Rodriguez Ceruto," based on how his name is listed in the caption of this case.
[3] Count VIII, "Interference with FMLA Rights (Luis Ceruto Rodriguez (sic))," "Count III – Failure to Notify of FMLA Rights (Luis Ceruto Rodriguez (sic))," and "Count IV – Unlawful FMLA Retaliation (Luis Ceruto Rodriguez (sic))" are incorrectly numbered in the Complaint.

to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court may not accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. "While Rule 8(a) does not demand 'detailed factual allegations,' it does require 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Curtis v. Delta Air Lines, Inc.*, Case No. 8:25-cv-1068-TPB-CPT, 2025 WL 2482659 (M.D. Fla. Aug. 28, 2025) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

II. **Plaintiff Rodriguez Ceruto failed to allege any facts to demonstrate that StratAir interfered with his FMLA rights.[4]**

"To state a cognizable FMLA interference claim, an employee must plead sufficient facts that demonstrate that her 'employer denied or otherwise interfered with her substantive rights under the Act." *Curtis v. Delta Air Lines, Inc.*, Case No. 8:25-cv-1068-TPB-CPT, 2025 WL 2482659, at *4 (quoting *Strickland v. Water Works and Sewer Bd. of Cty. of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001)) (brackets omitted).

Count VIII of the Complaint fails to allege any facts to show that StratAir denied or otherwise interfered with his FMLA rights. Plaintiff merely offers the conclusory statement that: "Defendant interfered with Mr. Rodriguez Ceruto's ability to take intermittent and/or extended FMLA leave." [DE-1], at ¶ 168. This is merely a recitation of the elements of an FMLA interference claim. Plaintiff is required to plead sufficient facts to demonstrate that StratAir

---

[4] StratAir expressly denies violating the FMLA and denies that Plaintiff Rodriguez Ceruto is entitled to any relief whatsoever.

allegedly interfered with his FMLA rights (which StratAir denies). *See Curtis*, 2025 WL 2482659, at *4.

Plaintiff attempts to couch a legal conclusion (that Defendant allegedly interfered with FMLA rights to leave) as a factual allegation. This "threadbare recital" of the key element of an FMLA interference claim, without any supporting facts, is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Because Plaintiff Rodriguez Ceruto failed to allege any facts to demonstrate that StratAir interfered with his FMLA rights, Count VIII should be dismissed.

### III.  In the Alternative, The Court Should Require A More Definite Statement of Plaintiff Rodriguez Ceruto's Claims (Counts VI, VIII[5], III, and IV)

Plaintiff Luis Rodriguez Ceruto's claims are contradictory and StratAir is unable to prepare a meaningful response. Consequently, StratAir, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, hereby moves for a more definite statement.

Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

Here, the defect in Plaintiff Rodriguez Ceruto's claims is that his claims are contradictory regarding the alleged basis for Plaintiff's need for leave. Specifically, in Count VI, Plaintiff Rodriguez Ceruto alleges that his **wife's cancer diagnosis** caused Plaintiff to need time off from work due to his wife's condition. *See* [DE-1], at ¶¶ 149-151, 153-157. Then, in the following count,

---

[5] Should the Court deny StratAir's motion to dismiss Count VIII, StratAir moves for a more definite statement of the claim as discussed herein.

4

Plaintiff Rodriguez Ceruto alleges that **"his cancer diagnosis"** was the reason that he needed to miss work. *See id.* at ¶¶ 164-167. Similarly, Plaintiff Rodriguez Ceruto alleges in Counts III and IV that his cancer diagnosis was the alleged basis for his need for leave. *See id.* at ¶¶ 173, 175, 177, 184, 186, 188-189.

The basis for Plaintiff Rodriguez Ceruto's alleged need for leave is an essential fact, which Plaintiff must clearly allege in order for StratAir to respond. For example, StratAir cannot respond to whether it was on notice of Plaintiff's alleged need for leave when StratAir is unclear regarding what reason for leave Plaintiff alleges he provided to StratAir. While motions for more definite statement are generally disfavored, courts in this District have granted them where a complaint's allegations were "confusing, contradictory, and fail[ed] to give Defendant fair notice of the nature and factual basis for each claim." *See Ramirez v. Advance Auto Parts*, Case No. 24-60905-CIV-DIMITROULEAS, 2024 WL 5400168 (S.D. Fla. Jul. 11, 2024) (granting motion for more definite statement where complaint contained numerous drafting errors and contradictions).

Due to the confusing nature of the alleged basis for Plaintiff's need for leave under the ADA and FMLA, StratAir respectfully requests the Court require Plaintiff Rodriguez Ceruto to clarify the conflicting allegations in Counts VI, VIII, III, and IV to allow StratAir an opportunity to reasonably prepare a response.

IV. **Motion to Strike Plaintiff's Request for Damages Not Recoverable under ADEA (Count I)**

In Paragraph 64 of the Complaint, including the Wherefore clause, the Plaintiffs request to be awarded compensatory damages "for mental anguish, loss of dignity, other intangible injuries." [DE-1], at ¶ 64. Plaintiffs' request for these categories of compensatory damages is improper as a matter of law and should be stricken.

