**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-24505**

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO

       Plaintiffs,

v.

STRATAIR AVIATION SERVICES, LLC,

       Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant, StratAir Aviation Services, LLC ("StratAir"), by and through its undersigned counsel, files its answer to Plaintiffs' Amended Complaint.

*Introduction*

1.    Defendant denies the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint, except to admit that Plaintiffs worked for StratAir.

*Parties, Jurisdiction, and Venue*

2.    Defendant is without knowledge of the allegations in Paragraph 2 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

3.    Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4.    Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5.      Defendant admits that the EEOC issued a Determination and Notice of Rights on July 8, 2025, which made no findings on the merits.

6.      Defendant is without knowledge of the allegations in Paragraph 6 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint.

9.      Defendant admits that the EEOC issued a Determination and Notice of Rights on July 8, 2025, which made no findings on the merits.

10.     Defendant is without knowledge of the allegations in Paragraph 10 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint.

13.     Defendant admits that the EEOC issued a Determination and Notice of Rights on July 8, 2025, which made no findings on the merits.

14.     Defendant is without knowledge of the allegations in Paragraph 14 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

15.     Defendant admits the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

16.     Defendant admits the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint.

17.     Defendant admits that the EEOC issued a Determination and Notice of Rights on July 8, 2025, which made no findings on the merits.

18.     Defendant is without knowledge of the allegations in Paragraph 18 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

19.     Defendant admits the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint.

21.     Defendant admits that the EEOC issued a Determination and Notice of Rights on July 8, 2025, which made no findings on the merits.

22.     Defendant is without knowledge of the allegations in Paragraph 22 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

23.     Defendant admits the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint.

24.     Defendant admits that the EEOC issued a Determination and Notice of Rights on July 8, 2025, which made no findings on the merits.

25.     Defendant is without knowledge of the allegations in Paragraph 25 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

26.     Paragraph 26 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

ACTIVE:38697527.3

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint, except to admit that this Court has jurisdiction.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint, except to admit that Plaintiff purports to bring federal claims and the Court may have jurisdiction over some of Plaintiffs' purported state law claims.

29.     Denied, except to admit that venue is proper.

### *Common Factual Background*

30.     Defendant admits the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31.     Denied, except to admit that Defendant employed more than 50 people in Miami-Dade County for 20 or more calendar weeks during certain time periods.

32.     Defendant admits the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint, except to admit that Plaintiffs filed their Charges of Discrimination and filed this lawsuit within 90 days of issuance of the Determination and Notice of Rights Letter.

35.     Defendant is without knowledge of the allegations in Paragraph 35 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

### COUNT I - AGE DISCRIMINATION IN VIOLATION OF THE ADEA
### (ALL PLAINTIFFS)

Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

ACTIVE:38697527.3

36.     Paragraph 36 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

37.     Paragraph 37 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

38.     Paragraph 38 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint, except to admit that Plaintiffs were over 40 at the time of the layoff.

40.     Paragraph 40 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that it regularly receives merchandise arriving from outside of Florida and payment from customers outside of Florida.

41.     Defendant admits the allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45.     Defendant admits it hired employees in 2023, but denies the remaining allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

47.     Defendant admits that business need required a layoff of its employees in early 2024.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

58.     Paragraph 58 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 64 of the Amended Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

## <u>COUNT II -   VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT</u>
### (ALL PLAINTIFFS-AGE)

Defendant incorporates its responses to paragraphs 1 through 35 as if fully set forth herein.

7

65.     Paragraph 65 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

66.     Paragraph 66 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations, except to admit it employed more than 15 people for each working day in each of 20 or more calendar weeks in the year Plaintiffs were laid off.

67.     Paragraph 67 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

68.     Paragraph 68 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

69.     Defendant denies the allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint, except to admit that Plaintiffs were over age 40 at the time of the layoff.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint.

