UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

       Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

       Defendant.

_____/

### PLAINTIFFS' MOTION FOR REVISED SCHEDULING ORDER AND CONTINUANCE OF TRIAL[1]

Plaintiffs Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo, by and through undersigned counsel, move this Court for entry of a revised scheduling order following the de-consolidation of this case from the related action *Raisyl Cepero Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW (the "*Cepero Garcia* case"), and in support state as follows:

### I. INTRODUCTION

This case previously proceeded on a consolidated basis for discovery and pretrial purposes with the *Cepero Garcia* case. Following the settlement of the related action and the resulting de-

---

[1] This Motion is not intended to supersede the Joint Status Report required by the Court's July 6, 2026 Paperless Order [ECF No. 23]. The parties are currently preparing that report and will timely file it. Plaintiffs submit this Motion so that the requested scheduling relief may be fully presented to the Court.

1

consolidation, the discovery disputes and case-preparation tasks that were being litigated in the consolidated proceeding must now be completed in this action under this Court's procedures.

Plaintiffs do not seek relief because of ordinary scheduling difficulties or lack of diligence. They seek relief because the de-consolidation of this action interrupted Plaintiffs' ongoing diligent efforts to obtain critical discovery, requiring those efforts to begin anew before this Court and rendering the existing schedule incapable of accommodating the work that remains. While the cases were consolidated, Plaintiffs served extensive written discovery, conducted lengthy conferrals, sought leave to proceed with a discovery hearing, and filed a motion with the *Cepero Garcia* Court identifying thirteen categories of unresolved discovery disputes shortly before de-consolidation. [Cepero Garcia ECF Nos. 34 and 40]. Before those disputes could be heard, the *Cepero Garcia* case settled, this action was de-consolidated, and the pending discovery motions were denied as moot. [Cepero Garcia ECF No. 41]. Plaintiffs must now restart the discovery-dispute process before Magistrate Judge Elfenbein, while also preserving enough time to complete any resulting production, supplementation, privilege-log issues, Rule 30(b)(6) testimony, fact depositions, expert disclosures, expert discovery, dispositive motions, and trial preparation.

Good cause exists under Federal Rule of Civil Procedure 16(b)(4) to revise the Scheduling Order and continue trial. Plaintiffs acted diligently at every stage. The need for relief arises from the unique procedural posture created by de-consolidation and the fact that Plaintiffs' pending efforts to obtain complete discovery—including comparator evidence central to their discrimination claims—were interrupted when the consolidated action settled and the pending discovery motions were denied as moot. Absent a revised scheduling order, Defendant's repeated delays in discovery and continued objections to producing comparator information will effectively deprive Plaintiffs of the opportunity to obtain and use evidence central to proving their

discrimination claims before the close of discovery, notwithstanding Plaintiffs' diligent efforts to obtain that discovery throughout this litigation.

## II. BACKGROUND

1.      On September 30, 2025, Plaintiffs filed this action alleging claims for age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"), associational disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), interference and retaliation under the Family and Medical Leave Act ("FMLA"), and race discrimination under 42 U.S.C. § 1981 and the FCRA. [ECF No. 1].

2.      On November 5, 2025, Defendant filed its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint. [ECF No. 15].

3.      On November 21, 2025, the parties filed their Joint Scheduling Report proposing a case schedule commensurate with the complexity of this litigation and the number of Plaintiffs and comparators, including an October 23, 2026 discovery deadline, a December 18, 2026 dispositive-motion deadline, and a May 3, 2027 trial date. [ECF No. 16]. That same day, the Court entered its Scheduling Order, setting this case for trial during the two-week calendar beginning August 24, 2026. [ECF No. 17].

4.      On January 22, 2026, the Court entered an Order consolidating this action with the *Raisyl Cepero* case for all discovery and pretrial purposes. [ECF No. 21]. The Court administratively closed this action, directed that all future filings relating to discovery and pretrial matters be made in the *Cepero Garcia* case, and continued the trial in this action to the two-week calendar beginning November 30, 2026.

5.      Following consolidation, on March 18, 2026, Plaintiffs served twelve separate sets of written discovery on StratAir in the consolidated actions, including interrogatories from each of

3

the seven Plaintiffs, multiple sets of requests for production, and requests for admission – totaling over five hundred individual requests. StratAir's responses were initially due on April 17, 2026. StratAir then filed two successive motions for extensions of time to respond. [Cepero Garcia ECF Nos. 22, 24]. The Court ultimately extended StratAir's response deadline to May 1, 2026. [Cepero Garcia ECF No. 25]. StratAir served its discovery responses on May 1, 2026, but did not produce a single document – objecting to every single Request for Production served by Plaintiffs. [*See* Cepero Garcia ECF No. 40].

