UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:25-cv-24505-Moore/Elfenbein

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

      Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

      Defendant.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR REVISED SCHEDULING ORDER AND CONTINUANCE OF TRIAL

Defendant StratAir Aviation Services, LLC ("StratAir" or "Defendant") hereby files this

Response in Opposition to Plaintiffs' Motion for Revised Scheduling Order and Continuance of

Trial [DE 24] (the "Motion"). In support, Defendant states:

## INTRODUCTION

Plaintiffs' lack of diligence and the procedural hiccup caused by deconsolidation does not

justify the resuscitation of expired deadlines, additional extensions of major pretrial deadlines, or

the second continuance of trial sought by Plaintiffs.

Plaintiffs contend that they "acted diligently at every stage." Motion [DE 24] at p. 2. That

is demonstrably false. Plaintiffs filed this action in September 2025. However, Plaintiffs waited

nearly 6 months after filing their Complaint (until March 18, 2026) to serve any written discovery

on Defendant. When Plaintiffs finally served discovery, they served over 530 separate requests on

1

Defendant, so the fact some additional time was needed, and some objections were served by Defendant should have been unsurprising. Any issues related to the completion of discovery can be traced back to Plaintiffs' strategic decision or lack of diligence in starting the discovery process despite knowledge of the number of Plaintiffs, the number of claims, and the preexisting court-ordered deadlines.

While very minor adjustments to the pretrial deadline schedule are necessary to have a discovery hearing given the recent deconsolidation, Plaintiffs have failed to demonstrate "compelling circumstances" to get extensions to deadlines that already expired *before* deconsolidation. Additionally, the change in assigned Magistrate Judges and the differences in their discovery dispute resolution procedures do not necessitate a second continuance of trial as Plaintiffs have been on notice for months of the relevant deadlines established by the Amended Scheduling Order before de-consolidation. *See Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW at [DE 30].

Perhaps most significant, Plaintiffs' Motion inexplicably fails to detail how the relief sought was previously requested and expressly denied by District Judge Kathleen Williams in a prior Order while this case was consolidated. *See id.* at DE [33], Paperless Order denying [32] Plaintiffs' Motion for Extension of Pretrial Deadlines dated June 15, 2026. This violation of Local Rule 7.1(e) provides an independent basis to deny this Motion.

## ARGUMENT

**I.      The Motion Should Be Denied for Failure to Comply with Local Rule 7.1(e).**

While Plaintiffs' Motion includes multiple pages of procedural history, it fails to detail the most relevant circumstances to the relief sought. As detailed below, Plaintiffs already obtained multiple extensions of the pretrial deadlines and a continuance of trial, and were denied a yet

another extension of those same deadlines, and now seek an even longer extension through the pending Motion.

The Local Rules for the U.S. District Court for the Southern District of Florida provide:

> **Applications Previously Refused**. Whenever any motion or application has been made to any Judge or Magistrate Judge and has been refused in whole or in part, or has been granted conditionally, and a subsequent motion or application is made to a different District Judge or Magistrate Judge for the same relief in whole or in part, upon the same or any alleged different state of facts, it shall be the continuing duty of each party and attorney seeking such relief to present to the District Judge or Magistrate Judge to whom the subsequent application is made an affidavit setting forth the material facts and circumstances surrounding each prior application, including: (1) when and to what District Judge or Magistrate Judge the application was made; (2) what ruling was made thereon; and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon the prior application. **For failure to comply with the requirements of this Local Rule, any ruling made on the subsequent application may be set aside sua sponte or on ex parte motion**.

S.D. Fla. Local Rule 7.1(e) (emphasis added).

While extending the discovery deadline and granting a continuance back on May 1, 2026, the Court made it clear that additional extensions would likely be denied (absent a true emergency). *See Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW, at [DE 29] Paperless Order Granting in Part and Denying in Part [DE 26] Motion for Extension of Pretrial Deadlines and Continuance of Trial. ("No further extensions will be granted absent compelling circumstances bordering on a genuine emergency.") (emphasis in original). A copy of that Order is attached as **Exhibit 1**.

Not deterred, Plaintiffs again sought an extension of the pretrial deadlines from the Court, which was then expressly denied. *See Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW, at [DE 32] (the "Denied Motion", a copy of which is attached as **Exhibit 2**).

