UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24471-WILLIAMS/LETT
(Consolidated with Case No. 1:25-cv-24505-Moore/Elfenbein)

RAISYL CEPERO GARCIA,

    Plaintiff,

vs.

STRATAIR AVIATION SERVICES, LLC,

    Defendant.

_____/

## **PLAINTIFFS' MOTION FOR EXTENSION OF PRETRIAL DEADLINES**

Plaintiffs, Raisyl Cepero Garcia, Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rule 7.1, and other applicable Rules and laws, respectfully request that the Court extend all pretrial deadlines set forth in the Court's Amended Scheduling Order [ECF No. 30] by sixty (60) days, based on the following good cause:

### **I. RELEVANT PROCEDURAL HISTORY**

1.      On September 29, 2025, Plaintiff Raisyl Cepero Garcia filed his Complaint [ECF No. 1] against Defendant StratAir Aviation Services, LLC, asserting claims for disability discrimination under the Americans with Disabilities Act ("ADA"), interference and retaliation under the Family and Medical Leave Act ("FMLA"), failure to notify of FMLA rights, and discrimination under the Florida Civil Rights Act ("FCRA").

2.      On January 22, 2026, the Court granted Plaintiff's Motion to Consolidate [ECF No. 18], consolidating this case with *Ivan Grant, et al. v. StratAir Aviation Services, LLC*, Case No. 1:25-

1

cv-24505-KMM, for discovery and pretrial purposes, bringing the total number of plaintiffs to seven.

3.      On March 18, 2026, Plaintiffs served their first sets of interrogatories, requests for production, and requests for admissions in both consolidated matters.

4.      On April 17 and April 22, 2026, Defendant filed two motions for extension of time to respond to Plaintiffs' written discovery requests [ECF Nos. 22, 24]. The Court granted both extensions [ECF Nos. 23, 25], ultimately extending Defendant's deadline to respond through May 1, 2026.

5.      On April 23, 2026, Plaintiffs filed a Motion for Extension of Pretrial Deadlines and Continuance of Trial [ECF No. 26], based on a discovery dispute regarding comparator evidence central to Plaintiffs' claims and a structural scheduling impossibility created by the Court's orders extending Defendant's discovery response deadline.

6.      On May 1, 2026, the Court entered its Paperless Order granting in part and denying in part Plaintiffs' Motion [ECF No. 29], extending pretrial deadlines and trial by forty-five (45) days.

7.      Also on May 1, 2026, Defendant served its responses and objections to Plaintiffs' written discovery requests across both consolidated matters. In total, Plaintiffs served 199 requests for production ("RFP"s), 173 requests for admission ("RFA"s), and 147 interrogatories across seven plaintiffs — a combined total of 519 discrete discovery requests. StratAir incorporated blanket general objections into each and every one of its 199 RFP responses, and asserted specific individual objections to approximately 172 of those 199 requests. StratAir asserted objections to 57 of the 173 RFAs. StratAir asserted objections to 76 of the 147 interrogatories. Of the

approximately 27 RFPs to which StratAir responded with a commitment to produce documents, not a single document has been produced.

8.　　On May 5, 2026, the Court entered its Amended Scheduling Order [ECF No. 30], setting the following pretrial deadlines: (i) June 15, 2026 for Plaintiff's expert disclosures; (ii) June 29, 2026 for Defendant's expert disclosures; (iii) July 13, 2026 for rebuttal expert disclosures; (iv) July 30, 2026 to complete mediation; (v) August 3, 2026 to complete all discovery, including expert discovery; and (vi) August 13, 2026 for dispositive pre-trial motions and Daubert motions, with calendar call set for February 2, 2027 and trial beginning February 8, 2027.

9.　　On May 6, 2026, Plaintiffs served a detailed, 33-page conferral letter identifying pervasive deficiencies in StratAir's discovery responses across both consolidated matters, including its complete failure to produce a single document.

10.　　The Parties mediated the consolidated cases on May 8, 2026, deferring the discovery conferral until after mediation, with the hope that the case would resolve — thereby rendering the disputes moot and preserving attorney's fees that could otherwise be applied toward settlement. The mediation resulted in an impasse. [See ECF No. 31].

