UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IVAN GRANT, ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA, EYONNY PRADO
DURAN, LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,
v.

STRATAIR AVIATION SERVICES, LLC,

Defendant.

_____/

Case No. 1:25-cv-24505-Moore/Elfenbein

**DEFENDANT'S MOTION FOR CLARIFICATION OF
NEW DEADLINES AND, IN THE ALTERNATIVE, MOTION FOR BRIEF
EXTENSION OF TIME FOR REBUTTAL EXPERT DISCLOSURES**

Defendant, StratAir Aviation Services, LLC ("Defendant" or "StratAir"), respectfully

moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and Southern District of

Florida Local Rule 7.1 to clarify the Court's July 27, 2026 Paperless Order (DE 28). In support,

StratAir states:

**INTRODUCTION**

This case was previously consolidated with *Garcia v. StratAir Aviation Services, LLC*,

Case No. 1:25-cv-24471-KMW (S.D. Fla.).  For months, the scheduling order in that case, which

also governed this action, had differentiated deadlines for the disclosure of initial and rebuttal

expert witnesses.

The cases were deconsolidated and this Court entered a Paperless Order granting in part

Plaintiffs' Motion for Revised Scheduling Order on July 27, 2026. (DE 28) (the "Order"). The

Order established August 20, 2026 as the expert disclosure deadline, but it is unclear whether that

deadline applies solely to initial expert disclosures (and rebuttal expert disclosures are due 30 days

1

later consistent with Rule 26(a)(2)(D) and the prior scheduling order) or whether it  applies to all expert disclosures—including Defendant's rebuttal expert disclosures. StratAir interprets the Order to establish Plaintiff's initial expert disclosure deadline and that it does not displace Rule 26(a)(2)(D), but is requesting clarification in an abundance of caution.

In the alternative, if the Court intended the August 20, 2026 deadline to encompass all expert disclosures without the previous distinction, Defendant respectfully requests a brief extension of time, through September 21, 2026, to complete its rebuttal expert disclosures.

Additionally, StratAir seeks clarification of the other deadlines that are not expressly delineated within the Order, but require calculation based on the cross-reference to the initial scheduling order and the new trial schedule. This will avoid giving one of the Parties an unintentional strategic advantage based on a different calculation of the governing deadlines.

This Motion is not a request for broad relief or a continuance of any other deadline. It is a narrow request to resolve an ambiguity created by the procedural transition from the consolidated case's staggered expert disclosure framework to the current Order's (possibly unintended) single deadline for "expert disclosures." In support of this Motion, Defendant states as follows:

## BACKGROUND

### A.      Procedural History of Expert Disclosure Deadlines

1.      This case was previously consolidated with *Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW (S.D. Fla.) (the "Consolidated Case").

2.      The Amended Scheduling Order entered in the Consolidated Case (*Garcia*, DE 30) established a staggered expert disclosure framework, consistent with Federal Rule of Civil Procedure 26(a)(2)(D). Under that framework, Plaintiffs' initial expert disclosures were due by June 15, 2026, with the parties' rebuttal expert disclosures due July 13, 2026.

3.     Plaintiffs' expert disclosure deadline of June 15, 2026 expired without Plaintiffs making any expert disclosures. Under this prior staggered framework, Defendant reasonably understood that Plaintiffs bore the initial obligation to disclose their affirmative experts first, and that Defendant's obligation to disclose rebuttal experts would arise thereafter after a reasonable period of time. In reliance on this framework, Defendant did not engage a rebuttal expert because Plaintiffs had not yet disclosed any experts—and their deadline to do so had expired without compliance.

4.     Moreover, on June 15, 2026, Judge Williams denied Plaintiffs' motion for extension of pretrial deadlines (*Garcia*, DE 33), citing Plaintiffs' lack of diligence. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

5.     In July 2026, the cases were de-consolidated following resolution of the *Garcia* matter, and this case was reassigned to this Court.

**B.     The Court's July 27, 2026 Paperless Order**

6.     On July 27, 2026, this Court entered a Paperless Order (DE 28) granting in part Plaintiffs' Motion for Revised Scheduling Order. The Order adjusted certain deadlines and provided that "[t]he Parties' deadlines for completing discovery and filing pre-trial motions are adjusted to conform with the Court's Paperless Order at (ECF No. 17), *other than the deadline to complete expert disclosures, which is set for August 20, 2026*." (DE 28) (emphasis added).

7.     In contrast to the previous Scheduling Order in the Consolidated Case, the Order refers to "expert disclosures" generally without distinguishing between Plaintiffs' initial expert disclosures and Defendant's rebuttal expert disclosures. The Order does not expressly address whether the staggered framework from the Consolidated Case's Amended Scheduling Order (consistent with Rule 26(a)(2)(D)) remains in effect.

**ARGUMENT**

**I.      Clarification Is Needed Regarding the Scope of the Expert Disclosure Deadline**

8.      The Consolidated Case's Amended Scheduling Order distinguished between initial expert disclosures and rebuttal expert disclosures, consistent with the bifurcated framework contemplated by Federal Rule of Civil Procedure 26(a)(2)(D). That Rule provides that rebuttal disclosures are due "within 30 days after the other party's disclosure," reflecting the inherently sequential nature of initial and rebuttal expert designations. Fed. R. Civ. P. 26(a)(2)(D)(ii).

