UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

Defendant.
______________________________/

**ORDER COMPELLING DISCOVERY**

THIS CAUSE came before the Court for a discovery hearing on August 24, 2026, on Plaintiffs' Notice of Discovery Hearing. The Court, having considered the discovery matters identified in the Notice, the source materials submitted by the parties, the arguments of counsel, and the record, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' requested relief regarding StratAir's objections and responses to Plaintiffs' First Requests for Production is GRANTED. StratAir shall serve amended responses to Plaintiffs' First Requests for Production Nos. 1, 2, 3, 4, 5, 8, 9, 11, 12, 13, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 33, 34, 35, 36, 37, 38, 39, 40, 44, 45, 46, 49, 50, 51, 52, 53, 54, 55, 59, 60, 61, 62, 63, 64, 65, 69, 70, 72, 81, 83, 85, 87, 90, 96, 106, 109, 110, 111, 112, 113, 116, 117, 118, 119, 120, 121, 122, 123, 126, 129, 130, 131, 134, 135, 136, 139, 140, 141, 142, 143, 144, 146, and 148. For each request, StratAir shall state whether responsive documents have been produced, will be

produced, are being withheld based solely on attorney-client privilege or work product, or do not exist, and shall identify by Bates number or Bates range all documents produced or to be produced in response to that request. All objections other than attorney-client privilege and work product are overruled.

2. StratAir shall serve the amended responses required by paragraph 1 and produce all non-privileged, non-work-product documents responsive to the Requests for Production identified in paragraph 1 no later than August 31, 2026. StratAir shall not withhold responsive documents based on any objection other than attorney-client privilege or work product. To the extent StratAir withholds any responsive documents based on attorney-client privilege or work product, StratAir shall serve a privilege log compliant with Federal Rule of Civil Procedure 26(b)(5) no later than August 31, 2026.

3. Plaintiffs' requested relief regarding StratAir's answers and objections to Plaintiffs' First Interrogatories is GRANTED. StratAir shall serve amended, verified answers to the following interrogatories: Grant INT Nos. 5, 6, 13, 16, 17, 18, 19, and 21; Laffita INT Nos. 2, 3, 8, 13, 15, and 21; Pinto INT Nos. 2, 3, 8, 9, 10, 15, and 20; Prado INT Nos. 2, 3, 7, 8, 13, 14, 16, and 18; Prado Second INT No. 1; Rodriguez Ceruto INT Nos. 2, 3, 13, 17, and 18; and Same INT Nos. 2, 4, 8, 9, 11, 13, and 18.

4. The amended interrogatory answers shall be served no later than August 31, 2026, and shall fully answer each interrogatory separately, without relying on generalized cross-references unless the referenced answer fully responds to the specific interrogatory and subpart at issue. All objections to the interrogatories identified in paragraph 3 are overruled except attorney-client privilege and work product. StratAir shall not withhold responsive information based on any objection other than attorney-client privilege or work product. To the extent StratAir withholds

any responsive information based on attorney-client privilege or work product, StratAir shall expressly state that information is being withheld on that basis and serve a privilege log compliant with Federal Rule of Civil Procedure 26(b)(5) by the same deadline.

5. Plaintiffs' requested relief regarding StratAir's objections to Plaintiffs' subpoena duces tecum directed to SNI Companies Corp. is GRANTED. StratAir's objections do not relieve SNI Companies Corp. of its obligation to respond to the subpoena as modified by this Order.

6. Plaintiffs' requested relief regarding SNI Companies Corp.'s objections to Plaintiffs' subpoena duces tecum is GRANTED. All objections to the subpoena are overruled except attorney-client privilege and work product. SNI Companies Corp. shall produce all non-privileged, non-work-product documents responsive to Plaintiffs' subpoena duces tecum, including documents sufficient to identify individuals supplied by SNI Companies Corp. or any affiliated entity to perform warehouse, cargo-handling, security, or similar work for StratAir Aviation Services, LLC at its Miami facility from January 1, 2023 through January 1, 2025, including each such individual's name, job title or position, dates of assignment, and age or date of birth, to the extent maintained.

7. SNI Companies Corp. shall produce the documents required by paragraph 6 no later than August 31, 2026. Any production containing confidential or personal information shall be treated as confidential under the operative confidentiality order entered in this action.

8. SNI Companies Corp. shall not withhold responsive documents based on any objection other than attorney-client privilege or work product. To the extent SNI Companies Corp. withholds responsive documents based on attorney-client privilege or work product, SNI shall identify the basis for withholding and serve a privilege log compliant with Federal Rule of Civil Procedure 26(b)(5) no later than August 31, 2026.

**DONE AND ORDERED** in Miami, Florida, this ____ day of August 2026.

______________________________________

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

*Copies furnished to all counsel of record*
*Counsel for non-party SNI Companies Corp.*