AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

IVAN GRANT, et al.

*Plaintiff*

v.

STRATAIR AVIATION SERVICES, LLC

*Defendant*

Civil Action No. 1:25 CV 24505 KMM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: SNI COMPANIES CORP.
c/o CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All personnel, assignment, performance, disciplinary, attendance, and separation records for all individuals supplied by SNI Companies Corp. (or any affiliated entity) to perform warehouse, cargo-handling, security, or similar work for StratAir Aviation Services, LLC at its Miami facility from January 1, 2023 through January 1, 2025, including documents sufficient to identify each individual's name, date of birth and/or age, race, national origin, job title, and dates of assignment.

| Place: FAIRLAW FIRM<br>135 San Lorenzo Avenue, Suite 770<br>Coral Gables, FL 33146<br>Documents may be produced by email to: brooks@fairlawattorney.com | Date and Time:<br>06/25/2026 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/10/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

s/ Patrick Brooks LaRou, Esq.
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ivan Grant, et al. , who issues or requests this subpoena, are:

Patrick Brooks LaRou, Esq.; 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146; brooks@fairlawattorney.com; (786) 254 0366.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25 CV 24505 KMM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:25-CV-24505-MOORE/ELFENBEIN
(Consolidated with Case No. 1:25-cv-24471-Williams/Lett)

IVAN GRANT, ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA, EYONNY PRADO
DURAN, LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,

v.

STRATAIR AVIATION SERVICES, LLC,

Defendant.
_______________________________________________/

**DEFENDANT'S NOTICE OF OBJECTIONS TO PLAINTIFFS' SUBPOENA**
**<u>DIRECTED TO SNI COMPANIES CORP.</u>**

Defendant, StratAir Aviation Services, LLC ("StratAir"), by and through its undersigned counsel, provides this notice of objections to the subpoena duces tecum issued by Plaintiffs to SNI Companies Corp. ("SNI") on June 10, 2026. StratAir has standing to move to quash the Subpoena under Fed. R. Civ. P. 45(d)(3)(B) as a person "affected by" the Subpoena.

Pursuant to Local Rule 7.1(a)(3) and in the interest of avoiding unnecessary motion practice, StratAir provides this request to confer with Plaintiffs regarding StratAir's objections before filing a motion to quash. StratAir requests that Plaintiffs withdraw the Subpoena. If Plaintiffs decline to do so, StratAir intends to file a motion to quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3).

The Subpoena Demands:

> "All personnel, assignment, performance, disciplinary, attendance, and separation records for all individuals supplied by SNI Companies Corp. (or any affiliated entity) to perform warehouse, cargo-handling, security, or similar work for StratAir Aviation Services, LLC at its Miami facility from January 1, 2023 through January 1, 2025, including documents sufficient to identify each individual's name, date of birth and/or age, race, national origin, job title, and dates of assignment."

Plaintiffs have filed claims pursuant to the Age Discrimination in *Employment* Act (ADEA). Plaintiffs are each former employees who claim that they were selected for a reduction in force in January 2024 instead of younger employees because of their age.[1] As detailed below, StratAir's use of a third-party staffing agency to provide temporary workers (who were not considered or selected for the layoff of employees in January 2024) is not raised anywhere in Plaintiffs' Complaints. The records sought by the Subpoena are not relevant or proportional given Plaintiffs' allegations. Accordingly, StratAir objects to the Subpoena on the following grounds:

**A. Relevance and Proportionality (Fed. R. Civ. P. 26(b)(1) and 45(d)(3)(A)(iv))**

The Subpoena seeks personnel records of non-employee workers supplied by SNI—a third-party staffing agency—to StratAir. Neither operative complaint in this consolidated action mentions independent contractors, temporary workers, staffing agencies, or any non-employee workers.

In *Grant, et al.*, Plaintiffs' claims are based exclusively on the allegation that StratAir "fired Plaintiffs and other older **employees** with more seniority, and retained younger **employees** with less seniority, to perform the same or similar jobs." *Grant, et al.*, Am. Compl. ¶ 51 (emphasis added); *see also id.* ¶ 86 (same). Plaintiffs specifically allege that "Defendant hired some new

[1] Plaintiff Garcia, who was under 40 years old at the time of his selection for the layoff, has not asserted an ADEA claim. As detailed below, his allegations also fail to implicate temporary workers hired by SNI.

**employees** in preparation for the 2023 winter holiday season, most of whom are believed to have been in their 20s or 30s," *id.* ¶ 45 (emphasis added), and that "Defendant retained its younger **employees** who had less seniority instead of retaining Plaintiffs," *id.* ¶ 50 (emphasis added). The *Cepero Garcia* complaint likewise contains no allegation involving staffing-agency workers—it is a disability discrimination and FMLA retaliation case based solely on Mr. Cepero Garcia's termination after requesting medical leave. *See Cepero Garcia*, Compl. ¶¶ 32-35. Whether temporary, staffing-agency, or contract workers were supplied to StratAir has no bearing on Plaintiffs' foundational allegation that other employees were retained and Plaintiffs were selected for the layoff for discriminatory reasons. The Subpoena therefore seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of this case under Rule 26(b)(1).

