UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

Defendant.
_______________________________/

**PARTIES' LEGAL AUTHORITIES FOR DISCOVERY HEARING**

**I. General Discovery Standards — Requests for Production and Interrogatories**

**A. Boilerplate general objections are improper and are waived or overruled where a party fails to state grounds with specificity and fails to state whether responsive material is being withheld (Fed. R. Civ. P. 34(b)(2)(B)-(C); S.D. Fla. L.R. 26.1(e)(2)(A)).**

***Santos v. Aids Healthcare Found.*, No. 19-62336-CIV, 2020 U.S. Dist. LEXIS 260040 (S.D. Fla. July 24, 2020)**
Holding: Objections to requests for production must be stated with specificity, include the reasons, and state whether responsive materials are being withheld, per Rule 34(b)(2) and S.D. Fla. L.R. 26.1(e)(2)(A). "Nonspecific, boilerplate objections" and bare assertions that a request is vague, overbroad, or unduly burdensome are, standing alone, "meaningless" and "meritless." A court may grant a motion to compel based solely on such procedurally inadequate objections.

***Kleiman v. Wright*, 2020 U.S. Dist. LEXIS 4241 (S.D. Fla. Jan. 9, 2020)**
Holding: Rule 34(b)(2)(C) requires an objection to state whether any responsive materials are being withheld on the basis of that objection; failure to do so renders the objection deficient.

**B. Discovery relevance is construed broadly and is not confined to the express allegations of the complaint.**

***Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983)**
Holding: More liberal discovery rules apply in employment-discrimination and civil-rights cases; statistical and comparative information about an employer's treatment of other employees is discoverable to show pretext even absent a pattern-or-practice claim.

***Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271 (11th Cir. June 20, 2021)**
Holding: Rule 26(b)(1) discovery is construed broadly to encompass any matter that bears on, or could reasonably lead to other matter that could bear on, any issue in the case; discovery is not confined to the narrow, explicit allegations of the complaint.

***Andre v. Harbor Naples Mgmt., LLC*, 2008 U.S. Dist. LEXIS 127637 (M.D. Fla. Mar. 19, 2008)**
Holding: The federal rules strongly favor full discovery whenever possible; a civil litigant may obtain information reasonably calculated to lead to the discovery of admissible evidence even where not expressly pleaded.

***United States EEOC v. Suntrust Bank*, 2013 U.S. Dist. LEXIS 199361 (N.D. Ga. Sep. 13, 2013)**
Holding: Federal courts resist unnecessary limitations on discovery in employment-discrimination litigation; discovery regarding an employer's treatment of other employees, including staffing/temporary workers, is proper even in an individual disparate-treatment case, though generally limited to the relevant employing/work unit.

***Panola Land Buyers Asso. v. Shuman*, 762 F.2d 1550 (11th Cir. 1985)**
Holding: In an individual employment-discrimination case, a plaintiff attempting to show that the employer's stated reason is pretextual is entitled to the discovery necessary to establish that claim; discovery is not restricted to the face of the complaint, and while the initial focus is the plaintiff's work unit, a particularized showing of relevance opens discovery beyond that unit.

***Floyd v. Highgate Hotels, L.P.*, 2025 U.S. Dist. LEXIS 199765 (S.D. Fla. May 27, 2025)**
Holding: Compelling production of comparator employees' employment records and work schedules, the court held that the defendant's argument – that the plaintiff had not yet shown the comparators were similarly situated or treated more favorably – "misapprehend[ed] the stage of litigation the parties [found] themselves in." The scope of Rule 26(b) discovery is broad, and information is discoverable "even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence."

***Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 685 (S.D. Fla. 2010)**
Holding: The scope of discovery under Federal Rule of Civil Procedure 26(b) is broad.

***Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007)**
Holding: Information can be relevant, and therefore discoverable, even if not admissible at trial, so long as it is reasonably calculated to lead to the discovery of admissible evidence.

