# Andre v. Harbor Naples Mgmt., LLC

United States District Court for the Middle District of Florida, Fort Myers Division

March 20, 2008, Decided; March 20, 2008, Filed

Case No. 2:07-cv-581-FtM-SPC

**Reporter**
2008 U.S. Dist. LEXIS 127637 *

DURELIA ANDRE, Plaintiff, -vs- HARBOR NAPLES MANAGEMENT, LLC, a Florida Limited Liability Corporation, Defendant.

**Subsequent History:** Motion denied by *Andre v. Harbor Naples Mgmt., LLC, 2008 U.S. Dist. LEXIS 127633 (M.D. Fla., Mar. 20, 2008)*

Motion granted by, in part, Motion denied by, in part *Andre v. Harbor Naples Mgmt., 2008 U.S. Dist. LEXIS 125907 (M.D. Fla., May 22, 2008)*

Summary judgment granted by, Judgment entered by *Andre v. Harbor Naples Mgmt., 2008 U.S. Dist. LEXIS 135082 (M.D. Fla., Aug. 13, 2008)*

**Counsel:** [*1] For Durelia Andre, Plaintiff: Chad E Levy, Law Offices of Levy & Levy, Pa*, Ft Lauderdale, FL USA.

For Harbor Naples Management, Llc A Florida Limited Liability Corporation, Defendant: Lauren S Curtis, Margaret J Larguier, Buckley & Fudge, PA, St Petersburg, FL USA.

Stephen G Brannan, Mediator, Pro se, SARASOTA, FL.

For Stephen G Brannan, Mediator: Stephen Guy Brannan, Law Office of Stephen G Brannan, Sarasota, FL USA.

**Judges:** SHERI POLSTER CHAPPELL, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** SHERI POLSTER CHAPPELL

## Opinion

**ORDER**

This matter comes before the Court on the Plaintiff Durelia Andre's Motion to Compel Defendant's Discovery (Doc. #30) filed on February 21, 2008. The Defendant filed its Response (Doc. #31) on March 6, 2008. The Motion is now ripe for review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." *Fed. R. Civ. P. 34(b)*. Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. *Fed. R. Civ. P. 33(b)*. If the serving party does not receive a response to their interrogatories and request for production the serving party may request [*2] an order compelling disclosure. *Fed. R. Civ. P. 37(a)*. Whether or not to grant the order to compel is at the discretion of the trial court. *Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984)*.

The Plaintiff moves to compel better responses to interrogatories numbers 5 and 8 and requests for production numbers 15, 19, 24, 25, 26, 27, and 28.

*Interrogatories*

Interrogatory number 5 requests the Defendant to list all employees that held identical positions to the Plaintiff at the time she was terminated from the Defendant's employment. In its Response, the Plaintiff states it has produced the requested names and addresses. Therefore, the Motion to Compel regarding Interrogatory number 5 is now moot.

Interrogatory number 8 requests a list of every employee that was terminated by the Defendant over the last five years. The Defendant states that it provided a list of four (4) names of pregnant employees that were employed during the year prior to the Plaintiff's employment but that all of them still retained their positions. Otherwise the Defendant states the request is overbroad and burdensome. The Defendant's objection is overruled in part. The Plaintiff is required to demonstrate how she suffered from a differential application of the Defendant's work or disciplinary [*3]

Page 2 of 3


rules. Therefore, the Plaintiff would need to know how many other similarly situated employees were terminated. However, as phrased, the interrogatory is overbroad and the discovery requests will be limited to a list of the names of pregnant certified nursing assistants, which is the same position held by the Plaintiff, who were terminated for a period of five (5) years dating back from the Plaintiff's date of termination.

*Requests for Production*

Request for Production number 15 requests all organizational charts, diagrams, drawings or other documents showing the organizational structure of any Defendant where the Plaintiff worked. The Defendant objected on the grounds the request was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendant states that the Plaintiff has already deposed the Executive Director and the Director of Resident Care, the individuals involved in the Plaintiff's dismissal. The Plaintiff states she needs to know who had authority to monitor her actions to determine that the individual who witnessed her action was properly monitoring her position.

Fed. R. Civ. 26 states in pertinent part:

> [u]nless otherwise limited by order [*4] of the court in accordance with these rules, the scope of discovery is as follows: (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the exist ence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Fed. R. Civ. P. 26(b)(1)*. In this case, it is possible that the organizational chart would lead to other individuals with knowledge of the alleged action which could reasonably lead to the discovery of admissible evidence. Thus, the Motion to Compel the production of the Defendant's organizational chart is due to be granted.

