# *Bernstein v. Town of Jupiter*

United States District Court for the Southern District of Florida

November 23, 2021, Decided; November 23, 2021, Entered on Docket

CASE NO: 21-81215-CV-MIDDLEBROOKS

**Reporter**
2021 U.S. Dist. LEXIS 249273 *; 2021 WL 6135270

JEFFREY BERNSTEIN, VINCENT CURCIO and JOHN ANGELONE, Plaintiffs, v. TOWN OF JUPITER, a municipal corporation, Defendant.

**Prior History:** *Bernstein v. Town of Jupiter, 2021 U.S. Dist. LEXIS 248395, 2021 WL 6135186 (S.D. Fla., Sept. 23, 2021)*

**Counsel:** [*1] For Jeffrey Bernstein, a municipal corporation, Vincent Curcio, John Angelone, Plaintiffs: Alan Mitchell Aronson, Rosenthal, Levy, Simon & Sosa, West Palm Beach, FL; Daniel Lustig, Michael James Pike, Pike & Lustig, LLP, West Palm Beach, FL; Robert Christian Johnson, Pike, Lustig, LLP, West Palm Beach, FL.

For Town Of Jupiter, a municipal corporation, Defendant: Joanne M. O'Connor, Michael James Gore, Jones Foster P.A., West Palm Beach, FL.

**Judges:** DONALD M. MIDDLEBROOKS, UNITED STATES DISTRICT JUDGE.

**Opinion by:** DONALD M. MIDDLEBROOKS

## Opinion

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Expedited Motion for Relief Pursuant to *Rule 37(d)(1)(A)(ii)*, or in the Alternative, to Compel Better Answers to Interrogatories, filed October 28, 2021. (DE 51). This Motion pertains to Plaintiffs' deficient answers to several interrogatories. Defendant seeks an order barring Plaintiffs from offering any testimony that was responsive to the interrogatories, or alternatively an order compelling better answers. The Motion is fully briefed (DE 56; DE 58). For the reasons set forth below, the Motion is granted in part and denied as moot in part.[1]

**BACKGROUND**

This is an FLSA overtime action brought by three law enforcement officers currently or formerly [*2] employed by the Town of Jupiter. ("Defendant" or "the Town"). The action was filed in state court on June 2, 2021 (DE 1-2) and removed to this Court on July 9, 2021. (DE 1). A Scheduling Order was entered on August 12, 2021. (DE 14).

This Motion pertains to the Town's First Set of Interrogatories, served on August 13,2021. (DE 51 at 3). The same day, Plaintiffs sought an extension. (*Id.*). Plaintiffs agreed to serve objections by September 17, 2021 and to serve "complete and verified answers" by September 24, 2021. (*Id.*).

Defendant's interrogatories generally sought answers from Plaintiffs to questions regarding the factual contentions underlying their claims for overtime (and minimum wage, if such a claim is brought) and their calculations of the same. Plaintiffs responded as follows to every interrogatory:

> Pursuant to the pending court order, Plaintiff is in the process of completing an amended statement of claim that will be filed by the end of business Monday September 27, 2021.
>
> *Plaintiff reserves the right to amend this answer as more information becomes available as discovery is ongoing at this time.

(*Id.* at 3). Defendant apprised Plaintiff of the specific ways in which the above [*3] boilerplate response is

[1] The Motion seeks the above-stated relief from both the named and proposed opt-in Plaintiffs. In light of my denial of conditional certification of a collective action and dismissal of the proposed opt-in Plaintiffs without prejudice (DE 77), this Motion is moot as to the now-dismissed opt-ins.

Page 2 of 6


non-responsive to the specific interrogatories at issue. (*Id.* at 3-4; DE 58-1). On October 1, Defendant informed Plaintiffs of its intent to file a motion to compel, and Plaintiffs requested that Defendant refrain from riling the motion. (DE 58-2). Thereafter the Parties conferred. (DE 58-3). Plaintiff requested until October 15 to provide amended answers. (DE 51 at 4; DE 58-3). Two of the three Plaintiffs served supplemental answers on October 15; Mr. Angelone failed to serve any supplemental responses. (DE 51 at 4). Every supplemental response provided by Mr. Bernstein and Mr. Curcio merely stated:

> To the extent possible, Plaintiff relies on the accuracy of the timesheets and payroll records in Defendant's possession.
>
> *Plaintiff reserves the right to amend this answer as more information becomes available as discovery is ongoing at this time.

