# Donahay v. Palm Beach Tours & Transp., Inc.

United States District Court for the Southern District of Florida

May 30, 2007, Decided ; June 1, 2007, Entered on FLSD Docket

CASE NO. 06-61279-CIV-MARRA/JOHNSON

**Reporter**

242 F.R.D. 685 *; 2007 U.S. Dist. LEXIS 43365 **; 68 Fed. R. Serv. 3d (Callaghan) 419; 20 Fla. L. Weekly Fed. D 883

MARK DONAHAY, and all others similarly situated, Plaintiff, vs. PALM BEACH TOURS & TRANSPORTATION, INC., a Florida corporation, and JOHN CRITCHETT, an individual, Defendants

**Subsequent History:** Motion denied by *Donahay v. Palm Beach Tours & Transp., Inc., 243 F.R.D. 697, 2007 U.S. Dist. LEXIS 59850 (S.D. Fla., 2007)*

**Prior History:** *Donahay v. Palm Beach Tours & Transp., Inc., 2007 U.S. Dist. LEXIS 65163 (S.D. Fla., Apr. 13, 2007)*

**Counsel:** [**1] For Mark Donahay, and all others similarly situated, Plaintiff: Chris Kleppin, LEAD ATTORNEY, Glasser Boreth Ceasar & Kleppin, Plantation, FL.

For Palm Beach Tours & Transportation, Inc, a Florida corporation, John Critchett, an individual, Defendants: Charles Merrill Eiss, LEAD ATTORNEY, Law offices of Charles Merrill Eiss, Weston, FL.

**Judges:** LINNEA R. JOHNSON, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** LINNEA R. JOHNSON

## Opinion

[*686] ***ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO PLAINTIFF'S THIRD SET OF INTERROGATORIES TO DEFENDANTS***

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery pursuant to Plaintiff's Third Set of Interrogatories [*687] to Defendants (D.E. # 46). For the following reasons said Motion is granted.

This is an action by Plaintiff Mark Donahay ("Donahay"), and others similarly situated, against Defendants Palm Beach Tours & Transportation ("Palm Beach Tours") and owner of Palm Beach Tours, John Critchett ("Critchett") for unpaid overtime compensation under the Fair Labor Standards Act, *29 U.S.C. § 216* ("FLSA"). Donahay worked as a chauffeur for Palm Beach Tours from November 2002 to November 2005, and [**2] alleges that he and others similarly situated were paid only a percentage of the charge the customer paid to Defendants; were not paid overtime for weeks worked in excess of forty hours; were not paid for hours worked without passengers in the car; and, were improperly classified by Palm Beach Tours as independent contractors exempt for purposes of overtime compensation eligibility.

By this Motion Plaintiff seeks an order compelling Defendants to answer Interrogatories Numbered 2, 3, 4, 6, 7, and 15 contained in Plaintiff's Third Set of Interrogatories. Defendants object on various grounds, none of which are worthy of merit.

*Rule 33 of the Federal Rules of Civil Procedure* allow any party to serve on any other party written interrogatories concerning matters within the scope of *Federal Rule Civil Procedure 26(b)*. The scope of discovery under *Rule 26(b)* is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." *Id.; Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947)*. *See also Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)* [**3] (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979)*. Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1981)*. *See also Hickman, 329 U.S. at 501*. Thus, under *Rule 26* relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed.*

Page 2 of 3


2d 253 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id. at 352*. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974)*. Although *Rule 26* was recently amended to [**4] restrict the scope of discovery to the claims or defenses of the parties, rather than merely the subject matter, in the present dispute the Court finds the matters in question relate directly to the claims or defenses of the parties and are therefore discoverable on relevancy grounds.

Additionally, the onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See Fed. R. Civ. P. 33(b)(4)*; *Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985)*. *Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000)*; *Dunkin' Donuts Inc. v. Mary's Donuts, Inc., 2001 U.S. Dist. LEXIS 25204, 2001 WL 34079319 (S.D. Fla. 2001)*("the burden of showing that the requested information is not relevant to the issues in the case is on the party resisting discovery")(citation omitted); *Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000)*("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information"). Thus, to even merit [**5] consideration, "an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Coker v. Duke & Co., 177 F.R.D. 682, 686 (M.D. Ala. 1998)*.

