# Dukes v. Geo Grp. Inc

United States District Court for the Northern District of Florida, Panama City Division

December 6, 2018, Decided; December 6, 2018, Filed

Case No. 5:18-cv-116-MCR/MJF

**Reporter**

2018 U.S. Dist. LEXIS 249761 *

CHASITY DUKES, Plaintiff, v. GEO GROUP INC, Defendant.

**Counsel:** [*1] For Chasity Dukes, Plaintiff: PATRICK RYAN FRANK, FRANK AND RICE PA - TALLAHASSEE FL, Tallahassee, FL.

For Geo Group Inc, Defendant: FABIAN A RUIZ, PATRICK G DEBLASIO, LITTLER MENDELSON PC - MIAMI FL, Miami, FL.

**Judges:** Michael J. Frank, United States Magistrate Judge.

**Opinion by:** Michael J. Frank

## Opinion

### ORDER

This cause is before this Court on the Plaintiff's "Motion to Compel Production" (ECF No.14). Defendant filed a response on October 9, 2018. (ECF No. 17).

### I. Background

From March 2016 to July 2016, the Plaintiff worked for the Defendant as a correctional officer at the Graceville Correctional Facility. (Docs. 1 at 2, 6 at 3). The Plaintiff alleges in her complaint that the Defendant treated her disparately because of her race, and retaliated against her by terminating her, all in violation of *Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.* (Doc. 1). For its part, the Defendant contends that it fired the Plaintiff because she brought contraband (*i.e.* a cellular telephone) into the correctional facility and engaged in an improper relationship with an inmate. (Doc. 6).

On September 6, 2018, the parties filed a joint stipulated protective order, which was approved and adopted by the District Court. (Docs. 12, 16). On July 5, 2018, Plaintiff propounded her first [*2] request for production. (Doc 14 at 1). Defendant claims that it produced over 306 pages of documents in discovery. (Doc. 17 at 2).

In the instant motion to compel, Plaintiff asks this court to compel the Defendant to state whether any responsive documents and materials exists with respect to 17 of her discovery requests. (*id.* at 16-17). Further, to the extent that they exist, she seeks to compel production of those documents or any privilege logs in connection with the 17 requests. (*id.*). Although the Defendant made several objections to the Plaintiff's initial requests, the Defendant argues it has provided all responsive, non-privileged documents in its possession to the Plaintiff. (Doc. 17 at 1-2). Further, the Defendant argues that—to the extent it has not provided documents—Plaintiff's requests exceed the scope of discovery permitted under the Federal Rules of Civil Procedure because they are overbroad, invade privacy rights of non-parties, and are not relevant to the claims or defenses. (*id.* at 4).

### II. Standard

The Federal Rules of Civil Procedure allow a party to serve a request to produce documents within the responding party's "possession, custody, or control." *Fed. R. Civ. P. 34(a)*. The receiving [*3] party must respond to the request and state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reason for objection must be stated with specificity. *Fed. R. Civ. P. 34(b)(2)(B)*. Additionally, if the responding party withholds documents based on objections of attorney-client privilege or the work-product doctrine, the responding party must "expressly make the claim and describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. 26(b)(5)(A).

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (noting that "mechanisms for effective discovery are essential to the fairness of our system of litigation . . . ."); Lozan v. Maryland Cas. Co., 850 F.2d 1470, 1473 (11th Cir. 1988) (noting that "the purpose of discovery is to provide a mechanism for making relevant information available to the litigants."). [*4]

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. Federal courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc., 437 U.S. at 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). Thus, although courts have broad authority to control the scope of discovery, the Federal Rules strongly favor full discovery whenever possible. *See* Oppenheim Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011); Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

