# *Faiman v. Davidson*

United States District Court for the Middle District of Florida, Fort Myers Division

October 21, 2025, Decided; October 21, 2025, Filed

Case No.: 2:25-cv-674-KCD-DNF

**Reporter**
2025 U.S. Dist. LEXIS 207001 *; 2025 LX 468146

ANDREW FAIMAN, Plaintiff, v. KATHLEEN ROSE DAVIDSON, Defendant.

**Subsequent History:** Motion granted by, Motion denied by *Faiman v. Davidson, 2026 U.S. Dist. LEXIS 49133, 2026 LX 104565 (Mar. 9, 2026)*

**Counsel:** [*1] For Andrew Faiman, Plaintiff: Crystal Lynn Turner Sebago, LEAD ATTORNEY, Crystal Sebago P.A., Tampa, FL.

For Kathleen Davidson, Defendant: Elizabeth Dehaan, LEAD ATTORNEY, Banker Lopez Gassler P.A., Fort Myers, FL.

**Judges:** DOUGLAS N. FRAZIER, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** DOUGLAS N. FRAZIER

## Opinion

**ORDER**

This matter is before the Court on Plaintiff Andrew Faiman's Motion to Quash Subpoenas or, in the alternative, Motion for Protective Order (Doc. 15). Defendant Kathleen Rose Davidson filed a Response (Doc. 17). This motion was discussed at the *Rule 16(b)* Conference held on September 25, 2025.

In this case, Plaintiff sues Defendant for injuries sustained when Defendant allegedly drove into Plaintiff while he was on a bicycle. (Doc. 10). Plaintiff brought claims for negligence and negligence per se. (Doc. 10). Plaintiff claims that he suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. (Doc. 10, p. 2).

Defendant issued subpoenas to pharmacies, medical providers, [*2] medical billing records custodian, Plaintiff's employer, and a health insurer. (Doc. 15-1). For example, Defendant issued a subpoena to CVS Pharmacy requesting copies of all prescriptions written by physicians, an itemization of all prescriptions filled with dates and prescribing doctor, any billing records, insurance claim documents, incoming and outgoing correspondence, and "[a]ny other items relating to the above-named individual resulting in the production of the **entire pharmacy file**." (Doc. 15-1, p. 4).

Plaintiff's request to quash the subpoenas served on third parties is governed by *Federal Rule of Civil Procedure 45*. As a threshold matter, Plaintiff must demonstrate he has standing to challenge these subpoenas. Generally, "a party does not have standing to seek to quash a subpoena issued to a non-party." *Martin v. Nat'l Union Fire Ins. Co. of Pittsburg, PA, No. 8:13-cv-00285-T-27MAP, 2013 U.S. Dist. LEXIS 203007, 2013 WL 12156516, at *1 (M.D. Fla. July 1, 2013)*. "A party has standing to challenge a nonparty subpoena if the party alleges a 'personal right or privilege' with respect to the subpoena or if a subpoena seeks irrelevant information." *McCoy v. GEICO Gen. Ins. Co., No. 6:19-CV-353-ORL-WWB-DCI, 2019 U.S. Dist. LEXIS 187020, 2019 WL 5391104, *2 (M.D. Fla. Aug. 14, 2019)* (citations omitted). And a party also has standing to challenge the proportionality of the information sought. *JWD Auto., Inc. v. DJM Advisory Grp. LLC, 317 F.R.D. 587, 589 (M.D. Fla. 2016)*. Here, it is undisputed that the subpoenas seek private and privileged information, such as private medical information. [*3] (Doc. 15, p. 3). Thus, Plaintiff has standing under *Rule 45* to move to quash the subpoenas at issue.

Plaintiff alternatively seeks a protective order, which is governed by *Federal Rule of Civil Procedure 26(c)*. "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the

Page 2 of 2


need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429-30 (M.D. Fla. 2005)* (citing *United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)*). A party also has standing to move for a protective order on a non-party subpoena if the subpoena seeks irrelevant information. *Id. At 429*.

*Rule 26* provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Fed. R. Civ. P. 26(b)(1)*. The information within this scope "need not be admissible in evidence to be discoverable." *Fed. R. Civ. P. 26(b)*. The scope of discovery is not limitless and on a motion or on its own, a court must:

> limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party [*4] seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by *Rule 26(b)(1)*.

*Fed. R. Civ. P. 26(b)(2)(C)*. The scope of discovery under a subpoena issued under *Rule 45* has the same scope of discovery as under *Rule 26*. *Rodgers v. Herbalife Int'l of Am., Inc., No. 8:19-mc-115-T-35AAS, 2020 U.S. Dist. LEXIS 8396, 2020 WL 263667, at *1 (M.D. Fla. Jan. 17, 2020)*.

As discussed at the hearing, the subpoenas at issue are clearly overbroad and seek irrelevant information. Using the CVS Pharmacy subpoena as an example, Defendant seeks copies of all prescriptions written by physicians for Plaintiff. The accident happened on March 30, 2024. (Doc. 15-1, p. 4). All prescriptions that were ever written for Plaintiff from the beginning of time are not relevant to the issues raised in this proceeding. Defendant seeks the same from Publix Pharmacy, Walgreens Pharmacy, and Wal-Mart Stores, Inc. and again these requested documents are clearly overbroad. (Doc. 15-1, p. 9, 14, 19). From Lee Memorial Health System, Defendant seeks all medical records as well as other overbroad requests.

Defendant argues that these third-party subpoenas are routine and seek documents directly relevant to Plaintiff's claims. (Doc. 17, p. 1). Defendant argues that Plaintiff waived any privilege or personal right by putting [*5] them at issue. While Plaintiff may have put his medical condition at issue by bringing suit, he did not place his entire medical history from the day he was born at issue. These subpoenas are clearly overbroad and must be quashed.

Accordingly, it is hereby **ORDERED**:

The Motion to Quash Subpoenas or, in the Alternative, Motion for Protective Order are **GRANTED**, and all of the subpoenas attached to the motion are quashed, without prejudice for Defendant to serve amended subpoenas that are tailored to this case, relevant to Defendant's defense, and proportional to the needs of the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 21, 2025.

---

**End of Document**