# Fenimore v. YMCA of S. Fla.

United States District Court for the Southern District of Florida

March 14, 2024, Entered on Docket

CASE NO. 0:23-CV-61675-LEIBOWITZ/AUGUSTIN-BIRCH

**Reporter**
2024 U.S. Dist. LEXIS 249889 *; 2024 LX 253481; 2024 WL 6884882

TYLER FENIMORE, Plaintiff, v. YMCA OF SOUTH FLORIDA, Defendant.

**Counsel:** [*1] For Tyler Fenimore, Plaintiff: Jamie Blythe Dokovna, LEAD ATTORNEY, Becker & Poliakoff, West Palm Beach, FL.

For YMCA of South Florida, Defendant: Suzanne Ashelle Singer, LEAD ATTORNEY, Rumberger Kirk & Caldwell, Miami, FL; Melissa Ivy Softness, LEAD ATTORNEY, Rumberger Kirk & Caldwell P.A., Miami, FL.

**Judges:** PANAYOTTA AUGUSTIN-BIRCH, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** PANAYOTTA AUGUSTIN-BIRCH

## Opinion

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER [DE 16]**

This cause comes before the Court on Plaintiff Tyler Fenimore's Motion to Quash Defendant's Subpoena and for Protective Order. DE 16. Defendant YMCA has filed a response, DE 20, Plaintiff has filed a reply, DE 21, and the Court held a hearing on Plaintiff's Motion on March 11, 2024. Having carefully considered the briefing and the arguments made by counsel at the hearing and being otherwise fully advised, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Quash and for Protective Order.

### I. Background

On August 24, 2021, Defendant hired Plaintiff as an Associate Executive Director, and he worked under the supervision of Tara Montenaro. DE 1 ¶ 12. During his employment, Plaintiff alleges that Ms. [*2] Montenaro engaged in numerous acts that made him extremely uncomfortable, such as greeting him with a hug, kiss on the cheek, back rubs, and names of affection like "honey" or "sweetie." *Id.* ¶ 18. Additionally, Plaintiff avers that while he was eventually promoted to a new role within Defendant, he was removed from that role and replaced with a less-experienced female, which he attributes to discrimination based on his sex. *Id.* ¶¶ 29, 32-33. Based on these allegations, Plaintiff filed a complaint against Defendant, raising two sex discrimination counts and two retaliation counts. DE 1.

As part of the ongoing discovery in this case, Defendant issued a non-party subpoena duces tecum to the Seminole Tribe of Florida d/b/a Hard Rock Hotel & Casino ("Hard Rock subpoena"), seeking a wide array of records pertaining to Plaintiff from the time period of August 1, 2021, to May 31, 2022. DE 16-1 at 8. Plaintiff objected to the Hard Rock subpoena, DE 16-2, and has filed the present Motion to Quash and for Protective Order, asking the Court to either quash the Hard Rock subpoena or issue a protective order. DE 16.

### II. Standing to Challenge Non-Party Subpoena

Under *Federal Rule of Civil Procedure 45(d)(3)*, a party has standing to challenge [*3] a subpoena to a non-party only "if the party alleges a 'personal right or privilege' with respect to the subpoenas." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005)* (citing *Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)*; *State of Fla. v. Jones Chem., Inc.*, No. 90-875-CIV-J-10, 1993 WL 388645, at *2 (M.D. Fla. Mar. 4, 1993)); *see also* *Hernandez v. Burrows, No. 20-22721-CIV, 2021 WL 5999431, at *3 (S.D. Fla. Dec. 20, 2021)* ("[A] party does not have standing to challenge discovery propounded to a non-party, unless the party has a personal right or privilege concerning the subject matter of the documents or information sought."); *Gabriel v. G2 Secure Staff, LLC, 225 F. Supp. 3d 1370, 1372 (S.D. Fla. 2016)* (same). As such, a party does not have standing under Rule 45(d)(3) to object to a non-party subpoena on the basis that it is

"burdensome, oppressive or is overly broad." *Malibu Media, LLC v. John Does 1-35, No. 2:12-CV-178-FTM-99, 2012 WL 4513050, at *4 (M.D. Fla. Aug. 15, 2012)*, *report and recommendation adopted*, *No. 2:12-CV-00178-FTM-UA, 2012 WL 4604544 (M.D. Fla. Oct. 2, 2012)*; *see also Klima v. Carnival Corp.*, No. 08-20335-CIV-MOORE, 2009 WL 1066969, at *2 (S.D. Fla. Apr. 21, 2009) ("TPT does not have standing to object to a non-party subpoena on the basis of burdensomeness, oppressiveness, or as being overly broad.").

