# *Floyd v. Highgate Hotels, L.P.*

United States District Court for the Southern District of Florida

May 27, 2025, Decided; May 27, 2025, Entered on Docket

CASE NO. 24-CV-21770-Altman/Lett

**Reporter**

2025 U.S. Dist. LEXIS 199765 *; 2025 LX 495203; 2025 WL 2829663

CONTRELL LEO FLOYD, Plaintiff, v. HIGHGATE HOTELS, L.P., Defendant.

**Prior History:** *Floyd v. Highgate Hotels L.P., 2024 U.S. Dist. LEXIS 199485, 2024 WL 4635189 (S.D. Fla., May 23, 2024)*

**Counsel:** [*1] For Highgate Hotels L.P., /Strawberry Moon Restaurant, Defendant: Dion J. Cassata, LEAD ATTORNEY, Jackson Lewis P.C., Miami, FL; Amy Kathleen Recla, LEAD ATTORNEY, Jackson Lewis PC, Tampa, FL; David Joshua Awoleke, Jackson Lewis P.C., Tampa, FL.

Contrell Leo Floyd, Plaintiff, Pro se, Miami, FL.

**Judges:** ENJOLIQUÉ A. LETT, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** ENJOLIQUÉ A. LETT

## Opinion

**ORDER GRANTING IN PART PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR SANCTIONS**

THIS MATTER is before the Court on Plaintiff's Emergency Motion to Compel Defendant's Compliance with Plaintiff's Request for Production of Documents and Requests for Admissions and for Sanctions for the Plaintiff Contrell Leo Floyd (the "Motion")[1], ECF No. 113. The Court shortened Defendant's time to respond to the Motion, requiring Defendant to file its response to the Motion on May 23, 2025. *See* ECF No. 115. In compliance therewith, Defendant filed its Response in Opposition to Plaintiff's Motion to Compel Compliance with Plaintiff's Request for Production of Documents and Memorandum (the "Opposition" or "Opp."), ECF No. 122. A reply from Plaintiff is unnecessary. Therefore, [*2] having reviewed the Motion, Defendant's Opposition, and relevant legal authority, the Motion is **GRANTED**.

Plaintiff seeks to compel production of (1) employment records of certain of Defendant's employees; and (2) the work schedules of certain of Defendant's employees.[2] Defendant argues that Plaintiff seeks the requested information without showing that the individuals implicated by the request "were similarly situated, treated more favorably, or that the intrusive requests are otherwise relevant to the underlying issues and claims asserted in the operative Fourth Amended Complaint." Opp. at 2. However, Defendant's position misapprehends the stage of litigation the parties find themselves in, and in so doing, thwarts Plaintiff's ability to substantiate his claims after surviving Defendant's motion to dismiss.

The scope of discovery under *Federal Rule of Civil Procedure 26(b)* is broad. *See* *Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 685 (S.D. Fla. 2010)*. Indeed, *Rule 26(b)* allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case. *See* *Fed. R. Civ. P. 26(b)*. "[I]nformation can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the [*3] discovery of admissible evidence." *Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 687 (S.D. Fla. 2007)*. Here, Plaintiff alleges that he was subjected to "bias, unfair, unequal, and discriminatory treatment based solely on his sex as a male." [ECF No. 65] Fourth Am. Compl. ¶ 84. Specifically, Plaintiff

[1] The Motion, although styled as one seeking relief regarding Requests for Admissions and sanctions, no such relief was sought in the body of the Motion.

[2] Plaintiff's request for production numbers six and seven, respectively.

Page 2 of 2


contends that he was terminated and treated unfairly as compared to "his female coworkers with similar or worse criminal records." *Id.* Based on Plaintiff's allegations, specific employment records and work schedules of female P.M. dishwashers, as alleged in the Fourth Amended Complaint, are relevant to Plaintiff's claims. Defendant's arguments suggests that because Plaintiff cannot yet prove his claims, Plaintiff is not entitled to discovery that may lead to the proof he requires. Plaintiff's criminal history does not preclude him from obtaining relevant discovery, especially considering the safeguards imposed by the Court. *See* Order on Defendant's Emergency Motion for Protective Order, ECF No. 104.

For the aforementioned reasons, it is **ORDERED** and **ADJUDGED** that Plaintiff's Emergency Motion to Compel Defendant's Compliance with Plaintiff's Request for Production of Documents and Requests for Admissions and for Sanctions for the Plaintiff Contrell Leo [*4] Floyd is **GRANTED in part**. To the extent Defendant has not produced documents responsive to Plaintiff's Request for Production Nos. 6 and 7, within seven (7) days of this Order, Defendant must produce the following redacted[3] documents:

(1) Records disclosing the hire date and termination date, if any, of female P.M. dishwashers from July 25, 2021 until August 12, 2021;

(2) Records disclosing the reason for termination, if any, of female P.M. dishwashers from July 25, 2021 until August 12, 2021;

(3) The results of the criminal background check of female P.M. dishwashers from July 25, 2021 until August 12, 2021; and

(4) Work schedules of female P.M. dishwashers from July 25, 2021 until August 12, 2021.

**DONE and ORDERED** in Chambers in Miami, Florida on this 27th day of May, 2025.

/s/ Enjoliqué A. Lett

**ENJOLIQUÉ A. LETT**

**UNITED STATES MAGISTRATE JUDGE**

---

[3] Documents should be redacted in compliance with this Court's Order on Defendant's Emergency Motion for Protective Order, ECF No. 104.

End of Document