# Gonzalez v. Verfruco Foods, Inc.

United States Court of Appeals for the Eleventh Circuit

February 7, 2023, Filed

No. 21-12922 Non-Argument Calendar

**Reporter**
2023 U.S. App. LEXIS 2969 *; 2023 WL 1794391

In re: EDUARDO GONZALEZ, Pursuant to 28 U.S.C. 1782 For Judicial Assistance in Obtaining Evidence for Use in Foreign International Proceedings, Petitioner-Appellee, versus VERFRUCO FOODS, INC., Respondent-Appellant, VICTOR SEBASTIAN MAURICIO, et al., Respondents.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** [*1] Appeal from the United States District Court for the Southern District of Florida. D.C. Docket No. 1:20-mc-24628-DPG.

*In re Application of Gonzalez, 2020 U.S. Dist. LEXIS 215992 (S.D. Fla., Nov. 17, 2020)*
*Gonzalez v. Pursuant to 28 U.S.C. 1782 for Judicial Assistance in Obtaining Evidence for Use in Foreign Int'l Proceedings, 2021 U.S. Dist. LEXIS 164306 (S.D. Fla., Apr. 14, 2021)*

**Disposition:** AFFIRMED.

**Counsel:** For EDUARDO GONZALEZ, Pursuant to *28 U.S.C. 1782* For Judicial Assistance in Obtaining Evidence for Use in Foreign International Proceedings, Petitioner - Appellee: Jay A. Yagoda, Humberto H. Ocariz, Bethany Jane Matilda Pandher, Eva Spahn, Greenberg Traurig, PA, MIAMI, FL; Daniel Pulecio-Boek, Quinn Emanuel Urquhart & Sullivan, LLP, WASHINGTON, DC; Jose Dario Vazquez, MIAMI, FL.

For VERFRUCO FOODS, INC., Respondent - Appellant: Jordan Tank, Lipe Lyons Murphy, CHICAGO, IL.

For SERVICE: David Lopez, Cacheaux, Cavazos & Newton, L.L.P., SAN ANTONIO, TX.

**Judges:** Before ROSENBAUM, GRANT, and EDMONDSON, Circuit Judges.

## Opinion

PER CURIAM:

This appeal stems from an application for judicial assistance under *28 U.S.C. § 1782*. Eduardo Gonzalez filed *ex parte* a *section 1782* application seeking discovery from Verfruco Foods, Inc. ("Verfruco US") for use in anticipated litigation in Mexico. The district court granted Gonzalez's application and ordered the issuance of Gonzalez's proposed subpoenas. The district court later denied Verfruco US's motion to vacate and to quash the subpoenas. No reversible error has been shown; we affirm.[*]

**I** [*2] .

Gonzalez is a Mexican engineer with expertise in processing avocados. In 2007, Gonzalez and two Mexican businessmen -- Victor Sebastian-Mauricio and Jaime Sebastian-Mauricio (the "Brothers") --formed a new business entity focused on processing avocados and selling avocado pulp and guacamole in Mexico and internationally. The newly-created Mexican entity was called Verfruco de Mexico, S. de R.L. de C.V. ("Verfruco Mexico"). Gonzalez received an 8% equity interest in Verfruco Mexico. The Brothers received a combined

[*] Verfruco US identifies three orders in its notice of appeal: (1) the district court's 17 November 2020 order granting Gonzalez's *section 1782* application; (2) the magistrate judge's 14 April 2021 order denying Verfruco US's motion to vacate and to quash the subpoenas; and (3) the district court's 26 July 2021 order affirming the magistrate judge. Gonzalez contends that Verfruco US's notice of appeal (filed 24 August 2021) was untimely filed for the 17 November 2020 order. We need not decide that issue today. Because we affirm the denial of Verfruco US's motion to vacate the 17 November 2020 order, the underlying order necessarily stands, regardless of whether it was timely appealed.

Page 2 of 4


35% ownership interest and became managers-of-record for Verfruco Mexico, authorizing the Brothers to act on behalf of the company under Mexican law.

In 2009, the Brothers established Verfruco US -- a United States entity with its principal place of business in Coral Gables, Florida -- to supply pulp and guacamole to a specific client based within the United States. The Brothers obtained a 97% ownership share in Verfruco US and provided Gonzalez with a 3% ownership share.

