# Gov't Emples. Ins. Co. v. Analgesic Healthcare, Inc.

United States District Court for the Middle District of Florida, Tampa Division

July 16, 2018, Decided; July 16, 2018, Filed

Case No. 8:17-cv-1130-T-27AAS

**Reporter**
2018 U.S. Dist. LEXIS 117887 *; 2018 WL 3427874

GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al., Plaintiffs, v. ANALGESIC HEALTHCARE, INC., and ROY EDGERTON, Defendants,

**Subsequent History:** Magistrate's recommendation at *Gov't Emples. Ins. Co. v. Analgesic Healthcare, Inc., 2018 U.S. Dist. LEXIS 123090 (M.D. Fla., July 17, 2018)*

**Counsel:** [*1] For Government Employee's Insurance Company, GEICO Casualty Insurance Company, GEICO General Insurance Company, Geico Indemnity Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, Plaintiffs: Barry I. Levy, Max Gershenoff, LEAD ATTORNEYS, PRO HAC VICE, Rivkin Radler, LLP, Uniondale, NY; John Patrick Marino, Kristen Wenger Bracken, Lindsey R. Trowell, LEAD ATTORNEYS, Smith, Gambrell & Russell, LLP, Jacksonville, FL; Steven T. Henesey, LEAD ATTORNEY, Rivkin Radler LLP, Uniondale, NY.

For GEICO Secure Insurance Company, Plaintiff: John Patrick Marino, Kristen Wenger Bracken, Lindsey R. Trowell, LEAD ATTORNEYS, Smith, Gambrell & Russell, LLP, Jacksonville, FL.

For Analgesic Healthcare, Inc., Roy Edgerton, Defendants: Douglas Scott Gregory, LEAD ATTORNEY, PRO HAC VICE, Douglas S. Gregory, PA, Tampa, FL; Leonard G. Learner, PRO HAC VICE, Law Office of Leonard G. Learner, Wellesley, MA.

For Peter J. Grilli, Mediator: Peter John Grilli, LEAD ATTORNEY, Peter J. Grilli, PA, Tampa, FL.

**Judges:** AMANDA ARNOLD SANSONE, United States Magistrate Judge.

**Opinion by:** AMANDA ARNOLD SANSONE

## Opinion

**ORDER**

Analgesic Healthcare and Roy Edgerton move to quash a subpoena duces tecum GEICO served on The Bank of Tampa. (Doc. [*2] 110). GEICO[1] objects. (117). GEICO subpoenaed documents relevant to its claims against the defendants. Therefore, Analgesic and Mr. Edgerton's motion to quash is **DENIED**.

### I. BACKGROUND

GEICO submitted a second amended complaint against Analgesic Healthcare and Mr. Edgerton in which GEICO asserts causes of action under the *Declaratory Judgment Act, 28 U.S.C. Sections 2201* and *2202*, and the *RICO Act, 18 U.S.C. Section 1962*. (Doc. 107). GEICO also alleges common law fraud, unjust enrichment, and violations of Florida, New Jersey, Minnesota, Massachusetts, and Pennsylvania law. (Doc. 107). GEICO essentially claims the defendants fraudulently submitted hundreds of charges to GEICO on behalf of patients, insured by GEICO, who received treatment for injuries sustained from auto accidents. (Doc. 107). Analgesic Healthcare and Mr. Edgerton deny GEICO's claims. (Doc. 114).

GEICO served a subpoena duces tecum on The Bank of Tampa. (Doc. 117-1). In it, GEICO requested The Bank of Tampa produce all documents related to accounts maintained by Analgesic Healthcare, including:

> copies of all deposit and/or withdrawal slips, canceled checks, transaction statements, electronic fund transfers, wire transfers, account ledgers, account formation and governance [*3] documents, corporate resolutions, signature cards, powers of attorney and all correspondence related to the accounts.

---

[1] The plaintiffs are GEICO and multiple GEICO subsidiaries. (Doc. 107, p. 1). The court refers to the plaintiffs collectively as "GEICO."

Page 2 of 3


(*Id.*). GEICO requests documents from January 1, 2010 to present. (*Id.*).

Analgesic Healthcare and Mr. Edgerton moved to quash GEICO's subpoena duces tecum served on The Bank of Tampa. (Doc. 110). Analgesic Healthcare and Mr. Edgerton claim GEICO's subpoena requests privileged information not subject to exception nor waiver. (*Id.* at 1). Analgesic Healthcare and Mr. Edgerton also claim GEICO's subpoena requests confidential business records and proprietary information—information in which they assert a privacy right and a real interest. (*Id.* at 2-5). Additionally, the defendants argue the requested bank records are irrelevant to GEICO's claims. (*Id.* at 4). Analgesic Healthcare and Mr. Edgerton also object to the temporal scope of GEICO's subpoena (all documents from January 1, 2010, to present). (Doc 110, p. 4).

