# *Henderson v. Holiday CVS, L.L.C.*

United States District Court for the Southern District of Florida

August 9, 2010, Decided; August 9, 2010, Filed

CASE NO. 09-80909-CIV-MARRA/JOHNSON

**Reporter**
269 F.R.D. 682 *; 2010 U.S. Dist. LEXIS 80660 **

KRISTY HENDERSON, individually and on behalf of persons similarly situated, Plaintiff, vs. HOLIDAY CVS, L.L.C., a Florida limited liability company, et al., Defendants.

**Prior History:** *Henderson v. Holiday CVS, LLC, 2010 U.S. Dist. LEXIS 53604 (S.D. Fla., May 10, 2010)*

**Counsel:** [**1] For Kristy Henderson, individually and on behalf of persons similarly situated, Plaintiff: Gregg I. Shavitz, Hal B. Anderson, LEAD ATTORNEYS, Shavitz Law Group, Boca Raton, FL.

For Wesley Gorman, Debora Williams, Alberto Martinez, Muhammad Chaudhry, Larry Brinkley, John Barrett, Francis Alyn, Michael Edwards, Jani Pankaj, Ingrid Love, James Cappello, Kenton Parker, Abiola Idowu, Glenn Pierre, James Carrillo, Michael Rodriguez, Patrick Lamontagne, David Durham, Raul Mendiz, Michelle Sanon, Michael Rennick, Amy Daitz, Richard Feliciano, Plaintiffs:Gregg I. Shavitz, Shavitz Law Group, Boca Raton, FL.

For Joachim E. Traebecke, Plaintiff: Martin Eric Leach, Feiler & Leach, LEAD ATTORNEY, Coral Gables, FL; Gregg I. Shavitz, Shavitz Law Group, Boca Raton, FL.

For Alan Albury, Juan Araujo, Luis Babilonia, William Baxter, Marlen Baxter, Steven Benner, John Brennan, Melinda Brown, Neal Chicoine, Dan Conrad, Culbreth, Timothy Darby, Towana Dellera, Mario Derogatis Robert Dittell, Terri Ehlen, Jude Etienne, Ariel Fernandez, Arkadiusz Fryc, Wade Gordon, Clark Gryglewicz, Tammy Gutierrez, Michelle Heuer, Kwok Ho, Robert Howard, Andres Jimenez, Stephen Kane, Erin Kazo, George Lopez, David Lyjak, Bonnie [**2] Maclauchlin, Lori Mann, Alberto Martinez, Regina Mills, Tina Nierenberg, Jennifer Parrilla-Martin, Anthony Patterson, Jarvin Perez, Joe Perez, Mary Roberts, Robert Rocco, Manuel Rodriguez, Michael Rupp, Joseph Russo, Mikhail Rybin, Rolex Saint-Preux, Michael Satterlee, William Small, George Stefanou, Darin Strong, Danny Surinach, Julius Teiszler, Kristina Thimm, Maritza Torres, Martin Traub, Donald Tubbs, Thom Urwin, Eddie Valentin, Kurt Waites, Jennifer West, Kim Wever, Rodney Whitt, Sarah Williams, Weng Wong, Nancy Zima, Robert Andrews, Kathleen Beckman, Jeffrey Cary, Timothy Cavanaugh, Sharon Colvin, Joseph Dennett, Trudy Hernandez, Kerry Hubert, Mike Jupina, Deaundrey Kurns, Trent Law, Andranetta Nelson, Brandon Sieg, Henry Storino, Robert Brill, Lundy Diaz, Gregory Kihlgren, Stanley Hogan, Stephan Lamonica, Michelle Prichard, Sue Roselli, Leighton Royster, Nathaniel Ryan, Plaintiffs: Gregg I. Shavitz, LEAD ATTORNEY, Shavitz Law Group, Boca Raton, FL.

