**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-24505-MOORE/Elfenbein

**IVAN GRANT**, *et al.*,

Plaintiffs,

v.

**STRATAIR AVIATION SERVICES, LLC**,

Defendant.
_____________________________________/

**ORDER AFTER DISCOVERY HEARING**

**THIS CAUSE** is before the Court on Plaintiffs Ivan Grant ("Grant"), Alex Laffita Ortiz ("Ortiz"), Eyonny Prado Duran ("Duran"), Luis Rodriguez Ceruto ("Ceruto"), Luis Same Gonzalo ("Gonzalo"), and Henry Pinto Sumoza's ("Sumoza" and collectively "Plaintiffs") Notice of Hearing (the "Notice"), ECF No. [34]. The Notice alerted the Court that the Parties required assistance with the following discovery disputes:

1. Whether Defendant StratAir Aviation Services, LLC's ("Defendant") objections to Plaintiffs' First Requests for Production ("RFP") Nos. 1, 2, 3, 4, 5, 8, 9, 11, 12, 13, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 33, 34, 35, 36, 37, 38, 39, 40, 44, 45, 46, 49, 50, 51, 52, 53, 54, 55, 59, 60, 61, 62, 63, 64, 65, 69, 70, 72, 81, 83, 85, 87, 90, 96, 106, 109, 110, 111, 112, 113, 116, 117, 118, 119, 120, 121, 122, 123, 126, 129, 130, 131, 134, 135, 136, 139, 140, 141, 142, 143, 144, 146, and 148 should be overruled, and Defendant be compelled to produce documents;

2. Whether Defendant's objections to Plaintiffs' First Interrogatories ("Interrogatories") Nos. 7 should be overruled and Defendant be compelled to produce a better answer as to the following Interrogatories:

    a. Grant Interrogatories Nos. 5, 6, 13, 16, 17, 18, 19, and 21;
    b. Laffita Interrogatories Nos. 2, 3, 8, 13, 15, and 21;
    c. Pinto Interrogatories Nos. 2, 3, 8, 9, 10, 15, and 20;
    d. Prado Interrogatories Nos. 2, 3, 7, 8, 13, 14, 16, and 18; Prado Second INT No. 1;

e. Rodriguez Ceruto Interrogatories Nos. 2, 3, 13, 17, and 18;
f. Same[1] Interrogatories Nos. 2, 4, 8, 9, 11, 13, and 18; and

3. Whether Defendant and third-party SNI Companies Corp.'s ("SNI") objections to Plaintiffs' subpoena duces tecum should be overruled and SNI be complied to respond.

*See* ECF No. [34] at 1-2.

The Court held a hearing on the discovery disputes on August 24, 2026 (the "Hearing"). *See* ECF No. [33]; ECF No. [37]. At the Hearing, Plaintiffs made an Oral Motion to Compel Better Responses to their Requests for Production (the "Motion to Compel RFP Responses"), ECF No. [38], and an Oral Motion to Compel Responses to SNI Third Party Subpoena (the "Motion to Compel SNI Subpoena Compliance"), ECF No. [39]. The Court ruled on the Oral Motion from the bench and stated on the record its reasons for those rulings. The Court briefly memorializes its ruling below.[2]

## I. Motion to Compel RFP Responses, ECF No. [38]

For the reasons stated on the record, Plaintiffs' Motion to Compel RFP Responses, **ECF No. [38]**, is **GRANTED in part and DENIED in part** and Defendant's objections are **SUSTAINED in part and OVERRULED in part**. Specifically, regarding:

1. RFP No. 1, Defendant **SHALL** produce any emails between SNI and Defendant regarding reduction of workforce in January 2024, to the extent such emails exist.

[1] The Court assumes this refers to Interrogatories related to Gonzalo.

[2] The Court notes that during the 3.5 hour Hearing, it ruled only on the issues as to RFPs Nos. 1-5, 8-9, 11-13, 17-18, 20-27, and the SNI subpoena. It did not reach the other noticed issues due to time constraints and strongly urged the Parties to meet and confer in light of the Court's rulings to attempt resolution of the remaining disputes before requesting another hearing.

