UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IVAN GRANT, ALEX LAFFITA ORTIZ, HENRY PINTO SUMOZA, EYONNY PRADO DURAN, LUIS RODRIGUEZ CERUTO, and LUIS SAME GONZALO,

Plaintiffs,
v.

Case No. 1:25-cv-24505-Moore/Elfenbein

STRATAIR AVIATION SERVICES, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO COMPLETE SUPPLEMENTAL PRODUCTION**

Defendant, StratAir Aviation Services, LLC ("StratAir"), respectfully moves for a limited extension of the September 23, 2026 production deadline set forth in the Court's September 7, 2026 Order [DE 40]. In support thereof, StratAir states:

**INTRODUCTION**

StratAir requests an extension of time to complete its supplemental production solely for purposes of completing review and production of recently identified responsive materials. StratAir will serve supplemental written responses and make a substantial supplemental production by September 23, 2026.

StratAir seeks an additional period of thirty (30) days to complete processing, review, and production of the remaining responsive materials identified in its collection efforts. An extension of time is warranted under Federal Rule of Civil Procedure 6(b)(1)(A), which permits the Court to extend a deadline for good cause before the deadline expires. Good cause exists here given

StratAir's diligent collection efforts and the volume of physical records requiring manual processing.

## BACKGROUND

### A. The Discovery Hearing

1. On August 24, 2026, the Court conducted a discovery hearing concerning numerous disputes relating to Plaintiffs' requests for production, interrogatories, and subpoena to a third-party staffing agency. Following the hearing, the Court entered its September 7, 2026 Order, which granted in part and denied in part Plaintiffs' oral motion to compel, requiring supplemental production and amended written responses by September 23, 2026.

### B. Discovery Collection Efforts Undertaken

2. Following the hearing and entry of the Court's Order, StratAir undertook significant collection efforts. Among other things, StratAir has collected and reviewed information for its hundreds of employees from:

a. UKG personnel and workforce electronic systems;

b. Symetra electronic leave administration records;

c. Locally stored electronic files;

d. Navex system complaint records;

e. Financial and accounting systems;

f. Multiple workforce and business planning electronic workbooks;

g. Targeted email and electronic communication searches; and

h. Physical employee personnel and employment records maintained on-site by StratAir.

3. In an effort to ensure full compliance with the Court's Order, undersigned counsel traveled to StratAir's Miami facility and conducted an on-site review of physical repositories. During that review, StratAir identified substantial volumes of responsive paper records that are not stored electronically.

4. At the August 24 hearing, undersigned counsel advised the Court that responsive documents may be maintained in physical employee files. The on-site review confirmed that concern. The decisional unit at issue alone encompasses 258 employees, of whom 28 were terminated in the January 2024 reduction in force. The company's physical personnel files for these employees require manual review, scanning, and processing that cannot be completed electronically.

5. Those physical file repositories include:

a. Personnel files of the employees terminated alongside Plaintiffs in the January 2024 reduction in force;

b. Active employee personnel files (including employees who were included in the decisional unit for the January 2024 reduction in force that affected Plaintiffs);

c. Terminated employee personnel files;

d. Payroll, time off request forms, and leave-related records; and

e. Disciplinary and warning records.

6. StratAir is not requesting additional time because it failed to perform searches or collection efforts. Rather, StratAir has identified a substantial volume of potentially responsive materials that now require review, scanning, processing, Bates labeling, confidentiality review, and production.

7. The newly identified repositories consist primarily of paper personnel records and related employment documents maintained in physical form. Review and processing of those materials requires manual efforts that cannot reasonably be completed by September 23 despite StratAir's reasonable and diligent efforts. StratAir has already begun scanning the highest-priority repositories. StratAir has consulted outside vendors to explore the potential to accelerate the scanning and processing of the newly identified repositories but, despite those efforts, review and production of the remaining materials cannot reasonably be completed by September 23, 2026. StratAir also continues reviewing electronically collected materials, including substantial email-search results and other electronically stored information.

8. StratAir will not delay production pending resolution of this motion. On September 23, 2026, StratAir intends to produce:

a. Supplemental written responses;

b. Responsive personnel, demographic, workforce-planning, disciplinary, and electronically stored information already collected and reviewed;

c. Personnel files and records for the employees terminated in the January 2024 reduction in force that have been collected and prepared for production;

d. Personnel files for supervisors involved with the decision to terminate Plaintiffs, including Jose Alverio, Gisela Barrera Munoz, Armando Portales Viera, Lidier Leon, and Jorge Corral;

e. Responsive materials identified through the electronic collection process; and

f. Rolling productions as additional materials are reviewed and processed.

9. This motion is made in good faith and not for purposes of delay.

10. The requested extension will not prejudice Plaintiffs or disrupt the case schedule. Trial is not set until March 2027, and the final discovery status conference is scheduled for October 28, 2026. StratAir's requested extension through October 23, 2026 would permit completion of the supplemental production in advance of the discovery status conference. Moreover, StratAir will continue to serve supplemental written responses and make a substantial production on September 23, 2026, and make diligent efforts to produce documents prior to any extended deadline as documents are processed as set forth above.

WHEREFORE, StratAir respectfully requests a thirty-day extension, through and including October 23, 2026, to complete review and production of the remaining responsive materials identified through its post-hearing collection efforts.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that StratAir conferred via telephone with Plaintiffs' counsel, P. Brooks Larou, Esq., regarding the relief requested in this Motion. Plaintiffs oppose the relief requested.

Respectfully submitted,

**GUNSTER YOAKLEY & STEWART, P.A.**
777 S. Flagler Drive, Suite 500 East
West Palm Beach, Florida 33401
Telephone: (561) 655-1980

By: **Nalani Alesia Gordon**
Roger W. Feicht
Florida Bar No. 84982
rfeicht@gunster.com
lhagan@gunster.com

Nalani Alesia Gordon
Florida Bar No. 1010976

ngordon@gunster.com
lmusco@gunster.com

*Counsel for Defendant,*
*StratAir Aviation Services, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Nalani Gordon*

ACTIVE:40486383.1