UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

Defendant.
_______________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO COMPLETE SUPPLEMENTAL PRODUCTION**

Plaintiffs Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo, through undersigned counsel and pursuant to this Court's Paperless Order Requiring Expedited Briefing [ECF No. 42], hereby file their Response in Opposition to Defendant StratAir Aviation Services, LLC's Motion for Extension of Time to Complete Supplemental Production [ECF No. 41], as follows:

## I. INTRODUCTION

StratAir asks the Court to double the time it had to comply with the Court's September 7, 2026 Order [ECF No. 40]. Its only justification is that, sometime after the Court ordered production, StratAir finally looked in the physical repositories at its own Miami facility and found

the personnel files, disciplinary records, payroll records, and leave records that Plaintiffs requested more than six months ago. That is not good cause. It is the definition of a lack of diligence.

Plaintiffs served the discovery at issue on March 18, 2026. StratAir obtained two extensions, served responses on May 1, 2026 that produced no documents, promised during approximately five hours of conferral in May to remediate its responses and produce documents, and then did not do so [ECF No. 24 at 3–5; Cepero Garcia ECF Nos. 22, 24, 25, 34, 40]. Plaintiffs were forced to seek Court intervention. At the August 24, 2026 hearing, StratAir's counsel told the Court that responsive documents "may be maintained in physical employee files" [ECF No. 41 ¶ 4]. The Court then compelled production on eighteen of the twenty Requests for Production it reached, overruled several of StratAir's objections as waived or unsubstantiated, and set a firm September 23, 2026 deadline [ECF No. 40 at 2–6]. StratAir waited until September 22—one day before that deadline—to ask for thirty more days [ECF No. 41].

The extension StratAir seeks would push completion of the compelled production to October 23, 2026: after the October 21, 2026 deadline for the parties' Joint Discovery Status Report [ECF No. 29 at 2], and within roughly seven weeks of the close of discovery, including the Thanksgiving holiday. Under this Court's strict enforcement of Local Rules 26.1(d) and 26.1(g)(2) [ECF No. 8 at 2], that delay would leave Plaintiffs with little or no practical ability to use the documents, test their completeness, raise deficiencies, and complete the supervisory and human resources depositions that depend on them.

The Motion should be denied, StratAir should be required to complete its production within seven days of the deadline set by the Court's Order After Discovery Hearing [ECF No. 40], and Plaintiffs should be awarded the reasonable attorney's fees caused by StratAir's failure to

comply with the Court's Order. Alternatively, if the Court grants any extension, it should not exceed seven days, should require a single, complete production rather than open-ended rolling productions, and should be conditioned on the safeguards set out below.

## II. LEGAL STANDARD

A court may extend a deadline "for good cause" when the request is made before the deadline expires. Fed. R. Civ. P. 6(b)(1)(A). In the Eleventh Circuit, good cause turns on diligence: the standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). Where the information needed to meet the deadline was available to the movant all along, the movant cannot show good cause. *See id.* at 1419. District courts "enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), and this Court has made clear that it "strictly enforces Local Rule 26.1(d), which requires that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff" [ECF No. 8 at 2].

## III. ARGUMENT

### A. StratAir Cannot Show Good Cause Because the Delay Is the Product of Its Own Failure to Search Its Own Files.

StratAir frames the September 7, 2026 Order as the starting point of its production obligations. It was not. Plaintiffs served their first requests for production in the consolidated matters on March 18, 2026 [*Cepero Garcia* ECF No. 32 at 2]. StratAir obtained two extensions and served responses on May 1, 2026 across 199 requests for production, 173 requests for admission, and 147 interrogatories, but did not produce a single document, including in response to

approximately 27 RFPs to which it committed to produce [Cepero Garcia ECF No. 32 at 2–3; Cepero Garcia ECF Nos. 22, 24, 25].

Plaintiffs immediately tried to resolve the deficiencies without the Court. After Plaintiffs served a thirty-page conferral letter, the parties conferred on May 14 and May 18, 2026 for approximately five hours, and StratAir agreed to withdraw objections, serve amended responses, produce categories of documents, provide a privilege log, and provide written Rule 30(b)(6) topic objections [Cepero Garcia ECF No. 34 at 2–3]. By June 16, 2026, StratAir had done none of those things [*Id.* at 3]. Plaintiffs sought a discovery hearing and requested fees under Rule 37(a)(5) [*Cepero Garcia* ECF No. 40 at 5]. After de-consolidation, the Court heard the disputes on August 24, 2026, granted Plaintiffs' oral motion to compel in large part, and ordered StratAir to produce documents and amended responses by September 23, 2026 [ECF No. 40 at 2, 6].

