# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/08/2025

**To:** Mr. Ivan C. Grant
[redacted]

Charge No: 510-2024-10746

EEOC Representative and email: BLONDEL VINCENT
INVESTIGATOR
BLONDEL.VINCENT@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2024-10746

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
07/08/2025

Evangeline Hawthorne
Director

**Cc:**
Roger Feicht Esq.
Gunster
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401

Steffany Sanguino
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146

Brian H Pollock Esq.
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2024-10746 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2024-10746 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

EEOC Form 291

# MEMORANDUM

## RECOMMENDATION FOR CLOSURE

TO: MARISSA COSCULLUELA, SUPERVISORY INVESTIGATOR CHARGE NO. 510-2024-10746

FROM: BLONDEL VINCENT, INVESTIGATOR

SUBJECT: IVAN C. GRANT V. STRATAIR LLC
*Charging Party* *Respondent*

I recommend dismissal/closure of this charge based on the following**:**

(b) (5) [redacted] Failure to State a Claim

No Covered ADA Disability

Too Few Employees/Members

Untimely

Not Reasonable Cause

Other:

(b) (5) [redacted] Settlement/Mediation (Including withdrawals with benefits and successful conciliations)

Withdrawal without Benefits

Right to Sue (Issued on Request)

Director must certify: processing unlikely to completed within 180 days of filing (Title VII/ADA).

Specific information in support of recommendation/decision:
**Allegation:** CP alleges discrimination based on national origin, age, and race. CP alleges that he was subjected to a hostile work environment and termination due to his age, national origin, and race.

**Response:** CP's claims of age discrimination are based upon a foundational allegation that they are over 40 years old, and they were all selected for the January 2024 layoff. The evidence proves that the layoff impacted 28 employees of varying ages who were selected by management based on their performance, as personally observed by management and through those employees in supervisor and lead positions. The ages of the decision-makers and employees who notified the impacted employees (54 years old, 38 years old, and 45 years old) create a presumption that age was not a motivating factor in these decisions.

There is zero evidence submitted by CPs that they were selected for this layoff because of their age, and the objective statistics submitted by R definitively prove that there was no disproportionate impact on older workers. Instead, workers under 40 were selected at a higher rate and workers as young as eighteen (18) years old were selected, showing that age was not a factor in these decisions. Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately 10.1%), while 17 of the 149 employees under 40 were selected for layoff (impact of approximately 11.41%). Thus, the undisputed fact remains that workers under 40 were selected for the January 2024 layoff at a higher rate than workers 40 years old or older.

**CP Rebuttal:** CPR's rebuttal consists of asking EEOC to request specific documents on behalf of their clients.

(b) (5) [redacted]

[redacted]

Decision by /

Recommendation approved by: MARISSA COSCULLUELA 07/08/2025
*(Signature)* *(Date)*

EEOC Form 291

# MEMORANDUM

## RECOMMENDATION FOR CLOSURE

TO: MARISSA COSCULLUELA, SUPERVISORY INVESTIGATOR CHARGE NO. 510-2024-10746

FROM: BLONDEL VINCENT, INVESTIGATOR

SUBJECT: IVAN C. GRANT *Charging Party* V. STRATAIR LLC *Respondent*

I recommend dismissal/closure of this charge based on the following**:**

(b) (5) [redacted] Failure to State a Claim

No Covered ADA Disability

Too Few Employees/Members

Untimely

Not Reasonable Cause

(b) (5) [redacted] Settlement/Mediation (Including withdrawals with benefits and successful conciliations)

Withdrawal without Benefits

Right to Sue (Issued on Request)

Director must certify: processing unlikely to completed within 180 days of filing (Title VII/ADA).

Specific information in support of recommendation/decision:

**Allegation:** CP alleges discrimination based on national origin, age, and race. CP alleges that he was subjected to a hostile work environment and termination due to his age, national origin, and race.

**Response:** Any claims that CP was selected for the layoff because of his race are unsupported. CP describes himself as "Black, dark-skinned man born in Puerto Rico whose parents and family are from the Virgin Islands." There are no factual allegations (other than CP's self-serving speculation) that his color or national origin had any influence over the decision to select him for the layoff. CP was one (1) of only two (2) Black or African American employees selected for the layoff. Nearly ninety-three percent (93%) of the employees selected for the layoff were White or Hispanic. Therefore, the allegations that he was selected for the layoff because of his race, color, or national origin are unsupported and contrary to the evidence.

CP's claims of age discrimination are based upon a foundational allegation that they are over 40 years old, and they were all selected for the January 2024 layoff. The evidence proves that the layoff impacted 28 employees of varying ages who were selected by management based on their performance, as personally observed by management and through those employees in supervisor and lead positions. The ages of the decision-makers and employees who notified the impacted employees (54 years old, 38 years old, and 45 years old) create a presumption that age was not a motivating factor in these decisions.

There is zero evidence submitted by CPs that they were selected for this layoff because of their age, and the objective statistics submitted by R definitively prove that there was no disproportionate impact on older workers. Instead, workers under 40 were selected at a higher rate and workers as young as eighteen (18) years old were selected, showing that age was not a factor in these decisions. Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately 10.1%), while 17 of the 149 employees under 40 were selected for layoff (impact of approximately 11.41%). Thus, the undisputed fact remains that workers under 40 were selected for the January 2024 layoff at a higher rate than workers 40 years old or older.

**CP Rebuttal:** CPR's rebuttal consists of asking EEOC to request specific documents on behalf of their clients.

(b) (5) [redacted].

Decision by /
Recommendation approved by: ______________________ 07/08/2025

*(Signature)* *(Date)*

**CHARGE NUMBER**: 510-2024-10746

| Date | Event | Name |
|---|---|---|
| Mon Aug 11 16:27:06 EDT 2025 | Downloaded Document. Type: Charge of Discrimination, FileName:2024-8-28 Form-5.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:06 EDT 2025 | Downloaded Document. Type: Notice of Dual-Filed Charge, FileName:510-2024-10746_NoticeOfDualFiledCharge.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:05 EDT 2025 | Downloaded Document. Type: Notice of Charge, FileName:510-2024-10746_NoticeOfChargeOfDiscrimination.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:05 EDT 2025 | Downloaded Document. Type: Closure Notice/NRTS, FileName:Closure Notice-NRTS 510-2024-10746.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:05 EDT 2025 | Downloaded Document. Type: Retracted Document, FileName:Form 291 - Ivan C. Grant.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:04 EDT 2025 | Downloaded Document. Type: Position Statement, FileName:StratAir - Grant - Position Statement.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:04 EDT 2025 | Downloaded Document. Type: Position Statement Attachments-Non-Confidential, FileName:StratAir - Grant - Exhibit A.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:04 EDT 2025 | Downloaded Document. Type: Request for Information (RFI) to Respondent, FileName:2025-01-29 1503 Email of RFI request to RR (StratAir EEOC charges).msg | GIDGET FARRINGTON |
| Mon Aug 11 16:27:03 EDT 2025 | Downloaded Document. Type: Respondent Response to RFI, FileName:2025-05-02 1712 Email from RR with Response to RFI.msg | GIDGET FARRINGTON |
| Mon Aug 11 16:27:03 EDT 2025 | Downloaded Document. Type: Correspondence with Respondent Attorney, FileName:2025-05-23 1413 Email from RR with list of terminated individuals (StratAir EEOC charges).msg | GIDGET FARRINGTON |
| Mon Aug 11 16:27:02 EDT 2025 | Downloaded Document. Type: Correspondence To/From Charging Party, FileName:510-2024-10746_NoticeOfNewInquirySubmission.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:02 EDT 2025 | Downloaded Document. Type: Correspondence with Charging Party | GIDGET FARRINGTON |

| Date | Event | Name |
|---|---|---|
| | Attorney/Representative, FileName:2024-08-27 Email RE Charge Receipt.pdf | |
| Mon Aug 11 16:27:02 EDT 2025 | Downloaded Document. Type: Correspondence with Charging Party Attorney/Representative, FileName:2024-8-28 LOR.pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:01 EDT 2025 | Downloaded Document. Type: Other Charging Party Document, FileName:24-1216 ltr to vincent (Grant).pdf | GIDGET FARRINGTON |
| Mon Aug 11 16:27:01 EDT 2025 | Downloaded Document. Type: Correspondence with Charging Party Attorney/Representative, FileName:2025-05-14 1432 Email from and to CPR with latest response from R and request for rebuttal (StratAir, LLC).msg | GIDGET FARRINGTON |
| Mon Aug 11 16:27:01 EDT 2025 | Downloaded Document. Type: Correspondence with Charging Party Attorney/Representative, FileName:2025-05-27 1453 Email to CPR with additional information provided by RR (StratAir charges).msg | GIDGET FARRINGTON |
| Mon Aug 11 16:27:01 EDT 2025 | Downloaded Document. Type: Pre-determination Correspondence with CP Attorney/Representative, FileName:2025-06-23 0919 Email from and to CPR for rebuttal and PDI (StratAir, LLC cases).msg | GIDGET FARRINGTON |
| Mon Aug 11 16:27:00 EDT 2025 | Downloaded Document. Type: Investigative Memorandum , FileName:Form 291 - Ivan C. Grant(1).pdf | GIDGET FARRINGTON |
| Wed Jul 30 11:39:50 EDT 2025 | Downloaded Document. Type: Investigative Memorandum , FileName:Form 291 - Ivan C. Grant(1).pdf | WIGBERTO PEREZ PEREZ |
| Fri Jul 18 16:29:15 EDT 2025 | FOIA Request 510-2025-015111 received. | Foia User |
| Wed Jul 09 16:03:23 EDT 2025 | Uploaded Document. Type: Investigative Memorandum , FileName:Form 291 - Ivan C. Grant(1).pdf | MARISSA COSCULLUELA |
| Wed Jul 09 15:01:51 EDT 2025 | Downloaded Document. Type: Position Statement, FileName:StratAir - Grant - Position Statement.pdf | BLONDEL VINCENT |
| Wed Jul 09 13:20:42 EDT 2025 | The Charging Party Legal Representative has Downloaded Document. Type: Closure Notice/NRTS, FileName:Closure Notice-NRTS 510-2024-10746.pdf | Publicportal User |

| Date | Event | Name |
|---|---|---|
| Tue Jul 08 17:25:01 EDT 2025 | Downloaded Document. Type: Closure Notice/NRTS, FileName:Closure Notice-NRTS 510-2024-10746.pdf | Respondentportal User |
| Tue Jul 08 17:24:58 EDT 2025 | No Action is required from you at this time. | Respondentportal User |
| Tue Jul 08 17:24:57 EDT 2025 | Respondent logged in | Respondentportal User |
| Tue Jul 08 15:49:20 EDT 2025 | Form 291 - Ivan C. Grant.pdf document retracted. Reason:Wrong Document Version | MARISSA COSCULLUELA |
| Tue Jul 08 15:02:07 EDT 2025 | Emailed Roger Feicht Esq. at rfeicht@gunster.com that a new document is available to download. | Arcapp User |
| Tue Jul 08 15:02:07 EDT 2025 | Emailed Steffany Sanguino at steffany@fairlawattorney.com that a new document is available to download. | Arcapp User |
| Tue Jul 08 15:02:07 EDT 2025 | Emailed Brian H Pollock Esq. at brian@fairlawattorney.com that a new document is available to download. | Arcapp User |
| Tue Jul 08 15:02:07 EDT 2025 | Emailed Mr. Ivan C. Grant at [redacted] that a new document is available to download. | Arcapp User |
| Tue Jul 08 15:02:06 EDT 2025 | Closure Notice/NRTS (Closure Notice-NRTS 510-2024-10746.pdf) released | MARISSA COSCULLUELA |
| Tue Jul 08 15:02:01 EDT 2025 | Case status changed from Investigation to Charge Closed. | MARISSA COSCULLUELA |
| Tue Jul 08 15:02:01 EDT 2025 | Charge has been closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Tue Jul 08 15:02:01 EDT 2025 | Closure Supervisor review approved. | MARISSA COSCULLUELA |
| Tue Jul 08 14:57:08 EDT 2025 | Uploaded Document. Type: Closure Notice/NRTS, FileName:Closure Notice-NRTS 510-2024-10746.pdf | MARISSA COSCULLUELA |
| Tue Jul 08 14:55:56 EDT 2025 | Generated Document. Type: Closure Notice/NRTS, FileName:510-2024-10746_Closure Notice/NRTS.docx | MARISSA COSCULLUELA |
| Tue Jul 08 14:55:24 EDT 2025 | Uploaded Document. Type: Investigative Memorandum , FileName:Form 291 - Ivan C. Grant.pdf | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:57 EDT 2025 | Assigned to MARISSA COSCULLUELA for Supervisor Closure review | MARISSA COSCULLUELA |

| **Date** | **Event** | **Name** |
|---|---|---|
| Tue Jul 08 14:54:47 EDT 2025 | Supporting Details for recommended charge closure added: R submitted a nondiscriminatory reasons for their actions. R has provided sufficient evidence to indicate older employees were not predominantly impacted by the layoff. Evidence shows protected age and non-protected age were nearly laid off at the same percentage rate. | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:47 EDT 2025 | Charge recommended for (b) (5) [redacted] closure. | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:12 EDT 2025 | ADEA Age Layoff closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:12 EDT 2025 | Title VII National Origin-Hispanic or Latino Harassment closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:12 EDT 2025 | Title VII Race-Bi-Racial or Multi-Racial Layoff closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:12 EDT 2025 | Title VII Race-Bi-Racial or Multi-Racial Harassment closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:12 EDT 2025 | Title VII National Origin-Hispanic or Latino Layoff closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:12 EDT 2025 | Title VII Color Harassment closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:12 EDT 2025 | ADEA Age Harassment closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Tue Jul 08 14:54:12 EDT 2025 | Title VII Color Layoff closed (b) (5) [redacted] | MARISSA COSCULLUELA |
| Mon Jul 07 16:44:36 EDT 2025 | Closure note added. Type:Closure and Non-Disclosable:No. | BLONDEL VINCENT |
| Mon Jul 07 16:43:41 EDT 2025 | Contact with Charging Party Attorney record added | BLONDEL VINCENT |
| Mon Jul 07 16:43:20 EDT 2025 | Uploaded Document. Type: Pre-determination Correspondence with CP Attorney/Representative, FileName:2025-06-23 0919 Email from and to CPR for rebuttal and PDI (StratAir, LLC cases).msg | BLONDEL VINCENT |
| Mon Jul 07 16:41:44 EDT 2025 | Downloaded Document. Type: Position Statement, FileName:StratAir - Grant - Position Statement.pdf | BLONDEL VINCENT |

| Date | Event | Name |
|---|---|---|
| Tue May 27 15:02:07 EDT 2025 | General note added. Type:General and Non-Disclosable:No. | BLONDEL VINCENT |
| Tue May 27 15:01:53 EDT 2025 | Uploaded Document. Type: Correspondence with Respondent Attorney, FileName:2025-05-23 1413 Email from RR with list of terminated individuals (StratAir EEOC charges).msg | BLONDEL VINCENT |
| Tue May 27 15:01:50 EDT 2025 | Uploaded Document. Type: Correspondence with Charging Party Attorney/Representative, FileName:2025-05-27 1453 Email to CPR with additional information provided by RR (StratAir charges).msg | BLONDEL VINCENT |
| Fri May 23 12:53:19 EDT 2025 | Respondent logged in | Respondentportal User |
| Wed May 14 14:41:56 EDT 2025 | General note added. Type:General and Non-Disclosable:No. | BLONDEL VINCENT |
| Wed May 14 14:41:43 EDT 2025 | Uploaded Document. Type: Correspondence with Charging Party Attorney/Representative, FileName:2025-05-14 1432 Email from and to CPR with latest response from R and request for rebuttal (StratAir, LLC).msg | BLONDEL VINCENT |
| Fri May 09 15:22:29 EDT 2025 | Contact with Respondent Attorney record added | BLONDEL VINCENT |
| Fri May 02 17:31:18 EDT 2025 | General note added. Type:General and Non-Disclosable:No. | BLONDEL VINCENT |
| Fri May 02 17:31:06 EDT 2025 | Uploaded Document. Type: Respondent Response to RFI, FileName:2025-05-02 1712 Email from RR with Response to RFI.msg | BLONDEL VINCENT |
| Wed Jan 29 15:29:03 EST 2025 | General note added. Type:General and Non-Disclosable:No. | BLONDEL VINCENT |
| Wed Jan 29 15:28:49 EST 2025 | Uploaded Document. Type: Request for Information (RFI) to Respondent, FileName:2025-01-29 1503 Email of RFI request to RR (StratAir EEOC charges).msg | BLONDEL VINCENT |
| Fri Jan 17 15:11:15 EST 2025 | Systemic Case - Age harassment relationship removed. | JUSTIN MULAIRE |
| Mon Dec 16 16:21:06 EST 2024 | Uploaded Document. Type: Other Charging Party Document, FileName:24-1216 ltr to vincent (Grant).pdf | Publicportal User |
| Fri Nov 22 10:01:58 EST 2024 | The Charging Party Legal Representative has Downloaded Document. Type: Position | brian@fairlawattorney.com |

