UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IVAN GRANT, ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA, EYONNY PRADO
DURAN, LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,
v.

Case No. 1:25-cv-24505-Moore/Elfenbein

STRATAIR AVIATION SERVICES, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER [DE 47] ON MOTION FOR EXTENSION OF TIME TO COMPLETE SUPPLEMENTAL PRODUCTION**

Defendant, StratAir Aviation Services, LLC ("StratAir"), respectfully files this Motion for Reconsideration Regarding the Court's Paperless Order [DE 47] on its Motion for Extension of Time to Complete Supplemental Production [DE 41]. In support thereof, StratAir states:

1. During the hearing held on August 24, 2026, the Court established several deadlines for StratAir's production of certain documents. StratAir's counsel expressed concern during the hearing that the deadlines being established would be challenging given the potential amount of documents and information requiring production. The Court instructed StratAir's counsel to file a Motion for Extension of Time, if necessary. StratAir filed such Motion [DE 41].

2. As detailed below, Plaintiffs' Response in Opposition [DE 44] provides several misleading comments regarding the scope and timing of discovery, StratAir's previous objections, and StratAir's previous document productions.

3. StratAir did not have an opportunity to file a Reply to clarify the record regarding its significant document productions to date and further explain the need for additional time as the

Court ruled on September 30, 2026. The Court found: "Defendant has been aware of the request for documents since March 2026 and fails to explain why thirty additional days are necessary to complete the production." Paperless Order [DE 47].

4. StratAir files this Motion for Reconsideration, which provides new information regarding (1) the need for additional time to complete its supplemental production and (2) the timeline of discovery to date.

**I. Plaintiffs' Response Was Misleading.**

5. Plaintiff's Response states that StratAir "did not produce a single document, including in response to approximately 27 RFPs to which it committed to produce." [DE 44] at pp. 3-4. This suggestion that StratAir failed to produce "a single document" is inaccurate and incomplete, as StratAir produced *hundreds* of responsive documents before the hearing held on August 24, 2026.[1]

6. StratAir then produced thousands of pages of additional responsive documents on August 25, 2026 and September 23, 2026 in response to the Court's rulings. StratAir also made a supplemental production on September 30, 2026, of documents responsive to requests for production as agreed in the Court-ordered conference.

7. Plaintiffs' Response also repeatedly emphasizes that discovery requests were served in March and suggests that StratAir's objections were not made in good faith. This characterization ignores the fact that Plaintiffs filed their Complaint in September 2025 and then waited months until March 2026 before serving **519 discovery requests** (199 requests for production, 173 requests for admission, and 147 interrogatories).

1

[1] StratAir served document productions on June 17, July 15, July 30, and August 22, 2026, Bates-labeled SAS-0001 through SAS-0469. Documents designated confidential were produced in a separate confidential set within the same Bates sequence.

8. Given the sheer number of these requests, it is not surprising that (1) StratAir needed extensions of time to prepare responses to the hundreds of detailed requests and (2) that StratAir raised legitimate, good faith objections to many of the 519 discovery requests.

9. Indeed, the Court *sustained* many of StratAir's objections and *substantially narrowed* many of Plaintiffs' overbroad requests during the August 24th hearing. Thus, the characterization that StratAir should have been working on this document production since March ignores the fact that March was when 519 discovery requests (many of which were objectionable) were served. StratAir's obligation to produce the documents at issue was not established until the August 24, 2026 hearing when some objections were sustained, some objections were overruled, and some requests were narrowed by the Court. Additionally, Plaintiffs ignore the fact that StratAir had already produced documents and fulsome discovery responses prior to the discovery hearing.

10. During the hearing, when the Court ordered StratAir to provide a supplemental production of certain documents by a date certain based on its rulings, StratAir's counsel was transparent and immediately expressed concern about whether it would be feasible to meet the deadline. The Court invited StratAir to file a Motion for Extension of Time, if necessary. StratAir's underlying Motion did just that. [DE 41]. As detailed below, when the Court's rulings were made on August 24, 2026, the October 6, 2026 deposition was not yet scheduled. Defendant did not seek additional time before producing documents. Rather, Defendant committed to producing documents by September 23, 2026, while seeking additional time to complete review and production of newly identified repositories.

**II. Timeline of Discovery to Date.**

11. Prior to the August 24, 2026 discovery hearing, StratAir served multiple substantive productions including reduction in force decision documents, terminated employee

and workforce data, Plaintiffs' complete personnel files, personnel policies and liability insurance documents, witness and complaint materials, and documents from the EEOC process. The parties have also deposed nine key witnesses, including all six of the Plaintiffs, two of the layoff decisionmakers (Gisela Barrera Munoz and Jorge Corral), and a Human Resources staff member (Wilson Dorado).

