UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

Defendant.
_________________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER [ECF NO. 47] ON MOTION FOR EXTENSION OF TIME TO COMPLETE SUPPLEMENTAL PRODUCTION**

Plaintiffs Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo, through undersigned counsel and pursuant to this Court's Paperless Order Requiring an Expedited Response [ECF No. 53], hereby file their Response in Opposition to Defendant StratAir Aviation Services, LLC's ("StratAir") Motion for Reconsideration of Order [DE 47] on Motion for Extension of Time to Complete Supplemental Production [ECF No. 52] (the "Motion"), and state as follows:

## I. INTRODUCTION

On September 30, 2026, the Court considered StratAir's request for thirty additional days to complete the production compelled by the Court's September 7, 2026 Order After Discovery

Hearing [ECF No. 40], found that StratAir "fails to explain why thirty additional days are necessary to complete the production," and granted StratAir a limited extension to October 5, 2026 [ECF No. 47]. One day later, StratAir asked the Court to revisit that ruling and extend the deadline again, to October 16, 2026 [ECF No. 52 at 6].

The Motion identifies no change in controlling law, no clear error, and no new evidence. Its centerpiece—that StratAir's counsel identified seventeen boxes of hard-copy documents at StratAir's Miami facility on September 21, 2026 [ECF No. 52 ¶¶ 15–17]—was known to StratAir the day before it filed its original motion and nine days before the Court ruled. StratAir chose not to tell the Court. A party may not withhold the facts it has, receive an adverse ruling, and then present those same facts as "new information" on reconsideration. *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

What the Motion does add confirms the Court's ruling. StratAir now concedes that it did not schedule the site visit to its own facility until **September 21—two days before the production deadline**. [ECF No. 52 ¶ 15]. It further concedes that the seventeen boxes were identified only "after additional privileged discussions with counsel" [*Id.* ¶ 15]. The boxes were not hidden from StratAir; they were in its own facility, and StratAir either did not look for them, or did not tell its attorneys about them, until the deadline was upon it. That is not diligence.

The Motion also seeks more than StratAir requested the first time. StratAir's original motion sought additional time "solely for purposes of completing review and production of recently identified responsive materials" subject to the Court's Order [ECF No. 41 at 1]. The Motion now seeks time to complete both "the items set forth in the Court's Order and the over 50 other

requests" addressed in the parties' post-hearing conferral [ECF No. 52 ¶ 18]. Reconsideration is not a vehicle for new requests for relief. The Motion should be denied.

## II. LEGAL STANDARD

Under Rule 54(b), district courts have plenary power to reconsider interlocutory orders, but "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underlie that justifiable caution." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–80 (11th Cir. 2024). In deciding whether to revisit such an order, the Court considers "both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." *Id.* at 1381; *see also Peyton v. Martinez*, No. 24-CV-21649, 2025 U.S. Dist. LEXIS 176625, at *8–11 (S.D. Fla. Sept. 10, 2025) (Elfenbein, M.J.) (applying *Hornady*). Parties must "be able to rely on the rulings that progressively direct proceedings toward trial." *Hornady*, 118 F.4th at 1381 (quotation omitted).

The traditional grounds for reconsideration remain the measure of a meritorious motion. Where a movant can make the "significantly higher showing" required under Rules 59(e) or 60(b), the Court "should not hesitate to revisit its prior ruling." *Id.* Those grounds are "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). The movant "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision," *id.*, and reconsideration "is an extraordinary remedy to be employed sparingly," *id.* at 1370. A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of

judgment." *Wilchcombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). And "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays*, 122 F.3d at 46.

The Eleventh Circuit recently applied these principles in affirming a district court's paperless denial of reconsideration of an extension ruling where the movant's newly offered explanation for needing more time "could have been raised previously and did not satisfy any of the criteria for granting reconsideration." *United States v. Ibarra*, No. 25-13674, 2026 U.S. App. LEXIS 19186, at *4–6 (11th Cir. July 1, 2026) (per curiam). Finally, the underlying standard has not changed: good cause under Rule 6(b)(1)(A) turns on diligence, and it "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note).

