UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IVAN GRANT, ALEX LAFFITA ORTIZ, HENRY PINTO SUMOZA, EYONNY PRADO DURAN, LUIS RODRIGUEZ CERUTO, and LUIS SAME GONZALO,

Plaintiffs,
v.

Case No. 1:25-cv-24505-Moore/Elfenbein

STRATAIR AVIATION SERVICES, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER [DE 47] ON MOTION FOR EXTENSION OF TIME TO COMPLETE SUPPLEMENTAL PRODUCTION [DE 52]**

Defendant, StratAir Aviation Services, LLC ("StratAir"), respectfully files this Reply in Support of its Motion for Reconsideration [DE 52] of the Court's Paperless Order [DE 47] on its Motion for Extension of Time to Complete Supplemental Production [DE 41]. StratAir replies only to clarify two factual matters raised in Plaintiffs' Response [DE 54], as set forth in the attached Declaration of Nalani Alesia Gordon ("Gordon Decl."). In support, StratAir states:

1. **StratAir began collecting documents immediately after the hearing, not on September 21.**

Plaintiffs contend StratAir "did not visit its own facility until September 21" and imply that no collection occurred before then [DE 54 at 6]. That is incorrect. StratAir's collection efforts began on August 27, 2026, three days after the hearing and before the written Order was entered.
On August 31, counsel provided StratAir with specific search parameters, document categories, and likely sources.

On September 4, counsel and StratAir conferred by video conference about those searches. When the Court entered its Order on September 7, the searches were already underway. Gordon Decl. ¶¶ 2–4.

StratAir prioritized its electronic systems because it reasonably expected those systems to contain the records maintained in its physical files. Those systems included UKG, Symetra, Navex, financial systems, workforce-planning workbooks, and targeted email and Teams searches across the agreed custodians. *Id.* ¶ 5.

The September 21 site visit was undertaken to verify that the electronic collection was complete. During the visit, counsel compared the electronically collected records with the physical files and found that the electronic systems did not fully duplicate the physical files, particularly personnel files and payroll records. That comparison is how the seventeen boxes were identified. *Id.* ¶ 6. StratAir withheld nothing, and it moved for an extension the next day. *Id.* ¶¶ 6, 8.

The boxes are not organized by the categories in the Court's Order. The responsive files for the 258-employee decisional unit and the 28 separated employees are kept together with the files of other current and former employees. Each responsive file must be located, separated from the rest, manually scanned, reviewed, and Bates-labeled. *Id.* ¶ 7. Even so, StratAir made substantial productions of both electronic and paper records on September 23 and September 30, 2026 and will make an additional on October 5, 2026. *Id.* ¶ 9; [DE 43].

2. **StratAir does not seek expanded relief.**

StratAir's original Motion requested an extension through October 23, 2026 to complete review and production of the remaining materials identified through its post-hearing collection efforts [DE 41 at 5]. Its Motion for Reconsideration requests a shorter extension, through October 16, 2026. Plaintiffs argue that the Motion expands the scope of relief by referencing the requests addressed

in the parties' post-hearing conferral [DE 54 at 9]. To remove any doubt, StratAir requests the extension only for the production compelled by the Court's Order [DE 40]. StratAir will address the items agreed upon in conferral directly with Plaintiffs' counsel.

WHEREFORE, StratAir respectfully requests that the Court grant its Motion for Reconsideration [DE 52] and extend StratAir's deadline to complete the production compelled by DE 40 to October 16, 2026, and grant such further relief as the Court deems just.

Dated: October 2, 2026

**Nalani Alesia Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com and lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com and lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
*Counsel for Defendant,*
*StratAir Aviation Services, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**Nalani Alesia Gordon**
Nalani Alesia Gordon (Florida Bar No. 1010976)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IVAN GRANT, ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA, EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and LUIS SAME GONZALO,
Plaintiffs,

v. Case No. 1:25-cv-24505-Moore/Elfenbein

STRATAIR AVIATION SERVICES, LLC,
Defendant.
_________________________________/

**DECLARATION OF NALANI ALESIA GORDON IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION [DE 52]**

I, Nalani Alesia Gordon, declare as follows:

1. I am an attorney with Gunster, Yoakley & Stewart, P.A., counsel for Defendant StratAir Aviation Services, LLC ("StratAir"). I have personal knowledge of the facts set forth in this declaration. I submit this declaration in support of StratAir's Reply in Support of its Motion for Reconsideration [DE 52]. Nothing in this declaration is intended to waive the attorney-client privilege or work-product protection.

**<u>Collection Efforts Began Immediately After the Hearing</u>**

2. The Court held a discovery hearing on August 24, 2026. On August 27, 2026, three days after the hearing and before the written Order was entered, I contacted StratAir regarding collection of the categories of documents addressed at the hearing, including employee personnel and employment records. StratAir discussed searching its electronic human resources information system that same day.

3. On August 31, 2026, I followed up to provide StratAir with specific search parameters, document categories, and likely sources of responsive documents. On September 4, 2026,

I met with StratAir by video conference to discuss those searches, and StratAir's collection efforts continued.

4. The Court entered its Order After Discovery Hearing on September 7, 2026 [DE 40]. By that date, StratAir's searches were already well underway.

5. StratAir prioritized collection from its electronic systems because it expected that those systems contained the personnel, payroll, and employment records maintained in its physical files. Those sources included UKG and HRIS personnel and workforce systems; Symetra leave administration records; Navex complaint records; financial and accounting systems; workforce-planning workbooks; and targeted email and Teams searches across the agreed custodians.

**<u>The Site Visit and the Physical Records</u>**

6. To verify the completeness of the electronic collection, I traveled to StratAir's Miami facility on September 21, 2026, to check the physical files maintained there. That visit revealed that the electronic systems did not fully duplicate the physical files, particularly as to personnel files and payroll records. As a result, I identified seventeen (17) boxes of hard-copy records containing responsive and potentially responsive documents. StratAir made all of these records available to counsel.

7. The records in those boxes are not organized by the categories set forth in the Court's Order. The January 2024 decisional unit included 258 employees, 28 of whom were separated in the reduction in force. Those employees' files are maintained together with the files of other current and former employees. Producing the compelled categories requires locating each responsive file, separating it from the larger set, manually scanning it, reviewing it for responsiveness and confidentiality, and Bates-labeling it.

8. StratAir moved for an extension the next day, September 22, 2026 [DE 41].

**<u>Production to Date</u>**

9. On September 23, 2026, StratAir served supplemental responses to Plaintiffs' First Requests for Production and made a substantial production of both electronic and paper records [DE 43].

10. On September 30, 2026, as agreed with Plaintiffs' counsel, StratAir served verified supplemental interrogatory responses and produced additional documents, including EEOC-related materials responsive to Request for Production Nos. 118–121.

11. Scanning of the seventeen boxes is being performed manually and is ongoing. As of the date of this declaration, approximately fourteen (14) boxes have been scanned, and the scanning and review are being completed daily, as quickly as possible. A review team has been established for the scanned files and electronic files and review is ongoing.

**<u>Monday Production and Completion</u>**

12. On October 5, 2026, StratAir will make a substantial production of over 11,000 pages of responsive personnel documents. StratAir will continue completing supplemental productions as electronic and physical files are processed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 2, 2026.

_*/s/ Nalani Alesia Gordon*__________

Nalani Alesia Gordon

ACTIVE:40562171.1