UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

Defendant.
_______________________________/

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF NO. 45] AND EXHIBITS "B" AND "D" THERETO**

Plaintiffs Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo, through undersigned counsel and pursuant to Local Rule 5.4(b)(1) and Paragraph 11 of the Stipulated Confidentiality Order [ECF No. 25], move for leave to file under seal: (1) the unredacted version of Plaintiffs' Motion for Leave to File Second Amended Complaint [ECF No. 45] (the "Motion to Amend"); (2) Exhibit "B" to the Motion to Amend, a six-page document Bates-stamped CONFIDENTIAL SAS-0003 through SAS-0008; and (3) the unredacted version of Exhibit "D" to the Motion to Amend, the transcript of the continued deposition of Gisela Barrera Munoz [ECF No. 45-5]. Each contains, or quotes, summarizes, or describes, material that Defendant StratAir Aviation Services, LLC ("StratAir")

has designated "Confidential" under the Stipulated Confidentiality Order. In support, Plaintiffs state as follows:

## I. BACKGROUND

### A. The Stipulated Confidentiality Order.

On July 13, 2026, the Court entered the parties' Stipulated Confidentiality Order [ECF No. 25] (the "Confidentiality Order"). The Confidentiality Order defines "Confidential Information" to include certain non-public business information and "[c]onfidential personal information of a private nature, the public disclosure of which may violate recognized privacy rights." [*Id.* ¶ 1]. It extends protection to "deposition testimony that conveys 'Confidential Information,'" [*id.* ¶ 2], and the "Documents" it governs include "transcripts of and exhibits to depositions taken in this action" and "any portions of any documents filed in this action which quote from or summarize" discovery materials. [*Id.* ¶ 3].

A party seeking to file motions or exhibits "which quote or attach a copy of information designated by a party under this Confidentiality Agreement" must "follow the procedures in Local Rule 5.4 to seek permission to file such documents under seal," and "[n]o party shall file documents under seal without having first obtained an order granting leave of court." [*Id.* ¶ 11].

### B. The Proposed Sealed Material.

StratAir produced the six-page document Bates-stamped SAS-0003 through SAS-0008 in discovery and designated it "Confidential" under the Confidentiality Order, stamping each page "CONFIDENTIAL." On September 24, 2026, Plaintiffs filed the Motion to Amend, which relies in part on that document as Exhibit "B." [ECF No. 45]. Consistent with Paragraph 11 of the Confidentiality Order and Local Rule 5.4(b)(1), Plaintiffs did not file Exhibit "B" on the public

docket; they instead filed a placeholder identifying Exhibit "B" as proposed sealed material. [ECF No. 45-3].

### C. The Limited Redactions to the Motion to Amend and Exhibit D.

Plaintiffs also redacted from the public filings each passage that quotes, summarizes, or describes the contents of Exhibit "B." In the Motion to Amend, those redactions are limited to discrete sentences and phrases on pages 6, 8, 13, 15, and 16. [ECF No. 45 at 6, 8, 13, 15-16]. In Exhibit "D"—the transcript of the August 6, 2026 continued deposition of StratAir's assistant manager, Gisela Barrera Munoz—the redactions are limited to the portion of the examination in which the witness was questioned about, and testified regarding, Exhibit "B." [Ex. "D," Munoz Cont'd Dep. 65:14-68:22, 69:6-24]. The remainder of the Motion to Amend—including its procedural history, its discussion of the deposition testimony and written discovery, and the entirety of its legal argument—and the remainder of the Exhibit "D" transcript are publicly available, as are the proposed Second Amended Complaint, its redlined counterpart, and the Motion to Amend's other exhibits. [ECF Nos. 45, 45-1, 45-2, 45-4 through 45-7].

## II. LEGAL STANDARD

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). A party seeking to file material under seal must file a motion that "sets forth the factual and legal basis for departing from the policy that Court filings are public," describes the proposed sealed material "with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material," and specifies the proposed duration of the requested sealing. S.D. Fla. L.R. 5.4(b)(1).

The Local Rule implements the common-law right of access, which is "an essential component of our system of justice" and "instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). The right is not absolute, however. Courts "must evaluate whether good cause exists to prevent such access, balancing the asserted right of access against the other party's interest in keeping the information confidential." *Callahan*, 17 F.4th at 1363 (quotation omitted); *see also Chi. Tribune*, 263 F.3d at 1312.

