**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-24505-MOORE/Elfenbein

**IVAN GRANT**, *et al.*,

Plaintiffs,

v.
**STRATAIR AVIATION SERVICES, LLC**,

Defendant.
_________________________________/

**AMENDED STIPULATED CONFIDENTIALITY ORDER**

**THIS CAUSE** is before the Court on the Parties' Joint Motion for Entry of Amended Stipulated Confidentiality Agreement (the "Motion"), ECF No. [46]. The Honorable K. Michael Moore referred the above-captioned matter to me "to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters," ECF No. [5], and "[a]ny outstanding discovery disputes," ECF No. [28], which includes the Motion. In the Motion, the Parties requested the Court for entry of an Amended Stipulated Confidentiality Agreement pursuant to paragraph 16 of the July 13, 2026, Stipulated Confidentiality Order (the "Original Confidentiality Order"), ECF No. [25], and the Court's Order Setting Discovery Procedures, ECF No. [8]. *See* ECF No. [46] at 1. The Parties explain that since the Court entered the Original Confidentiality Order, they have determined "that certain categories of highly sensitive information anticipated to be produced in discovery – including proprietary technical and financial data and competitively sensitive business strategies – require heightened protections beyond the 'Confidential' designation currently available under the" Original Confidentiality Order. *See id.* They indicate that the Amended Stipulated Confidentiality Agreement (1) supplements the

Original Confidentiality Order by including an "Attorney's Eyes Only" designation for "highly sensitive materials"; (2) "preserves the existing framework and protections of" the Original Confidentiality Order; (3) adds provisions governing designation, handling, and safeguarding of materials designated Attorney's Eyes Only; and (4) entry of the Amended Stipulated Confidentiality Agreement will "facilitate the continued efficient exchange of discovery materials while providing appropriate heightened protections for the parties' most sensitive information." *See id.* at 2.

Upon consideration of the Motion and the Parties' agreement, the Court finds good cause for the entry of a protective order governing the use and disclosure of confidential information in this case, as set forth in this Amended Stipulated Confidentiality Order. Accordingly, the Motion, **ECF No. [46]**, is **GRANTED** as follows:

1. "Confidential Information" shall mean:

• Confidential or proprietary business information, including, but not limited to, information concerning: proprietary information, trade secrets, marketing and business strategies, market information, revenue, sales, costs, profits and other financial data not publicly available and the names of customers, vendors, or subcontractors; and

• Confidential personal information of a private nature, the public disclosure of which may violate recognized privacy rights or possibly expose individuals to identity theft or other abuse such as social security numbers, dates of birth, telephone numbers, addresses, and email addresses; personal and family medical information; payroll/pay records of individuals not parties to this lawsuit; personal and family financial records for non-parties including, but not limited to, income and distribution data, and tax forms and returns.

• "Highly Sensitive Confidential Information" shall mean a subset of Confidential Information that includes, but is not limited to: trade secrets; proprietary technical data, processes, and know-how; non-public financial information, including net worth, revenue, financial statements, tax returns, and balance sheets; competitively sensitive business strategies, plans, and forecasts; customer and vendor lists and related pricing information; and any other information the designating party reasonably and in good faith believes would cause substantial competitive or business harm if disclosed beyond outside litigation counsel.

2. "Confidential Communication" shall mean information by oral communication or deposition testimony that conveys "Confidential Information." Such designation as confidential

need not be made at the time the information is procured but shall be made within thirty (30) days following the disclosure unless a showing of good cause and an absence of unfair prejudice can be made for the delay.

3. "Documents" shall mean all written, recorded or graphic matter of any nature whatsoever, including, but not limited to: interrogatory answers served by any party to this action; responses to requests to admit served by any party to this action; responses to requests for production served by any party to this action; documents produced by any party to this action to another party to this action, whether pursuant to formal discovery or by informal agreement (in such cases the party answering, responding or producing will be referred to as the "producing party"); transcripts of and exhibits to depositions taken in this action; and any portions of any documents filed in this action which quote from or summarize any of the foregoing documents.

