UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:25-cv-24505-Moore/Elfenbein

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION SERVICES, LLC,

Defendant.
_____________________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant, StratAir Aviation Services, LLC ("StratAir" or "Defendant"), hereby files this Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint [ECF No. 45] (the "Motion for Leave"). In support, StratAir states:

## INTRODUCTION

1. Plaintiffs seek leave to amend their complaint a second time, seven (7) months after the court-ordered deadline, to add in a new theory that Plaintiffs have had personal knowledge of from their respective employment with StratAir, which ended back in 2025.

2. The Court previously granted Plaintiffs their second requested continuance and warned that further extensions of pretrial deadlines would not be granted absent compelling or emergency circumstances. Plaintiffs have failed to carry their heavy burden to justify their non-compliance with the deadline for amendments to the pleadings, which expired in February 2026. Plaintiffs' Motion for Leave should be denied as untimely, futile, and prejudicial.

3. Plaintiffs, former employees of StratAir, filed this action back on September 30, 2025, alleging that they were each selected for a reduction in force instead of other younger employees because of their age. Plaintiffs then waited until March 2026 to serve any discovery requests.

4. The original deadline for the Parties to amend their pleadings was January 5, 2026. The amended deadline for the Parties to amend their pleadings was February 27, 2026. While consolidated with a related case, the Court granted Plaintiffs' request for a continuance and extension of the pretrial deadlines, the Court held "no further extensions will be granted absent compelling circumstances bordering on a genuine emergency."[1] There are no compelling circumstances or emergencies here, only a lack of diligence.

5. Contrary to the arguments within the Motion for Leave, Plaintiffs' unpled theory of liability that they now seek to add through the proposed Second Amended Complaint was not recently discovered. Even though Plaintiffs' counsel did not include allegations in the Complaint or Amended Complaint about any related theories of liability, Plaintiffs, as former employees of StratAir, had personal knowledge of StratAir's use of temporary contractors. Several Plaintiffs testified months ago regarding their personal knowledge of the temporary staffing workers they now seek to reference in their proposed Second Amended Complaint.

6. Despite Plaintiffs' own personal knowledge, Plaintiffs inexcusably waited until September 24, 2026 to file their Motion for Leave seeking to add in new allegations about StratAir's use of temporary contractors as a new theory. Plaintiffs' Motion for Leave attempts to blame StratAir for the delay in seeking leave to amend their complaint for a second time. Plaintiffs'

---

[1] *See Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW, at [ECF No. 29] Paperless Order Granting in Part and Denying in Part [ECF No. 26] Motion for Extension of Pretrial Deadlines and Continuance of Trial.

arguments ignore the fact that the factual basis underlying the new allegations within proposed Second Amended Complaint come from Plaintiffs' own personal knowledge from their respective employment back in 2025 and prior.

7. Plaintiffs delayed in engaging in the discovery process and already received two continuances. Plaintiffs should not be rewarded for this delay.

## SUMMARY OF ARGUMENT

8. Plaintiffs' Motion for Leave to file a Second Amended Complaint should be denied for three independent reasons. First, Plaintiffs' Motion is untimely as it was filed approximately seven (7) months after the Court-ordered deadline for the amendment of pleadings, and it fails to establish "compelling circumstances bordering on genuine emergency" or even "good cause" for (yet another) extension of the pretrial deadlines.

9. Second, Plaintiffs' Motion is futile as the temporary workers referenced in the previously unpled theory are not "similarly situated" legal comparators to Plaintiffs, who are each former employees.

10. Third, granting Plaintiffs' Motion would prejudice StratAir as the Parties have already engaged in significant discovery, including taking ten (10) depositions and exchanging written discovery requests and document productions based on the operative pleadings. Plaintiffs have already received two continuances and should not be permitted to inject a new factual theory into the case given their demonstrated delays in prosecuting their claims.

