# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:25-CV-24505-MOORE/ELFENBEIN
(Consolidated with Case No. 1:25-cv-24471-Williams/Lett)

IVAN GRANT, ALEX LAFFITA ORTIZ, HENRY PINTO SUMOZA, EYONNY PRADO DURAN, LUIS RODRIGUEZ CERUTO, and LUIS SAME GONZALO,

Plaintiffs,

v.

STRATAIR AVIATION SERVICES, LLC,

Defendant.
_______________________________________________/

**DEFENDANT'S NOTICE OF OBJECTIONS TO PLAINTIFFS' SUBPOENA DIRECTED TO SNI COMPANIES CORP.**

Defendant, StratAir Aviation Services, LLC ("StratAir"), by and through its undersigned counsel, provides this notice of objections to the subpoena duces tecum issued by Plaintiffs to SNI Companies Corp. ("SNI") on June 10, 2026. StratAir has standing to move to quash the Subpoena under Fed. R. Civ. P. 45(d)(3)(B) as a person "affected by" the Subpoena.

Pursuant to Local Rule 7.1(a)(3) and in the interest of avoiding unnecessary motion practice, StratAir provides this request to confer with Plaintiffs regarding StratAir's objections before filing a motion to quash. StratAir requests that Plaintiffs withdraw the Subpoena. If Plaintiffs decline to do so, StratAir intends to file a motion to quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3).

The Subpoena Demands:

> "All personnel, assignment, performance, disciplinary, attendance, and separation records for all individuals supplied by SNI Companies Corp. (or any affiliated entity) to perform warehouse, cargo-handling, security, or similar work for StratAir Aviation Services, LLC at its Miami facility from January 1, 2023 through January 1, 2025, including documents sufficient to identify each individual's name, date of birth and/or age, race, national origin, job title, and dates of assignment."

Plaintiffs have filed claims pursuant to the Age Discrimination in *Employment* Act (ADEA). Plaintiffs are each former employees who claim that they were selected for a reduction in force in January 2024 instead of younger employees because of their age.[1] As detailed below, StratAir's use of a third-party staffing agency to provide temporary workers (who were not considered or selected for the layoff of employees in January 2024) is not raised anywhere in Plaintiffs' Complaints. The records sought by the Subpoena are not relevant or proportional given Plaintiffs' allegations. Accordingly, StratAir objects to the Subpoena on the following grounds:

**A. Relevance and Proportionality (Fed. R. Civ. P. 26(b)(1) and 45(d)(3)(A)(iv))**

The Subpoena seeks personnel records of non-employee workers supplied by SNI—a third-party staffing agency—to StratAir. Neither operative complaint in this consolidated action mentions independent contractors, temporary workers, staffing agencies, or any non-employee workers.

In *Grant, et al.*, Plaintiffs' claims are based exclusively on the allegation that StratAir "fired Plaintiffs and other older **employees** with more seniority, and retained younger **employees** with less seniority, to perform the same or similar jobs." *Grant, et al.*, Am. Compl. ¶ 51 (emphasis added); *see also id.* ¶ 86 (same). Plaintiffs specifically allege that "Defendant hired some new

[1] Plaintiff Garcia, who was under 40 years old at the time of his selection for the layoff, has not asserted an ADEA claim. As detailed below, his allegations also fail to implicate temporary workers hired by SNI.

**employees** in preparation for the 2023 winter holiday season, most of whom are believed to have been in their 20s or 30s," *id.* ¶ 45 (emphasis added), and that "Defendant retained its younger **employees** who had less seniority instead of retaining Plaintiffs," *id.* ¶ 50 (emphasis added). The *Cepero Garcia* complaint likewise contains no allegation involving staffing-agency workers—it is a disability discrimination and FMLA retaliation case based solely on Mr. Cepero Garcia's termination after requesting medical leave. *See Cepero Garcia*, Compl. ¶¶ 32-35. Whether temporary, staffing-agency, or contract workers were supplied to StratAir has no bearing on Plaintiffs' foundational allegation that other employees were retained and Plaintiffs were selected for the layoff for discriminatory reasons. The Subpoena therefore seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of this case under Rule 26(b)(1).

