UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

Defendant.
_______________________________/

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo (collectively, "Plaintiffs") file this Reply in support of their Motion for Leave to File Second Amended Complaint [ECF No. 45] (the "Motion") and in response to Defendant StratAir Aviation Services, LLC's ("StratAir") Response in Opposition [ECF No. 62] (the "Response"), and state:

## I. INTRODUCTION

StratAir's Response rests on a contradiction. At the parties' August 24, 2026 Discovery Hearing before Magistrate Judge Elfenbein, StratAir persuaded the Court that SNI workers fall outside the Amended Complaint and obtained an Order sustaining its objections without prejudice to Plaintiffs reraising the issue "[s]hould Plaintiffs amend the Complaint to include a theory of

liability implicating SNI." [ECF No. 40 at 4-6]. Plaintiffs did exactly that. StratAir now argues that the same theory was so obvious that Plaintiffs should have pleaded it months before StratAir ever objected. Neither position supports denying leave. Every event that made amendment necessary post-dates the amendment deadline, the amendment adds no party, claim, or damages theory, and trial is more than five months away.

## II. ARGUMENT

### A. <u>Plaintiffs Have Established Good Cause Under Rule 16(b)(4).</u>

1. <u>Rule 16(b)(4), not a "genuine emergency" standard, governs.</u>

StratAir's "compelling circumstances bordering on a genuine emergency" standard comes from Judge Williams' May 1, 2026 paperless order continuing trial in *Cepero Garcia*, a different case that has since been de-consolidated. [ECF No. 62 at 3-5, 11-12]. This Court's July 27, 2026 Order reset the schedule here without adopting that standard [ECF No. 28], and Plaintiffs do not ask to move trial or any other deadline. The test is good cause, which turns on whether the schedule could "be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted). Good cause exists where, "in spite of his diligence, [the p]laintiff did not have the information necessary to assert a viable [ ] claim until after the amendment deadline expired." *Virciglio v. Work Train Staffing LLC*, 674 F. App'x 879, 885 (11th Cir. 2016); *accord Trump v. Brit. Broad. Corp.*, No. 25-cv-25894, 2026 U.S. Dist. LEXIS 180378, at *2-3 (S.D. Fla. Aug. 8, 2026). StratAir's repeated emphasis on the seven months since the deadline [ECF No. 62 at 1, 3, 14, 18] therefore misses the point. The question is not how much time has passed, but whether the movant had the information needed to amend before the deadline and acted promptly once it did. *See Trump*, 2026 U.S. Dist. LEXIS 180378, at *4-5. Indeed, "[t]he

mere passage of time, without anything more, is an insufficient reason to deny leave to amend." *Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001) (quotation omitted).

2. <u>The facts underlying the amendment came from StratAir and SNI after the deadline.</u>

StratAir conflates Plaintiffs' awareness that contract workers existed with the facts on which the amendment rests: StratAir's control over SNI workers, the size of the SNI workforce, StratAir's conversion of SNI workers into direct hires, and StratAir's treatment of SNI workers in the same January 2024 layoff. [ECF No. 45-1 ¶¶ 37-57]. Those facts came from StratAir and SNI, all after the February 27, 2026 deadline: StratAir's July 1, 2026 admissions that "[s]taffing agency engagements were also reduced" during the layoff; SNI's July 9, 2026 disclosure of approximately 1,000 placed workers; and Ms. Barrera Munoz's July 30 and August 6, 2026 testimony. [ECF No. 45-6 at 3; ECF No. 34-6 at 10; ECF No. 45-4, Munoz Dep. 26:19-28:2, 51:18-52:21; ECF No. 45-5, Munoz Cont'd Dep. 46:22-49:5]. As late as June 12, 2026, StratAir represented that SNI workers "were not considered or selected for the layoff." [ECF No. 62-3 at 3]. Plaintiffs could not have pleaded facts that StratAir was still denying months after the deadline. *See Hayes Healthcare Servs., LLC v. Meacham*, 331 F.R.D. 441, 443 & n.1 (S.D. Fla. 2019) (good cause where amendment rested on information the defendant "did not disclose until well after the deadline for amended pleadings"); *Bryson v. Berges*, No. 14-62323-CIV, 2015 U.S. Dist. LEXIS 33517, at *3 (S.D. Fla. Mar. 18, 2015) (same, where information, "though known by Defendants throughout the case, was not available to Plaintiff before discovery").

