UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:25-cv-24505-KMM/MFE

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,

v.
STRATAIR AVIATION SERVICES, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO AMENDED NOTICE OF DEPOSITION**

Defendant, StratAir Aviation Services, LLC ("StratAir"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby moves for a protective order regarding the proposed Rule 30(b)(6) deposition of StratAir and serves its objections to the topics proposed by Plaintiffs. In support, StratAir states:

## BACKGROUND AND SUMMARY OF ARGUMENT

1. Plaintiffs seek the deposition of StratAir's designated corporate representative pursuant to Rule 30(b)(6). StratAir has no issue with preparing a corporate representative to testify on behalf of the Company on appropriate topics with reasonable notice.

2. However, Plaintiffs are attempting to force a deposition on short notice regarding (1) topics that the Court has previously ruled are not relevant to the operative Amended Complaint and (2) topics that are otherwise unduly burdensome and inconsistent with the procedure and applicable authority governing Rule 30(b)(6).

3. On October 20, 2026, Plaintiffs served a list of sixty-nine (69) proposed topics. StratAir raised the issue in the Joint Discovery Status Report, and the issue was discussed at length during the Discovery Status Conference held on October 28, 2026. *See* [ECF No. 65] at p. 3. The Court noted how Plaintiffs would be unable to complete any meaningful discussion on such numerous topics, especially given the limitation of a seven-hour deposition. The Court directed the Parties to confer to attempt to agree to a revised list of topics. *See* [ECF No. 66].

4. Even though the Court's Order Setting Discovery Procedures prohibits discovery motions and states that relevance objections to corporate representative depositions will typically be heard after the deposition, *see* [ECF No. 8], the Court specifically noted that StratAir had the option to file a Motion for Protective Order if the issue could not be resolved after conferral.

5. After conferral, Plaintiffs eventually sent revised topics through an Amended Notice of Deposition, which is attached as **Exhibit "1."** Plaintiffs served these new topics on November 9, 2026 for a deposition scheduled for November 13, 2026. This belated Amended Notice of Deposition was contrary to the agreement among counsel that the topics would be either finalized by agreement by November 6, 2026, or the deposition would be rescheduled to allow StratAir to designate and prepare its designated representative(s) on the non-objectionable topics.

6. Regardless of the impractical scheduling, multiple topics seek discovery regarding an issue that the Court has expressly sustained StratAir's objections because it was not raised in Plaintiffs' operative Amended Complaint. Other multi-part topics attempt to require StratAir to prepare a witness to testify with encyclopedic authority on complex issues or documents, which is contrary to applicable law on corporate representative depositions.

7. Accordingly, StratAir is serving these objections and respectfully requesting a protective order to limit the deposition to appropriate topics on a mutually agreeable date and time.

8. StratAir will work with Plaintiffs' counsel to contact the Court about scheduling a hearing as instructed in the Paperless Order. [ECF No. 66].

**APPLICABLE LAW**

9. Rule 26(c) provides:

> (1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

10. The Eleventh Circuit has held that a "deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority" because "a Rule 30(b)(6) deposition is not a memory test." *Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1322 (11th Cir. 2022) (quoting *Dapron v. Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. 2019)); *see also Roberto v. Addison Place Apartments Prop. Owner LLC*, No. 0:23-CV-61579, 2024 WL 5215239, at *5-6 (S.D. Fla. Nov. 6, 2024) (holding corporate designee was not unprepared merely because he did not have the names of the company's "hundreds" of policies memorized, because "a Rule 30(b)(6) deposition is not a memory test") (quoting *Fuentes*, 32 F.4th at 1322).

11. A motion for protective order pursuant to Rule 26(c) is the appropriate method to challenge the burden associated with proposed Rule 30(b)(6) topics. *See Trump Media & Tech.*

*Group Corp. v. WP Co. LLC*, No. 8:23-CV-01535-TPB-AAS, 2026 WL 1980595 (M.D. Fla. Mar. 5, 2026) (granting protective order limiting the scope of 13 of 39 topics for a corporate designee's deposition because requiring the designee to prepare on them was "overly burdensome and in violation of the proportionality restraints of Federal Rule of Civil Procedure 26").

## ARGUMENT

### I. Plaintiffs' Proposed Topics Seek Discovery on Issues that the Court has Already Ruled Are Outside Scope of Discovery.

