UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

Defendant.
_________________________________/

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT**

Defendant, STRATAIR AVIATION SERVICES, LLC. ("StratAir"), by and through undersigned counsel and pursuant to the Court's September 7, 2026 Order, hereby supplements its responses to Plaintiffs' First Requests for Production. StratAir is producing responsive documents contemporaneously with these supplemental responses and identifies such documents by Bates number where available.

**RESPONSES TO INDIVIDUAL REQUESTS**

**REQUESTS FOR PRODUCTION**

1) All documents relating to StratAir's decision to conduct a layoff or reduction in force in or about January 2024, including but not limited to: meeting agendas, meeting minutes, notes, memoranda, emails, text messages, presentations, proposals, and decision-making documents.

**ANSWER: StratAir has produced responsive documents including emails and decision-making documents. *See* SAS-0001 through SAS-0009. Flight schedules are included**

**in the workforce-planning MOP workbooks that StratAir is producing. StratAir conducted additional searches and is producing responsive documents located concerning communications with SNI. StratAir's investigation determined that communications regarding increasing or reductions in headcount were primarily conducted via telephone rather than email. StratAir will produce additional responsive communications, if any exist.**

2) All documents supporting Defendant's contention that a "business need" required elimination of Plaintiffs' positions or a reduction in workforce.

**ANSWER: StratAir is producing responsive documents, including Confidential MOP workbook spreadsheets which include work schedules for periods both before and after the January 2024 reduction in force. The work schedules reflect the planned staffing levels at the time. StratAir conducted additional collection efforts and identified responsive business-planning and operational documents, including workforce-planning workbooks, staffing information, labor planning materials, and financial records, which it will produce. In addition, see documents described above in response to Request No. 1.**

3) All of StratAir's financial statements, profit and loss statements, revenue reports, income statements, balance sheets, budgets, forecasts, projections, and operational reports from January 1, 2023, through March 31, 2024.

**ANSWER: StratAir is producing responsive financial records, including financial statements, profit and loss information, balance sheets, trial balances, and related financial materials within the scope of the Court's Order [DE 40].**

4) All documents reflecting communications between Defendant and Amazon.com or any other client concerning staffing levels, workload, cargo volume, flight schedules, contract modifications, or service requirements at the Miami warehouse location from October 1, 2023, through March 31, 2024.

**ANSWER: StratAir conducted additional searches for communications regarding staffing levels, workload, cargo volume, flight schedules, and related operational matters and is producing responsive documents identified through those searches, including workforce-planning workbook documents, including flight schedules and planned headcount levels, contracts and work orders with Amazon, and other responsive communications.**

5) All documents identifying StratAir's employees selected for termination between January 1, 2023, and February 1, 2024, including termination lists, layoff lists, and separation notices.

**ANSWER: StratAir has produced documents identifying StratAir's employees selected for the January 2024 reduction in force, including a termination report. *See* SAS-0010 through SAS-0012. StratAir conducted additional searches and determined that no separation notices were maintained.**

6) All documents reflecting the criteria, factors, or considerations used to select employees for termination in StratAir's January 2024 layoff or reduction in force.

**ANSWER: StratAir has produced email correspondence and selection/decision-making documents related to the January 2024 reduction in force, including SAS-0001 through SAS-0012.**

7) All spreadsheets, matrices, scoring sheets, rankings, comparison documents, or evaluation tools used in selecting or comparing StratAir's employees for retention or termination in the January 2024 layoff or reduction in force.

**ANSWER: See response to No. 6 above. To the extent this request seeks further documents, StratAir did not maintain such documents and is not required to create documents to satisfy a document request.**

8) All documents reflecting the ages, hire dates, job titles, positions, departments, shifts, race, national origin, and length of service of all employees terminated between January 1, 2023, and February 1, 2024.

**ANSWER: StratAir has produced its Terminated Employees report that includes the terminated employees' name, employee number, birth date, employment status, termination date, and termination reason. *See* SAS-0010 through SAS-0012. StratAir is producing responsive EEO documents. Defendant does not track employee national origin in the ordinary course of business.**

9) All documents reflecting the ages, hire dates, job titles, positions, departments, shifts, race, national origin, and length of service of all employees or independent contractors of StratAir retained in warehouse, cargo handling, cargo loading, or security positions following the January 2024 layoff.

**ANSWER: StratAir has produced documents reflecting the job assignments and shifts of employees prior to the January 2024 reduction in force. To the extent this request seeks further documents, StratAir did not maintain such documents and is not required to create documents to satisfy a document request. StratAir does not track the national origins of its employees. StratAir does not engage individual independent contractors.**

10) All organizational charts for StratAir's Miami warehouse location from January 1, 2023, through March 31, 2024.

**ANSWER: None.**

11) All documents reflecting StratAir's hiring, recruiting, onboarding, or engagement of workers (whether as employees, independent contractors, or through staffing agencies) at the Miami warehouse location in 2023 and 2024 to perform warehouse operations, cargo handling, cargo loading, package sorting, forklift operations, ramp services, security services, or any other work involving the receipt, unloading, sorting, loading, or distribution of freight or cargo, including but not limited to: job requisitions, position authorizations, job postings, employment advertisements, recruiting materials, applications, offer letters, onboarding documents, background checks, I-9 forms, W-4 forms, staffing agency agreements, contractor agreements, start dates, and orientation materials.

ANSWER: **StratAir has produced onboarding and personnel files related to Plaintiffs. StratAir is producing onboarding documents contained within the personnel files of employees in response to other requests. Defendant objects to this Request to the extent it seeks documents regarding independent contractors, temporary workers, or staffing agency workers. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers, and Plaintiffs' claims are based on the allegation that Defendant terminated Plaintiffs and retained younger employees with less seniority to perform the same or similar jobs. *See* Amended Complaint, Paragraphs 51, 86. Whether contractors, temporary workers, or staffing agency workers were engaged after Plaintiffs' terminations has no bearing on Plaintiffs' claims or any related defenses. The broad time period of "2023 and 2024" is overly broad in that it encompasses time periods that are not relevant to the January 2024 RIF at issue. The Amended Complaint does not raise allegations regarding the "hiring, recruiting, onboarding, or engagement of workers" so the request seeks information that is not relevant to any claim or defense in this action. In addition, StratAir objects to the request for confidential information of non-party employees.**

12) All of StratAir's job postings, employment advertisements, or recruiting materials for warehouse, cargo, or security positions from January 1, 2023, through the present.

ANSWER: **This Request is duplicative of Request 11. Request 11 already seeks all hiring, recruiting, and onboarding documents, StratAir incorporates its response to Request 11, as if fully set forth herein. StratAir objects to the temporal scope of this Request as overbroad and disproportionate to the needs of the case to the extent it seeks documents "through the present," more than two years after the events at issue and a year prior to the January 2024 RIF. The Amended Complaint does not raise allegations regarding "job, employment advertisements, or recruitment materials" postings, employment advertisements, or recruiting materials for warehouse, cargo, or security positions."**

13) All documents reflecting StratAir's use of temporary workers, independent contractors, staffing agencies, leased employees, contract workers, or any other non-employee workers to perform warehouse, cargo handling, cargo loading, security, or any other work at the Miami location from January 1, 2023, through the present, including: (a) contracts or agreements with staffing agencies or individual contractors; (b) work orders or job assignments; (c) invoices or payment records; (d) the names, ages, and dates of birth of all such workers; (e) the dates of their engagement and termination; (f) their job duties and work locations; (g) the positions or departments they worked in; and (h) the employees, if any, they replaced.

**ANSWER: StratAir has produced documents reflecting temporary or staffing agency workers who performed work at StratAir from the time period prior to the January 2024 reduction in force including work assignments. *See* SAS-0005 through SAS-0008. StratAir does not employ individual independent contractors; any independent contractors, temporary workers, or staffing agency workers performing work at the Miami location were employed by third-party staffing agencies, not StratAir. StratAir does not engage individual independent contractors. To the extent this Request seeks further documents, StratAir objects as seeking information that is not relevant to any party's claim or defense and not proportional to the needs of this case. Plaintiffs' claims are based on the allegation that Defendant terminated Plaintiffs and retained younger employees with less seniority to perform the same or similar jobs. *See* Amended Complaint, Paragraphs 51, 86. Whether contractors, temporary workers, or staffing agency workers were engaged has no bearing on Plaintiffs' claims or any related defenses.**

14) The complete personnel file for each of the Plaintiffs, including but not limited to: employment applications, offer letters, onboarding documents, tax forms, benefit elections, performance evaluations, disciplinary records, attendance records, time records, pay records, and all other documents maintained in each Plaintiff's personnel file.

**ANSWER: StratAir has produced the complete personnel files for each Plaintiff.**

15) All performance evaluations, reviews, or assessments of each of the Plaintiffs from the date of hire through termination.

**ANSWER: StratAir has produced the complete personnel files for each Plaintiff. Daily supervisor tracking sheets for employee performance/time were discarded on a daily basis. This request is duplicative of the subcategory specified in Request 14 above.**

16) All disciplinary records, warnings, counseling documents, corrective action plans, or write- ups for each of the Plaintiffs from their date of hire through termination.

**ANSWER: See response to No. 14 above. This request is duplicative of the subcategories specified in Request 14 above.**

17) All attendance records, time-off requests, leave requests, and absence records for each of the Plaintiffs from January 1, 2023, through termination.

**ANSWER: StratAir conducted collection efforts concerning attendance-related records and is producing responsive records identified through those efforts, including**

**attendance-related employment records, leave requests, time-off requests, and absence records for the Plaintiffs, to the extent responsive documents exist.**

18) All documents reflecting each of the Plaintiffs' compensation, including wages, hourly rates, salary adjustments, bonuses, overtime pay, and benefits from the date of hire through termination.

**ANSWER: StratAir is producing compensation and payroll records for each Plaintiff, including pay history information and related records.**

19) All documents relating to the decision to terminate each of the Plaintiffs' employment, including termination recommendations, approvals, and notifications.

**ANSWER: StratAir has produced responsive documents relating to the decision to terminate each of the Plaintiffs' employment. *See* SAS-0001 through SAS-0012.**

20) The complete personnel files of all StratAir employees terminated during the January 2024 layoff or reduction in force.

**ANSWER: StratAir is producing personnel files of employees terminated during the January 2024 reduction in force.**

21) The complete personnel files of all StratAir employees retained in the same or similar positions as each of the Plaintiffs following the January 2024 layoff or reduction in force, and all documents reflecting the engagement, qualifications, work history, and performance of any independent contractors, temporary workers, or staffing agency workers retained to perform the same or similar work.

