## StratAir / Grant - Draft Joint Discovery Status Report

**Feicht, Roger** <RFeicht@gunster.com> Fri, Nov 13, 2026 at 10:55 AM
To: brooks <brooks@fairlawattorney.com>
Cc: brian <brian@fairlawattorney.com>, "Hagan, Lisa" <LHagan@gunster.com>, juan <juan@fairlawattorney.com>, "Gordon, Nalani" <NGordon@gunster.com>

Brooks,

We've conferred multiples times on this issue and it's safe to say we agree to disagree. As our motion for protective order states, StratAir is willing to produce a corporate representative on topics upon reasonable notice. The amended notice, which sought testimony on topics that court previously ruled were beyond scope of discovery and other burdensome topics, upon only 3 business days' notice was inappropriate.

Thanks,

Roger

Gunster

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Thursday, November 12, 2026 6:05 PM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Roger,

I do not accept your characterization of what I "should" have done, and I disagree with your account of our call. I never agreed that the deposition would be postponed if the topics were not finalized by last Friday. During our call, I proposed that we continue to work together through the end of last week to narrow the scope of the corporate representative deposition topics, and that you hold off on filing a Motion for Protective Order until then. Plaintiffs narrowed the notice from 69 topics to 22, every one of which is a narrower version of a topic StratAir has had since October 20. Judge Elfenbein's Order Setting Discovery Procedures provides that corporations are not entitled to review of anticipatory relevance objections before a corporate representative's deposition, and that scope objections will be adjudicated only after the deposition [ECF 8 at 8].

Because StratAir has made clear it will not produce a witness tomorrow who is adequately prepared on the noticed topics, Plaintiffs will cancel the court reporter, under protest and without waiving any rights, including the right to seek relief for StratAir's failure to produce a prepared witness. A general commitment to reschedule "once the pending issues are resolved" is not enough with fact discovery closing December 11.

At the discovery hearing, Plaintiffs will ask the Court to set a firm date for StratAir's corporate representative deposition and to confirm that Plaintiffs are entitled to seven hours with each representative StratAir designates. The durational limit was raised briefly at the status conference, but the Court was not presented with the governing authority. The 2000 Advisory Committee Note to Rule 30(d) provides that, "[f]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Under that rule, if StratAir designates more than one representative, Plaintiffs may depose each designee for up to seven hours. Courts in this Circuit have applied that rule. *See Mitchell v. Town of Hayneville*, No. 2:20-cv-00252-MHT-SRW, 2021 U.S. Dist. LEXIS 273787, at *3–5 (M.D. Ala. Mar. 18, 2021) (party may depose "each designated witness" for "up to seven hours," which "accurately reflect[s] a general statement of the law"); *Belfor USA Grp., Inc. v. Bray & Gillespie, LLC*, No. 6:05-cv-1624, 2007 U.S. Dist. LEXIS 117767, at *7–9 (M.D. Fla. Apr. 23, 2007); *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, No. 6:03-cv-1121, 2005 U.S. Dist. LEXIS 60199, at *5 (M.D. Fla. May 6, 2005). In the alternative, Plaintiffs will ask for additional time under Rule 30(d)(1), which provides that the Court "must allow additional time" if "needed to fairly examine the deponent."

Best regards,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir:  786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Nov 12, 2026, at 9:11 AM, Feicht, Roger <RFeicht@gunster.com> wrote:

Good morning Brooks,

You should have postponed the deposition and cancelled the court reporter after we didn't finalize the topics last Friday. We had an agreement during our call on last Wednesday that if the topics weren't finalized by last Friday, it would be impossible for StratAir to adequately prepare a corporate representative on a moving target of topics.  You conceded last Wednesday that the topics needed to be narrowed, so it is unreasonable to attempt to force the deposition proceed tomorrow when you didn't provide your amended topics until Monday afternoon, especially since the amended topics still have many of the same issues that I highlighted before (as detailed in our pending motion for protective order).

I cannot agree to your conditions for several reasons. First, we don't know when the Court will rule on the pending objections to the topics you circulated on Monday afternoon.  Once we get a ruling on the objections and the scope of the deposition is determined, then StratAir identify the appropriate representative(s) and will need adequate time to prepare them.