5

A motion to strike is proper where a pleading contains any "immaterial" matter. *See* Fed. R. Civ. P. 12(f). Here, the Court should strike the compensatory damages requested in Paragraph 64 of the Complaint because such damages are not recoverable under the ADEA.

"[N]either punitive damages nor compensatory damages for pain and suffering are recoverable under the ADEA." *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1446 (11th Cir. 1985). *See also Burkhart v. Chertoff*, Case No. 2:06-cv-690-FtM-99DNF, 2009 WL 32888, at *3 n.3 (M.D. Fla. Jan. 6, 2009) ("The ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress.") (citing *Commissioner v. Schleier*, 515 U.S. 323, 326, 115 S. Ct. 2159, 132 L.Ed.2d 294 (1995)); *See Gordon*, 1998 WL 1056981, at *1 (M.D. Fla. Sep. 23, 1998) (finding that "the ADEA does not provide for the recovery of compensatory damages such as pain and suffering"). The requested damages for "loss of dignity" and "other intangible injuries" may not be recovered under the ADEA. *See Gordon v. Pall Aeropower Corp.*, Case No. 97-1749-CIV-T-25B, 1998 WL 1056981, at *1 (M.D. Fla. Sep. 23, 1998) (granting motion to strike plaintiff's compensatory damages prayer under the ADEA and dismissing with prejudice "Plaintiff's request for compensatory damages for pain, suffering, humiliation, damage to work reputation, and emotional distress").

Therefore, StratAir respectfully requests that Plaintiff's request for compensatory damages for mental anguish, loss of dignity, and other intangible injuries be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

In addition, Plaintiff Rodriguez Ceruto's FMLA claims (Counts VIII, III, and IV as numbered in the Complaint) also seek "actual compensatory damages" in the Wherefore clauses.

*See* [DE-1], at ¶¶ 171, 182, and 191. To the extent that Plaintiff Rodriguez Ceruto seeks compensatory damages (relief beyond actual damages suffered), StratAir moves to strike the requested relief, as certain types of compensatory damages are not available under the FMLA. *See e.g., Harley v. Health Ctr. of Coconut Creek, Inc.*, 518 F. Supp. 2d 1364, 1370-71 (S.D. Fla. 2007); *Frizzell v. Delta Air Lines, Inc.*, 2019 WL 5459074, at *9 (N.D. Ga. 2019), adopted 2019 WL 11441426. In the alternative, StratAir moves the Court to require Plaintiff Rodriguez Ceruto to provide a more definite statement of the damages he seeks in Paragraphs 171, 182, and 191 of his claims.

## Conclusion

Count VIII of the Complaint fails to plead facts to state a claim for FMLA interference and should be dismissed. Plaintiff Rodriguez Ceruto's claims are unclear as to the Plaintiff's alleged reason for leave. Thus, Plaintiff should be required to provide a more definite statement of his claims. Finally, Plaintiffs may not recover the compensatory damages Plaintiffs seek.

WHEREFORE, StratAir Aviation Services, LLC, respectfully moves this Court to enter an Order (1) dismissing Count VIII of Plaintiff's Complaint; (2) requiring that Plaintiff Rodriguez Ceruto file a more definite statement addressing the ambiguities discussed above; (3) striking Plaintiffs' request for compensatory damages for "mental anguish, loss of dignity, other intangible injuries;" (4) striking Plaintiff Rodriguez Ceruto's request for "actual compensatory damages" in Paragraphs 171, 182, and 191 of the Complaint or, in the alternative, requiring Plaintiff Rodriguez Ceruto to file a more definite statement of the damages he seeks; and (5) any further relief as the Court deems necessary and just under the circumstances.

<tr>
<td></td>
</tr>

<tr>
<td></td>
</tr>

|  |  |
|---|---|
| Dated: October 22, 2025. | Respectfully submitted, |
|  | GUNSTER, YOAKLEY & STEWART, P.A. |
|  | By: */s/ Nalani Alesia Gordon* |
|  | Roger W. Feicht |
|  | Florida Bar. No. 84982 |
|  | rfeicht@gunster.com |
|  | eservice@gunster.com |
|  | lhagan@gunster.com |
|  | Nalani Alesia Gordon |
|  | Florida Bar No. 1010976 |
|  | ngordon@gunster.com |
|  | lmusco@gunster.com |
|  | 777 South Flagler Drive, Suite 500 East |
|  | West Palm Beach, FL 33401 |
|  | Telephone: (561) 655-1980 |
|  | Facsimile: (561) 655-5677 |
|  | *Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2025, I electronically filed the foregoing document using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

**BRIAN H. POLLOCK, ESQ.**
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
brian@fairlawattorney.com
*Counsel for Plaintiffs*

                                                              */s/ Nalani Alesia Gordon*
                                                                Nalani Alesia Gordon

ACTIVE:38653378.1