78.     Defendant admits the allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

86.     Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Amended Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Amended Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of Plaintiffs' Amended Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of Plaintiffs' Amended Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Amended Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of Plaintiffs' Amended Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 94 of the Amended Complaint, Defendant denies that any case/controversy exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award

10

Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

## COUNT III - VIOLATION OF 42 U.S.C. §1981
### (IVAN GRANT - RACE DISCRIMINATION)

Defendant incorporates its responses to Paragraphs 1 through 5 and 25 through 35 as if fully set forth herein.

95.     Paragraph 95 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

96.     Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Amended Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Amended Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint.

99.     Defendant admits that business need required a layoff of employees in early 2024.

100.     Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' Amended Complaint.

101.     Defendant admits the allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint.

102.     Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Amended Complaint.

103.     Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

104.    Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' Amended Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' Amended Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 108 of the Amended Complaint, Defendant denies that any case/controversy exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

### COUNT IV - VIOLATION(S) OF TITLE VII
### (IVAN GRANT - DISCRIMINATION)

Defendant incorporates its responses to Paragraphs 1 through 5 and 25 through 35 as if fully set forth herein.

109.    Paragraph 109 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

110.    Paragraph 110 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

ACTIVE:38697527.3

111.    Paragraph 111 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

112.    Defendant is without knowledge of the allegations in Paragraph 112 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

113.    Defendant denies the allegations contained in Paragraph 113 of Plaintiffs' Amended Complaint.

114.    Defendant denies the allegations contained in Paragraph 114 of Plaintiffs' Amended Complaint.

115.    Defendant denies the allegations contained in Paragraph 115 of Plaintiffs' Amended Complaint.

116.    Defendant admits that business need required a layoff of employees in early 2024.

117.    Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Amended Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Amended Complaint.

119.    Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Amended Complaint.

120.    Defendant denies the allegations contained in Paragraph 120 of Plaintiffs' Amended Complaint.

121.    Defendant denies the allegations contained in Paragraph 121 of Plaintiffs' Amended Complaint.

122.    Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

123.     Defendant denies the allegations contained in Paragraph 123 of Plaintiffs' Amended Complaint.

124.     Defendant denies the allegations contained in Paragraph 124 of Plaintiffs' Amended Complaint.

125.     Defendant denies the allegations contained in Paragraph 125 of Plaintiffs' Amended Complaint.

126.     Defendant denies the allegations contained in Paragraph 126 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 126 of the Amended Complaint, Defendant denies that any case/controversary exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

## COUNT V - VIOLATION(S) OF THE FCRA
### (IVAN GRANT - DISCRIMINATION)

Defendant incorporates its responses to Paragraphs 1 through 5 and 25 through 35 as if fully set forth herein.

127.     Paragraph 127 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

128.     Paragraph 128 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies except to admit it employed 15 or more people for each working day in each of 20 or more calendar weeks in the calendar year preceding the layoff that Plaintiffs were selected for.

14

129.    Paragraph 129 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 129.

130.    Paragraph 130 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

131.    Defendant is without knowledge of the allegations in Paragraph 131 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

132.    Defendant denies the allegations contained in Paragraph 132 of Plaintiffs' Amended Complaint.

133.    Defendant denies the allegations contained in Paragraph 133 of Plaintiffs' Amended Complaint.

134.    Defendant denies the allegations contained in Paragraph 134 of Plaintiffs' Amended Complaint.

135.    Defendant admits business need required a layoff of employees in early 2024.

136.    Defendant denies the allegations contained in Paragraph 136 of Plaintiffs' Amended Complaint.

137.    Defendant denies the allegations contained in Paragraph 137 of Plaintiffs' Amended Complaint.

138.    Defendant denies the allegations contained in Paragraph 138 of Plaintiffs' Amended Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of Plaintiffs' Amended Complaint.