6.      On April 23, 2026, Plaintiffs filed a Motion for Extension of Pretrial Deadlines and Continuance of Trial, citing the parties' discovery dispute regarding comparator evidence and the substantial increase in case complexity resulting from the consolidation. [Cepero Garcia ECF No. 26]. On May 1, 2026, the Court granted the motion in part and extended pretrial deadlines by forty-five days. [Cepero Garcia ECF No. 29]. The Court thereafter entered an Amended Scheduling Order setting, among other deadlines, August 3, 2026 as the deadline to complete all discovery. [Cepero Garcia ECF No. 30].

7.      Plaintiffs also attempted to move forward with StratAir's corporate representative deposition. On April 29, 2026, Plaintiffs served proposed Rule 30(b)(6) areas of inquiry and have since repeatedly requested deposition dates. StratAir objected generally to "many" of the proposed topics, did not provide the specific topic objections it had promised to provide during the parties' conferrals, and did not provide deposition availability. [Cepero Garcia ECF No. 40]. StratAir did not serve its own proposed areas of inquiry until June 26, 2026, after the Cepero Garcia case had settled and after Judge Williams had de-consolidated the cases. To date, StratAir still has not provided dates for its corporate representative deposition despite Plaintiffs' repeated requests. The parties have conferred on the scope of the Rule 30(b)(6) areas of inquiry but have not reached

4

agreement, leaving that issue to be resolved through a discovery hearing before Magistrate Judge Elfenbein.

8.       On May 7, 2026, Plaintiffs served a detailed, thirty-page conferral letter identifying pervasive deficiencies in StratAir's discovery responses across both consolidated matters, including StratAir's complete failure to produce any documents in response to Plaintiffs' requests for production, objections asserted across over three hundred of Plaintiffs' written discovery requests, and StratAir's refusal to provide availability for the deposition of its corporate representative under Rule 30(b)(6). [*See* Cepero Garcia ECF No. 40-10]. The parties then conferred on the soonest available dates offered by Defendant's counsel, May 14 and 18, 2026, for a combined total of approximately five hours. [*See* Cepero Garcia Nos. 34 and 40]. During those conferences, StratAir committed to a concrete remediation timeline: withdrawal of certain objections, supplemental written responses, rolling document production, provision of a privilege log, and written identification of any Rule 30(b)(6) topic objections. [*See* Cepero Garcia Nos. 34 and 40]. Despite those commitments, StratAir did not serve the amended responses or document production within the timeframe promised, leaving several critical discovery issues unresolved. [*Id.*]

9.       The parties mediated the consolidated cases on May 8, 2026, and the mediation resulted in an impasse. [Cepero Garcia ECF No. 31].

10.       By mid-June 2026, unresolved disputes remained concerning StratAir's written discovery responses, document production, privilege logging, and Rule 30(b)(6) deposition topics, including StratAir's refusal to provide dates or written objections for its corporate representative deposition.

11.       On June 16, 2026, Plaintiffs filed an Unopposed Motion for Leave to File a Unilateral Motion for Discovery Hearing and in Excess of Page Limit, seeking leave to proceed

unilaterally due to StratAir's failure to cooperate in the discovery conferral process. Plaintiffs also sought leave to exceed the Court's five-page limit because of the breadth of the disputes, which encompassed more than 150 individual discovery requests across several distinct categories, StratAir's failure to cooperate in scheduling its Rule 30(b)(6) deposition, and a prolonged dispute over the terms of a proposed Confidentiality Order. [Cepero Garcia ECF No. 34].

12. That same day, Magistrate Judge Lett entered an Order to Show Cause requiring StratAir to explain, on or before June 23, 2026, why sanctions should not be imposed for its failure to participate in and comply with the Court's Order Setting Discovery Procedures. [Cepero Garcia ECF No. 35]. Also on June 16, 2026, Magistrate Judge Lett granted Plaintiffs leave to file a unilateral motion for discovery hearing, while requiring compliance with the Court's five-page limit. [Cepero Garcia ECF No. 36].

13. On June 22, 2026, the parties filed a Joint Motion for Entry of Stipulated Confidentiality Order, having finally reached agreement on the terms governing the handling, designation, and protection of confidential materials produced in discovery. [Cepero Garcia ECF No. 38].