District Judge Kathleen Williams denied Plaintiffs' Motion for Extension of Pretrial Deadlines on June 15, 2026, while the cases were still consolidated. The Order provided in relevant part:

> PAPERLESS ORDER denying [32] Plaintiffs' Motion for Extension of Pretrial Deadlines. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (affirming that district courts may "hold litigants to the clear terms of the scheduling order").

*Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW, at [DE 33] Paperless Order Denying Plaintiffs' Motion for Extension of Pretrial Deadlines [32], a copy of which is attached as **Exhibit 3**.

Plaintiffs' failure to disclose the Denied Motion and Order is dispositive here. There is no question that Plaintiffs and Plaintiffs' counsel had an affirmative duty to alert the Court through affidavits that District Judge Kathleen Williams addressed a strikingly similar Motion for Extension of Pretrial Deadlines. The Local Rules require an affirmative disclosure whenever "a subsequent motion or application is made to a different District Judge or Magistrate Judge **for the same relief in whole or in part**, upon the same or any alleged different state of facts." S.D. Fla. Local Rule 7.1(e) (emphasis added).

The Denied Motion sought much of the same relief as the pending Motion: (1) extension of Plaintiffs' expert disclosure deadline, (2) extension of rebuttal expert disclosure deadline, (3) extension of discovery cutoff, (4) extension of disposition motion deadline, (5) extension of motion in limine deadline, (6) extension of witness list deadline, and (7) extension of joint pretrial stipulation / jury instructions / verdict form deadlines. *Compare* Ex. 2 at p. 9 *with* Motion [DE 24] at pp. 10-11. Moreover, a significant portion of the content from the Denied Motion appears to have been recycled by Plaintiffs. Much of the "Relevant Procedural History" from that Denied

4

Motion seems to have been copied and pasted into the "Background" section of the pending Motion. *Compare* Ex. 2 at pp. 1-4 *with* Motion [DE 24] at pp. 3-7.

Additionally, the "Legal Basis and Requested Relief" section from the Denied Motion appears to have been largely copied and pasted into the "Argument" section of the pending Motion with two significant exceptions. First, the pending Motion goes a little farther than the Denied Motion in seeking discovery extensions of approximately two to three weeks later, plus another continuance of trial. Second, the Denied Motion explicitly recognized that District Judge Kathleen Williams warned Plaintiffs that additional extensions would be denied unless there was an emergency: "Plaintiffs recognize that the Court previously stated that '[n]o further extensions will be granted absent compelling circumstances bordering on genuine emergency.' [ECF No. 29]." *See* Ex. 2 at p. 8, ¶26. In their pending Motion now before a different District Judge, Plaintiffs failed to mention this salient ruling establishing the applicable standard for future extensions.

The policy behind Local Rule 7.1(e) is evident: requiring disclosure through affidavits from the parties and counsel will avoid the strategic manipulation of the Courts from litigants requesting similar relief through different judges. Local Rule 7.1(e) required each of the six Plaintiffs and Plaintiffs' counsel ("each party and attorney seeking such relief") to file affidavits, which they did not. Plaintiffs' attempt to get the proverbial "second bite at the apple" without affirmatively disclosing the relevant rulings by this Court through a different District Judge should not be permitted.

The Court expressly instructed the litigants and counsel to ensure that "all filings must comply fully with … the Local Rules for the Southern District of Florida" and that "Strict compliance with the Local Rules is expected with regard to motion practice. *See* Local Rule 7.1." *See Garcia*, Case No. 1:25-cv-24471-KMW, Amended Scheduling Order [DE 30] at p. 1, 4.

Accordingly, Plaintiffs' Motion should be summarily denied for Plaintiffs' failure to comply with Local Rule 7.1. S.D. Fla. Local Rule 7.1(e) ("For failure to comply with the requirements of this Local Rule, any ruling made on the subsequent application may be set aside sua sponte or on ex parte motion.").

**II.     Plaintiffs Have Not Shown "Compelling Circumstances Bordering on Genuine Emergency" To Resuscitate an Expired Deadline.**

Even if Plaintiffs had complied with Local Rule 7.1(e) and filed affidavits from all six Plaintiffs and Plaintiffs' counsel that disclosed the Denied Motion and the Court's previous Orders cited above, Plaintiffs' Motion fails to meet the burden of showing "compelling circumstances bordering on genuine emergency" which is the standard established by this Court for additional extensions before de-consolidation. *See Garcia*, Case No. 1:25-cv-24471-KMW, at [DE 29].