11.　　On May 8, 2026, at the conclusion of mediation, Plaintiffs' counsel raised the discovery disputes with Defendant's counsel and sought to schedule a conferral call; Defendant's counsel represented they were unavailable until May 14, 2026. Counsel thereafter conferred by telephone on May 14, 2026, and by Microsoft Teams on May 18, 2026, for a combined total of approximately five hours.

12.　　Those calls were productive in part. During the conferral sessions, StratAir agreed to withdraw certain improper discovery objections across both consolidated matters and serve supplemental responses. At the close of the May 18 call, StratAir committed to a specific timeline:

amended RFA responses by the end of that week, amended RFP and interrogatory responses the following week, and document production beginning on a "rolling basis."

13.     None of those commitments have been fulfilled. On May 22, 2026 — just four days after the May 18 conferral — Defendant's counsel emailed Plaintiffs' counsel stating that StratAir "will need a confidentiality order in place before we can move forward with the production" of any documents whatsoever, and circulated a draft proposed confidentiality order. StratAir never raised a confidentiality order as a precondition to all production during either conferral call. The Parties have been working to agree on the language of a proposed Confidentiality Order but have been unable to reach agreement. As of this filing, StratAir has not served amended responses to a single RFA, RFP, or interrogatory; has not produced a single document; has not served a privilege log; has not provided its promised list of corporate representative deposition topic objections and has refused to offer any date for that deposition.

14.     The deposition of Defendant's Rule 30(b)(6) corporate representative has been similarly stalled. On April 29, 2026, Plaintiffs provided StratAir with a proposed list of 48 areas of inquiry and requested its availability for the deposition. On April 30, StratAir's counsel stated objections to "many of" the proposed areas but provided no dates. During the May 18 conferral, Defendant's counsel committed to provide a written list of specific topic objections; that list has never been provided. On June 9 and 11, 2026, Plaintiffs' counsel again requested deposition dates, but Defendant provided none.

15.     The discovery deficiencies described above — Defendant's complete failure to produce documents, failure to serve amended discovery responses, failure to provide a privilege log, and failure to schedule its Rule 30(b)(6) deposition — will be addressed through a forthcoming Motion for Discovery Hearing before Magistrate Judge Lett. This Motion seeks only the extension

of pretrial deadlines necessary to allow those disputes to be resolved and Plaintiffs to complete the discovery essential to the prosecution of their claims.

## II. GOOD CAUSE FOR EXTENSION

16.     This Motion presents precisely the type of compelling circumstance contemplated by the Court's prior Order. Since entry of the Amended Scheduling Order, Defendant has failed to produce a single document, failed to provide the supplemental discovery responses it agreed to serve during conferral, failed to provide a privilege log, and failed to provide dates for its Rule 30(b)(6) deposition. As a direct result, Plaintiffs cannot obtain the workforce, payroll, personnel, and reduction-in-force data necessary for expert analysis, move forward with the deposition of Defendant's corporate representative, and cannot reasonably comply with the current expert disclosure and discovery deadlines despite their diligence. These circumstances arose after entry of the Amended Scheduling Order and could not reasonably have been anticipated by Plaintiffs.

17.     Good cause exists to extend the pretrial deadlines in these consolidated cases. Here, Plaintiffs have acted diligently throughout discovery, but are unable to comply with the current schedule because Defendant has failed to provide the discovery necessary to complete expert analysis, prepare for depositions, and meaningfully prosecute their claims.

18.     The need for this requested extension was not foreseeable when the Court entered its Amended Scheduling Order [ECF No. 30] on May 5, 2026. Although Defendant had served its deficient responses four days earlier, the Parties had not yet conferred, and Plaintiffs reasonably anticipated that the disputes would be resolved through the conferral process. When the Parties subsequently conferred on May 14 and May 18, 2026, that expectation appeared well-founded — StratAir committed to a concrete remediation timeline: amended RFA responses within days, amended RFP and interrogatory responses the following week, and a rolling document production

beginning the following week. Had Defendant honored those commitments, the current expert disclosure deadline may well have been workable. Instead, Defendant introduced an entirely new precondition — a confidentiality order — for which the Parties have been unable to agree on the language. Plaintiffs could not have anticipated that Defendant would repudiate its conferral commitments in their entirety.