9.      The Court's July 27, 2026 Paperless Order, however, sets a single deadline for "expert disclosures" without differentiating between initial and rebuttal disclosures. Defendant assumed that Defendant's rebuttal expert disclosures would be due within 30 days consistent with Rule 26(a)(2)(D)(ii) but has recently identified that a question exists as to whether the Court intended the August 20, 2026 deadline to simultaneously apply to Defendant's rebuttal expert disclosures, which were not previously subject to the same deadline as Plaintiffs' initial expert disclosures.

10.      Until entry of the July 27 Order, Defendant reasonably understood—based on the Consolidated Case's scheduling framework—that Plaintiffs' expert disclosure deadline had expired, that Plaintiffs had failed to make any expert disclosures, and that Defendant's rebuttal expert obligations had not yet been triggered. It was not until the July 27th Order that Defendant learned that, depending on the interpretation of the interplay between Rule 26(a)(2)(D) and the Order's silence regarding rebuttal expert disclosure deadlines, both sides may be subject to the same August 20, 2026 deadline.

**II.      Clarification Will Promote Orderly Case Management**

11.      Clarifying this expert disclosure deadline and the other deadlines calculated based on the previous scheduling order  will avoid potential disputes and ensure both parties understand their respective deadlines.

12.      If the Court intended a staggered framework—consistent with the prior Amended Scheduling Order and the default rule under Federal Rule of Civil Procedure 26(a)(2)(D)—Defendant respectfully requests that the Court set a separate rebuttal expert disclosure deadline at an appropriate interval after Plaintiffs' initial disclosures (30 days). Conversely, if the Court instead intended a simultaneous deadline, clarification will allow both parties to proceed with full knowledge of their obligations and avoid the expense and uncertainty of potential motions practice regarding compliance.

13.      Additionally, there are several deadlines that are not expressly delineated within the Order and require each Party to calculate the deadline based on the Court's initial scheduling order before consolidation. It is possible that each side calculates different dates for those deadlines (e.g., by setting a deadline expiring on a Saturday or Sunday on the preceding Friday or the subsequent Monday). One Party could unintentionally obtain a strategic advantage because of a different calculation of the relevant deadline, so having a Court Order that expressly lists each of the deadlines will ensure fair and orderly compliance with the intended schedule.   StratAir's counsel calculated the remaining deadlines as follows:

| Deadline to complete initial expert disclosures | August 20, 2026 |
|---|---|
| Discovery deadline, including expert | December 11, 2026 |

| Deadline for filling all pretrial motions, including motions for summary judgment and motions in limine (Responses to motions for summary judgment due 14 days after service; replies to responses due 7 days after service of response) | December 31, 2026 |
|---|---|
| In-person mediation | December 31, 2026 |
| Deadline for pretrial stipulation | March 4, 2027 |
| Deadline for submitting proposed jury instructions | March 17, 2027 |
| Final pretrial conference | March 9, 2027 at 11:00 am |
| Calendar Call | March 18, 2027 at 2:00 pm |
| Jury Trial | March 22, 2027 |

## III.     In the Alternative, a Brief Extension Is Warranted

14.     In the alternative, if the Court intended the August 20, 2026 deadline to apply to all expert disclosures without distinction, Defendant respectfully requests a brief extension of time—through September 21, 2026—for its rebuttal expert disclosures only.

15.     Good cause exists to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4):

(a)     Until entry of the July 27, 2026 Paperless Order, Defendant reasonably relied on the Consolidated Case's staggered expert disclosure framework and did not engage a rebuttal expert because Plaintiffs had not disclosed any affirmative experts (and their deadline to do so had expired);

6

(b)     The change from a staggered to a simultaneous disclosure deadline was an unanticipated consequence of the de-consolidation and reassignment of this case, not the result of any lack of diligence by Defendant;

(c)     The requested extension is modest—approximately thirty (30) days—and will not affect the trial date of March 22, 2027, or any other case deadlines; and

(d)     The requested thirty-day extension is consistent with the default framework established by Federal Rule of Civil Procedure 26(a)(2)(D)(ii), which provides that rebuttal expert disclosures are due "within 30 days after the other party's disclosure."

16.     This is a narrowly targeted request necessitated by the procedural transition from consolidated to standalone proceedings and the resulting ambiguity in the applicable expert disclosure deadlines.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

(1)     Clarify whether the August 20, 2026 expert disclosure deadline set in the Court's Paperless Order (DE 28) applies to Defendant's rebuttal expert disclosures; and

(2)     In the alternative, if the Court intended a single deadline for all expert disclosures, extend Defendant's deadline for rebuttal expert disclosures through September 21, 2026.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel for Defendant certifies that counsel has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion, including via telephone call on August 14, 2026, and emails on August 12 and 13, 2026, but has been unable to do so.

7

Respectfully submitted,

**GUNSTER YOAKLEY & STEWART, P.A.**
777 S. Flagler Drive, Suite 500 East
West Palm Beach, Florida 33401
Telephone: (561) 655-1980


By:   **Nalani Alesia Gordon**
Roger W. Feicht
Florida Bar No. 84982
rfeicht@gunster.com
lhagan@gunster.com

Nalani Alesia Gordon
Florida Bar No. 1010976
ngordon@gunster.com
lmusco@gunster.com

*Counsel for Defendant,*
*StratAir Aviation Services, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2026, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to

all counsel of record.


*/s/ Nalani Gordon*

ACTIVE:40242376.1