**B. Plaintiffs' Claims Do Not Support This Discovery**

StratAir has consistently maintained throughout this litigation that it did not directly hire or fire individuals as independent contractors. To the extent SNI supplied temporary workers to StratAir, the engagement or non-engagement of such workers is irrelevant to whether StratAir intentionally discriminated against Plaintiffs (who were all *employees*) in selecting them for the January 2024 layoff (instead of other similarly situated employees) based on age, race, national origin, or disability. Plaintiffs' theory of the case is explicit: they allege they were terminated and younger, less-senior *employees* were retained—not that they were replaced by staffing-agency workers. *See Grant, et al.*, Am. Compl. ¶¶ 50-51, 85-86. The operative complaints contain no allegation that (1) staffing-agency workers replaced Plaintiffs, (2) staffing-agency workers performed the same or similar jobs as Plaintiffs, or (3) staffing-agency workers were comparators for purposes of Plaintiffs' discrimination claims. Plaintiffs' attempt to obtain this information

through a subpoena to SNI—after StratAir objected to substantially identical discovery requests—confirms that this discovery is untethered to any pleaded legal theory.

**C. Overbreadth**

The Subpoena seeks "all" personnel, assignment, performance, disciplinary, attendance, and separation records for every individual supplied by SNI or any affiliated entity over a two-year period (January 1, 2023, through January 1, 2025). This sweeping request encompasses records for individuals in positions, time periods, and job functions that bear no relationship to the specific claims at issue—which concern only the January 2024 RIF and the selection of Plaintiffs for termination. The temporal scope extends well beyond the January 2024 RIF and the time period relevant to the events giving rise to this action. Plaintiffs' own allegations identify the relevant comparators as StratAir *employees*—specifically, "Warehouse Handlers and Cargo Handlers in their 20s and 30s" who "regularly received verbal counseling and discipline, as well as written reprimands/write-ups, from Defendant's supervisory personnel before January 2024." *Grant, et al.*, Am. Compl. ¶ 52. Staffing-agency workers are not alleged to be comparators. The breadth of categories of records sought—including disciplinary records, attendance records, and performance evaluations of non-party staffing-agency workers who are not alleged comparators—is an apparent fishing expedition. Plaintiffs cannot identify specific staffing-agency workers who are relevant to their claims of discriminatory selection because their legal theory and pending claims do not involve staffing-agency workers.

**D. Duplicative Discovery (Fed. R. Civ. P. 26(b)(2)(C))**

Plaintiffs have already propounded extensive discovery on StratAir—including Requests for Production 11, 13, 111, 112, 113, 129, 131, 137, 138, 139, 140, 141, 142, 143, 144, 145, and 146 of Plaintiffs' First Request for Production—seeking substantially identical categories of

information regarding staffing-agency workers, temporary workers, and independent contractors at StratAir's Miami facility. StratAir raised legitimate objections to those requests on the grounds that such information is irrelevant to Plaintiffs' claims and that StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control. Rule 26(b)(2)(C)(i) authorizes the Court to limit discovery that is "unreasonably cumulative or duplicative." The Subpoena to SNI is a transparent attempt to circumvent StratAir's well-founded objections and obtain through a non-party subpoena that which Plaintiffs are not entitled to obtain from StratAir directly. Plaintiffs should not be permitted to use Rule 45 to end-run the limitations of Rule 26(b)(1).

**CONFERRAL REQUEST**

For the foregoing reasons, StratAir requests that Plaintiffs withdraw the Subpoena in its entirety.

Please respond to this notice within seven (7) days of service. If Plaintiffs are unwilling to withdraw the Subpoena, StratAir intends to file a motion to quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3).

Dated: June 12, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2026, a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the Service List below.

*/s/ Nalani Alesia Gordon*

Nalani Alesia Gordon

**SERVICE LIST**

BRIAN H. POLLOCK, ESQ.
brian@fairlawattorney.com
P. BROOKS LAROU, ESQ.
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
*Counsel for Plaintiffs*

ACTIVE:39869119.1

*Bank of America Tower*
*50 N. Laura Street, Suite 2600*
*Jacksonville, Florida 32202*
*Tel: 904 598-6100*
*www.sgrlaw.com*

Smith Gambrell Russell

*Nicole L. Kalkines*
*Direct Tel: 904-598-6163*
*Direct Fax: 904-598-6263*
*nkalkines@sgrlaw.com*

July 9, 2026

***VIA EMAIL – BROOKS@FAIRLAWATTORNEY.COM***

P. Brooks LaRou, Esq.
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146

**Re: Ivan Grant, *et al*. v. StratAir Aviation Services, LLC; Case No. 1:25-cv-24505-KMM (the "Lawsuit")**

Dear Brooks:

I am writing in follow-up to our June 24, 2026, discussion regarding the June 10, 2026, Subpoena you served on SNI Companies Corp. ("SNI") in connection with the Lawsuit. As an initial matter, SNI needs to confirm that an appropriate protective order is in place because the Subpoena seeks documents containing confidential and personal information regarding non-parties to the Lawsuit. Please advise if the Court has already entered a protective order in the Lawsuit and, if so, please provide me with a copy.

Additionally, as I explained during our call, responding to the Subpoena would require SNI to manually identify, review, and download files for approximately 1,000 individuals. To date, SNI has not been able to identify any less burdensome means of producing documents in response to the Subpoena. We anticipate the cost of conducting this review would be approximately $85,000 and, to the extent we are unable to narrow the scope of the Subpoena, would request that you pay that amount in advance. Please note that in the event we have to redact personal information from SNI's records, this would increase the time and expense necessary to produce responsive documents.

SNI remains willing to work with you in good faith to address the issues identified herein. However, until such time as we have resolved these issues, please consider this letter as SNI's objection to the Subpoena.

Sincerely,

***/s/ Nicole L. Kalkines***

Nicole L. Kalkines

Cc: Alan S. Wachs, Esq.