**C. Comparator personnel files and non-party employee discipline/attendance/performance/retention records are discoverable to show pretext, subject to a protective order, notwithstanding privacy, overbreadth, or burden objections.**

***Nevin v. CSX Transp.*, 2003 U.S. Dist. LEXIS 29422 (M.D. Fla. Feb. 12, 2003)**
Holding: Granting the plaintiff's motion to compel, the court ordered production of the personnel files of non-party employees hired into positions the ADEA/ADA plaintiff had sought, over the employer's overbreadth/burden/privilege objections, because review of those files "may lead to the discovery of admissible evidence" on pretext and discriminatory intent. Production was made subject to the protective order already entered in the case. The court also confirmed that "more liberal discovery rules" apply in employment-discrimination cases (citing *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983)) and that RIF discovery is properly limited to the local unit where the decision was made (citing *Earley and Brown v. American Honda Motor Co.*, 939 F.2d 946 (11th Cir. 1991)).

***Reed v. Forney Indus.*, 2018 U.S. Dist. LEXIS 49279 (M.D. Fla. Mar. 26, 2018)**
Holding: Ordered production of a demoted non-party's complete personnel file where the plaintiff and the non-party shared documented performance issues; the file was "highly relevant" to pretext, and a court need not decide a comparator's ultimate merits at the discovery stage — only whether the file is relevant to the claims. Privacy concerns are properly addressed by protective order, not by withholding.

***Dukes v. GEO Grp. Inc*, 2018 U.S. Dist. LEXIS 249761 (N.D. Fla. Dec. 5, 2018)**
Holding: A stipulated protective order covering current/former employee personnel files renders general non-party privacy objections unpersuasive; a request for comparator discipline records is not overbroad merely because it is not restricted to the exact same infraction as the plaintiff's.

***Anderson v. WBMG-42*, 253 F.3d 561 (11th Cir. 2001)**
Holding: A comparator's conduct need only be similar, not identical, to the plaintiff's.

***Radcliffe v. Darcy Hall Med. Inv'rs, LLC*, 2010 U.S. Dist. LEXIS 152792 (S.D. Fla. Mar. 22, 2010)**
Holding: Rejecting the defendant's attempt to limit production of disciplinary and performance records to "department heads," the court held that where the plaintiff alleges a pattern and practice of discrimination and shows that disciplinary decisions for all employees were made by the same individual, restricting discovery to employees who share the plaintiff's exact job title is improper.

***Floyd v. Highgate Hotels, L.P.*, 2025 U.S. Dist. LEXIS 199765 (S.D. Fla. May 27, 2025)**
Holding: (See Section I.B, above.) The court compelled production of comparator employees' hire and termination dates, stated reasons for termination, and work schedules, subject to redaction under the operative protective order, over the defendant's objection that the plaintiff had not yet shown the comparators were similarly situated.

**D. Discovery of who performed a terminated employee's job duties after termination — including staffing-agency or temporary workers — is relevant to pretext in a RIF case.**

***Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264 (11th Cir. Mar. 30, 2014)**
Holding: A RIF plaintiff may show "replacement" (supporting the prima facie case and pretext) by proving that some of her former job responsibilities were delegated to another worker, even if that worker also retained other duties or performed a different primary function. Whether a plaintiff was replaced is a fact-specific inquiry, and an employer cannot avoid a replacement finding by showing the person taking over the duties has some other title or role.

***Sharp v. Vanguard Realty*, 2019 U.S. Dist. LEXIS 231837 (M.D. Fla. Oct. 23, 2019)**
Holding: Discovery of an employer's use of staffing/temporary agency workers may lead to admissible pretext evidence, because proof of discrimination is often circumstantial; however, where relevance is not apparent on the face of a broad request (e.g., five years of staffing-agency records), the burden shifts to the requesting party to demonstrate relevance.