Request for production number 19 requests all termination letters submitted by the Defendant to any employee over the last five years. The Defendant objects stating the termination letters to other [*5] employees are confidential and private.

Initially the request is overbroad in that it seeks information regarding all terminated employees and not those who are similarly situated in job and gender to the Plaintiff. Here, the Defendant claims the Plaintiff was terminated for leaving a patient unattended not because she was pregnant. The sought-after termination letters will not tend to prove or disprove the Plaintiff's claim nor the defense's non-discriminatory reason for her termination. Furthermore, the termination letters for all other employees who were fired does not tend to prove or disprove whether persons outside of her protected class were treated in a non-discriminatory manner. *See* Davis-Dietz v. Sears Roebuck and Co., 2007 WL 2264521 (M.D. Fla. August 6, 2007) (holding that a request of termination letters was a fishing expedition that would not prove or disprove discriminatory intent). Therefore, the Motion to Compel request for production number 19 is due to be denied.

Request number 24 requests any documentation that shows the Defendant's net worth, request 25 requests the Defendant's tax returns from and after January 1, 2006 through date of this Motion, and request 26 seeks a list of assets and liabilities for the corporation. The Plaintiff argues [*6] the information would be used to help calculate punitive damages. The Defendant argues that the Plaintiff has failed to argue sufficient enough facts to seek an award for punitive damages and therefore, discovery of financial information is irrelevant. However, as noted by the Defendant in its response, financial information is discoverable in federal court in actions where punitive damages are available.

Punitive damages are available in Title VII sex discrimination cases. "To recover punitive damages under Title VII, a plaintiff must prove that defendant 'has engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Richardson v. Tricom Pictures & Productions, Inc., 334 F. Supp. 2d 1303, 1319 (S.D. Fla.2004)* (citing *Dudley v. Wal-Mart Stores, Inc., 166 F.3d 1317, 1322 (11th Cir.1999)* (quoting *42 U.S.C. § 1981a(b)(1)*). In considering whether or not the alleged discrimination was done with malice making punitive damages allowable, the Court must view the evidence in the light most favorable to the employee. *Richardson, 334 F. Supp. 2d at 1319*. Since the issue of punitive damages must be viewed in the light most favorable to the employee, the Court finds good cause to grant the

Page 3 of 3


Motion to Compel requests numbers 24, 25, and 26.

Request number 27 requests all other documents which the Defendant believes would fairly show [*7] its financial capacity. The request is overbroad and repetitive of requests numbers 24, 25, and 26, and therefore due to be denied.

Request number 28 requests the number of employees the Defendant had in 2006 and 2007. The Defendant objects that the number of employees relates to financial discovery which the Defendant argues is premature. However, the number of employees an employer maintains is directly related to the statutory cap imposed on punitive damages by *42 U.S.C. § 1981a(b)(3)*. As such, the Motion to Compel is warranted.

In addition to the Motion to Compel answers to the interrogatories and requests for production of documents, the Plaintiff also moves for sanctions pursuant to *Fed. R. Civ. P. 37(a)(4)(A)*. Under *Rule 37*, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." *Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991)*. At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions.

Accordingly, it is now

**ORDERED**:

The Plaintiff Durelia Andre's Motion to Compel Defendant's Discovery (Doc. #30) is **GRANTED** in part and **DENIED** in part.

(1) The Plaintiff Durelia Andre's Motion to Compel [*8] Answers to Interrogatory Number 5 is **DENIED**.

(2) The Plaintiff Durelia Andre's Motion to Compel Answers to Interrogatory Number 8 is **GRANTED** however the scope of the interrogatory is limited to a list of the names of pregnant certified nursing assistants who were terminated for a period of five (5) years dating back from the Plaintiff's date of termination.

(3) The Plaintiff Durelia Andre's Motion to Compel Answers to Request for Production Numbers 15, 24, 25, 26, and 28 is **GRANTED**.

(4) The Plaintiff Durelia Andre's Motion to Compel Answers to Interrogatory Numbers 19 and 27 is **DENIED**.

(5) The Plaintiff Durelia Andre's Motion for Sanctions is **DENIED**.

(6) The Defendant has up to and including **April 12, 2008**, to provide full and complete responses and production to the Plaintiff's discovery requests.

**DONE AND ORDERED** at Fort Myers, Florida, this 20th day of March, 2008.

/s/ SHERI POLSTER CHAPPELL

UNITED STATES MAGISTRATE JUDGE

**ORDER**

This matter comes before the Court on

**DONE AND ORDERED** at Fort Myers, Florida, this __ day of March, 2008.

---

End of Document