(DE 51-3). Defendant now moves for an order barring Plaintiffs from offering any testimony that was responsive to the interrogatories, or alternatively an order compelling better answers. (DE 51 at 11-12).

## LEGAL STANDARD

*Federal Rule of Civil Procedure 33* requires that interrogatories be answered "separately and fully in writing under oath." *Fed. R. Civ. P. 33(b)(3)*. The federal [*4] discovery rules "are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise." *Shelak v. White Motor Co., 581 F. 2d 1155, 1159 (5th Cir. 1978)* (citing *Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947)*). *Rule 33* is no exception; it "requires that the particular interrogatory be fully answered by the party or that objection to it and the grounds of objection be stated." *Dollar v. Long Mfg., N.C., Inc., 561 F. 2d 613, 617 (5th Cir. 1977)*; *see also Bell v. Swift & Co., 283 F. 2d 407, 409 (5th Cir. 1960)* ("[*Rule 33*] should be given a broad, liberal construction in order to provide the parties with the fullest knowledge of the facts and to clarify and narrow the issues."). Additionally, under *Rule 26*, parties have an ongoing duty to supplement interrogatory answers "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." *Fed. R. Civ. P. 26(e)(1)(A)*.

A motion to compel a discovery response is appropriate where "a party fails to answer an interrogatory." *Fed. R. Civ. P. 37(a)(3)(B)(iii)*. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Fed. R. Civ. P. 37(a)(4)*. Further, Federal *Rule 37* allows for the imposition of sanctions against a party if, "after being properly served with interrogatories under *Rule 33* . . . fails to serve its answers, objections, or written response." *Fed. R. Civ. P. 37(d)(1)(A)(ii)*. An award of attorney's fees and costs are appropriate [*5] if a motion to compel is granted. *Fed. R. Civ. P. 37(1)(5)(A)*.

## DISCUSSION

### A. Interrogatories

Plaintiffs' boilerplate answers are plainly deficient. In both their original and supplemental answers, Plaintiffs decline to answer each question "separately and fully" and impermissibly attempt to incorporate by reference external documents uniformly as to each interrogatory. *See Fed. R. Civ. P. 33(b)(3)*.[2] Even if merely referencing a document was a sufficient answer under *Rule 33*, which it is not, the cited documents are either wholly or partially unresponsive to the interrogatories. Plaintiffs' form responses are evasive, do nothing to narrow or clarify the issues, and are tantamount to a failure to respond altogether. *See id.; see also Fed. R. Civ. P. 37(a)(4)*.

A brief summary of the Amended Statement of Claim is necessary. The original Statement of Claim (DE 17), required pursuant to an Order Setting FLSA Schedule, required Plaintiffs to disclose the amount of unpaid wages they allege to have been deprived and their calculations of the same, in addition to other basic factual contentions. (DE 13). I required an Amended Statement of Claim because Plaintiffs' filing was deficient in that it did not state the amount of alleged unpaid overtime and their calculations. (DE 33). [*6] Plaintiffs filed an Amended Statement of Claim on September 27, 2021 in which they describe their

---

[2] Plaintiffs did not invoke *Rule 33(d)*, which allows a party to, under certain circumstances, specify records that contain the information responsive to the interrogatory. Even if they had, *Rule 33(d)* does not apply here for several reasons, the most important of which being that a mere document dump of payroll records is wholly unresponsive to these interrogatories which sought Plaintiffs' factual contentions and Plaintiffs' calculations. Such questions cannot be answered by mere reference to documents that Plaintiffs did not produce.

Page 3 of 6


calculations of alleged unpaid overtime and provide a summary spreadsheet, including: the dates of alleged violations, total hours, base rate, overtime rate, and amount owed. (DE 34; DE 34-1). Notably, Mr. Angelone did not disclose any calculations or even the amount of overtime he contends he is owed. (*See* DE 34-1).

*1. Interrogatories 6-9*

Interrogatories 6 through 9 sought facts related to alleged unpaid overtime:

> For the year [2018-2021], please identify and quantify all allegedly unpaid overtime compensation that you claim you are owed in this action and further (i) itemize the claims for each individual work period in 2018, (ii) describe in complete detail your method of calculating each amount that you claim, (iii) identify the factual basis for each overtime claim (e.g. describe the work allegedly performed), and (iv) provide an explanation of how you computed the overtime claim for each work period including the mathematical formula used (regular rate, the numerator, denominator, etc.). Annex to your answers and identify herein all documents used to make these calculations.

(DE 51-1 [*7] at 7-10).