Plaintiff's Motion to Compel as it relates to Interrogatory No. 2 is granted. In Interrogatory Number 2 Plaintiff asks Defendants to state with specificity the time, manner and amount in which Plaintiff was [*688] compensated by Defendants. In response Defendant claims the information was previously supplied in document form in response to Plaintiff's Third Request for Production. Curiously, Defendants fail to identify with particularity, either in their initial objection or in response to Plaintiff's Motion to Compel, in just which documents the information Plaintiff seeks can be found. According to Plaintiff, he has reviewed all of the documents Defendants provided in response to the identified request and has been unable to locate any documents responsive to Interrogatory No. 2. The information sought by way of Interrogatory No. 2 is clearly relevant and discoverable as it will allow Plaintiff to calculate damages, [**6] if any, in the case. As Plaintiff aptly observes, the Federal Rules of Civil Procedure and the Local Rules of this Court require a good faith approach to discovery, not hyper-technical word games, and frown on "evasive or incomplete answers" to discovery. S.D. Fla. L.R. Gen. App. IV.A(8). *See also Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996)*("Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories"). In accordance with the above and foregoing, Plaintiff's Motion as it relates to Interrogatory No. 2 is granted. Defendants are ordered to provide a full and complete answer to said interrogatory within ten (10) days from the date hereof.

Plaintiff's Motion to Compel as it relates to Interrogatory No. 3 is granted. The answer Defendants provided is a partial answer. Left unanswered is Plaintiff's request that Defendants describe in interrogatory form how Plaintiff was paid, i.e., by hourly wage, by salary, pursuant to a piece rate method of compensation, or by some other compensation plan or policy. Defendants are ordered to provide a full and complete answer to said interrogatory within ten (10) days from the [**7] date hereof.

Plaintiff's Motion to Compel as it relates to Interrogatory No. 4 is granted. Again Defendants have only provided a partial answer to the Interrogatory. According to Plaintiff, he has not been provided any records which show the time he spent working. If Defendants have no such records they are required to state as much. Defendants are ordered to provide a full and complete answer to said interrogatory within ten (10) days from the date hereof.

Plaintiff's Motion to Compel as it relates to Interrogatory Nos. 6, 7, and 15 is granted. Defendants objection that the subject interrogatories are improper in that they call for a legal conclusion is unavailing. Plaintiff is entitled before he takes depositions in this case to be informed concerning the Defendants' theory of how the claimed exemptions apply. A defendant cannot assert numerous affirmative defenses, and then take the position that any discovery concerning them calls for a legal conclusion. *See Titre v. S.W. Bach & Co., 2005 U.S. Dist. LEXIS 32972, 2005 WL 1692508, *2-3 (S.D. Fla. 2005)*(J. Seltzer). Also without merit is Defendants' objection that the interrogatories in question are contention interrogatories which are premature [**8] at this time. First of all, as this objection was not raised initially it is waived. *Dollar v. Long Mfg., 561 F.2d 613 (5th Cir.*

Page 3 of 3


*1977)* [1]; *S.D. Fla. L.R. 26.1.G.6(a)*. Moreover, even were the Court to consider the objection, it nevertheless lacks merit substantively. Discovery in this case has been ongoing for several months and Plaintiff has already propounded basic identity interrogatories. The time for more targeted, meaningful questions is now at hand. Defendants are ordered to provide full and complete answers to said interrogatories within ten (10) days from the date hereof. In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that said Motion, Plaintiff's Motion to Compel Discovery pursuant to Plaintiff's Third Set of Interrogatories [**9] to Defendants (D.E. # 46), is **GRANTED** in accordance with the terms herein.

**DONE AND ORDERED** this 30th day of May, 2007, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON

UNITED STATES MAGISTRATE JUDGE

---

End of Document

[1] The Eleventh Circuit in the *en banc* decision *Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)*, adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.