Discovery is not boundless, however. *See* Fed. R. Civ. P. 26 (B)(2)(c) ("a court must limit ...the extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the limits permitted by Rule 26(b)(1)."); Washington v. Brown & Williamson Tobacco, 959 F.2d 1566, 1570 (11th Cir. 1992) (noting that the scope of discovery in Title VII cases is "not without limits"). Thus, the Court must limit discovery if it is irrelevant to the claims and defenses. *See* Fed. R. Civ. P. 26(b)(1); Companhia Engergetic Potigua v. Caterpilla Inc., 307 F.R.D. 620, 627 (S.D. Fla. 2015) ("[d]iscovery should ordinarily [*5] be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action."); Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115, (1979) ("The requirement of Rule 26(b)(1) that the material sought in discovery be relevant should be firmly applied, . . ."); Rich v. Martin Marietta Corp., 50 F.2d 333, 343 (10th Cir. 1975) (holding that the scope of discovery in an Title VII case is extensive, but that "it is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness.").

Additionally, the Court must limit discovery when discovery is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. Although a plaintiff should not be denied the information necessary to establish his claims, he should not be allowed to "go fishing," and a trial court "retains discretion to determine that a discovery request is too broad and oppressive." Marshall v. Westinghouse Electric Corp., 576 F.2d 588, 592 (5th Cir. 1978).

## III. Discussion

### A. Plaintiff's Request [*6] 2

Plaintiff's request 2 seeks any files maintained with respect to the Plaintiff other than her personnel file. (Doc. 14 at 2). In her motion to compel, Plaintiff argues that private correctional institutions maintain files related to employees both at the place of employment and at the correctional institution's principal place of business. She asserts that she is merely seeking "any and all files" regarding the Plaintiff. (Doc. 14 at 9).

Defendant objects to the request as overbroad, not relevant to the claims or defenses, and seeking information protected by attorney-client privilege and work product doctrine. (*id.* at 2). Defendant argues in its response that Plaintiff's request encompasses any document that has the Plaintiff's name on it. Further, the defendant argues that it has satisfied its obligation under the federal rules because it has provided Plaintiff with her entire personnel file. (Doc. 17 at 3).

Although Plaintiff has attempted to clarify the type of files that she seeks—namely, she is seeking files

Page 3 of 8


relating to the Plaintiff that are maintained at the Defendant's principal place of business in addition to those maintained at the Plaintiff's place of employment—the request, [*7] as written, is overbroad. First, the request, as written, sweeps any document relating to the Plaintiff into discovery, regardless of whether it is connected to the claims. Additionally, the burden on the Defendant to find potentially any and every document relating to the Plaintiff—regardless the nature of the document—is extensive given that the Defendant must search two locations and for any document that contains any reference of the Plaintiff.

Defendant claims that it satisfied its obligation; however, if the Defendant retained any documents pursuant to any purported privilege, it should have produced a privilege log. *See* *Fed. R. Civ. P. 26(b)(5)(A)*. As set forth below, this court will require the Defendant to produce such a privilege log (or a written statement that no such responsive materials exists or that they were already produced) within seven days of the docketing of this order.[1]

If Plaintiff believes that the Defendant has not satisfied its obligation with respect to request two, within ten days of the docketing of this order, the Plaintiff may file a motion to compel that *specifically identifies* documents or items that were not provided but which should have been produced. Any such motion [*8] should explain in detail the relevance and provide legal authority that calls for the production of the relevant materials.

**B. Plaintiff's Requests 3 through 8**

In Plaintiff's requests three through eight, the Plaintiff seeks the entire personnel file of six of the Defendant's employees who were identified as potential comparators and witnesses. The Defendant objects that the request is: (1) overbroad and seeks information that was not relevant to claims or defenses in the pending action; (2) unnecessarily invasive to the privacy rights of a third party; and (3) not proportional to the case.