Here, Plaintiff argues in his Motion that the Hard Rock subpoena is overly broad, seeks irrelevant documents, and is not proportional to the needs of the case. DE 16 at 1. Additionally, in his reply, Plaintiff claims a "personal right or privilege" to the information sought by the Hard Rock subpoena. DE 21 at 3. Plaintiff has a plausible personal right to privacy implicated by the Hard Rock subpoena's requests for documents relating to him. However, the Court need not determine whether Plaintiff has [*4] standing to challenge the Hard Rock subpoena under Rule 45(d)(3) because Plaintiff has standing under *Federal Rule of Civil Procedure 26(c)(1)* to move for a protective order. *See Belnavis v. Edwards Masonry, Inc.*, No. 8:13-CV-2580-T-24MAP, 2014 WL 12621586, at *1 (M.D. Fla. July 24, 2014) ("Though it seems Defendant Edwards's personal rights to privacy are affected by the subpoena, this Court need not determine whether she has standing under Rule 45 because she clearly has standing under Rule 26 to seek a protective order.").

Under Rule 26(c)(1), a party has the ability to move for a protective order if the non-party subpoena seeks irrelevant information. *See Auto-Owners Ins. Co., 231 F.R.D. at 429* ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information."); *Bush Truck Leasing, Inc. v. Office Depot, Inc.*, 11-80026-CIV, 2011 WL 13228102, at *3 (S.D. Fla. May 9, 2011) (noting courts in this circuit have allowed parties to seek a protective order to challenge relevance of non-party subpoenas); *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co., 303 F.R.D. 673, 676 (S.D. Fla. 2014)*. Thus, to the extent Plaintiff seeks a protective order under Rule 26(c)(1) on the basis that the Hard Rock subpoena seeks irrelevant information, Plaintiff clearly has standing to do so.

### III. Protective Order Standard

Under *Federal Rule of Civil Procedure 26(c)(1)*, a court may, for good cause shown, issue a protective order to preclude or limit discovery. Good cause is defined as a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987)*. "The party requesting a protective order must make a specific demonstration [*5] of facts in support of the request," and "[a] court must then balance the competing factors involved in determining whether good cause has been shown." *Wrangen v. Pa. Lumbermans Mut. Ins. Co., 593 F. Supp. 2d 1273, 1277 (S.D. Fla. 2008)*. Having considered Plaintiff's Motion and the competing factors involved here, the Court finds good cause to limit the scope and information sought by Defendant with the Hard Rock subpoena.

### IV. Analysis

Plaintiff maintains that the Hard Rock subpoena seeks irrelevant information because Defendant did not terminate Plaintiff's employment over concerns about him frequenting the Hard Rock Hotel and Casino and drinking and gambling during work hours. DE 16 at 2. Plaintiff asserts that Defendant instead terminated his employment because he allegedly refused to work for Ms. Montenaro, which left him with no one else to report to. *Id.* Consequently, Plaintiff contends that the Hard Rock subpoena seeks discovery of after-acquired evidence and that the after-acquired evidence doctrine does not provide an independent basis to initiate discovery. *Id.*[1]

Plaintiff is correct that courts have ruled that the after-acquired evidence doctrine should not provide an independent basis to initiate discovery. *See Premer v. Corestaff Servs., L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005)* ("Though the after-acquired evidence doctrine [*6] provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, it should not be used as an

[1] "The after-acquired evidence doctrine 'shields an employer from liability or limits available relief where, after a termination, the employer learns for the first time about employee wrongdoing that would have caused the employer to discharge the employee.'" *Tomasini v. Mount Sinai Med. Ctr. of Fla., Inc., 315 F. Supp. 2d 1252, 1257 (S.D. Fla. 2004)* (quoting *Schiavello v. Delmarva Sys. Corp., 61 F. Supp. 2d 110, 113 (D. Del 1999)*). Since the doctrine of after-acquired evidence is an affirmative defense, an employer must plead it in its answer or otherwise ensure that it is a subject of the pretrial order, *see Holland v. Gee, 677 F.3d 1047, 1065 (11th Cir. 2012)*, and Defendant has pled the after-acquired evidence doctrine as one of its affirmative defenses. DE 7 at 10.