By 2020, the overall Verfruco business had become a lucrative operation, generating more than $50 million in annual revenues.

According to Gonzalez, the Brothers have since frozen him out of the business and [*3] have sought to deprive Gonzalez of his equity interest in Verfruco Mexico. Gonzalez contends that the Brothers transferred Verfruco Mexico's assets and clientele to other companies owned or controlled (or both) by the Brothers, thus depleting Verfruco Mexico of all value. The companies to which assets were transferred include three Mexican entities: Freshcourt, S. de R.L. de C.V. ("Freshcourt"), Novafoods, S. de R.L. de C.V. ("Novafoods"), and FI Avocados, S. de R.L. de C.V. ("FI Avocados").

Gonzalez filed in the United States District Court for the Southern District of Florida the *section 1782* application underlying this appeal. Gonzalez said he intends to initiate litigation in Mexico against Verfruco Mexico, Freshcourt, Novafoods, and FI Avocados (collectively, the "Mexican Companies") to recover the value of his 8% ownership interest in Verfruco Mexico. In preparation for his anticipated litigation in Mexican court, Gonzalez sought to obtain from Verfruco US discovery about the purported fraudulent transfer of assets.

The district court granted Gonzalez's application and ordered the Clerk of Court to issue the proposed subpoenas. The district court ordered Verfruco US to provide deposition [*4] testimony and to produce documents requested by subpoena that were within its "possession, custody, and/or control." The subpoenas sought documentary and testimony evidence from Verfruco US on (1) assets, revenues, and profits of the Mexican Companies; (2) transfers of assets or cash from the Mexican Companies to the Brothers or to companies owned and/or controlled by them; and (3) evidence of Gonzalez's ownership interest in the Mexican Companies and efforts to deprive him of that interest.

Verfruco US moved to vacate the district court's order and to quash the subpoenas. A magistrate judge denied the motions. Verfruco US objected to the magistrate judge's ruling. The district court overruled those objections and affirmed the magistrate judge's decision. This appeal followed.

**II.**

We review for abuse of discretion the district court's rulings on a *section 1782* application, including the denial of a motion to vacate a *section 1782* order. *See* *In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007)*. We apply an "extremely limited and highly deferential" standard "identical to that used in reviewing the district court's ordinary discovery rulings." *See id.* Under this abuse-of-discretion standard, "we will leave undisturbed a district court's ruling unless we find that [*5] the district court has made a clear error of judgment, or has applied the wrong legal standard." *See* *Harrison v. Culliver, 746 F.3d 1288, 1297 (11th Cir. 2014)*.

A district court has authority under *section 1782* to grant an application for judicial assistance if these statutory requirements are met: (1) the request is "made by a foreign or international tribunal, or by any interested person"; (2) the request seeks testimonial or documentary evidence; (3) the requested evidence is "for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought . . . reside[s] or [is] found in the district of the district court ruling on the application for assistance." *Id. at 1331-32* (quotations omitted). That Gonzalez satisfied these statutory criteria is undisputed.

If all four statutory requirements are met, the district court may -- but is not required to -- grant relief under *section 1782*. *Id. at 1332*. In deciding whether relief is warranted, the district court next considers the four discretionary factors articulated in *Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004)*:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, . . . ;
>
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government [*6] or the court or agency abroad to U.S. federal-court judicial assistance;

Page 3 of 4


> (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4) whether the request is otherwise unduly intrusive or burdensome.

*See* id. at 1334 (quotations omitted) (citing *Intel, 542 U.S. at 264-65*). Verfruco US raises no challenge to the district court's determination that the second and third *Intel* factors weigh in Gonzalez's favor. Only the first and fourth factors are at issue in this appeal.

A.

The magistrate judge determined that the first *Intel* factor weighed in Gonzalez's favor. The magistrate judge noted that Gonzalez sought discovery from Verfruco US: a United States corporation not subject to the jurisdiction of the Mexican courts and "a nonparticipant in the prospective foreign proceeding." Never did Verfruco US object in the district court to the magistrate judge's findings or conclusions on the first *Intel* factor.