GEICO claims its subpoena requests documents for the period in which events that led to its claims took place. (Doc. 117, p. 1). GEICO argues the defendants have no standing to object to the subpoena. (*Id.* at 5-6). GEICO also argues the requested documents are relevant to its claims and not privileged [*4] or confidential. (*Id.* at 6-17). According to GEICO, its subpoena is not overbroad and a confidentiality order would alleviate the defendants' concerns about confidential business or proprietary information. (*Id.* at 18-19).

**II. ANALYSIS**

Under *Federal Rule of Civil Procedure 26(b)(1)*, a party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. *Fed. R. Civ. P. 26(b)(1)*. Discovery is meant to assist parties in ascertaining facts that bear on issues in the case. *ACLU of Fla., Inc. v. City of Sarasota, 859 F.3d 1337, 1340 (11th Cir. 2017)* (citations omitted).

*Federal Rule of Civil Procedure 45* permits discovery from non-parties by subpoena and requires the court to quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in *Rule 45(c)*;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden

*Fed. R. Civ. P. 45(d)(3)*. A party lacks standing to challenge a subpoena served on a third party unless the party has a personal right or privilege with respect to the materials subpoenaed. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005)* (citations omitted) (holding that a party's standing to challenge a subpoena to a non-party is "somewhat broader" than only circumstances where the material sought is privileged because [*5] it also encompasses circumstances in which the party has a personal right with respect to the materials subpoenaed).

Here, the defendants argue that they have standing because they have a "privacy right" or a "real interest" in their bank account records. (Doc. 110, p. 2-3). GEICO challenges the standing. The court need not decide whether the defendants' privacy interest in their bank records rise to the level of a "privacy right" or a "real interest" sufficient to confer standing under *Rule 45* because they clearly have standing under *Rule 26* to seek a protective order. *Belnavis v. Edwards Masonry, Inc., No. 8:13-CV-2580-T-24MAP, 2014 U.S. Dist. LEXIS 192514, 2014 WL 12621586, at *1 (M.D. Fla. July 24, 2014)* (passing on issue of *Rule 45* standing and instead construing motion to quash as a motion to seek a protective order under *Rule 26*).

The materials GEICO requested from The Bank of Tampa are indeed relevant and proportional to its claims against the defendants. In its second amended complaint, GEICO claims the defendants took part in a scheme, which began in 2010 and included illegal kickback payments, to submit fraudulent claims to GEICO on behalf of patients involved in auto accidents. (Doc. 107, pp. 1-3). GEICO claims Mr. Edgerton owned and controlled Analgesic Healthcare and used it [*6] to submit fraudulent claims to GEICO. (Doc. 107, p. 2). Analgesic Healthcare's bank records GEICO subpoenaed from The Bank of Tampa are relevant to GEICO's claims concerning alleged illegal kickback payments and Mr. Edgerton's alleged ownership and control of Analgesic Healthcare. Because the subpoenaed bank records are relevant and proportional to issues in this case, Analgesic Healthcare and Mr. Edgerton's motion is denied.

However, when a subpoena duces tecum requests financial records that are confidential and proprietary in nature, the parties must keep that material confidential during the discovery process. *Inglis v. Wells Fargo Bank, N.A., No. 2:14-CV-677-FtM-29CM, 2016 U.S.*

Dist. LEXIS 64152, 2016 WL 2854204, at *4 (M.D. Fla. May 16, 2016) (citation omitted); *see also* Giambrone v. Kearney & Co., P.C., No. 8:16-CV-2083-T-30AAS, 2017 U.S. Dist. LEXIS 89669, 2017 WL 2538705, at*2 (M.D. Fla. June 12, 2017) (requiring parties to confer in good faith to reach an agreement about protecting a party's subpoenaed employment records). Therefore, the parties here must enter into a confidentiality agreement to keep Analgesic Healthcare's bank records confidential during the discovery phase of this litigation. Analgesic Healthcare's bank records from The Bank of Tampa must be produced consistent with that confidentiality agreement.

**III.** [*7] **CONCLUSION**

Analgesic Healthcare's subpoenaed bank records from The Bank of Tampa are relevant and proportional to GEICO's claims against Analgesic Healthcare and Mr. Edgerton. Therefore, it is **ORDERED** that Analgesic Healthcare and Mr. Edgerton's motion (Doc. 110) is **DENIED**. The subpoenaed documents from The Bank of Tampa must be produced consistent with a confidentiality agreement reached by the parties.

**ORDERED** in Tampa, Florida on this 16th day of July, 2018.

/s/ Amanda Arnold Sansone

AMANDA ARNOLD SANSONE

United States Magistrate Judge

---

End of Document