For Holiday CVS, L.L.C., a Florida limited liability company, CVS Caremark, Corporation, a Delaware corporation doing business as CVS/Pharmacy, CVS Pharmacy, Inc., a Rhode Island corporation; and XYZ Entities 1-1000, fictitious names [**3] of unknown liable entities, doing business as CVS/Pharmacy, Defendants: Christopher Patrick Hammon, David M. DeMaio, LEAD ATTORNEYS, Ogletree Deakins Nash Smoak & Stewart PC, Miami, FL; James J. Swartz, Jr., LEAD ATTORNEY, Nancy E. Rafuse, PRO HAC VICE, Ashe Rafuse & Hill LLP, Atlanta, GA.

**Judges:** LINNEA R. JOHNSON, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** LINNEA R. JOHNSON

## Opinion

[*685] **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Better Responses to Plaintiff's' Fourth Request for Production (D.E. #59). For the following reasons said Motion is granted in part and denied in part in accordance with the terms hereof.

This is a class-action lawsuit brought by Plaintiff, Kristy Henderson, on behalf of herself and others similarly situated, against Defendants, Holiday CVS L.L.C., CVS Caremark Corporation, and CVS Pharmacy, Inc., and

Page 2 of 7


their respective divisions, subsidiaries, and affiliates, under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"). Plaintiff was an employee of Defendants who worked as a salaried assistant manager for approximately eight months. Plaintiff alleges that she was mis-classified by Defendants as being exempt from the overtime protections of the FLSA because her [**4] primary duties as an assistant manager were of a non-exempt nature. Accordingly, Plaintiff alleges that Defendants intentionally and willfully failed to properly pay Plaintiff and similarly situated persons throughout the United States for all overtime hours worked in excess of forty (40) hours within a workweek, in violation of the FLSA.

At issue is the validity of certain objections raised by Defendant, Holiday CVS, to Plaintiff's August 5, 2009 Production Requests. Rule 34 of the Federal Rules of Civil Procedure allows any party to serve on any other party requests to produce, inspect and copy, test or sample any documents or tangible things which constitute or contain matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure. The scope of discovery under Rule 26(b) is broad: "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party involved in the pending action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.; see also Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947); Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985) [**5] (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Thus, under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." Id. at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974).

While the scope of discovery is broad, it is not without limits. Washington v. Brown & Williamson Tobacco, 959 F.2d 1566, 1570 (11th Cir. 1992). Indeed the 2000 Amendment to Rule 26 has effectively limited the scope of discoverable information to those matters which are relevant to a claim or defense in the lawsuit. Dellacasa, LLC v. [*686] John Moriarty & Ass. Of Florida, Inc., 2007 U.S. Dist. LEXIS 84898, 2007 WL 4117261 at *3 (S.D. Fla. 2007). [**6] Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012-13, 322 U.S. App. D.C. 301 (C.A.D.C. 1997)(quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y. 1958)); Donahay v. Palm Beach Tours & Transp., Inc., 2007 U.S. Dist. LEXIS 65163, 2007 W.L. 1119206 at *1 (S.D. Fla. 2007).

Under Fed. R. Civ. P., 26(b)(1) a court may limit discovery of relevant material if it determines that the discovery sought is unreasonably cumulative or duplicitive, or obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit. Id. The party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000) ("The onus is on the party resisting discovery to demonstrate specifically how the objected-to [**7] information is unnecessary, unreasonable or otherwise unduly burdensome."); Dunkin Donuts, Inc. v. Mary's Donuts, Inc., 2001 U.S. Dist. LEXIS 25204, 2001 WL 34079319 (S.D. Fla. 2001) ("the burden of showing that the requested information is not relevant to the issues in the case is on the party resisting discovery") (citation omitted); Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information"). To meet this burden, the party resisting discovery must demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. See Fed. R. Civ. P. 33(b)(4); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985); Rossbach, 128 F.Supp.2d at 1353. Thus, to even merit consideration, "an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." Coker v. Duke & Co., 177 F.R.D. 682, 686 (M.D. Ala. 1998). Once the resisting

Page 3 of 7


party meets its burden, the burden shifts to the moving party to show the [**8] information is relevant and necessary. *Gober, 197 F.R.D. at 521*; see also *Hunter's Ridge Golf Co. Inc. v. Georgia-Pacific Corp., 233 F.R.D. 678, 680 (M.D. Fla. 2006)*.