2. RFP No. 2, Defendant **SHALL** produce all responsive documents supporting Defendant's contention that a "business need" required elimination of Plaintiffs' positions or a reduction in workforce.
3. RFP No. 3, Defendant did not object and **SHALL** produce responsive documents regarding financial statements, profit and loss statements, revenue reports, income statements, balance sheets, budgets, forecasts, projections, and operational reports from January 1, 2023 through March 31, 2024.
4. RFP No. 4, Defendant **SHALL** produce responsive documents reflecting communications between Defendant and Amazon.com or any other client concerning staffing levels, workload, cargo volume, flight schedules, contract modifications, or service requirements at the Miami warehouse location from October 1, 2023 through March 31, 2024. Defendants **MAY** designate any documents containing confidential information as such.
5. RFP No. 5, Defendant **SHALL** produce, to the extent there were any terminations from July 2023 through January 2024, any such termination lists and separation notices.
6. RFP No. 8, Defendant **SHALL** produce responsive documents for the entire timeframe noted in the request due to its waiver of the time scope objection.
7. RFP No. 9, Defendant **SHALL** produce all responsive documents from January 2024 through the end of July 2024. To the extent Defendant has already responded indicating it does not have the documents, it **SHALL** clearly state so in its supplemental response.
8. RFP No. 11, Defendant **SHALL** produce responsive documents, limited in temporal scope to post-reduction in force from January 2024 through July 2024 reflecting those individuals onboarded or hired during this timeframe with the job titles of warehouse handler, security guard, cargo loader, and cargo handler. As to the time of the reduction in force, to the

extent Defendant has not produced the employee roster file, it **SHALL** produce the document with the full list of names and hiring dates for everyone working for Defendant at the time of the reduction in force in 2024. To the extent already produced, Defendant will supplement its response to identify the document by bates number.

9. RFP No. 12, Defendant's objection is **SUSTAINED,** and the motion is **DENIED**.
10. RFP No. 13, Defendant's objection is **SUSTAINED,** and the motion is **DENIED without prejudice**. If Defendant later amends the Complaint raising an issue of joint liability implicating SNI, it may raise the issue at such time.
11. RFP No. 17, Defendant **SHALL** produce responsive documents with respect to any of the Plaintiffs selected for the reduction in force due to an attendance issue or similar nature.[3]
12. RFP No. 18, Defendant **SHALL** produce responsive documents reflecting each Plaintiff's compensation, including wages, hourly rates, salary adjustments, bonuses, overtime pay, and benefits from the date of hire through termination.
13. RFP No. 20, Defendant **SHALL** produce the personnel files of all its employees terminated during the January 2024 layoff or reduction in force because it failed to preserve its relevance objection and substantiate its undue burden objection. Defendant may designate the files as confidential to the extent the other non-party employees have privacy interests.
14. RFP No. 21, Defendant **SHALL** produce the complete personnel files limited to all employees retained in the positions of warehouse handler, security guard, cargo loader, or cargo handler who had a disciplinary history following the layoff or reduction in force in January 2024.

[3] The Court notes Defendant indicated that it produced responsive records as to Rodriguez for his FMLA and retaliation claims, as well as for Grant who is asserting claims involving race.

15. RFP No. 22, Defendant **SHALL** produce, to the extent they exist, any performance evaluations of Defendant's employees under the age of 40 who were retained as warehouse handlers, cargo handlers, cargo loaders, or security guards who had a disciplinary history.
16. RFP No. 23, Defendant **SHALL** produce responsive documents within the limitation imposed for RFP No. 21.
17. RFP No. 24, Defendant **SHALL** produce responsive documents within the limitation imposed for RFP No. 21.
18. RFP No. 25, Defendant **SHALL** produce any UKG electronic records showing employee attendance as well as any time off request forms for any of Defendant's employees under the age of 40 following the reduction in force in the position of security guard, cargo loader, or cargo handler for the year prior to the January 2023-January 2024 reduction in force.
19. RFP No. 26, Defendant **SHALL** produce performance evaluations of Defendant's employees over the age of 40 who worked at the Miami location in the position of warehouse handler, cargo handler, cargo loader, or security guard from January 2023-January 2024.
20. RFP No. 27, Defendant **SHALL** produce any disciplinary records or such records as contained in RFP No. 27 limited to any employees age 40 or older who worked in the Miami location in warehouse handling, cargo handling, cargo loading, or security from January 1, 2023, through February 29, 2024, whether terminated or retained.

**II. Motion to Compel SNI Subpoena Compliance, ECF No. [39]**

For the reasons stated on the record, Plaintiffs' Motion to Compel SNI Subpoena Compliance, **ECF No. [39]**, is **DENIED without prejudice** and Defendant and SNI's respective objections are

**SUSTAINED**. Should Plaintiffs amend the Complaint to include a theory of liability implicating SNI, Plaintiffs may reraise the issue.

## CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that, consistent with this Order, Plaintiffs' Motion to Compel Better Responses to Request for Production, **ECF No. [38]**, is **GRANTED in part** and **DENIED in part** and Plaintiffs' Motion to Compel Responses to SNI Third Party Subpoena, **ECF No. [39]**, is **DENIED without prejudice**. Defendant **SHALL** produce documents and amended responses **no later than September 23, 2026**.

**DONE and ORDERED** in Chambers in Miami, Florida on September 7, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record