Every category StratAir now says it needs more time to process was requested in March and sits in StratAir's own facility: personnel files of employees terminated in the January 2024 reduction in force, active and terminated employee personnel files, payroll, time-off and leave records, and disciplinary and warning records [ECF No. 41 ¶ 5]. Documents in a party's own filing cabinets are squarely within its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). And by signing StratAir's May 1 responses, its counsel certified that they were formed "after a reasonable inquiry." Fed. R. Civ. P. 26(g)(1). A reasonable inquiry in a reduction-in-force age discrimination case begins with the employer's personnel files. StratAir offers no explanation for why those repositories were not searched in March, in May, after the May conferrals, when Plaintiffs sought a hearing in June, or in preparing for the August 24 hearing.

StratAir's own Motion forecloses any claim that the paper records were a surprise. StratAir concedes that its counsel "advised the Court" at the August 24 hearing "that responsive documents may be maintained in physical employee files" [ECF No. 41 ¶ 4]. StratAir therefore knew no later than August 24 that the documents existed in paper form, and it had thirty days from the hearing, and sixteen days from entry of the written Order, to collect and produce them. The Motion does not say when counsel traveled to the Miami facility, why that trip did not occur immediately after the hearing, or why StratAir waited until the day before the deadline to seek relief. As in *Sosa*, the information was available to the movant long before the deadline, and its failure to act on that information is a "lack of diligence," not good cause. 133 F.3d at 1419.

Finally, the Motion is an attempt to relitigate burden after the Court has already ruled. The Court compelled production of the personnel files of all employees terminated in the January 2024 reduction in force precisely because StratAir "failed to preserve its relevance objection and substantiate its undue burden objection" [ECF No. 40 at 4 (RFP No. 20)], and it found StratAir had waived its temporal objection to RFP No. 8 [*Id.* at 3]. StratAir's description of the manual effort required to scan and review paper files is the same undue-burden argument it failed to substantiate at the hearing, repackaged as a request for more time.

**B. <u>The Motion Is Unsupported and Does Not Justify Thirty Days.</u>**

StratAir asks for thirty days but provides no evidentiary basis for that number. The Motion is not supported by any declaration. It does not identify the date of the on-site review, the number of boxes, files, or pages involved, the number of files already scanned, the number of reviewers assigned, or any vendor estimate or timeline. This Court's procedures make clear that "[s]worn testimony or evidence may be necessary to show that a particular request is, in fact, burdensome"

[ECF No. 8 at 7]. Generalized references to "substantial volumes" of paper and "manual efforts" [ECF No. 41 ¶¶ 3, 7] do not carry that burden.

The universe of compelled documents is also defined and limited. StratAir states that 28 employees were terminated in the January 2024 reduction in force [ECF No. 41 ¶ 4]; the Court compelled their personnel files [ECF No. 40 at 4 (RFP No. 20)]. The remaining categories are similarly bounded by position, location, age, disciplinary history, and time period [*Id.* at 4–5 (RFP Nos. 21–27)]. StratAir's reference to a decisional unit of 258 employees and to "hundreds of employees" [ECF No. 41 ¶¶ 2, 4] overstates what the Order actually requires. Nor does StratAir's promise of a "substantial" production on September 23 and unspecified "rolling productions" [ECF No. 41 ¶ 8] cure the problem. A partial production is not compliance with the Court's Order, and open-ended rolling productions with no interim deadlines give Plaintiffs no ability to plan depositions or evaluate completeness. StratAir has already had more than six months to collect and produce these documents; it should not be permitted to convert a court-ordered deadline into an indefinite schedule of piecemeal productions that leaves Plaintiffs unable to determine when, or whether, StratAir has fully complied.