| Date | Event | Name |
|---|---|---|
| | Statement Attachments-Non-Confidential, FileName:StratAir - Grant - Exhibit A.pdf | |
| Fri Nov 22 10:00:53 EST 2024 | The Charging Party Legal Representative has Downloaded Document. Type: Position Statement, FileName:StratAir - Grant - Position Statement.pdf | brian@fairlawattorney.com |
| Fri Nov 22 09:59:36 EST 2024 | The Charging Party Legal Representative has Downloaded Document. Type: Position Statement, FileName:StratAir - Grant - Position Statement.pdf | brian@fairlawattorney.com |
| Fri Nov 22 09:53:50 EST 2024 | Contact with Charging Party Attorney record added | BLONDEL VINCENT |
| Fri Nov 22 09:52:18 EST 2024 | Emailed Steffany Sanguino at steffany@fairlawattorney.com that a new document is available to download. | Arcapp User |
| Fri Nov 22 09:52:18 EST 2024 | Emailed Brian H Pollock Esq. at brian@fairlawattorney.com that a new document is available to download. | Arcapp User |
| Fri Nov 22 09:52:18 EST 2024 | Emailed Mr. Ivan C. Grant at [redacted] that a new document is available to download. | Arcapp User |
| Fri Nov 22 09:52:17 EST 2024 | Position Statement Attachments-Non-Confidential (StratAir - Grant - Exhibit A.pdf) released | BLONDEL VINCENT |
| Fri Nov 22 09:52:10 EST 2024 | Emailed Mr. Ivan C. Grant at [redacted] that a new document is available to download. | Arcapp User |
| Fri Nov 22 09:52:09 EST 2024 | Position Statement (StratAir - Grant - Position Statement.pdf) released | BLONDEL VINCENT |
| Fri Nov 22 09:51:55 EST 2024 | Charge assignee BLONDEL VINCENT (INVESTIGATOR) viewed charge details. | BLONDEL VINCENT |
| Mon Nov 18 12:01:26 EST 2024 | Downloaded Document. Type: Position Statement, FileName:StratAir - Grant - Position Statement.pdf | JERRY ZHANG |
| Mon Nov 18 10:45:01 EST 2024 | Downloaded Document. Type: Charge of Discrimination, FileName:2024-8-28 Form-5.pdf | JERRY ZHANG |
| Mon Nov 18 10:01:18 EST 2024 | BLONDEL VINCENT designated as the primary assignee | MARISSA COSCULLUELA |

| Date | Event | Name |
|---|---|---|
| Mon Nov 18 10:01:18 EST 2024 | MARISSA COSCULLUELA removed as the primary assignee | MARISSA COSCULLUELA |
| Mon Nov 18 10:01:05 EST 2024 | Charge assignee MARISSA COSCULLUELA (ENFORCEMENT SUPERVISOR) viewed charge details. | MARISSA COSCULLUELA |
| Mon Nov 18 08:41:07 EST 2024 | MARISSA COSCULLUELA designated as the primary assignee | ROBBY CEDON |
| Mon Nov 18 08:41:07 EST 2024 | WIGBERTO PEREZ PEREZ removed as the primary assignee | ROBBY CEDON |
| Fri Sep 27 09:59:55 EDT 2024 | Downloaded Document. Type: Position Statement, FileName:StratAir - Grant - Position Statement.pdf | Respondentportal User |
| Fri Sep 27 09:59:46 EDT 2024 | No Action is required from you at this time. You may be notified at a later date to respond to a Request for Information | Respondentportal User |
| Fri Sep 27 09:59:44 EDT 2024 | Respondent logged in | Respondentportal User |
| Fri Sep 27 09:54:07 EDT 2024 | Uploaded Document. Type: Position Statement Attachments-Non-Confidential, FileName:StratAir - Grant - Exhibit A.pdf | Respondentportal User |
| Fri Sep 27 09:54:06 EDT 2024 | Emailed Mr. Ivan C. Grant at [redacted] that a new document is available to download. | Arcapp User |
| Fri Sep 27 09:54:05 EDT 2024 | Position Statement received from Respondent on 09/27/2024 09:54:05 | Respondentportal User |
| Fri Sep 27 09:54:05 EDT 2024 | Uploaded Document. Type: Position Statement, FileName:StratAir - Grant - Position Statement.pdf | Respondentportal User |
| Fri Sep 27 09:53:05 EDT 2024 | Please provide a statement of your position on the issues covered in the charge and any defenses, with any supporting evidence by September 28, 2024. For guidance on how to best prepare your Position Statement, please review Effective Position Statements, The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC?s administrative | Respondentportal User |

| Date | Event | Name |
|---|---|---|
| | process. You may be notified at a later date to respond to a Request for Information | |
| Fri Sep 27 09:53:04 EDT 2024 | Respondent logged in | Respondentportal User |
| Wed Sep 04 10:01:18 EDT 2024 | WIGBERTO PEREZ PEREZ designated as the primary assignee | ROBBY CEDON |
| Wed Sep 04 10:01:18 EDT 2024 | ROBBY CEDON removed as the primary assignee | ROBBY CEDON |
| Tue Sep 03 13:45:12 EDT 2024 | Charge assignee ROBBY CEDON (ENFORCEMENT SUPERVISOR) viewed charge details. | ROBBY CEDON |
| Thu Aug 29 16:15:50 EDT 2024 | Downloaded Document. Type: Charge of Discrimination, FileName:2024-8-28 Form-5.pdf | Respondentportal User |
| Thu Aug 29 16:15:46 EDT 2024 | Downloaded Document. Type: Notice of Charge, FileName:510-2024-10746_NoticeOfChargeOfDiscrimination.pdf | Respondentportal User |
| Thu Aug 29 16:15:34 EDT 2024 | Please provide a statement of your position on the issues covered in the charge and any defenses, with any supporting evidence by September 28, 2024. For guidance on how to best prepare your Position Statement, please review Effective Position Statements, The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC?s administrative process. You may be notified at a later date to respond to a Request for Information | Respondentportal User |
| Thu Aug 29 16:15:33 EDT 2024 | Respondent logged in | Respondentportal User |
| Thu Aug 29 16:15:19 EDT 2024 | Respondent password changed | Respondentportal User |
| Thu Aug 29 16:04:33 EDT 2024 | ROBBY CEDON designated as the primary assignee | FLORENCIO OCAMPO |
| Thu Aug 29 16:04:33 EDT 2024 | LEUNAMARIE ANDUJAR removed as the primary assignee | FLORENCIO OCAMPO |
| Thu Aug 29 16:04:28 EDT 2024 | Case status changed from Charge Filed to Investigation. | FLORENCIO OCAMPO |

| Date | Event | Name |
|---|---|---|
| Thu Aug 29 16:04:04 EDT 2024 | Emailed Roger Feicht at rfeicht@gunster.com that charge has been perfected | FLORENCIO OCAMPO |
| Thu Aug 29 16:04:03 EDT 2024 | Uploaded Document. Type: Notice of Charge, FileName:510-2024-10746_NoticeOfChargeOfDiscrimination.pdf | FLORENCIO OCAMPO |
| Thu Aug 29 16:04:01 EDT 2024 | Generated Document. Type: Notice of Charge, FileName:510-2024-10746_NoticeOfChargeOfDiscrimination.pdf | FLORENCIO OCAMPO |
| Thu Aug 29 16:03:59 EDT 2024 | PCHP Supervisor review approved. | FLORENCIO OCAMPO |
| Thu Aug 29 16:03:52 EDT 2024 | Processing category justification text is revised as CP alleges discrimination based on national origin age and race. CP alleges that he was subjected to a hostile work environment due to his age national origin and race. CP alleges that his termination was based on National origin, age and or race.<br><br>(b) (5) [redacted]<br><br>[redacted] | FLORENCIO OCAMPO |
| Thu Aug 29 16:02:56 EDT 2024 | Allegation Title VII Color Harassment added to case | FLORENCIO OCAMPO |
| Thu Aug 29 16:02:56 EDT 2024 | Allegation Title VII Color Layoff added to case | FLORENCIO OCAMPO |
| Thu Aug 29 16:02:10 EDT 2024 | First Alleged Date for allegation ADEA Age Layoff changed | FLORENCIO OCAMPO |
| Thu Aug 29 16:02:10 EDT 2024 | First Alleged Date for allegation Title VII Race-Bi-Racial/Multi-Racial Layoff changed | FLORENCIO OCAMPO |
| Thu Aug 29 16:02:10 EDT 2024 | First Alleged Date for allegation Title VII National Origin-Hispanic Layoff changed | FLORENCIO OCAMPO |
| Thu Aug 29 15:59:42 EDT 2024 | Downloaded Document. Type: Charge of Discrimination, FileName:2024-8-28 Form-5.pdf | FLORENCIO OCAMPO |

| Date | Event | Name |
|---|---|---|
| Thu Aug 29 01:31:00 EDT 2024 | Systemic relationship created to case with Systemic Case: Age harassment. | Arcapp User |
| Wed Aug 28 14:09:54 EDT 2024 | Uploaded Document. Type: Notice of Dual-Filed Charge, FileName:510-2024-10746_NoticeOfDualFiledCharge.pdf | Victor Hernandez-Mejia |
| Wed Aug 28 14:09:52 EDT 2024 | Generated Document. Type: Notice of Dual-Filing & Acknowledgement of Charge, FileName:510-2024-10746_NoticeOfDualFiledCharge.pdf | Victor Hernandez-Mejia |
| Wed Aug 28 14:09:52 EDT 2024 | Dual filing notification acknowledged by Florida Commission On Human Relations:Defer Investigation | Victor Hernandez-Mejia |
| Wed Aug 28 14:09:52 EDT 2024 | Identified Deferral Office Intent by Florida Commission On Human Relations as Defer Investigation | Victor Hernandez-Mejia |
| Wed Aug 28 10:03:07 EDT 2024 | General note added. Type:Docket T4 and Non-Disclosable:No. | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:01:01 EDT 2024 | Assigned to FLORENCIO OCAMPO for Supervisor PCHP review | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:41 EDT 2024 | Emailed Steffany Sanguino at steffany@fairlawattorney.com to file in Attorney portal for future charge submissions. | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:41 EDT 2024 | Emailed Brian H Pollock Esq. at brian@fairlawattorney.com to file in Attorney portal for future charge submissions. | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:41 EDT 2024 | Emailed Steffany Sanguino at steffany@fairlawattorney.com that charge has been Filed | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:41 EDT 2024 | Emailed Brian H Pollock Esq. at brian@fairlawattorney.com that charge has been Filed | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:41 EDT 2024 | Emailed Mr. Ivan C. Grant at [redacted] that charge has been Filed | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:41 EDT 2024 | Charge filed without Intake Interview: Attorney Drafted Charge. | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:40 EDT 2024 | Uploaded Document. Type: Charge of Discrimination, FileName:2024-8-28 Form-5.pdf | LEUNAMARIE ANDUJAR |

| Date | Event | Name |
|---|---|---|
| Wed Aug 28 10:00:40 EDT 2024 | Dual filing notification sent to Florida Commission On Human Relations | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:40 EDT 2024 | Case status changed from Inquiry Submitted to Charge Filed. | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:40 EDT 2024 | A charge is formalized | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:35 EDT 2024 | Uploaded Document. Type: Correspondence with Charging Party Attorney/Representative, FileName:2024-8-28 LOR.pdf | LEUNAMARIE ANDUJAR |
| Wed Aug 28 10:00:31 EDT 2024 | Case data updated: noIntakeInterviewReason set to Attorney Drafted Charge. | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:56 EDT 2024 | Identified Accountable Office Intent as Investigate Charge | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:56 EDT 2024 | Selected Deferral Office: Florida Commission On Human Relations | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:26 EDT 2024 | Added DCP priority (b) (5) [redacted] | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:26 EDT 2024 | Added Processing Category Factor (b) (5) [redacted] | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:26 EDT 2024 | Added TOPIC (b) (5) [redacted] | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:26 EDT 2024 | Added Processing Category Factor (b) (5) [redacted] | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:26 EDT 2024 | Added SEP priority (b) (5) [redacted] | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:26 EDT 2024 | Added PCHP Category PCHP Assessment to assessment. | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:56:26 EDT 2024 | Processing category justification text is added as CP alleges discrimination based on national origin age and race. CP alleges that he was subjected to a hostile work environment due to his age national origin and race. CP alleges that his termination was based on National origin, age and or race. (b) (5) [redacted] | LEUNAMARIE ANDUJAR |

| Date | Event | Name |
| --- | --- | --- |
| | (b) (5) [redacted] | |
| Wed Aug 28 09:56:26 EDT 2024 | Processing Category (b) (5) [redacted] | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:36:35 EDT 2024 | Allegation ADEA Age Layoff added to case | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:36:35 EDT 2024 | Allegation Title VII Race-Bi-Racial/Multi-Racial Harassment added to case | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:36:35 EDT 2024 | Allegation Title VII Race-Bi-Racial/Multi-Racial Layoff added to case | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:36:35 EDT 2024 | Allegation ADEA Age Harassment added to case | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:36:35 EDT 2024 | Allegation Title VII National Origin-Hispanic Harassment added to case | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:36:35 EDT 2024 | Allegation Title VII National Origin-Hispanic Layoff added to case | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:34:06 EDT 2024 | Charging Party nationalOriginGroup added as Hispanic/Latino Origin Group | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:34:06 EDT 2024 | Charging Party race added as White | LEUNAMARIE ANDUJAR |
| Wed Aug 28 09:00:08 EDT 2024 | Charge assignee LEUNAMARIE ANDUJAR (INVESTIGATOR SUPPORT ASSISTANT) viewed charge details. | LEUNAMARIE ANDUJAR |
| Tue Aug 27 10:50:08 EDT 2024 | LEUNAMARIE ANDUJAR designated as the primary assignee | FLORENCIO OCAMPO |
| Tue Aug 27 10:50:08 EDT 2024 | FLORENCIO OCAMPO removed as the primary assignee | FLORENCIO OCAMPO |
| Tue Aug 27 10:50:01 EDT 2024 | Charge assignee FLORENCIO OCAMPO (CRTIU SUPERVISOR) viewed charge details. | FLORENCIO OCAMPO |
| Tue Aug 27 10:05:00 EDT 2024 | FLORENCIO OCAMPO designated as the primary assignee | NENITA GIESSMANN |
| Tue Aug 27 10:05:00 EDT 2024 | NENITA GIESSMANN removed as the primary assignee | NENITA GIESSMANN |

| Date | Event | Name |
| --- | --- | --- |
| Tue Aug 27 10:04:43 EDT 2024 | Uploaded Document. Type: Correspondence with Charging Party Attorney/Representative, FileName:2024-08-27 Email RE Charge Receipt.pdf | NENITA GIESSMANN |
| Tue Aug 27 09:52:26 EDT 2024 | Added Charging Party Legal Representative. | NENITA GIESSMANN |
| Tue Aug 27 09:51:09 EDT 2024 | Added Charging Party Legal Representative. | NENITA GIESSMANN |
| Tue Aug 27 09:49:08 EDT 2024 | Added Respondent Legal Representative. | NENITA GIESSMANN |
| Tue Aug 27 09:42:55 EDT 2024 | Added Respondent contact info | NENITA GIESSMANN |
| Tue Aug 27 09:41:24 EDT 2024 | Charge assignee NENITA GIESSMANN (OFFICE AUTOMATION ASSISTANT) viewed charge details. | NENITA GIESSMANN |
| Tue Aug 27 09:41:04 EDT 2024 | Uploaded Document. Type: Correspondence To/From Charging Party, FileName:510-2024-10746_NoticeOfNewInquirySubmission.pdf | NENITA GIESSMANN |
| Tue Aug 27 09:41:02 EDT 2024 | Generated Document. Type: CORR2FRCP, FileName:510-2024-10746_NoticeOfNewInquirySubmission.pdf | NENITA GIESSMANN |
| Tue Aug 27 09:41:02 EDT 2024 | An Inquiry has been created. | NENITA GIESSMANN |

| Created By | Posted On | Contacted | Purpose | Notes |
|---|---|---|---|---|
| BLONDEL VINCENT | 7/7/2025 16:43:41 EST | Charging Party Attorney | Contact | 7/7/25: Called and left message for CPR that all seven charges would be recommended for dismissal as the only rebuttal that was provided was to request additional information from R. |
| BLONDEL VINCENT | 5/9/2025 15:22:29 EST | Respondent Attorney | Contact | Called and spoke to RR to request specific evidence of all terminated employees i.e. any evidence showing d.o.b and termination. RR said he will contact R to gather and provide the information. |
| BLONDEL VINCENT | 11/22/2024 09:53:50 EST | Charging Party Attorney | Contact | Called and informed CPR that PS was released for rebuttal. |

| Created By | Posted On | Subject | Notes |
|---|---|---|---|
| 11450753 | Closure | 2025-07-07T16:44:36.835088 | 7/7/25: Form 291 prepared and emailed to Supv. for review/approval. |
| 11378515 | General | 2025-05-27T15:02:07.321856 | 5/27/25: Additional evidence received from RR. Emailed CPR a copy of response for their rebuttal by 5/29/25. |
| 11359402 | General | 2025-05-14T14:41:56.105475 | 5/14/25: Respond to CPR's status check by providing them with latest response from RR and I request their rebuttal and/or evidence to continue investigation. Deadline: 5/29/25. |
| 11338691 | General | 2025-05-02T17:31:18.885451 | RR's response to RFI received and uploaded. |
| 11174285 | General | 2025-01-29T15:29:03.703229 | RFI sent to RR with 2/13/25 deadline. |
| 10939029 | Docket T4 | 2024-08-28T10:03:07.236487 | Submitted to Supervisor. |