12. Following the discovery hearing, StratAir has produced employee roster and workforce records, employee demographic and EEO records, leave-related records, payroll records for Plaintiffs, confidential business justification and workforce-planning materials, complaint-related records, training records, personnel files for employees terminated in the 2024 layoff, disciplinary records, and electronically stored information collected through StratAir's post-hearing collection efforts, and EEOC-related documents that are responsive to Request for Production Nos. 118 through 121, which the Court did not reach at the hearing. *See* DE 43, regarding supplemental production of documents on the September 23, 2026 Court ordered deadline. In addition, StratAir served supplemental responses to the 148 requests for production on September 23, 2026 (as ordered by the Court at DE 40) and verified responses to all seven sets of interrogatories on September 30, 2026 (as agreed by counsel in the Court Order conference).

13. Taking seriously the Court's direction that the parties meet and confer on the disputes not reached at the hearing, the parties conferred and addressed over fifty (50) of the sixty-five remaining requests for production individually. For most of those requests, the parties agreed to narrow the time period, custodians, or scope. StratAir agreed to supplement its responses, confirm the completeness of its production, or withdraw objections. StratAir has since been collecting and reviewing documents within those agreed parameters, in addition to completing the production the Court compelled. That work has already produced results, as described above.

**III. StratAir Needs Additional Time to Complete Its Supplemental Production.**

14. On September 7, 2026, the Court entered its Order After Discovery Hearing [DE 40].

15. StratAir recognized the need to visit StratAir's Miami facility to obtain a modest amount of hard copy documents. On September 21, 2026, StratAir's counsel performed a site visit to determine the extent of physical documents responsive to the requests that the Court ordered StratAir to produce.[2] Initially, StratAir believed that only a modest number of responsive hard-copy documents existed at the Miami facility (approximately 100 pages or less). However, after additional privileged discussions with counsel, seventeen (17) boxes of hard copy documents were identified that included both responsive and *potentially* responsive documents subject to the Court-ordered production.

16. StratAir's counsel immediately took possession of those 17 boxes of documents, and have been working tirelessly to scan and manually review those documents in preparation for production of the categories of documents set forth in the Court's September 7, 2026 Order as well as documents agreed in the Court-Ordered conference. [DE 40]

17. Due to the unanticipated discovery of 17 boxes of potentially responsive documents on September 21, 2026, StratAir's counsel promptly filed its Motion for Extension of Time to Complete Supplemental Production the next day on September 22, 2026. [DE 41].

18. Due to the unanticipated discovery of 17 boxes of potentially responsive documents, StratAir needs at least until October 16, 2026, to complete this processing and production, which includes the items set forth in the Court's Order and the over 50 other requests

[1]

[2] The site visit was scheduled on September 21, 2026, based on StratAir's availability, other significant deadlines, and StratAir's expectation that only a modest amount of responsive documents existed in paper form.

where the parties agreed to a narrowed scope of production following a Court-ordered conference that the parties took seriously to avoid further Court intervention regarding StratAir's defensible objections.

**IV. Plaintiffs Will Not Be Prejudiced by A Short Extension.**

19. The Court expressly found that: "Plaintiffs will not be prejudiced by a brief extension until October 5, 2026, for Defendant to complete document production." [DE 47]

20. Also, the Court's Order mentioned the October 6, 2026 deposition of Dora Costa which was noticed on September 23, 2026. The parties have conferred and agreed to reschedule Ms. Costa's deposition.

WHEREFORE, StratAir respectfully requests the Court grant this Motion for Reconsideration, grant its Motion for Extension of Time, and allow StratAir until October 16, 2026, to complete review and production of the remaining responsive materials identified through its post-hearing collection efforts.

**LOCAL RULE 7.1 CERTIFICATE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that Counsel for Defendant conferred in good faith with counsel for Plaintiffs on a telephone call. Plaintiffs agreed to reschedule Dora Costa's deposition currently scheduled for October 6, 2026, but Plaintiffs refused to agree to provide Defendant with additional time to process and produce the recently discovered 17 boxes of potentially responsive documents.

Respectfully submitted,

Dated: October 1, 2026

**Nalani Alesia Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com and lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com and lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.

777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
*Counsel for Defendant,*
*StratAir Aviation Services, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 1, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**Nalani Alesia Gordon**
Nalani Alesia Gordon (Florida Bar No. 1010976)

ACTIVE:40550715.1