## III. ARGUMENT

### A. <u>The Motion Presents No New Evidence—Only Facts StratAir Possessed, and Did Not Disclose, When It Filed Its Original Motion.</u>

StratAir asserts that the Motion "provides new information" [ECF No. 52 ¶ 4]. It does not. By StratAir's own account, its counsel visited the Miami facility on September 21, 2026; the seventeen boxes were identified that day; counsel "immediately took possession of those 17 boxes"; and StratAir filed its original motion "the next day on September 22, 2026" precisely "[d]ue to the unanticipated discovery of 17 boxes" [*Id.* ¶¶ 15–17]. Every fact on which the Motion relies—the date of the site visit, the number of boxes, StratAir's initial expectation of "approximately 100

pages or less," and the scanning and review the boxes required—was therefore known to StratAir when it drafted ECF No. 41.

Yet ECF No. 41 disclosed none of it. It did not mention seventeen boxes. It did not disclose the date of the site visit. It described only "substantial volumes of responsive paper records" in general terms [ECF No. 41 ¶ 3], without any supporting declaration. Plaintiffs identified exactly these omissions [ECF No. 44 at 5], and the Court agreed that StratAir "fails to explain why thirty additional days are necessary" [ECF No. 47]. Evidence that was available "during the pendency of the motion" is not a basis for reconsideration. *Mays*, 122 F.3d at 46; *see Ibarra*, 2026 U.S. App. LEXIS 19186, at *6. StratAir offers no explanation for why it could not have told the Court on September 22 what it tells the Court now.

Nor does the Motion supply what was missing the first time. StratAir still offers no declaration. It does not state how many pages the seventeen boxes contain, how many boxes have been scanned or reviewed in the days since counsel took possession of them, how many reviewers are assigned, what the outside vendors StratAir consulted [ECF No. 41 ¶ 7] estimated, or why the remaining work requires until October 16 rather than October 5. This Court's procedures advise that "[s]worn testimony or evidence may be necessary to show that a particular request is, in fact, burdensome" [ECF No. 8 at 7]. Counsel's unsworn assertion that StratAir "needs at least until October 16, 2026" [ECF No. 52 ¶ 18] is no more specific than the thirty-day estimate the Court already found unexplained.

StratAir's complaint that it "did not have an opportunity to file a Reply" [*Id.* ¶ 3] does not change the analysis. Plaintiffs acknowledge that the Court ruled before the seven-day reply period under Local Rule 7.1(c)(1) expired. But the Court set expedited briefing [ECF No. 42] because

StratAir waited until the day before its deadline to seek relief, and StratAir never advised the Court that it intended to reply. More fundamentally, a reply must be "strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." S.D. Fla. L.R. 7.1(c)(1). The facts on which StratAir now relies are not rebuttal; they are the factual basis StratAir needed to include in its motion in the first place. A reply would not have been the proper vehicle to present them for the first time, and neither is a motion for reconsideration. *See Wilchcombe*, 555 F.3d at 957.

**B. <u>The Motion's New Admissions Confirm the Court's Finding That StratAir Did Not Act Diligently.</u>**

The only content in the Motion that is new is StratAir's explanation of why it waited. Footnote 2 states that the site visit "was scheduled on September 21, 2026, based on StratAir's availability, other significant deadlines, and StratAir's expectation that only a modest amount of responsive documents existed in paper form." [ECF No. 52 at 5 n.2]. That is an admission that StratAir scheduled its compliance with a court order around its own availability and other matters. Court-ordered deadlines are not to be calendared behind a party's other priorities. "Deadlines are not meant to be aspirational." *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004); *accord Mickles v. Country Club Inc.*, 887 F.3d 1270, 1279 (11th Cir. 2018).