In striking that balance, courts consider, among other factors, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246. "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). A stipulated confidentiality order does not dispense with that inquiry. *See Chi. Tribune*, 263 F.3d at 1307 (remanding for a good-cause determination as to documents filed under a stipulated protective order); [ECF No. 25 ¶ 11] (requiring leave of Court before any filing under seal).

## III. ARGUMENT

### A. The Proposed Sealed Material Is Narrowly Defined.

Plaintiffs seek to file under seal only three items: (1) the unredacted Motion to Amend, which differs from the public version only in the limited passages on pages 6, 8, 13, 15, and 16 that quote, summarize, or describe Exhibit "B"; (2) Exhibit "B" itself, a six-page document Bates-stamped SAS-0003 through SAS-0008; and (3) the unredacted Exhibit "D", which differs from the public version only in the testimony at 65:14-68:22 and 69:6-24 concerning Exhibit "B". Plaintiffs do not seek to seal the redacted Motion to Amend or the redacted Exhibit D already on the public docket, the proposed Second Amended Complaint, the redline, or any other exhibit. The redacted passages fall within the Confidentiality Order to the same extent as Exhibit "B": the redacted portions of the Motion to Amend are "portions of . . . documents filed in this action which quote from or summarize" a designated document, [ECF No. 25 ¶ 3], and the redacted testimony is "deposition testimony that conveys" the designated information. [Id. ¶ 2].

### B. The *Romero* Factors Support Sealing the Limited Proposed Sealed Material.

First, the proposed sealed material consists of information StratAir has designated as Confidential under the Confidentiality Order, including information concerning non-parties who are not before the Court and have had no opportunity to be heard on its disclosure. *See Romero*, 480 F.3d at 1246 (courts consider whether access would "harm legitimate privacy interests"). The Confidentiality Order likewise recognizes the need to protect "[c]onfidential personal information of a private nature." [ECF No. 25 ¶ 1].

Second, sealing will not impair the public's ability to understand the proceedings or the Court's resolution of the Motion to Amend. Plaintiffs have already employed the less onerous

alternative to wholesale sealing: the Motion to Amend and Exhibit D are on the public docket with only targeted redactions, and the Motion to Amend's legal argument, the proposed pleading, and the remaining deposition testimony and discovery responses are fully public. *See Romero*, 480 F.3d at 1246 (courts consider "the availability of a less onerous alternative to sealing"). Nor does the proposed sealed material concern public officials.

Third, sealing will not deprive any party of an opportunity to respond. StratAir produced Exhibit "B," attended the deposition, possesses the complete materials, and may address them in responding to the Motion to Amend. StratAir does not oppose the relief requested in this Motion.

**C. Proposed Duration and Manner of Filing.**

Plaintiffs request that the sealed material remain permanently under seal. The interests supporting sealing—chiefly, the privacy of non-parties who are not before the Court—will not expire at the conclusion of this action, and the public's access to the proceedings will remain fully preserved through the redacted versions of the Motion to Amend and Exhibit "D" already on the public docket. *See* S.D. Fla. L.R. 5.4(b)(1), (e). If the Court grants this Motion, Plaintiffs will, within three (3) days of the Court's Order, file the unredacted Motion to Amend, Exhibit "B," and the unredacted Exhibit "D" as attachments to a Notice of Sealed Filing via CM/ECF, as Local Rule 5.4(b)(1) provides where a redacted filing has previously been made.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and enter an Order: (1) granting Plaintiffs leave to file under seal the unredacted Motion for Leave to File Second Amended Complaint [ECF No. 45], Exhibit "B" thereto, Bates-stamped SAS-0003 through SAS-0008, and the unredacted Exhibit "D" thereto [ECF No. 45-5]; (2) directing Plaintiffs

to file those materials as attachments to a Notice of Sealed Filing within three days of the Order; (3) directing that the materials remain permanently under seal; and (4) granting any further relief the Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), I HEREBY CERTIFY that the undersigned conferred with counsel for Defendant in a good-faith effort to resolve the issues raised in this Motion prior to its filing, and that Defendant does not oppose the relief requested herein.

Respectfully submitted this 5th day of October 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*