4. "Confidential Documents" shall mean all documents that a party certifies to contain Confidential Information, and which are designated as "Confidential" in writing, by the producing party or any other party, at the time of furnishing copies in connection with this action. Any document that contains confidential information may be designated as "Confidential" at the option of the producing party or at the option of any other party. Such designation must be made in good faith and is to be made either by stamping or otherwise inscribing the words "Confidential" or substantially similar words upon the document itself or by stating in writing that that group of documents is to be treated as confidential. A good-faith designation in accordance with this paragraph shall constitute sufficient certification for purposes of this Agreement.

5. "Attorneys' Eyes Only" or "AEO" material is a subset of Confidential Information that the designating party reasonably and in good faith believes constitutes highly sensitive trade secrets, proprietary commercial or financial information, or other competitively sensitive information, the disclosure of which to any party or non-party would create a substantial risk of serious competitive or business harm that could not be avoided by less restrictive means.

AEO material shall be designated by stamping or marking "ATTORNEYS' EYES ONLY" or "AEO" on the document or, in the case of electronically stored information, by including such designation in the file name, Bates label, or an accompanying transmittal letter. A designation of material as AEO must be made in good faith and only after reasonable inquiry to determine that the material qualifies for such heightened protection.

6. No party receiving Confidential Documents and/or Confidential Communications (the term "party," as used in this paragraph, includes a party's agents, consultants, experts, deponents, witnesses, attorneys, and officers, directors, and employees of any parent, subsidiary, affiliate, acquirer, or successor-in-interest of a party) shall make use of any Confidential Document and/or Confidential Communication, or any information contained in a Confidential Document or Confidential Communication, for any purposes whatsoever other than the prosecution or defense of this action; nor shall any Confidential Document or Confidential Communication, or any

information contained therein, be disclosed by any such party except as provided in this Agreement.

7. Except with the prior written consent of the party requesting confidential treatment, no document or communication designated as "Confidential", and no information contained in a Confidential Communication or documents designated as "Confidential" may be disclosed to any person other than the following:

a. Counsel for any party in this action or persons regularly employed in the offices of and/or contracted to provide legal or administrative support or work for such counsel. Such counsel will include both in-house legal staff and outside counsel (and their staff) in the case of the corporations, or other entities, that are Parties to this action.

b. Any party in this action, and any past, present or future officers, directors, and employees of any party in this action, or of any entity that is a parent, subsidiary, affiliate, acquirer, or successor-in-interest of any party in this action, who are engaged in assisting counsel for that party in the prosecution or defense of this action.

c. Persons who saw or heard or had access to such Confidential Documents and/or Confidential Communications prior to adoption of this Agreement.

d. Experts retained by the Parties or potential witnesses with whom counsel for such Parties determine it is necessary to confer in the prosecution or defense of any claim in this action.

e. Persons noticed for depositions, designated as trial witnesses in a pre-trial stipulation and their counsel to the extent deemed necessary by counsel for any of the Parties to prepare such witnesses.

f. Third parties employed, retained, or contracted by a party or its counsel, or by the court, in a litigation support capacity to review, organize, analyze, encode, copy, exchange, or retrieve documents produced, created, or exchanged in and for this action.

g. Deposition and trial court reporters, mediators, judges, jurors, and other employees of the court not described in paragraph 7(f).

h. Any other person as to whom the Parties and/or the non-producing party agree in writing prior to the disclosure.

Notwithstanding the foregoing, documents and communications designated "Attorneys' Eyes Only" or "AEO" may only be disclosed to the following persons:

(i) Counsel of record for any party in this action and persons regularly employed in or contracted to provide support to such counsel's offices.

(ii) Outside experts and consultants retained for purposes of this litigation who have signed the Consent form attached hereto and who have been identified to the designating party at least five (5) business days before disclosure, unless the designating party objects within that period.

(iii) Court reporters, mediators, judges, jurors, and employees of the Court.

(iv) The Court and its personnel.

(v) Any other person only upon prior written consent of the designating party or by order of the Court.

Under no circumstances shall AEO material be disclosed to any opposing party to this action without the prior written consent of the designating party or an order of the Court.

8. Any party may challenge the designation of material as "Attorneys' Eyes Only" by providing written notice to the designating party, specifying the material at issue and the grounds for the challenge. The parties shall meet and confer in good faith within seven (7) calendar days of receipt of such notice in an effort to resolve the dispute. If the dispute is not resolved through the meet-and-confer process, the challenging party may seek relief from the Court in the manner prescribed by the Court's Order Setting Discovery Procedures, ECF No. [8]. The burden of justifying the AEO designation shall remain on the designating party. Pending resolution of any challenge, the material shall retain its AEO designation and shall continue to be treated as AEO material in accordance with this Agreement.