## ARGUMENT

### I. Plaintiffs' Motion is Untimely.

#### A. Plaintiffs failed to establish "compelling circumstances bordering on a genuine emergency."

11. Plaintiffs filed this action back on September 30, 2025, alleging that they were each selected for a reduction in force (instead of other younger employees) because of their age.

12. The deadline for Plaintiffs to amend their Complaint was January 5, 2026. *See* Paperless Order Scheduling Trial in Miami [ECF No. 17].

13. This case was then consolidated with the related case of *Raisyl Cepero Garcia v. StratAir Aviation Services, LLC*, Case No. 25-24471-cv-Williams ("*Garcia*") effective January 22, 2026 for "discovery and pretrial purposes." *See* [ECF No. 21]. The *Garcia* case had a preexisting deadline of February 27, 2026 for the amendment of pleadings. *See Garcia*, Scheduling Order [ECF No. 16].

14. Plaintiffs inexplicably waited approximately six (6) months after filing their Complaint in September 2025 until March 2026 to serve any discovery requests. Plaintiffs assumed the risk of delaying discovery until after the amendment deadline passed.

15. Plaintiffs previously moved for a continuance on April 23, 2026. *See Garcia* [ECF No. 26] Plaintiff's Motion for Extension of Pretrial Deadlines and Continuance. As detailed below, Plaintiffs already had personal knowledge of the facts they now seek to add as supporting a new theory of liability in the proposed Second Amended Complaint but failed to request an extension of the deadline to amend.

16. Moreover, Plaintiffs knew that StratAir's position was that discovery into temporary contractors was not relevant to the allegations of the Amended Complaint. Indeed, StratAir's objections (which were later sustained) were cited by Plaintiffs as a reason to extend the discovery cut off back in April.[2] Despite their preexisting knowledge of the use of temporary

[2] *See id.* at pp. 7-8 ("During recent conferrals, Plaintiffs learned that Defendant's statistical summaries exclude similarly situated individuals engaged as independent contractors or through staffing agencies").

workers from their employment with StratAir and the contemporaneous knowledge of StratAir's objections based on the lack of allegations within the Amended Complaint about temporary workers, Plaintiffs failed to request an extension of the deadline to amend their Complaint a second time. *See id.*

17. The Court granted Plaintiffs' request for extension of pretrial deadlines and a continuance in part on May 1, 2026, holding that: "**<u>No further extensions will be granted absent compelling circumstances bordering on a genuine emergency.</u>**" (emphasis in original). *See Garcia* at [ECF No. 29] Paperless Order Granting in Part and Denying in Part [ECF No. 26] Motion for Extension of Pretrial Deadlines and Continuance of Trial.[3]

18. Plaintiffs' Motion for Leave must be denied because Plaintiffs have failed to prove any compelling circumstances bordering on genuine emergency to justify resurrecting the expired deadline to amend pleadings.

19. Given their former employment with StratAir, Plaintiffs have known about StratAir's use of temporary workers *for years* and chose to delay for months until filing their motion seeking leave to add this new theory into their claims.

20. Plaintiff Ivan Grant was deposed on March 30, 2026, and he provided the following testimony regarding his employment at StratAir (which ended in January 2025):

> Q. So, you're assuming that it was your age. You don't have any evidence?
> A. No. Well, the age factor is one of the reasons, because they get more young folks. They was hiring more young folks. They constantly was hiring more young folks, and you can see that every day. **Even on the contractor's side**, or in the StratAir side, they

[3] The Court then entered an Amended Scheduling Order issued on May 5, 2026, which did not provide a new deadline for amending the pleadings as that deadline had already passed when Plaintiffs sought their extension of pretrial deadlines and continuance of trial. *See Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW, at [ECF No. 30].