**B. Plaintiffs' Claims Do Not Support This Discovery**

StratAir has consistently maintained throughout this litigation that it did not directly hire or fire individuals as independent contractors. To the extent SNI supplied temporary workers to StratAir, the engagement or non-engagement of such workers is irrelevant to whether StratAir intentionally discriminated against Plaintiffs (who were all *employees*) in selecting them for the January 2024 layoff (instead of other similarly situated employees) based on age, race, national origin, or disability. Plaintiffs' theory of the case is explicit: they allege they were terminated and younger, less-senior *employees* were retained—not that they were replaced by staffing-agency workers. *See Grant, et al.*, Am. Compl. ¶¶ 50-51, 85-86. The operative complaints contain no allegation that (1) staffing-agency workers replaced Plaintiffs, (2) staffing-agency workers performed the same or similar jobs as Plaintiffs, or (3) staffing-agency workers were comparators for purposes of Plaintiffs' discrimination claims. Plaintiffs' attempt to obtain this information

through a subpoena to SNI—after StratAir objected to substantially identical discovery requests—confirms that this discovery is untethered to any pleaded legal theory.

**C. Overbreadth**

The Subpoena seeks "all" personnel, assignment, performance, disciplinary, attendance, and separation records for every individual supplied by SNI or any affiliated entity over a two-year period (January 1, 2023, through January 1, 2025). This sweeping request encompasses records for individuals in positions, time periods, and job functions that bear no relationship to the specific claims at issue—which concern only the January 2024 RIF and the selection of Plaintiffs for termination. The temporal scope extends well beyond the January 2024 RIF and the time period relevant to the events giving rise to this action. Plaintiffs' own allegations identify the relevant comparators as StratAir *employees*—specifically, "Warehouse Handlers and Cargo Handlers in their 20s and 30s" who "regularly received verbal counseling and discipline, as well as written reprimands/write-ups, from Defendant's supervisory personnel before January 2024." *Grant, et al.*, Am. Compl. ¶ 52. Staffing-agency workers are not alleged to be comparators. The breadth of categories of records sought—including disciplinary records, attendance records, and performance evaluations of non-party staffing-agency workers who are not alleged comparators—is an apparent fishing expedition. Plaintiffs cannot identify specific staffing-agency workers who are relevant to their claims of discriminatory selection because their legal theory and pending claims do not involve staffing-agency workers.

**D. Duplicative Discovery (Fed. R. Civ. P. 26(b)(2)(C))**

Plaintiffs have already propounded extensive discovery on StratAir—including Requests for Production 11, 13, 111, 112, 113, 129, 131, 137, 138, 139, 140, 141, 142, 143, 144, 145, and 146 of Plaintiffs' First Request for Production—seeking substantially identical categories of

information regarding staffing-agency workers, temporary workers, and independent contractors at StratAir's Miami facility. StratAir raised legitimate objections to those requests on the grounds that such information is irrelevant to Plaintiffs' claims and that StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control. Rule 26(b)(2)(C)(i) authorizes the Court to limit discovery that is "unreasonably cumulative or duplicative." The Subpoena to SNI is a transparent attempt to circumvent StratAir's well-founded objections and obtain through a non-party subpoena that which Plaintiffs are not entitled to obtain from StratAir directly. Plaintiffs should not be permitted to use Rule 45 to end-run the limitations of Rule 26(b)(1).

**CONFERRAL REQUEST**

For the foregoing reasons, StratAir requests that Plaintiffs withdraw the Subpoena in its entirety.

Please respond to this notice within seven (7) days of service. If Plaintiffs are unwilling to withdraw the Subpoena, StratAir intends to file a motion to quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3).

Dated: June 12, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2026, a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the Service List below.

*/s/ Nalani Alesia Gordon*

Nalani Alesia Gordon

**SERVICE LIST**

BRIAN H. POLLOCK, ESQ.
brian@fairlawattorney.com
P. BROOKS LAROU, ESQ.
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
*Counsel for Plaintiffs*

ACTIVE:39869119.1