StratAir's accusation that the Motion "falsely contends" that StratAir first objected to this discovery on May 1, 2026 [ECF No. 62 at 6-7] does not withstand scrutiny. StratAir never mentioned SNI or any staffing agency in the EEOC investigation, where it refused the EEOC's

requests for workforce data, or in its initial disclosures. [*See generally* ECF No. 45-7; *id.*, EEOC File at 152, 156-60]. StratAir first identified SNI by name in a May 1, 2026 interrogatory answer that also claimed StratAir had no information about SNI workers. [ECF No. 34-7 at 19]. Plaintiffs' April 23, 2026 filing is consistent with the Motion: it reports that StratAir's counsel first disclosed, in an April 16, 2026 conferral, that StratAir would not produce staffing-agency information. [*Cepero Garcia* ECF No. 26 at 5-6, 8]. To suggest an earlier date, StratAir quotes that filing and inserts the bracketed words "[regarding temporary contractors]," which do not appear in the original. *Compare* [ECF No. 62 at 6-7] *with* [*Cepero Garcia* ECF No. 26 at 7-8]. Every one of these dates post-dates the deadline. Nor does counsel's pre-suit request that the EEOC obtain data on every warehouse handler [ECF No. 62 at 13] show knowledge of SNI; StratAir refused the request and never mentioned SNI. [ECF No. 45-7, EEOC File at 49, 152, 156-60]. Undersigned counsel did not learn that StratAir drew workers from SNI until discovery after the deadline.

Plaintiffs themselves are hourly warehouse workers, not lawyers, and five of the six communicate with counsel only through an interpreter. [*See, e.g.*, ECF No. 62-2, Prado Dep. 37:5-6]. StratAir's excerpts of their post-deadline testimony show only that contract workers were present—Mr. Prado Duran, for example, "can't say for sure" the workers came through an agency. [ECF No. 62-2, Prado Dep. 37:12-14]. Plaintiffs had no way to know how StratAir controlled or treated those workers, and no reason to know the distinction would matter; StratAir's own assistant manager could not tell the two groups apart. [ECF No. 45-4, Munoz Dep. 27:11-14].

3. <u>Plaintiffs diligently pursued the issue and moved promptly after the Court ruled.</u>

StratAir contends Plaintiffs should have moved in April 2026. [ECF No. 62 at 4-5, 8-10]. But April was already after the deadline, and an opponent's relevance objection is not a ruling.

Plaintiffs disputed StratAir's position in writing on May 7 and July 14, 2026, maintaining that SNI workers were StratAir's joint employees and thus within the Amended Complaint's allegation that StratAir retained younger "employees" to perform Plaintiffs' work. [ECF No. 34-7 at 4-5, 34; ECF No. 12 ¶¶ 51, 86]. Plaintiffs pressed that position through a motion for discovery hearing mooted by de-consolidation, renewed it here, and obtained a ruling at the earliest available hearing. [ECF No. 45 at 4-6, 11-12]. When the Court sustained StratAir's objections without prejudice to renewal upon an amendment "implicating SNI," Plaintiffs promptly sought leave to amend the operative complaint. [ECF No. 40 at 4-6]. Seeking a ruling on a good-faith reading of the pleading, then promptly accepting the Court's invitation to amend, is diligence. *See Trump*, 2026 U.S. Dist. LEXIS 180378, at *5-6 (finding diligence, and rejecting a charge of "gamesmanship," where the court had "suggested that an amended complaint might change the scope of discovery").

4. <u>The timing of Plaintiffs' first discovery requests does not show a lack of diligence.</u>

StratAir also faults Plaintiffs for not serving discovery until March 18, 2026. [ECF No. 62 at 2, 4, 7, 12-14]. That ignores both the source of the facts at issue, which StratAir withheld, and the context. On December 30, 2025, StratAir served 240 discovery requests on the seven plaintiffs in this action and *Cepero Garcia*—85 interrogatories, 133 requests for production, and 22 requests for admission. Six of those seven plaintiffs—all but Mr. Grant—speak only Spanish, so 202 of the 240 requests had to be reviewed with them through an interpreter. Plaintiffs responded between February 4 and 12, 2026. During that same period, undersigned counsel's grandmother entered hospice care; counsel traveled repeatedly to Virginia to be with her until she passed away on