12. Plaintiffs are each former employees of StratAir bringing employment discrimination claims pursuant to various statutes: Age Discrimination in Employment Act, 42 U.S.C. § 1981, Title VII of the Civil Rights Act, the Florida Civil Rights Act, the Americans with Disabilities Act, and the Family and Medical Leave Act. *See* Am. Compl. [ECF No. 12].

13. Plaintiffs' theory is that they were discriminated against and selected for a layoff in January 2024 (which impacted 28 employees total) instead of other younger employees due to an alleged discriminatory animus. *See* Am. Compl. [ECF No. 12] at ¶47 ("Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones."); ¶¶ 44 and 75 ("Defendant discriminated against Plaintiffs by failing to treat them the same or similar to its younger employees because of each Plaintiff's age.") (emphasis added).

14. Plaintiffs never alleged that they were selected for the layoff instead of younger independent contractors. Independent contractors are not employees and not entitled to protection under the various statutes cited in Plaintiffs' Amended Complaint.

15. Plaintiffs previously sought similar discovery through a subpoena to third-party SNI Companies Corp ("SNI"). StratAir promptly objected: "Whether temporary, staffing-agency, or contract workers were supplied to StratAir has no bearing on Plaintiffs' foundational allegation that other employees were retained and Plaintiffs were selected for the layoff for discriminatory

reasons. The Subpoena therefore seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of this case under Rule 26(b)(1)." *See* Defendant's Notice of Objections to Plaintiffs' Subpoena Directed to SNI Companies Corp. [ECF No. 62-3]. StratAir raised similar objections to Plaintiffs' requests for production seeking documents relating to SNI. *See* Order After Discovery Hearing [ECF No. 40] at ¶10 (discussing RFP No. 13).

16. SNI raised similar objections and Plaintiffs brought an oral Motion to Compel during the hearing held on August 24, 206. *See* Plaintiffs' Oral Motion to Compel Responses to SNI Third Party Subpoena [ECF No. 39]; Order After Discovery Hearing [ECF No. 40].

17. The Court ruled: "Defendant's objection is **SUSTAINED**, and the motion is **DENIED without prejudice**. If Defendant later amends the Complaint raising an issue of joint liability implicating SNI, it may raise the issue at such time." *See* Order After Discovery Hearing [ECF No. 40] at ¶10 (emphasis in original).

18. The Court consistently denied Plaintiffs' Motion to Compel compliance with the SNI subpoena:

> For the reasons stated on the record, Plaintiffs' Motion to Compel SNI Subpoena Compliance, **ECF No. [39],** is **DENIED without prejudice** and Defendant and SNI's respective objections are **SUSTAINED.** Should Plaintiffs amend the Complaint to include a theory of liability implicating SNI, Plaintiffs may reraise the issue.

*See* Order After Discovery Hearing [ECF No. 40] at pp. 5-6 (emphasis in original).

19. Importantly, Magistrate Judge Fulgueira Elfenbein did not receive briefing or hear argument regarding whether such amendment to the Complaint would be timely or appropriate given the preexisting case management deadlines established by District Court Judge Moore.

20. Plaintiffs have a pending Motion for Leave to File a Second Amended Complaint. [ECF No. 45]. As detailed in StratAir's Response in Opposition, that motion should be denied as untimely, futile, and prejudicial. [ECF No. 62].

21. Plaintiffs have known since April 23, 2026 that StratAir objects to discovery related to independent contractors hired through SNI. *See* [ECF No. 62] at p. 10 (timeline showing Plaintiffs' delay in seeking such discovery despite knowledge of StratAir's objection based on the claims asserted in the operative Amended Complaint).

22. Plaintiffs have tried, and failed, to get the Court to allow discovery related to independent contractors hired through SNI. *See* Order After Discovery Hearing [ECF No. 40].

23. Plaintiffs cannot obtain this irrelevant discovery through a Rule 30(b)(6) deposition where the Court has already sustained the relevance objections of StratAir to such discovery. Such discovery has no probative value to the pending employment claims within the operative Amended Complaint and is therefore not proportional. *See* Fed. R. Civ. P. 26(b)(1).

24. Therefore, StratAir objects to proposed Topics #10, 11, 15, 22 which expressly seek testimony regarding "SNI" and Topics #1, 7, 9-12, 14-15, 19, and 22, which refer to "Workers" which is defined to include non-employees "supplied by SNI Companies Corp." (Ex. 1 at pp. 4-8). Pursuant to Federal Rule 26(c), StratAir requests a protective order prohibiting inquiry into Topics # 1, 7, 9-12, 14-15, 19, and 22 given Plaintiffs' own limited theory of liability within their operative pleading. *See* Am. Compl. [ECF No. 12]; Defendant's Notice of Objections to Plaintiffs' Subpoena Directed to SNI Companies Corp. [ECF No. 62-3].