**ANSWER: StratAir conducted additional collection efforts directed toward retained employees in the positions identified by the Court. StratAir is producing responsive personnel files for retained employees in the positions of warehouse handler, cargo handler, cargo loader, and security guard who had disciplinary histories following the January 2024 reduction in force.**

**Defendant objects to this Request to the extent it seeks documents regarding independent contractors, temporary workers, or staffing agency workers. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers, and Plaintiffs' claims are based on the allegation that Defendant terminated Plaintiffs and retained younger employees with less seniority to perform the same or similar jobs. *See* Amended Complaint, Paragraphs 51, 86. Whether contractors, temporary workers, or staffing agency workers were retained has no bearing on Plaintiffs' claims or any related defenses. Notwithstanding the foregoing, StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control. StratAir does not engage independent contractors.**

22) All performance evaluations of StratAir's employees and independent contractors under the age of 40 who were retained in warehouse, cargo handling, cargo loading, package sorting, forklift operations, ramp services, or security positions at StratAir's Miami location following the January 2024 layoff or reduction in force.

**ANSWER: StratAir conducted additional collection efforts and is producing personnel files for retained employees under the age of 40 who were retained as warehouse handlers, cargo handlers, cargo loaders, or security guards who had a disciplinary history.**

**Defendant further objects to this Request to the extent it seeks documents regarding independent contractors, temporary workers, or staffing agency workers. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers, and Plaintiffs' claims are based on the allegation that Defendant terminated Plaintiffs and retained younger employees with less seniority to perform the same or similar jobs. See Amended Complaint, Paragraphs 51, 86. Whether contractors, temporary workers, or staffing agency workers were engaged has no bearing on Plaintiffs' claims or any related defenses. Notwithstanding the foregoing, StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control. StratAir does not engage independent contractors.**

23) All disciplinary records, warnings, or write-ups for StratAir's employees and independent contractors under age 40 who were retained in warehouse, cargo handling, cargo loading, package sorting, forklift operations, ramp services, or security positions from January 1, 2023, through February 29, 2024.

**ANSWER: StratAir is producing responsive documents for retained employees in the positions of warehouse handler, cargo handler, cargo loader, and security guard who had disciplinary histories following the January 2024 reduction in force pursuant to the Court's Order and consistent with the limitations imposed for RFP No. 21.**

**Defendant objects to this Request to the extent it seeks documents regarding independent contractors. Plaintiffs' Amended Complaint does not mention independent contractors, and Plaintiffs' claims are based on the allegation that Defendant terminated Plaintiffs and retained younger employees with less seniority to perform the same or similar jobs. See Amended Complaint, Paragraphs 51, 86. Whether contractors, temporary workers, or staffing agency workers were engaged has no bearing on Plaintiffs' claims or any related defenses. Notwithstanding the foregoing, StratAir does not engage individuals as independent contractors.**

24) All disciplinary records, warnings, or write-ups for non-Black employees and independent contractors who were retained in Mr. Grant's department or position following the January 2024 layoff or reduction in force.

**ANSWER: Pursuant to the Court's Order and consistent with the limitations imposed for RFP No. 21, StratAir is producing responsive records identified through its collection and review efforts.**

25) All attendance records for StratAir's employees and independent contractors under age 40 who were retained in warehouse, cargo, or security positions from January 1, 2023, through February 29, 2024.

**ANSWER: StratAir conducted collection efforts concerning attendance and time-off records and is producing responsive attendance and time-off documents identified through those efforts. To the extent this request seeks documents relating to independent contractors, StratAir did not engage individuals as independent contractors. Therefore, no responsive documents exist.**

26) All performance evaluations, performance reviews, performance assessments, or performance ratings for all of StratAir's employees and independent contractors age 40 or over who worked at its Miami location in warehouse, cargo handling, cargo loading, package sorting, forklift operations, ramp services, or security positions from January 1, 2023, through February 29, 2024, whether terminated or retained.

**ANSWER: StratAir is producing responsive performance evaluations identified for employees over age 40 in the positions and time period specified by the Court's Order at DE 40, to the extent any documents exist. Plaintiffs' Amended Complaint does not mention independent contractors, and Plaintiffs' claims are based on the allegation that Defendant terminated Plaintiffs and retained younger employees with less seniority to perform the same or similar jobs. *See* Amended Complaint, Paragraphs 51, 86. Whether contractors, temporary workers, or staffing agency workers were engaged has no bearing on Plaintiffs' claims or any related defenses. Notwithstanding the foregoing, StratAir does not engage individuals as independent contractors.**

27) All disciplinary records, warnings, counseling documents, corrective action plans, write- ups, or reprimands for all of StratAir's employees and independent contractors age 40 or over who worked at its Miami location in warehouse, cargo handling, cargo loading, package sorting, forklift operations, ramp services, or security positions from January 1, 2023, through February 29, 2024, whether terminated or retained.

**ANSWER: StratAir is producing responsive disciplinary records for employees age 40 or older within the scope and time limitations set forth in the Court's Order at DE 40. Plaintiffs' Amended Complaint does not mention independent contractors, and Plaintiffs' claims are based on the allegation that Defendant terminated Plaintiffs and retained younger employees with less seniority to perform the same or similar jobs. *See* Amended Complaint, Paragraphs 51, 86. Whether contractors, temporary workers, or staffing agency workers were engaged or retained has no bearing on Plaintiffs' claims or any related defenses. Notwithstanding the foregoing, StratAir does not engage individuals as independent contractors.**

28) All attendance records, tardiness records, or absenteeism documentation for all of StratAir's employees and independent contractors age 40 or over who worked at its Miami location in warehouse, cargo handling, cargo loading, package sorting, forklift operations, ramp services, or security positions from January 1, 2023, through February 29, 2024, whether terminated or retained.

**ANSWER: StratAir conducted additional collection efforts concerning attendance, time-off, and payroll-related records for employees age 40 and older in the positions identified by the Court. StratAir identified responsive records through UKG, payroll records, and related employment records and is producing those responsive materials.**

**Defendant objects to this Request to the extent it seeks documents regarding independent contractors. Plaintiffs' Amended Complaint does not mention independent contractors, and Plaintiffs' claims are based on the allegation that Defendant terminated Plaintiffs and retained younger employees with less seniority to perform the same or similar jobs. *See* Amended Complaint, Paragraphs 51, 86. Whether contractors were terminated or retained has no bearing on Plaintiffs' claims or any related defenses. StratAir does not engage individuals as independent contractors.**

29) All documents reflecting supervisor observations, manager assessments, or informal performance notes regarding any of StratAir's employees or independent contractors age 40 or over in warehouse, cargo, or security positions from January 1, 2023, through February 29, 2024, including emails, text messages, WhatsApp messages, notes, or memoranda discussing employee performance.

**ANSWER: StratAir conducted additional searches of electronic communications, personnel records, and disciplinary records for materials reflecting supervisor observations, performance assessments, disciplinary issues, and related employment concerns regarding employees within the relevant population as defined in the Court's Order at DE 40. StratAir is producing responsive documents identified through those efforts, including personnel records, disciplinary records, and responsive electronically stored information. To the extent the request seeks employees' personal text messages or WhatsApp messages, StratAir does not have possession, custody, or control of such documents. StratAir does not engage individuals as independent contractors.**

30) All documents reflecting performance rankings, performance comparisons, or relative performance assessments of StratAir's employees and independent contractors in the decisional unit for the January 2024 layoff or reduction in force, including any rankings, scores, or classifications of employees and independent contractors as "strong performers," "satisfactory," "unsatisfactory," "lower performing," or similar categories.

**ANSWER: StratAir has produced documents reflecting relative performance assessments of StratAir's employees considered for the January 2024 reduction in force. *See* SAS-0001 through SAS-0008. StratAir does not engage individuals as independent contractors.**

31) All documents reflecting the performance evaluation criteria, performance standards, or performance metrics used to assess employees in warehouse, cargo, or security positions from 2022 through 2024, including any written standards, productivity goals, efficiency requirements, or quality benchmarks.

**ANSWER: StratAir has produced responsive documents. *See* SAS-0001 through SAS-0012. StratAir has also produced its 2024 Employee Handbook and the complete personnel files for each Plaintiff.**

32) All documents identifying which of StratAir's employees or independent contractors age 40 or over in the decisional unit Defendant contends were "strong performers," "satisfactory performers," or "unsatisfactory performers" as of January 13, 2024, including the factual basis for each categorization.

**ANSWER: StratAir has produced documents reflecting StratAir's decision-making for the January 2024 reduction in force. *See* SAS-0001 through SAS-0012.**

33) All documents reflecting the race, national origin, ethnicity, age, and date of birth of all employees and independent contractors performing warehouse operations, cargo handling, cargo loading, package sorting, forklift operations, ramp services, security services, or any other work involving the receipt, unloading, sorting, loading, or distribution of freight or cargo at the Miami location as of: (a) January 1, 2023; (b) July 1, 2023; (c) October 1, 2023; (d) December 15, 2023 (pre-layoff); (e) January 13, 2024; (f) January 31, 2024; (g) March 1, 2024; (h) June 1, 2024; (i) September 1, 2024; (j) January 1, 2025; (k) June 1, 2025; (l) January 1, 2026; and (m) the date of Defendant's response to these Requests for Production.

**ANSWER: StratAir has produced employee roster documents that identify the work assignment and schedules of employees, and the full employee rosters for various dates. *See* SAS-0001 through SAS-0008; CONFIDENTIAL SAS-466, CONFIDENTIAL SAS-467, CONFIDENTIAL SAS-468, CONFIDENTIAL SAS-469. StratAir has produced the Terminated Employee reports which include the date of birth for all employees terminated in the January 2024 reduction in force. *See* SAS-0010 through SAS-0012. In addition, StratAir collected and reviewed employee roster snapshots and workforce data maintained electronically through UKG. StratAir is producing responsive employee roster and workforce records consistent with the limitations identified in the Court's Order at DE 40. StratAir does not have access to files containing the personal or demographic information for employees assigned by a staffing agency to work for StratAir. StratAir does not engage individuals as independent contractors.**

34) All communications (including emails, text messages, WhatsApp messages, Slack messages, instant messages, or other electronic communications) in StratAir's possession, custody, or control referencing any of the Plaintiffs by name from November 1, 2023, through February 29, 2024.

**ANSWER: StratAir has produced communications (including emails) related to Plaintiff's selection for the January 2024 reduction in force. *See* SAS-0001 through SAS-0012. StratAir conducted targeted searches for communications referencing Plaintiffs by**

**name across the custodians identified during the parties' Court-ordered meet-and-confer process. StratAir is producing responsive communications identified through those searches.**

35) All communications between or among persons who participated in the decision to conduct StratAir's January 2024 layoff or reduction in force, or who participated in selecting employees for termination, from July 1, 2023 through February 29, 2024, concerning: (a) the decision to conduct a layoff; (b) the business justification for the layoff; (c) the timing of the layoff; (d) the number of positions to be eliminated; (e) the financial or operational reasons for the layoff; or (f) workforce planning, headcount reductions, or staffing levels.