Second, the Court mentioned that the corporate representative deposition is considered a single deposition of 7 hours, and you don't get additional 7 hours if StratAir designated more than one representative. Therefore, we cannot agree to the second condition.

I can represent to you that we will continue to work in good faith to promptly reschedule the deposition of the corporate representative before the discovery cut off once the pending issues are resolved.

Given our previous discussions, our prior agreement, and the pending Motion for Protective Order, there is no reason to delay postponing the deposition.

Thank you,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Wednesday, November 11, 2026 5:54 PM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Roger,

We will contact chambers to set the discovery hearing on Plaintiffs' issues with StratAir's Supplemental Responses to Plaintiffs' First Requests for Production and StratAir's objections to the Amended Notice of Rule 30(b)(6) Deposition [ECF No. 67].

To avoid taking the deposition twice, before and after the hearing, and without agreeing with your account of our earlier call, Plaintiffs will agree to postpone Friday's deposition on the following conditions:

1. The deposition will go forward no later than Friday, December 4.
2. By Friday, November 13, StratAir will provide at least three dates between November 22 and December 4 on which its designee(s) are available, and will identify how many designees it will produce and which topics each will cover. If StratAir produces more than one designee, we will reserve consecutive days, with seven hours per designee.

Please confirm these terms by tomorrow so I can cancel Friday's court reporter and serve a re-notice once we have a date.



Thank you,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir: 786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Nov 11, 2026, at 4:20 PM, Feicht, Roger <RFeicht@gunster.com> wrote:

Brooks,

Yes we are also available on November 17.

The notice should reference StratAir's Motion for Protective Order and Objections to Amended Notice of Rule 30(b)(6) Deposition [Doc. No. 67].

Thanks,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Wednesday, November 11, 2026 10:58 AM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Roger,

Thank you. Judge Elfenbein's procedures require at least three dates for the hearing. Are you and Nalani also available on November 17 or 18? I will include StratAir's objections to the Amended Notice of Deposition in the description to chambers.

Best,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir: 786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Nov 11, 2026, at 8:54 AM, Feicht, Roger <RFeicht@gunster.com> wrote:

Good morning Brooks,

Of the date you provided, Nalani and I are available the afternoon of November 19 and any time November 20. When you contact the Court about the issues to be discussed, please mention StratAir will be filing a Motion for Protective Order regarding the Amended Notice of Deposition sent on November 9.

Thank you,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Feicht, Roger
**Sent:** Tuesday, November 10, 2026 3:42 PM
**To:** 'Brooks LaRou' <brooks@fairlawattorney.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** RE: StratAir / Grant - Draft Joint Discovery Status Report

Brooks,

During our call on Wednesday, I specifically mentioned that it would be impossible to prepare a corporate representative on topics that remained in flux less than a week before the previously scheduled date. We agreed that we would confer on Thursday and Friday, but if the topics were not finalized by Friday, you agreed that we would need to postpone the deposition.

I sent you our objections to the 69 topics on Thursday morning as promised. I only agreed to refrain from filing the Motion for Protective Order on Friday because you stated you were working on a narrowed list of topics, which I asked for by Friday morning. You didn't provide it until after 4pm yesterday. That did not change our agreement that the deposition would be postponed if the topics weren't finalized the Friday before the originally scheduled date and time, which is why I asked you to confirm the postponement per our previous arrangement.

I'm still analyzing the Amended Notice since it recycles many of the 69 topics we had previously reviewed, but I can already see that many are objectionable and will require the Court's intervention on our forthcoming Motion for Protective Order. Until yesterday at 4pm, the previous version of the Notice of Deposition had 69 topics, which you recognized needed to be narrowed substantially. Even setting aside the objections, you cannot reasonably expect us to prepare a witness on these new 22 dense topics with multiple subparts in a few business days, one of which I already told you I'm unavailable during a previously scheduled mediation.