140.    Defendant denies the allegations contained in Paragraph 140 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

141.    Defendant denies the allegations contained in Paragraph 141 of Plaintiffs' Amended Complaint.

142.    Defendant denies the allegations contained in Paragraph 142 of Plaintiffs' Amended Complaint.

143.    Defendant denies the allegations contained in Paragraph 143 of Plaintiffs' Amended Complaint.

144.    Defendant denies the allegations contained in Paragraph 144 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 144 of the Amended Complaint, Defendant denies that any case/controversary exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

### COUNT VI - VIOLATION(S) OF THE ADA
### (LUIS RODRIGUEZ CERUTO)

Defendant incorporates its responses to Paragraphs 1, 18 through 21 and 25 through 35 as if fully set forth herein.

145.    Paragraph 145 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

146.    Paragraph 146 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

147.    Paragraph 147 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

16

148.    Paragraph 148 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.

149.    Defendant is without knowledge of the allegations in Paragraph 149 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

150.    Defendant is without knowledge of the allegations in Paragraph 150 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

151.    Paragraph 151 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge and therefore denies same.

152.    Paragraph 152 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge and therefore denies same.

153.    Defendant denies the allegations contained in Paragraph 153 of Plaintiffs' Amended Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of Plaintiffs' Amended Complaint.

155.    Defendant denies the allegations contained in Paragraph 155 of Plaintiffs' Amended Complaint.

156.    Defendant denies the allegations contained in Paragraph 156 of Plaintiffs' Amended Complaint.

157.    Defendant denies the allegations contained in Paragraph 157 of Plaintiffs' Amended Complaint.

158.    Defendant denies the allegations contained in Paragraph 158 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

159.     Defendant denies the allegations contained in Paragraph 159 of Plaintiffs' Amended Complaint.

160.     Defendant denies the allegations contained in Paragraph 160 of Plaintiffs' Amended Complaint.

161.     Defendant denies the allegations contained in Paragraph 161 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 161 of the Amended Complaint, Defendant denies that any case/controversary exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

## COUNT VIII - INTERFERENCE WITH FMLA RIGHTS
### (LUIS CERUTO RODRIGUEZ)

Defendant incorporates its responses to Paragraphs 1, 18-21 and 25-35 as if fully set forth herein.

162.     Defendant denies the allegations contained in Paragraph 162 of Plaintiffs' Amended Complaint, except to admit that Plaintiff Rodriguez Ceruto worked more than 1250 hours in the year preceding the layoff.

163.     Denied, except to admit that Plaintiff Rodriguez Ceruto requested time off work due to his wife's medical condition and Defendant provided Plaintiff with the requested time off.

164.     Denied, except to admit that Plaintiff Rodriguez Ceruto requested time off work due to his wife's medical condition and Defendant provided Plaintiff with the requested time off.

ACTIVE:38697527.3

165.    Denied, except to admit that Plaintiff Rodriguez Ceruto requested time off work due to his wife's medical condition and Defendant provided Plaintiff with the requested time off.

166.    Defendant denies the allegations contained in Paragraph 166 of Plaintiffs' Amended Complaint.

167.    Defendant is without knowledge of the allegations in Paragraph 167 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

168.    Defendant denies the allegations contained in Paragraph 168 of Plaintiffs' Amended Complaint.

169.    Defendant denies the allegations contained in Paragraph 169 of Plaintiffs' Amended Complaint.

170.    Defendant denies the allegations contained in Paragraph 170 of Plaintiffs' Amended Complaint.

171.    Defendant denies the allegations contained in Paragraph 171 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 171 of the Amended Complaint, Defendant denies that any case/controversy exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

## COUNT IX - FAILURE TO NOTIFY OF FMLA RIGHTS
### (LUIS CERUTO RODRIGUEZ)

Defendant incorporates its responses to Paragraphs 1, 18-21, and 25-35 as if fully set forth fully herein.

ACTIVE:38697527.3

172.    Defendant denies the allegations contained in Paragraph 172 of Plaintiffs' Amended Complaint, except to admit that Plaintiff Rodriguez Ceruto worked more than 1250 hours in the year preceding the layoff.