14. That same day, the parties filed a Joint Notice of Settlement after resolving Plaintiff Raisyl Cepero Garcia's claims. [Cepero Garcia ECF No. 37].

15. On June 23, 2026, Plaintiffs filed their unilateral Motion for Discovery Hearing, identifying thirteen categories of unresolved discovery disputes across the consolidated matters and requesting a hearing on July 1, 2026. [Cepero Garcia ECF No. 40].

16. On June 24, 2026, Judge Williams entered her Order on Settlement and De-Consolidating Cases, administratively reopening this action, denying all pending motions in the *Cepero Garcia* case as moot, including Plaintiffs' Motion for Discovery Hearing, cancelling all

6

scheduled hearings and deadlines, and closing the *Cepero Garcia* case for administrative purposes. The Order expressly permitted the parties to seek leave from this Court to re-file their respective motions in this action as appropriate. [Cepero Garcia ECF No. 41].

17.     As a result of de-consolidation, the extensive discovery efforts Plaintiffs undertook in the consolidated proceedings did not eliminate the need for further discovery in this case. Rather, the remaining discovery issues, including those already presented to Magistrate Judge Lett, must now be resolved before Magistrate Judge Elfenbein under her discovery procedures.

18.     The parties' respective counsel conferred again on June 25, 2026, shortly following de-consolidation, and again discussed pending discovery disputes and the need to coordinate a discovery hearing in this action. Under Magistrate Judge Elfenbein's discovery procedures, if the parties are unable to resolve a discovery dispute after conferral, the moving party must email chambers with "at least three dates within the next fourteen (14) days when all counsel are available for an in-person hearing on the discovery issue." [ECF No. 8 at 2-3]. Despite repeated requests for Defendant's availability for the discovery hearing, Defendant did not offer available dates until July 9, 2026, with July 20 and 27-29 as its soonest available dates.

19.     Resolution of the parties' remaining discovery disputes, together with entry of the proposed Stipulated Confidentiality Order, is necessary before the parties can complete remaining document production, supplementation of written discovery responses, privilege-log issues, Rule 30(b)(6) testimony, additional fact depositions, and expert discovery.

### III. ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order upon a showing of good cause. The primary consideration is the diligence of the moving party and whether the existing schedule could reasonably be met despite that diligence. *Sosa v. Airprint Sys.,*

7

*Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011). Good cause exists where a party has diligently pursued discovery but is unable to complete it due to circumstances outside its control. *Id.* The Court also retains broad authority to manage its docket and pretrial proceedings to secure the orderly and expeditious disposition of cases. *Dietz v. Bouldin*, 579 U.S. 40, 45-47 (2016); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Good cause exists here. Plaintiffs have been diligent. Plaintiffs served extensive written discovery on March 18, 2026; served a detailed deficiency letter on May 7, 2026; participated in approximately five hours of conferral on May 14 and 18, 2026; sought leave to proceed with a unilateral discovery hearing motion on June 16, 2026 after Defendant failed to serve amended discovery responses and documents they pledged to serve; obtained leave from Magistrate Judge Lett; and filed their Motion for Discovery Hearing on June 23, 2026, before de-consolidation mooted that motion. The problem is not delay by Plaintiffs. The problem is that the discovery disputes were being litigated in a consolidated case that settled before the pending discovery motion could be heard. Once the *Cepero Garcia* case settled, this action was reopened, the cases were de-consolidated, and the discovery motions in the *Cepero Garcia* case were denied as moot. Plaintiffs must now present those disputes in this action under Magistrate Judge Elfenbein's procedures.

The current schedule simply cannot accommodate that process. Plaintiffs still must obtain a discovery hearing, secure rulings on the remaining disputes, receive any compelled production or supplemental responses, address privilege-log issues, conduct Rule 30(b)(6) and other remaining depositions, and then prepare expert disclosures based on a complete factual record. Plaintiffs were already in the process of obtaining relief from Defendant's discovery delays and refusal to provide

complete discovery when de-consolidation stopped that process in its tracks: Plaintiffs had completed extensive conferral, obtained leave to file a unilateral discovery motion, and filed a motion identifying thirteen categories of unresolved discovery disputes, only for those motions to be denied as moot after the Cepero Garcia case settled and the cases were de-consolidated. Plaintiffs must now restart that process in this action under Magistrate Judge Elfenbein's discovery procedures. That work cannot be fairly completed while preserving the current case deadlines.