Moreover, Plaintiffs' Motion fails to address the Eleventh Circuit binding precedent cited by this Court when ruling on Plaintiffs' Denied Motion. *See Garcia*, Case No. 1:25-cv-24471-KMW, at [DE 33] (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (affirming that district courts may "hold litigants to the clear terms of the scheduling order")).

These failures are critical considering the drastic relief sought by Plaintiffs, which is not simply a second extension to the Court's scheduling order deadlines and a second continuance, but a resuscitation of a critical deadline that already expired.

Plaintiffs' Motion seeks a new deadline of August 28, 2026 for Plaintiffs' expert disclosures. Motion [DE 24] at p. 10.  However, that deadline had already expired while the cases were still consolidated. The Court's Amended Scheduling Order set June 15, 2026, as the deadline for Plaintiffs to disclose their experts, expert witness summaries, and reports. *See Garcia*, Case No. 1:25-cv-24471-KMW, at [DE 30].Further, the Amended Scheduling Order provided that

6

"[a]ny party seeking to change any of the above deadlines" must file an extension of time "no later than 48 hours prior to the deadline from which the Parties are seeking relief." *Id.* at p. 5. Plaintiffs filed the pending Motion on July 10, 2026—nearly a month after the deadline for their expert witness disclosure expired.

Plaintiffs cannot use de-consolidation resulting from the settlement of one of the consolidated cases in July as an excuse for failing to comply with the June expert witness disclosure deadline established during consolidation. Plaintiffs' untimely request to revive their expert witness disclosure deadline should be summarily denied.

### III.   A Change In Magistrate Judge Procedure Does Not Justify Another Continuance.

Even if Plaintiffs had complied with Local Rule 7.1(e) and filed affidavits from all six Plaintiffs and Plaintiffs' counsel disclosing the Denied Motion and the Court's previous Orders cited above, Plaintiffs have still failed to show "compelling circumstances bordering on genuine emergency" or even "good cause" for a second continuance of trial.

Plaintiffs are correct that Plaintiffs must now present the discovery disputes under Magistrate Judge Elfenbein's procedures. While StratAir contends that its amended discovery responses and supplemental production moot all of the discovery issues previously raised by Plaintiffs, StratAir proposes a brief extension of the discovery cut off from August 3, 2026 to August 31, 2026 to allow time for a discovery hearing and give Plaintiffs one final chance to complete any outstanding discovery.

The Motion argues that "Good cause exists where a party has diligently pursued discovery but is unable to complete it due to circumstances outside its control." Motion [DE 24] at p. 8. However, Plaintiffs' significant delay in serving discovery was within Plaintiffs' control. Plaintiffs' choice to wait and then serve over 530 requests (not all of which were proportional to

7

the needs of the case) was within Plaintiffs' control. Plaintiffs' Motion for Consolidation and the settlement that resulted in de-consolidation was within Plaintiffs' control.

StratAir has spent significant time and effort conferring with Plaintiffs on purported discovery issues, amending discovery responses, and serving and supplementing discovery productions. StratAir detailed its diligent efforts in complying with the avalanche of discovery requests belatedly served by Plaintiffs in its Response to the Order to Show Cause. *See Garcia*, Case No. 1:25-cv-24471-KMW, Response to Order to Show Cause [DE 39].[1] StratAir contends that its current discovery responses and productions are more than sufficient and have adequately addressed Plaintiffs' previous concerns. In response to Plaintiffs' overbroad list of proposed topics for StratAir's Rule 30(b)(6) designated representative deposition, StratAir attempted to confer with Plaintiffs' counsel (who refused to drop any of their proposed topics). StratAir served a proposed list of eighty-two (82) alternative topics for its Rule 30(b)(6) designated representative deposition back on June 26, 2026. This employment discrimination case is not so complex to require StratAir to prepare a designated witness on *more than* 82 topics, but StratAir appreciates that Plaintiffs are entitled to a different opinion.

The Motion recognizes that StratAir provided available hearing dates on July 9, 2026 for the resolution of any remaining discovery disputes, including the scope of the 30(b)(6) deposition. Motion [DE 24] at p. 18. Despite the Motion complaining of purported delay, Plaintiffs' counsel did not submit these proposed dates to Magistrate Judge Elfenbein's chambers until July 20, 2026.

---

[1]   StratAir has performed each commitment stated in its Response to Order to Show Cause: All confidential documents were served two days after the Court's entry of the Confidentiality Order; StratAir provided written confirmation that no ESI documents responsive to RFP No. 43 were outstanding; StratAir served 82 proposed corporate representative deposition topics on June 26, 2026; and StratAir has served amended interrogatory responses for each Plaintiff's separate set of interrogatory requests, Plaintiffs' Request for Admissions, and Plaintiffs' Requests for Production.