19.     The discovery Defendant has withheld is not peripheral—it is central to Plaintiffs' affirmative case. Plaintiffs' retained expert cannot perform the statistical analyses necessary to evaluate Defendant's reduction-in-force decisions without the workforce, payroll, personnel, and comparator data sought in discovery. The current June 15, 2026 expert disclosure deadline is not merely difficult to satisfy—it is impossible. Because Defendant has not produced a single document, Plaintiffs presently lack the foundational data required to prepare a reliable expert report. Without that information, Plaintiffs cannot disclose the expert testimony necessary to establish the discriminatory impact and discriminatory treatment issues at the heart of these consolidated actions.

20.     The dispute extends beyond document production. Defendant has also failed to serve amended interrogatory responses addressing the substance of its reduction-in-force decisions, failed to provide amended responses to requests for admission across both matters despite agreeing to do so, and failed to serve a privilege log.

21.     Defendant's discovery failures have also brought depositions to a standstill. As set forth above, Plaintiffs have been seeking to schedule Defendant's Rule 30(b)(6) deposition since April 29, 2026 — and despite a specific conferral commitment to provide written topic objections and repeated follow-up requests, Defendant has provided neither dates nor objections. But the 30(b)(6) impasse is not just a scheduling problem: Plaintiffs cannot meaningfully examine

6

Defendant's corporate representative regarding its RIF selection process, the employment decisions affecting each Plaintiff, and its post-RIF staffing without first receiving the documents and substantive interrogatory answers that bear directly on those topics. Defendant's failure to supplement its discovery responses has thus effectively prevented Plaintiffs from scheduling or preparing for any depositions in this case.

22. The Parties' decision to defer the discovery conferral until after mediation — a good-faith effort to resolve the case and preserve resources that could be applied toward settlement — further compressed the timeline available to resolve these disputes. That mediation resulted in an impasse. The Parties then invested approximately five hours in conferral in a sincere attempt to avoid Court intervention. That investment yielded specific, concrete agreements from Defendant that it then did not honor. Plaintiffs should not be penalized by tighter deadlines as a consequence of those good-faith efforts.

23. Plaintiffs have acted diligently throughout discovery. Plaintiffs served written discovery on March 18, 2026; promptly identified the extensive deficiencies in Defendant's May 1 responses; prepared and transmitted a detailed conferral letter on May 6, 2026; participated in approximately five hours of conferral; agreed to defer litigation of discovery disputes during mediation and settlement negotiations in an effort to conserve resources and facilitate settlement; repeatedly sought dates for Defendant's Rule 30(b)(6) deposition; and now seek relief before expiration of the expert disclosure and discovery deadlines. The current scheduling problem arises not from any lack of diligence by Plaintiffs, but from Defendant's failure to provide discovery essential to expert analysis and depositions.

Coral Gables, Florida | Detroit, Michigan

FairLaw Firm

### III. LEGAL BASIS AND REQUESTED RELIEF

24.     Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

25.     The requested extension is supported by good cause because the current schedule cannot reasonably be met despite Plaintiffs' diligence. Defendant's complete failure to produce documents has prevented Plaintiffs from obtaining the workforce, payroll, personnel, and comparator data necessary for expert analysis, preparing for depositions, and evaluating claims and defenses in preparation for trial. Without that discovery, Plaintiffs cannot complete the tasks required by the existing schedule regardless of their efforts.

26.     Plaintiffs recognize that the Court previously stated that "[n]o further extensions will be granted absent compelling circumstances bordering on a genuine emergency." [ECF No. 29]. Respectfully, those circumstances now exist. More than six weeks after serving its responses and objections, Defendant has not produced a single document despite its promises to do so. Defendant has likewise not provided the supplemental responses it agreed to serve during conferral, a privilege log, or dates for its Rule 30(b)(6) deposition. As a result, Plaintiffs cannot obtain the information necessary to complete expert analysis or prepare for depositions before the existing deadlines expire. Plaintiffs have diligently pursued discovery and conferred with Defendant to resolve these disputes outside of Court. Under these circumstances, modification of the schedule is necessary to permit resolution of these actions on their merits and on a complete evidentiary record.