***Peppers v. Cobb Cnty.*, 835 F.3d 1289 (11th Cir. 2016)**
Holding: A joint-employer relationship exists under Title VII where two entities contract with each other for the performance of a task and one retains sufficient control over the essential terms and conditions of employment of the other's workers; courts look to the degree of control taken as a whole, not any single dispositive factor.

***Woods v. Waste Pro of Fla., Inc.*, 2022 U.S. App. LEXIS 17392 (11th Cir. June 24, 2022)**
Holding: The comparator inquiry in this Circuit asks whether individuals are similarly situated "in all material respects" based on objective similarities – the same basic conduct, the same employment policy, the same supervisor, and similar employment or disciplinary history – not on formal job labels.

***Diaz v. U.S. Century Bank*, 2012 U.S. Dist. LEXIS 116877 (S.D. Fla. Aug. 17, 2012)**
Holding: In determining joint-employer status, courts look to the degree of control the putative employer exerts over the essential terms of the employment relationship taken as a whole, rather than any single factor.

***Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214 (10th Cir. 2014)**
Holding: Courts assessing joint-employer control consider the right to terminate the work relationship, the ability to promulgate work rules and assignments, control over compensation, benefits, and hours, day-to-day supervision and discipline, and control of employee records.

**E. Interrogatory answers must be full, complete, and separately stated; boilerplate cross-references to other answers are improper; an evasive or incomplete answer is a failure to answer supporting a motion to compel (Fed. R. Civ. P. 33(b)(3), 37(a)(4)).**

***Bernstein v. Town of Jupiter*, 2021 U.S. Dist. LEXIS 249273 (S.D. Fla. Nov. 23, 2021)**
Holding: Plaintiffs' boilerplate answers that declined to answer each interrogatory "separately and fully" and instead incorporated other documents/answers by reference were held insufficient under Rule 33; such generic cross-referencing is "tantamount to a failure to respond altogether."

***Developmental Techs., LLC v. Valmont Indus.*, 2016 U.S. Dist. LEXIS 43765 (M.D. Fla. Mar. 30, 2016)**
Holding: Rule 33(b)(3) strictly requires each interrogatory to be answered "separately and fully in writing under oath"; an evasive or incomplete answer must be treated as a failure to answer, permitting a motion to compel under Rule 37(a)(3)(B)(iii).

***Gov't Emples. Ins. Co. v. Cereceda*, 2021 U.S. Dist. LEXIS 8152 (S.D. Fla. Jan. 14, 2021)**
Holding: Confirms Rule 33's separate-and-full-answer requirement and that an evasive or incomplete interrogatory answer is legally a complete failure to answer under Rule 37(a)(3)(B).

**F. A party withholding documents or information on privilege or work-product grounds must serve a Rule 26(b)(5)-compliant privilege log; failure to timely do so can waive the privilege.**

***Clena Invs., Inc. v. XL Specialty Ins. Co.*, 2011 U.S. Dist. LEXIS 163346 (S.D. Fla. 2011)**
Holding: A party withholding otherwise discoverable material on privilege or work-product grounds must serve a privilege log meeting Rule 26(b)(5)'s requirements.

***EEOC v. Enter. Leasing Co. of Fla., LLC*, 2024 U.S. Dist. LEXIS 50245 (S.D. Fla. Mar. 21, 2024)**
Holding: Applies the same privilege-log requirement and discusses the multi-factor, non-automatic approach federal courts take before finding waiver for an untimely log.

**G. A defendant's financial condition/net worth is discoverable pre-trial, without bifurcation, once punitive damages are pleaded; Florida's pre-discovery evidentiary-proffer statute (Fla. Stat. § 768.72) does not apply in federal court.**

***Lane v. Capital Acquisitions*, 242 F.R.D. 667 (S.D. Fla. Aug. 11, 2005)**
Holding: The landmark S.D. Fla. case holding that where punitive damages are at issue, a defendant's net worth and financial records are relevant and discoverable pre-trial under Rule 26; objections to production of net-worth/financial records were rejected because such information is "appropriate, relevant, and discoverable" once punitive damages are active in the case.