Even if the Amended Statement of Claim and payroll records could be properly incorporated by reference under [Rule 33](), Plaintiffs' form answers are still deficient in that those documents do not answer or fully answer the questions posed. The interrogatories request *Plaintiff's factual contentions*. While Defendant's records could conceivably be the source of information which Plaintiff might attempt to draw upon to answer the interrogatories, the records standing alone answer nothing. Therefore Plaintiffs generalized reference to Defendant's records comprised of potentially hundreds of pages is entirely unhelpful. As to the Amended Statement of Claim, that filing lacks the specific factual contentions that Defendant seeks, for example, a description of the work allegedly performed. Further, contained in that filing is a general summary description of how the calculations were performed, but it does not describe specifically how those calculations were applied to each Plaintiff. *See, e.g.*, DE 34 (noting that with respect to the base rate "*[i]f* there are no codes to deduct from the hours reflected in the check history, then the gross amount paid to the officer for the particular pay [*8] period" reflects a given amount). With specific respect to Mr. Angelone, his attempts to invoke the Amended Statement of Claim irrespective of the fact that it contains no factual information appliable to him are wholly ineffective and thus especially deficient.

*2. Interrogatories 10-13*

Interrogatories 10 through 13 are near identical to the above-quoted interrogatory except that they seek the facts about minimum wage claims.[3] Plaintiffs have represented to this Court that they are not bringing a minimum wage claim (DE 61 at 8), which makes their evasive answers here particularly confusing. In any event, the answers are deficient for the reasons previously stated, even more so because the Amended Statement of Claim contains only overtime calculations and is not even remotely responsive to an interrogatory about minimum wage claims.

*3. Interrogatory 14a & 14e*

Interrogatory 14 asked about actual hours worked.[4] (DE 51-1 at 15). In addition to the reasons previously stated, Plaintiffs' boilerplate answers are additionally insufficient here because neither Defendant's pay records nor the Amended Statement of Claim are at all responsive to Defendant's request for facts about each Plaintiffs "breaks, [*9] starting and ending times, and describing the activities performed during these hours" and periods of absence "including for illness, vacation, personal

---

[3] "For the year [2018-2021], please identify and quantify all allegedly unpaid minimum wages compensation that you claim you are owed in this action and further (i) itemize the claims for each individual work period in 2018, (ii) describe in complete detail your method of calculating each amount that you claim, (iii) identify the factual basis for each overtime claim (e.g. describe the work allegedly performed), and (iv) provide an explanation of how you computed the overtime claim for each work period including the mathematical formula used (regular rate, the numerator, denominator, etc.). Annex to your answer and identify herein all documents used to make these calculations." (DE 51-1 at 11-14).

[4] "With respect to your allegations that you worked overtime without receiving overtime pay and/or did not receive minimum wages, please state: a. your working hours for each work period and broken down per work period in the years 2018, 2019, 2020, and 2021, and specifying any breaks, starting and ending times, and describing the activities performed during these hours; e. state any time you were absent from work in the years 2018, 2019, 2020, and 2021, including for illness, vacation, personal reasons, or otherwise, and include the starting and ending times of such absences[.]"(DE 51-1 at 15).

Page 4 of 6


reasons, or otherwise." (*Id.*).

*4. Interrogatory 18*

Interrogatory 18 requests an accounting of Plaintiffs' claim.[5] Again, mere reference to documents created by Defendants cannot be responsive to a question requiring *Plaintiff's* contentions and calculations. The Amended Statement of Claim additionally does not contain the pay received versus pay claimed (*see* DE 34; DE 34-1), which is requested in this interrogatory.

**B. Procedural Issues**

Instead of substantively addressing Defendant's arguments in this Motion to Compel, Plaintiffs assert that Defendant's Motion should be denied outright due to two perceived procedural deficiencies, neither of which warrant denial.

*1. Conferral*

First, Plaintiffs argue that denial is warranted for failure to confer pursuant to *Federal Rule 37(d)(1)(B)*. (DE 56 at 3-4). The aforementioned rule pertains to filing of motions for sanctions. I am not imposing sanctions here. Defendant alternatively seeks an order compelling better answers, and I am granting that request. To the extent that Plaintiffs take issue with Defendant's conferral [*10] under *Federal Rule 37(a)(1)* (requiring conferral prior to a motion to compel) or Local Rule 7.1(a)(3) (requiring conferral prior to the filing of motions generally), the circumstances do not warrant denial under either rule.