In her motion, Plaintiff argues that the six personnel files—in particular, the employees' previous discipline matters—are necessary to show comparator data under the burden-shifting framework of *McDonnell Douglas v. Green, 411 U.S. 972 (1973)*. (Doc. 14 at 10). Defendant alleges in his response that he has attempted to confer with the Plaintiff and offered to provide Plaintiff with "any document contained in [the] individuals' personnel files that relate to their disciplinary history and are indicative of possible race discriminatory animus demonstrated by any of those individuals." (Doc. 17 at 6). Because evidence of previous disciplinary matters [*9] and documents evincing racial animus are relevant to establishing circumstantial evidence of racial discrimination, documents concerning these matters contained within the employee's files are discoverable in this case. *See* *Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991)*; *Barfoot v. Boeing Co., 184 F.R.D. 642, 643 (N.D. Ala. 1999)* ("Only by reviewing [personnel files], in the exclusive possession of the defendant, can the plaintiff make a determination that either his claims are meritless and should be dismissed, or that they are supported by the defendant's records.").

Although such evidence is relevant to Plaintiff's claims of racial discrimination and retaliation, Plaintiff's request for the entire personnel files of six employees is overbroad. Plaintiff has not explained to this Court why the *entire* personnel files are relevant to the issues in this case. *See* *N.D. Fla. Loc. R. 26.1(c)* (In a motion to compel, a party must explain why the discovery request should be compelled). Personnel files often contain documents regarding employees' medical records, marital status, social security numbers, or payroll and beneficiary information.[2] Accordingly, if after consulting with the Defendant and obtaining the documents that the Defendant is willing to provide, the Plaintiff believes that there are additional documents [*10] from the personnel files that are relevant and discoverable, within ten days of the docketing of this order, the Plaintiff may file a motion to compel that specifically identifies

[1] A privilege log's description of each document and its contents must provide sufficient information to permit courts and the parties to test the merits of the privilege claim. *See* *United States v. El Paso Co., 682 F.2d 530, 541 (5th Cir. 1982)*; *see* *Johnson v. Gross, 611 F. App'x 544, 547 (11th Cir. 2015)* (noting that a defendant's privilege log is deficient when it "did not describe the nature of the undisclosed communications in a manner that allowed the plaintiffs and the district court to evaluate his claimed privilege"); *NLRB v. Interbake Foods, LLC, 637 F.3d 492, 502 (4th Cir. 2011)* (noting that a privilege log must, as to each document, set forth "'specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed'") (quoting *Bowne, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993)*).

[2] The Plaintiff alleges that these documents fall under the Florida Public Disclosure Act, which would mean that these documents are not protected per the stipulated protective order. (Doc. 16 at 4).

Page 4 of 8


documents or types of documents that were not provided but which should have been produced. Any such motion should explain in detail the relevance and provide legal authority for the production.

C. **Plaintiff's Requests 9, 10, and 19**

Plaintiff's request number 9 seeks "a true copy of any and all security, staffing, human resources, and/or other policies in effect at the Graceville Corrections facility in May of 2016." (Doc. 14 at 4). While Defendant initially objected for a myriad of reasons, including it was overbroad and not limited in time or scope, the Defendant responded that it would provide policies applicable to the case once the Plaintiff signed a confidentiality agreement. (*id.*).

Defendant, in its response to the Plaintiff's motion, alleges that it has provided these documents, namely the policies in its employee handbook and policies signed by the Plaintiff during her "onboarding process." (Doc. 17 at 7). Defendant also alleges that it attempted to confer with Plaintiff to determine which additional [*11] policies may be relevant to the case, but the Plaintiff has not identified any. (*id.*). While Plaintiff argued that her scope is both limited in time and scope, Plaintiff has not identified which additional policies she seeks to compel.

Similarly, with respect to Plaintiff's request 10, Plaintiff seeks the contract between the State of Florida and the Defendant in effect in May of 2016 regarding the Management and Operation of Graceville Correctional Facility. (Doc. 14 at 5). Although the Defendant initially objected to this request, the Defendant alleges that it ultimately produced the "Operation and Management Service Contract between The State of Florida, Department of Management Services, Bureau of Private Prison Monitoring and the [Defendant]" to the Plaintiff on September 11, 2018. (Doc. 17 at 2-3). This occurred two days after the parties' filed their joint motion for protective order, and eleven days before the Plaintiff filed the instant motion.