Page 3 of 4


independent basis to initiate discovery."); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05CV1056-J-32MCR, 2006 WL 1627020, at *5 (M.D. Fla. June 6, 2006) ("In fact, various courts have applied the *McKennon [v. Nashville Banner Pub. Co., 513 U.S. 352, 360-63 (1995)]* reasoning to hold that although the after-acquired evidence doctrine can be used to limit an employee's remedies based on evidence found during discovery, it should not be used to independently initiate discovery."); *U.S. Equal Emp. Opportunity Comm'n v. Choate Constr. Co.*, No. 3:08-CV-910-J-34MCR, 2009 WL 10673093, at *2 (M.D. Fla. Feb. 23, 2009) ("[T]he after-acquired evidence doctrine should not be used as an independent basis to initiate discovery." (quotation omitted)). However, these same courts have also ruled that a defendant can seek discovery of after-acquired evidence when the defendant establishes "some pre-existing basis to believe after-acquired evidence exists." *U.S. E.E.O.C.*, 2009 WL 10673093, at *2; *Maxwell*, 2006 WL 1627020, at *5 ("Defendant must have some preexisting basis to believe that after-acquired evidence exists before it can take on additional discovery.").

Defendant argues that it has a pre-existing basis to believe after-acquired evidence exists based on declarations from Plaintiff's coworkers, averring that Plaintiff (1) would take long lunches and come back with his speech slurred, (2) would often disappear from his office for hours, [*7] and (3) on two occasions asked one of the coworkers to drive him to the Hard Rock Casino during the coworker's lunch break. DE 20 at 1-2; DE 20-1 ¶¶ 4-5. Plaintiff, in his reply to Defendant's argument, contends that these declarations are not proper "pre-existing evidence" because they were obtained after the termination of his employment. DE 21 at 2.

Plaintiff's position, however, sets a higher standard than that articulated by the case law. Defendant is only required to demonstrate a pre-existing basis for believing after-acquired evidence exists, and the Court finds that the declarations relied on by Defendant sufficiently demonstrate a pre-existing basis, seeing as the declarations predate the discovery request at issue. DE 16-1 (Hard Rock subpoena dated January 17, 2024); DE 20-1 (coworker's declaration dated September of 2022); DE 20-3 (coworker's declaration dated September 19, 2022). Nevertheless, as explained below, the Court finds that Defendant does not have a pre-existing basis to seek all of the discovery requested by the Hard Rock subpoena. Additionally, the Court finds some of the documents and information requested in the Hard Rock subpoena to be overly broad and in [*8] need of tailoring.

For reference, Defendant sought the following four categories of information with the Hard Rock subpoena:

> 1. **ANY AND ALL RECORDS**, in your possession, custody or control, relating to the hotel stay of during the timeframe of August 1, 2021 to May 31, 2022, including but not limited to, guest logs, check-in and/or check-out tracking documentation, cancelled checks, statements, receipts, cash receipts, casino game card receipts, comments and/or complaints, written communications, correspondence, and any other records or written documents in your possession pertaining to Tyler Fenimore, date of birth 12/02/1984.
>
> 2. **ANY AND ALL RECORDS**, in your possession, custody or control, relating to dining during the timeframe of August 1, 2021 to May 31, 2022, including but not limited to statements, receipts, cash receipts, casino game card receipts, comments and/or complaints, written communications, correspondence, and any other records or written documents in your possession pertaining to Tyler Fenimore, date of birth 12/02/1984.
>
> 3. **ANY AND ALL RECORDS**, in your possession, custody or control, relating to gaming (slots, tables, poker) during the timeframe of August 1, 2021 to May [*9] 31, 2022, including but not limited to, check-in and/or check-out tracking documentation, player account number(s) or identification, date and time of each gaming transaction, type of game or gambling activity, amounts wagered and won or lost for each transaction, copies of player statements or account summaries, statements, receipts, cash receipts, casino game card receipts, comments and/or complaints, written communications related to gaming transactions, correspondence, and any other records or written documents in your possession pertaining to Tyler Fenimore, date of birth 12/02/1984.
>
> 4. **ANY AND ALL RECORDS**, in your possession, custody or control, relating to security during the timeframe of August 1, 2021 to May 31, 2022, including but not limited to, video surveillance, videos, still photographs taken from a video camera or surveillance camera, audio recordings, all recordings, photos, correspondence, incident report(s) for any unusual or suspicious activities, statements, witness statements, photographs, and