On appeal, Verfruco US now contends that the "true targets" of Gonzalez's discovery requests are the Mexican Companies: the intended defendants in the anticipated Mexican litigation. In support of its argument, Verfruco US relies chiefly on [*7] events that happened *after* the magistrate judge and the district court issued the orders underlying this appeal. Briefly stated, Verfruco US alleges that Gonzalez engaged in a "bait-and-switch" by expanding the scope of his discovery requests after the district court granted his section 1782 application and had affirmed the magistrate judge's order denying Verfruco US's motion to vacate.

We will not consider this supposed new evidence on appeal. *See* Selman v. Cobb Cty. Sch. Dist., 449 F.3d 1320, 1332 (11th Cir. 2006) ("In deciding issues on appeal we consider only evidence that was part of the record before the district court."). The record that was before the district court at the pertinent time supports the magistrate judge's determination that the first *Intel* factor favored Gonzalez.

B.

About the fourth *Intel* factor, Verfruco US contends that Gonzalez's discovery requests are unduly burdensome for two reasons: (1) because the requests seek evidence that "is within the exclusive possession of" the Mexican Companies; and (2) because Verfruco US supposedly lacks the requisite control over the Mexican Companies to obtain the evidence.

Discovery authorized under section 1782 is to be produced "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). Under Fed. R. Civ. P. 45, subpoenaed parties are required [*8] to "produce designated documents, electronically stored information, or tangible things in that person's *possession, custody, or control*." *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added). Rule 45 imposes no geographical limitation on the location of documents or information to be produced. *See* Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1200 (11th Cir. 2016). Thus, a subpoenaed party can be required to "produce responsive documents and information located outside the United States -- so long as [the party has] possession, custody, or control of such responsive material." *See id.*

We have "broadly construed 'control' for purposes of discovery as 'the legal right to obtain the documents requested upon demand.'" *See* id. at 1201. A "legal right to obtain" does not require actual possession or legal control. *See* id. at 1201 n.6. Sufficient "control" may be established for discovery purposes by showing that "affiliated corporate entities . . . have actually shared responsive information and documents in the normal course of their business dealings." *Id. at 1201*.

Here, the magistrate judge determined that Verfruco US had sufficient "control" within the meaning of Rule 45 over documents within the physical possession of the Mexican Companies. Based on unrebutted sworn statements in Gonzalez's declaration, the magistrate judge determined [*9] that Verfruco US and the four Mexican Companies share a common ownership. The magistrate judge also credited Gonzalez's assertion that Verfruco US and the Mexican Companies operate essentially as a single business group. In doing so, the magistrate judge took judicial notice of the websites for Verfruco US and Freshcourt: websites that evidenced overlapping contact information, business addresses, and personnel between Verfruco US, Verfruco Mexico, and Freshcourt. Verfruco US also registered in its own name the trademarks for Freshcourt and for Verfruco Mexico.

In the light of the evidence of shared ownership and an interrelationship between Verfruco US and the Mexican Companies, the magistrate judge concluded that Gonzalez had demonstrated sufficiently that Verfruco US had the requisite "control" over requested documents within the physical possession or custody of

Page 4 of 4


the Mexican Companies. In a similar way, the magistrate judge concluded that Gonzalez's discovery requests would result in no undue burden, given the shared management and ownership between Verfruco US and the Mexican Companies.

On appeal, Verfruco US disputes the magistrate judge's factual findings about the interrelationship [*10] between Verfruco US and the Mexican Companies. The magistrate judge's factual findings are, however, supported by the undisputed record evidence then before the magistrate judge. Nothing evidences that the magistrate judge's factual findings are clearly erroneous. We conclude that the magistrate judge made no clear error of judgment in determining that Verfruco US exercised sufficient control over the requested documents and that Gonzalez's discovery requests stopped short of being "unduly burdensome."

Because the record supports the magistrate judge's determination that all four *Intel* factors weighed in favor of Gonzalez, the district court abused no discretion in affirming the magistrate judge's denial of Verfruco US's motion to vacate the order granting Gonzalez's application for judicial assistance under *section 1782*.

AFFIRMED.

---

**End of Document**