As a preliminary matter and before undertaking an analysis of the particular requests and responses/objections thereto, the Court shall address Defendant's privilege objections. First, the Court agrees with Defendants that finding a waiver under the circumstances presented, where Defendant with the tacit approval of Plaintiffs, submitted an untimely privilege log, is an extreme sanction, too harsh under the circumstances. *Tyne v. Time Warner EntertainmentCo., L.P., 212 F.R.D. 596, 597 (M.D. Fla. 2002)*(declining to find waiver of privilege where Defendants served an incomplete privilege log eight months late and three days before the close of discovery); *Knights Armament Co. v. Optical Sys. Technology, Inc., 2009 U.S. Dist. LEXIS 14271, 2009 WL 331608, *6-7 (M.D. Fla. Feb. 10, 2009)*(refusing to find assertions of privileges waived where defendant delayed six months before producing a privilege log, and then produced an incomplete log).

Notwithstanding the foregoing, the Court hereby denies Defendant's objections on the basis of the attorney-client privilege, [**9] the work product doctrine and the self-critical analysis privilege, without prejudice and with leave to re-assert such privileges, if appropriate, after defense counsel's thorough and comprehensive review of the documents claimed protected. Based on the terminology used throughout Defendants' Response brief regarding a "potential" privilege, and the documents "may" be subject to a privilege, the Court has grave doubts whether CVS has conducted an independent, good faith review of the documents it claims are subject to protection. Adding to these doubts is the fact that CVS has failed to adequately explain, and frankly this Court is unable to imagine, how most if not all of the [*687] asserted privileges could possibly apply to protect such documents as guidelines CVS utilizes in determining whether and when to add assistant store manager positions and evaluations of those individuals employed as assistant store managers.

In this regard, counsel for Defendants are ordered to independently review each document claimed subject to a privilege against the applicable law to determine whether, in fact, a good faith claim of privilege may be asserted. Defense counsel shall have twenty (20) days from [**10] the date hereof within which to conduct such review and re-submit to Plaintiff any privilege log in good faith deemed applicable. Any documents deemed by defense counsel after such review to be not covered by any privilege, shall be produced to Plaintiff during that same twenty (20) day time period.

In conducting such review, defense counsel should be instructed by the following principles. The attorney-client privilege protects confidential communications between a lawyer and his client for the purpose of obtaining legal advice. *Fisher v. United States, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976)*; *U.S. v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir.)*, cert. denied, *502 U.S. 1005, 112 S. Ct. 640, 116 L. Ed. 2d 658 (1991)*; *In re Grand Jury Subpoena (Bierman), 788 F.2d 1511, 1512 (11th Cir. 1986)*. Thus, material involving confidential communications between the attorney and the client which fall within the purview of the privilege are rendered immune from discovery. *Fisher, 425 U.S. at 403*. To successfully invoke the privilege, the claimant must establish the following:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his [**11] subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion on law of (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Noriega, 917 F.2d 1543, 1550 (11th Cir. 1990)* (quoting *United States v. Kelly, 569 F.2d 928, 938 (5th Cir.)*, cert. denied, *439 U.S. 829, 99 S. Ct. 105, 58 L. Ed. 2d 123 (1978)* quoting *In re Grand Jury Proceedings (Jones), 517 F.2d 666, 670 (5th Cir. 1975))*.

Ordinarily, the attorney-client privilege attaches only to the content of communications, not to matters concerning identity or procedure. *In re Grand Jury Proceedings (Twist), 689 F.2d 1351, 1352 (11th Cir. 1982)*. Further, voluntary disclosure of the facts in question constitutes a waiver of the privilege. *United States v. Woodall, 438 F.2d 1317, 1324 (5th Cir. 1970)*, cert. denied, *403 U.S. 933, 91 S. Ct. 2262, 29 L. Ed. 2d*

*712 (1971)*. Finally, the burden is on the party invoking the privilege to establish [**12] the existence of an attorney-client relationship and the confidential nature of the information sought. *In re Grand Jury Subpoena (Bierman), 788 F.2d at 1511-1512*; *In re Grand Jury Proceedings, 73 F.R.D. 647, 651 (N.D. Fla. 1977)*.