**C. <u>The Requested Extension Would Substantially Prejudice Plaintiffs Under This Court's Discovery Schedule.</u>**

StratAir argues there is no prejudice because trial is set for March 2027 and the final discovery status conference is not until October 28, 2026 [ECF No. 41 ¶ 10]. That argument ignores the other remaining pretrial deadlines. Discovery must be completed 100 days before the trial period [ECF No. 17; ECF No. 28], which begins March 22, 2027 [ECF No. 28]—that is, by December 12, 2026. The parties' Joint Discovery Status Report is due October 21, 2026 and must address, among other things, whether the parties have outstanding discovery disputes and whether

they can certify that all discovery will be completed by the deadline [ECF No. 29 at 2]. StratAir's proposed completion date of October 23 falls after that report is due, meaning Plaintiffs would be required to report to the Court on the state of discovery without having received the compelled production.

The compression is concrete. Discovery disputes must be raised within the period prescribed by Local Rule 26.1(g)(2), which this Court strictly enforces, and all disputes must be resolved before the discovery cutoff [ECF No. 8 at 2]. If StratAir completes its production on October 23, Plaintiffs will have to review the production, confer over deficiencies, request and obtain a hearing, and complete any resulting depositions and follow-up discovery in the seven weeks remaining, including the Thanksgiving holiday. And this Court has cautioned that "[t]he failure to complete depositions before the discovery cutoff does not constitute good cause to extend the discovery period" [ECF No. 8 at 9]. StratAir's requested extension would shift the consequences of StratAir's delay onto Plaintiffs.

The documents at issue go to the core of this case: the January 2024 reduction in force, the personnel and disciplinary histories of terminated and retained employees, and comparator evidence [ECF No. 40 at 3–5]. They also include the personnel files of the supervisors involved in the termination decisions, including Jose Alverio, Gisela Barrera Munoz, Armando Portales Viera, Lidier Leon, and Jorge Corral [ECF No. 41 ¶ 8(d)]. Plaintiffs have already deposed Ms. Barrera Munoz and Mr. Corral without the benefit of those records, and Plaintiffs have noticed the deposition of Dora Costa, StratAir's head of HR, for October 6, 2026. The parties have also reported that, following StratAir's supplemental production, Plaintiffs intend to depose StratAir's supervisory and human resources personnel involved in the decisions to terminate Plaintiffs [ECF

No. 26 at 2]. Each week of delay in producing the compelled records pushes those depositions closer to the cutoff and increases the likelihood that witnesses will have to be recalled.

Plaintiffs warned of exactly this risk when they sought revised scheduling relief, explaining that time was needed to complete "resulting production, supplementation, privilege-log issues, Rule 30(b)(6) testimony, fact depositions, expert disclosures, expert discovery, dispositive motions, and trial preparation" [ECF No. 24 at 2]. StratAir should not be permitted to resist production for months, lose at a discovery hearing, and then obtain an extension that consumes much of the remaining discovery period.

**D. <u>Alternatively, Any Extension Should Not Exceed Seven Days and Should Require a Single, Complete Production.</u>**

If the Court is inclined to grant any relief, Plaintiffs respectfully request that the Court limit any extension to seven days and impose the following conditions, which are designed to ensure full compliance and preserve Plaintiffs' ability to use the compelled production before discovery closes:

(1) On of before September 30, 2026, StratAir shall produce all documents compelled by ECF No. 40 that it has not already produced, including all personnel files of employees terminated in the January 2024 reduction in force (RFP No. 20) and the personnel files of the supervisors identified in ECF No. 41 ¶ 8(d), together with complete amended written responses;

(2) StratAir shall not make partial or rolling productions in lieu of full compliance; any responsive document not produced by the extended deadline shall be subject to further relief under Rule 37(b)(2);

(3) StratAir's production shall be accompanied by a cover letter identifying, by Bates range, the RFP(s) to which the documents respond;

(4) StratAir shall serve any privilege log with its production, consistent with this Court's direction that "the production of nonprivileged materials should not be delayed while a party is preparing a privilege log" [ECF No. 8 at 8];

(5) With its production, StratAir shall serve a sworn certification identifying the physical and electronic repositories searched and stating that all responsive documents have been produced, or describing any category withheld, as required by Rule 34(b)(2)(C) and this Court's procedures [ECF No. 8 at 7]; and

(6) Any extension shall be without prejudice to Plaintiffs' ability to seek to re-open depositions, to serve targeted follow-up discovery, or to seek other appropriate relief based on documents produced after September 23, 2026.