EEOC Form 5 (5/01)

| | |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to: Agency(ies) Charge No(s):<br>__ FEPA<br>_X_ EEOC **510-2024-10746** |

FLORIDA COMMISSION ON HUMAN RIGHTS, MIAMI-DADE COUNTY, and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ivan C. Grant | [redacted] | [redacted]/1959 |

| Street Address | City, State and ZIP Code |
|---|---|
| [redacted] | [redacted] |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| StratAir, LLC | 25+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1701 N.W. 66th Avenue, Building 712 | Miami, Florida 33126 |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

_X_ RACE _X_ COLOR __ SEX __ RELIGION _X_ NATIONAL ORIGIN

__ RETALIATION _X_ AGE __ DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 11/01/2023 Latest 01/18/2024

___ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

I. I am a 64-year-old man, and I believe that my employer discriminated against me by terminating my employment because of my race, national origin, and age.

II. I worked as a Warehouse Handler for StratAir, LLC from July 13, 2022 until January 18, 2024. Although I received positive feedback on my work performance throughout my employment, and was never subjected to warnings or discipline, StratAir terminated my employment without warning, along with about twenty other employees—the majority of whom were at least 50 years old. Although several StratAir Warehouse Handlers (working in my same position) under the age of 40 regularly received write-ups and verbal discipline from our supervisors, they were not fired during this layoff. During my employment, my supervisors Armando Portales Viera and Jose would regularly make ageist comments about StratAir's employees over the age of 40. StratAir terminated the employment of a disproportionate number of its older workers (over 40) when compared to the employees under 40 whom it retained. In terminating my employment, I did not receive any documents from StratAir identifying the ages, positions, or any demographic information about the employees in Miami it terminated or those it retained.

The majority of those working for StratAir with me in Miami were under 40 years old, Hispanic, non-Black, and/or light-skinned. I am a Black, dark-skinned man born in Puerto Rico whose parents and family are from the Virgin Islands, but I do not appear Hispanic. As a distinct minority within StratAir in Miami, I believe that my age, color, race, and national origin played a factor in StratAir's decision to terminate my employment.

As a result of StratAir's discriminatory conduct, I lost my job, my income, and my identity and I have suffered damages.

III. believe that StratAir subjected me to unlawful discrimination in my employment by terminating my employment based on my age in violation of the Age Discrimination in Employment Act; Chapter 760 of the Florida Statutes; and Chapter 11A of the Miami-Dade County Code.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br>13/08/24 Ivan c grant<br>Ivan c grant (Aug 14, 2024 12:40 EDT)<br>*Date* *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>____________________<br>SIGNATURE OF COMPLANANT |

| | |
|---|---|
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br><br>________________ (*month, day, year*) ________________ Public Notary Signature |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

08/29/2024

**To:** Roger Feicht Esq.
Counsel
Gunster
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Ivan C Grant under: The Age Discrimination in Employment Act of 1967 (ADEA), Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on Age, Color, National Origin, Race, and involve issues of Layoff, Harassment that are alleged to have occurred on or about 01/18/2024.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 510-2024-10746
3. Enter this password: [redacted] (b) (6), (b) (7)(C)

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC, including a position statement. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC's administrative process.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to MiamiDigital@eeoc.gov.

**Preservation of Records Requirement When a Charge has Been Filed**

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see https://www.eeoc.gov/employers/recordkeeping-requirements.

**Non-Retaliation Requirements**

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

**Legal Representation**

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

**U.S. Equal Employment Opportunity Commission**

# FEDERAL INVESTIGATION: REQUEST FOR POSITION STATEMENT AND SUPPORTING DOCUMENTARY EVIDENCE

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration of the Charging Party's allegations and any defenses you decide to raise.

We recommend you review the EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

## Fact-Based Position Statement

This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC's administrative process.

The EEOC also requests that you submit all evidence, including documents, that you believe is responsive to the allegations of the charge or supports any defenses you have raised. If you submit only arguments, unsupported by evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and their representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts and any defenses you have asserted. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

## Signed by an Authorized Representative

The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

## Segregate Confidential Information into Separately Designated Attachments

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or “Trade Secret Information” as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC’s investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party’s medical information
b. Social Security Numbers
c. Confidential commercial or financial information
d. Trade secrets information
e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
f. Any reference to charges filed against the Respondent by other charging parties

**Requests for an Extension**

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

**Upload the Position Statement and Attachments into the Respondent Portal**

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the “Position Statement” Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted,

you will not be able to retract it via the Portal.

**U.S. Equal Employment Opportunity Commission**
**Miami District Office**
100 SE 2nd St Suite 1500
Miami, FL 33131
(800) 669-4000

Dear Small Business Manager:

The Equal Employment Opportunity Commission (EEOC) is the federal agency with primary responsibility for enforcing our nation's equal employment opportunity (EEO) laws. The laws we enforce prohibit job discrimination based on race, color, religion, sex (including on the basis of pregnancy, gender identity, or sexual orientation), pregnancy (including pregnancy accommodations), national origin, age (40 or older), disability, retaliation and genetic information.

The attached Fact Sheet provides an overview of the EEOC's procedures from the time a charge of employment discrimination is filed to the point that it is resolved.

We encourage you to visit our online Small Business Resource Center, which provides a wealth of information designed to help small businesses. We offer tips and short videos on key employment topics including what to do when you receive a charge of discrimination.

In most cases, as our first step in processing a charge, we offer mediation as a neutral, voluntary and confidential way to achieve a mutually satisfactory resolution for all parties. Seventy-five percent of charges that are mediated are successfully resolved. In an independent study, 96% of employers who tried the EEOC's mediation program said they would use it again if the need arose.

In addition to the EEOC representative identified on the Notice of Charge of Discrimination, each of our district offices has a Small Business Liaison to provide technical assistance and help employers resolve questions about the laws we enforce, our mediation program, and the charge process. You can find the names and contact information of our Small Business Liaisons on our web site.

We encourage you to contact the Small Business Liaison in your area to answer any questions you may have and assure you that any inquiry or request for information will not adversely affect the investigation of the charge that has been filed.

Sincerely,

U.S. Equal Employment Opportunity Commission

***Find the Answers at EEOC′s Small Business Resource Center***

The EEOC's Small Business Resource Center | U.S. Equal Employment Opportunity Commission (eeoc.gov) (http://www.eeoc.gov/employers/small-business) is filled with useful information for small businesses and can connect you with EEOC staff in your area who can help you.

- *Have a question? Need training for your staff or one-on-one assistance?*

  To request information about the EEOC, training on federal employment discrimination laws or an explanation of the charge process, contact your local EEOC Small Business Liaison. We are here to help.

- *Want quick information online?*

  The EEOC's Small Business Liaisons have created videos with the small business owner in mind and the simple straightforward information that you need most. For example, you may need to know what questions you shouldn't ask in a job interview, and other tips for the hiring process.

  Also see our Frequently Asked Questions.

- *Need an employment policy or practical tips on preventing job discrimination?*

  See 10 Quick Tips for Small Business.

- *Need to know more about EEOC's charge process?*

  We have a video on Responding to a Charge of Discrimination.

- *What is mediation?*

  The EEOC's mediation program offers a free, voluntary, confidential and informal resolution process for many charges of discrimination. Mediations are conducted by a neutral mediator. If mediation is successful, there is no investigation.

- *Want information about a specific topic?*

  Our Resources page explains the types of employment discrimination covered by the EEOC's laws as well as the legal requirements you need to know.

  We can also direct you to other federal agencies for information on issues such as minimum wage and overtime pay or family and medical leave. The Resources page gives a link to small business assistance from the SBA and provides information on the Small Business Regulatory Enforcement Fairness Act (SBREFA), which allows small businesses to comment on federal agency enforcement actions to the SBA Ombudsman.

You can order our Publications online free of charge or print them for use. You can also order the EEOC's poster, "EEO Is The Law," here.

**For more information and assistance call the EEOC toll-free at 1-800-669-4000 or use our sign language access line at 1-844-234-5122 (ASL Video Phone and Hard of Hearing callers only.)**

**U.S. Equal Employment Opportunity Commission**

**Notification & Acknowledgement of Dual-Filed Charge**

(This Notice replaces EEOC FORM 212-A)

08/28/2024

EEOC Number: 510-2024-10746

FEPA Number:

This is notice that a charge of employment discrimination, Mr. Ivan C. Grant v. STRATAIR LLC was initially received by Miami District Office on 08/28/2024 and will be dual-filed with Florida Commission On Human Relations.

Pursuant to the worksharing agreement, the Miami District Office intends to Investigate Charge.

The Florida Commission On Human Relations acknowledges receipt of the referenced charge, Mr. Ivan C. Grant v. STRATAIR LLC, and intends to Defer Investigation.

| | |
|---|---|
| Issued by: | Issued on: |
| Miami District Office | 08/28/2024 |
| Acknowledged by: | Acknowledged on: |
| Florida Commission On Human Relations | 08/28/2024 |

**Email To:** rfeicht@gunster.com
**Subject:** Document Added to EEOC Charge 510-2024-10746
**Sent On:** 2025-07-08T15:02:07.380919

---

**U.S. Equal Employment Opportunity Commission**

A new document was added to EEOC Charge No. 510-2024-10746, Mr. Ivan C. Grant v. STRATAIR LLC. To view it, sign-in to the EEOC Respondent Portal.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact (800) 669-4000 and destroy all copies of the original message and attachments.*

---

**Email To:** [redacted],steffany@fairlawattorney.com,brian@fairlawattorney.com
**Subject:** Document Added to EEOC Charge 510-2024-10746 / Documento Agregado a la Queja/Querella 510-2024-10746
**Sent On:** 2025-07-08T15:02:07.136730

---

**U.S. Equal Employment Opportunity Commission**

A new document was added to EEOC Charge No. 510-2024-10746, Mr. Ivan C. Grant v. STRATAIR LLC. To view it, sign-in to the EEOC Public Portal.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact info@eeoc.gov and destroy all copies of the original message and attachments.*

Se ha agregado un nuevo documento a la queja/querella de la EEOC, número 510-2024-10746, Mr. Ivan C. Grant v. STRATAIR LLC. Para verlo, inicie sesión en el Portal Público de la EEOC.

Este correo electrónico es una notificación oficial de la Comisión para la Igualdad de Oportunidades en el Empleo (EEOC, por sus siglas en inglés) con respecto a la queja/querella 510-2024-10746. Por favor, no responda a este correo electrónico.

*Aviso de confidencialidad: La información contenida en este correo electrónico puede contener información privilegiada y confidencial, incluida información protegida por las leyes de privacidad federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con nosotros en info@eeoc.gov y destruya todas las copias del mensaje original y los archivos adjuntos.*

**Email To:** brian@fairlawattorney.com,steffany@fairlawattorney.com, [redacted]
**Subject:** Document Added to EEOC Charge 510-2024-10746
**Sent On:** 2024-11-22T09:52:18.271968

---

*No Message found*

---

**Email To:** [redacted]
**Subject:** Position Statement Provided for your Charge 510-2024-10746
**Sent On:** 2024-11-22T09:52:10.516061

---

**U.S. Equal Employment Opportunity Commission**

EEOC has provided the Position Statement that STRATAIR LLC submitted on your charge, 510-2024-10746. To review the Position Statement and any relevant attachments or supplements, please go to the EEOC Public Portal as soon as possible, choose the "My Cases" option, and log-in to view your charge.

It will be helpful to EEOC's investigation if you provide a response to the Respondent's Position Statement by 12/22/2024.

Any information you provide will be taken into consideration when the EEOC reviews your case. Please upload your response through the Public Portal. Be sure to identify any further witnesses, their contact information, and a brief synopsis of what they will say.

There is no specific format for your response; however, be sure to point out discrepancies in the employer's information and explain what you believe to have happened. This is your opportunity to provide any additional information you feel is relevant to support your case.

Please be aware that by receiving these documents before you have filed a lawsuit based upon your charge, you agree that you will only share them with persons in a privileged relationship, such as a spouse, clergy, or medical, financial, or legal advisor.

*Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at digital-support@eeoc.gov and destroy all copies of the original message and attachments.*

---

**Email To:** [redacted]
**Subject:** Position Statement Requested for Your Charge 510-2024-10746
**Sent On:** 2024-09-27T09:54:06.333528

---

*No Message found*

---

**Email To:** rfeicht@gunster.com
**Subject:** EEOC Charge 510-2024-10746 Password Changed
**Sent On:** 2024-08-29T16:15:20.271500

**U.S. Equal Employment Opportunity Commission**

The EEOC Respondent Portal Password for Charge 510-2024-10746 has been changed by one of the respondent's contacts and/or legal representative for this charge. The new password is [redacted] Please use this password the next time you login to the EEOC Respondent Portal.

This email is an official notification from the Equal Employment Opportunity Commission (EEOC) regarding charge 510-2024-10746. Please do not reply to this email.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact (800) 669-4000 and destroy all copies of the original message and attachments.*

---

**Email To:** rfeicht@gunster.com
**Subject:** Notice of Charge of Discrimination
**Sent On:** 2024-08-29T16:04:04.654680

---

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

08/29/2024

**To:** Roger Feicht Esq.
Counsel
Gunster
777 South Flagler Drive, Suite 500 East West Palm Beach, FL 33401

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Mr. Ivan C. Grant under: The Age Discrimination in Employment Act of 1967 (ADEA), Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on Age, Color, National Origin, Race, and involve issues of Layoff, Harassment that are alleged to have occurred on or about 01/18/2024.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice

1. Access the EEOC's secured online system at **EEOC Respondent Portal**
2. Enter this EEOC Charge No.: **510-2024-10746**
3. Enter this password: [redacted]

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding the Digital Charge System, you can send an email to MiamiDigital@eeoc.gov.

**Preservation of Records Requirement When a Charge has Been Filed**

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see https://www.eeoc.gov/employers/recordkeeping-requirements.

**Non-Retaliation Requirements**

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

**Legal Representation**

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

**U.S. Equal Employment Opportunity Commission**

**FEDERAL INVESTIGATION:**
**REQUEST FOR POSITION STATEMENT**
**AND SUPPORTING DOCUMENTARY EVIDENCE**

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration.