The timeline speaks for itself. At the August 24, 2026 hearing, StratAir's counsel advised the Court "that responsive documents may be maintained in physical employee files" [ECF No. 41 ¶ 4] and expressed concern about the volume of documents. [ECF No. 52 ¶¶ 1, 10]. The Court entered its written Order on September 7. [ECF No. 40]. StratAir did not visit its own facility until September 21—twenty-eight days after the hearing, fourteen days after the Order, and two days before the deadline. And StratAir's expectation that "only a modest amount" of paper records

existed was evidently not based on any inquiry of its own personnel: the seventeen boxes surfaced only "after additional privileged discussions with counsel" [ECF No. 52 ¶ 15], which means StratAir knew where the records were and simply had not been asked, or had not said. Documents kept in a party's own facility are squarely within its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A "reasonable inquiry," Fed. R. Civ. P. 26(g)(1), into where an employer keeps its personnel, disciplinary, payroll, and leave records is the first step in a reduction-in-force case—not a task for the weekend before a court-ordered deadline. Indeed, StratAir represents that it produced the Plaintiffs' personnel files before the hearing [ECF No. 52 ¶ 11]; StratAir thus knew of, and had accessed, its physical personnel-file repository months before September 21.

As in *Sosa*, the information needed to meet the deadline was available to the movant all along, and its failure to act on that information reflects "a lack of diligence," not good cause. 133 F.3d at 1419. The Court correctly found that StratAir had not justified thirty additional days. The Motion offers no reason to conclude that StratAir has justified twenty-three.

### C. StratAir's Production Obligations Did Not Begin at the August 24, 2026 Discovery Hearing.

StratAir argues that its "obligation to produce the documents at issue was not established until the August 24, 2026 hearing." [ECF No. 52 ¶ 9]. The Court has already considered and rejected that premise, finding that "Defendant has been aware of the request for documents since March 2026." [ECF No. 47]. Repeating the argument is not a basis for reconsideration. *Wilchcombe*, 555 F.3d at 957; *Burger King*, 181 F. Supp. 2d at 1369.

The argument is also wrong. A party responding to a request for production must complete production "no later than the time for inspection specified in the request or another reasonable time specified in the response," Fed. R. Civ. P. 34(b)(2)(B); must "state whether any responsive

materials are being withheld on the basis of [an] objection"; and, if it objects to part of a request, must "specify the part and permit inspection of the rest," Fed. R. Civ. P. 34(b)(2)(C). This Court's procedures likewise require that, where a party objects to scope, "discovery should be provided as to those matters within the scope that are not disputed" [ECF No. 8 at 7]. Objections do not suspend a party's obligation to search for and produce what is not in dispute. And as to two of the compelled categories, the Court found that StratAir had not preserved its objections at all: StratAir waived its temporal objection to RFP No. 8, and as to RFP No. 20—the personnel files of all employees terminated in the January 2024 reduction in force—it "failed to preserve its relevance objection and substantiate its undue burden objection" [ECF No. 40 at 3–4].

StratAir's emphasis on the number of discovery requests Plaintiffs served [ECF No. 52 ¶¶ 7–9] is beside the point. The question on StratAir's original motion, and on this one, is why StratAir could not complete the specific, Court-narrowed production ordered on September 7 within the time allowed. The volume of requests served in March does not explain why StratAir waited until September 21 to look inside its own Miami facility for its own employee files.

### D. **Plaintiffs' Response Accurately Described the Record.**

StratAir contends that Plaintiffs' Response was "misleading" because it stated that StratAir "did not produce a single document." [ECF No. 52 ¶ 5]. What Plaintiffs actually stated is that StratAir "served responses on May 1, 2026 across 199 requests for production, 173 requests for admission, and 147 interrogatories, but did not produce a single document." [ECF No. 44 at 3–4]. StratAir does not dispute that statement. Its own footnote confirms that its first production did not come until June 17, 2026 [ECF No. 52 at 2 n.1]—more than six weeks after it served its responses, a month after the parties' May 14 and May 18 conferrals [ECF No. 44 at 4], and one

day after Magistrate Judge Enjolique A. Lett ordered StratAir to show cause "why sanctions should not be imposed for Defendant's failure to participate in and comply with" the Order Setting Discovery Procedures in the then-consolidated *Cepero Garcia* action [*Cepero Garcia* ECF No. 35]. The four pre-hearing productions StratAir now cites were Bates-labeled SAS-0001 through SAS-0469 [ECF No. 52 at 2 n.1]. Plaintiffs' description of the record was accurate.

In any event, the Court's ruling did not turn on the pre-hearing history. It turned on StratAir's failure "to explain why thirty additional days are necessary" [ECF No. 47]. StratAir's account of the productions it has made since the hearing [ECF No. 52 ¶ 12] describes partial compliance with the Court's Order; it does not explain why full compliance cannot be achieved by October 5.