9. Except for persons identified in Paragraphs 7(a), 7(b), 7(e), and 7(g) above, no person authorized under the provisions of this Agreement to receive access to Confidential Documents and/or Confidential Communications shall be granted access rights to them unless and until such person has read this Agreement and executes a Consent, in the form attached, agreeing to be bound by the terms herein. Counsel for the Parties shall be responsible for maintaining a list of all persons to whom such documents are disclosed as well as copies of the Consents signed by them.

10. A party shall not routinely designate material as "Confidential," or make such designation without reasonable inquiry to determine whether it qualifies for such designation. The Court may consider the alleged improper designation of any material pursuant to its discovery dispute procedure or as otherwise directed by the Court.

11. The Parties reserve the right to designate any document that contains "Confidential Information" as "Confidential," and to dispute any "Confidential" designation made by the other party by conferring and then, if the Parties cannot resolve the issue during their conferral, by bringing the matter to the Court's attention in the manner prescribed by the Court's Order Setting Discovery Procedures, ECF No. [8]. Furthermore, the inclusion or non-inclusion of items in the

Confidentiality Agreement shall not prejudice either party's efforts to designate or object to documents being marked as Confidential.

12. This Confidentiality Agreement shall not restrict the use or admissibility of any evidence — including documents marked "CONFIDENTIAL" — at the trial of this cause or in motion practice or briefing in this cause, or the procedures for using such confidential documents or information at trial, in motion practice, in connection with any post-trial submissions, or discovery in this matter, except as expressly set forth herein. Nothing in this paragraph shall preclude any party from seeking appropriate courtroom closure or other protective measures for particularly sensitive Confidential Information at trial or during hearings.

13. A party seeking to file any pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents which quote or attach a copy of information designated by a party under this Confidentiality Agreement, shall, if filed with the Court, follow the procedures in Local Rule 5.4 to seek permission to file such documents under seal. No party shall file documents under seal without having first obtained an order granting leave of court.

A party seeking to file any documents with the Court that contain or reference AEO material must follow the procedures in Local Rule 5.4 to seek permission to file such documents under seal. The party seeking to file AEO material shall comply with all applicable procedures for obtaining leave to file under seal and shall specifically identify the material as "Attorneys' Eyes Only" in the motion for leave. Proposed redacted versions of any filing containing AEO material shall redact all AEO information.

14. In the event that Counsel is served with or otherwise subject to legal process (including subpoena) requiring him/her to testify about, produce or otherwise divulge Confidential Documents and/or Confidential Communications, the person subject to such process will inform the signatories to this Agreement within a reasonable time not to exceed three (3) business days, will provide the signatories with a copy of such subpoena or process, will assert all applicable privileges and objections with respect to such requests for Confidential Documents and/or Confidential Communications or permit the designating party to assert them, will not waive any such privilege or objection without the consent of the Party from whom such Confidential Documents and/or Confidential Communications originated, and will make every other reasonable and lawful effort to prevent or limit discovery of the Confidential Documents and/or Confidential Communications information.

Whenever a party objects to the designation of a communication, document, or portion of a deposition transcript as Confidential, it may so notify opposing counsel, in writing, setting forth the reasons supporting such objection. The Parties will meet and confer in good faith to attempt to resolve any challenge on an expedient and informal basis. If the designating party refuses the request to change a Confidential designation, or if a resolution is not achieved within seven (7)

calendar days after receipt of such written notice, the party challenging the designation may request a discovery hearing in the manner prescribed by the Court's Order Setting Discovery Procedures, ECF No. [8], to determine whether the designation should be changed or removed. The burden of proving that the designated information should be maintained as Confidential remains with the party asserting such confidentiality. If such a hearing is requested, the Parties shall continue to treat such information or document as "Confidential" until such time as the Court orders otherwise. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

15. The failure of any party to object to the designation of information as Confidential does not prevent the party from later objecting to such designation and requesting that the party be permitted to disclose the information.