> were only hiring young people. So, how would you feel about that?
> Both sides, they were hiring –

3/30/2026 Deposition of I. Grant at 84:22- 85:5 (emphasis added). A copy of excerpts of Mr. Grant's deposition transcript is attached hereto as **Exhibit "1."**

21. Plaintiff Eyonny Prado Duran similarly testified that he was aware StratAir hired temporary workers through an agency from his personal observation while employed at StratAir: "You can tell they were guys that were 22, 24, 25 years old" based on "[t]heir appearance." 7/2/2026 Deposition of E. Prado Duran at 37:9-21. A copy of excerpts of Mr. Duran's deposition is attached hereto as **Exhibit "2."**

22. Plaintiffs' Motion falsely contends that Plaintiffs did not discover StratAir was objecting to producing discovery relating to temporary workers until May 1, 2026. *See* [ECF No. 45] at p. 11 ("May 1 and July 21, 2026- StratAir **first** objects that staffing-agency discovery is irrelevant because the Amended Complaint does not mention such workers") (emphasis added).

23. While it is true that StratAir served certain objections on May 1, 2026,[4] Plaintiffs' own previous filings back in April mentioned StratAir's prior objections earlier in the litigation and even in the pre-suit EEOC proceedings: "Notably, during pre-suit EEOC proceedings and throughout this litigation, Defendant has repeatedly relied on its own statistical summaries

[4] On May 1, 2026, StratAir serves its responses to Plaintiffs' First Request for Admissions, which included in relevant part: "Objection. Whether "at least one independent contractor, temporary worker, or staffing agency worker performed warehouse handling work, cargo handling work, or security work at the Miami location in February 2024" --after Plaintiffs' termination—is not relevant to any claim or defense in this action. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers. Plaintiffs' claims are not based on StratAir allegedly engaging non-employees after January 2024. Plaintiffs allege that "Defendant fired Plaintiffs and other older employees with more seniority, and retained younger employees with less seniority, to perform the same or similar jobs." *See* Amended Complaint, Paragraphs 51, 86. Therefore, whether contractors, temporary workers, or staffing agency workers were engaged after the Plaintiffs were terminated have no bearing on Plaintiff's claims or any related defenses."

concerning the layoff at issue while refusing to produce the underlying data [regarding temporary contractors] to evaluate those analyses." *See Garcia* [ECF No. 26] at p. 7.

24. Plaintiffs have known for months, if not years, about StratAir's use of temporary workers and StratAir's objection to discovery because of Plaintiffs' limited allegations that StratAir "fired Plaintiffs and other older **employees** with more seniority, and retained younger **employees** with less seniority, to perform the same or similar jobs." Am. Compl. [ECF No. 12] at ¶ 51 (emphasis added); *see also id.* ¶ 86 (same).

25. Plaintiffs attempt to excuse their non-compliance with the February 27, 2026 deadline by arguing they recently received the transcript of Ms. Barrera Munoz. *See* Motion [ECF No. 45] at pp. 6-8. Plaintiffs fail to mention that Plaintiffs did not even request the deposition of Ms. Barrera Munoz until June 30, 2026, months *after* the deadline to amend the pleadings passed on February 27, 2026.

26. Plaintiffs chose to wait six (6) months after filing their Complaint to serve any written discovery. Plaintiff chose to wait months after the deadline for amendments to pleadings to take depositions. Plaintiffs cannot fault StratAir for only producing witnesses when those depositions are requested.

27. Further, Plaintiffs themselves had contemporaneous personal knowledge of StratAir's use of temporary workers as evidenced by their own deposition testimony. This is not some unknown fact hidden by StratAir, but a new theory that Plaintiffs failed to add to their operative pleading in violation of the Court-ordered (and previously extended) deadline. Indeed, Plaintiff Grant himself testified *months ago* that StratAir employees like himself and the contractors performed similar job duties:

> Q. Do you know if there were contracted workers working at the StratAir warehouse with you throughout your entire period of employment with StratAir?
> A. Sometimes they -- sometimes they worked --yeah, because they would mix us together. Sometimes the contractors had a different section to work, but when it got a heavy workload, they would mix us together to get the job done.
> Q. So, sometimes you would have direct employees and contractors of StratAir working side by side with one another --
> A. Yes.
> Q. -- performing the exact same job duties; is that right?
> A. That's correct.