February 16, 2026, and attended her funeral in Virginia on March 12, 2026.[1] Plaintiffs served their requests six days later. [ECF No. 45 at 3]. StratAir then obtained two extensions of its own response deadline, to May 1, 2026. [*Cepero Garcia* ECF No. 26 at 4]. That is not the neglect in *Sosa*, where the plaintiff received interrogatory answers revealing the problem two weeks before the deadline, then "waited approximately six months" to act, and the supporting information "was available to [her] even before she filed suit." 133 F.3d at 1419.

5. <u>StratAir's remaining authorities are inapposite.</u>

In *Mahomond v. Royal Caribbean Cruises*, the plaintiff sought to add a new FLSA retaliation count after discovery closed and summary judgment was ripe, and her own testimony contradicted the claim. 2012 U.S. Dist. LEXIS 208865, at *1-6 (S.D. Fla. Apr. 11, 2012). In *Gonzalez v. Pirelli Tire, LLC*, the plaintiff, who had already received one extension of the amendment deadline, sought to add a punitive damages claim and a new defendant after discovery closed, without explaining the delay. No. 6:08-cv-315, 2008 U.S. Dist. LEXIS 39491, at *7-9 (M.D. Fla. May 15, 2008). And in *Donahay v. Palm Beach Tours & Transportation, Inc.*, defendants sought to add a counterclaim and defense about their own operations—facts they "should have known from the outset of the case." 243 F.R.D. 697, 699 (S.D. Fla. 2007). Here, no claim or party is added, the operative facts came from StratAir and SNI, discovery remains open through December 11, 2026, no dispositive motion has been filed, and trial is set for March 22, 2027. [ECF No. 28; ECF No. 62 at 17]. *Josendis v. Wall to Wall Residence Repairs, Inc.* holds only that a court does not abuse its discretion by enforcing its scheduling orders. 662 F.3d 1292, 1307 (11th Cir. 2011).

---

[1] *See* Obituary of Gloria Ann Brooks, Bennett Funeral Homes, https://www.bennettfuneralhomes.com/obituary/gloria-ann-brooks.

**B. Rule 15(a)'s Liberal Standard Favors Amendment, and the Amendment Is Not Futile.**

Once good cause is shown, Rule 15(a)'s liberal standard governs. Leave must be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because Rule 15(a) favors "liberally permitting amendments to facilitate determination of claims on the merits," "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989); *see also Bryant*, 252 F.3d at 1163 (discretion to deny leave is "severely restricted" (quotation omitted)). The Federal Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." *Foman*, 371 U.S. at 181-82 (quotation omitted). StratAir offers no substantial reason to deny leave—only its contention that the word "employees" in the Amended Complaint excludes workers StratAir supervised alongside Plaintiffs.

Amendment is futile only when the amended complaint "would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). StratAir does not argue that the proposed Second Amended Complaint fails to state a claim; it argues that SNI workers are not "similarly situated" comparators. [ECF No. 62 at 15-17]. But a complaint need not plead a *McDonnell Douglas* prima facie case, *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015), and "[d]etermining whether a plaintiff and comparator are 'similarly situated in all material respects' is a fact-intensive inquiry better suited to summary judgment." *Alvarez v. Lakeland Area Mass Transit Dist.*, 406 F. Supp. 3d 1348, 1354 (M.D. Fla. 2019) (citing *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019) (en banc)). Each comparator case StratAir cites was decided on summary judgment, and

*Lewis* itself holds that the analysis "will turn not on formal labels, but rather on substantive likenesses." 918 F.3d at 1228. *Gaines v. Johnson* was a pro se plaintiff's race-based wage discrimination claim under § 1981, decided on summary judgment. To show that he was paid less than similarly situated white workers, Gaines pointed to a private construction contractor who was paid "on a bid-per-job basis," and the court found "no evidence in the record regarding what [he] was paid." 44 F. Supp. 3d 1169, 1178 & n.13 (N.D. Ala. 2014). None of the cases cited by StratAir involved staffing-agency workers whom the defendant supervised and retained or released in the same layoff.