## II. Plaintiffs' Proposed Topics Are Unduly Burdensome and Not Proportional to the Needs of the Case Given Other Discovery.

25. While the Amended Notice of Deposition appears to substantially narrow the sixty-nine (69) topics from the original Notice of Deposition down to twenty-two (22) topics, a close examination reveals that several topics were combined to give the illusion of reducing the overall count more significantly. Many of the topics remain objectionable.

**Proposed Topic #2**

26. StratAir objects to Topic #2, which is "For each Plaintiff: his dates of employment, positions held, and immediate and second-level supervisors, his final rate of pay and benefits at separation; and each performance evaluation, warning, counsel, or other discipline issue to him, including the factual basis for each disciplinary action."

27. StratAir objects to this proposed topic as it is more appropriate for other methods of discovery. Indeed, Plaintiffs have already served a Request for Production seeking Plaintiffs' personnel files and performance evaluations, which are the best evidence of this proposed topic. Moreover, StratAir has produced Plaintiffs' complete personnel files, Plaintiffs' payroll check histories, disciplinary files for Plaintiffs, and leave of absence reports. Plaintiffs themselves know this information (from their own records and records produced by StratAir) and do not need a corporate representative to memorize it and regurgitate it at a deposition.

28. It would be unduly burdensome for StratAir to have to prepare a corporate representative to memorize the details of those previously produced documents regarding each of the six (6) Plaintiffs, which have already been produced to Plaintiffs with sufficient time to depose other fact witnesses with knowledge. *See Trump Media & Tech. Group Corp. v. WP Co. LLC*, No. 8:23-CV-01535-TPB-AAS, 2026 WL 1980595 (M.D. Fla. Mar. 5, 2026) (granting protective order limiting the scope of 13 of 39 topics for a corporate designee's deposition where it would require "a substantial expenditure of time" and the topics "would uncover no new information" because defendant had already produced the information in emails and documents and plaintiff already had the opportunity to depose other fact witnesses with knowledge).Notwithstanding and without waiving the foregoing objections, StratAir is prepared to designate a corporate representative to

testify regarding the job positions and essential job duties at the time of separation for each of the Plaintiffs.

**<u>Proposed Topic #5</u>**

29. StratAir objects to Topic #5, which is "Whether, and when, each person involved in any employment decision affecting Ivan Grant knew that he is Black and from the U.S. Virgin Islands; whether StratAir knew he was the only Black employee, or the only employee from the U.S. Virgin Islands, in his position or on his shift; and any comments by StratAir supervisors, managers, or employees about his race, color, or national origin known to StratAir, and StratAir's response." (Ex. 1 at p. 5).

30. StratAir objects to this proposed Topic #5 as unduly burdensome. Over a year ago, StratAir filed its Answer and Affirmative Defenses that denied any allegations about comments or other discriminatory acts based upon Mr. Grant's race, color, or national origin. [ECF No. 15]. Months ago, StratAir served interrogatory answers that provided the names of individuals who were involved in the decision-making for the January 2024 reduction in force that impacted Plaintiff Ivan Grant.

31. Plaintiffs' counsel has had months of opportunity to depose or seek the depositions of those individuals to inquire about their respective personal knowledge regarding Mr. Grant's race and national origin or related alleged comments. This proposed topic is an attempt by Plaintiffs to force StratAir to contact former employees and compile their personal knowledge to avoid their obligation to depose individuals previously identified as potentially having relevant personal knowledge. *See Trump Media & Tech. Group Corp. v. WP Co. LLC*, No. 8:23-CV-01535-TPB-AAS, 2026 WL 1980595 (M.D. Fla. Mar. 5, 2026) (granting protective order limiting the scope of 13 of 39 topics for a corporate designee's deposition where it would require "a substantial

expenditure of time" and the topics "would uncover no new information" because defendant had already produced the information in emails and documents and plaintiff already had the opportunity to depose other fact witnesses with knowledge).

32. Notwithstanding and without waiving the foregoing objections, StratAir is willing to provide a designated witness regarding the related proposed topic #35 from the original Notice of Deposition, which sought testimony regarding "Whether Ivan Grant's race or national origin was mentioned or considered in connection with his August 2023 leave request, his November 2023 termination and reinstatement, or his selection for the January 2024 RIF."