**ANSWER: StratAir has produced documents relating to its selection of workers to separate in the January 2024 reduction in force. *See* SAS-0001 through SAS-0012. StratAir conducted targeted searches for communications concerning the January 2024 reduction in force, including communications regarding employee selection, headcount reductions, workforce planning, and related decision-making. StratAir is producing responsive communications identified through those searches.**

36) All communications between or among persons who participated in selecting employees for termination in the January 2024 layoff or reduction in force, from July 1, 2023 through February 29, 2024, concerning: (a) the criteria or factors to be used in selecting employees; (b) the process or methodology for selecting employees; (c) performance evaluations or assessments of employees; (d) comparisons between or among employees; (e) age, years of service, or seniority of employees; (f) the identification of specific employees to be terminated or retained; or (g) hiring of temporary workers, independent contractors, or younger employees.

**ANSWER: Following the Court-ordered conferral conferences with opposing counsel, Defendant conducted additional collection efforts concerning communications relating to employee selection decisions, reduction-in-force criteria, employee comparisons, performance assessments, and related decision-making. Those efforts included targeted searches of electronically stored information, collection of responsive communications from relevant custodians, review of personnel records, review of disciplinary records, and collection of records maintained in physical and electronic repositories. Defendant is producing responsive documents identified through those efforts, including responsive communications, personnel records, disciplinary materials, workforce-planning documents, and electronically stored information.**

37) All communications referencing any of the Plaintiffs by name from September 1, 2023, through February 29, 2024, between or among any supervisor, manager, decision-maker, or human resources personnel of StratAir.

**ANSWER: StratAir has produced documents reflecting the decision-making process for the January 2024 reduction in force, including references to Plaintiff. *See* SAS-0001 through SAS-0012. Following additional collection efforts and the parties' post-hearing conferences, Defendant conducted additional collection efforts concerning communications referencing Plaintiffs by name and communications among supervisors, managers, decision-makers, and human resources personnel during the relevant time period. Those efforts included targeted searches of electronically stored information, collection of responsive**

**communications from relevant custodians, and review of records collected through Defendant's electronic and physical repositories. Defendant is producing responsive communications identified through those efforts, including electronically stored information and related responsive records.**

38) All communications between or among any supervisor, manager, decision-maker, or human resources personnel of StratAir from July 1, 2023, through February 29, 2024, that reference, discuss, or mention: (a) age of employees and independent contractors; (b) “older employees,” “old people,” “new blood,” “younger workers,” or similar language; (c) race, national origin, or ethnicity of employees; (d) replacing employees with independent contractors or temporary workers; (e) cost savings from terminating higher-paid employees; (f) bringing in workers from staffing agencies; or (g) hiring for the 2023 holiday season.

**ANSWER: Following the parties' meet-and-confer efforts as required by the Court following the discovery hearing, Defendant conducted additional searches of electronically stored information for emails and Teams communications referencing age, older employees, younger workers, race, national origin, Virgin Islands, Puerto Rico, Black employees, "new blood," "old people," discrimination, and complaints. Defendant's searches were conducted across the agreed custodians and repositories and resulted in the identification of responsive communications and related records. Defendant is producing responsive documents identified through those efforts.**

39) All communications between StratAir and any consultant, human resources advisor, staffing agency, or other third party regarding StratAir’s January 2024 layoff, workforce reductions, hiring of temporary or contract workers, or use of staffing agencies from July 1, 2023, through March 31, 2024, including communications concerning legal risks, discrimination issues, selection methodology, or demographic impact.

**ANSWER: StratAir previously produced responsive documents at SAS-0001 through SAS-0012. Following the Court-ordered conferral calls, StratAir conducted additional collection efforts concerning communications between StratAir and any consultant, human resources advisor, staffing agency, or other third party, including SNI, regarding the January 2024 reduction in force, workforce reductions, hiring of temporary workers, use of staffing agencies, selection methodology, demographic impact, and related topics. Those efforts included targeted searches of electronically stored information, collection of responsive communications, and review of additional responsive materials identified through post-hearing collection efforts. StratAir is producing responsive documents identified through those efforts.**

40) All communications referencing any of the Plaintiffs’ age from their date of hire through February 29, 2024.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional searches for communications responsive to this request, including targeted searches of emails and Teams communications maintained by the agreed custodians for communications referencing age, older employees, younger workers, "new blood," "old people," discrimination, race, national origin, Virgin Islands, Puerto Rico, Black employees,**

**and related search terms. StratAir's searches identified additional materials for review, and StratAir is producing responsive documents identified through those collection efforts.**

41) All communications in StratAir's possession, custody, or control referencing "older employees," "old people," "new blood," "young employees," "younger workers," "age," or similar language from January 1, 2023, through February 29, 2024.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional searches of emails and Teams communications maintained by the agreed custodians using search terms directed to age-related topics, including "older employees," "old people," "new blood," and "younger workers." StratAir is producing any responsive, nonprivileged documents identified through those additional collection efforts. StratAir has also previously produced decision-making documents relating to the January 2024 reduction in force.**

42) All communications in StratAir's possession, custody, or control referencing Mr. Grant's race, color, or national origin from the date of hire through February 29, 2024.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional searches of electronically stored information for communications responsive to this request, including targeted searches of emails and Teams communications maintained by the relevant custodians. StratAir is reviewing the results of those searches and is producing responsive documents identified through those efforts.**

43) All communications in StratAir's possession, custody, or control referencing Black employees, employees from the Virgin Islands, employees from Puerto Rico, or non-Hispanic employees from January 1, 2023, through February 29, 2024.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional searches of electronically stored information for communications responsive to this request, including targeted searches of emails and Teams communications maintained by the agreed custodians using search terms relating to Black employees, the Virgin Islands, Puerto Rico, race, national origin, and related topics. StratAir is reviewing the results of those searches and is producing responsive documents identified through those additional collection efforts.**

44) All communications between Plaintiffs' supervisors including, but not limited to, Armando Portales Viera, Jose (also known as "Bori"), Jorge, Gisela Barrera, Wilson Dorado, Michael, Javier, Lidier, or any other supervisor regarding any of the Plaintiffs from October 1, 2023, through February 29, 2024.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional searches for communications responsive to this request, including targeted searches of emails and Teams communications concerning Plaintiffs and communications among supervisors, managers, decision-makers, and human resources personnel during the relevant time period. Those searches were conducted across the custodians identified by the parties during the post-hearing discovery process. StratAir is**

**producing responsive, nonprivileged communications and related records identified through those additional collection efforts.**

45) All documents and communications concerning statements made by Plaintiffs' supervisors Armando Portales Viera, Jose (also known as "Bori"), Jorge, or any other supervisor about older employees, age, race, national origin, or the need to hire younger or different workers from January 1, 2023, through February 29, 2024.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional searches of emails and Teams communications maintained by the agreed custodians for communications concerning age, older employees, younger workers, "new blood," "old people," race, national origin, discrimination, Virgin Islands, Puerto Rico, Black employees, and related topics. StratAir also reviewed responsive materials collected from the identified custodians and repositories. StratAir is producing responsive, nonprivileged documents identified through those collection efforts.**

46) All documents and communications concerning statements made by or to Plaintiffs' supervisor Jose (also known as "Bori") referencing: (a) bringing in workers from staffing agencies; (b) hiring younger workers; (c) agency workers or temporary workers; or (d) replacing employees with contractors or agency workers.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional searches of electronically stored information for communications responsive to this request, including targeted searches of emails and Teams communications maintained by the agreed custodians concerning staffing agencies, temporary workers, younger workers, agency workers, and related topics. StratAir also reviewed responsive materials collected through those searches and is producing responsive, nonprivileged documents identified through those collection efforts.**

47) All StratAir employee and/or personnel handbooks in effect from 2022 through the present.

**ANSWER: StratAir previously produced the Employee Handbook that was in effect at the time of the January 2024 reduction in force. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning employee handbooks and personnel policies responsive to this request. StratAir's investigation confirmed that no additional employee handbooks were maintained during the relevant time period. StratAir is producing responsive, nonprivileged documents identified through those collection efforts.**

48) All of StratAir's anti-discrimination, anti-harassment, and anti-retaliation policies in effect during Plaintiffs' employment.

**ANSWER: StratAir has produced anti-discrimination, anti-harassment, and anti-retaliation policies in effect at the time of the January 2024 RIF that is the subject of this lawsuit.**

49) All of StratAir's policies or procedures regarding reductions in force, layoffs, or workforce reductions in effect from 2022 through the present.

**ANSWER: StratAir has produced policies or procedures regarding reductions in force, layoffs, or workforce or reductions in effect at the time of the January 2024 RIF, including the Employment Terms and Conditions document Plaintiffs signed at the beginning of their employment.**

50) All training materials provided to StratAir's supervisors, managers, or decision-makers regarding age discrimination, race discrimination, national origin discrimination, or the ADEA from 2022 through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning training materials responsive to this request, including anti-discrimination, anti-harassment, employment law, and related training materials provided to supervisors, managers, and decision-makers. StratAir also collected responsive training records and related materials maintained in its personnel and training repositories. StratAir is producing responsive, nonprivileged documents identified through those collection efforts.**

51) All training materials provided to StratAir's supervisors, managers, or decision-makers regarding proper layoff procedures, selection criteria, or workforce reductions from 2022 through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning training materials responsive to this request, including training materials provided to supervisors, managers, and decision-makers regarding reductions in force, workforce reductions, selection criteria, employment practices, and related subjects. StratAir also collected responsive training records and related materials maintained in its personnel and training repositories. StratAir is reviewing documents identified through those collection efforts and will produce responsive, nonprivileged documents.**

52) All documents and communications reflecting training received by Armando Portales Viera, Jose (also known as "Bori"), Jorge, Gisela Barrera, Wilson Dorado, or any other employee of StratAir involved in the decision to terminate Plaintiffs regarding discrimination, harassment, or employment law from 2022 through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning training records and materials responsive to this request, including training relating to discrimination, harassment, employment law, and related subjects for the employees identified in the request. StratAir is reviewing documents identified through those collection efforts and will produce responsive, nonprivileged documents.**

53) All complaints, grievances, or internal reports of age discrimination made to Defendant from January 1, 2022, through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning complaints, grievances, and internal reports responsive to this request. Those efforts included review of records maintained through the Navex reporting system, review of complaint and investigation records, and collection of materials from other complaint repositories identified during the collection process. StratAir is reviewing documents identified through those collection efforts and will produce responsive, nonprivileged documents.**

54) All complaints, grievances, or internal reports of race discrimination or national origin discrimination made to Defendant from January 1, 2022, through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning complaints, grievances, and internal reports responsive to this request. Those efforts included review of records maintained through the Navex reporting system, review of complaint and investigation records, and collection of materials from other complaint repositories identified during the collection process. StratAir is reviewing documents identified through those collection efforts and will produce responsive, nonprivileged documents.**

55) All documents and communications reflecting complaints made by any of the Plaintiffs to StratAir's human resources personnel, supervisors, managers, or any other person regarding discrimination, unfair treatment, or retaliation from their date of hire through February 29, 2024.