As you know, during our discovery status conference, I mentioned the Court's procedures that state that objections to Rule 30(b)(6) depositions are typically handled after the deposition. Magistrate Judge Elfenbein expressly stated that I could still file a Motion for Protective Order and seek a hearing time if our conferral was unsuccessful. I intend to do just that and will notify the judge of our prior agreement about postponing the deposition within our Motion for Protective Order.

We can ask the Court to address our Motion for Protective Order and Plaintiffs' issue with StratAir's Supplemental Responses to Plaintiffs' First Requests for Production during that hearing. I need to discuss hearing availability with Nalani but will try to get back to you tomorrow.

Thanks,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Tuesday, November 10, 2026 1:44 PM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Roger,

Thank you for your email. My understanding of our call was that Plaintiffs would narrow the topics and StratAir would hold off on its motion while we did so. I did not agree to postpone the deposition. Plaintiffs have now narrowed the notice from 69 topics to 22, and every amended topic is a narrower version of a topic StratAir has had since October 20.

With fact discovery closing December 11, Plaintiffs will proceed with the deposition on Friday, November 13, at 10:00 a.m., as noticed. Judge Elfenbein's Order Setting Discovery Procedures [ECF 8 at 8] provides that corporations "are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative's deposition," that objections to the scope of a deposition notice "shall be timely served (not filed) in advance of the deposition," and that the Court "will adjudicate any objections to the scope of a Rule 30(b)(6) deposition only after the completion of the deposition." The Order also bars written discovery motions [ECF 8 ¶ 2]. Proceeding Friday leaves time for a hearing on any objections and, if necessary, a continued deposition before the cutoff.

Please serve StratAir's written objections to the amended topics before the deposition, and let me know by Thursday how many designees StratAir will produce and which topics each will cover. If StratAir produces more than one designee, we will reserve additional time, with seven hours per designee. I am happy to adjust Friday's start time to accommodate your Thursday mediation.

Separately, as to StratAir's Supplemental Responses to Plaintiffs' First Requests for Production, which we conferred on by phone on November 4 and which my conferral letter of the same date addresses, the parties remain at an impasse. Plaintiffs will be requesting a discovery hearing under ECF 8. Please send me your in-person availability (morning, afternoon, or all day) for Thursday, November 19, through Tuesday, November 24, by tomorrow so I can provide dates to chambers. I would propose that we also confer by phone after Friday's deposition on any 30(b)(6) scope objections so that both issues can be heard together.

Thank you,



P. Brooks LaRou, Esq.
FairLaw Firm
Dir: 786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Nov 9, 2026, at 4:16 PM, Feicht, Roger <RFeicht@gunster.com> wrote:

Brooks,

We agreed during our conferral call on Wednesday that we would try to resolve the issue without court intervention last week. I explained the practical challenge of StratAir preparing its designated witness when the scope of topics remained in flux. **You agreed that, if we didn't agree by Friday, that the deposition scheduled for November 13 would be postponed**.

Consistent with that agreement, I emailed you last Thursday a list of our objections and asking for your position on Friday. Instead, you just sent me a new list of topics a few minutes ago, which I have yet to have an opportunity to review to determine if there are any objections or issues to address. There are only three business days before Friday morning and I'll be in an all-day mediation on Thursday.

I will analyze the new topics and get you our position as well as dates of availability for the corporate representative(s) for the non-objectionable topics.

Please let me know by tomorrow if you will need to honor our agreement to reschedule Friday's deposition. Otherwise, we will proceed with a Motion for Protective Order.

Thank you,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Monday, November 9, 2026 4:07 PM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hi Roger,

I've narrowed down the corporate rep deposition topics, please see attached. I still plan to go forward with the deposition this Friday. Please let me know how many designees will be testifying for StratAir.

Thank you,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir:  786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Nov 6, 2026, at 4:37 PM, Feicht, Roger <RFeicht@gunster.com> wrote:

Thanks, Brooks. I'm willing to hold off on filing the motion for protective order based on that representation. Are we in agreement that the deposition previously noticed for next Friday is postponed?

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Friday, November 6, 2026 4:08 PM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hi Roger,

I'm working to narrow the topics and will send over a revised list as soon as I can.