173.    Denied, except to admit that Plaintiff Rodriguez Ceruto requested time off work due to his wife's medical condition and Defendant provided Plaintiff with the requested time off.

174.    Denied, except to admit that Plaintiff Rodriguez Ceruto requested time off work due to his wife's medical condition and Defendant provided Plaintiff with the requested time off.

175.    Denied, except to admit that Plaintiff Rodriguez Ceruto requested time off work due to his wife's medical condition and Defendant provided Plaintiff with the requested time off.

176.    Defendant denies the allegations contained in Paragraph 176 of Plaintiffs' Amended Complaint.

177.    Defendant is without knowledge of the allegations in Paragraph 177 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

178.    Defendant denies the allegations contained in Paragraph 178 of Plaintiffs' Amended Complaint.

179.    Defendant denies the allegations contained in Paragraph 179 of Plaintiffs' Amended Complaint.

180.    Defendant denies the allegations contained in Paragraph 180 of Plaintiffs' Amended Complaint.

181.    Defendant denies the allegations contained in Paragraph 181 of Plaintiffs' Amended Complaint.

182.    Defendant denies the allegations contained in Paragraph 182 of Plaintiffs' Amended Complaint.

ACTIVE:38697527.3

183.     Defendant denies the allegations contained in Paragraph 183 of Plaintiffs' Amended Complaint.

184.     Defendant denies the allegations contained in Paragraph 184 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 184 of the Amended Complaint, Defendant denies that any case/controversy exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

### COUNT X-    UNLAWFUL FMLA RETALIATION
### (LUIS CERUTO RODRIGUEZ)

Defendant incorporates its responses to Paragraphs 1, 18-21, and 25-35 as if fully set forth herein.

185.     Defendant denies the allegations contained in Paragraph 185 of Plaintiffs' Amended Complaint, except to admit that Plaintiff Rodriguez Ceruto worked more than 1250 hours in the year preceding the layoff.

186.     Defendant denies the allegations contained in Paragraph 186 of Plaintiffs' Amended Complaint.

187.     Defendant denies the allegations contained in Paragraph 187 of Plaintiffs' Amended Complaint.

188.     Defendant denies the allegations contained in Paragraph 188 of Plaintiffs' Amended Complaint.

21

189.    Defendant denies the allegations contained in Paragraph 189 of Plaintiffs' Amended Complaint.

190.    Defendant is without knowledge of the allegations in Paragraph 190 of Plaintiffs' Amended Complaint; and therefore, denies the allegations.

191.    Defendant denies the allegations contained in Paragraph 191 of Plaintiffs' Amended Complaint.

192.    Defendant denies the allegations contained in Paragraph 192 of Plaintiffs' Amended Complaint.

193.    Defendant denies the allegations contained in Paragraph 193 of Plaintiffs' Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 193 of the Amended Complaint, Defendant denies that any case/controversary exists so as to entitle Plaintiffs to any relief sought in this clause. Defendant respectfully requests the Court: (a) dismiss the Amended Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; (d) grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant denies that any case or controversy exists as it pertains to it so as to entitle Plaintiff to a trial by jury.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading.

ACTIVE:38697527.3

## **AFFIRMATIVE DEFENSES**

1.      At all material times, StratAir had anti-discrimination and anti-retaliation policies that were comprehensive, well known to employees, enforced, and that provide alternate avenues for redress. Pursuant to the policies, Plaintiffs were required to notify their employer of any complaint regarding discrimination. Plaintiffs had knowledge of these policies, however, Plaintiffs failed to reasonably and timely notify StratAir of any race, age, national origin, disability or other discrimination. StratAir exercised reasonable care to prevent and promptly correct any alleged discriminatory, retaliatory, or other unlawful behavior. To the extent any of the Plaintiffs failed to complain to their employer about the alleged discrimination, their respective claims are barred due to Plaintiffs' failures to take advantage of the preventive and corrective opportunities provided by StratAir to otherwise avoid harm.