The requested schedule is not open-ended. It is targeted to the work that remains and largely restores the timeline the parties originally proposed before consolidation altered the procedural course of the case. Defendant itself previously agreed in the parties' Joint Scheduling Report [ECF No. 16] that this case required an October 23, 2026 discovery deadline, a December 18, 2026 dispositive-motion deadline, and a May 3, 2027 trial date. Defendant now opposes substantially the same schedule even though it previously represented to the Court that those deadlines were appropriate, and the subsequent de-consolidation has only increased—rather than decreased—the work necessary to complete discovery. The need for that schedule has only become more apparent after months of discovery disputes and the de-consolidation of the *Cepero Garcia* case.

Defendant cannot show unfair prejudice from the requested schedule. Defendant previously agreed that this case warranted an October 23, 2026 discovery deadline, a December 18, 2026 dispositive-motion deadline, and a May 3, 2027 trial date. Plaintiffs' requested schedule largely restores that jointly proposed framework. By contrast, denying relief would prejudice Plaintiffs by requiring expert disclosures, dispositive-motion practice, and trial preparation before discovery central to Plaintiffs' claims is complete.

Defendant has consistently resisted production of comparator evidence at every stage of this dispute. It opposed producing comparator information during the EEOC investigation,

resisted producing it during discovery in this litigation, and now opposes a revised schedule that would permit the Court to resolve the comparator-discovery disputes before the case proceeds toward dispositive motions and trial. The cumulative effect of Defendant's position would be to deprive Plaintiffs of evidence central to proving disparate treatment under the ADEA, ADA, § 1981, and the FCRA.

A revised schedule will also promote the efficient administration of this case. Without additional time, the parties will be forced to proceed with dispositive-motion practice and trial before the factual record is complete. That creates a substantial risk of piecemeal motion practice, unnecessary disputes regarding the adequacy of the factual record, and dispositive motions being decided before discovery central to Plaintiffs' claims has been completed. By contrast, the requested schedule permits the Court to resolve the pending discovery disputes first, allows any resulting follow-on discovery to proceed in an orderly manner, and positions the case for dispositive-motion practice and trial on a complete evidentiary record.

Plaintiffs therefore request entry of the following revised schedule:

| Deadline | Date |
|---|---|
| Plaintiffs' expert disclosures (Fed. R. Civ. P. 26(a)(2)) | August 28, 2026 |
| Defendant's rebuttal expert disclosures | September 28, 2026 |
| Completion of all discovery (fact and expert) | October 23, 2026 |
| Fact witness lists | December 4, 2026 |
| Dispositive motions (including *Daubert*) | December 18, 2026 |
| Pretrial motions and motions in limine | February 5, 2027 |
| Joint pretrial stipulation, proposed jury instructions, verdict form | March 28, 2027 |

10

| Deadline | Date |
|---|---|
| Calendar Call | April 19, 2027 |
| Trial | May 3, 2027 |

Plaintiffs request expert disclosure deadlines later than those originally proposed in the Joint Scheduling Report to allow sufficient time for resolution of the discovery disputes, entry of the proposed Stipulated Confidentiality Order, completion of any remaining document production and supplemental responses, and completion of follow-on depositions. Plaintiffs do not request a new mediation deadline because the parties mediated the consolidated cases on May 8, 2026, before Magistrate Judge Lett, and the mediation resulted in an impasse. [Cepero Garcia ECF No. 31]. Accordingly, the mediation requirement has been satisfied and no further mediation deadline is necessary.

These deadlines are consistent with the complexity of the matter, the number of Plaintiffs and comparators, the scope of discovery remaining, and the schedule the parties originally recognized was necessary before consolidation and de-consolidation complicated the procedural posture of the case. The requested relief is therefore supported by good cause and should be granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion, enter the revised scheduling deadlines set forth above, continue the current trial setting, and grant such other relief as the Court deems just and proper.

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that Plaintiffs' counsel conferred with counsel for Defendant regarding the relief requested in this Motion. Defendant agrees that the Court should enter a new scheduling order in light of the de-consolidation of this action from the Cepero Garcia case and does not oppose a limited extension of the discovery period to permit the parties to address pending discovery disputes. Defendant proposes extending the discovery deadline to August 31, 2026. However, Defendant opposes Plaintiffs' requested schedule to the extent it would continue the current trial setting and set a new deadline for Plaintiffs' expert disclosures. Defendant has advised that it intends to oppose Plaintiffs' Motion and propose an alternative schedule.

Respectfully submitted this 10th day of July 2026,

<div style="margin-left:50%">

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*

</div>

12