Moreover, Plaintiffs fail to explain how the minor change to discovery dispute procedure requires the revival of their expired expert witness disclosure deadline, the drastic extension of multiple pretrial deadlines, and a second continuance of trial.

Instead, Plaintiffs argue that "Defendant itself previously agreed that the case warranted an October 23, 2026 deadline, a December 18, 2026 dispositive-motion deadline, and a May 3, 2027 trial deadline." Motion [DE 24] at p. 9. However, the fact that Defendant initially suggested a different pretrial schedule at the inception of the case does not absolve Plaintiffs from their lack of diligence (or strategic decision to delay) in serving discovery and seeking relief from the Amended Scheduling Order. Defendant appropriately respected the Court's ruling and proceeded to litigate the case under the Court-ordered deadlines in place.

Plaintiffs seemingly ignore the fact that they have been on notice since **November 21, 2025** that their expert disclosures were originally due on April 16, 2026 (130 days before trial on August 24, 2026) and discovery should have been completed on May 16, 2026 (100 days before trial on August 24, 2026). *See* Paperless Order Scheduling Trial in Miami [DE 17].

Plaintiffs were then on notice since December 30, 2025, that their expert witness disclosure deadline was March 30, 2026 and the discovery cut-off would be May 18, 2026 for the *Garcia* case. *See Garcia*, Case No. 1:25-cv-24471-KMW, Scheduling Order [DE 16] at p. 2. Plaintiffs were on notice since **January 22, 2026** that these discovery deadlines would control the case after consolidation. *See* Paperless Order Consolidating Cases [DE 21]. However, Plaintiffs waited until March 18, 2026 to serve over 530 discovery requests. On **April 5, 2026**, Plaintiffs' expert disclosure deadline was again extended to June 15, 2026 and the discovery cut off was again extended to August 3, 2026. *See Garcia*, Case No. 1:25-cv-24471-KMW, Amended Scheduling Order [DE 30] at pp. 1-2. Plaintiffs have already received three (3) extensions regarding their

expert disclosure deadline and discovery cut off, and their lack of diligence in prosecuting the case should not be rewarded.

Plaintiff requested consolidation. *See Garcia*, Case No. 1:25-cv-24471-KMW Motion [DE 17]. The Court made it clear in granting consolidation that "the Parties shall adhere to the directives in the lead case at Case No. 1:25-cv-24471-KMW." Paperless Order Consolidating Cases [DE 21]. Plaintiffs have not adhered to the Court's orders in the lead *Garcia* case, most notably the Amended Scheduling Order and the Order Denying Plaintiffs' Motion for Extension of Pretrial Deadlines. The recent de-consolidation is not a valid excuse for Plaintiff's disregard of those court-ordered deadlines.

Despite this, StratAir has proposed extending the discovery deadline to August 30, 2026. Plaintiffs will have over five (5) weeks from the date of this filing to take any relevant and necessary depositions and schedule a discovery hearing before Magistrate Judge Elfenbein. This reasonable extension is sufficient to address the minor change to discovery procedure caused by de-consolidation. However, Plaintiffs have not shown "compelling circumstances bordering on genuine emergency" to push back the pretrial deadlines (again) or receive a continuance of trial (again).

## CONCLUSION

Plaintiffs delayed in serving an unreasonable amount of discovery, which already caused extension of pretrial deadlines and an explicit warning from the Court that further extensions would likely be denied. Plaintiffs failed to file the affidavits required to disclose their previously Denied Motion requesting substantially the same relief. Plaintiffs have failed to carry their heavy burden of showing "compelling circumstances bordering on genuine emergency" for the

significant extension to pretrial deadlines (some of which have already expired) or a second continuance of trial.

WHEREFORE, Defendant StratAir Aviation Services, LLC respectfully requests that this Court deny Plaintiffs' Motion for Revised Scheduling Order and Continuance of Trial [DE 24].

Dated: July 24, 2026                           Respectfully submitted,

*Roger W. Feicht*
ROGER W. FEICHT
Florida Bar No. 84982
rfeicht@gunster.com; lhagan@gunster.com
NALANI ALESIA GORDON
Florida Bar No. 1010976
ngordon@gunster.com; lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
*Counsel for Defendant, StratAir Aviation Services, LLC*

ACTIVE:40084655.1