27. Importantly, the requested extension will not require any modification of the Court's currently scheduled Calendar Call or Trial Dates. Plaintiffs seek only a sixty-day extension of the pretrial deadlines necessary to complete discovery, expert analysis, and motion practice. Even with the requested extension, the February 2, 2027 Calendar Call and February 8, 2027 trial period established by the Court remain fully workable. Accordingly, granting this Motion will not disrupt the Court's trial calendar or otherwise prejudice the efficient administration of these consolidated actions.

28. Accordingly, Plaintiffs respectfully request that this Court extend the pretrial deadlines set forth in the Amended Scheduling Order [ECF No. 30] by sixty (60) days, while leaving the presently scheduled February 2, 2027 Calendar Call and February 8, 2027 trial period unchanged, as follows:

a. Plaintiffs shall disclose experts, expert witness summaries, and reports on or before August 14, 2026;

b. Defendant shall disclose experts, expert witness summaries, and reports on or before August 28, 2026;

c. The Parties shall exchange rebuttal expert witness summaries and reports on or before September 11, 2026;

d. The Parties shall complete all discovery, including expert discovery, on or before October 2, 2026;

e. The Parties shall file all dispositive pre-trial motions and memoranda of law, and any motions to strike or exclude expert testimony, on or before October 12, 2026;

f. The Parties shall each file one motion in limine, and shall file a joint pre-trial stipulation, exhibit lists, witness lists, proposed jury instructions, proposed verdict form or findings of fact and conclusions of law, and deposition designations on or before January 11, 2027;

and grant such other and further relief as the Court deems just and proper.

## IV. REQUEST FOR LEAVE TO FILE MOTION FOR DISCOVERY HEARING UNILATERALLY AND IN EXCESS OF PAGE LIMIT

29.     In addition to the extension of pretrial deadlines requested above, Plaintiffs respectfully request leave of Court to file a Motion for Discovery Hearing before Magistrate Judge Lett unilaterally and in excess of the page limit established by the Court's Order Setting Discovery Procedures [ECF No. 5].

30.     The Court's Order Setting Discovery Procedures requires that a Motion for Discovery Hearing be filed jointly by the parties and not exceed five (5) double-spaced pages. However, the Order further provides that "[i]f counsel refuses to confer, then the party seeking the hearing shall state so and outline the efforts made to confer with opposing counsel in the Motion for Discovery Hearing."

31.     As set forth in the Relevant Procedural History above, Defendant has been unresponsive to Plaintiffs' most recent attempts on June 9 and 11, 2026 to schedule the deposition of its Rule 30(b)(6) corporate representative, and has demonstrated a consistent pattern of non-cooperation throughout the discovery process. Plaintiffs have no reason to believe Defendant will cooperate in the filing of a joint motion, and that jointly drafting the motion will waste more time—prejudicing Plaintiffs from obtaining necessary discovery prior to the current deadline. Under these circumstances, requiring Plaintiffs to await Defendant's participation before seeking Court intervention would further delay resolution of disputes that are already jeopardizing the pretrial schedule.

32.     Additionally, the five-page limit is insufficient to adequately present the full scope of the disputes at issue. The disputes span two consolidated actions involving seven plaintiffs and encompass objections and deficiencies relating to 199 requests for production, 147 interrogatories, and 173 requests for admission. The disputes further include Defendant's complete failure to

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

produce documents, failure to serve promised supplemental discovery responses, failure to provide a privilege log, and refusal to provide dates or topic-specific objections for its Rule 30(b)(6) corporate representative deposition. A meaningful presentation of these distinct but interrelated issues, together with the Parties' extensive conferral history, cannot reasonably be accomplished within five pages.

33.     Accordingly, Plaintiffs respectfully request leave to file the Motion for Discovery Hearing unilaterally and with such additional pages as are necessary to fully present the disputes requiring resolution.

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel hereby certifies that counsel conferred in good faith with Defendant's counsel prior to filing this Motion, and that Defendant opposes the extension requested herein.

Respectfully submitted this 12th day of June 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*

11