***Cervenec v. Borden Dairy Co. of Fla., LLC*, 2015 U.S. Dist. LEXIS 194079 (S.D. Fla. Oct. 16, 2015)**
Holding: Federal courts in Florida have repeatedly held that Fla. Stat. § 768.72's restrictive pre-discovery evidentiary-showing requirement does not apply to block financial-worth discovery in federal court; courts also reject arguments that such discovery is premature before a liability determination or trial bifurcation.

***Soliday v. 7-Eleven, Inc.*, 2010 U.S. Dist. LEXIS 146607 (and 122517) (M.D. Fla. Oct. 2010)**
Holding: A defendant's financial condition, including tax returns, is discoverable upon a simple showing of relevance to a punitive-damages claim; a "compelling need" showing is not required.

***Lynch v. Rose Radiology Centers, Inc.*, 2022 U.S. Dist. LEXIS 63319 (M.D. Fla. Apr. 4, 2022)**
Holding: Reaffirms that net-worth discovery is available pre-trial without a prior evidentiary proffer, subject to the court's discretion and a Rule 26(c) protective order if a genuine burden or harassment concern is shown.

**H. "Me-too" evidence — complaints and EEOC charges of discrimination by other employees — is discoverable and admissible to prove intent, motive, and pretext, even in an individual disparate-treatment case.**

***Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261 (11th Cir. Jan. 17, 2008)**
Holding: In a Title VII/§ 1981 retaliation case, the Eleventh Circuit held that "me-too" evidence of discrimination and retaliation against a plaintiff's co-workers is admissible under Fed. R. Evid. 404(b) to prove an employer's motive, intent, or plan to discriminate or retaliate. This is the controlling Eleventh Circuit authority for the general admissibility (and, a fortiori, discoverability) of co-worker discrimination evidence.

***Hausburg v. McDonough*, 2024 U.S. Dist. LEXIS 4929 (M.D. Fla. Jan. 10, 2024)**
Holding: Applies Goldsmith's me-too framework at the discovery stage.

***Davis v. City of Lake City*, 2013 U.S. Dist. LEXIS 201487 (M.D. Fla. Mar. 15, 2013)**
Holding: Discusses discoverability of other complaints/charges as relevant to notice and pretext.

***Marin v. Jm Auto, Inc.*, 2011 U.S. Dist. LEXIS 165459 (S.D. Fla. Mar. 10, 2011)**
Holding: Applying *Goldsmith v. Bagby Elevator Co.*, the court overruled the employer's relevance objection to discovery of another employee's discrimination lawsuit, holding that documents

reflecting the treatment of other employees are relevant because they can reveal patterns of improper discrimination and the employer's knowledge of such conduct.

**II. StratAir's Objections to the Subpoena Directed to SNI Companies Corp.**

**A. The Rule 45 relevance/proportionality standard for a non-party subpoena is coextensive with Rule 26(b)(1); a party (as distinct from the subpoenaed non-party) has limited standing to object to a third-party subpoena on relevance/overbreadth grounds and must instead seek a Rule 26(c) protective order supported by a particularized showing of good cause.**

***Belcher v. A & M Bus. Props.*, 2015 U.S. Dist. LEXIS 97541 (M.D. Fla. July 27, 2015)**
Holding: A party generally lacks standing under Rule 45 itself to challenge a non-party subpoena on relevance or overbreadth grounds; a party may nonetheless challenge a non-party subpoena by moving for a protective order under Rule 26(c), where it bears the burden of showing "good cause" through a particular and specific demonstration of fact, not stereotyped or conclusory assertions.

***Faiman v. Davidson*, 2025 U.S. Dist. LEXIS 207001 (M.D. Fla. Oct. 21, 2025)**
Holding: A party may have standing under Rule 45 to challenge a subpoena that seeks completely irrelevant information or targets its proportionality, but even then a party seeking a protective order under Rule 26(c) must make a particular and specific demonstration of fact rather than relying on stereotyped or conclusory assertions.