I am satisfied that Defendant met its conferral obligation. Defense counsel sent Plaintiffs' counsel an email on September 29 providing a non-comprehensive list of ways in which Plaintiffs' boilerplate response was nonresponsive and deficient, and explained what Defendants sought in response to each interrogatory. (*Id.* at 3-4; DE 58-1). Plaintiffs apparently responded on September 30: "Plaintiffs are not forensic accountants, legal professionals, or even timekeepers." (51 at 3). On October 1, Defendant sent Plaintiff a draft motion to compel to be filed on October 4, which, at Plaintiffs' request, Defendant refrained from filing. (DE 58-2). Defendant agreed to extend the deadline in exchange for complete answers by October 15. (DE 58-3). Again, Defendant explained precisely what it sought through each interrogatory at issue in this Motion. (*Id.*). Plaintiffs were well aware of Defendant's intent to move this court for relief with specific respect to Plaintiffs' evasive answers.

*2. Timing*

Second, Plaintiffs [*11] argue that the Motion should be denied because it was filed one week after the October 21, 2021 discovery deadline. (DE 56 at 4-5). Defendant filed this Motion on October 28 seeking relief as to deficient supplemental answers served on the due date of October 15, as extended by the Parties. The Motion was therefore filed well within the 30-day period set forth by Local Rule 26.1(g)(1) (requiring that discovery motions be filed within 30 days of either the due date, including extensions by the parties, or the date on which the deficiency is discovered), and I do not find their Motion otherwise untimely. *See Goddard v. City of Albany, Ga.*, 307 F. A'ppx 319, 321 (11th Cir. 2009) (finding that the district court did not err in granting a motion to compel discovery filed after the discovery deadline when the interrogatory answers at issue in the motion were filed just four days prior to the close of discovery).

I take further issue with Plaintiffs' argument because the perceived issue of timing that they raise is largely one of Plaintiffs' own making. Plaintiffs requested that Defendant refrain from filing a discovery motion on October 4 as intended and further requested an October 15 deadline, one week prior to the close of discovery, to file supplemental answers. (DE 58-2; DE [*12] 58-3). These interrogatories—seeking basic factual contentions underlying Plaintiffs' claims—were served on August 13 and due on September 13. Defendant granted two extensions until September 24 and again until October 15. As to the second, defense counsel specifically relayed to Plaintiffs: "[t]his obviously puts us right before the discovery cutoff, which is a concern that I have because your answers may or may not necessitate more discovery," but "provided I receive appropriate answers by close of business that day, I agree." (DE 58-3). With the benefit of the two extra weeks Defendant allowed prior to filing a motion to compel, all Plaintiffs could muster is a boilerplate, two-sentence answer directing Defendant to their own

[5] "Provide an accounting of your claim, including: (a) dates, (b) regular hours worked, (c) over-time hours worked, (d) pay received versus pay claimed, (e) total amount claimed." (DE 51-1 at 17).

Page 5 of 6


records. It strikes me as disingenuous to now argue that I should dismiss Defendant's motion on a technicality largely caused by Plaintiffs own dilatory litigation conduct. I therefore reject Plaintiffs argument that Defendant's motion should be denied as untimely.

**C. Attorneys' Fees & Costs**

Defendant additionally requests an award of attorneys' fees and costs incurred in bringing this Motion. (DE 51 at 12). That is warranted here. *See* *Devaney v. Continental Am. Ins. Co., 989 F. 2d 1154, 1163 (11th Cir. 1993)* (affirming the court's [*13] award of costs and fees for conduct that included providing "largely unresponsive" answers to interrogatories and failing to answer "such simple requests"); *Rollins v. Cone Distributing, Inc., 710 F. App'x 814, 821 (11th Cir. 2017)* (noting that resistance to a motion to compel is "substantially justified" if "reasonable people could differ as to the appropriateness of the contested action" (internal citation and quotation marks omitted)).

Plaintiffs suggest that I cannot award fees and costs because Defendant failed to confer and because Plaintiffs acted in good faith. (DE 56 at 2-3); *See* *Fed. R. Civ. P. 37(1)(5)(A)(i)-(ii)* (barring an award of attorneys' fees if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's . . . response . . . was substantially justified;" or (3) "other circumstances make an award of expenses unjust").

With respect to conferral, I already addressed that issue and the same analysis applies here. Defendant engaged in good faith efforts to obtain better responses to each of the interrogatories at issue without court intervention.