Likewise, Plaintiff's request 19 seeks "all correspondence and/or materials" between FDLE and the Defendant pertaining to the terms and conditions of Plaintiff's separation from employment as well as the subsequent filing of an affidavit [*12] of separation relating to Plaintiff with FDLE. (Doc. 14 at 5). Although Defendant initially objected claiming "material" was a vague term, Defendant responded that it would provide relevant communications between the FDLE and the Defendant once the Plaintiff returned a signed confidentiality agreement. Further, Defendant alleges that it subsequently produced the communications with FDLE—in its possession, custody, or control—regarding Plaintiff's termination. (Doc. 17 at 3). It appears, therefore, that the motion to compel is moot with respect to these issues.

In light of the Defendant's responses to the Plaintiff's requests 9, 10, and 19, it is unclear to this court which issues remained unresolved. If there are outstanding documents that Plaintiff seeks, within ten days of the docketing of this order, the Plaintiff may file a motion to compel that specifically identifies documents or types of documents that were not provided but which should have been produced. Any such motion should explain in detail the relevance and provide legal authority for the production. In this motion, Plaintiff should set forth its negotiations with the Defendant regarding the outstanding requests and *specify [*13]* which policies, contracts, and documents the Plaintiffs seeks.

D. **Plaintiff's Request 23**

In request 23, Plaintiff seeks "any materials, correspondence, and/or communication (electronic or tangible) generated in connection with any investigations pertaining" to the claim that Plaintiff engaged in an inappropriate relationship with an inmate. (Doc. 14 at 6). Plaintiff argues that this is relevant because the Defendant is using allegations of an inappropriate relationship to justify its termination of the Plaintiff.

Defendant objected to the request to the extent the request would include documents that are protected by attorney-client privilege and the work product doctrine. Defendant, however, responded that it would provide a copy of the "Office of Professional Responsibility Report of Investigation" once Plaintiff returned a signed confidentiality agreement to the Defendant. (*id.*). In its response to the motion to compel, Defendant claims that it produced all responsive documents in its possession, namely its entire internal investigation file of the Plaintiff's alleged misconduct. (Doc. 17 at 4). Additionally, Defendant stated that the parties discussed the issue of the attorney-client [*14] privilege and work product doctrine. Defendant alleges that Plaintiff informed the Defendant that she "did not intend to infringe on any attorney-client privilege or work product privilege with regards to her request[s]." (Doc. 17 at 4).

In light of the Defendant's response, it appears that

motion to compel is now moot as to this issue. If there are additional documents that Plaintiff seeks with respect to this request, within ten days of the docketing of this order, the Plaintiff may file a motion to compel that specifically identifies documents or types of documents that were not provided but which should have been produced. Any such motion should explain in detail the relevance and provide legal authority for the production. In this motion, Plaintiff should set forth its negotiations with the Defendant regarding the outstanding requests and *specify* which policies, contracts, and documents the Plaintiffs seeks.

**E. Plaintiff's Request 24**

With Respect to Request 24, Plaintiff has failed to follow Rule 7.1 of the Local Rules for the United States District Court for the Northern District of Florida. Although she quoted her request—for all materials and reports generated in connection with the investigation that Plaintiff [*15] had her cellular telephone—and the Defendant's objection to her request, Plaintiff failed to explain why this discovery should be compelled. *See* N.D. Fla. Loc. R. 7.1(D)(3).

Rule 7(b)(1) of the Federal Rules of Civil procedure requires that motions "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Particularity means "reasonable specification." Talano v. Nw. Med. Faculty Found., Inc., 273 F.3d 757, 760 (7th Cir. 2001) (quoting Martinez v. Trainor, 556 F.2d 818, 819-20 (7th Cir. 1977)). "The purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." Registration Control Sys., Inc. v. Compusystems, Inc., 922 F.2d 805, 807 (Fed. Cir. 1990). Thus, a one-sentence argument, devoid of any analysis or citation to authority, generally will be insufficient to satisfy the particularity requirement. *See* Flanigan's Enters., Inc. of Ga. v. Fulton County, Ga., 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an issue when the party did not provide any citation of authority in support of its position); Intera Corp. v. Henderson, 428 F.3d 605, 611 (6th Cir. 2005) (holding that a one-sentence motion was "inadequate").