Page 4 of 4


> any other records or written documents in your possession pertaining to pertaining to Tyler Fenimore, date of birth 12/02/1984.

DE 16-1 at 8.

As an initial matter, the Court [*10] finds Defendant's requested time frame of August 1, 2021, to May 31, 2022, to be overly broad and lacking a pre-existing basis. As stated in one of the declarations supporting Defendant's pre-existing basis for believing after-acquired evidence exists, the declarant noticed problems with Plaintiff's work and attendance beginning in November of 2021. DE 20-3 ¶ 5.[2] And both declarants had no further interactions with Plaintiff after March 30, 2022. DE 20-1 ¶ 8; *see* DE 20-3 ¶ 9. As such, the Court only finds Defendant to have a pre-existing basis to believe that after-acquired evidence exists from November 1, 2021, to March 30, 2022, and will narrow the time frame accordingly.

Moreover, the Court finds that Defendant lacks a pre-existing basis for seeking discovery, and also has not demonstrated the relevance, of anything Plaintiff potentially did at the Hard Rock during the weekends. Regarding a pre-existing basis, both declarations make no mention of anything Plaintiff did at the Hard Rock during the weekends. *See* DE 20-1; DE 20-3. And concerning relevancy, anything Plaintiff potentially did away from work on the weekend ostensibly had no impact on his work performance or attendance.[3] [*11] Since Plaintiff argues as much in his objection to the Hard Rock subpoena, DE 16-2, the burden shifted to Defendant to show the relevance of the requested information. *See* *Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 686 (S.D. Fla. 2010)* (ruling that the party opposing discovery must demonstrate how discovery sought is irrelevant, and, once met, the burden shifts to the propounding party to show relevancy). The Court finds that Defendant has not met its burden to show the relevance of anything Plaintiff potentially did at the Hard Rock during weekends. Therefore, the Court will narrow the requests in the Hard Rock subpoena to only apply to weekdays.

Lastly, the Court finds that Defendant has also not demonstrated a pre-existing basis for seeking discovery of Plaintiff's hotel stays at the Hard Rock Hotel, as requested in the first request of the Hard Rock Subpoena. While both declarants stated in their respective declarations that Plaintiff would go to the Hard Rock Casino during work hours, DE 20-1; DE 20-3, neither declarant mentioned anything about Plaintiff staying at the Hard Rock Hotel. Consequently, the Court finds that Defendant does not have a pre-existing basis to seek discovery regarding Plaintiff's potential hotel stays at the Hard Rock [*12] Hotel. Thus, the Court will sustain Plaintiff's objection to the first request of the Hard Rock subpoena.

### V. Conclusion

Based on the foregoing, the Court: (1) sustains Plaintiff's objection as to the first request of the Hard Rock subpoena, and (2) narrows the second, third, and fourth requests to only apply to weekdays between November 1, 2021, and March 30, 2022.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this XX day of March, 2024.

/s/ Panayotta Augustin-Birch

PANAYOTTA AUGUSTIN-BIRCH

UNITED STATES MAGISTRATE JUDGE

---

End of Document

[2] The other declaration only vaguely stated that the declarant noticed problems with Plaintiff's performance about three months after the declarant began to shadow Plaintiff for training. DE 20-1 ¶ 4. However, the declarant provides no other date with which to decipher when that occurred.

[3] Based on the arguments that counsel made during the Discovery Hearing, it appears that Plaintiff did not have a set schedule and occasionally worked odd hours. Therefore, the Court cannot narrow the requests to only apply to Plaintiff's work hours.