Thus, when asserting the privilege, it is incumbent upon the proponent to specifically and factually support his claim. *In re Grand Jury Subpoena (Lipnak), 831 F.2d 225, 227 (11th Cir. 1987)*. A blanket claim of privilege is improper. "The privilege must be specifically asserted with respect to particular documents." *Id. at 227* (quoting *United States v. El Paso Co., 682 F.2d 530, 539 (5th Cir. 1982)*, cert. denied, *466 U.S. 944, 104 S. Ct. 1927, 80 L. Ed. 2d 473 (1984)*). Accord *Martinez v. Provident Life and Accident Ins. Co., 174 F.R.D. 502 (S.D. Fla. 1997)*(privilege log should be provided along with the objections); *Hoglund v. Limbach Constructors, Inc., 1998 U.S. Dist. LEXIS 8577, 1998 WL 307457 (S.D. Fla. March 30, 1998)*(same). See also *Fed. R. Civ. P. 26(b)(5)*; S.D. Fla. L.R. 26(1)(G)(6).

The work product doctrine protects from disclosure documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's [*688] attorney acting for his client. *Fed. R. Civ. P. 26(b)(3)* [1]; *In re Grand Jury Proceedings, 601 F.2d 162, 171 (5th Cir. 1979)*. [**13] The doctrine applies only to documents a party has assembled and not to facts learned from those documents. *Hickman, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451*; *United States v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 697 (S.D. Fla. 1990)*(citing *in re Alexander Grant & Co. Litigation, 110 F.R.D. 545, 548 (S.D. Fla. 1986))*. Accord *Smith v. Insurance Co. of No. America, 30 F.R.D. 534, 538 (M.D. Tenn. 1962)*; *Cedolia v. C.S. Hill Saw Mills, inc., 41 F.R.D. 524, 527 (M.D.N.C. 1967)*. Thus, the doctrine cannot be used as a shield against discovery of the facts that have been learned, the identity of the persons who learned such facts, or the existence or non-existence of documents, even though the documents themselves may not be subject to discovery. *Pepper's Steel, 132 F.R.D. at 697*; *Cedolia, 41 F.R.D. at 527*; *Smith, 30 F.R.D. at 538*.

In accordance with the doctrine's purpose — to safeguard the fruits of an attorney's trial preparation materials from discovery by the opposing party — protection is not afforded to documents prepared in the ordinary course of business. See *FDIC v. Cherry, Bekaert & Holland, 131 F.R.D. 596, 600, 605 (M.D. Fla. 1990)*. [**14] Rather to obtain work product protection, the documents must have been prepared in anticipation of some likely litigation or as integral preparation for trial. *Kent Corp. v. NLRB, 530 F.2d 612 (5th Cir. 1976)*, cert. denied, *429 U.S. 920, 97 S. Ct. 316, 50 L. Ed. 2d 287 (1976)*. *In re Grand Jury Proceedings, 73 F.R.D. 647, 652 (M.D. Fla. 1977)*. As with the attorney-client privilege, the party invoking the work product doctrine must specify those documents affected and state the grounds justifying their protection. *Fed. R. Civ. P. 26(b)(5)*; S.D. Fla. L.R. 26(1)(G)(6); *Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201-202 (M.D. Fla. 1990)*; *Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984)*; *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc., 707 F. Supp. 1429, 1439 (D. Del. 1989)*.

Once work product protection attaches, the doctrine is divided into two categories enjoying different degrees of protection. First is factual work product, to which is only applied a qualified immunity. A party may obtain such documents, but only upon a showing of both substantial need and undue hardship. *Castle v. Sangamo Weston, Inc., 744 F.2d 1464, 1467 (11th Cir. 1988)*. Second is opinion work product reflecting [**15] the mental impressions, conclusions, opinions, or legal theories of an attorney. "Opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994)*. See *Upjohn Co. v. United States, 449 U.S. 383, 401, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)*. [2]

*Production Request No. 1*

Request No. 1 seeks all documents that relate to the guidelines used to determine when an Assistant Store Manager position is added. Defendant objects, arguing the request as framed is overly broad and not relevant to the action to the extent it seeks information and documents outside the FLSA time period and unrelated

[1] *Rule 26(b)(3)* was adopted in 1970 to codify the holding in *Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947)*.