**E. Plaintiffs Are Entitled to Their Reasonable Attorney's Fees.**

Rule 37 provides that when a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)," the court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C) (emphasis added). "Thus, an award of sanctions is mandatory" unless one of the Rule's narrow exceptions applies. *Diaz v. Doctors Best Weight Loss & Wellness Ctr., LLC*, No. 21-cv-22386, 2022 U.S. Dist. LEXIS 62839, at *4–5 (S.D. Fla. Apr. 4, 2022) (Bloom, J.) (affirming fee award where defendants failed to produce documents by court-ordered deadline). The Eleventh Circuit has likewise recognized that Rule 37 was "toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified." *DeVaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154,

1159 (11th Cir. 1993). This Court's procedures expressly warn that sanctions, "monetary or any other type," may be imposed where discovery "is being withheld in bad faith or without substantial justification" [ECF No. 8 at 5].

StratAir concedes that it did not—and will not—complete the production required by the Court's Order by September 23, 2026 [ECF No. 41 at 1, ¶ 7]. Only the Court may extend a court-ordered deadline, and only for good cause. *See* Fed. R. Civ. P. 6(b)(1); *Diaz*, 2022 U.S. Dist. LEXIS 62839, at *5 (rejecting argument that failure to meet court-ordered production deadline was substantially justified by a purported agreement to extend it, because only the court may extend such a deadline for good cause); *cf.* [ECF No. 8 at 5] (parties "must continue to comply with their discovery obligations unless and until" a motion to stay is granted). StratAir's failure is not substantially justified. Conduct is substantially justified when there is a "genuine dispute" over the discovery obligation. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). There is no genuine dispute here: StratAir does not contest its obligation to produce these documents. Its failure to comply results solely from its own failure to search its own records in the six months since the requests were served.

An award of fees is also warranted under Rule 37(a)(5). Where a motion to compel is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Plaintiffs requested fees under Rule 37(a)(5) when they first sought the Court's intervention [Cepero Garcia ECF No. 40 at 5]. The Court compelled production on eighteen of the twenty RFPs it reached, and it overruled StratAir's objections in significant part because StratAir had waived them or failed to substantiate them [ECF No. 40 at 3–5 (RFP Nos. 8, 20)]. Positions that are waived or unsupported are not "genuine disputes." *See*

*Pierce*, 487 U.S. at 565. The months of delay that preceded the hearing—no documents produced on May 1, remediation commitments made in May and not kept—required Plaintiffs to prepare for and attend a three-and-a-half-hour hearing to obtain documents that should have been produced voluntarily [ECF No. 40 at 2 n.2].

Plaintiffs therefore request that the Court award Plaintiffs their reasonable attorney's fees and costs: (i) incurred in connection with the August 24, 2026 hearing on Plaintiffs' motion to compel, apportioned as the Court deems appropriate under Rule 37(a)(5)(C); and (ii) caused by StratAir's failure to comply with the September 23, 2026 deadline, including the fees incurred in opposing this Motion on an expedited basis, under Rule 37(b)(2)(C). To ensure StratAir has notice and an opportunity to be heard, *see DeVaney*, 989 F.2d at 1159, Plaintiffs request that the Court direct Plaintiffs to file a declaration and supporting time records within fourteen days, with StratAir to respond within seven days thereafter.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court: (i) deny StratAir's Motion for Extension of Time to Complete Supplemental Production [ECF No. 41]; (ii) order StratAir to complete its production of all documents and amended responses compelled by the Court's September 7, 2026 Order [ECF No. 40] on or before September 30, 2026; (iii) award Plaintiffs their reasonable attorney's fees and costs under Rule 37(a)(5)(C) and Rule 37(b)(2)(C), in an amount to be determined upon Plaintiffs' submission of a fee declaration within fourteen days; and (iv) grant such further relief as the Court deems just.

Alternatively, if the Court grants any extension, Plaintiffs respectfully request that it not exceed seven days from the deadline for StratAir's supplemental production set by the Court's

Order After Discovery Hearing [ECF No. 40], that StratAir be required to make a single, complete production within that time rather than rolling productions, and that the extension be subject to the conditions set out in Section III.D above.

Respectfully submitted this 24th day of September 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*