We recommend you review the EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

**Fact-Based Position Statement**
This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and her representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

**Signed by an Authorized Representative**
The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

**Segregate Confidential Information into Separately Designated Attachments**
If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party's medical information
b. Social Security Numbers
c. Confidential commercial or financial information
d. Trade secrets information
e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
f. Any reference to charges filed against the Respondent by other charging parties

**Requests for an Extension**
If Respondent believes it requires additional time to respond, it must, at the earliest possible time in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

**Upload the Position Statement and Attachments into the Respondent Portal**
You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted, you will not be able to retract it via the Portal.

**U.S. Equal Employment Opportunity Commission**
**Miami District Office**
100 SE 2nd St Suite 1500 Miami, FL 33131
(800) 669-4000

Dear Small Business Manager:

The Equal Employment Opportunity Commission (EEOC) is the federal agency with primary responsibility for enforcing our nation's equal employment opportunity (EEO) laws. The laws we enforce prohibit job discrimination based on race, color, religion, sex (including on the basis of pregnancy, gender identity, or sexual orientation), pregnancy, national origin, age, disability,

retaliation and genetic information.



The attached Fact Sheet provides an overview of the EEOC's procedures from the time a charge of employment discrimination is filed to the point that it is resolved.

We encourage you to visit our online Small Business Resource Center, which provides a wealth of information designed to help small businesses. We offer tips and short videos on key employment topics including what to do when you receive a charge of discrimination.

In most cases, as our first step in processing a charge, we offer mediation as a neutral, voluntary and confidential way to achieve a mutually satisfactory resolution for all parties. Seventy-five percent of charges that are mediated are successfully resolved. In an independent study, 96% of employers who tried the EEOC's mediation program said they would use it again if the need arose.

Each of our district offices has a Small Business Liaison to provide technical assistance and help employers resolve questions about the laws we enforce, our mediation program, and the charge process. You can find the names and contact information of our Small Business Liaisons on our web site.

We encourage you to contact the Small Business Liaison in your area to answer any questions you may have and assure you that any inquiry or request for information will not adversely affect the investigation of the charge that has been filed.

Yours truly,

U.S. Equal Employment Opportunity Commission

## Find the Answers at EEOC's Small Business Resource Center

The EEOC's Small Business Resource Center is filled with useful information for small business and can connect you with EEOC staff in your area who can help you.

- *Have a question? Need training for your staff or one-on-one assistance?*
  To request information about the EEOC, training on federal employment discrimination laws or an explanation of the charge process, contact your local EEOC Small Business Liaison. We are here to help.

- *Want quick information online?*
  The EEOC's Small Business Liaisons have created videos with the small business owner in mind and the simple straightforward information that you need most. For example, you may need to know what questions you shouldn't ask in a job interview, and other tips for the hiring process.
  Also see our Frequently Asked Questions.

- *Need an employment policy or practical tips on preventing job discrimination?*
  See 10 Quick Tips For Small Business.

- *Need to know more about EEOC's charge process?*
  We have a video on Responding to a Charge of Discrimination.

- *What is mediation?*
  The EEOC's mediation program offers a free, voluntary, confidential and informal resolution process for many charges of discrimination. Mediations are conducted by a neutral mediator. If mediation is successful, there is no investigation.

- *Want information about a specific topic?*

Our Resources page explains the types of employment discrimination covered by the EEOC's laws as well as the legal requirements you need to know.

We can also direct you to other federal agencies for information on issues such as minimum wage and overtime pay or family and medical leave. The Resources page gives a link to small business assistance from the SBA and provides information on the Small Business Regulatory Enforcement Fairness Act (SBREFA), which allows small businesses to comment on federal agency enforcement actions to the SBA Ombudsman.

You can order our Publications online free of charge or print them for use. You can also order the EEOC's poster, "EEO Is The Law," here .

**For more information and assistance call the EEOC toll-free at 1-800-669-4000 or use our sign language access line at 1-844-234-5122 (ASL Video Phone)**

---

**Email To:** steffany@fairlawattorney.com,brian@fairlawattorney.com
**Subject:** You Can Now File Charges Electronically
**Sent On:** 2024-08-28T10:00:41.944038

---

**U.S. Equal Employment Opportunity Commission**
**Miami District Office**

08/28/2024

Dear Steffany Sanguino,

You are receiving this because you recently submitted a charge of discrimination.

**If and when you need to submit another charge, we encourage you to use** E-File for Attorneys **an application that allows licensed attorneys to immediately submit charges electronically on behalf of their clients.** When you use E-File for Attorneys, you will not have to wait for the charge to be manually processed and you will receive a confirmation, with a charge number, immediately.

Using this application, an attorney can either (1) upload and submit a charge that their client has previously signed under penalty of perjury but has not yet submitted to the EEOC (It does not allow an attorney to upload a charge that the attorney has signed on their client's behalf) or (2) create and submit a charge that their client can sign under penalty of perjury through the Public Portal.

**Submitting a Charge**
To use the E-File for Attorneys application, an attorney will log in using a new or existing account. The application will then ask the attorney for the information the EEOC needs to accept and process the charge. This includes information about the attorney, the client on whose behalf the charge is filed, the respondent the charge will be filed against, and the allegations. The application does not permit an attorney to file a charge without disclosing a client's identity. The attorney should have all this information before they begin. Before submitting a charge, the attorney has the option to express interest in mediation or request an immediate notice of right to sue.

**Submitting Multiple Charges**
Although the E-File for Attorneys application only allows the attorney to name a single entity and its aliases in each charge, the attorney can submit additional charges without duplicating steps to enter the same information (1) on behalf of the same or a different client and (2) against the same or a different entity. The attorney can also tell the EEOC that the charge is related to another inquiry or charge.

**Amending a Charge**
After the attorney submits the charge, they can track its status within the Public Portal using a new or existing Public Portal account. To amend a charge after it is submitted, the attorney will need to contact the assigned EEOC staff through the Public Portal. The application does not accept amended charges.

**Asking Us Questions and Giving Us Feedback**

We expect E-File for Attorneys to enhance the charge filing experience for attorneys and their clients, but if you have any difficulty using the application or want to provide feedback, please contact us at e-file-for-attorneys@eeoc.gov.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact info@eeoc.gov and destroy all copies of the original message and attachments.*

---

**Email To:** steffany@fairlawattorney.com,brian@fairlawattorney.com,[redacted]
**Subject:** Confirmation of Charge Receipt
**Sent On:** 2024-08-28T10:00:41.461831

---

*No Message found*

# Tab C

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**
100 SE 2nd St, Suite 1500
(800) 669-4000
Website: www.eeoc.gov

# NOTICE OF NEW INQUIRY SUBMISSION

08/27/2024

EEOC Number: 510-2024-10746

Mr. Ivan C. Grant
[redacted]

[redacted]

Dear Mr. Ivan C. Grant:

You recently submitted correspondence to the U.S. Equal Employment Opportunity Commission (EEOC) about alleged employment discrimination by . We have opened EEOC Inquiry 510-2024-10746 based on your submission.

Please be aware that submitting an inquiry is NOT the same as filing an official Charge of Discrimination. A Charge of Discrimination is a signed statement asserting that an organization engaged in unlawful employment discrimination. The laws enforced by the EEOC, except the Equal Pay Act (EPA), require you to file a charge before you can file a lawsuit in court for unlawful employment discrimination. There are strict time limits for filing a charge.

To complete the inquiry process, you must schedule an appointment for an interview with an EEOC staff member to discuss your claim and the implications of filing a charge with the EEOC.

Please contact the EEOC's Miami District Office at (800) 669-4000 as soon as possible to schedule an intake interview. If you do not schedule an interview, we will be unable to take further action on your inquiry.

Sincerely,
Miami District Office

**From:** NENITA GIESSMANN
**To:** Steffany Sanguino
**Cc:** Brian Pollock
**Subject:** 510-2024-10746 RE: 4 Charges RE: Submit Additional Information FW: Luis Felipe Same Gonzalo, Raisyl Cepero Garcia, Henry Pinto, Luis Rodriguez v. StratAir, LLC
**Date:** Tuesday, August 27, 2024 10:01:00 AM
**Attachments:** 510-2024-10746 Ivan C. Grant - EEOC Charge Signed.pdf
510-2024-10746 - Ivan C. Grant - Letter of Representation.pdf
EEOC Form 5 Filing Procedure Guidelines.pdf

---

General Reminder to all Paralegals, Case Managers, Legal Assistants and Attorneys:
* Please use miamatty@eeoc.gov email or E-filing for submissions
* Implementation of E-filing for all law firms. See Paragraph 3
* Notice of Right to Sue are available digitally, when applicable, see Paragraph 4

Good morning,

Attached please find a copy of your client's charge and the Miami Field Office letter of instructions. We've identified several bullet points as informative; this saves time and effort processing Attorney charges for both sides. **When sending charges please remember to enable the PDF document interactive editing and disable any password protected features**.

The charge has been assigned an EEOC charge number (**510-2024-10746**) and is currently undergoing the initial intake process. For all future questions/inquiries regarding this charge, please use to the EEOC charge number to identify your client's complaint.

Although you have the ability to send all new charges to our miamatty@eeoc.gov proxy, we highly encourage you to use our new E-filing process. Please use the following link (https://e-file.eeoc.gov) to access this new process. Prior to using this portal, you are required to have a Login.gov account, which will assist in retaining your law firm's information for all future inquiries your law firm will create. The use of this new system will not only allow you to retain an EEOC number much faster, but also speed up the intake process.

We thank you in advance for your cooperation. Please make sure that your forms 5's are legible and comply with our procedures for filing a charge. Additionally, and effective immediately the Commission has updated its digital system allowing all parties accessibility to download the "Notice of Rights to Sue" directly from the Portal once the charge has been closed. Therefore, the Commission is requesting all Attorneys Offices submit charging party's email addresses when submitting charges for processing initially.

Please continue providing Respondent's HR or opposing counsel's full contact information including an email address, this process expedites the processing of your charge(s). Charging Parties and Respondent email addresses can easily be provided on the charge itself, your letters of representation or via email to the miamatty@eeoc.gov proxy.

Please DISCONTINUE sending faxes or hard-copy charges through USPS to our office. This will result in an unavoidable delay in processing. We encourage you to submit all Attorney charges to the Miami Field Office e-mail miamatty@eeoc.gov for expedited service.

Best Regards,

Nenita Giessmann
Office Automation Assistant
U.S. EEOC, Miami District Office
Miami Tower
100 S. E. 2nd Street, Suite 1500
Miami FL 33131
786-648-5859

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Thursday, August 22, 2024 2:11 PM
**To:** NENITA GIESSMANN <NENITA.GIESSMANN@EEOC.GOV>
**Cc:** Brian Pollock <brian@fairlawattorney.com>
**Subject:** Re: 4 Charges RE: Submit Additional Information FW: Luis Felipe Same Gonzalo, Raisyl Cepero Garcia, Henry Pinto, Luis Rodriguez v. StratAir, LLC

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good Afternoon Ms. Giessmann,

Please see the additional charge against StratAir.

Thank you

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Aug 15, 2024, at 3:41 PM, NENITA GIESSMANN <NENITA.GIESSMANN@EEOC.GOV> wrote:

Good afternoon Mr. Pollock,

Thank you for the Respondent's contact information below.

General Reminder to all Paralegals, Case Managers, Legal Assistants and Attorneys:
* Please use miamatty@eeoc.gov email or E-filing for submissions
* Implementation of E-filing for all law firms. See Paragraph 3
* Notice of Right to Sue are available digitally, when applicable, see Paragraph 4

Attached please find a copy of your client's charge and the Miami Field Office letter of instructions. We've identified several bullet points as informative; this saves time and effort processing Attorney charges for both sides. When sending charges please remember to enable the PDF document interactive editing and disable any password protected features.

The charge has been assigned an EEOC charge number **(510-2024-10344, 510-2024-10345, 510-2024-10351 and 510-2024-10352)** and is currently undergoing the initial intake process. For all future questions/inquiries regarding this charge, please use to the EEOC charge number to identify your client's complaint.

Although you have the ability to send all new charges to our miamatty@eeoc.gov proxy, we highly encourage you to use our new E-filing process. Please use the following link (https://e-file.eeoc.gov) to access this new process. Prior to using this portal, you are required to have a Login.gov account, which will assist in retaining your law firm's information for all future inquiries your law firm will create. The use of this new system will not only allow you to retain an EEOC number much faster, but also speed up the intake process.

We thank you in advance for your cooperation. Please make sure that your forms 5's are legible and comply with our procedures for filing a charge. Additionally, and effective immediately the Commission has updated its digital system allowing all parties accessibility to download the "Notice of Rights to Sue" directly from the Portal once the charge has been closed. Therefore, the Commission is requesting all Attorneys Offices submit charging party's email addresses when submitting charges for processing initially.

Please continue providing Respondent's HR or opposing counsel's full contact information including an email address, this process expedites the processing of your charge(s). Charging Parties and Respondent email addresses can easily be provided on the charge itself, your letters of representation or via email to the miamatty@eeoc.gov proxy.

Please DISCONTINUE sending faxes or hard-copy charges through USPS to our office. This will result in an unavoidable delay in processing. We encourage you to submit all Attorney charges to the Miami Field Office e-mail miamatty@eeoc.gov for expedited service.

Best Regards,

Nenita Giessmann
Office Automation Assistant
U.S. EEOC, Miami District Office
Miami Tower
100 S. E. 2nd Street, Suite 1500
Miami FL 33131
786-648-5859

---

**From:** Brian Pollock <brian@fairlawattorney.com>
**Sent:** Thursday, August 15, 2024 9:34 AM
**To:** NENITA GIESSMANN <NENITA.GIESSMANN@EEOC.GOV>
**Cc:** Steffany Sanguino <steffany@fairlawattorney.com>
**Subject:** Re: Submit Additional Information FW: Luis Felipe Same Gonzalo, Raisyl Cepero Garcia, Henry Pinto, Luis Rodriguez v. StratAir, LLC

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good Morning Nenita,

Roger Feicht, Esq. is opposing counsel:
Gunster
Dir: 561-650-0729
Ofc: 561-655-1980
RFeicht@gunster.com
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401

I hope this helps,

Brian H. Pollock, Esq.
FairLaw Firm
Dir: 305.230.4822
Ofc: 305.230.4884

135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brian@fairlawattorney.com
www.fairlawattorney.com

On Aug 15, 2024, at 9:05 AM, NENITA GIESSMANN <NENITA.GIESSMANN@EEOC.GOV> wrote:

Good morning,
Please provide me with the Respondent's Human Resources or opposing counsel's full contact information including an email address, this process expedites the processing of your charge. Best Regards,
Nenita Giessmann
Office Automation Assistant
U.S. EEOC, Miami District Office
Miami Tower
100 S. E. 2nd Street, Suite 1500
Miami FL 33131
786-648-5859

<image001.png>

From: MIAM-ATTY <MIAMATTY@EEOC.GOV>
Sent: Thursday, August 15, 2024 8:44 AM
To: NENITA GIESSMANN <NENITA.GIESSMANN@EEOC.GOV>
Subject: FW: Luis Felipe Same Gonzalo, Raisyl Cepero Garcia, Henry Pinto, Luis Rodriguez v. StratAir, LLC
From: Steffany Sanguino <steffany@fairlawattorney.com>
Sent: Wednesday, August 14, 2024 4:22 PM
To: MIAM-ATTY <MIAMATTY@EEOC.GOV>
Cc: Brian Pollock <brian@fairlawattorney.com>
Subject: Luis Felipe Same Gonzalo, Raisyl Cepero Garcia, Henry Pinto, Luis Rodriguez v. StratAir, LLC
CAUTION: The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.
Good Afternoon,
I hope this email finds you well. Our office represents Luis Felipe Same Gonzalo, Raisyl Cepero Garcia, Henry Pinto, Luis Rodriguez.
I enclose his Charges of Discrimination and a letter from Mr. Pollock.
If you have any questions or concerns, don't hesitate to contact us.
Thank you.
Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue

Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

<510-2024-10344 EEOC Charge signed (Pinto H).pdf><510-2024-10344 - Letter to EEOC encl charge (Pinto).pdf><510-2024-10345 EEOC Charge (Cepero) - signed.pdf><510-2024-10345 - Letter to EEOC encl charge (2)(Cepero).pdf><510-2024-10351 EEOC Charge (signed)(Rodriguez L.).pdf><510-2024-10351 - Letter to EEOC encl charge (3)(Rodriguez).pdf><510-2024-10352 EEOC Charge (signed)(Same Gonzalo).pdf><510-2024-10352 - Letter to EEOC encl charge (4)(Same).pdf>

[redacted]

FairLaw Firm

135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146

305.230.4884

www.fairlawattorney.com

December 16, 2024

Via Portal Submission
Blondel Vincent, Investigator
U.S. EEOC
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

**RE: *Ivan Grant v. StratAir***
**EEOC 510-2024-10746**
**Request Based On Respondent's Position Statement**

Dear Mr. Vincent:

I reviewed the Position Statement submitted in response to the Charge of Discrimination by StratAir, LLC. The Respondent provides skewed information to avoid the Commission being able to conclude that it discriminated against my client.