**E. <u>The Motion Improperly Expands the Relief StratAir Originally Sought.</u>**

StratAir's original motion sought additional time to complete the supplemental production ordered in ECF No. 40 [ECF No. 41 at 1, 5]. The Motion now asks for an October 16 deadline to complete "the items set forth in the Court's Order and the over 50 other requests where the parties agreed to a narrowed scope of production following a Court-ordered conference." [ECF No. 52 ¶ 18]. That is a new request for relief, not a ground for reconsidering the Court's ruling on the request StratAir actually made. A matter not raised in the original motion is not properly raised for the first time on reconsideration. *See Wilchcombe*, 555 F.3d at 957 (prohibition extends to arguments "previously available, but not pressed"); *Peyton*, 2025 U.S. Dist. LEXIS 176625, at *16–17 (declining on reconsideration to address an issue the movant "never raised").

The expansion is also inconsistent with this Court's procedures, under which the Court does not "enter orders memorializing discovery agreements between the parties on issues that were

not argued to the Court during a hearing" [ECF No. 8 at 4]. To the extent StratAir needs time to complete productions it agreed to make in conferral, that is a subject for the parties to address between themselves. It is not a reason to extend the deadline for the production the Court compelled. And the Court-ordered production is defined and bounded: it encompasses, for example, the personnel files of the employees terminated in the January 2024 reduction in force—28 employees by StratAir's own count—and categories narrowed by position, location, age, disciplinary history, and time period [ECF No. 40 at 4–5; ECF No. 41 ¶ 4]. StratAir does not explain why that bounded production, standing alone, cannot be completed by October 5.

**F. <u>Further Delay Would Disrupt the Schedule and Prejudice Plaintiffs.</u>**

StratAir quotes the Court's finding that "Plaintiffs will not be prejudiced by a brief extension until October 5, 2026" [ECF No. 52 ¶ 19] as though it endorsed any further extension. It did not. The Court's finding was tied to that date: the Court explained that the October 5 deadline ensured "the production will be complete prior to the deposition of Defendant's head of human resources," and that it "provides Defendant limited additional time to review and produce the last of the records while ensuring Plaintiffs have the information needed to take depositions" [ECF No. 47]. The Court made no finding that an extension to October 16 would be harmless.

StratAir next relies on the parties' agreement to reschedule the deposition of Dora Costa, StratAir's head of human resources. [ECF No. 52 ¶ 20]. That agreement cuts the other way. Plaintiffs agreed to move Ms. Costa's deposition so that she would not have to be deposed a second time after StratAir completes the compelled production, and because reviewing the additional documents StratAir has been ordered to produce will take substantial time. The deposition was moved, in other words, because StratAir's production remains incomplete—not because the timing

of that production is immaterial. The same is true of the depositions of the additional supervisory personnel involved in the decisions to terminate Plaintiffs, for which Plaintiffs have coordinated deposition dates: Armando Portales Viera, Jose Alverio, Javier Rodriguez, and Lidier Leon. StratAir itself identifies Mr. Portales Viera, Mr. Alverio, and Mr. Leon as "supervisors involved with the decision to terminate Plaintiffs" [ECF No. 41 ¶ 8(d)], and the parties reported in July that Plaintiffs would take these depositions following StratAir's supplemental production [ECF No. 26 at 2. Every day StratAir's production is delayed pushes these depositions closer to the discovery cutoff. Plaintiffs' accommodation, made to avoid a duplicative deposition and to conserve the parties' resources, should not be converted into a justification for further delay.

An October 16 deadline would also leave Plaintiffs three business days before the parties' Joint Discovery Status Report is due on October 21, 2026, in which the parties must report whether they have outstanding discovery disputes and whether they can certify that all discovery will be completed by the deadline [ECF No. 29 at 2]. Discovery closes on December 12, 2026 [ECF No. 47]. The Court strictly enforces the requirement that discovery disputes be raised timely and resolved before the cutoff, and it has cautioned that "[t]he failure to complete depositions before the discovery cutoff does not constitute good cause to extend the discovery period" [ECF No. 8 at 2, 9]. Every additional week StratAir takes to produce the compelled documents is a week Plaintiffs lose to review them, identify deficiencies, confer, seek the Court's assistance if necessary, and complete the depositions that depend on them—a period that already includes the Thanksgiving holiday.