16. Within 60 days after the final disposition of this action, all data designated as Confidential and copies thereof, in the possession or under the control of any party or officer or employee thereof, or officer or employee of any parent, subsidiary, affiliate, acquirer, or successor-in-interest of a party; counsel retained by such party, retained expert or other person described in Paragraphs 7 and 9 of this Agreement shall be destroyed promptly or returned to counsel for the producing party that designated the information as confidential, unless otherwise specifically agreed in writing by the producing party. Counsel for the Parties to this action may retain Confidential Information of the other party only to the extent that it is necessary to comply with any applicable bar requirements or malpractice insurance requirements and the obligations and remedies under this Agreement will continue to be in force so long as such data is being preserved. Upon the request of counsel for the party designating the documents or information as confidential, counsel signing this Agreement shall provide a letter affirming compliance with the requirements of this Paragraph. Copying costs paid to the producing party for documents will be reimbursed if the producing party requests their return.

In the event that any party's claims or defenses in this action are resolved by settlement, voluntary dismissal, or otherwise prior to the conclusion of this action as to all Parties, such party's obligations under this Agreement shall continue in full force and effect following such resolution. Within thirty (30) days of the effective date of such resolution, the departing party and its counsel shall return or destroy all Confidential Documents and Confidential Communications in their possession, custody, or control in accordance with the procedures set forth in this Paragraph, and shall provide written certification of compliance to counsel for the producing party. Notwithstanding the foregoing, counsel for the departing party may retain Confidential Information to the extent necessary to comply with applicable bar requirements or malpractice insurance requirements, subject to the continuing obligations of this Agreement.

Notwithstanding the foregoing, counsel for the Parties may also retain Confidential Information to the extent necessary for use in any appeal, post-trial proceedings, post-judgment

proceedings, or enforcement of any judgment arising out of this action, and such retention shall be permitted until the final conclusion of all such proceedings, including the exhaustion or expiration of all appellate rights.

All materials designated as "Attorneys' Eyes Only" shall be returned or destroyed in accordance with the same procedures and timelines set forth in this Paragraph for Confidential Information. Within the applicable time period, each party and its counsel shall provide written certification to the designating party confirming that all AEO materials (and any copies, summaries, or extracts thereof) have been returned or destroyed, specifying the method of destruction if applicable. The obligations of this Paragraph with respect to AEO materials shall survive the termination of this action.

17. Inadvertent production of any discovery material which a party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Discovery Material"), will not be deemed to have waived any privilege. A party may request the return of any Inadvertently Produced Privileged Discovery Material. A request for the return of Inadvertently Produced Privileged Discovery Material shall identify the discovery material inadvertently produced and the basis for withholding such discovery material from production. If a party requests the return, pursuant to this Paragraph, of any Inadvertently Produced Privileged Discovery Material then in the custody of another party, such discovery material (and all copies thereof) shall be returned promptly to the requesting party. The party returning such discovery material may then move the Court for an order compelling production, as prescribed by the Order Setting Discovery Procedures, ECF No. [8], of the material but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production or waiver of the privilege.

18. If mutual agreement to a modification of this Agreement cannot be reached, the Parties may contact the Court through the manner set forth in the Order Setting Discovery Procedures, ECF No. [8], to request a hearing on the modification of the terms of this Agreement.

19. Nothing in this Agreement shall affect any privilege or right that any party might otherwise have against the discovery of any materials sought by any other party. Notwithstanding this Agreement, nothing herein is meant to limit the Parties' use of any Confidential Documents and/or Confidential Communications at trial, subject to the evidentiary rules.

21. Nothing in this Confidentiality Agreement shall prevent any party from using its own "Confidential Information" in the ordinary course of its business or for any other purpose.

22. The foregoing is without prejudice to the right of any party to this Confidentiality Agreement:

(a) to apply to the Court for a protective order relating to any Confidential Information or relating to any discovery in this case;

(b) to resist or compel discovery with respect to, or seek to obtain additional or different protection for, discovery material claimed to be protected work product or privileged under state or federal law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to federal law;

(c) to seek to modify or obtain relief from any aspect of this Confidentiality Agreement;

(d) to object to the use, relevance, or admissibility at any hearing or trial, in any motion or response, or otherwise of any discovery material, whether or not designated in whole or in part as Confidential Information subject to this Agreement.

**DONE and ORDERED** in Chambers in Miami, Florida on October 6, 2026.

Marty FE

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record