Ex. 1 (Excerpts of 3/30/2026 Deposition of I. Grant) at 249:21-250:10. Plaintiffs' argument that this was a fact newly uncovered during Ms. Barrera Munoz's deposition ignores Plaintiff Grant's own testimony back in March. Plaintiffs simply failed to amend their Amended Complaint to inject their theory regarding temporary contractors into the case.

28. Moreover, the fact that StratAir litigated the scope of discovery under the existing Amended Complaint does not mean it was on notice that Plaintiffs would seek to fundamentally expand their theory of liability to implicate approximately 1,000 SNI workers. StratAir appropriately objected based on relevance to irrelevant discovery requests back in April. Plaintiffs could have sought leave to extend the deadline to amend pleadings then. Instead, Plaintiffs continued to litigate under the current version of their Amended Complaint, knowing that the Court had warned them that further extensions of pretrial deadlines would require compelling circumstances bordering on emergency.

29. Plaintiffs finally filed their Motion for Leave to Amend [ECF No. 45] on September 24, 2026. Plaintiffs also criticize StratAir for not consenting to the amendment. Motion [ECF No. 45] at p. 12. However, Plaintiffs' counsel first only raised the issue generally that they were planning on filing a motion for leave without providing the proposed amendment. Indeed, Plaintiffs' counsel never shared a draft of the proposed Second Amended Complaint before filing

the Motion for Leave. When Plaintiffs' counsel sent a conferral email on September 22, 2026 at 6:22PM, which indicated they were preparing to file the following day without first sharing the proposed Second Amended Complaint, StratAir's counsel responded in approximately one hour at 7:23PM.

30. Plaintiffs' arguments directed at StratAir also ignore Plaintiffs' obligation to notify the Court of the potential need to amend their Complaint a second time when seeking a continuance of trial (after they had personal knowledge of StratAir's use of temporary workers from their respective employment and had knowledge of StratAir's objections to discovery outside the pled theories of liability). *See Garcia* at [ECF No. 26] Plaintiff's Motion for Extension of Pretrial Deadlines and Continuance at p. 11 (requesting extension of various pretrial deadlines but not requesting an extension of the expired deadline to amend pleadings).

31. When Plaintiffs attempted to get the irrelevant discovery through SNI, StratAir promptly filed its Objections to the Subpoena to SNI on June 12, 2026, a copy of which is attached as **Exhibit "3."** StratAir explained: "Whether temporary, staffing-agency, or contract workers were supplied to StratAir has no bearing on Plaintiffs' foundational allegation that other employees were retained and Plaintiffs were selected for the layoff for discriminatory reasons. The Subpoena therefore seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of this case under Rule 26(b)(1)." (Ex. 3 at p. 3.)

32. The Court agreed with StratAir's objections. *See* Order After Discovery Hearing [ECF No. 40] at pp. 4-6 (sustaining objections and denying Motion to Compel SNI Subpoena Compliance [ECF No. 39]). The Court denied that motion without prejudice: "Should Plaintiffs amend the Complaint to include a theory of liability implicating SNI." [ECF No. 40] at p. 6. However, Magistrate Judge Marty Fulgueria Elfenbein was not fully briefed on the status of the

case, the passage of the amendment deadline months prior, the two previous continuances awarded to Plaintiffs, and Court orders expressly limiting future deadline extensions.

33. Plaintiffs' arguments ignore the repeated failure by Plaintiffs to diligently prosecute their claims. Plaintiffs chose to wait months before serving any written discovery. Plaintiffs chose to wait until June to request the deposition of Ms. Barrera Munoz. Plaintiffs are each former employees of StratAir who, according to their own deposition testimony, worked side by side with SNI's temporary workers. Thus, Plaintiffs have had knowledge of their (false) theory that StratAir used the January 2025 reduction in force to eliminate older employees and replace them with younger workers from SNI. Plaintiffs simply failed to timely amend their Amended Complaint to inject that theory of liability into their claims at issue.