StratAir's "independent contractor" argument [ECF No. 62 at 15-16] attacks a theory no one has advanced. StratAir has insisted throughout discovery that it "does not employ individual independent contractors" and that any non-employee personnel at its Miami location "were employed by third-party staffing agencies." [ECF No. 45-6 at 3 (RFA Nos. 8, 10, 11)]. The amendment concerns those staffing-agency workers, whom StratAir jointly employed if the two entities "share or co-determine those matters governing the essential terms and conditions of employment"—as the proposed pleading alleges in detail. *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994) (quotation omitted); [ECF No. 45-1 ¶¶ 37-49]. That fact-intensive question cannot be resolved against Plaintiffs on the pleadings. *See Dupell v. Sch. Bd. of Broward Cnty.*, No. 20-60116-CIV, 2020 U.S. Dist. LEXIS 262796, at *5 (S.D. Fla. Nov. 2, 2020) (joint-employer determination "requires a factual inquiry that is best left until an adequate record is developed" (quotation omitted)); *Scott v. Sarasota Doctors Hosp., Inc.*, 688 F. App'x 878, 886 (11th Cir. 2017) (joint-employer status decided by jury). And StratAir's own excerpt of Mr. Grant's testimony confirms that contractors and direct employees worked "side by side" performing "the exact same job

duties." [ECF No. 62-1, Grant Dep. 250:4-10]. A difference in pay is not a difference in conduct, policies, or work history—the distinctions *Lewis* identifies as material—and at most presents a question for summary judgment.

**C. <u>StratAir Has Not Shown Undue Prejudice.</u>**

StratAir's prejudice argument reduces to additional discovery. [ECF No. 62 at 17-18]. But "[a]ny amendment to an original pleading necessarily involves some additional expense to the opposing party," *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1257 (11th Cir. 1998), and "additional time and expense—especially when discovery has yet to close and trial is several months away—doesn't constitute the kind of undue prejudice that would justify the denial of a motion to amend." *Trump*, 2026 U.S. Dist. LEXIS 180378, at *8. The additional discovery is limited and already defined. It consists of the SNI subpoena; RFP No. 13, which the Court denied without prejudice to renewal upon amendment; and the parts of Plaintiffs' existing interrogatories and requests for production about staffing-agency workers, to which StratAir objected on the ground that the Amended Complaint "does not mention" such workers. [ECF No. 40 at 4-6; ECF No. 34-5 at 4-14, 28, 36 (RFP Nos. 11, 13, 21-23, 25-28, 36, 38, 113, 137); ECF No. 34-2 at 5-6, 28-29, 33, 59, 69-70 (Grant Interrogatory No. 10; Pinto Interrogatory Nos. 7, 18; Same Interrogatory No. 17; Prado Interrogatory No. 17)]. StratAir has had those requests since March 18, 2026.

Nor would amendment require StratAir to "reopen and retake each of the depositions in the case." [ECF No. 62 at 18]. The SNI workers have already been explored on both sides of the deposition record. StratAir's counsel questioned Plaintiffs about staffing-agency workers at their depositions. [ECF No. 62-1, Grant Dep. 249:1-250:22; ECF No. 62-2, Prado Dep. 37:9-25].

Plaintiffs, in turn, examined StratAir's own witnesses about the SNI workers—including its general manager, Jorge Corral, whom StratAir identifies as having made the final termination decisions; its human resources assistant, Wilson Dorado; and its then-assistant manager, Ms. Barrera Munoz—and StratAir's counsel attended each of those depositions and was free to examine them as well. [ECF No. 45-6 at 19; ECF No. 45-4, Munoz Dep. 14:17-23, 19:11-19; ECF No. 45-5]. StratAir does not identify a single deposition that would need to be retaken. And because the SNI workers performed StratAir's work under StratAir's supervision, the relevant facts have always been within StratAir's own knowledge. Any burden flows from StratAir's own successful objection; it is not "undue."

## III. CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiffs' Motion [ECF No. 45], Plaintiffs respectfully request that the Court grant the Motion, deem the Second Amended Complaint attached to the Motion as Exhibit A filed as of the date of the Court's Order or direct Plaintiffs to file it within three days, permit Plaintiffs to reraise the SNI subpoena and RFP No. 13 as contemplated by the Court's September 7, 2026 Order, and grant any further relief the Court deems just and proper.

Respectfully submitted this 15th day of October 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*