**Proposed Topic #8**

33. StratAir objects to Topic #8, which is "The creation, meaning, and use of the following documents, including who prepared them and when, the meaning of their headings, categories, and markings (including "OLDER STRATAIR," "Strat," "SNI," "Nuevos," "Novatos," "Transfer," and the red highlighting), any drafts or native files, and who received or relied on them: (a) Jose M. Alverio's December 28, 2023 email titled "LIST FOR POSSIBLE TERMINATION" (SAS-0002); (b) Armando Portales Viera's December 28, 2023 reply (SAS-0001); (c) Gisela Barrera Munoz's December 30, 2023 email titled "ROSTER CON POSIBLES BAJAS POR DEP" and its attachment, "ROSTER WH DICIEMBRE 13.xlsx" (SAS-0003 et seq.); and (d) Jorge Corral's May 17, 2024 forwarding of those emails to Dora Costa."

34. StratAir objects to this proposed topic as it is more appropriate for other methods of discovery. Indeed, Plaintiffs have already been served with copies of the requested documents by StratAir. It would be unduly burdensome for StratAir to have to prepare a corporate representative to memorize the details of those previously produced documents, which have already been produced to Plaintiffs with sufficient time to depose other fact witnesses with

knowledge. *See Trump Media & Tech. Group Corp. v. WP Co. LLC*, No. 8:23-CV-01535-TPB-AAS, 2026 WL 1980595 (M.D. Fla. Mar. 5, 2026) (granting protective order limiting the scope of 13 of 39 topics for a corporate designee's deposition where it would require "a substantial expenditure of time" and the topics "would uncover no new information" because defendant had already produced the information in emails and documents and plaintiff already had the opportunity to depose other fact witnesses with knowledge). Indeed, Plaintiffs have already deposed, or have mentioned a future intent to depose, each of Jose Alverio, Gisela Barrera Munoz, and Jorge Corral.

**Proposed Topic #9**

35. StratAir objects to a portion of Topic #9, which upon review, combines Topics #15 and #16 from the original Notice of Deposition.

36. StratAir does not object to the first half of Topic #9 (formerly Topic #15) seeking testimony regarding "All facts supporting StratAir's contention that any Plaintiff's job performance was "unsatisfactory" or deficient, including the specific tasks or metrics at issue, who measured or observed the alleged deficiencies, when those assessments were made, how they were documented, whether each Plaintiff was informed of any deficiencies before termination, and whether any performance-related documentation was created before the termination decisions were made." (Ex. 1 at p. 6.)

37. However, StratAir objects to the second half of Topic #9 (formerly Topic #16) seeking testimony regarding: "The performance, productivity, and attendance standards actually used to evaluate warehouse and cargo-handling Workers during 2023 and January 2024, including container-unloading time standards; the daily rosters, attendance sheets, and handwritten or electronic notes on which supervisors recorded Workers' unloading times, productivity, tardiness,

or absences; where those records were maintained; and whether they were retained, discarded, or destroyed."

38. This proposed topic seeks information better served through other discovery methods as it would be unduly burdensome for StratAir's designated corporate representative to memorize with encyclopedic authority the various policies, standards, rosters, attendance sheets, notes, and other records requested. A "deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority" because "a Rule 30(b)(6) deposition is not a memory test." Fuentes, 32 F.4th at 1322 (quoting *Dapron v. Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. 2019)); *see also Roberto v. Addison Place Apartments Prop. Owner LLC*, No. 0:23-CV-61579, 2024 WL 5215239, at *5-6 (S.D. Fla. Nov. 6, 2024) (holding corporate designee was not unprepared merely because he did not have the names of the company's "hundreds" of policies memorized, because "a Rule 30(b)(6) deposition is not a memory test") (quoting *Fuentes*, 32 F.4th at 1322).

**Proposed Topic #10**

39. StratAir objects to Topic #10, which requests detailed information on dozens of employees and independent contractors: "For each warehouse or cargo-handling Worker at StratAir's Miami location as of December 1, 2023 (whether employed directly by StartAir or supplied by SNI or another staffing agency), and each individual named in SAS-0001 and SAS-002: age or date of birth, race, national origin, hire date, position, discipline issued from January 2023 through January 2024, whether he or she requested FMLA leave or a disability-related accommodation from July 2023 through January 2024, and whether he or she was selected for, retained after, transferred, or converted in connection with the January 2024 RIF." (Ex. 1 p. 6.)

40. This multi-faceted topic is essentially eight topics lumped into one, which would be unduly burdensome if limited to a single employee, let alone the dozens of employees and independent contractors implicated by the expansive and improper definition of "Workers" at a specific date and a separate list of employees previously produced.