**ANSWER: StratAir previously produced the post-termination email sent by Plaintiff Alex Laffita Ortiz to StratAir's President. *See* SAS-0464 to SAS-0465. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning communications responsive to this request, including review of electronically stored information and communications identified through its email collections. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

56) All documents and communications reflecting Plaintiff Ivan Grant's November 2023 complaint of discrimination and harassment to StratAir's human resources department, including any investigation conducted, findings reached, or corrective action taken.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, complaint repositories, and electronically stored information. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

57) All documents and communications reflecting Plaintiff Henry Pinto Sumoza's complaints of age discrimination made on or about January 16, 2024, including complaints to StratAir's human resources department, Mike, Jose (also known as "Bori"), or any other supervisor.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, complaint repositories, electronically stored information, and materials collected from relevant custodians. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

58) All documents and communications reflecting Plaintiff Eyonny Prado Duran's complaint to supervisor Lidier on or about January 14, 2024, regarding StratAir's targeting of older workers.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, complaint repositories, electronically stored information, and materials collected from relevant custodians. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

59) All documents and communications reflecting Plaintiff Alex Laffita Ortiz's post-termination email complaint to Defendant's President or any other company official.

**ANSWER: StratAir previously produced the post-termination email sent by Plaintiff Alex Laffita Ortiz to StratAir's President. See SAS-0464 through SAS-0465. Following the parties' post-hearing meet-and-confer efforts, StratAir collected and is reviewing additional electronically stored information and communications collected from relevant custodians. StratAir will produce any responsive documents identified through those collection efforts.**

60) All documents and communications reflecting any investigation conducted by Defendant, at Defendant's direction, or on Defendant's behalf (whether by employees, managers, human resources personnel, outside counsel, third-party investigators, consultants, or any other person or entity) in response to or concerning any complaint, grievance, or allegation made by any of the Plaintiffs or other third-persons regarding discrimination, unfair treatment, harassment, retaliation, accommodation requests, leave requests, or working conditions, including: (a) investigation plans or protocols; (b) investigation notes; (c) interview summaries or transcripts; (d) witness statements; (e) documents reviewed during the investigation; (f) findings, conclusions, or reports; (g) recommendations for corrective action; (h) communications with or instructions to investigators; (i) investigator credentials or qualifications; and (j) any final investigation report or summary, whether in draft or final form.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning complaints, grievances, investigations,**

**and related records responsive to this request, including review of materials maintained through the Navex reporting system and other complaint repositories identified during the collection process. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

61) All documents and communications reflecting complaints or concerns raised by any StratAir employee regarding ageist comments made by Plaintiffs' supervisors including, but not limited to, Armando Portales Viera, Jose (also known as "Bori"), or Jorge from 2022 through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning complaints, concerns, and related records responsive to this request. Those efforts included review of records maintained through the Navex reporting system, complaint repositories, electronically stored information, and materials collected from relevant custodians. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

62) All documents and communications relating to Plaintiff Ivan Grant's first termination by StratAir in November 2023, and his subsequent reinstatement.

**ANSWER: StratAir previously produced documents relating to Plaintiff Grant's November 2023 termination and subsequent reinstatement, including materials contained within Plaintiff Grant's personnel records. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, electronically stored information, and communications collected from relevant custodians. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

63) All documents and communications reflecting Plaintiff Ivan Grant's vacation request to attend his daughter's wedding in Germany, including the request submission, approval or denial, and any communications regarding the request.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Grant's request to attend his daughter's wedding and related employment records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

64) All documents and communications reflecting the alleged basis for Plaintiff Ivan Grant's November 2023 termination for "unapproved time off."

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, electronically stored information, and communications relating to Plaintiff Grant's November 2023 termination and the**

**circumstances surrounding that termination. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

65) All documents and communications reflecting StratAir's decision to reinstate Plaintiff Ivan Grant following his complaint to StratAir's human resources department in November 2023.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, electronically stored information, and communications relating to Plaintiff Grant's reinstatement following his November 2023 termination. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

66) All documents reflecting wages lost by Plaintiff Ivan Grant as a result of his November 2023 termination and whether he was paid for those lost wages upon reinstatement.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of payroll records, compensation records, and related employment records concerning Plaintiff Grant's November 2023 termination and reinstatement. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

67) All documents and communications reflecting any investigation or review conducted in response to Plaintiff Ivan Grant's November 2023 complaint of discrimination and harassment.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, complaint repositories, and electronically stored information concerning any investigation or review relating to Plaintiff Grant's November 2023 complaint and related employment events. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

68) All documents and communications reflecting StratAir's consideration of Plaintiff Ivan Grant's prior discrimination complaint when selecting him for the January 2024 layoff or reduction in force.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Grant's November 2023 complaint, subsequent reinstatement, and the January 2024 reduction-in-force decision-making process. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

69) All documents reflecting the race, national origin, and ethnicity of employees working on each shift (day shift and night shift) at StratAir's Miami warehouse location as of: (a) December 15, 2023 (pre-layoff); (b) January 13, 2024 (immediately before layoff); and (c) the date of Defendant's response to these Requests for Production.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning employee demographic information responsive to this request, including review of UKG demographic and EEO records. StratAir previously produced employee roster documents identifying employees working within the relevant workforce population, including the January 2024 roster and related workforce records. StratAir has also collected additional demographic and EEO data maintained through UKG, including reports reflecting race, date of birth, gender, disability status, and country of birth where available, and will produce responsive documents identified through those collection efforts. StratAir does not track employee national origin in the ordinary course of business.**

70) All documents and communications reflecting any written disciplinary notice issued to Mr. Grant in April 2023, or at any other time, including the factual basis, witnesses, and any similar conduct by other employees.

**ANSWER: StratAir previously produced the written disciplinary notice issued to Plaintiff Grant in April 2023. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Grant's personnel records, disciplinary records, electronically stored information, and related employment records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

71) All documents and communications reflecting Defendant's knowledge of Plaintiff Luis Rodriguez Ceruto's wife's cancer diagnosis, including when Defendant learned of the diagnosis and how Defendant learned of it.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of leave records, personnel records, electronically stored information, and communications collected from relevant custodians. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

72) All documents and communications concerning Plaintiff Luis Rodriguez Ceruto's requests for time off work or scheduling adjustments throughout the course of his employment with StratAir.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Rodriguez Ceruto's personnel records, electronically stored information, leave records, communications concerning time-off requests, and WhatsApp**

**materials collected through the discovery process. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

73) All documents and communications concerning any accommodation requests made by Plaintiff Luis Rodriguez Ceruto related to his wife's medical condition.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Rodriguez Ceruto's personnel records, leave records, electronically stored information, and communications relating to any accommodation requests associated with his wife's medical condition. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

74) All documents and communications concerning Defendant's response to any accommodation requests made by Plaintiff Luis Rodriguez Ceruto, including approvals, denials, or alternative accommodations offered.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Rodriguez Ceruto's personnel records, leave records, electronically stored information, and communications relating to any response, approval, denial, or consideration of accommodation requests associated with his wife's medical condition. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

75) All documents and communications reflecting requirements imposed on Plaintiff Luis Rodriguez Ceruto to provide doctor's notes or other medical documentation to take time off.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Rodriguez Ceruto's personnel records, leave records, electronically stored information, and communications relating to requests for medical documentation, doctor's notes, time-off requests, and related employment records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

76) All communications in which any StratAir supervisor told Plaintiff Luis Rodriguez Ceruto that he could not miss work because there was "too much work" or similar statements.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of electronically stored information, personnel records, leave-related records, and communications collected from relevant custodians concerning Plaintiff Rodriguez Ceruto's time-off requests, attendance, scheduling, and related employment matters. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

77) All documents and communications concerning StratAir's consideration of Plaintiff Luis Rodriguez Ceruto's absences or time-off requests in the decision to terminate his employment.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Rodriguez Ceruto's personnel records, leave records, payroll and time-off records, electronically stored information, and communications collected from relevant custodians concerning his absences, time-off requests, and the January 2024 reduction in force. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

78) All documents and communications supporting Defendant's contention that Plaintiff Luis Rodriguez Ceruto was not eligible for FMLA leave at any time during 2023-2024, including hours worked calculations and worksite employee counts.

**ANSWER: StratAir has produced its Family and Medical Leave policy. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of leave records, personnel records, electronically stored information, and communications relating to Plaintiff Rodriguez Ceruto's eligibility for leave, worksite information, employment records, and related leave administration materials. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

79) Defendant's FMLA policy or policies in effect from 2022 through the present.

**ANSWER: StratAir previously produced the Employee Handbook in effect at the time of Plaintiff Rodriguez Ceruto's termination. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of leave records, leave administration records, personnel records, and electronically stored information concerning FMLA eligibility and related leave issues. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

80) All FMLA notices, rights notices, eligibility notices, designation notices, certification forms, or related FMLA documents provided by StratAir to Mr. Rodriguez Ceruto.

**ANSWER: StratAir previously produced the Employee Handbook in effect at the time of Plaintiff Rodriguez Ceruto's termination. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of leave records, leave administration records, personnel records, and electronically stored information relating to FMLA notices, eligibility notices, designation notices, certification forms, and related leave documentation. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

81) All documents reflecting other StratAir employees at the Miami warehouse location who were granted FMLA leave in 2023-2024, including the reasons for leave and whether the leave was designated as FMLA.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of leave records maintained through UKG, leave administration records maintained through Symetra, leave and FMLA records maintained locally by Human Resources, and payroll and time-off request records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

82) All documents and communications reflecting whether Defendant considered designating Mr. Rodriguez Ceruto's absences or requested time off as FMLA leave.

**ANSWER: StratAir previously produced the WhatsApp messages reflecting Plaintiff Rodriguez Ceruto's time-off requests and the personnel file for Plaintiff Rodriguez Ceruto. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of leave records maintained through UKG, leave administration records maintained through Symetra, locally maintained leave and FMLA records, personnel records, electronically stored information, and communications relating to Plaintiff Rodriguez Ceruto's time-off requests and leave-related issues. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

83) All training materials provided to supervisors and managers of StratAir regarding FMLA requirements, FMLA eligibility, FMLA designation procedures, or FMLA notice requirements from 2022 through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including training materials and training records relating to FMLA requirements, FMLA eligibility, FMLA designation procedures, FMLA notice requirements, and related subjects provided to supervisors and managers. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

84) Defendant's ADA policy or policies in effect from 2022 through the present, including policies regarding associational disability discrimination and reasonable accommodations.