Best,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir: 786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Nov 5, 2026, at 11:03 AM, Feicht, Roger <RFeicht@gunster.com> wrote:

Good morning Brooks,

As we discussed during yesterday's conferral call, there are two main problems with Plaintiffs' 69 proposed 30(b)(6) topics.



First, the individual topics themselves are objectionable. Many of the topics improperly demand the representative be prepared with encyclopedic knowledge of various details that have already been addressed through other discovery methods. See *Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1322 (11th Cir. 2022). Other topics request a representative on topics that are not relevant to the pending claims or defenses.

Second, the sheer volume that makes it unduly burdensome for StratAir to prepare a designated representative with all of the information. As the Court recognized, it is also practically impossible for you to cover those topics within a 7 hour deposition. *See Trump Media & Tech. Group Corp. v. WP Co. LLC*, No. 8:23-CV-01535-TPB-AAS, 2026 WL 1980595 (M.D. Fla. Mar. 5, 2026) (granting protective order limiting the scope of 13 of 39 topics for a corporate designee's deposition because requiring the designee to prepare on them was "overly burdensome and in violation of the proportionality restraints of Federal Rule of Civil Procedure 26").

In hopes of resolving this issue without court intervention, I spent a significant amount of time reviewing the proposed topics in detail. StratAir objects to the following topics:

1, 3-6, 8, 13-16, 19-34, 38-42, 44-53, 59-69

As I mentioned on the call, some of these objections might be resolved if Plaintiffs drastically reduce the number of topics to address the burdensome and proportionality objections mentioned above.

Please let me know your position by tomorrow morning, so we know whether the deposition will proceed as scheduled for November 13 or we will be filing a motion for protective order.

Thank you,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Feicht, Roger
**Sent:** Monday, November 2, 2026 1:58 PM

**To:** Brooks LaRou <brooks@fairlawattorney.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** RE: StratAir / Grant - Draft Joint Discovery Status Report

Thanks, Brooks. Please call me at the number below at 4pm on Wednesday.

Hope you enjoyed your time off,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Monday, November 2, 2026 10:41 AM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hi Roger,

I was out of town last week and just got back this morning. Wednesday works for me, I should be available any time. Please let me know what time works best for you.

Thanks,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir: 786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Nov 2, 2026, at 10:00 AM, Feicht, Roger <RFeicht@gunster.com> wrote:

Brooks,

I'm following up on my email below. Please let us know times you're willing to confer. Otherwise, we will have no choice but to file a Motion for Protective Order.

Thank you,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Feicht, Roger
**Sent:** Thursday, October 29, 2026 8:52 AM
**To:** Brooks LaRou <brooks@fairlawattorney.com>
**Cc:** brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>
**Subject:** RE: StratAir / Grant - Draft Joint Discovery Status Report

Brooks,

Please let us know dates/times that you're available to confer on the below issue and the proposed Rule 30(B)(6) topics as instructed by Magistrate Judge Elfenbein.

Thanks,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Wednesday, October 28, 2026 10:36 AM
**To:** Gordon, Nalani <NGordon@gunster.com>
**Cc:** Feicht, Roger <RFeicht@gunster.com>; brian <brian@fairlawattorney.com>; Hagan, Lisa <LHagan@gunster.com>; juan <juan@fairlawattorney.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hi Nalani,

Thank you for your response. We have considered StratAir's position but continue to disagree. We write to explain why, and to let you know that we intend to raise this issue at this morning's Discovery Status Conference.