2.      Plaintiffs' respective claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows any of Plaintiffs engaged in misconduct prior to, during, after or in connection with their employment, that otherwise would have resulted in their discharge, if such conduct were then known to StratAir.

3.      Plaintiffs' respective claims fail to the extent that any Plaintiff has failed in any respect to mitigate or minimize their alleged damages.

4.      Defendant is entitled to a set-off against Plaintiffs' respective claims for damages in the amount(s) that Plaintiffs did or could have earned through reasonable efforts.

5.      Plaintiffs' retaliation and discrimination claims fail because any actions undertaken with regard to Plaintiffs and their employment, including their terminations, were taken for lawful and legitimate, non-retaliatory and non-discriminatory business reasons. Defendant was required, due to financial reasons, to eliminate certain positions. Plaintiffs' positions were

ACTIVE:38697527.3

eliminated as part of a reduction in force. Plaintiffs were not terminated because of any alleged need for leave or Plaintiffs' purported status in any protected class under Florida or federal law.

6.      Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

7.      Plaintiffs' claims are barred, in whole or in part, to the extent that any Plaintiff failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing this suit.

8.      Plaintiffs' claims are barred and/or limited to the extent their damages result from their own actions.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of setoff to the extent that any Plaintiff received any compensation from third parties, including (but not limited to) unemployment benefits or subsequent employers.

11.     Plaintiffs' claims are barred to the extent Defendant has, at all times, engaged in good faith efforts to comply with applicable law, and with reasonable belief that it was so complying, and any action by Defendant was not willful, malicious, or reckless and, consequently, Defendant is not liable for liquidated or punitive damages.

12.     Plaintiffs are not entitled to relief because Defendant can demonstrate that it would have taken the same action(s) with regard to the Plaintiffs in the absence of any impermissible motivating factor (the existence of which Defendant denies).

13.     Plaintiffs' claims fail to the extent any Plaintiff failed to exhaust their administrative remedies.

14.     Plaintiffs' claims fail, in whole or in part, to the extent that any Plaintiff was not replaced by any person outside of their purported protected classes.

ACTIVE:38697527.3

15.     To the extent that any Plaintiff is entitled to recover any damages (which Defendant denies), the remedies available for recovery are limited to only the remedies set forth in the applicable law(s).

16.     Plaintiffs' claims are barred to the extent they exceed the scope of the Plaintiffs' charges of discrimination.

17.     Even if Plaintiffs could prove the matters or things they allege, all of which are denied, Plaintiffs' damages for alleged emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, are barred in their entirety or subject to apportionment to the extent such damages were caused, in whole or in part, by sources other than the alleged actions of Defendant.

18.     Plaintiffs' claims for discrimination fail because Plaintiffs cannot establish that they were treated less favorably than any similarly situated employee.

19.     Plaintiffs' claims fail, either in whole or in part, because, to the extent Plaintiffs' supervisor(s) discriminated or retaliated against Plaintiffs based on any protected characteristic (which Defendant denies), the supervisor(s) would have been acting outside the scope and course of his/her agency and was not operating pursuant to his/her duties to the company. StratAir prohibits discrimination and retaliation against employees.

20.     Plaintiff Rodriguez Ceruto's alleged disability discrimination claim fails to the extent that Defendant could not have discriminated against Plaintiff for any alleged disability of which Defendant was not aware.

21.     Plaintiff Rodriguez Ceruto's disability discrimination claim fails to the extent that Plaintiff cannot establish that he was subjected to unlawful discrimination because of his wife's disability.

ACTIVE:38697527.3

22.     To the extent that Plaintiff Rodriguez Ceruto's wife's medical condition(s) fail to constitute a disability or serious health condition, Plaintiff's disability and FMLA claims fail.