***Gov't Emples. Ins. Co. v. Analgesic Healthcare, Inc.*, 2018 U.S. Dist. LEXIS 117887 (M.D. Fla. July 16, 2018)**
Holding: Confirms that the Rule 45 scope of discovery is coextensive with Rule 26(b)(1) — nonprivileged matter relevant to a claim or defense and proportional to the needs of the case.

***Fenimore v. YMCA of S. Fla.*, 2024 U.S. Dist. LEXIS 249889 (S.D. Fla. Mar. 14, 2024)**
Holding: Applies the same limited-standing rule for a party's relevance-based objections to a non-party subpoena.

***Tuna Family Mgmt v. All Trust Mgmt.*, 2021 U.S. Dist. LEXIS 201331 (S.D. Fla. Oct. 19, 2021)**
Holding: Sets out the Rule 26(b)(1) factors relevant to assessing a non-party subpoena's proportionality: the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, and the importance of the discovery in resolving the issues.

**B. A Rule 26(b)(2)(C) "duplicative discovery" objection to a non-party subpoena is weak where the objecting party itself disclaims custody or control of the non-party's own records.**

**Fed. R. Civ. P. 45(a)(1)(A)(iii)**
Holding: A Rule 45 subpoena properly reaches materials in the non-party's own "possession, custody, or control" — i.e., it exists precisely to reach records a party cannot itself produce.

***Nevin v. CSX Transp.*, 2003 U.S. Dist. LEXIS 29422 (M.D. Fla. Feb. 12, 2003)**
Holding: The court compelled discovery of personnel files of non-party hires notwithstanding the employer's objections, without treating that discovery as improperly duplicative of party discovery.

***Classic Soft Trim, Inc. v. Albert*, 2020 U.S. Dist. LEXIS 218304 (M.D. Fla. Sep. 21, 2020)**
Holding: The scope of discovery permitted under a Rule 45 subpoena is coextensive with Rule 26 and reaches documents, ESI, or tangible things in the non-party's possession, custody, or control.

***Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016)**
Holding: Establishes the Eleventh Circuit's standard for Rule 45(a)(1)(A)(iii) 'possession, custody, or control' — a party (or non-party) need not have actual possession of documents; it is enough that it has 'the legal right to obtain the documents requested upon demand.' A bare disclaimer of physical possession does not defeat a subpoena where the recipient retains such a legal right of access.

***Gonzalez v. Verfruco Foods, Inc.*, 2023 U.S. App. LEXIS 2969 (11th Cir. Feb. 7, 2023)**
Holding: Applying Sergeeva's broad construction of 'control,' the Eleventh Circuit held that documents held by an affiliated or commonly-owned business entity may still be within a subpoenaed party's 'control' for Rule 45 purposes where the relationship between the entities gives rise to a practical ability to obtain the documents on demand.

***Suffolk Constr. Co. v. Edenburg Hosp., Inc.*, 2022 U.S. Dist. LEXIS 240762 (S.D. Fla. Dec. 30, 2022)**
Holding: Rejecting the argument that a non-party subpoena is improper because the requesting party could instead seek the same documents from the opposing party, the court held there is no such requirement in Rule 26 or Rule 45 that prohibits a party from subpoenaing a non-party for documents the requesting party may already have sought from its opponent.

## III. SNI Companies Corp.'s Own Objections to the Subpoena

### A. A non-party's claim of undue burden or excessive cost must be supported by particularized evidence, not a bare cost estimate; courts apply a multi-factor equitable test before shifting significant expense to the requesting party.

***Ala. Aircraft Indus. v. Boeing Co.*, 2016 U.S. Dist. LEXIS 193210 (N.D. Ala. Feb. 25, 2016)**
Holding: A non-party seeking to establish that a subpoena imposes an undue burden or significant cost must make an affirmative showing beyond bare, conclusory assertions; undue burden or cost must be demonstrated with particularized evidence, not unsupported allegations of hardship.