With respect to Plaintiffs' assertion of good faith, I cannot agree that merely referencing external documents, let alone documents that are not [*14] responsive, constitutes a good faith effort to answer each specific interrogatory "separately and fully in writing under oath" pursuant to *Rule 33*. The interrogatories sought "straightforward, clearly discoverable matters" that are plainly relevant. *See* *Devaney, 989 F.3d at 1163*. Even if, as they claim, "Plaintiffs disclosed all the information available to them at the time of answering," (DE 56 at 2), that does not alleviate Plaintiffs of their ongoing duty to supplement incomplete answers. *Fed. R. Civ. P. 26(e)(1)*. Nor does the alleged complexity involved in responding allow Plaintiffs to decline to substantively respond and instead merely refer Defendant to its own records. Plaintiffs could have objected to an overly burdensome request or could have sought other appropriate relief from this court. They did not. Instead they chose to answer deficiently and this was not substantially justified, and moreover, no other factors render an award of fees and costs unjust in these circumstances.

**D. Instructions Regarding Scope of Plaintiffs' Responses to Defendants' Interrogatories**

I am troubled that Plaintiffs, at this late stage of litigation, have not articulated in sufficient detail the factual contentions underlying their claim.[6] *See* *Bevan v. Lee Cnty. SO., 213 F. App'x 824, 827-28 (11th Cir. 2007)* (finding [*15] that a plaintiff who "refused to answer basic questions including requests to describe [the nature of his claim] and describe in detail each act or omission [that contributed to the alleged claim] and provide the factual basis for his claims" did so willfully "given that he had access to the necessary information and still failed to respond."). I will grant Defendant's Motion to Compel for the reasons I have explained and require Plaintiffs to provide complete answers to the interrogatories. However I note that Plaintiffs' strategy throughout this litigation appears to have been to move the target, so to speak, by presenting novel theories in each successive filing as the case progresses. The ever-shifting nature of Plaintiffs' theory of their case, combined with their often-evasive representations, has already impeded the court's ability to efficiently manage this case. And I agree with Defendant that allowing Plaintiff to inject substantial amounts of new evidence and novel theories into the case at this late stage would be prejudicial.

Therefore, by way of this Order Plaintiffs are compelled to provide better answers to the interrogatories at issue. But Plaintiffs' forthcoming answers [*16] must be **strictly limited** to the calculations and matters set forth in their Amended Statement of Claim, to the extent that

---

[6] I am especially troubled by Mr. Angelone's apparent failure to prosecute his case, evidenced by his (1) failure to comply with my Order requiring an Amended Statement of Claim and (2) wholly deficient initial answers to interrogatories nevertheless seeking to incorporate by reference the Amended Statement of Claim and (3) total failure to provide supplemental responses. It seems that Mr. Angelone either has no factual contentions to support his claim or refuses to disclose them. Either may constitute grounds for dismissal.

Page 6 of 6


the contents of the Amended Statement of Claim bear on these interrogatories. In other words, Plaintiffs' answers cannot conflict with the representations made in their Amended Statement of Claim (DE 34) and attached spreadsheet (DE 34-1). The Amended Statement of Claim provides Plaintiffs' basic summaries as to the overtime owed and calculations of the same. Plaintiffs initially identified their Amended Statement of Claim as itself sufficiently responsive to Defendant's interrogatories, so they clearly appear to be contending that the factual assertions and calculations described therein answer the interrogatories, at least in part. Elsewhere Plaintiffs have stated that their Amended Statement of Claim "fully explained" the scheme by which the Town allegedly violates the FLSA. (DE 47 at 2). As such, Plaintiffs' answers to these interrogatories should seek to expand upon the formula and calculations already described by Plaintiffs and summarized in the Amended Statement of Claim. To be clear, any attempts by Plaintiffs at this stage to inject new theories of FLSA [*17] liability will be rejected.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendant's Expedited Motion for Relief Pursuant to *Rule 37(d)(1)(A)(ii)*, or in the Alternative, to Compel Better Answers to Interrogatories (DE 51) is **GRANTED IN PART and DENIED AS MOOT IN PART**.

(2) Defendant's request for attorneys' fees and costs incurred in bringing this Motion is **GRANTED**.

**(3) On or before November 29, 2021**, Plaintiffs Jeffrey Bernstein, Vincent Curcio and John Angelone are **COMPELLED** to fully answer Interrogatories 6-9, 10-13, 14(a) and (e).

(4) Failure to fully comply with this Order may result in sanctions.

**SIGNED** in Chambers at West Palm Beach, Florida, this 23 day of November, 2021.

/s/ Donald M. Middlebrooks

DONALD M. MIDDLEBROOKS

UNITED STATES DISTRICT JUDGE

End of Document