Further, in its response to Plaintiff's motion, the Defendant alleges that it has provided documents from its investigation of Plaintiff's alleged possession of the cellular telephone, including interviews conducting during the investigation, findings, and the disciplinary action [*16] form. (Doc. 17 at 4). Additionally, Defendant stated that the parties have discussed the issue of the attorney-client privilege and work product doctrine. Defendant asserts that the Plaintiff informed him that she "did not intend to infringe on any attorney-client privilege or work product privilege with regards to her request." (Doc. 17 at 4).

It appears, therefore, that this issue has been resolved. If there are additional items that Plaintiff seeks with respect to this request, within ten days of the docketing of this order, the Plaintiff may file a motion to compel that specifically identifies documents or types of documents that were not provided but which should have been produced. Any such motion should explain in detail the relevance and provide legal authority for the production. In this motion, Plaintiff should set forth its discussions with the Defendant regarding the outstanding requests and any claims by the Defendant of attorney-client or work product privilege.

**F. Plaintiff's Requests 27 and 28**

Plaintiff's request 27 seeks information regarding potential comparators, including reports and documentation regarding other correction officers carrying contraband at the facility [*17] during a three-year period before Plaintiff's termination. Similarly, request 28 seeks documents regarding the disciplined meted out to correction officers who possessed contraband. (Doc. 14 at 6-7). Plaintiff argues that these documents are necessary to establish her prima facie case and evidence that Defendant's claims are mere pretext for racial discrimination and retaliation.

Defendant objected to Plaintiff's requests due to overbreadth, privacy concerns, and proportionality. Defendant, however, stated it would produce redacted copies of documents regarding comparators if they were found. (*id.*). The Defendant also argues that this request is overbroad because it is not limited as to the type of contraband a potential comparator possessed. Additionally, Defendant argues that the request is not limited to the decision-makers that are relevant to Plaintiff's claims. (Doc. 17 at 8).

To the extent that the parties have a stipulated protective order regarding "documents from the personnel, medical or worker's compensation file of any current or former employee," the Court finds the

Page 6 of 8


Defendant's objections about privacy unpersuasive. (Doc. 16 at 4). Additionally, the Defendant's argument [*18] that the request is not limited to the type of contraband is without merit. *Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991)* ("Discovery of the personnel files of [other] employees who had arguably been guilty of a variety infractions more serious than those committed by plaintiffs, but who nevertheless were not discharged" was permitted because "[e]vidence of repeated disparity in the punishment meted out to [other employees] is clearly relevant in considering pretext.").

A plaintiff bears the burden of producing evidence of similarly situated comparators, outside her protected class, who committed similar conduct but whom a defendant did not discipline in the same way as the plaintiff. *See* *Burke-Fowler v. Orange County, Fla., 44 F.3d 1319, 1325 (11th Cir. 2006)*. A plaintiff is "not required to demonstrate an exact correlation between himself and others similarly situated; rather, he had to show only that he and his proposed comparators were similar in all relevant respects, . . . and that he and his proposed comparators engaged in acts of comparable seriousness." *Bobo v. United Parcel Serv., Inc., 665 F.3d 741, 751 (6th Cir. 2012)*. Thus, the discovery process should allow a plaintiff—within the limits imposed by the Federal Rules—to develop evidence relevant to the resolution of the dispute. *See* *United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958)*. That includes evidence about potential comparators. *See* *Kuttner v. Zaruba, 819 F.3d 970, 974 (7th Cir. 2016)* (holding that [*19] the district court could place reasonable limits on requests for production of personnel files of potential comparators); *Paquin v. Fed. Nat'l Mortgage Ass'n, 119 F.3d 23, 25, 28-29 (D.C. Cir. 1997)* (remanding for further discovery where the plaintiff had requested, but had not received, certain comparator data); *Cole v. Lexington-Richland Sch. Dist. 5, Case No. 3:09-1301-CMC-PJG, 2011 U.S. Dist. LEXIS 12832, 2011 WL 441974 (D.S.C. Feb. 8, 2011)* (noting that the discovery process could be used to determine whether comparators existed).