[2] There is also some doubt whether Defendant can rely on the self-critical analysis privilege at all, as same may not even be recognized by the Eleventh Circuit. See *Berner v. Carnival Corp., 2009 U.S. Dist. LEXIS, 35768* (S.D. Fla. 2009).

to the work of the opt-in Plaintiffs Chaudhry and Henderson's work as assistant store managers. Defendants further object on the basis the request is vague and ambiguous insofar as it requests "budget models" "standards" and "guidelines." Except as hereinafter stated, [**16] Defendant's objections are rejected and Plaintiffs' Motion as it relates to this request is granted.

Defendant's objections on the basis of relevancy/overbreadth are to some extent well-taken. Defendant contends the subject request is overbroad in that it does not contain a reasonable temporal or geographic limitation given that it requests information outside the FLSA time period and is not limited [*689] to the stores at which opt-in plaintiffs' Chaudhry and Henderson work. In some respects the Court agrees. Since the filing of the Motion the District Court ruled on Plaintiff's Motion Authorizing Notice to Potential Class Members (D.E. #104). In that Order the District Court has defined the class as "all misclassified, salaried assistant manager employees of CVS, who worked in the capacity of an assistant manager, however variously titled, at the location of every division, subsidiary, or affiliate of CVS throughout Florida, in excess of forty (40) hours per workweek in one or more workweeks within the previous three years..." Id. With Florida now having been established as the appropriate geographical scope, the Court agrees with Plaintiffs that discovery should not be limited to the stores [**17] in which the named Plaintiffs worked, as Defendants wish, but should instead be statewide. To the extent Plaintiff seeks nationwide discovery such request is denied. The Court agrees with Defendants that Plaintiffs have not shown the existence of any particular facts or circumstances which would permit [*690] Plaintiff to obtain nationwide discovery in this case when she does not seek nationwide certification. The Court recognizes there are exceptions to this general rule, see, e.g., *Planner v. Bennett Auto Supply, Inc., 2006 U.S. Dist. LEXIS 96952 (S.D. Fla. 2006)*, there simply has not been any evidence presented here which would justify such overarching discovery.

Temporally the scope of discovery shall be five (5) years prior to the institution of these proceedings. Plaintiffs' contention that Because the requests seek to discover facts relevant to Defendant's affirmative defense of good faith, "*any* responsive documents upon which Defendant is relying in this case are discoverable, regardless of the date of the documents or location from which such documents originate" is rejected as unreasonable. See *Long v. Landvest Corp., 2006 U.S. Dist. LEXIS 16369, 2006 WL 897612, *7-8 (D. Kan. March 31, 2006)*(limiting temporal [**18] scope in FLSA action to the three-year statute of limitations). Meanwhile, the Court believes that a time period of five (5) years prior to the case being filed is the most reasonable time period under the facts and circumstances presented in this case.

Defendant's objection on the basis of vagueness/ambiguity is denied. The terms "budget models" "standards" and "guidelines" are clear and easily ascertainable. To the extent Defendant is uncertain what is requested by these terms, Defendant shall do its best to supply reasonable definitions and produce documents it believes would be responsive to such newly redefined terms.

*Production Request No. 2*

Request No. 2 seeks all documents relating to the evaluations and reviews of those persons with the position of Assistant Store Manager. Defendant's objections to this request are similar to its objections to the last request and fare just as poorly. Defendant argues the request as framed is overly broad and not relevant to this action to the extent it seeks information and documents outside the FLSA time period and from stores other than where Henderson and Chaudhry worked. Defendant also argues the request is vague and ambiguous insofar as [**19] it requests "documents relating to "procedures or standards." Except as hereinafter stated, Defendant's objections are rejected and Plaintiffs' Motion as it relates to this request is granted.