For the Commission to properly evaluate the Respondent's conduct, the Respondent should be required to disclose the demographic information for each person who worked for it as a "Warehouse Handler" in Miami, including each person's name, age, national origin, color, time employed by Respondent as of January 2024, and whether each remained employed or terminated as part of Respondent's reduction in force.

The information requested is significant and necessary for the Commission to determine whether the Respondent's lack of objective criteria resulted in it terminating the employment of a disproportionate number of persons within one or more protected classes. Respondent indicates that 70% of those laid off were 45 years old or younger, but it does not provide any information about the number of employees over 40 before and after its reduction in force (or about the number of persons in any other protected class before and after its reduction in force). Properly investigating this matter would seem to require Respondent to disclose this information and so we request you obtain it during your investigation and share it with us.

Sincerely,

Brian H. Pollock, Esq.
brian@fairlawattorney.com

Encl.

**GIDGET FARRINGTON**

| | |
|---|---|
| **From:** | BLONDEL VINCENT |
| **Sent:** | Wednesday, May 14, 2025 11:32 AM |
| **To:** | Steffany Sanguino |
| **Cc:** | Brian Pollock |
| **Subject:** | RE: (b) (5) [redacted] |

Ms. Sanguino,

Regarding all the StratAir charges, Respondent provided the following information. If you have any evidence to show differently, please provide said information by **May 29, 2025**. While there's claims of national origin, race, age, disability; I hope you have evidence to support your charge and not relying on evidence Respondent should or shouldn't have. If no rebuttal or additional evidence is provided, the charges will be investigated based on available information and may be recommended for dismissal.

Charging Parties' claims of age discrimination are based upon a foundational allegation that they are over 40 years old, and they were all selected for the January 2024 layoff. However, that myopic view ignores the fact that the layoff impacted other employees. The undisputed evidence proves that the layoff impacted 28 employees of varying ages who were selected by management based on their performance. As explained in seven (7) Position Statements submitted on September 27, 2024, October 4, 2024 (2), October 14, 2024 (2), November 27, 2024, and December 4, 2024, decisions made by leadership were based on performance, as personally observed by management and through those employees in supervisor and lead positions. Furthermore, the ages of the decision-makers and employees who notified the impacted employees (54 years old, 38 years old, and 45 years old) create a presumption that age was not a motivating factor in these decisions.

There is zero evidence submitted by Charging Parties that they were selected for this layoff because of their age, and the objective statistics submitted from Respondent's Human Resources department definitively prove that there was no disproportionate impact on older workers. Instead, workers under 40 were selected at a higher rate and workers as young as eighteen (18) years old were selected, showing that age was not a factor in these decisions. Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately 10.1%), while 17 of the 149 employees under 40 were selected for layoff (impact of approximately 11.41%). Thus, the undisputed fact remains that workers under 40 were selected for the January 2024 layoff at a higher rate than workers 40 years old or older.

I look forward to your response by **May 29, 2025**.

Respectfully,

Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, May 14, 2025 12:25 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Brian Pollock <brian@fairlawattorney.com>
**Subject:** Re: (b) (5) [redacted]

Good Afternoon, Mr. Vincent,

I hope this email finds you well,

I am following up on the requested information for our rebuttals to the charge.

Please let me know as soon as possible.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Apr 25, 2025, at 12:00 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:

Ma'am,

I appreciated the update requests but I've informed you that a request for information was submitted to Respondent for all the charges and once I have a response, I will let you know. As of today, no response has been received.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Friday, April 25, 2025 11:58 AM

**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: (b) (5) [redacted]

Good Afternoon, Mr. Vincent,

I hope this email finds you well,

I wanted to follow up with my previous emails,

Please update me.

Thank you for your assistance.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Apr 18, 2025, at 3:38 PM, Steffany Sanguino <steffany@fairlawattorney.com> wrote:

Good Afternoon, Mr. Vincent,

I hope this email finds you well,

I wanted to follow up with you regarding the respondent's response.

Please update me.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884

Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Apr 10, 2025, at 12:14 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:

Ma'am,

I submitted a request for additional information for all the StratAir cases. Once I have a response I will let you know.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, April 9, 2025 4:16 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: (b) (5) [redacted]

Good Afternoon Mr. Vincent,

I hope this email finds you well,

I am following up with our request,

Please provide me with an update.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Mar 27, 2025, at 11:41 AM, Steffany Sanguino <steffany@fairlawattorney.com> wrote:

Good Morning Mr, Vincent.

I hope this email finds you well,

It has been a couple of weeks since we last received your last update.

Please advise me if you have received any records regarding our request.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Mar 5, 2025, at 3:11 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:

Ma'am,

A request was submitted for a list of employees but it was not provided. We are working on enforcing the request but I have not gotten to it yet. In the meantime, Respondent had provided the following as part of their response

"Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, only 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately **10.1%**), while 17 of the 149 employees *under* 40 were selected for layoff (impacting approximately **11.41%**). Therefore , contrary to Claimant's speculative and unsupported allegations of age discrimination, **the layoff impacted workers 40 years old or older at a lower rate than younger workers."**

When I have additional information to provide on all the cases, I will contact you.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, March 5, 2025 1:59 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: (b) (5) [redacted]

Good Afternoon, Mr. Vincent,

I hope you are doing well.

I am following up on the requested information for our rebuttals to the charges,

Please provide me with an update.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Feb 18, 2025, at 5:19 PM, Steffany Sanguino <steffany@fairlawattorney.com> wrote:

Good Afternoon,

My apologies,

Mr. Laffita was confused.

No one signed a termination/separation agreement.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146

Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Feb 18, 2025, at 2:14 PM, BLONDEL VINCENT <BLONDEL.VINCENT@eeoc.gov> wrote:

Ma’am,

Can you send me a by name list of who signed or didn’t sign an agreement.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Tuesday, February 18, 2025 2:13 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: (b) (5) [redacted]

Mr. Vincent,

I just spoke

with one of our clients, Alex Laffita Ortiz.

He has confirmed he did sign a separation/termination agreement. He doesn't have a copy of it.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gable

s, FL
33146
Dir: 3
05.390
.8826
Ofc:
305.23
0.4884
Fax:
305.23
0.4844
steffa
ny@fai
rlawat
torney
.com
www.f
airlaw
attorn
ey.co
m

O
n
F
e
b
1
8
,
2
0
2
5
,
a
t
1
:
0
7

PM, BLONDELVINCENT <BLONDEL.VINCENT@eeoc.gov> wrot

e:

Afternoon,

Thank you for the information.

Respectfull

024-10344

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good afternoon, Mr. Vincent. Please find t

he attached letter we previously sent you. This is my follow-

ENT@EEOC.GOV>
**Subject:** Re: StratAir

You don't often get email from steffany@fairlawattorney.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good Afternoon

Mr. Vincent,

I hope this email finds you well,

Please conf

irm whether all the other StratAir charges were transferred t

o you.

Thank you.

Steffany Sanguino, Paralegal Fair Law F

irm135SanLorenzoAvenueSuite770CoralGables,FL33146Dir

:

305.390.8826

Ofc: 305.230.4884 Fax: 305.230.4844 [steff]

any@fairlawattorney.com www.fairlawattorney.com

On Nov 14, 2024, at 3:01 PM, Steffany Sanguino <steffan

y@fairlawattorney.com> wrote:

Good Afternoon Everyone,

I hope this email finds you well,

Our office is representing in

g several cases against StratAir.

We have realized that we h

ave several investigators assigned to the charges,

We woul

d like Mr. Blondel Vincent to handle all the charges since he wa

sassigned to most of them.

Please see below a breakdown of th

echarges and who was assigned to which,

-Raisyl Cepero-Blo

ndelVincent -HenryPinto-BlondelVincent -LuisRodrigue

z-BlondelVincent

-LuisSame-BlondelVincent

-EyonneyP

rado-

LatashaNelson

-IvanGrant-WigbertoPerez

-Alex

Laffita-RobbyCedon

Pleaseletmeknowifweneedtoincludea

supervisor in our request.

Otherwise, please confirm that

the files will be transferred to Mr. Vincent.

Thank you for y

our time.

Steffany Sanguino, Paralegal Fair Law Firm 135 S

an Lorenzo Avenue Suite 770 Coral Gables, FL 33146 Dir: 305.3

90.8826

Ofc:305.230.4884Fax:305.230.4844steffany@fai

rlawattorney.comwww.fairlawattorney.com

**GIDGET FARRINGTON**

| | |
|---|---|
| **From:** | BLONDEL VINCENT |
| **Sent:** | Tuesday, May 27, 2025 11:54 AM |
| **To:** | 'Steffany Sanguino' |
| **Cc:** | 'Brian Pollock' |
| **Subject:** | RE: Henry Pinto Sumoza vs. StratAir, LLC 510-2024-10344 |
| **Attachments:** | 2025-05-23_StratAir Aviation Services.pdf |

Ms. Sanguino,

Please see additional information provided by Respondent regarding the StratAir charges. I look forward to any evidence you may have to support your clients charges by **May 29, 2025**. Again, if no information is provided to substantiated your charges, the charges will be recommended for dismissal.

Respectfully,
Mr. Vincent

---

**From:** BLONDEL VINCENT
**Sent:** Wednesday, May 14, 2025 2:32 PM
**To:** Steffany Sanguino <steffany@fairlawattorney.com>
**Cc:** Brian Pollock <brian@fairlawattorney.com>
**Subject:** RE: Henry Pinto Sumoza vs. StratAir, LLC 510-2024-10344

Ms. Sanguino,

Regarding all the StratAir charges, Respondent provided the following information. If you have any evidence to show differently, please provide said information by **May 29, 2025**. While there's claims of national origin, race, age, disability; I hope you have evidence to support your charge and not relying on evidence Respondent should or shouldn't have. If no rebuttal or additional evidence is provided, the charges will be investigated based on available information and may be recommended for dismissal.

Charging Parties' claims of age discrimination are based upon a foundational allegation that they are over 40 years old, and they were all selected for the January 2024 layoff. However, that myopic view ignores the fact that the layoff impacted
other employees. The undisputed evidence proves that the layoff impacted 28 employees of varying ages who were selected by management based on their performance. As explained in seven (7) Position Statements submitted on September 27, 2024, October 4, 2024 (2), October 14, 2024 (2), November 27, 2024, and December 4, 2024, decisions made by leadership were based on performance, as personally observed by management and through those employees in supervisor and lead positions. Furthermore, the ages of the decision-makers and employees who notified the impacted employees (54 years old, 38 years old, and 45 years old) create a presumption that age was not a motivating factor in these decisions.

There is zero evidence submitted by Charging Parties that they were selected for this layoff because of their age, and the objective statistics submitted from Respondent's Human

Resources department definitively prove that there was no disproportionate impact on older workers. Instead, workers under 40 were selected at a higher rate and workers as young as eighteen (18) years old were selected, showing that age was not a factor in these decisions. Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately 10.1%), while 17 of the 149 employees under 40 were selected for layoff (impact of approximately 11.41%). Thus, the undisputed fact remains that workers under 40 were selected for the January 2024 layoff at a higher rate than workers 40 years old or older.

I look forward to your response by **May 29, 2025**.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, May 14, 2025 12:25 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Brian Pollock <brian@fairlawattorney.com>
**Subject:** Re: Henry Pinto Sumoza vs. StratAir, LLC 510-2024-10344

Good Afternoon, Mr. Vincent,

I hope this email finds you well,

I am following up on the requested information for our rebuttals to the charge.

Please let me know as soon as possible.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Apr 25, 2025, at 12:00 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:

Ma'am,

I appreciated the update requests but I've informed you that a request for information was submitted to Respondent for all the charges and once I have a response, I will let you know. As of today, no response has been received.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Friday, April 25, 2025 11:58 AM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: Henry Pinto Sumoza vs. StratAir, LLC 510-2024-10344

Good Afternoon, Mr. Vincent,

I hope this email finds you well,

I wanted to follow up with my previous emails,

Please update me.

Thank you for your assistance.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Apr 18, 2025, at 3:38 PM, Steffany Sanguino <steffany@fairlawattorney.com> wrote:

Good Afternoon, Mr. Vincent,

I hope this email finds you well,

I wanted to follow up with you regarding the respondent's response.

Please update me.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Apr 10, 2025, at 12:14 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:

Ma'am,

I submitted a request for additional information for all the StratAir cases. Once I have a response I will let you know.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, April 9, 2025 4:16 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: Henry Pinto Sumoza vs. StratAir, LLC 510-2024-10344

Good Afternoon Mr. Vincent,

I hope this email finds you well,

I am following up with our request,

Please provide me with an update.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm

135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Mar 27, 2025, at 11:41 AM, Steffany Sanguino <steffany@fairlawattorney.com> wrote:

Good Morning Mr, Vincent.

I hope this email finds you well,

It has been a couple of weeks since we last received your last update.

Please advise me if you have received any records regarding our request.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Mar 5, 2025, at 3:11 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:

Ma'am,

A request was submitted for a list of employees but it was not provided. We are working on enforcing the request but I have not gotten to it yet. In the meantime, Respondent had provided the following as part of their response

"Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, only 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately **10.1%**), while 17 of the 149 employees *under* 40 were selected for layoff (impacting approximately **11.41%**). Therefore , contrary to Claimant's speculative and unsupported allegations of age discrimination, **the layoff impacted workers 40 years old or older at a <u>lower</u> rate than younger workers."**

When I have additional information to provide on all the cases, I will contact you.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, March 5, 2025 1:59 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: Henry Pinto Sumoza vs. StratAir, LLC 510-2024-10344

Good Afternoon, Mr. Vincent,

I hope you are doing well.

I am following up on the requested information for our rebuttals to the charges,

Please provide me with an update.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Feb 18, 2025, at 5:19 PM, Steffany Sanguino <steffany@fairlawattorney.com> wrote:

Good Afternoon,

My apologies,

Mr. Laffita was confused.

No one signed a termination/separation agreement.

Thank you.

Steffany Sanguino,

Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Feb 18, 2025, at 2:14 PM, BLONDEL VINCENT <BLONDEL.VINCENT@eeoc.gov> wrote:

Ma'am,

Can you send me a by name list of who

signed or didn’t sign an agreement.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Tuesday, February 18, 2025 2:13 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: Henry Pinto Sumoza vs. StratAir, LLC 510-2024-10344

Mr. Vincent,

I just spoke with one of our clients, Alex Laffita Ortiz.

He has confirmed he did sign a separation/termination agreement. He doesn't have a copy of it.

Steffany Sanguino,
Paralegal
FairLaw Firm
135 San Lorenzo

Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Feb 18, 2025, a

t 1:07 PM, BLONDELVINCENT <BLONDEL.VINCENT@eeoc.gov

> wrote:

Afternoon,

Thank you for the information.

Respec

tfully, Mr. Vincent

**From:** Steffany Sanguino <steffany@

fairlawattorney.com>

**Sent:** Tuesday, February 18, 2025 1:0

2024-10344

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good afternoon, Mr. Vincent. Please find

theattachedletterwepreviouslysentyou.Thisismyfollow

-up regarding that communication. Please let me know if you h

ave any questions. Thank you.