Under *Hornady*, the Court weighs "the weight of the moving party's arguments" against "the disruption that a change would cause." 118 F.4th at 1381. Here, StratAir's arguments add

nothing that was unavailable when it filed its original motion, and revising the deadline the Court set only days ago would shift the cost of StratAir's delay onto Plaintiffs. Both factors favor leaving ECF No. 47 undisturbed.

**G. <u>Alternatively, Any Additional Time Should Not Extend Beyond October 9, 2026, and Should Require a Single, Complete Production.</u>**

StratAir should be required to complete the production compelled by ECF No. 40 by October 5, 2026, as the Court has already ordered [ECF No. 47]. Should the Court nonetheless be inclined to grant StratAir additional time, Plaintiffs respectfully request that the Court limit that relief as follows:

(1) Any extension should run no later than October 9, 2026, and should apply only to hard-copy documents contained in the seventeen boxes that are responsive to the Court's Order [ECF No. 40]. All other documents compelled by ECF No. 40—including all electronically stored information and all documents already collected—should be produced by October 5, 2026, as currently ordered;

(2) Any extension should not extend to the productions StratAir agreed to make in post-hearing conferral, which were not the subject of StratAir's original motion;

(3) StratAir should produce the remaining documents from the seventeen boxes in a single, complete production on or before the extended deadline, rather than in piecemeal installments, so that Plaintiffs can review and organize the production as a whole and assess its completeness [*see* ECF No. 44 at 8]; and

(4) With its final production, StratAir should serve the written statement required by Rule 34(b)(2)(C) and this Court's procedures [ECF No. 8 at 7], confirming that all

responsive documents identified have been produced or describing any category withheld, and identifying the physical and electronic repositories searched.

An October 9 outer limit is necessary to preserve Plaintiffs' ability to use the compelled production before discovery closes. Plaintiffs will need time to review and organize the production, identify any deficiencies, confer with StratAir, complete the depositions that depend on these records—including those of Ms. Costa, Mr. Portales Viera, Mr. Alverio, Mr. Rodriguez, and Mr. Leon—and, if necessary, request another discovery hearing within the time this Court's procedures require and before the December 12, 2026 discovery cutoff. [ECF No. 8 at 2; ECF No. 47]. An October 9 deadline would also allow the parties to address the status of the production in their October 21, 2026 Joint Discovery Status Report [ECF No. 29 at 2]. That margin is warranted given StratAir's history of delay in discovery throughout this case: StratAir produced no documents with its May 1, 2026 responses [ECF No. 44 at 3–4]; its first production came one day after it was ordered to show cause why sanctions should not be imposed [*Cepero Garcia* ECF No. 35; ECF No. 52 at 2 n.1]; it did not complete the production compelled by the Court by the September 23, 2026 deadline [ECF No. 41]; and it now seeks a second extension before the first has run [ECF No. 52].

Any extension should also be without prejudice to Plaintiffs' ability to seek appropriate relief, including the re-opening of depositions taken before late-produced documents were received, through the procedures set forth in the Court's Order Setting Discovery Procedures [ECF No. 8]. Plaintiffs likewise reserve the right to seek relief under Rule 37(b)(2) through those procedures should StratAir fail to comply with ECF No. 47.

## IV. CONCLUSION

StratAir has not shown an intervening change in law, new evidence that was unavailable when it filed its original motion, or any error in the Court's ruling. Plaintiffs respectfully request that the Court deny Defendant's Motion for Reconsideration [ECF No. 52] and that StratAir be required to complete the production compelled by the Court's September 7, 2026 Order [ECF No. 40] no later than October 5, 2026, as provided in ECF No. 47. Alternatively, if the Court grants any additional time, Plaintiffs request that the extension run no later than October 9, 2026, require a single, complete production, and otherwise be limited as set forth in Section III.G above.

Respectfully submitted this 2nd day of October 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*