34. A timeline of the proceedings illustrates Plaintiffs' lack of diligence:

December 2024: Plaintiffs request information on all workers through EEOC

September 30, 2025: Plaintiffs file Complaint [ECF No. 1]

October 23, 2025: Plaintiffs file Amended Complaint [ECF No. 12]

January 5, 2026: First Deadline to Amend Pleadings Expires

February 27, 2026: Second Deadline to Amend Pleadings Expires

March 18, 2026: Plaintiffs finally serve over 530 written discovery requests

March 30, 2026: Plaintiff Grant testifies regarding hiring of "young" temporary contactors

April 23, 2026: Plaintiffs File Motion for Extension of Pretrial Deadlines and Continuance of Trial in *Garcia* case [ECF No. 26], noting StratAir's objections to temporary worker discovery and seeking various extensions, *but not* an extension of expired deadline to amend pleadings

May 1, 2026: StratAir serves Responses to Plaintiffs' Requests for Admissions, again objecting to discovery regarding temporary workers

May 1, 2026: Judge Williams grants Plaintiffs' first continuance in *Garcia* case [ECF No. 29]

June 10, 2026: Plaintiffs finally issue subpoena to SNI Companies Corp.

June 15, 2026: Judge Williams denies Plaintiffs' Motion for Extension of Pretrial Deadlines in *Garcia* case [ECF No. 33]

July 27, 2026: Court grants Plaintiffs' second continuance [ECF No. 28] in Paperless Order on Plaintiffs' Motion for Revised Scheduling Order and Continuance of Trial in which the "Court admonishes Plaintiffs for failing to provide the full context in their Motion, as explained in Defendant's Response. (ECF No. 27) at 2-5. Similar failures to comply with local rules in the future may result in the imposition of sanctions, including dismissal."

September 24, 2026: Plaintiff files Motion for Leave to File Second Amended Complaint [ECF No. 45]

35. Plaintiffs possessed information suggesting the existence of additional theories regarding the temporary workers before the amendment deadline (and even before filing suit) yet failed to include those claims in the operative pleading. Given the history of this case, Plaintiffs cannot later claim that the need to amend recently arose from post-deadline events.

**B. Plaintiffs Fail to Establish Good Cause.**

36. While the Court should hold Plaintiffs to the "compelling circumstances bordering on a genuine emergency" standard based on the Plaintiffs' demonstrated lack of diligence, even if the Court applies a more lenient "good cause" standard, Plaintiffs' Motion still must be denied.

37. Rule 16(b) requires the district court or magistrate judge to issue a scheduling order. Fed. R. Civ. P. 16(b)(1). "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

38. As detailed above, the Court has repeatedly granted Plaintiffs relief from prior scheduling orders and appropriately warned Plaintiffs that further extensions would require not

just "good cause," but "compelling circumstances bordering on a genuine emergency." Even setting aside that important procedural history and heightened standard, Plaintiffs cannot establish "good cause" under Rule 16.

39. The Eleventh Circuit has analyzed this precise issue in a strikingly similar case of *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998). In *Sosa*, the district court denied a motion to amend filed "well after the time prescribed by the court's scheduling order." *Id.* at 1418. The Eleventh Circuit affirmed, noting that the failure to comply with the court's scheduling order "resulted from a lack of diligence in pursuing [plaintiff's] claim." *Id.* at 1419. *Sosa* is directly on point and a comparison to the situation here demonstrates a lack of good cause.

**1. Plaintiffs took no steps to acquire this information early in the discovery period.**

40. In analyzing whether there was "good cause" for an amendment after the scheduling order's deadline, the *Sosa* court fairly criticized plaintiff's counsel who "waited some four months before propounding written discovery." *Id.* (emphasis added). Even worse than the plaintiff in *Sosa*, Plaintiffs here waited six (6) months before propounding written discovery.