41. Separate from the definition of "Worker" discussed in Section I above, StratAir objects to this proposed topic as it is more appropriate for other methods of discovery. Indeed, StratAir has already provided much of the requested information regarding employees through answers to interrogatories and/or documents produced in response to Plaintiffs' Request for Production. StratAir produced the personnel files of all 258 employees in the decisional unit, including voluntary EEO-1 data, to the extent such data existed. StratAir also produced employee rosters and reports and 2024 hiring records reflecting the ethnicity and/or EEO information for employees to the extent available.

42. It would be impossible for any individual even with *weeks* of preparation to memorize the dates of birth of dozens of individuals, let alone the "age or date of birth, race, national origin, hire date, position, discipline issued from January 2023 through January 2024, whether he or she requested FMLA leave or a disability-related accommodation from July 2023 through January 2024, and whether he or she was selected for, retained after, transferred, or converted in connection with the January 2024 RIF." A "deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority" because "a Rule 30(b)(6) deposition is not a memory test." *Fuentes*, 32 F.4th at 1322 (quoting *Dapron v. Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. 2019)

43. Moreover, it would be unduly burdensome for StratAir to have to prepare a corporate representative to memorize the details of those previously produced interrogatory

answers, which have already been produced to Plaintiffs with sufficient time to depose other fact witnesses with knowledge. *See Trump Media & Tech. Group Corp. v. WP Co. LLC*, No. 8:23-CV-01535-TPB-AAS, 2026 WL 1980595 (M.D. Fla. Mar. 5, 2026) (granting protective order limiting the scope of 13 of 39 topics for a corporate designee's deposition where it would require "a substantial expenditure of time" and the topics "would uncover no new information" because defendant had already produced the information in emails and documents and plaintiff already had the opportunity to depose other fact witnesses with knowledge).

**Proposed Topic #12**

44. StratAir objects to Topic #12, which requested information on "*other*" layoffs beyond the January 2024 reduction in force at issue in the case: "Whether StratAir conducted any other reduction in force or post-peak-season headcount reduction at StratAir's Miami location in or around January 2023 or January 2025), and if so, the business reason, the number of Workers separated, the selection criteria used.

45. StratAir objects to this proposed topic as not relevant to the claims and defenses. Plaintiffs' Amended Complaint is solely focused on the January 2024 reduction in force. *See* Amended Complaint [ECF No. 12]. Plaintiffs were not impacted by any other reductions in force, which have no probative value. Given the lack of probative value, it would be unduly burdensome and not proportional to the needs of this case for StratAir to prepare its corporate representative to testify regarding other reductions in force that are not relevant to Plaintiffs' claims.

**Proposed Topic #13**

46. StratAir objects to Proposed Topic #13, which seeks testimony on: "The alleged statements by supervisors Armando Portales Viera and Jose Alverio (a/k/a "Bori") reflecting age-based bias or a preference for younger workers, and StratAir's knowledge of, investigation of, and

response to those statements; and the reasons for Portales Viera's and Alverio's separation from StratAir, including any investigation (including by an outside investigator) connected with those separations." (Ex. 1 at p. 6.)

47. This topic, is really two topics lumped into one: (a) alleged statements by Armando Portales Viera and Jose Alverio and (b) the separation of Armando Portales Viera and Jose Alverio. StratAir objects to the first portion because Plaintiffs have known, since the filing of StratAir's Answer and Affirmative Defenses in 2025, that StratAir denies that such alleged statements were made by either Armando Portales Viera or Jose Alverio. Moreover, Plaintiffs have indicated they intend to depose each of these former employees but have failed to act diligently in noticing those depositions since discovery opened in 2025. *See Trump Media & Tech. Group Corp. v. WP Co. LLC*, No. 8:23-CV-01535-TPB-AAS, 2026 WL 1980595 (M.D. Fla. Mar. 5, 2026) (granting protective order in part because plaintiff already had the opportunity to depose other fact witnesses with knowledge).

48. StratAir objects to the second portion because the reasons for the separation of Armando Portales Viera and Jose Alverio are not at issue in the case. This is an improper "fishing expedition" by Plaintiffs through a Rule 30(b)(6) deposition. If Plaintiffs really thought such information was relevant to the claims (which it is not), then Plaintiffs should seek the testimony of Armando Portales Viera and Jose Alverio through subpoena. However, the separation of employees who were not impacted by the January 2024 reduction in force is not relevant to the claims and is not proportional given the needs of the case.