**ANSWER: StratAir previously produced the Employee Handbook in effect at the time of Plaintiffs' terminations. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional inquiry concerning policies responsive to this request, including review of employee handbooks and related personnel policies. StratAir's investigation confirmed that no additional written policies responsive to this request were identified.**

85) All training materials provided to StratAir's supervisors and managers regarding ADA requirements, associational disability discrimination, or reasonable accommodation obligations from 2022 through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including training materials and training records relating to ADA requirements, accommodation obligations, disability-related issues, and related subjects provided to supervisors and managers. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

86) All documents and communications reflecting factual determinations, decisions, or actions taken by Defendant regarding Plaintiff Luis Rodriguez Ceruto's FMLA eligibility or accommodation requests, including: (a) calculations of hours worked or months employed; (b) determinations of worksite employee count; (c) approvals or denials of time-off requests; (d) communications between non-attorney human resources personnel and supervisors regarding his requests; (e) any forms, notices, or designations related to FMLA; (f) medical documentation received from or regarding Mr. Rodriguez Ceruto or his wife; and (g) the identity of persons who made decisions regarding his eligibility or requests, excluding attorney-client privileged communications and opinion work product.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Rodriguez Ceruto's personnel records, leave records maintained through UKG, leave administration records maintained through Symetra, leave and FMLA records maintained locally by Human Resources, payroll and time-off request records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Rodriguez Ceruto's requests for leave, time off, eligibility for leave, and related employment matters. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

87) All documents and communications concerning time-off requests, sick leave requests, or attendance-related absences by StratAir employees and independent contractors under age 40 at the Miami warehouse location from January 2023 through January 2024, including: (a) whether medical documentation or doctor's notes were required; (b) which individuals were required to provide medical documentation and which were not; (c) any policy or practice regarding when medical documentation is required; (d) communications between supervisors and human resources regarding whether to require medical documentation from specific employees; and (e) any differential treatment in how time-off requests were handled based on employee age, disability status, or association with disabled family members.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of payroll records, time-off request forms, leave records maintained through UKG, leave administration records maintained through Symetra, locally maintained Human Resources records, electronically stored information, and communications collected from relevant custodians concerning attendance, leave, time-off**

**requests, and related employment matters. StratAir does not engage independent contractors. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

88) All documents and communications reflecting Plaintiff Henry Pinto Sumoza's transfer between Security Guard and Warehouse Handler positions, including the dates, reasons, and approvals for each transfer.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Pinto Sumoza's personnel records, payroll records, electronically stored information, and communications collected from relevant custodians concerning his job duties, assignments, and work responsibilities. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

89) All documents and communications supporting Defendant's contention that Plaintiff Henry Pinto Sumoza had "unsatisfactory performance in consistently and efficiently unloading cargo," including specific dates, witnesses, and performance metrics.

**ANSWER: StratAir previously produced responsive documents, including SAS-0001 through SAS-0012, Plaintiff Pinto Sumoza's personnel records, and StratAir's EEOC Position Statement concerning Plaintiff Pinto Sumoza. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, disciplinary records, electronically stored information, and materials collected from relevant custodians concerning Plaintiff Pinto Sumoza's performance and work activities. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

90) All documents and communications supporting Defendant's contention that Plaintiff Henry Pinto Sumoza "worked unapproved overtime," including dates, amounts, and whether he was paid for such overtime.

**ANSWER: StratAir previously produced Plaintiff Pinto Sumoza's personnel records and StratAir's EEOC Position Statement concerning Plaintiff Pinto Sumoza. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of payroll records, personnel records, disciplinary records, electronically stored information, and communications relating to Plaintiff Pinto Sumoza's overtime, timekeeping, and related employment records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

91) All documents and communications supporting Defendant's contention that Plaintiff Henry Pinto Sumoza "left his post while covering for security," including the date, duration, witnesses, and any investigation.

**ANSWER: StratAir previously produced responsive documents concerning Plaintiff Pinto Sumoza, including personnel records and StratAir's EEOC Position Statement concerning Plaintiff Pinto Sumoza. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, disciplinary records, electronically stored information, and communications collected from relevant custodians concerning the incidents, observations, and employment matters referenced in this request. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

92) All documents and communications reflecting Plaintiff Alex Laffita Ortiz's transfer from inside the warehouse to outside work in November 2023, including the request, approval, and reason for transfer.

**ANSWER: StratAir previously produced Plaintiff Laffita Ortiz's personnel records. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Laffita Ortiz's work assignments, job duties, and employment records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

93) All documents and communications reflecting Plaintiff Alex Laffita Ortiz's transfer from outside work back inside the warehouse in December 2023, including the reason and who made the decision.

**ANSWER: StratAir previously produced Plaintiff Laffita Ortiz's personnel records. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Laffita Ortiz's work assignments, job duties, and employment records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

94) All documents and communications reflecting any reduction in Plaintiff Alex Laffita Ortiz's pay rate as a result of his December 2023 transfer from outside work to inside work.

**ANSWER: StratAir previously produced Plaintiff Laffita Ortiz's personnel records. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, payroll records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Laffita Ortiz's**

**compensation, work assignments, and employment records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

95) All documents and communications concerning statements by StratAir supervisor Armando Portales Viera that "all of the older StratAir employees needed to be replaced with new, younger workers" or similar statements.

ANSWER: **Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of electronically stored information, supervisor records, personnel records, complaint repositories, and communications collected from relevant custodians concerning statements attributed to Armando Portales Viera and related age-related employment issues. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

96) All documents and communications concerning Plaintiff Alex Laffita Ortiz's post- termination email to Defendant's President, including any response provided or investigation conducted.

ANSWER: **StratAir previously produced Plaintiff Laffita Ortiz's post-termination email to StratAir's President. *See* SAS-0464 through SAS-0465. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of electronically stored information, communications collected from relevant custodians, personnel records, and complaint-related records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

97) All documents and communications supporting Defendant's contention that Plaintiff Eyonny Prado Duran was a "problematic employee with poor performance," including specific instances, dates, and witnesses.

ANSWER: **StratAir has produced its Position Statement regarding Plaintiff Prado Duran and the selection/decision-making documents for the January 2024 reduction in force. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Prado Duran's personnel records, disciplinary records, electronically stored information, supervisor records, and communications collected from relevant custodians concerning Plaintiff Prado Duran's performance, work assignments, and employment history. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

98) All documents and communications supporting Defendant's contention that Plaintiff Eyonny Prado Duran "commonly had an excuse not to" perform tasks when given instructions, including specific examples and dates.

ANSWER: **Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Prado Duran's personnel records, disciplinary records,**

**supervisor records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Prado Duran's performance, work assignments, job duties, and related employment matters. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

99) All documents and communications concerning Plaintiff Eyonny Prado Duran's transfer from night shift to day shift in October 2023, including the reason and approval.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Prado Duran's personnel records, electronically stored information, supervisor records, payroll and employment records, and communications collected from relevant custodians concerning Plaintiff Prado Duran's job assignments, shift assignments, work duties, and employment history. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

100) All documents reflecting Mr. Prado Duran's conversation with supervisor Lidier on or about January 14, 2024, regarding targeting of older workers.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Prado Duran's personnel records, supervisor records, electronically stored information, communications collected from relevant custodians, and records relating to Plaintiff Prado Duran's alleged complaint regarding targeting of older workers. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

101) All documents and communications concerning Plaintiff Luis Same Gonzalo's transition from Security Guard to Warehouse Handler or Cargo Handler, including when the transition occurred and the reason.

**ANSWER: StratAir previously disclosed that Plaintiff Same Gonzalo testified that he requested to transfer from Security Guard to Warehouse/Cargo Handler. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Same Gonzalo's personnel records, payroll and employment records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Same Gonzalo's job assignments, work duties, transfers, and employment history. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

102) All documents and communications concerning any alleged investigation conducted by or at the direction of StratAir when Plaintiff Luis Same Gonzalo was terminated, including who conducted it, what was investigated, findings, and conclusions.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Same Gonzalo's personnel records, supervisor records,**

**complaint repositories, electronically stored information, and communications collected from relevant custodians concerning any investigation, review, or evaluation relating to Plaintiff Same Gonzalo's termination. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

103) All documents reflecting communications from StratAir's manager Gisela to supervisor Javier that she "didn't want [Plaintiff Luis Same Gonzalo] to come to work anymore" or similar statements.

**ANSWER: StratAir previously stated that no responsive documents existed and that Ms. Barrera denied making any such statement. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of electronically stored information, supervisor records, personnel records, and communications collected from relevant custodians concerning Plaintiff Same Gonzalo and the statements referenced in this request. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

104) All documents and communications reflecting Plaintiff Luis Same Gonzalo's conversation with StratAir's human resources personnel following supervisor Javier's communication that Mr. Same Gonzalo should not return to work.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, complaint repositories, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Same Gonzalo's communications with Human Resources and related employment matters. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

105) All documents and communications concerning StratAir's determination that Plaintiff Luis Same Gonzalo "was not good for the company."

**ANSWER: StratAir previously produced documents related to the January 2024 reduction in force and StratAir's EEOC Position Statement concerning Plaintiff Same Gonzalo. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of Plaintiff Same Gonzalo's personnel records, disciplinary records, supervisor records, electronically stored information, and communications collected from relevant custodians concerning Plaintiff Same Gonzalo's performance, work assignments, and employment history. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

106) All documents and communications supporting Defendant's after-acquired evidence defense.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request,**

**including review of personnel records, disciplinary records, electronically stored information, supervisor records, and other employment-related materials collected through Defendant's post-hearing searches and repository review. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

107) All documents and communications supporting Defendant's mitigation defense or contention that Plaintiffs failed to mitigate damages.

**ANSWER: StratAir previously identified documents responsive to this request and reserved the right to supplement its production. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, payroll records, mitigation-related information, electronically stored information, and other employment-related records collected through Defendant's post-hearing searches and repository review. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

108) All documents supporting Defendant's contention that Plaintiffs failed to exhaust administrative remedies.

**ANSWER: StratAir previously produced EEOC-related materials responsive to this request, including EEOC charge and position statement materials. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of EEOC-related records, personnel records, electronically stored information, and materials collected through Defendant's additional searches and repository review. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

109) All documents supporting Defendant's assertion that Plaintiffs were not replaced by individuals outside their protected classes.