Rule 34(b)(2)(E)(i) gives a producing party two options: produce documents as they are kept in the usual course of business, or organize and label them to correspond to the categories in the request. A party that relies on the first option bears the burden of showing that the documents were in fact produced as they are kept in the usual course of its business. That showing requires some information about how the documents are ordinarily kept, such as the custodian, assurance that the documents were produced in the order in which they are maintained, and a general description of the filing system. *See Mizner Grand Condo. Ass'n v. Travelers*

*Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700–01 (S.D. Fla. 2010); *Quail Cruises Ship Mgmt. v. Agencia De Viagens CVC Tur Limitada*, 2012 U.S. Dist. LEXIS 198390, at *4–5 (S.D. Fla. Feb. 14, 2012). StratAir has not made that showing, and much of its production cannot meet it:

- ESI. Documents identified through search terms and reviewed for responsiveness are a set assembled by counsel. They are not a file kept in the usual course of StratAir's business. Rule 34(b)(2)(E)(ii) addresses the form of ESI production. It does not relieve StratAir of its obligation under Rule 34(b)(2)(E)(i).
- EEOC files and the supplemental production. These materials were assembled for this dispute and to comply with the Court's Order [DE 40]. Documents gathered in response to a specific, non-routine occurrence are not kept in the usual course of business. Mizner, 270 F.R.D. at 701; see also Freestream Aircraft USA Ltd. v. Chowdry, 2018 U.S. Dist. LEXIS 47380, at *4–5 (S.D. Fla. Mar. 22, 2018); Seropian v. Wachovia Bank, N.A., 2011 U.S. Dist. LEXIS 174633, at *6–7 (S.D. Fla. Jan. 31, 2011) (ordering a Bates-number index where documents were culled from multiple sources).

Your email confirms that StratAir's supplemental production is "organized in self-identifying categories, keyed to Plaintiffs' requests." That is the organize-and-label option. Having chosen it, StratAir must complete it, and must do so in its sworn Rule 34 responses rather than in correspondence. In addition, the breakdown in your email does not account for SAS-13694 through SAS-14393, does not identify which requests SAS-0001 through SAS-2205 respond to, and does not tie the 2025 termination files (SAS-5639–7409) to any request.

Even where documents are produced as kept in the usual course of business, the production must allow the requesting party to determine, with reasonable effort, which documents respond to which requests. Henderson v. Holiday CVS, LLC, 2010 U.S. Dist. LEXIS 156638, at *12–19 (S.D. Fla. Aug. 11, 2010); Armor Screen Corp. v. Storm Catcher, Inc., 2009 U.S. Dist. LEXIS 63538, at *8–12 (S.D. Fla. Feb. 5, 2009). In Henderson, a production organized by category, accompanied by an index and an offer of assistance, was still found insufficient, and the court ordered the defendant to provide a key or index identifying the documents responsive to each request.

The fact that StratAir has identified documents by Bates number in its interrogatory answers does not cure its RFP responses. If anything, it confirms that identifying the applicable Bates ranges imposes little burden.

Plaintiffs will ask the Court at this morning's Discovery Status Conference to require StratAir to serve amended responses to Plaintiffs' Requests for Production that identify, for each request, the Bates range(s) of the documents produced in response, or state that no responsive documents exist. If StratAir is willing to agree to serve such amended responses by a date certain, please let me know before the conference, and we can present the issue to the Court as resolved.

Best regards,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir:  786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Oct 21, 2026, at 5:19 PM, Gordon, Nalani <NGordon@gunster.com> wrote:

Brooks, following up regarding your email below:

StratAir does not agree that it is required to identify responsive documents by Bates-number range for each of Plaintiffs' requests, but it has have provided sufficient information for Plaintiffs locate documents.

StratAir complied with the Federal Rules of Civil Procedure's requirements. Rule 34(b)(2)(E)(i) requires a producing party to either produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request; the choice of method rests with the producing party. Where documents are produced as kept in the usual course of business, Rule 34 imposes no duty to organize and label the production, prepare an index, or correlate documents to the particular request to which they are responsive.

StratAir has already identified responsive documents by Bates number. In its sworn supplemental interrogatory responses, StratAir repeatedly identified specific documents, by Confidential Bates number, tied to the subject matter at issue — including the RIF decision documents, the Terminated Employees Report, employee detail reports and lists, disciplinary and personnel records, EEO data, and complaint records. StratAir has also identified responsiveness in its transmittals; for example, its October 1, 2026 production of SAS-2206 through SAS-2667 was served as responsive to Plaintiffs' Request for Production Nos. 118–121.