23.     Plaintiff Rodriguez Ceruto's FMLA claims fail because he was not eligible for FMLA leave and, to the extent that Plaintiff was eligible for FMLA leave (which Defendant denies), he did not comply with the FMLA's employee notice requirements. To the extent that Plaintiff did not notify Defendant of his need for FMLA leave or request FMLA leave from Defendant, his FMLA claims are barred.

24.     Plaintiff Rodriguez Ceruto received all benefits to which he was entitled, and any alleged adverse action was unrelated to FMLA or ADA rights.

25.     Even if a technical FMLA violation occurred (which Defendant denies), Plaintiff Rodriguez Ceruto suffered no prejudice or compensable harm proximately caused by any alleged FMLA violation. Any claim for relief is barred for lack of actual damages, as required for FMLA interference and notice claims.

26.     Plaintiff Rodriguez Ceruto's FMLA retaliation claim is barred to the extent that Defendant could not have retaliated against Plaintiff for any alleged exercise of FMLA rights of which Defendant was not aware. To the extent that Plaintiff Rodriguez Ceruto did not notify Defendant of any specific need for FMLA leave, his claims are barred. In addition, when Plaintiff Rodriguez Ceruto requested time off, he received all requested time off.

27.     Plaintiff Rodriguez Ceruto's retaliation claim fails to the extent that Plaintiff engaged in intervening misconduct following his exercise of any protected rights.

28.     Plaintiff Rodriguez Ceruto's alleged claim for retaliation fails because Plaintiff cannot establish that his purported protected status or his alleged request or need for FMLA leave were the "but for" cause of his termination.

29.     Plaintiff Rodriguez Ceruto fails to state a claim for retaliation upon which relief may be granted to the extent that Plaintiff did not engage in any protected activity under the FMLA by taking or requesting FMLA leave.

30.     To the extent that the Court finds in Plaintiffs' favor on the age discrimination claims (Counts I and II), Plaintiffs cannot recover both liquidated damages under the ADEA and punitive damages under the FCRA.

31.     Plaintiffs' requests for equitable relief should be denied because equitable relief is unwarranted and/or infeasible based on the lack of an ongoing violation and the elimination of the Plaintiffs' positions.

32.     To the extent that Defendant was not required by law to accommodate Plaintiff Rodriguez Ceruto based on a relative's disability, Plaintiff's claim relating to failure to accommodate alleged in Paragraphs 154, 155, and 157 fail as a matter of law.

33.     Plaintiffs' request for front pay is limited to damages that are not speculative, excessive, or inappropriate under applicable law. Defendant denies that Plaintiffs are entitled to any damages whatsoever.

34.     To the extent that the Court awards Plaintiffs any damages, Plaintiffs may not recover under multiple statutes or laws for the same injury.

Defendant reserves the right to amend any current affirmative defenses or add additional defenses which become known during the course of discovery. By raising the above affirmative defenses, Defendant is not conceding or admitting that Defendant bears the burden of proof regarding these particular issues at trial.

ACTIVE:38697527.3

WHEREFORE, Defendant, StratAir Aviation Services, LLC, respectfully requests entry of judgment on its affirmative defenses in its favor against Plaintiff, an award of attorneys' fees, costs, and expenses, and such other relief that this Court deems just and equitable.

Dated: November 5, 2025

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.

/s/ *Nalani Alesia Gordon*
Roger W. Feicht
Florida Bar. No. 84982
rfeicht@gunster.com
eservice@gunster.com
lhagan@gunster.com
Nalani Alesia Gordon
Florida Bar No. 1010976
ngordon@gunster.com
lmusco@gunster.com
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: (561) 655-1980
Facsimile: (561) 655-5677
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2025, I electronically filed the foregoing document using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

**BRIAN H. POLLOCK, ESQ.**
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
brian@fairlawattorney.com
*Counsel for Plaintiffs*

/s/ *Nalani Alesia Gordon*
   Nalani Alesia Gordon

ACTIVE:38697527.3