***Raytheon Co. v. Rebarick*, 2019 U.S. Dist. LEXIS 253442 (M.D. Fla. Jan. 11, 2019)**
Holding: A non-party's undue-burden claim must be supported by a statement — generally an affidavit — containing specific information demonstrating how the request is overly burdensome.

***Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607 (N.D. Ga. Aug. 19, 2021)**
Holding: The non-party bears the burden of demonstrating undue burden or significant expense with specificity.

***Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 2016 U.S. Dist. LEXIS 58208 (S.D. Fla. Apr. 25, 2016)**
Holding: Rule 45(d)(2)(B)(ii) requires a court, when ordering compliance over a non-party's written objection, to protect the non-party from "significant expense resulting from compliance." Courts balance three equitable factors to decide how much (if any) of that expense to shift to the requesting party: (i) whether the non-party actually has an interest in the outcome of the litigation, or is instead a truly disinterested bystander; (ii) the non-party's relative financial ability to bear the cost compared to the requesting party; and (iii) whether the litigation is of public importance. Costs must also actually "result from compliance" — collateral costs of unilaterally resisting a subpoena are generally not compensable.

***In re Guriev*, 2025 U.S. Dist. LEXIS 232879 (S.D. Fla. Nov. 23, 2025)**
Holding: Reaffirms the three-factor equitable balancing test (interest in the litigation, relative financial ability, public importance) and holds that a non-party who is not a "quintessential innocent, disinterested bystander" and who has an interest in the litigation is generally not entitled to significant-expense protection.

***In re Hornbeam Corp.*, 2019 U.S. Dist. LEXIS 179576 (S.D. Fla., Miami Div., Sep. 26, 2019)**
Holding: Applies the significant-expense protection and cost-shifting analysis under Rule 45(d)(2)(B)(ii).

***ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293 (11th Cir. 2018)**
Holding: Affirming denial of a motion to quash, the Eleventh Circuit held that a party asserting undue burden under Rule 45(d)(3) must provide 'some indication of the money, time, work-hours, or other cost' it faced in complying with the subpoena; a generalized, unsupported assertion of burden is insufficient to justify quashing or limiting a subpoena.

***Smartmatic USA Corp. v. Montgomery*, 2023 U.S. Dist. LEXIS 125423 (M.D. Fla. July 20, 2023)**
Holding: Granting a motion to compel compliance with a non-party subpoena, the court held that a non-party's generalized objections to undue burden and expense, unaccompanied by particularized detail regarding cost, were insufficient to warrant relief under Rule 45(d)(2)(B)(ii),

and that a non-party may instead move for relief if and when significant expense from compliance actually materializes.

**IV. StratAir's Legal Authorities**

**Fed. R. Civ. P. 26(b)(1)** (limiting discovery to nonprivileged matter "relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense outweighs its likely benefit).

**Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note to 2000 Amendment** (stating that courts have "authority to confine discovery to the claims and defenses asserted in the pleadings" and that parties have "no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings").

**Fed. R. Civ. P. 26(b)(2)(C)** (requiring the court to limit discovery where discovery is "unreasonably cumulative or duplicative" or the proposed discovery is outside the scope permitted by Rule 26(b)(1)).

***Jordan v. Commissioner, Mississippi Dep't of Corrs.*, 947 F.3d 1322, 1329 (11th Cir. 2020)** ("[A] subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.")

***Armas v. Miabraz, LLC*, Case No. 12-20063-CIV-COHN/SELTZER, 2012 WL 13014668, at *2 (S.D. Fla. Jun. 22, 2012)** (stating the scope of permissible discovery under a subpoena is the same as the scope of permissible discovery under Federal Rule of Civil Procedure 26).

***Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)** (stating parties "clearly" have standing to move for a protective order if subpoenas seek irrelevant information).

Respectfully submitted this 19th day of August 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*