Furthermore, the Defendant has not met its burden in explaining why a three-year timeframe is unduly burdensome. *See* *Kuttner, 819 F.3d at 974* (holding that the district court did not abuse its discretion in ordering that documents relating to potential comparators be produced if the potential comparator's misconduct took place within four years of the plaintiff's termination); *Roehrs v. Minn. Life Ins. Co., 228 F.R.D. 642, 644 (D. Ariz. 2005)* ("The party resisting discovery has a 'heavy burden' of showing why discovery should be denied."). Thus, the need of the Plaintiff to obtain evidence to establish her case outweighs the defendant's burden of producing documents regarding possible comparators. The Plaintiff's motion to compel production for requests 27 and 28, therefore, will be granted consistent with the terms of the parties' joint stipulated protective order.

**G. <u>Plaintiff's Requests 29 and 30</u>**

In requests 29 and 30, the Plaintiff seeks information [*20] regarding potential comparators, including reports and documents regarding other correctional officers writing letters to inmates. (Doc. 14 at 8). Request 30 specifically seeks any documentation regarding the discipline imposed on correctional officers who did not comply with the non-fraternization policy. Plaintiff argues these documents are necessary to establish a prima facie case for discrimination. (*id.* at 14). The Defendant argues that Plaintiff's request is overbroad in scope and time and does not pertain to the decision-makers in plaintiff's case. (Doc. 17 at 7).

Here, the Plaintiff's requests are much narrower than her previous requests and clearly relevant to the claims at issue. Plaintiff is seeking records relating to fellow correctional officers engaging in similar activity—*i.e.*, writing a letter to an inmate—that resulted in the Plaintiff's termination. These records are potentially relevant to Plaintiff's claim because they will allow Plaintiff to establish whether similarly situated comparators were similarly disciplined (or not) for engaging in similar conduct. *See* *Burke-Fowler, 447 F.3d at 1323* ("[T]o determine whether employees are similarly situated, we evaluate 'whether the employees are involved [*21] in or accused of the same or similar conduct and are disciplined in different ways. . . . When making that determination, '[w]e require that the quantity and quality of the comparator's misconduct be nearly identical.'" (internal citations omitted).

Further, the temporal scope is reasonable. Plaintiff has limited her request to the three-year period preceding the Plaintiff's termination. Defendant has not shown that a three-year period is unduly burdensome or unreasonable. The parties also filed the stipulated protective order for confidential information. If an additional protective order is needed to safeguard the privacy interests of employees, the parties can propose an additional protective order. For these reasons, Plaintiff's motion to compel regarding requests 29 and

30 will be granted consistent with the terms of the parties' joint stipulated protective order.

### H. Plaintiff's Request 36

Plaintiff's final request—request 36—seeks a copy of any and all complaints of discrimination asserted by an employee of the defendant in the past five years. The Defendant objects to this request because: (1) "employee complaints" is a vague and ambiguous term; (2) the request is overbroad and [*22] seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence; and (3) charges of discrimination filed with federal, state, and local agencies must remain confidential. (Doc. 14 at 9). Plaintiff argues that such evidence is discoverable as evidence of a potential pattern and practice of discrimination. (Doc. 14 at 16).

Although some courts have found that evidence of one form of discrimination under Title VII may be relevant to establishing another form of discrimination under Title VII, these cases have almost exclusively involved a Plaintiff alleging various types of discrimination. *Feingold v. New York, 364 F.3d 138, 151-52 (2d Cir. 2004)* (holding that, although the Plaintiffs could not establish a prima facie case for racial discrimination, his allegations of racial discrimination and sex discrimination should be considered when evaluating his religious discrimination claim); *Hafford v. Seidner, 183 F.3d 506, 515 (6th Cir. 1999)* (holding that the plaintiff failed to establish a prima facie case of religious discrimination, but that the evidence of religious animus could be considered in his claim for racial discrimination); *Hicks v. Gates Rubber Co., 833 F.2d 1406, 1415-16 (10th Cir. 1983)* (holding that evidence of discrimination against fellow employees is relevant and that evidence of racial animus [*23] could be considered in a sex discrimination case).