Since the filing of the instant Motion, the District Court has ruled on Plaintiff's Motion Authorizing Notice to Potential Class Members (D.E. #104). In that Order the District Court has defined the class as "all misclassified, salaried assistant manager employees of CVS, who worked in the capacity of an assistant manager, however variously titled, at the location of every division, subsidiary, or affiliate of CVS throughout Florida, in excess of forty (40) hours per workweek in one or more workweeks within the previous three years..." With Florida now having been established as the appropriate geographical scope, the Court agrees with Plaintiffs that discovery should not be limited to the stores in which the named Plaintiffs worked, as Defendants wish, but should instead be statewide. To the extent Plaintiff seeks nationwide discovery such request is denied. The Court agrees with Defendants that Plaintiffs have not shown the existence of any particular facts or

Page 6 of 7


circumstances which would permit [**20] Plaintiff to obtain nationwide discovery in this case when she does not seek nationwide certification. The Court recognizes there are exceptions to this general rule, see, e.g., *Planner v. Bennett Auto Supply, Inc., 2006 U.S. Dist. LEXIS 96952 (S.D. Fla. 2006)*, there simply has not been any evidence presented here which would justify such overarching discovery.

Temporally the scope of discovery shall be five (5) years prior to the institution of these proceedings. Plaintiffs' contention that Because the requests seek to discover facts relevant to Defendant's affirmative defense of good faith, "*any* responsive documents upon which Defendant is relying in this case are discoverable, regardless of the date of the documents or location from which such documents originate" is rejected as unreasonable. See *Long v. Landvest Corp., 2006 U.S. Dist. LEXIS 16369, 2006 WL 897612, *7-8 (D. Kan. March 31, 2006)*(limiting temporal scope in FLSA action to the three-year statute of limitations). Meanwhile, the Court believes that a time period of five (5) years prior to the case being filed is the most reasonable time period under the facts and circumstances presented in this case.

The Court rejects Defendant's objections on the basis [**21] of vagueness/ambiguity. There is nothing vague or ambiguous about the terms "documents relating to" and "procedures or standards." As for the client confidences Defendant is concerned about disclosing, same shall be covered under the Confidentiality Agreement currently in place. In accordance with the foregoing, Plaintiffs' Motion as it relates to this request is granted. Defendant shall have fourteen (14) days from the date hereof in which to produce the discovery subject to this Order.

*Production Request Nos. 3, 6, 9, 17 and 19*

Request Nos. 3, 6, 9, 17 and 19 are similar to one another and essentially seek all documents related to persons holding the position of "shift manager," "shift supervisor," or "shift leader." Defendant objects arguing the requests are overly broad, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous. Further, Defendant asserts that the scope of the request should be limited geographically and temporally as to the stores where Plaintiff and Opt-In Plaintiff worked and to a three (3) year period.

For the reasons stated earlier, the Court finds the information requested by these requests directly relevant to these proceedings [**22] and, albeit with limitations as hereinafter described, discoverable. Once again the Court is hard-pressed to see in what possible [*691] way the requests are vague or ambiguous. Documents related to persons holding the position of "shift manager," "shift supervisor," or "shift leader" should be easily ascertainable from the plain meaning of the words supplied. As for relevancy, in order for Plaintiffs to distinguish between the work performed by assistant store managers and other employees, Plaintiffs will naturally require discovery regarding positions other than assistant store managers.

Finally, in accordance with the Court's earlier pronouncements, the geographic scope for all requests shall be limited to stores within the state of Florida. Furthermore, the temporal scope, as stated earlier, shall be limited to five (5) years prior to the institution of these proceedings. The parties have fourteen (14) days from the date hereof within which to produce the discovery subject to this Order.

*Production Request Nos. 3, 6, 9, 17 and 19*

Request Nos. 3, 6, 9, 17 and 19 are similar to one another and essentially seek all documents related to persons holding the position of "shift manager," "shift [**23] supervisor," or "shift leader." Defendant objects arguing the requests are overly broad, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous. Further, Defendant asserts that the scope of the request should be limited geographically and temporally as to the stores where Plaintiff and Opt-In Plaintiff worked and to a three (3) year period.