Steffany Sanguino, Par

alegalFairLawFirm135SanLorenzoAvenueSuite770Cora

ENT@EEOC.GOV> Subject: Re: StratAir

You don't often get email from steffany@fairlawattorney.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good Afternoon

Mr. Vincent,

I hope this email finds you well,

Please conf

irm whether all the other StratAir charges were retransferred t

Gunster

Writer's E-Mail Address: RFeicht@gunster.com
Writer's Direct Dial Number: 561-650-0729

May 23, 2025

**VIA EEOC PORTAL**
Blondel Vincent, Investigator
U.S. Equal Employment Opportunity Commission
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

**Re:** (b) (5) [redacted]
***Ivan Grant v. StratAir Aviation Services, LLC***
**EEOC Charge No.: 510-2024-10746**
(b) (5) [redacted]

Dear Mr. Vincent:

As you know, my Firm represents Respondent in the above referenced Charges of Discrimination. Per your request on May 9, 2025 as clarified during our telephone conversation on May 20, 2025, enclosed please find evidence that the January 2024 layoff at issue impacted not only the seven (7) Charging Parties, but twenty-one (21) other employees, for a total of twenty-eight (28) employees.

This chart is a report derived from Respondent's Human Resources software (UKG). It proves that the January 2024 layoff impacted more employees under forty (40) years old (seventeen (17)), than over forty (40) years old (eleven (11)). Moreover, this report shows the January 2024 layoff impacted several employees under twenty (20) years old (for example, Employee P.E. born in 2005 and Employee V.K. born in 2004). Additionally, Respondent has repeatedly submitted, including through my letter by e-mail dated May 2, 2025, the statistics that show that the layoff impacted workers 40 years old or over at a lower rate than younger workers (see my letter dated May 2, 2025 submitted by e-mail).

As detailed in our prior Position Statements and supplemental submissions, Charging Parties' allegations of age discrimination remain dependent on their unsupported speculation that older workers were targeted for the layoff. The Charges are based on the anecdotal information from their limited personal experiences that they were selected for the layoff and they are over 40 years old.

However, this indisputable evidence submitted today proves the foundation allegation that the layoff only impacted older workers is false and unsupported. Furthermore, the statistical evidence that the layoff impacted workers 40 years old or over at a lower rate than younger workers, combined with the fact that several very young employees were selected prove that age was not the causal factor in any employment decision. Therefore, we, once again, request that the EEOC refrain from engaging on a "fishing expedition" at the behest of Charging Parties and conclude its investigation with a "no cause" finding.

Sincerely,

Roger W. Feicht

Enclosure

ACTIVE:37494879.1

# Terminated Employees

UKG People Analytics Report: Terminated employees with Company and Date Prompt

| Company | Employee Name (Last Suffix, First MI) | Employee Number | Birth Date | Employment Status | Termination Date | Termination Reason |
|---|---|---|---|---|---|---|
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | Cepero Garcia, Raisyl | [redacted] | [redacted] | Terminated | 01/22/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | Grant, Ivan C. | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/20/2024 | Reduction in force |
| StratAir Aviation Services LLC | Laffita Ortiz, Alex A. | [redacted] | [redacted] | Terminated | 01/17/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 10/04/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/17/2024 | Reduction in force |
| StratAir Aviation Services LLC | Pinto Sumoza, Henry A. | [redacted] | [redacted] | Terminated | 01/17/2024 | Reduction in force |
| StratAir Aviation Services LLC | Prado Duran, Eyonny | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | [redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | Rodriguez Ceruto, Luis R. | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |

# Terminated Employees

UKG People Analytics Report: Terminated employees with Company and Date Prompt

| Company | Employee Name (Last Suffix, First MI) | Employee Number | Birth Date | Employment Status | Termination Date | Termination Reason |
|---|---|---|---|---|---|---|
| StratAir Aviation Services LLC | R[redacted], F[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | R[redacted], B[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | Same Gonzalo, Luis F. | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | V[redacted], K[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | V[redacted], R[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |

## GIDGET FARRINGTON

**From:** BLONDEL VINCENT
**Sent:** Monday, June 23, 2025 6:20 AM
**To:** Gaelle Colas
**Cc:** Steffany Sanguino; Brian Pollock
**Subject:** RE: [External] (b) (5) [redacted]

Morning,

You may have an extension to June 30, 2025 as requested. Please not that current available information is insufficient to show a violation. If you have any evidence that has not been provided so far to support your clients' charge, submit them by June 30, 2025, if not, I will recommend dismissing the charge on July 1, 2025. Unless new information is provided to merit a review, I will proceed with my recommended.

Let me know if you have a question. You also have the option to request your Notice of Right to Sue.

Respectfully,
Mr. Vincent

---

**From:** Gaelle Colas <gaelle@fairlawattorney.com>
**Sent:** Friday, June 20, 2025 2:53 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Steffany Sanguino <steffany@fairlawattorney.com>; Brian Pollock <brian@fairlawattorney.com>
**Subject:** Re: [External] (b) (5) [redacted]

You don't often get email from gaelle@fairlawattorney.com. Learn why this is important

Good Afternoon Mr. Vincent,

I am following up again regarding this email.

The last notice you sent stated the case would be recommended for dismissal by this Monday, June 23.

We are asking for an extension for the dismissal to next Monday, June 30. In addition, I respectfully ask if you could follow up with us on
your concerns about the charges already filed and the facts not met to show discrimination as alleged.

Thank you.

Gaelle W. Colas, Esq.
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146

Ofc: 305.230.4884
Dir: 786.396.0699
gaelle@fairlawattorney.com
www.fairlawattorney.com

On Jun 18, 2025, at 4:49 PM, Gaelle Colas <gaelle@fairlawattorney.com> wrote:

Good Afternoon,

We represent the Plaintiffs. Can you please provide more information as to what is missing or required?
Particularly, what elements have not been met?

Gaelle W. Colas, Esq.
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Ofc: 305.230.4884
Dir: 786.396.0699
gaelle@fairlawattorney.com
www.fairlawattorney.com

Begin forwarded message:

**From:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject: RE: [External]** (b) (5) [redacted]
**Date:** June 18, 2025 at 3:38:31 PM EDT
**To:** Steffany Sanguino <steffany@fairlawattorney.com>
**Cc:** Brian Pollock <brian@fairlawattorney.com>

Afternoon,

Please note that all the Stratair charges will be recommended for dismissal on **June 23, 2025**, as no information have been presented to show discrimination as alleged.

Respectfully,
Mr. Vincent

---

**From:** BLONDEL VINCENT
**Sent:** Wednesday, May 28, 2025 4:06 PM
**To:** 'Steffany Sanguino' <steffany@fairlawattorney.com>
**Cc:** Brian Pollock <brian@fairlawattorney.com>
**Subject:** RE: [External] Re: (b) (5) [redacted]

Afternoon,

You may have a two weeks extension for all the Stratair charges. Deadline is June 11, 2025. No other extension will be granted.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, May 28, 2025 4:02 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Brian Pollock <brian@fairlawattorney.com>
**Subject:** [External] (b) (5) [redacted]

Good afternoon, Mr. Vincent.

I hope this email finds you well.

We would like to request a two-week extension.

Please confirm your receipt.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

> On May 27, 2025, at 2:53 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:
>
> Ms. Sanguino,

Please see additional information provided by Respondent regarding the StratAir charges. I look forward to any evidence you may have to support your clients charges by **May 29, 2025**. Again, if no information is provided to substantiate your charges, the charges will be recommended for dismissal.

Respectfully,
Mr. Vincent

---

**From:** BLONDEL VINCENT
**Sent:** Wednesday, May 14, 2025 2:32 PM
**To:** Steffany Sanguino <steffany@fairlawattorney.com>
**Cc:** Brian Pollock <brian@fairlawattorney.com>
**Subject:** RE: (b) (5) [redacted]

Ms. Sanguino,

Regarding all the StratAir charges, Respondent provided the following information. If you have any evidence to show differently, please provide said information by **May 29, 2025**. While there's claims of national origin, race, age, disability; I hope you have evidence to support your charge and not relying on evidence Respondent should or shouldn't have. If no rebuttal or additional evidence is provided, the charges will be investigated based on available information and may be recommended for dismissal.

Charging Parties' claims of age discrimination are based upon a foundational allegation that they are over 40 years old, and they were all selected for the January 2024 layoff. However, that myopic view ignores the fact that the layoff impacted other employees. The undisputed evidence proves that the layoff impacted 28 employees of varying ages who were selected by management based on their performance. As explained in seven (7) Position Statements submitted on September 27, 2024, October 4, 2024 (2), October 14, 2024 (2), November 27, 2024, and December 4, 2024, decisions made by leadership were based on performance, as

personally observed by management and through those employees in supervisor and lead positions. Furthermore, the ages of the decision-makers and employees who notified the impacted employees (54 years old, 38 years old, and 45 years old) create a presumption that age was not a motivating factor in these decisions.

There is zero evidence submitted by Charging Parties that they were selected for this layoff because of their age, and the objective statistics submitted from Respondent's Human Resources department definitively prove that there was no disproportionate impact on older workers. Instead, workers under 40 were selected at a higher rate and workers as young as eighteen (18) years old were selected, showing that age was not a factor in these decisions. Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately 10.1%), while 17 of the 149 employees under 40 were selected for layoff (impact of approximately 11.41%). Thus, the undisputed fact remains that workers under 40 were selected for the January 2024 layoff at a higher rate than workers 40 years old or older.

I look forward to your response by **May 29, 2025**.

Respectfully,
Mr. Vincent

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, May 14, 2025 12:25 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Brian Pollock <brian@fairlawattorney.com>
**Subject:** Re: (b) (5) [redacted]

Good Afternoon, Mr. Vincent,

I hope this email finds you well,

I am following up on the requested information for our rebuttals to the charge.

Please let me know as soon as possible.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

> On Apr 25, 2025, at 12:00 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:
>
> Ma'am,
>
> I appreciated the update requests but I've informed you that a request for information was submitted to Respondent for all the charges and once I have a response, I will let you know. As of today, no response has been received.
>
> Respectfully,
> Mr. Vincent

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Friday, April 25, 2025 11:58 AM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: (b) (5) [redacted]

Good Afternoon, Mr. Vincent,

I hope this email finds you well,

I wanted to follow up with my previous emails,

Please update me.

Thank you for your assistance.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

> On Apr 18, 2025, at 3:38 PM, Steffany Sanguino <steffany@fairlawattorney.com> wrote:
>
> Good Afternoon, Mr. Vincent,
>
> I hope this email finds you well,
>
> I wanted to follow up with you regarding the respondent's response.

Please update me.

Thank you.

Steffany Sanguino,
Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Apr 10, 2025, at 12:14 PM, BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV> wrote:

Ma'am,

I submitted a request for additional information

for all the StratAir cases. Once I have a response I will let you know.

Respectfully,
Mr. Vincent

---

**From:** Steffany Sanguino <steffany@fairlawattorney.com>
**Sent:** Wednesday, April 9, 2025 4:16 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Subject:** Re: (b) (5) [redacted]

(b) (5) [redacted]

Good Afternoon Mr. Vincent,

I hope this email finds you well,

I am following up with our request,

Please provide me with an update.

Thank you.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo

Avenue Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com

On Mar 27, 2025, at 11:41

AM, Steffany Sanguino <steffany@fairlawattorney.co

m> wrote:

Good Morning Mr, Vincent.

I hope this email f

2024-10344

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good afternoon, Mr. Vincent. Please find

the attached letter we previously sent you. This is my follow

- up regarding that communication. Please let me know if you h

ave any questions. Thank you.

Steffany Sanguino, Paral

egalFairLawFirm135SanLorenzoAvenueSuite770CoralG

ables, FL 33146 Dir:

305.390.8826

Ofc: 305.230.4884 F

ax:305.230.4844steffany@fairlawattorney.comwww.f

a
i
r
l
a
w
a
t
t
o
r
n
e
y
.
c
o
m

You don't often get email from steffany@fairlawattorney.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Steffany Sanguino, Paralegal
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Dir: 305.390.8826
Ofc: 305.230.4884
Fax: 305.230.4844
steffany@fairlawattorney.com
www.fairlawattorney.com
<2025-05-23_StratAir Aviation Services.pdf>

# Tab D

GUNSTER
FLORIDA'S LAW FIRM FOR BUSINESS

Writer's E-Mail Address: RFeicht@gunster.com
Writer's Direct Dial Number: 561-650-0729

September 27, 2024

**VIA EEOC RESPONDENT PORTAL**
Robby Cedon, Investigator
U.S. Equal Employment Opportunity Commission
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

***Re: Ivan Grant v. StratAir, LLC, EEOC Charge No. 510-2024-10746***

Dear Mr. Cedon:

Our Firm represents StratAir Aviation Services, LLC in regard to the Charge of Discrimination filed by Ivan Grant against StratAir, LLC. Mr. Grant never worked for StratAir, LLC. Contrary to the Charge identifying StratAir, LLC as his employer and the Respondent, Mr. Grant was instead employed by StratAir Aviation Services, LLC ("StratAir" or "the Company"). The Company denies all of Employee's allegations and provides this Position Statement in response to the Charge.[1]

## I. Factual Background and Summary

Among other services, StratAir unloads cargo from aircraft arriving at the Miami International Airport. Mr. Grant was hired by StratAir in July 2022 as a Warehouse Handler. Mr. Grant's job duties involved unloading cargo from aircraft and loading it into trucks.

In January 2024, a major customer of StratAir informed StratAir that it had decided to reduce the number of future cargo delivery flights that it would hire StratAir to unload. This was a major blow to StratAir's work in the near future and resulted in an immediate and significant decline in anticipated revenue.

[1] The information and supporting documentation submitted herewith, and that which may be submitted hereafter, are strictly confidential. Such information and documentation shall not be used for any purpose other than the resolution of the current Charge and shall not be disseminated to any person without The Company's prior written approval. *See* 42 U.S.C. §§ 2000e-5(b), 2000e-8(e); 29 C.F.R. §§ 1601.22, 1601.26. In addition, this response is based upon our understanding of the facts and the information reviewed thus far. Although there has not been an opportunity for formal discovery or a complete formal investigation, this response is submitted for the purpose of aiding the Commission in its investigation and facilitating the informal resolution of this matter. This response, while believed to be accurate, does not constitute an affidavit or a binding statement of The Company's legal position, nor is it intended to be used as evidence of any kind in any administrative or court proceeding in connection with the Mr. Grant's allegations. Since additional facts likely will be uncovered through discovery or following a full investigation, The Company in no way waives its right to present new or additional information at a later date, for substance or clarification. Moreover, by responding to this Charge of Discrimination, The Company does not waive, and hereby preserves, any and all substantive and procedural defenses that may exist to the Charge and to Mr. Grant's allegations. The Company requests that any efforts to contact its current managers be directed through counsel.

As a direct result of its customer's decision, StratAir had too many employees for the projected demand for its services. Given the significant reduction in work to be performed and the associated drop in revenue, StratAir made the reasonable business decision to reduce its workforce in January 2024. StratAir ultimately laid off twenty-eight (28) employees, including Mr. Grant.

StratAir's decision had absolutely nothing to do with any employee's race, color, national origin, or age. As detailed below, Mr. Grant was selected for this layoff due to business need because of his unsatisfactory job performance.

## II. Mr. Grant's Job Performance Was Unsatisfactory.

Mr. Grant's Charge claims that "received positive feedback on my work performance throughout my employment, and was never subjected to warnings or discipline." This is demonstrably false.

During his short employment (approximately 18 months), Mr. Grant received negative feedback on his work performance and was subject to a written warning. On April 7, 2023, Mr. Grant received an "Employee Warning Notice," a copy of which is attached as **Exhibit A**. Mr. Grant left his work area without first obtaining the necessary approval from his supervisor. Mr. Grant signed this Warning, indicating that he "read and understood it."[2]

Additionally, when management considered employees to be included in the necessary layoff, Mr. Grant was selected because of his unsatisfactory performance in consistently and efficiently unloading cargo. The fact that Mr. Grant had a disciplinary notice in his file and was considered not to be a strong performer led to his selection by StratAir's management as one of the employees subject to the layoff.

## III. The Charge Has No Evidence Supporting Its Conclusory Allegations.

Any claims that Mr. Grant was selected for the layoff because of his race are unsupported. Mr. Grant describes himself as "Black, dark-skinned man born in Puerto Rico whose parents and family are from the Virgin Islands." There are no factual allegations (other than Mr. Grant's self-serving speculation) that his color or national origin had any influence over the decision to select him for the layoff. Mr. Grant was one (1) of only two (2) Black or African American employees selected for the layoff. Nearly ninety-three percent (93%) of the employees selected for the layoff were White or Hispanic. Therefore, the allegations that he was selected for the layoff because of his race, color, or national origin are unsupported and contrary to the evidence.