41. The Eleventh Circuit also criticized the plaintiff in Sosa because they "took no oral depositions until nearly three months after the deadline for amending the complaint." *Id.* (emphasis added) Here, Plaintiffs' counsel's lack of diligence is even more alarming. Plaintiffs did not take their first deposition until July 30, 2026, which was approximately seven (7) months after the original scheduling order's amendment deadline of January 5, 2026 and approximately five (5) months after the amended scheduling order's amendment deadline of February 27, 2026.

42. The *Sosa* court also found that plaintiff's counsel took no steps to acquire relevant information about the requested amendment "early in the discovery period." *Id.* Here, Plaintiffs' counsel took no steps to inquire about StratAir's use of temporary workers until well into the

*repeatedly extended* discovery period. Plaintiffs did not serve written discovery until March 2026 and learned in April 2026 that StratAir was objecting to Plaintiffs' requests related to temporary workers since Plaintiffs are all former employees and their theory of liability was that they were discriminated against in favor of younger employees.[5] However, Plaintiffs waited until June 10, 2026 to serve the subpoena to SNI. *See* Ex. 3.

**2. Information regarding StratAir's use of temporary workers was available to Plaintiffs before suit was filed.**

43. In affirming the denial of the untimely motion for leave, the *Sosa* court noted that information supporting the proposed amendment was available to the plaintiff "even before she filed suit." *Sosa*, 133 F.3d at 1419.

44. Here, Plaintiffs knew (from their pre-suit employment in 2025 and prior) that StratAir used temporary workers as evidenced by the deposition testimony of Plaintiff Grant and Plaintiff Prado Duran quoted above.

45. Moreover, Plaintiffs' Motion for Leave disclosed that Plaintiffs' counsel attempted to get related information through the EEOC investigator before filing suit. *See* [ECF No. 47] at p. 8 ("In December 2024, Plaintiffs' counsel asked the EEOC to obtain the name, age, national origin, tenure, and RIF outcome of every <u>person</u> who worked as a warehouse handler in Miami….") (emphasis added).

46. Thus, Plaintiffs' counsel knew, in early 2025 and certainly before Plaintiffs filed suit in September 2025, that the EEOC did not obtain that information from StratAir. Plaintiffs' Motion for Leave offers no legitimate excuse for why formal discovery related to use of temporary

---

[5] *See Garcia v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24471-KMW, at [ECF No. 26] Plaintiff's Motion for Extension of Pretrial Deadlines and Continuance filed on April 23, 2026 at pp. 7-8 (noting that StratAir's counsel notified Plaintiffs' counsel that they were not producing information regarding workers engaged as independent contractors or through staffing agencies).

workers was not served on StratAir or SNI in September 2025, October 2025, November 2025, December 2025, January 2026, or February 2026.

47. Plaintiff's counsel failed to take steps early in the discovery period to ascertain the potential new claim. Here, Plaintiffs waited until discovery was nearly closed in March 2026 before serving any written discovery requests and had to obtain multiple extensions of the discovery cut off to take their depositions. By waiting until *after* the amendment deadline to engage in discovery in this case, Plaintiffs "left to chance" that they could obtain relief from the scheduling order's amendment deadline. *See Sosa*, 133 F.3d at 1419.

**3. Plaintiffs lacked diligence in discovery.**

48. Plaintiffs filed this motion approximately seven (7) months after the deadline of February 26, 2026. Consistent with the Eleventh Circuit precedent from *Sosa*, other courts have denied motions to amend where they were filed much closer to the deadline. In *Mahomond v. Cruises*, No. 11-22964-CIV, 2012 WL 13390375, at *1 (S.D. Fla. Apr. 11, 2012), the Court denied the plaintiff's motion for leave when it was filed "nearly three months" after the deadline for amendments, holding "[s]uch a belated filing suggests, again, a lack of diligence on the part of Plaintiff." (quoting *Gonzalez v. Pirelli Tire*, LLC, 2008 WL 2074408, at *3 (M.D. Fla. May 15, 2008).