**Proposed Topic #14**

49. Proposed Topic #14 is another fishing expedition about claims *other than Plaintiffs*: "Complaints (internal or external) including EEOC or FCHR charges and lawsuits) of age, race,

national origin, disability discrimination, or FMLA interference or retaliation made by or on behalf of Workers at StratAir's Miami location from January 1, 2022 through December 31, 2024, StratAir's investigations of each, and the outcome.

50. StartAir objects because this proposed topic seeks information about complaints beyond the complaints of Plaintiffs, which are necessarily not relevant to Plaintiffs' claims relating to alleged discrimination relating to the January 2024 RIF. The potential complaints of non-parties from 2022 to 2024 are not relevant to the claims and defenses in this case, which relate to the separations of Plaintiffs. Given the lack of probative value, this topic is a proverbial "fishing expedition" and not proportional to the needs of the case. In addition, StratAir has already produced documents in response to Plaintiffs' Request for Production, including the complaint records from July 1, 2023 through July 11, 2024. It is improper for Plaintiffs to try to expand the scope of that request for production through a Rule 30(b)(6) deposition and it is practically impossible for a designated representative to memorize the intricate details requested regarding the documents previously produced.

51. Plaintiffs' Amended Notice of Deposition includes an instruction stating that StratAir's corporate representative may refer to documents previously produced in discovery only if the corporate representative can identify the documents by specific "Bates number" and "provided the designee is prepared to explain how the documents were created and maintained, whether they are complete and accurate, and the substance of the topic itself." (Ex 1 at p. 4, ¶ F). That is outrageously burdensome.

**Proposed Topic #15**

52. StratAir objects to Proposed Topic #15, which seeks a legal opinion and nuanced information for the approximately 156 weeks within 2022, 2023, and 2024: "Whether StratAir was

a covered employer under the FMLA during 2022, 2023, and 2024, and whether Luis Rodriguez Ceruto was an eligible employee when he requested time off, including the number of employees StratAir employed in each calendar workweek of those years and within 75 miles of its Miami worksite; whether and how StratAir counted Workers supplied by SNI or any other staffing agency; and the Hours Rodriguez Certuro worked in the twelve months preceding each of his requests."

53. In addition to the expansive definition of "Workers" and the improper reference to SNI detailed in Section I above, StratAir objects to this proposed topic because whether StratAir "was a covered employer under the FMLA during 2022, 2023, and 2024" and whether "Luis Rodriguez Ceruto was an eligible employee when he requested time off" are legal questions. StratAir should not be required to prepare a corporate representative to testify as an expert witness regarding the applicability of the Fair Labor Standards Act.

54. StratAir independently objects to this proposed topic as unduly burdensome since it asks for the memorization of "the number of employees StratAir employed in each calendar workweek" during three years. This request for a corporate representative to testify with encyclopedic authority regarding approximately 156 weeks of data is not an appropriate use of Rule 30(b)(6). *See Fuentes*, 32 F.4th at 1322.

**<u>Proposed Topic #18</u>**

55. StratAir objects to Topic #18, which requests memorization of various communications: "The existence, substance, dates, participants, and custodians of all communications — oral and written, including emails, text messages, and messages on WhatsApp or any other messaging platform — among StratAir management, supervisors, and/or HR

personnel regarding any Plaintiff's medical condition, leave requests, job performance, or termination from September 2023 through February 2024." (Ex. 1 at p. 7.)

56. This proposed topic is overbroad and seeks information better served through other discovery methods as it would be unduly burdensome for StratAir's designated corporate representative to memorize with encyclopedic authority the intricate details "of all communications- oral and written" "among StratAir management, supervisors, and/or HR personnel regarding any Plaintiff's medical condition, leave requests, job performance, or termination from September 2023 through February 2024.

57. A "deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority" because "a Rule 30(b)(6) deposition is not a memory test." *Fuentes*, 32 F.4th at 1322 (quoting *Dapron v. Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. 2019)); *see also Roberto*, 2024 WL 5215239, at *5-6 (holding corporate designee was not unprepared merely because he did not have the names of the company's "hundreds" of policies memorized, because "a Rule 30(b)(6) deposition is not a memory test") (quoting *Fuentes*, 32 F.4th at 1322).

58. Plaintiffs have had more than sufficient opportunity to request these communications since discovery opened in 2025 and then depose the individuals involved in any communications they believe are relevant to their claims. This topic is an improper attempt by Plaintiffs to force StratAir to bear the burden of deposing individual witnesses regarding their respective communications.