**ANSWER: StratAir previously produced documents responsive to this request concerning the January 2024 reduction in force, workforce composition, personnel records, and EEOC-related materials. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employee roster information, demographic records, personnel records, workforce-planning materials, electronically stored information, and other records collected through Defendant's post-hearing searches and repository review. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

110) All documents supporting Defendant's defense that it would have terminated Plaintiffs absent any impermissible motivating factor (same-decision defense).

**ANSWER: StratAir previously produced documents relating to the January 2024 reduction in force, personnel records, and EEOC-related materials responsive to its defenses. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel**

**records, disciplinary records, employee roster and demographic information, workforce-planning materials, payroll records, electronically stored information, and communications collected from relevant custodians concerning the January 2024 reduction in force and the factors considered in connection with Plaintiffs' employment. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

111) All documents and communications supporting Defendant's claim that Plaintiffs' positions were eliminated and not refilled, including: (a) documents showing that the job duties, functions, or work previously performed by Plaintiffs were not reassigned, redistributed, or performed by any other person after Plaintiffs' termination; (b) documents showing whether any employee, independent contractor, temporary worker, or staffing agency worker was hired, engaged, or assigned to perform the same or substantially similar work as any Plaintiffs between October 2023 and the present; (c) documents reflecting headcount, staffing levels, or workforce composition (including both employees and independent contractors) before and after the January 2024 layoff; (d) communications regarding use of independent contractors, temporary workers, or staffing agency workers to perform warehouse, cargo, or security work from October 2023 through the present; and (e) documents showing whether the volume or type of work performed at StratAir's Miami warehouse location decreased, remained the same, or increased after the January 2024 layoff.

**ANSWER: StratAir previously produced documents concerning the January 2024 reduction in force, including workforce and roster information. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of workforce-planning materials, staffing schedules, headcount information, employee roster records, payroll records, electronically stored information, and operational planning documents. StratAir collected additional workforce-planning and staffing materials, including MOP workbooks and related records concerning staffing levels and workforce planning, and is reviewing documents identified through those collection efforts. StratAir will produce responsive documents.**

112) All documents and communications reflecting StratAir's backfill hiring, replacement hiring, position refilling, or the use of temporary workers, independent contractors, or staffing agency personnel to perform the work previously performed by any of the Plaintiffs from January 1, 2024, through the present, including: (a) the name and age of each worker; (b) their employment status (employee, independent contractor, temp, etc.); (c) their hire or engagement date; (d) their job duties; (e) whether they perform or performed the same or substantially similar work as any of the Plaintiffs; and (f) all documents reflecting the decision to hire or engage such workers.

**ANSWER: StratAir previously produced documents concerning staffing agency workers and workforce reductions, including documents produced at SAS-0001 through SAS-0012. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of hiring records, employee roster information, workforce-planning materials, staffing records, electronically stored information, communications concerning staffing levels and**

**workforce needs, and records relating to temporary workers and staffing agency personnel. StratAir collected additional hiring, roster, staffing, and workforce-planning records through those efforts and is reviewing documents identified through those collection efforts. StratAir will produce responsive documents.**

113) All documents and communications showing the dates when each independent contractor, temporary worker, or staffing agency worker began performing warehouse, cargo, or security work at the Miami location from October 1, 2023 through March 31, 2024, including start dates, onboarding dates, and first day of work.

**ANSWER: StratAir previously produced documents reflecting staffing agency workers and work assignments maintained by StratAir. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of records relating to staffing agency workers and related personnel maintained by StratAir, electronically stored information, and communications concerning the engagement and assignment of such workers. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

114) All documents and communications reflecting severance offers, separation agreements, or settlement proposals made to any of the Plaintiffs.

**ANSWER: No responsive documents exist.**

115) All insurance policies that may provide coverage for Plaintiffs' claims, including employment practices liability insurance (EPLI) policies in effect from 2023 through the present.

**ANSWER: StratAir previously produced the declarations page of the applicable employment practices liability insurance that relates to this action.**

116) Documents sufficient to show Defendant's net worth, gross revenues, profits, and financial condition for purposes of punitive damages, including tax returns, financial statements, and balance sheets for 2023, 2024, and 2025.

**ANSWER: Following the Court's September 7, 2026 Order and the parties' subsequent meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of financial statements, profit and loss information, balance sheets, revenue information, accounting records, and related financial materials. StratAir collected responsive financial records maintained through its financial and accounting systems and is producing responsive documents identified through those collection efforts.**

117) All documents reflecting Defendant's net worth as of the date of Plaintiffs' terminations and as of the present.

**ANSWER: Following the Court's September 7, 2026 Order and the parties' subsequent meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of financial statements,**

**revenue information, balance sheets, accounting records, and related financial materials maintained through its financial and accounting systems. StratAir collected responsive financial records through those efforts and is producing responsive documents identified through those collection efforts.**

118) All EEOC charges filed against Defendant from January 1, 2022, through the present.

**ANSWER: StratAir previously produced the EEOC charges filed by Plaintiffs. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of records maintained through the Navex reporting system, complaint repositories, personnel records, and electronically stored information concerning employee complaints and charges. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

119) All position statements, responses, rebuttals, or submissions made by Defendant to the EEOC regarding any of the Plaintiffs' charges of discrimination.

**ANSWER: StratAir previously produced EEOC position statements and related EEOC materials concerning Plaintiffs' charges of discrimination. Following the parties' post-hearing meet-and-confer efforts, Defendant conducted additional collection efforts concerning records responsive to this request, including review of correspondence maintained in counsel's files relating to communications with the EEOC and EEOC investigators concerning Plaintiffs' charges. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

120) All documents produced by Defendant to the EEOC in connection with any investigation of Plaintiffs' charges of discrimination.

**ANSWER: StratAir previously produced EEOC position statements and related EEOC materials concerning Plaintiffs' charges of discrimination. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of documents and correspondence maintained in connection with Plaintiffs' EEOC charges and submissions to the EEOC. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

121) All correspondence between Defendant and the EEOC regarding Plaintiffs' charges from 2024 through the present.

**ANSWER: StratAir previously produced EEOC position statements and related EEOC materials for each Plaintiff. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of correspondence maintained in connection with Plaintiffs' EEOC charges, communications with the EEOC, and related EEOC materials. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

122) All written, recorded, or otherwise memorialized statements (including but not limited to signed statements, affidavits, declarations, recorded interviews, transcripts, summaries, notes, or reports) obtained from any witness, including any party, employee, agent, or third party, concerning the facts, allegations, or events described in the Complaint or otherwise related to the claims and defenses in this action, that are in the possession, custody, or control of Defendant, its attorneys, agents, or representatives.

**ANSWER: StratAir previously produced the sworn declaration of Armando Portales Viera. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, supervisor files, electronically stored information, and records collected from relevant custodians concerning statements, declarations, affidavits, memoranda, and related materials. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

123) All documents and communications reflecting training, orientation, job instruction, or onboarding provided by any of the Plaintiffs to any employee, independent contractor, or temporary worker of StratAir from July 1, 2023, through January 31, 2024, including: (a) training schedules or assignments showing which employees were assigned to train new hires; (b) training logs, sign-in sheets, or attendance records; (c) communications between supervisors and Plaintiffs regarding training responsibilities; (d) the names, ages, dates of birth, race, color, national origin, and employment status (employee vs. contractor) of persons trained by each Plaintiff; (e) the dates training occurred; (f) the specific job duties or tasks for which training was provided; and (g) whether the persons trained by any of the Plaintiffs were retained in the January 2024 layoff or remained employed thereafter.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, training records, employment records, electronically stored information, and communications collected from relevant custodians concerning employee training, onboarding, job instruction, and assignment-related activities. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

124) All documents and communications reflecting any investigation conducted by Defendant regarding the allegations in this lawsuit, excluding attorney-client privileged communications and attorney work product created after the filing of this lawsuit.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, complaint repositories, supervisor records, electronically stored information, and materials collected through Defendant's post-hearing searches and repository review concerning the allegations underlying this action. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

125) All documents identified, referenced, or described in Defendant's Rule 26(a) Initial Disclosures or any supplemental disclosures served in this matter.

**ANSWER: StratAir has produced the documents identified in its Rule 26(a) Initial Disclosures.**

126) All documents reviewed, consulted, relied upon, or referenced by Defendant or any person acting on Defendant's behalf in preparing, drafting, or formulating responses to any interrogatory propounded by Plaintiffs in this action.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of records considered by Defendant and its representatives in connection with Plaintiffs' interrogatories. Those efforts included review of personnel records, employee roster information, demographic records, workforce-planning materials, electronically stored information, EEOC-related materials, and other records collected through Defendant's post-hearing searches and repository review. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

127) All documents that StratAir intends to rely upon in support of its defenses or affirmative defenses in this case.

**ANSWER: StratAir previously produced documents responsive to this request and reserved the right to supplement its production. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, employee roster information, demographic records, payroll records, workforce-planning materials, EEOC-related materials, electronically stored information, and other records collected through Defendant's post-hearing searches and repository review. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

128) All documents that StratAir intends to introduce as exhibits at trial.

**ANSWER: StratAir previously produced documents responsive to this request and reserves the right to supplement its production. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, employee roster information, demographic records, payroll records, workforce-planning materials, EEOC-related materials, electronically stored information, and other records collected through StratAir's post-hearing searches and repository review. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

129) All documents and communications defining, identifying, or describing the decisional unit for StratAir's January 2024 layoff or reduction in force, including all positions, departments, locations, shifts, or job classifications from which employees were considered or selected for termination. Additionally, for the same time periods (pre-layoff and post- layoff), provide the same information for all independent contractors, temporary workers, and staffing agency personnel performing warehouse, cargo, security, or related work at StratAir's Miami location.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0012. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employee roster information, workforce-planning materials, MOP workbooks, employee demographic records, electronically stored information, and records relating to employees considered as part of the January 2024 reduction in force. StratAir also conducted additional inquiry concerning staffing-agency workers and related work assignments. StratAir does not engage individual independent contractors. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

130) A comprehensive list or spreadsheet of every employee in the decisional unit for the January 2024 layoff, whether terminated or retained, showing for each employee: (a) full name; (b) date of birth or age as of January 13, 2024; (c) job title; (d) department; (e) location; (f) shift; (g) hire date; (h) length of service in years and months; (i) race/ethnicity; (j) national origin; (k) gender; (l) salary or hourly rate as of January 2024; (m) whether selected for termination or retained; (n) if selected for termination, all stated reason(s) for selection; and (o) if retained, all stated reason(s) for retention.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0012 and employee roster and workforce records produced at SAS-0466 through SAS-0469. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employee roster information, decisional-unit records, demographic and EEO records, workforce-planning materials, personnel records, and electronically stored information relating to the employees considered in the January 2024 reduction in force. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

131) All documents reflecting total headcount of all persons performing work at StratAir's Miami warehouse location (including employees, independent contractors, temporary workers, and staffing agency workers) broken down by age group (persons under age 40 and persons age 40 or over) as of: (a) January 1, 2023; (b) July 1, 2023; (c) October 1, 2023; (d) December 15, 2023 (pre-layoff); (e) January 13, 2024 (immediately before layoff); (f) January 31, 2024 (immediately after layoff); (g) March 1, 2024; (h) June 1, 2024; (i) September 1, 2024; (j) January 1, 2025; (k) June 1, 2025; (l) January 1, 2026; and (m) the date of Defendant's response to these Requests for Production, further broken down by: (i) employment status (employee vs. independent contractor/temporary worker/staffing agency worker); (ii) position type or job classification; (iii) department; and (iv) shift.