In addition, StratAir's supplemental production is organized in self-identifying categories, keyed to Plaintiffs' requests. StratAir's supplemental production was made in compliance with the Court's September 7, 2026 Order [DE 40] and is arranged as follows:

- EEOC files (SAS-2206–2667) (responsive to RFP Nos. 118–121);
- 2024 termination personnel files (SAS-2668–5638) (responsive to RFP Nos. 5 and 20; Order [DE 40]);
- 2025 termination personnel files (SAS-5639–7409) (produced as maintained with StratAir's termination-file records);
- Current-employee personnel files for the January 2024 reduction-in-force decisional unit (SAS-7410–13666) (responsive to RFP No. 21; Order [DE 40]);
- Budget, forecast, and financial records (SAS-13667–13693) (responsive to RFP No. 3; Order [DE 40]); and
- Payroll records for decisional-unit employees for 2023–2024 (SAS-14394–14853) (responsive to RFP No. 130 and the compensation and cost elements of RFP Nos. 132 and 134).

The personnel and termination files were produced as they are maintained in the ordinary course of StratAir's business, and the financial records were produced in their native format. The file descriptions themselves identify the contents of each set.

As it relates to electronically stored information:

StratAir searched its ESI and produced the responsive materials in native format and/or as PDFs of the natives, which is a reasonably usable form under Rule 34(b)(2)(E)(ii).

StratAir has amended its responses on multiple occasions and made supplemental productions, including on an expedited basis and in compliance with the Court's Order, to get responsive materials to Plaintiffs promptly. Plaintiffs did not propose a production protocol or seek a court order specifying a different manner of production before serving their requests for production. If Plaintiffs are having difficulty locating materials responsive to any particular request, please let us know so we can assist.

Kind regards,

ng

<image001.png>

**Nalani Gordon** | Attorney

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0536 **c** 561.943.8170

gunster.com | ngordon@gunster.com

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Wednesday, October 21, 2026 12:33 PM
**To:** Feicht, Roger <RFeicht@gunster.com>
**Cc:** brian <brian@fairlawattorney.com>; Gordon, Nalani <NGordon@gunster.com>; Hagan, Lisa <LHagan@gunster.com>
**Subject:** Re: StratAir / Grant - Draft Joint Discovery Status Report

This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hi Roger,

Please see my attached revised draft of the Joint Discovery Status Report, with clean and redlined copies. As reflected in my revisions, Plaintiffs dispute the sufficiency of StratAir's Supplemental RFP Responses and are still reviewing the documents produced.

In particular, StratAir's Supplemental Responses repeatedly fail to identify the responsive documents by Bates number. Given the volume of documents produced, please let me know whether StratAir will agree to further supplement its responses to identify the applicable Bates-number ranges for each request. I'm happy to set up a call to discuss if that would be helpful.

If you're okay with my revisions to the Discovery Status Report, feel free to go ahead and file it.

Best,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir: 786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

On Oct 21, 2026, at 12:01 PM, Feicht, Roger <RFeicht@gunster.com> wrote:

Brooks and Brian,

I'm following up on the attached draft Joint Report circulated on Monday. If we don't receive comments by 3pm, we'll file our own report and indicate Plaintiffs did not respond to the draft joint report.

Thanks,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

---

**From:** Feicht, Roger
**Sent:** Monday, October 19, 2026 4:09 PM
**To:** brooks <brooks@fairlawattorney.com>; brian <brian@fairlawattorney.com>
**Cc:** Gordon, Nalani <NGordon@gunster.com>
**Subject:** StratAir / Grant - Draft Joint Discovery Status Report

Brian and Brooks,

A court order [DE 29] requires the parties to file a Joint Discovery Status Report by Wednesday. We've prepared the attached draft.

Please fill in the highlighted placeholder regarding Plaintiffs' discovery and let us know if you have any proposed changes.

Thanks,

Roger

<image001.png>

**Roger W. Feicht** | Shareholder

777 South Flagler Drive, Suite 500 East

West Palm Beach, FL 33401

**p** 561.650.0729 | rfeicht@gunster.com

gunster.com | View my Bio | v Card

<StratAir_Garcia - Joint Discovery Status Report(40643742.1).docx>