In the present case, Plaintiff has alleged race discrimination and retaliation. Thus, a request for any and all complaints of discrimination is overly broad. Indeed, as Defendant points out in its response, this would require the Defendant to search for complaints of discrimination pursuant to other statues, such as a complaint alleging a discrimination under the Americans with Disability Act. (Doc 17 at 8-9); *see* *Dee v. Hyundai Motor Mfg. Ala. LLC, 524 F. Supp.3d 1348, 1351 (N.D. Ala. 2007)* (holding that, while Title VII and USERRA both seek to prevent workplace discrimination, evidence of discrimination under one statute cannot categorically be deemed relevant or irrelevant to a plaintiff's claim of discrimination under the other statute, and a court must engage in a case-by-case analysis to determine relevancy). Accordingly, Defendant will not be required to respond beyond whether it has received complaints of racial discrimination within the past five years. To the extent, that this request touches on matters to require a protective order, the parties can so move for one.

### I. Plaintiff's Request for Attorney's Fees

Finally, Plaintiff seeks attorney's fees pursuant to *Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure*.

If a motion to compel is granted, *Rule 37* provides [*24]

> A court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. 37(a). A court, however, must not order payment of attorney fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Plaintiff's "Certificate of Consultation" contained in her motion to compel does not comply with the local rules, which require that the certificate set out the results of the attorney-conference. *See* *N.D. Fla. Loc. R. 7.1 (C)*. This court also notes that the Defendant alleges that the Defendant attempted to confer with the Plaintiff before the Plaintiff filed the instant motion, and Plaintiff failed to respond or identify other relevant policies or documents. (Doc. 17 at 6-7). Additionally, it appears that the parties discussed issues of attorney-client privilege and work product privilege that might [*25] be relevant to some requests for production. Some of Plaintiff's requests were overly broad and vague, and some of the Defendant's objections were substantially justified. *See* *Devaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993)* ("an individual's discovery conduct should be found 'substantially justified' under *Rule 37* if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'") (quoting *Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490*

Page 8 of 8


*(1988)*). An award of attorney's fees, therefore, is not warranted in this case.

**IV. Conclusion**

For the reasons set forth above, **it is ORDERED** that Plaintiff's motion to compel (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**, without prejudice, as follows:

(1) Plaintiff's motion to compel with respect to request 2 is **GRANTED IN PART AND DENIED IN PART** in that, **within seven (7) days of the docketing of this order**, Defendant shall produce to the Plaintiff a privilege log, pursuant to the requirements of *Fed. R. Civ. P. 26(b)(5)(A)*, noting items responsive to request 2 that Defendant has not produced, if any, or a statement that it has not withheld any such responsive items.

(2) Plaintiff's motion to compel with respect to requests 3-10, 19, 23, and 24 is **DENIED**.

(3) Plaintiff's motion to compel with respect to requests 27-30 [*26] is **GRANTED**.

(4) Plaintiff's motion to compel with respect to request 36 is **GRANTED IN PART AND DENIED IN PART** to the extent set forth above.

(5) Plaintiff's request for attorney's fees is **DENIED**.

(6) As set forth above, **within ten (10) days of the docketing of this order**, the Plaintiff may file a second motion to compel that *specifically identifies* items that the Defendant did not produce but which should have been produced. Any such motion should explain in detail the relevance of the items, provide legal authority in support, and a detailed treatment of the discussions Plaintiff's counsel had with Defendant's counsel in an effort to resolve any disputes.

**SO ORDERED** this 6th day of December 2018.

/s/ ***Michael J. Frank***

**Michael J. Frank**

**United States Magistrate Judge**

---

**End of Document**