For the reasons stated earlier, the Court finds the information requested by these requests directly relevant to these proceedings and, albeit with limitations as hereinafter described, discoverable. Once again the Court is hard-pressed to see in what possible way the requests are vague or ambiguous. Documents related to persons holding the position of "shift manager," "shift supervisor," or "shift leader" should be easily ascertainable from the plain meaning of the words supplied. As for relevancy, in order for Plaintiffs to distinguish between the work performed by assistant store managers and other employees, Plaintiffs will naturally require discovery regarding positions other than assistant store managers.

Finally, in accordance with the Court's earlier pronouncements, the geographic scope for all requests

Page 7 of 7


[**24] shall be limited to stores within the state of Florida. Furthermore, the temporal scope, as stated earlier, shall be limited to five (5) years prior to the institution of these proceedings. The parties have fourteen (14) days from the date hereof within which to produce the discovery subject to this Order.

*Production Request No. 4*

Request No. 4 seeks all documents related to the SMD training program. While Defendant raises various general and boilerplate objections to the request, it then goes on to note that it has produced all documents responsive to this request. Accordingly, to the extent Defendants have already produced the documents, the Motion as it relates to these documents, is denied as moot. To the extent Defendants have additional documents responsive to this request, Defendant shall produce same within fourteen (14) days from the date hereof. In this regard, the Court notes Plaintiffs' valid concern they be provided not only documents regarding the most recent SMD training program, but documents involving past versions of then SMD training program as well. The Court agrees and orders Defendants to produce documents involving past versions of then SMD training program for [**25] a period of five (5) years prior to the institution of these proceedings. Plaintiffs' Motion as it relates to this request is therefore granted in accordance with the terms herein and Defendants are ordered to produce same within fourteen (14) days from the date hereof.

*Production Request Nos. 5, 7-8 & 15-16*

Request No. 5 seeks all documents regarding the salary or pay guidelines for the Assistant Store Manager position. Request No. 7 asks for all documents dealing with the screening policies or minimum standards for hiring Assistant Store Managers and Request No. 8 seeks all documents related to job postings or advertisements for the position of Assistant Store Manager. Request Nos. 15 and 16 seek all documents relating to personnel rosters at each store. Except for Defendant's objections regarding the temporal and geographical scope of the requests, which the undersigned has already explained she is want to do, Defendant's objections to the requests are without merit and rejected. Once again Defendant has failed to explain and this Court is at a loss to understand just how it is these requests can reasonably be believed subject to any sort of privilege claims. To the extent Defendants [**26] are concerned with employee confidences, said production shall be subject to the confidentiality agreement between the parties already in effect. Finally, in accordance with the Court's earlier pronouncements, the geographic scope for all requests shall be limited to stores within the state of Florida and the temporal scope, as stated earlier, shall be limited to five (5) years prior to the institution of these proceedings. Accordingly, Plaintiffs' Motion as it relates to these requests is granted and Defendants shall have fourteen (14) days from the date hereof in which to provide the discovery responsive to these requests.

*Production Request No. 12B*

Request No. 12B seeks all documents related to benefit plans offered to employees in retail stores or in field management. Defendant represents it is searching for earlier versions of the Store Salary Administration Guidelines and have agreed to produce other such versions. Accordingly, Plaintiffs' Motion as it relates to this request is granted and Defendant shall have fourteen (14) days from the date hereof within which to produce the discovery subject thereto.

The undersigned notes that nothing in this Order is intended to conflict with [**27] an Order [*692] already entered or to be entered in the future by the District Judge and to the extent there is any order so entered by the District Judge that in any way conflicts with this Order, the District Judge's Order takes precedence. In accordance with the above and foregoing, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Better Responses to Plaintiff's' Fourth Request for Production (D.E. #59) is **GRANTED IN PART AND DENIED IN PART IN ACCORDANCE WITH THE TERMS OF THIS ORDER.** Unless otherwise stated, all discovery ordered produced herein shall be produced within fourteen (14) days from the date hereof.

**DONE AND ORDERED** this 9th day of August, 2010, in Chambers at West Palm Beach, Florida.

/s/ Linnea R. Johnson

LINNEA R. JOHNSON

UNITED STATES MAGISTRATE JUDGE

---

**End of Document**