---

[2] The Notice is dated April 7, 2022 (instead of April 7, 2023), which is a typo. Mr. Grant did not work at StratAir in April 2022.

Any claim that Mr. Grant was selected for the layoff because of his age (then 64 years old) will also fail. Over seventy percent (70%) of the employees selected for the layoff were 45 years old *or younger*. In fact, there was one employee who was 18 years old, two employees who were 19 years old, and seven (7) employees in their twenties that were selected for the layoff along with Mr. Grant. This data proves that StratAir did not intentionally select the older employees for the layoff. Any suggestion that those decisions were based upon employees' ages simply ignores the facts.

The Charge vaguely alleges that "supervisors Armando Portales Viera and Jose would regularly make ageist comments about StratAir's employees over the age of 40." The Charge provides no specific examples of these alleged comments and stops well short of alleging that any such alleged comments were directed at him. Furthermore, Mr. Grant was selected for the layoff by a different employee, Gisela Barrera, the night shift manager, due to Mr. Grant's unsatisfactory performance in consistently and efficiently unloading cargo. Therefore, Mr. Grant's conclusory allegation of unidentified statements *by others* being made *to other employees* are stray remarks that are unrelated to StratAir's well-supported decision to select Mr. Grant for the layoff.

It is well-established that stray remarks are insufficient to support a claim of discrimination. In *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268, 49 (1989) (O'Connor, J., concurring), Justice O'Connor indicated that "stray remarks in the workplace … cannot justify requiring the employer to prove that its [employment] decisions were based on legitimate criteria. **Nor can statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process itself, suffice to satisfy the plaintiff's burden in this regard.**" (emphasis added). "Discriminatory remarks by nondecisionmakers [..] are not material in showing an employer's actions were discriminatory." *Brown v. Brown & Williamson Tobacco Corp.*, 95-30281-LAC, 1996 WL 325890, at *5 (N.D. Fla. Apr. 11, 1996), *aff'd sub nom. Brown v. Brown & Williamson Tobacco*, 111 F.3d 896 (11th Cir. 1997); *see also Dalmau v. Vicao Aerea Rio-Grandense, S.A.*, 337 F. Supp. 2d 1299, 1310 (S.D. Fla. 2004) ("The only evidence that she has offered of age discrimination are a few stray remarks which are legally insufficient to create a jury issue with regard to age discrimination.").

## IV. The Charge's Allegation About Demographic Information is a Red Herring.

The Charge alleges: "In terminating my employment, I did not receive any documents from StratAir identifying the ages, positions, or any demographic information about the employees in Miami it terminated or those it retained." StratAir assumes that Mr. Grant is insinuating that StratAir should have made a disclosure of that information to Mr. Grant pursuant to the Age Discrimination in Employment Act (ADEA) or the Older Workers Benefit Protection Act (OWBPA). However, those laws only require certain disclosures when an employee is asked to sign a release in exchange for consideration at the time of the layoff. Mr. Grant was not asked to

sign a release, and therefore StratAir had no obligation to disclose any demographic information to him.

**V. Conclusion**

Employee's Charge fails to set out a claim of discrimination on any basis and should be dismissed as a matter of law. If we can provide any additional information, please do not hesitate to contact our office.

Sincerely,

Roger W. Feicht

Attachment
ACTIVE:24294689.1

# EXHIBIT A

STRATAIR

## EMPLOYEE WARNING NOTICE

Employee Name Iván Grant Date: 4/7/2022

| TYPE OF VIOLATION | | | | |
|---|---|---|---|---|
| Attendance | | | Unauthorized absent from work area | X |
| Tardiness | | | Rudeness to employees/customers | |
| Carelessness | | | Intentional damage materials/equipments | |
| Work Quality | | | Violation of Safety Rules | |
| Insubordination | | | Working on personal matters | |

| PREVIOUS WARNINGS | | | | | |
|---|---|---|---|---|---|
| TYPE OF WARNING | | BY WHOM: Ángel Alarcon | ORAL | WRITTEN | DATE |
| 1st Warning | X | | | x | 4/7/2022 |
| 2nd Warning | | | | | |
| 3rd Warning | | | | | |

## EMPLOYER STATEMENT

## DISCIPLINARY ACTIONS

I have read and understood this Employee Warning Notice.

Signature of Employee [signature] Date 4/7/2022

Signature of Manager [signature] Date 4/7/2022

____ empolyee refused to sign this Notice Signature of Supervisor ____

Signature of Witness ____

**GIDGET FARRINGTON**

| | |
|---|---|
| **From:** | BLONDEL VINCENT |
| **Sent:** | Wednesday, January 29, 2025 12:03 PM |
| **To:** | Hagan, Lisa |
| **Cc:** | Feicht, Roger |
| **Subject:** | RE: StratAir EEOC charges |

Ms. Hagan,

Please provide the following information for **February 13, 2025**.

a) name,
b) position title,
c) last known home address, personal email address, and personal telephone number,
d) race,
e) national origin,
f) color,
g) d.o.b. and age
h) date or hire,
i) date of discharge,
j) reason for discharge, and
k) if selected for the January 2024 layoff provide their disciplinary file.

Let me know if you have any question or concerns.

Respectfully,
Mr. Vincent

---

**From:** Hagan, Lisa <LHagan@gunster.com>
**Sent:** Friday, November 22, 2024 2:40 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Feicht, Roger <RFeicht@gunster.com>
**Subject:** StratAir / (b) (5) [redacted] [decrypt]

You don't often get email from lhagan@gunster.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good afternoon, Mr. Vincent. This is to confirm that the EEOC is allowed to release Exhibit A, Employee Handbook, submitted as confidential, to the former employee, Mr. Garcia. If you have any further questions, please do not hesitate to contact us. Thank you.

Gunster

**Lisa A. Hagan** | Legal Administrative Assistant

777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401

**p** 561.655.1980 **f** 561.655.5677
gunster.com | lhagan@gunster.com

**GIDGET FARRINGTON**

| | |
|---|---|
| **From:** | Feicht, Roger <RFeicht@gunster.com> |
| **Sent:** | Friday, May 2, 2025 2:12 PM |
| **To:** | BLONDEL VINCENT |
| **Cc:** | Hagan, Lisa |
| **Subject:** | RE: StratAir EEOC charges - Response to Request for Additional Information |
| **Attachments:** | StratAir - Grant, et al. - Letter to B. Vincent re additional information(35855263.2).pdf |

Mr. Vincent,
Please see the attached response.

Thank you,
Roger

Gunster

Roger W. Feicht | Shareholder
Board Certified in Business Litigation

777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401

p 561.650.0729 | rfeicht@gunster.com
gunster.com | View my Bio | v Card

**From:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Sent:** Monday, April 7, 2025 9:25 AM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** Hagan, Lisa <LHagan@gunster.com>
**Subject:** RE: StratAir EEOC charges - Response to Request for Additional Information

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Morning Mr. Feicht and Ms. Hagan,

Please see attached pre-subpoena and provide a response by May 5, 2025. Let me know if you have any question or concern.

Respectfully,
Mr. Vincent

**From:** Feicht, Roger <RFeicht@gunster.com>
**Sent:** Thursday, February 13, 2025 1:05 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Hagan, Lisa <LHagan@gunster.com>
**Subject:** RE: StratAir EEOC charges - Response to Request for Additional Information

Mr. Vincent,
Thank you for clarifying the scope of your request for additional information. There were **over 400 employees** at Respondent's Miami facility during the requested time frame (Jan.-Dec. 2024), hundreds of whom were not impacted or considered for the small layoff that impacted the seven Claimants. Therefore, Respondent objects to the request for all 400+ employees' names, position titles, last known home addresses, personal email addresses, personal telephone numbers, national origins, colors, dates of birth, ages, dates of hire, dates of discharge, reasons for discharge, and personnel files as overbroad, unduly burdensome, and not narrowly tailored to the discrimination claims at issue. Additionally, this new request seeks confidential personal identifiable information of employees with no relevance to Claimant's allegations.

Notwithstanding and without waiving those objections to this new request, Respondent has spent considerable time and effort compiling all of the requested information for the seven Claimants. Attached is a spreadsheet that provides the names, position titles, last known home addresses, personal email addresses, personal telephone numbers, national origins, colors, dates of birth, ages, dates of hire, dates of discharge, reasons for discharge for the seven Claimants. Respondent is also willing to share a copy of Claimants' respective personnel files. However, given the file size of those personnel files, we believe they are too large to be email attachments and can instead be accessed through this OneDrive link: StratAir - Grant, et al

Given that the attached spreadsheet and these requested personnel files contain personally identifiable information, they are each marked confidential and should not be disclosed or disseminated.

Additionally, Respondent has also authorized me to provide new detail about the decisional unit and impacted employees. Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, only 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately **10.1%**), while 17 of the 149 employees *under* 40 were selected for layoff (impacting approximately **11.41%**). Therefore, contrary to Claimant's speculative and unsupported allegations of age discrimination, **the layoff impacted workers 40 years old or older at a lower rate than younger workers.**

We trust this enormous amount of new data satisfies this request, especially when combined with the seven detailed Position Statements previously submitted on behalf of Respondent on September 27, 2042, October 4, 2024 (2), October 14, 2024 (2), November 27, 2024, and December 5, 2024.

Thank you,
Roger

Gunster
**Roger W. Feicht** | Shareholder
Board Certified in Business Litigation
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
**p** 561.650.0729 | rfeicht@gunster.com
gunster.com | View my Bio | v Card

---

**From:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Sent:** Monday, February 10, 2025 9:56 AM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** Hagan, Lisa <LHagan@gunster.com>
**Subject:** RE: StratAir EEOC charges

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Sir,

Provide the information for Jan-Dec 2024. Also, this is for the location where the individuals worked. Let me know if you have any other concerns.

Respectfully,
Mr. Vincent

---

**From:** Feicht, Roger <RFeicht@gunster.com>
**Sent:** Monday, February 10, 2025 9:44 AM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Hagan, Lisa <LHagan@gunster.com>
**Subject:** RE: StratAir EEOC charges

Good morning Mr. Vincent,
I need some clarification on the below request. First, there is no time period for the request. Second, it's unclear if this request is intended to be for all of StratAir's employees or limited to a particular grouping of employees.

Depending on the volume of information requested, we may need substantially more time to compile the information or raise further questions or objections.

Thanks for clarifying,
Roger

Gunster
Roger W. Feicht | Shareholder
Board Certified in Business Litigation
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
p 561.650.0729 | rfeicht@gunster.com
gunster.com | View my Bio | v Card

**From:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Sent:** Wednesday, January 29, 2025 3:03 PM
**To:** Hagan, Lisa <LHagan@gunster.com>
**Cc:** Feicht, Roger <RFeicht@gunster.com>
**Subject:** RE: StratAir EEOC charges

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Hagan,

Please provide the following information for **February 13, 2025**.

a) name,
b) position title,
c) last known home address, personal email address, and personal telephone number,
d) race,
e) national origin,
f) color,
g) d.o.b. and age
h) date or hire,
i) date of discharge,
j) reason for discharge, and
k) if selected for the January 2024 layoff provide their disciplinary file.

Let me know if you have any question or concerns.

Respectfully,
Mr. Vincent

**From:** Hagan, Lisa <LHagan@gunster.com>
**Sent:** Friday, November 22, 2024 2:40 PM
**To:** BLONDEL VINCENT <BLONDEL.VINCENT@EEOC.GOV>
**Cc:** Feicht, Roger <RFeicht@gunster.com>
**Subject:** StratAir / (b) (5) [redacted] [decrypt]

You don't often get email from lhagan@gunster.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good afternoon, Mr. Vincent. This is to confirm that the EEOC is allowed to release Exhibit A, Employee Handbook, submitted as confidential, to the former employee, Mr. Garcia. If you have any further questions, please do not hesitate to contact us. Thank you.

Gunster
**Lisa A. Hagan** | Legal Administrative Assistant
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
**p** 561.655.1980 **f** 561.655.5677
gunster.com | lhagan@gunster.com

Gunster

Writer's E-Mail Address: RFeicht@gunster.com
Writer's Direct Dial Number: 561-650-0729

May 2, 2025

<u>**VIA E-MAIL TO BLONDEL.VINCENT@EEOC.GOV**</u>
Blondel Vincent, Investigator
U.S. Equal Employment Opportunity Commission
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

**Re:** (b) (5) [redacted]
***Ivan Grant v. StratAir Aviation Services, LLC***
**EEOC Charge No.: 510-2024-10746**
(b) (5) [redacted]

Dear Mr. Vincent:

As you know, I represent the Respondent, StratAir Aviation Services, LLC ("StratAir"), in the above-referenced charges. This letter is in response to your "Pre-Subpoena Letter" dated April 7, 2025 (the "Letter"). Given your admissions during our telephone call on February 14, 2025 and the inaccuracies in your Letter, StratAir would like to document the critical facts and explain its position on the requested information.

**I. The EEOC Has Not Identified Any Unbiased Basis For the Forced Disclosure of Personally Identifiable Information of All of StratAir's 400+ Employees.**

As you know, the common theme among the charges is an allegation that StratAir terminated the Charging Parties because of their age. However, as detailed in StratAir's position statements, each of the Charging Parties was terminated as part of a reduction in force that affected a total of twenty-eight (28) employees. Despite the narrow impact of the reduction in force, on January 29, 2025, you requested information for <u>all</u> of StratAir's employees at the Miami facility between January – December 2024.I During our February 14th telephone call, you were surprised to learn than StratAir had over four hundred (400) employees, many of whom were not impacted

or even considered for the January 2024 layoff. You expressed surprise over the volume of the data you had requested in your January 29th request, as you had made an assumption that StratAir had far fewer employees.

However, you tried to justify the request for personal identifiable information for all employees by sharing that you might want to contact a sampling of the workers to get their personal experience related to the January 2024 layoff. In response, I explained that these proposed "cold calls" would not provide any credible information as each current or former employee would only know if they individually were selected for the layoff or not (and perhaps whether some coworkers they work closely with or are friendly with outside of work were impacted). I explained that many of these employees would have no personal knowledge of the decision making for the layoff since they were not members of management or Human Resources. I explained that these employees would, at best, *possibly* have *anecdotal* evidence based on their single personal experience (and perhaps second-hand hearsay knowledge of workers in the same shift or with whom they communicate outside of work). However, this limited knowledge has no probative value since not all 400+ employees were impacted or part of the decision-making process, and the vast majority of StratAir's 400+ employees lack knowledge and are likely unaware of the objective statistics surrounding those impacted by the January 2024 layoff, including those that show the January 2024 layoff impacted older workers at a lower rate.

I questioned why the EEOC would even want the second-hand information from employees who were not impacted or who were not involved in the decision-making process and therefore lack personal knowledge and credibility. I also questioned why the EEOC would trust this second-hand speculation over the objective numerical data provided by Respondent about the demographics of the employees impacted by the layoff. I was taken aback when you suggested that the data and statistics provided by StratAir through me as counsel is not credible evidence and you thought that you needed to go beyond the data and evidence produced by StratAir when evaluating StratAir's position. Even still, after sharing that information, you yourself used the phrase "**fishing expedition**" to describe the request for such broad data for employees who were not impacted by, or involved in, the layoff. You promised to discuss with your "supervisors" whether all of the data was actually needed to analyze the allegations of the seven (7) Charging Parties, with the commitment that you would let me know if additional information was required.

Although your Letter implies that its request for all personally identifiable information, demographic data, and employment records for all 400+ employees at the Miami facility is "relevant to the Commission's investigation," you have never, to date, explained how. Your use of the phrase "fishing expedition" undermines any argument for the relevance of personally identifiable information regarding 400+ employees, many of whom were not even considered by the January 2024 layoff that impacted only 28 employees total. Your use of the phrase "fishing expedition" is an accurate one and, coupled with your statement about needing to go beyond the data and evidence already produced by StratAir, calls into question whether the EEOC is

performing a neutral investigation of Charging Parties' limited (and conclusory) allegations or is instead working towards an alternative agenda.

In support of the request, your latest Letter argues: "given the limited applicant data being sought, Respondent's blanket objection that the request is overbroad fails to explain the specific and particular ways in which the request is overly broad and simply does not absolve Respondent from producing responsive information." This generalized argument ignores the fact that the EEOC's request is not for "applicant data," nor is it "limited." These Charges of Discrimination arise from a layoff of existing employees, not applicants, and the request for all personally identifiable information, demographic data, and employment records for everyone working at the site again calls into question whether the EEOC is even considering the scope of the allegations of the Charging Parties when making requests of a law-abiding employer.