49. In *Donahay v. Palm Beach Tours & Transp., Inc.*, the Court denied a motion to amend filed four months after the deadline to amend had passed. 243 F.R.D. 697, 699 (S.D. Fla. 2007). Here, Plaintiffs argue amendment is necessary to address the "pleading technicality." Motion [ECF No. 45] at p. 13. However, "[s]imply failing to plead as much in a timely fashion does not constitute good cause." *Donahay*, 243 F.R.D. at 699.

50. Plaintiffs lacked diligence in both conducting discovery and seeking this post-deadline amendment. Plaintiffs, who delayed several more months than the plaintiffs who were denied leave to amend in *Sosa*, *Mahomond*, and *Donahay*, have failed to establish good cause.

**II. Plaintiffs' Motion for Leave is futile.**

51. Plaintiffs have failed to demonstrate the "compelling circumstances" requirement of the Court's previous order to obtain another extension of the pretrial deadlines. Plaintiffs failed to demonstrate the "good cause" required by Rule 16.

52. Even if Plaintiffs could demonstrate "compelling circumstances" and "good cause," their Motion for Leave must still be denied because it is futile. *See Sosa*, 133 F.3d at 1419 ("Because [plaintiff's] motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). "In other words, the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Donahay*, 243 F.R.D. at 699.

53. The proposed Second Amended Complaint is futile because the temporary workers StratAir engaged as independent contractors are not legal comparators to Plaintiffs, who were all employees. "To demonstrate a plaintiff and his alleged comparators were similarly situated requires proof that they were similarly situated **in all relevant aspects**, not just that they had the same job title and responsibilities.'" *Gaines v. Johnson*, 44 F. Supp. 3d 1169, 1179 (N.D. Ala. 2014) (quoting *Ashmore v. Sec'y, Dep't of Transp.,* 503 Fed.Appx. 683, 687 (11th Cir.2013) (emphasis added)). The *Gaines* court concluded that an independent contractor was not similarly situated in all relevant aspects and therefore "not a proper comparator." *Id.* at n. 13.

54. "An employer is well within its rights to accord different treatment to employees who are differently situated in 'material respects'—*e.g.*, who engaged in different conduct, who were subject to different policies, or who have different work histories." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1228 (11th Cir. 2019).

55. Plaintiff Grant testified several months ago regarding the differences between StratAir's permanent employees and temporary contractors who paid significantly less:

> Q. Okay. Did you ever hear any supervisors or managers talk about wanting to bring in more contractors?
> A. I heard it a couple times, but it never phased me to say it was honestly or not, because from what I understand, the contractor was getting paid less than us. That I know. They was getting way less than us. I think, if I'm not mistaken, it was like about $8 or $9 less, or even, it could have been even $10 less. So, eventually, yes, they would want to bring more contractors, because they didn't have to pay for a lot of other stuff, but --
> Q. Okay.
> A. -- a contractor had a little bit more turnover rate than us, as a regular full-time. Because once we –
> Q. Okay.
> A. -- passed probationary, we was more or less fixed in the job.

*See* Ex. 1 at 249:11-250:4. Plaintiff Grant elaborated: "contractors work different. Contractors can come and go quicker than us, who are permanent, so they could have been gone." *Id.* at 106:19-22. Plaintiff Grant's own testimony establishes that he is not similarly situated in all material aspects because he was a highly paid employee, while the temporary workers "work different," were getting paid "way less," and had a higher "turnover rate."

56. Additionally, the laws sued under by Plaintiffs (Age Discrimination in *Employment* Act, Florida Civil Rights Act, Title VII of the Civil Rights Act, etc.) provide statutory protections for *employees*, but not independent contractors. Thus, Plaintiffs' proposed Second Amended Complaint, which attempts to bring in new theories based on independent, temporary contractors, are futile.