**<u>Proposed Topic #19</u>**

59. StratAir objects to the multi-faceted Topic #19, which sought testimony regarding: "Each reason StratAir has stated for each Plaintiff's separation of each Plaintiff in its EEOC or FCHR position statements, responses to reemployment assistance claims, separation notices, and

communications Plaintiffs; the persons who supplied the facts for those statements; and the data underlying any statistics, workforce analysis, or decisional unit StratAir presented to the EEOC, including which Workers were included in or excluded."

60. This proposed topic is overbroad and seeks information better served through other discovery methods as it would be unduly burdensome for StratAir's designated corporate representative to memorize with encyclopedic authority the intricate details regarding a variety of documents, many of which Plaintiffs already have in their possession.

61. A "deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority" because "a Rule 30(b)(6) deposition is not a memory test." *Fuentes*, 32 F.4th at 1322 (quoting *Dapron v. Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. 2019)); *see also Roberto*, 2024 WL 5215239, at *5-6 (holding corporate designee was not unprepared merely because he did not have the names of the company's "hundreds" of policies memorized, because "a Rule 30(b)(6) deposition is not a memory test") (quoting *Fuentes*, 32 F.4th at 1322).

62. While StratAir's communications in other forums such as reemployment assistances have no probative value in this lawsuit, Plaintiffs' own pleadings reference they already have StratAir's submissions to EEOC relating to Plaintiffs. *See* Plaintiffs' Motion for Leave to File Second Amended Complaint [ECF No. 45]. Plaintiffs already served Requests for Production for separation notices and other communications with Plaintiffs. Morever, StratAir already served answers to interrogatories detailing those involved in selecting Plaintiffs from the decisional unit at issue. *See, e.g.,* StratAir's Answers to First Set of Interrogatories served by Plaintiff Luis Rodriguez Ceruto, #2: ("State the specific reason(s) why Plaintiff was selected for termination, state all facts supporting each reason, identify who identified or raised each reason, state whether performance or attendance issues were cited as reasons and if so identify all specific incidents with

dates, and identify all documents evidencing each reason."). Plaintiffs have had months of opportunity to depose the individuals involved in those documents and it would be unduly burdensome for StratAir's representative to memorize these documents.

**Proposed Topic #20**

63. StratAir objects to Topic #20 which is a "Frankenstein's monster" requesting testimony regarding the "factual basis" for twelve (12) unique affirmative defenses raised by StratAir back in 2025. (Ex. 1 at pp. 7-8.)

64. StratAir's affirmative defenses were already subject to other forms of discovery, including interrogatories and deposition questioning already. Moreover, StratAir already searched for and produced documents supporting its affirmative defenses in response to Plaintiffs' First Request for Production, as specified in its response to Request Nos. 106 through 111 and 127.

65. If this was the only topic to address during the deposition, StratAir would have no objection to its representative being prepared to address subparts (b), (c), (d), (e), (f) (Topics #54-58 in original Notice). However, it would be unduly burdensome for StratAir's corporate representative to memorize all facts supporting twelve (12) unique defenses as this topic alone could result in seven hours of questioning and testimony.

66. Moreover, subpart (g) (requesting testimony regarding how each Plaintiff failed to mitigate his damages or any offset applies) would impermissibly require StratAir's designated corporate representative to memorize with encyclopedic authority the computation of any claimed offset or set-off for each of six (6) different Plaintiffs.

**Proposed Topic #21**

67. Proposed Topic #21 is a paragraph long and includes at least seven (7) subparts, requesting testimony regarding: "StratAir's retention policies for personnel, leave, human

resources communications, and payroll records; when any litigation hold was issued in connection with Plaintiffs' EEOC charges or this lawsuit, to whom, and what it covered; whether the documents and electronically stored information of Jorge Corral, Gisela Barrera Munoz, Armando Portales Viera, Jose M. Alverio, Javier Rodriguez, Dora Costa, Cynthia Segovia, and Wilson Dorado, (including company-issued mobile devices, text and WhatsApp messages, email, and native spreadsheet files) were preserved or were deleted, lost, or overwritten, including in connection with any device replacement, employee separation, or the August 2025 Prime Flight transaction; the current custody of StratAir's personnel, payroll, timekeeping, and email records following that transaction; and the custodians and data sources searched in responding to Plaintiffs' Request for Production." (Ex. 1 at p. 8.)