**ANSWER: StratAir previously produced responsive workforce and roster records concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0012 and employee roster and workforce records produced at SAS-0466 through SAS-0469. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employee roster snapshots, decisional-unit records, demographic and EEO reports, workforce-planning materials, MOP workbooks, and related workforce data maintained through UKG and other business records. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

132) All documents and communications showing or concerning how selection criteria were applied to individual employees or independent contractors in, considered for, or excluded from the decisional unit for StratAir's January 2024 layoff or reduction in force, including:

(a) Any scores, ratings, rankings, performance metrics, attendance data, productivity measurements, efficiency ratings, or evaluations used to compare or assess any person for purposes of selecting individuals for termination, retention, or continued engagement;

(b) Any age-related or age-correlated factor considered in the selection process, including but not limited to years of service, length of employment, seniority, proximity to retirement eligibility, tenure, compensation level, salary, hourly wage rate, benefit accrual, or cost to StratAir;

(c) Documents identifying which persons or categories of persons were included in or excluded from the decisional unit or from evaluation under the selection criteria, and the stated reasons for each inclusion or exclusion;

(d) Documents showing whether independent contractors, temporary workers, or staffing agency workers performing warehouse, cargo, or security work were: (i) evaluated using the same criteria as employees; (ii) evaluated using different criteria than employees; or (iii) excluded from evaluation entirely; and

(e) Documents showing whether any specific independent contractor, temporary worker, or staffing agency worker performing the same or similar work as any terminated employee was individually considered for termination of their contract or engagement.

**ANSWER: StratAir previously produced documents responsive to this request, including documents produced at SAS-0001 through SAS-0012, SAS-0013 through SAS-0155, SAS-0291 through SAS-0349, and SAS-0395 through SAS-0458. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of personnel records, disciplinary records, employee roster information, demographic records, workforce-planning materials, MOP workbooks, electronically stored information, and records relating to employees considered as part of the January 2024 reduction in force. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

133) All aggregate statistical analyses, demographic reports, headcount summaries, workforce planning documents, cost-benefit analyses, or summary data compilations created or used by Defendant's management or human resources personnel from October 2023 through January 31, 2024 showing or analyzing:

(a) The age distribution of the workforce (including employees, independent contractors, temporary workers, and staffing agency workers) at the Miami warehouse location;

(b) The age composition of persons selected for termination or contract non-renewal versus persons retained or newly engaged;

(c) Demographic breakdowns (by age, race, or national origin) of the workforce (including both employees and independent contractors) before and after the January 2024 layoff;

(d) Any summary or aggregate comparison of the ages, tenure, compensation, or cost to Defendant of employees selected for layoff versus employees retained or versus independent contractors engaged or retained;

(e) Any analysis of whether the layoff selection would have disparate impact on employees age 40 or over;

(f) Any analysis, comparison, or evaluation of the cost, benefits, or workforce implications of using independent contractors, temporary workers, or staffing agency workers versus retaining employees;

(g) Any analysis of the demographic composition (including age distribution) of independent contractors, temporary workers, or staffing agency workers performing work at StratAir's Miami warehouse location;

(h) Any workforce planning documents analyzing staffing needs, headcount projections, or decisions to utilize contractors versus employees; or

(i) Any explanation, memorandum, or management decision document regarding why certain categories of workers (employees vs. independent contractors) were or were not subject to the reduction in force, excluding any documents created by or at the direction of legal counsel and any documents containing legal advice, legal opinions, or litigation strategy.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0003, SAS-0005 through SAS-0012, personnel records produced at SAS-0013 through SAS-0155, EEOC position statements produced at SAS-0395 through SAS-0458, and employee roster and workforce records produced at SAS-0466 through SAS-0469. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of workforce-planning materials, MOP workbooks, employee roster information, demographic and EEO records, payroll records, electronically stored information, and related business and operational records concerning workforce composition, staffing levels, workforce planning, and employee demographics. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

134) All documents reflecting any other reductions in force, layoffs, workforce reductions, or mass terminations conducted by Defendant at the Miami location or any other location from January 1, 2020, through the present, including: (a) the number of employees or independent contractors affected; (b) demographic breakdowns by age, race, and national origin; (c) positions affected; (d) stated business reasons; and (e) any analyses conducted regarding the demographic impact.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0012, personnel records produced at SAS-0013 through SAS-0155, EEOC position statements produced at SAS-0395 through SAS-0458, and employee roster and workforce records produced at SAS-0466 through SAS-0469. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employee roster information, workforce-planning materials, MOP workbooks, employee demographic records, personnel records, electronically stored information, and records relating to reductions in force and workforce planning. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

135) Documents sufficient to calculate the selection rate (percentage or proportion selected for termination, layoff, or contract non-renewal) for persons under age 40 compared to persons age 40 and over in connection with StratAir's January 2024 reduction in force, including:

(a) The total number of employees in each age group (under 40 and 40+) in the decisional unit as of January 13, 2024, and the number of employees in each age group selected for termination;

(b) The total number of independent contractors, temporary workers, and staffing agency workers performing warehouse, cargo, or security work at the Miami location in each age group (under 40 and 40+) as of January 13, 2024;

(c) The number of independent contractors, temporary workers, or staffing agency workers in each age group (under 40 and 40+) whose contracts, assignments, or

engagements were terminated or not renewed in connection with the January 2024 workforce reduction;

(d) The total number of persons (employees plus independent contractors, temporary workers, and staffing agency workers combined) in each age group (under 40 and 40+) performing warehouse, cargo, or security work at StratAir's Miami location as of January 13, 2024;

(e) The total number of persons in each age group (under 40 and 40+) whose employment, contract, assignment, or engagement ended (whether through termination, layoff, or contract non-renewal) in connection with the January 2024 workforce reduction;

(f) The number of independent contractors, temporary workers, or staffing agency workers in each age group (under 40 and 40+) newly engaged or hired to perform warehouse, cargo, or security work at the Miami location from October 1, 2023 through March 31, 2024; and

(g) Documents showing Defendant's definition of the "decisional unit" for the January 2024 layoff and the criteria used to determine which persons or categories of workers were included in or excluded from that unit.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0012, personnel records produced at SAS-0013 through SAS-0155, the 2024 Employee Handbook produced at SAS-0291 through SAS-0349, EEOC Position Statements produced at SAS-0395 through SAS-0458, and employee roster and workforce records produced at SAS-0466 through SAS-0469. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employee roster snapshots, decisional-unit records, demographic and EEO reports, workforce-planning materials, MOP workbooks, personnel records, electronically stored information, and records relating to the January 2024 reduction in force. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

136) Documents sufficient to calculate the selection rate (percentage or proportion selected for termination, layoff, or contract non-renewal) for Black employees compared to non-Black employees, and for employees from the Virgin Islands or Puerto Rico compared to employees from other national origins, in connection with StratAir's January 2024 layoff or reduction in force, including:

(a) The total number of employees in each racial group (Black vs. non-Black) in the decisional unit as of January 13, 2024, and the number of employees in each group selected for termination;

(b) The total number of employees by national origin (Virgin Islands, Puerto Rico, Cuba, Colombia, other Hispanic countries, and other) in the decisional unit as of January 13, 2024, and the number in each group selected for termination;

(c) The total number of independent contractors, temporary workers, and staffing agency workers performing warehouse, cargo, or security work at the Miami location by race (Black vs. non-Black) as of January 13, 2024;

(d) The total number of independent contractors, temporary workers, and staffing agency workers performing warehouse, cargo, or security work at the Miami location by national origin (Virgin Islands, Puerto Rico, Cuba, Colombia, other Hispanic countries, and other) as of January 13, 2024;

(e) The number of independent contractors, temporary workers, or staffing agency workers in each racial group whose contracts, assignments, or engagements were terminated or not renewed in connection with the January 2024 layoff or workforce reduction;

(f) The total number of persons (employees plus contractors) in each racial group performing warehouse, cargo, or security work at the Miami location as of January 13, 2024;

(g) The total number of persons (employees plus contractors) by national origin performing warehouse, cargo, or security work at the Miami location as of January 13, 2024;

(h) The total number of persons in each racial group whose employment, contract, or engagement ended in connection with the January 2024 workforce reduction; and

(i) The number of contractors in each racial group and national origin category newly engaged from October 1, 2023 through March 31, 2024."

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0012, personnel records produced at SAS-0013 through SAS-0155, the 2024 Employee Handbook produced at SAS-0291 through SAS-0349, EEOC Position Statements produced at SAS-0395 through SAS-0458, and employee roster and workforce records identifying employees within the January 2024 workforce population produced at SAS-466 through SAS-469. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employee roster snapshots, decisional-unit records, demographic and EEO reports, workforce-planning materials, MOP workbooks, personnel records, electronically stored information, and records relating to employees considered as part of the January 2024 reduction in force. StratAir does not track employee national origin in the ordinary course of business. To the extent country-of-birth information is reflected in employment records or other records maintained in the ordinary course of business, such information is included within Defendant's supplemental production. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

137) All contracts, agreements, statements of work, or arrangements between Defendant and any staffing agency, temporary employment agency, professional employer organization (PEO), or labor contractor for the provision of workers to the Miami warehouse location from January 1, 2023, through the present.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of staffing-agency agreements, staffing-related records maintained by StratAir, electronically stored information, and communications relating to staffing-agency personnel and work assignments. StratAir also collected records relating to staffing-agency relationships maintained by StratAir, including the SNI contract and related materials. StratAir does not engage individual independent contractors. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

138) All invoices, billing statements, or payment records from any staffing agency, temporary employment agency, or independent contractor for services provided at the Miami warehouse location from January 1, 2024, through the present.