There is no relevance to the demographic information, contact information, and other personally identifiable information of the 400+ employees of StratAir, many of whom were not considered for the January 2024 layoff that only impacted the non-managerial workers in the Miami warehouse and StratAir objects to the request for its production.

**II. The EEOC Has Demonstrated Bias Favoring Charging Parties.**

When I raised objections to the scope, relevance, and overbreadth of the EEOC's request for demographics and personally identifiable information for over 400 employees during our February 14, 2025 telephone call, you mentioned the phrase "fishing expedition," the common phrase used when a claimant or plaintiff has no evidence and is "fishing" for potential claims without an adequate legal basis to do so.

You also admitted that you would not take Respondent's information "at face value," despite our submission of objective statistical information that establishes the following facts:

- Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older.
- 17 of the 149 employees *under* 40 were selected for layoff (impact of approximately 11.41%).
- Only 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately 10.1%).

These statistics show no adverse impact on workers over 40 years old. The elevation of Charging Parties' anecdotal theory (we are over 40 and were laid off) over the Respondent's objective statistics calls into question whether the EEOC is biased in favor of the Charging Parties. In fact, federal law provides that federal agencies should consider statistical evidence like the evidence above in establishing no adverse impact on workers over 40 years old. *See* 29 C.F.R.

§1607.4(D) "A selection rate for any race, sex, or ethnic group which is less than four-fifths (4/5) (or eighty percent) of the rate for the group with the highest rate will generally be regarded by the Federal enforcement agencies as evidence of adverse impact, while a greater than four-fifths rate will generally not be regarded by Federal enforcement agencies as evidence of adverse impact.").

I questioned why the EEOC apparently is assigning more credibility to Charging Parties' anecdotal evidence (we are six employees over 40 and all lost our jobs) than the statistics from the only source of comprehensive information (Respondent's Human Resources' data which shows older workers were impacted at a *lower* rate). The EEOC's new and revived requests for additional information proves that the EEOC is not neutral in this investigation and is ignoring the statistics showing no adverse impact.

Further evidencing the EEOC's bias favoring Charging Parties and bias against Respondent, your Letter accuses StratAir of withholding relevant documents and being uncooperative. That accusation is false. Your Letter actually includes completely new requests (including requests on information on the decision-makers and requests for irrelevant business information as described below). These *new* requests prove that the suggestion that Respondent has been somehow uncooperative is unsupported; Respondent could not have possibly withheld documents that it was never asked to provide. Additionally, I had a detailed telephone call with you on February 14, 2025 about your initial request for information. I raised concerns about its breadth and provided information about the scope of the request. You explained you would discuss Respondent's position with your "supervisors" and let me know if any additional information was required beyond the wealth of information shared by Respondent previously (including seven (7) Position Statements, and its Supplement dated February 13, 2025). Instead of contacting me directly to request additional information, the EEOC sat quietly for two months and then sent your Letter threatening a subpoena and falsely claiming that Respondent has been uncooperative.

### III. The EEOC's New Requests Are Yet Another "Fishing Expedition," but StratAir Will (Again) Supplement Its Production.

For the first time, your Letter makes new requests for confidential business information, and the demographics of the decision-makers who selected the Charging Parties. While Respondent has been incredibly cooperative in providing seven (7) detailed Position Statements, and then a supplementary submission by email (attaching an Excel spreadsheet of demographic information) on February 13, 2025, StratAir will provide the following responses to the new requests.

1. For all employees employed at Respondent's Miami location from January 1, 2023, to December 31, 2024, provide the following:

a) name,
b) position title,

c) last known home address, personal email address, and personal telephone number,
d) race,
e) national origin,
f) color,
g) date of birth,
h) date or hire,
i) date of discharge,
j) reason for discharge, and
k) if selected for the January 2024 layoff provide their disciplinary file.

**RESPONSE: StratAir objects to above request, which has been expanded from "Jan-Dec 2024" in your email dated February 10 to "January 1, 2023, to December 31, 2024."** ***See*** **Sections I-II above.**

**As you seemed to acknowledge during our February 14th call, the personnel files and demographic data for over 400 employees – including many who were not even considered for the layoff – is not helpful in evaluating the limited allegations of discrimination in the Charges. With the expansion of this request to now include all of 2023 as well as 2024, the information requested is fo nearly 450 employees.**

**StratAir has already provided the demographic information and reasons for discharge for each of the Charging Parties and provides the demographic information for the decisionmakers in response to Request #2 below. The names, personnel files, demographic data, and other personally identifiable information for over 400 employees is not relevant to the specific allegations of the pending Charges of Discrimination or even of anything that may legitimately arise therefrom. As detailed in Sections I and II above, the statistics show no adverse impact on workers over 40 years old and the EEOC has acknowledged that this request is a "fishing expedition" to conduct cold calls on workers with no or extremely limited personal knowledge of the events at issue.**

**Through the seven (7) Position Statements submitted on September 27, 2024, October 4, 2024 (2), October 14, 2024 (2), November 27, 2024, and December 4, 2024, the supplemental information provided by email on February 13, 2025, and the information submitted below, the EEOC has more than enough evidence to fairly conduct its investigation of the Charges.**

2. Provide the name, duty title, age, race, and national origin of the individual(s) involved in the decision to terminate that Charging Parties.

**RESPONSE: The decisions on which specific employees to select for the January 2024 layoff were made by José Alverio (for the day shift) and Gisela Barrera (for the night shift).**

**José Alverio**
**Job Title: Warehouse Supervisor**
**Age: 54**
**Race: Hispanic or Latino**
**National Origin: United States**

**Gisela Barrera**
**Job Title: Assistant Operations Manager (then); Operations Manager (now)**
**Age: 38**
**Race: Hispanic or Latino**
**National Origin: Colombia**

3. Explain the selection process of who and why certain individuals in were selected for termination.

**RESPONSE: The two members of StratAir's management identified above (José Alverio and Gisela Barrera) identified certain employees for the layoff based on their personal knowledge of each employee's performance from supervising/managing their respective shifts and feedback they received from employees in lead or supervisor positions.**

**The individual decisions for each of the Charging Parties are detailed in Respondent's respective Position Statements, which were submitted on September 27, 2024, October 4, 2024 (2), October 14, 2024 (2), November 27, 2024, and December 4, 2024.**

4. Explain how and when employees were informed of the possible reduction of force/layoff. Provide the name, duty title, age, race, and national origin of the individual(s) involved in the notification if different from question 2 above.

**RESPONSE: There was no formal notification to all of Respondent's 400+ employees of a "possible reduction of force/layoff." Instead, the specific employees whose employment was separated as part of the January 2024 layoff were notified in person by Mr. Alverio and a Human Resources representative. The requested details of those employees are:**

**José Alverio**
**Job Title: Warehouse Supervisor**
**Age: 54**

**Race: Hispanic or Latino**
**National Origin: United States**

**Wilson Dorado**
**Job Title: Employee Service Assistant**
**Age: 45**
**Race: Hispanic or Latino**
**National Origin: Colombia**

5. Provide a copy of all termination notifications given to the alleged 28 employees. If no notification was given, provide a copy of any internal system reflecting name, age, race, national origin, date of termination, and reason for termination of each 28 employees.

**RESPONSE: The 28 employees who were impacted by the January 2024 layoff were notified in person as detailed in Response #4 above. The following written notification was provided to the personal email address on file (if any) for the impacted employees:**

Hello,

Thank you for being part of the StratAir Aviation Services, LLC family. We have been informed your employment has ended and we want to wish you all the best success in the future.

To continue to be able to access the important information and documents in UKG, such as pay statements and W-2s, please use this link: [redacted]

Note that your user name and password will be different than when you logged into the system as an employee. Going forward your log in credentials will be as follows:

- Your User Name is [redacted]
- Your Password will be [redacted]

You will now need to follow UKG Security rules for logging in. [redacted]

- [redacted]
- [redacted]

If you haven't already, you will receive a "Benefits Information Upon Separation from the Company" sheet that will provide useful information regarding accessing your benefits.

> Also, please inform us of any address updates as we will be sending important tax information such as your form W-2 in January the year after your final paycheck.
>
> If you are still unable to access UKG, please contact the Saltchuk Aviation Shared Services IT Service Desk at servicedesk@saltchukaviationss.com.
>
> Best wishes to you.
>
> Sincerely,
> **Your Payroll Services Team**

**The impacted employees were separately provided information about continuing healthcare coverage under Consolidated Omnibus Budget Reconciliation Act (COBRA) by mail.**

6. Provide a copy of the notification from StratAir's customer notifying them that it had decided to reduce the number of future cargo delivery flights.

**RESPONSE: The notification from StratAir's customer of its decision in January 2024 to reduce the number of future cargo delivery flights was made verbally. Notably, none of the Charging Parties have questioned the business necessity for the January 2024 layoff (which impacted employees both under and over 40, including one as young as 18 years old). Therefore, it is unclear the relevance of this line of inquiry.**

7. Provide any additional document to support your position statement that the selected individuals were not terminated due to their age and/or any protected category.

**RESPONSE: Charging Parties' claims of age discrimination are based upon a foundational allegation that they are over 40 years old, and they were all selected for the January 2024 layoff. However, that myopic view ignores the fact that the layoff impacted other employees. The undisputed evidence proves that the layoff impacted 28 employees of varying ages who were selected by management based on their performance.**

**As explained in seven (7) Position Statements submitted on September 27, 2024, October 4, 2024 (2), October 14, 2024 (2), November 27, 2024, and December 4, 2024, decisions made by leadership were based on performance, as personally observed by management and through those employees in supervisor and lead positions. Furthermore, the ages of the decision-makers and employees who notified the impacted employees (54 years old, 38 years old, and 45 years old) create a presumption that age was not a motivating factor in these decisions.**

**There is zero evidence submitted by Charging Parties that they were selected for this layoff *because of* their age, and the objective statistics submitted from Respondent's Human Resources department definitively prove that there was no disproportionate impact on older workers. Instead, workers *under* 40 were selected at a higher rate and workers as young as eighteen (18) years old were selected, showing that age was not a factor in these decisions. Of the 258 employees within the decisional unit, 149 employees were under 40 years old and 109 employees were 40 years old or older. After the layoff, there were 132 employees under 40 years old and 98 employees were 40 years old or older. Thus, 11 of the 109 employees 40 years old or older were selected for layoff (impact of approximately 10.1%), while 17 of the 149 employees *under* 40 were selected for layoff (impact of approximately 11.41%). Thus, the undisputed fact remains that workers under 40 were selected for the January 2024 layoff at a higher rate than workers 40 years old or older.**

**Given the robust and compelling information provided by Respondent in this submission and prior submissions, we respectfully request the EEOC enter a "no cause" finding regarding each of the Charges.**

Sincerely,

Roger W. Feicht

ACTIVE:35855263.2

**GIDGET FARRINGTON**

| | |
|---|---|
| **From:** | Hagan, Lisa <LHagan@gunster.com> |
| **Sent:** | Friday, May 23, 2025 11:13 AM |
| **To:** | BLONDEL VINCENT |
| **Cc:** | Feicht, Roger |
| **Subject:** | [External] StratAir EEOC charges - Letter with additional evidence [decrypt] |
| **Attachments:** | 2025-05-23_Letter to EEOC enclosing additional evidence(37510107.1).pdf |

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good afternoon, Mr. Vincent. Please see attached. We were unable to upload the letter and attachment for each of the Claimants in the Respondent's E-Portal as we received an error message for each. Please confirm receipt of this email. Thank you and have a nice Friday and weekend.

Gunster
**Lisa A. Hagan** | Legal Administrative Assistant
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
**p** 561.655.1980
gunster.com | lhagan@gunster.com

Gunster

Writer's E-Mail Address: RFeicht@gunster.com
Writer's Direct Dial Number: 561-650-0729

May 23, 2025

**VIA EEOC PORTAL**
Blondel Vincent, Investigator
U.S. Equal Employment Opportunity Commission
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

**Re:** (b) (5) [redacted]
***Ivan Grant v. StratAir Aviation Services, LLC***
**EEOC Charge No.: 510-2024-10746**
(b) (5) [redacted]

Dear Mr. Vincent:

As you know, my Firm represents Respondent in the above referenced Charges of Discrimination. Per your request on May 9, 2025 as clarified during our telephone conversation on May 20, 2025, enclosed please find evidence that the January 2024 layoff at issue impacted not only the seven (7) Charging Parties, but twenty-one (21) other employees, for a total of twenty-eight (28) employees.

This chart is a report derived from Respondent's Human Resources software (UKG). It proves that the January 2024 layoff impacted more employees under forty (40) years old (seventeen (17)), than over forty (40) years old (eleven (11)). Moreover, this report shows the January 2024 layoff impacted several employees under twenty (20) years old (for example, Employee P.E. born in 2005 and Employee V.K. born in 2004). Additionally, Respondent has repeatedly submitted, including through my letter by e-mail dated May 2, 2025, the statistics that show that the layoff impacted workers 40 years old or over at a lower rate than younger workers (see my letter dated May 2, 2025 submitted by e-mail).

As detailed in our prior Position Statements and supplemental submissions, Charging Parties' allegations of age discrimination remain dependent on their unsupported speculation that older workers were targeted for the layoff. The Charges are based on the anecdotal information from their limited personal experiences that they were selected for the layoff and they are over 40 years old.

However, this indisputable evidence submitted today proves the foundation allegation that the layoff only impacted older workers is false and unsupported. Furthermore, the statistical evidence that the layoff impacted workers 40 years old or over at a lower rate than younger workers, combined with the fact that several very young employees were selected prove that age was not the causal factor in any employment decision. Therefore, we, once again, request that the EEOC refrain from engaging on a "fishing expedition" at the behest of Charging Parties and conclude its investigation with a "no cause" finding.

Sincerely,

Roger W. Feicht

Enclosure

ACTIVE:37494879.1

# Terminated Employees

UKG People Analytics Report: Terminated employees with Company and Date Prompt

| Company | Employee Name (Last Suffix, First MI) | Employee Number | Birth Date | Employment Status | Termination Date | Termination Reason |
|---|---|---|---|---|---|---|
| StratAir Aviation Services LLC | A[redacted] O[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | A[redacted], P[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | A[redacted], Y[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | C[redacted], L[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | Cepero Garcia, Raisyl | [redacted] | [redacted] | Terminated | 01/22/2024 | Reduction in force |
| StratAir Aviation Services LLC | G[redacted], Y[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | G[redacted] H[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | Grant, Ivan C. | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | H[redacted], G[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | K[redacted], R[redacted] | [redacted] | [redacted] | Terminated | 01/20/2024 | Reduction in force |
| StratAir Aviation Services LLC | Laffita Ortiz, Alex A. | [redacted] | [redacted] | Terminated | 01/17/2024 | Reduction in force |
| StratAir Aviation Services LLC | L[redacted], L[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | L[redacted], F[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | L[redacted], E[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | M[redacted], J[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | M[redacted] E[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | M[redacted] J[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | M[redacted], Y[redacted] | [redacted] | [redacted] | Terminated | 10/04/2024 | Reduction in force |
| StratAir Aviation Services LLC | N[redacted], A[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | P[redacted], E[redacted] | [redacted] | [redacted] | Terminated | 01/17/2024 | Reduction in force |
| StratAir Aviation Services LLC | Pinto Sumoza, Henry A. | [redacted] | [redacted] | Terminated | 01/17/2024 | Reduction in force |
| StratAir Aviation Services LLC | Prado Duran, Eyonny | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | Q[redacted] W[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | Rodriguez Ceruto, Luis R. | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |

# Terminated Employees

UKG People Analytics Report: Terminated employees with Company and Date Prompt

| Company | Employee Name (Last Suffix, First MI)▵ | Employee Number | Birth Date | Employment Status | Termination Date | Termination Reason |
|---|---|---|---|---|---|---|
| StratAir Aviation Services LLC | R[redacted], F[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |
| StratAir Aviation Services LLC | R[redacted], B[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | Same Gonzalo, Luis F. | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | V[redacted], K[redacted] | [redacted] | [redacted] | Terminated | 01/18/2024 | Reduction in force |
| StratAir Aviation Services LLC | V[redacted], R[redacted] | [redacted] | [redacted] | Terminated | 01/16/2024 | Reduction in force |