**III. Granting Plaintiffs leave to file a Second Amended Complaint would prejudice StratAir and likely require a third continuance of trial.**

57. Even if Plaintiffs established compelling circumstances and good cause, and that the proposed amendment is not futile, it should still be denied because it is prejudicial to StratAir.

58. Plaintiffs' Motion argues that there is limited prejudice to StratAir as StratAir would have to produce discovery related to the new allegations and SNI would have to comply with the subpoena. Motion [ECF No. 45] at p. 13. Plaintiffs breeze over the practical impacts of allowing this requested amendment seven (7) months after the deadline.

59. The discovery deadline was already extended from May 15, 2026 June 17, 2026 when the case was consolidated with the *Garcia* matter. *See Garcia* [ECF No. 21]. That deadline was then extended per Plaintiff's request to August 3, 2026. *See Garcia* [ECF No. 30]. More recently, the discovery deadline was extended, again per Plaintiffs' request, to December 11, 2026. *See* Paperless Order on Plaintiffs' Motion for Extension of Pretrial Deadlines and Continuance of Trial [ECF No. 28].

60. Unlike Plaintiffs, who delayed from September 2025 to March 2026 before serving any written discovery requests, StratAir diligently conducted discovery in this matter. The Parties have already taken the depositions of ten (10) individuals, including Plaintiffs and other current or former employees of StratAir.

61. StratAir is already working on a Motion for Summary Judgment based on the specific claims field by Plaintiffs and the discovery obtained to date. If Plaintiffs' Motion for Leave is granted, it would inject a new, previously unpled theory into this case.

62. As recognized by Plaintiffs' Motion for Leave, the classification of workers as independent contractors or employees and the question of whether there is a "joint employer" situation between StratAir and SNI create fact intensive inquiries. *See* Motion [ECF No. 45] at pp.

14-16. Plaintiffs admit that reopening the pleadings to inject these new issues into the case will require further discovery. Motion [ECF No. 45] at p. 13 (noting reissuing subpoena will create "scheduling concerns"). This alone is a basis to reject amendment. *See Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) ("The Court is unpersuaded that the addition of new claims at this late juncture will not require additional discovery or unnecessarily postpone the progression of the case. Defendants admit as much in the motion, stating that they would not be opposed to any extension of the discovery deadline.").

63. StratAir would be prejudiced as it would not have sufficient time to reopen and retake each of the depositions in the case. Extending discovery (which has been extended multiple times due to Plaintiffs' lack of diligence) would then require a *third* continuance of trial.

64. StratAir is prepared to meet the current pretrial deadlines and advance towards trial without further delay. As Judge Williams noted to Plaintiffs previously: "district courts may 'hold litigants to the clear terms of the scheduling order.'" *Garcia* at [ECF No. 33] Paperless Order Denying Plaintiffs' Motion for Extension of Pretrial Deadlines [ECF No. 32] (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

**CONCLUSION**

65. Plaintiffs have failed to establish compelling circumstances bordering on an emergency to justify yet another extension of the pretrial deadlines because of their lack of diligence.

66. Plaintiffs' failure to promptly engage in discovery proves there is not "good cause" for this amendment, made seven (7) months after the deadline.

67. Plaintiffs' proposed Second Amended Complaint is futile and would expand discovery into new issues, likely require the reopening of many of the ten (10) depositions already taken, and therefore require yet another extension of the discovery cut-off and a third continuance.

68. Plaintiffs' untimely Motion for Leave should be denied.

WHEREFORE, Defendant StratAir Aviation Services, LLC respectfully requests that this Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint [ECF No. 45].

Dated: October 8, 2026

Respectfully submitted,

*Roger W. Feicht*
ROGER W. FEICHT
Florida Bar No. 84982
rfeicht@gunster.com; lhagan@gunster.com
NALANI ALESIA GORDON
Florida Bar No. 1010976
ngordon@gunster.com; lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
*Counsel for Defendant, StratAir Aviation Services, LLC*

ACTIVE:40578539.1