68. StratAir objects to this proposed topic because it is not relevant to the claims or defenses in this action. Plaintiffs have not alleged in their operative pleading, the Amended Complaint [ECF No. 12], or any other filing that StratAir has not taken reasonable efforts in its searches for potentially responsive documents. Indeed, StratAir has produced over 14,000 pages of documents in this litigation to date.

69. Given the lack of probative value and the unreasonable number of proposed topics for this deposition, this request is not proportional to the needs of this case. *See Trump Media & Tech. Group Corp. v. WP Co. LLC*, No. 8:23-CV-01535-TPB-AAS, 2026 WL 1980595 (M.D. Fla. Mar. 5, 2026) (granting protective order limiting the scope of 13 of 39 topics for a corporate designee's deposition because requiring the designee to prepare on them was "overly burdensome and in violation of the proportionality restraints of Federal Rule of Civil Procedure 26").

70. StratAir independently objects to this proposed topic because it would be unduly burdensome for StratAir's designated corporate representative to memorize with encyclopedic

authority the document retention policies and record-keeping practices for personnel files, leave records, HR communications, and payroll data; any litigation hold implemented in connection with this lawsuit or the EEOC charges filed by any Plaintiff, including when any such hold was put in place, what categories of documents were preserved, and the identity of all document custodians and searches for all of the discovery for this matter (which included over 500 written discovery requests served by Plaintiffs).

## III. Plaintiffs' Notice for November 13, 2026 Is Contrary to the Agreement of Counsel.

71. Per the Court's instruction, StratAir's counsel contacted Plaintiffs' counsel on October 29, 2026 and then followed up on November 2, 2026 to schedule a conferral call to discuss Plaintiffs' previous Rule 30(b)(6) deposition notice that included sixty-nine (69) topics. Plaintiffs' counsel eventually responded and a conferral call was scheduled for November 4, 2026.

72. During that telephone call, StratAir's counsel explained how it would be practically impossible to prepare a representative on the originally scheduled date of November 13, 2026 *unless* the topics were first finalized by agreement by Friday, November 6, 2026 at the latest. Plaintiffs' counsel acknowledged this inherent challenge and agreed to this process. In response to Plaintiffs' request and in a good faith attempt to resolve the issue, StratAir specifically identified topics that were objectionable and provided legal authority supporting its position on November 5, 2026. However, Plaintiffs' counsel did not provide its position on November 6, 2026.

73. Instead, on November 9, 2026 at 4:07pm, Plaintiffs' counsel sent, for the first time, a revised list of topics. (Ex. 1.) Contrary to the agreement reached on November 4, 2026 about needing to provide StratAir with sufficient time *after* the scope of topics was finalized, Plaintiffs' counsel stated: "I still plan to go forward with the deposition this Friday."

74. StratAir's counsel explained how there were only three (3) business days between receipt of the revised topics on Monday afternoon and the previously scheduled start on Friday

morning, making it impossible for StratAir to review and prepare a designated representative on such short notice *even if* the twenty-two (22) new topics were narrow and appropriate (which they are not).

75. While the date of November 13, 2026 was previously held for this deposition, Plaintiffs' counsel should not be permitted to force a deposition after belatedly sending an Amended Notice on November 9, 2026, which resulted in a "moving target" of revised and combined proposed topics for StratAir to analyze at the proverbial eleventh hour. StratAir promptly notified Plaintiffs on November 10, 2026 that many of the topics (which appear to have been recycled from the original Notice) remained objectionable such that court intervention was required.

76. Plaintiffs' counsel stated he plans to proceed with the deposition despite the previous agreement and despite the fact the Court instructed the parties to notify the Court if hearing time was needed to resolve this exact issue. *See* [ECF No. 66]. Accordingly, StratAir respectfully requests a protective order requiring that the deposition be scheduled for a mutually agreeable date and time.

WHEREFORE, StratAir respectfully requests the Court sustain its above objections, grant this Motion for Protective Order and order that the deposition be limited to the other topics and scheduled for a mutually agreeable date and time.

## **<u>LOCAL RULE 7.1 CERTIFICATE</u>**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that undersigned counsel conferred in good faith with counsel for Plaintiffs on a telephone call on November 4, 2026 and multiple email correspondence, but Plaintiffs' counsel indicated he intended to proceed with the deposition.

Respectfully submitted,

Dated: November 11, 2026

**Roger W. Feicht**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com and lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com and lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
*Counsel for Defendant,*
*StratAir Aviation Services, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**Roger W. Feicht**
Roger W. Feicht (Florida Bar No. 84982)

ACTIVE:40806950.1