**ANSWER: Defendant objects to this Request in its entirety as seeking information that is not relevant to any party's claim or defense and not proportional to the needs of this case. This Request is also duplicative of Request 13(c), which already seeks names, ages, dates of birth, engagement dates, job duties, work locations, and positions of all non-employee workers. Notwithstanding the foregoing, StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control and does not engage independent contractors.**

139) All documents identifying by name, age, date of birth, race, national origin, and job duties every independent contractor, temporary worker, staffing agency worker, leased employee, or other non-employee worker who performed warehouse, cargo handling, cargo loading, or security work at the Miami location from January 1, 2024, through the present.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0012, which identify staffing-agency workers assigned to StratAir. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of workforce records, staffing-agency records maintained by StratAir, electronically stored information, and communications concerning staffing-agency personnel and work assignments. StratAir maintains its objections to this request to the extent it seeks information concerning staffing-agency workers, temporary workers, or independent contractors that is not relevant to the claims and defenses asserted in this action and that is not within StratAir's possession, custody, or control. StratAir does not engage individual independent contractors and does not possess personnel files, demographic records, or other employment records maintained by staffing agencies for staffing-agency workers. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents within its possession, custody, or control.**

140) All work orders, job assignments, task assignments, or shift schedules for independent contractors, temporary workers, or staffing agency personnel working at the Miami location from January 1, 2024, through the present.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including documents produced at SAS-0001 through SAS-0012, which identify staffing-agency workers assigned to StratAir. Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of staffing-agency records maintained by StratAir, workforce and roster records, electronically stored information, and communications concerning staffing-agency personnel and work assignments. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents within its possession, custody, or control.**

**StratAir maintains its objection to this request to the extent it seeks information concerning staffing-agency workers, temporary workers, or independent contractors because Plaintiffs' Amended Complaint does not assert claims concerning such workers and instead alleges that Plaintiffs were terminated and younger employees were retained to perform the same or similar jobs. See Amended Complaint ¶¶ 51, 86. StratAir does not engage individual independent contractors and does not possess personnel files, demographic records, or other employment records maintained by staffing agencies for staffing-agency workers.**

141) All documents reflecting the total number of workers (combining both direct employees and independent contractors/temporary workers) performing warehouse, cargo handling, cargo loading, or security functions at StratAir's Miami location as of: (a) January 1, 2024; (b) February 1, 2024; (c) March 1, 2024; (d) June 1, 2024; (e) January 1, 2025; and (f) the present, broken down by age (under 40 vs. 40 and over), race (Black vs. non-Black), national origin, and employment status (employee vs. contractor/temp).

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including Email re: "List for Possible Termination" (SAS-0001 through SAS-0002); Email re: "Roster con Posibles Bajas por Dep" (SAS-0003); ROSTER WH DICIEMBRE 13.xlsx / Employee Rosters and Schedules (SAS-0005 through SAS-0011); Employee Information/Demographic Summary for Separated Employees (SAS-0012); Personnel Files and Employee Information (SAS-0013 through SAS-0155); and the 2024 Employee Handbook (SAS-0291 through SAS-0349).**

**Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employee roster snapshots, decisional-unit records, demographic and EEO reports, workforce-planning materials, MOP workbooks, workforce and headcount records, electronically stored information, and records relating to employees considered as part of the January 2024 reduction in force. StratAir does not engage individual independent contractors. To the extent this request seeks demographic or employment information concerning staffing-agency workers, StratAir does not possess personnel files, demographic records, or other employment records maintained by staffing agencies concerning such**

**workers. StratAir is reviewing documents identified through those collection efforts and will produce any additional responsive documents identified through that review.**

142) All documents reflecting the job duties, work assignments, or responsibilities of any independent contractor, temporary worker, or staffing agency employee working at StratAir's Miami location from January 1, 2024, through the present, including documents sufficient to determine whether such workers performed the same or substantially similar work as any Plaintiff.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force and workforce assignments, including Email re: "List for Possible Termination" (SAS-0001 through SAS-0002); Email re: "Roster con Posibles Bajas por Dep" (SAS-0003); ROSTER WH DICIEMBRE 13.xlsx / Employee Rosters and Schedules (SAS-0005 through SAS-0011); Employee Information/Demographic Summary for Separated Employees (SAS-0012); Personnel Files and Employee Information (SAS-0013 through SAS-0155); and the 2024 Employee Handbook (SAS-0291 through SAS-0349).**

**Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of staffing-agency records maintained by StratAir, workforce and roster records, workforce-planning materials, electronically stored information, and communications concerning staffing-agency personnel, work assignments, and job duties. StratAir does not engage individual independent contractors and does not possess personnel files, demographic records, or employment records maintained by staffing agencies concerning staffing-agency workers. StratAir is reviewing documents identified through those collection efforts and will produce any additional responsive documents identified through that review.**

143) All documents reflecting any decision, consideration, or discussion regarding whether to use independent contractors, temporary workers, or staffing agency personnel instead of retaining employees (including Plaintiffs) during or after the January 2024 layoff.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including Email re: "List for Possible Termination" (SAS-0001 through SAS-0002); Email re: "Roster con Posibles Bajas por Dep" (SAS-0003); ROSTER WH DICIEMBRE 13.xlsx / Employee Rosters and Schedules (SAS-0005 through SAS-0011); Employee Information/Demographic Summary for Separated Employees (SAS-0012); Personnel Files and Employee Information (SAS-0013 through SAS-0155); the 2024 Employee Handbook (SAS-0291 through SAS-0349); and EEOC Position Statements (SAS-0395 through SAS-0458). Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of workforce-planning materials, MOP workbooks, staffing records maintained by StratAir, employee roster information, electronically stored information, and communications concerning staffing levels, workforce needs, staffing-agency personnel, and the January 2024 reduction in force. StratAir does not engage individual independent contractors. StratAir is reviewing documents identified through those collection efforts and will produce any additional responsive documents identified through that review.**

144) All communications between Defendant and any staffing agency, labor contractor, or independent contractor regarding the provision of workers to replace, supplement, or perform the work of employees terminated in the January 2024 layoff.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including Email re: "List for Possible Termination" (SAS-0001 through SAS-0002); Email re: "Roster con Posibles Bajas por Dep" (SAS-0003); ROSTER WH DICIEMBRE 13.xlsx / Employee Rosters and Schedules (SAS-0005 through SAS-0011); Employee Information/Demographic Summary for Separated Employees (SAS-0012); Personnel Files and Employee Information (SAS-0013 through SAS-0155); the 2024 Employee Handbook (SAS-0291 through SAS-0349); and EEOC Position Statements (SAS-0395 through SAS-0458).**

**Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of staffing-agency records maintained by StratAir, workforce and roster records, workforce-planning materials, electronically stored information, and communications concerning staffing-agency personnel, work assignments, staffing levels, and workforce needs. StratAir does not engage individual independent contractors and does not possess personnel files, demographic records, or employment records maintained by staffing agencies concerning staffing-agency workers. StratAir is reviewing documents identified through those collection efforts and will produce any additional responsive documents identified through that review.**

145) All documents reflecting cost comparisons, budgetary analyses, or financial considerations regarding the use of independent contractors or temporary workers versus retaining direct employees in warehouse, cargo, or security positions from November 1, 2023, through the present.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including Email re: "List for Possible Termination" (SAS-0001 through SAS-0002); Email re: "Roster con Posibles Bajas por Dep" (SAS-0003); ROSTER WH DICIEMBRE 13.xlsx / Employee Rosters and Schedules (SAS-0005 through SAS-0011); Employee Information/Demographic Summary for Separated Employees (SAS-0012); Personnel Files and Employee Information (SAS-0013 through SAS-0155); the 2024 Employee Handbook (SAS-0291 through SAS-0349); and EEOC Position Statements (SAS-0395 through SAS-0458).**

**Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of workforce-planning materials, MOP workbooks, financial and operational records, staffing records maintained by StratAir, electronically stored information, and communications concerning staffing levels, workforce needs, and staffing-agency personnel. StratAir maintains its objection to the extent this request seeks cost comparisons or analyses relating to independent contractors because StratAir does not engage individual independent contractors and Plaintiffs' Amended Complaint concerns the selection of Plaintiffs and other employees for the January 2024 reduction in force – not contractors or temporary workers.**

**StratAir is reviewing documents identified through those collection efforts and will produce any additional responsive documents identified through that review.**

146) All documents sufficient to identify which specific work tasks, job duties, or responsibilities previously performed by each Plaintiff were reassigned to: (a) retained employees; (b) newly hired employees; (c) independent contractors; (d) temporary workers; or (e) staffing agency personnel following each Plaintiff's termination.

**ANSWER: StratAir previously produced responsive documents concerning the January 2024 reduction in force, including Email re: "List for Possible Termination" (SAS-0001 through SAS-0002); Email re: "Roster con Posibles Bajas por Dep" (SAS-0003); ROSTER WH DICIEMBRE 13.xlsx / Employee Rosters and Schedules (SAS-0005 through SAS-0011); Employee Information/Demographic Summary for Separated Employees (SAS-0012); Personnel Files and Employee Information (SAS-0013 through SAS-0155); the 2024 Employee Handbook (SAS-0291 through SAS-0349); and employee roster and workforce records produced at SAS-0466 through SAS-0469.**

**Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of workforce-planning materials, MOP workbooks, employee roster information, personnel records, staffing records maintained by StratAir, electronically stored information, and communications concerning employee work assignments, staffing levels, workforce needs, and the January 2024 reduction in force. StratAir does not engage individual independent contractors. StratAir is reviewing documents identified through those collection efforts and will produce any additional responsive documents identified through that review.**

147) All Form 1099s, Form 1099-NECs, Form 1099-MISCs, or other tax documents issued to any independent contractor who performed warehouse, cargo, security, or related work at the Miami location for tax years 2023, 2024, and 2025.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of staffing-agency records maintained by StratAir, workforce and roster records, electronically stored information, and communications concerning staffing-agency personnel and work assignments. StratAir does not engage individual independent contractors and has not identified documents responsive to this request. To the extent additional responsive documents are identified through its continuing review, StratAir will supplement its response.**

148) All documents reflecting Defendant's policies, practices, or criteria for determining whether to classify workers as employees versus independent contractors for warehouse, cargo, or security positions.

**ANSWER: Following the parties' post-hearing meet-and-confer efforts, StratAir conducted additional collection efforts concerning records responsive to this request, including review of employment policies, workforce-planning materials, staffing-agency records maintained by StratAir, electronically stored information, and communications**

**concerning staffing-agency personnel and workforce assignments. StratAir does not engage individual independent contractors. StratAir is reviewing documents identified through those collection efforts and will produce responsive documents.**

Dated: September 23, 2026

**Nalani Alesia Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com and lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com and lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2026, a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the Service List below.

**BRIAN H. POLLOCK, ESQ.**
brian@fairlawattorney.com
**P. BROOKS LAROU, ESQ.**
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
*Counsel for Plaintiffs*

*/s/ Nalani Alesia Gordon*
Nalani Alesia Gordon

ACTIVE:40487376.1