FairLaw Firm

135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146

TEL 305.230.4884 FAX 305.230.4844

www.fairlawattorney.com

November 4, 2026

Via Email Only
Roger W. Feicht, Esq.
Nalani Alesia Gordon, Esq.
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 E.
West Palm Beach, FL 33401
rfeicht@gunster.com
ngordon@gunster.com

**Re:** ***Ivan Grant, et al. v. StratAir Aviation Services, LLC***
**Case No.: 1:25-cv-24505-KMM**
**Conferral Regarding StratAir's Supplemental RFP Responses**

Dear Roger and Nalani:

I write to provide a guide for today's conferral call regarding StratAir's September 23, 2026 Supplemental Responses to Plaintiffs' First Requests for Production (the "Responses") and StratAir's rolling productions Bates-labeled SAS-0470 through SAS-14853. At the October 28, 2026 Discovery Status Conference, the Court indicated that StratAir may either produce documents as they are kept in the usual course of business or identify the responsive documents by Bates number, but need not do both. Most of the Responses do neither.

## I. APPLICABLE STANDARD

A response must state, for each request, whether production will be made, and the production must be completed by a reasonable time specified in the response. Fed. R. Civ. P. 34(b)(2)(B). An objection must state whether any responsive materials are being withheld on that basis. Fed. R. Civ. P. 34(b)(2)(C). Responses that produce documents subject to objections, without stating whether production is complete or whether anything is being withheld, must be supplemented. *Mazpule v. Xenios Corp.*, 2021 U.S. Dist. LEXIS 114578, at *4–5 (S.D. Fla. June 19, 2021); *Great Lakes Ins. SE v. Sunset Watersports, Inc.*, 2021 U.S. Dist. LEXIS 211968, at *7–8 (S.D. Fla. Apr. 29, 2021). A party invoking the usual-course-of-business option bears the burden of showing that the documents were in fact produced as they are kept in the usual course of its business. *Mizner Grand Condo. Ass'n v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700–01 (S.D. Fla. 2010); *Quail Cruises Ship Mgmt. v. Agencia De Viagens CVC Tur Limitada*, 2012 U.S. Dist. LEXIS 198390, at *4–5 (S.D. Fla. Feb. 14, 2012). Documents culled from multiple sources or assembled for litigation are not produced as kept in the usual course of business, and the producing party must identify which documents respond to which request. *Seropian v. Wachovia Bank, N.A.*, 2011 U.S. Dist. LEXIS

174633, at *6–7 (S.D. Fla. Jan. 31, 2011) (ordering a Bates-number index); *Freestream Aircraft USA Ltd. v. Chowdry*, 2018 U.S. Dist. LEXIS 47380, at *4–5 (S.D. Fla. Mar. 22, 2018). Even a usual-course production must allow the requesting party to determine, with reasonable effort, which documents respond to which requests. *Henderson v. Holiday CVS, LLC*, 2010 U.S. Dist. LEXIS 156638, at *12–13, *18–19 (S.D. Fla. Aug. 11, 2010); *Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 U.S. Dist. LEXIS 63538, at *8–11 (S.D. Fla. Feb. 5, 2009). And a response stating that documents will be produced "to the extent they exist" is deficient because it "provides no reasonable means" to know "whether and which responsive documents exist." *Armor Screen*, 2009 U.S. Dist. LEXIS 63538, at *9–10.

## II. DEFICIENCIES COMMON TO MULTIPLE RESPONSES

### 1. No Bates Identification and No Usual-Course Representation

This category includes RFP Nos. 1–4, 8, 11, 14–18, 20–29, 33–50, 115–117, and 125. These responses state that StratAir "has produced" or "is producing" responsive documents but neither identify those documents by Bates number nor state that they were produced as kept in the usual course of business. StratAir's Responses state that StratAir "identifies such documents by Bates number where available," yet no Bates number cited anywhere in the Responses is higher than SAS-0469. None of the more than 14,000 pages produced on and after September 23, 2026 (SAS-0470 through SAS-14853) is identified in any response.

Much of that production cannot qualify as a usual-course production. For example, the electronically stored information at SAS-13694 through SAS-14393 consists of 128 emails and 154 attachments that StratAir collected from four custodians through targeted searches. It mixes RIF, staffing, SNI, and Amazon communications with unrelated material, such as Sky Airline Peru flight-schedule emails. Likewise, the personnel files, rosters, EEO data, and payroll records at SAS-0470 through SAS-14853 were compiled to comply with the Court's Order [DE 40]. See *Mizner*, 270 F.R.D. at 701; *Seropian*, 2011 U.S. Dist. LEXIS 174633, at *6–7. Your October email mapping certain ranges to certain requests is helpful, but it is not a sworn response and does not account for SAS-0470 through SAS-2205, SAS-13694 through SAS-14393, or SAS-5639 through SAS-7409.

### 2. Open-Ended Promises to Produce

This category includes RFP Nos. 42, 43, 51–83, 85–112, 118–124, 126–137, 141, 145, 146, and 148. Each response states that StratAir "is reviewing" documents and "will produce" responsive documents, without specifying when production will be completed, as Rule 34(b)(2)(B) requires. StratAir has not served any amended response confirming that production is complete. Plaintiffs cannot tell whether StratAir has produced documents responsive to these requests, which documents those are, or whether none exist. See *Armor Screen*, 2009 U.S. Dist. LEXIS 63538, at *9–10; *Great Lakes*, 2021 U.S. Dist. LEXIS 211968, at *8. Fact discovery closes December 11, 2026.

### 3. Objections Without a Withholding Statement

StratAir's responses to RFP Nos. 11–13, 21–23, 28, 138, and 145 assert objections without stating whether any responsive materials are being withheld, as Rule 34(b)(2)(C) requires. See *Mazpule*, 2021 U.S. Dist. LEXIS 114578, at *4–5. The responses to RFP Nos. 41, 44–47, and 50–54 limit production to "nonprivileged" documents. To the extent StratAir is withholding documents on the basis of privilege or work product, Plaintiffs request a privilege log.

## III. REQUEST-SPECIFIC DEFICIENCIES

Every response that neither identifies the responsive documents by Bates number nor states that they were produced as they are kept in the usual course of business, and identifies where they are located, is deficient for the reasons explained above. The responses below are examples of those deficiencies, not an exhaustive list, and several are deficient for the additional reasons noted. For the RFPs addressed in the Court's Order [ECF No. 40] (RFP Nos. 1–5, 8–9, 11, 17–18, and 20–27), the Court required StratAir to produce documents and serve amended responses by September 23, 2026. The parties conferred on the remaining RFPs after the hearing, and StratAir agreed to produce, supplement, or narrow as noted below.

| **RFP No(s).** | **Deficiency** |
|---|---|
| **1** | The response states that StratAir is producing SNI communications concerning the RIF but does not identify any. Plaintiffs request that StratAir identify them or state that none exist. |
| **2** | The Court ordered StratAir to produce all documents supporting its contention that a "business need" required the RIF. The response states that StratAir "is producing" MOP workbook spreadsheets and "will produce" workforce-planning workbooks, staffing information, labor-planning materials, and financial records, but it identifies none of them and does not state whether production is complete. Plaintiffs request that StratAir identify by Bates number each document on which it relies for its business-need contention. |
| **3** | The response states that StratAir is producing "financial statements, profit and loss information, balance sheets, trial balances, and related financial materials." Plaintiffs have located only budget, forecast, and "flash" workbooks (SAS-13667 through SAS-13693), and no financial statements, balance sheets, or trial balances. Plaintiffs request that StratAir identify those documents by Bates number or confirm that they were not produced. |
| **4** | The Court ordered StratAir to produce communications with Amazon or any other client concerning staffing levels, workload, cargo volume, flight schedules, contract modifications, or service requirements from October 1, 2023 through March 31, 2024. The response states that StratAir is producing workforce-planning workbooks, "contracts and work orders with Amazon," and "other responsive communications," but it identifies none of them. Plaintiffs have not located any Amazon contracts or work orders. The ESI |

| **RFP No(s).** | **Deficiency** |
|---|---|
| | at SAS-13694 through SAS-14393 includes some Amazon communications, but the response does not identify which documents StratAir contends are responsive or state whether production is complete. |
| **8** | RFP No. 8 covers January 1, 2023 through February 1, 2024 under the Court's Order, but Plaintiffs have not located records of terminations from January through June 2023. |
| **9** | The Court required StratAir to produce responsive documents from January through July 2024 or "clearly state so" if none exist. The response states that StratAir "has produced documents reflecting job assignments and shifts of employees prior to the January 2024 reduction in force" but does not identify what those documents are. |
| **11** | The Court ordered that, "[t]o the extent already produced, Defendant will supplement its response to identify the document by bates number." The response states only that StratAir "has produced onboarding and personnel files related to Plaintiffs" and "is producing onboarding documents contained within the personnel files of employees in response to other requests." It does not identify any roster or hiring records, or any other document, by Bates number. The response also continues to assert objections the Court addressed. |
| **17, 18, 20, 21, 23, 24, and 27** | None of these responses identifies the attendance, payroll, or personnel-file documents produced in response. For RFP Nos. 21, 23, and 24, Plaintiffs request that StratAir also confirm whether retained employees who later separated are included, because SAS-7410 through SAS-13666 is labeled as current-employee files. |
| **22 and 26** | Neither response states whether any responsive performance evaluations exist. |
| **25** | Plaintiffs have located leave-of-absence records (SAS-0691 through SAS-0693) but no UKG attendance records or time-off request forms, both of which the Court ordered. |
| **28 and 29** | After the hearing, StratAir agreed to produce UKG/electronic attendance records and time-off request forms from July 2023 through January 2024 (RFP No. 28), and responsive supervisor communications and notes from six months before the RIF through January 2024 (RFP No. 29). The responses describe StratAir's collection efforts but identify no documents. |
| **33** | StratAir agreed to produce records for six months before and after the RIF. The response cites only pre-hearing documents (SAS-0001 through SAS-0008; SAS-0466 through SAS-0469) and does not identify the employee lists and EEO data later produced. |
| **34–40** | StratAir agreed to produce responsive communications of Jorge Corral, Dora Costa, Armando Portales Viera, Gisela Barrera, Jose Alverio, and Lidier Leon (and Javier, for RFP No. 40) through January 2024, including WhatsApp messages for RFP Nos. 34–36. The responses describe email and Teams searches but identify no communications produced, and the responses to RFP Nos. 34–36 do not state whether WhatsApp messages were searched or produced. |
| **41–46** | The responses describe searches for age-, race-, national-origin-, and staffing-related communications but identify no communications produced. RFP Nos. 42 and 43 state |

| **RFP No(s).** | **Deficiency** |
|---|---|
| | that StratAir is still "reviewing the results." StratAir also agreed to search for documents responsive to RFP No. 46(b). |
| **47** | The response states both that "no additional employee handbooks were maintained" and that StratAir "is producing responsive, nonprivileged documents," without identifying any. |
| **48 and 49** | The responses state that StratAir "has produced" the requested policies but do not identify them. |
| **50–54** | StratAir agreed to produce training materials and complaint records limited to the decision-makers identified above. The responses state that StratAir is producing or "will produce" documents but identify none. |
| **55, 59, and 96** | The responses identify only Mr. Laffita Ortiz's email (SAS-0464 through SAS-0465) and state that StratAir is still reviewing additional documents. StratAir also agreed to check for additional investigative materials (RFP No. 96). Plaintiffs request that StratAir identify any additional documents or confirm that production is complete. |
| **56–58, 60–83, 85–88, 91–95, 97–105, 107, and 108** | Each response describes StratAir's collection efforts and states that StratAir "is reviewing" documents and "will produce" them, but none identifies a single document. That includes the requests StratAir agreed to supplement or narrowed during conferral (e.g., RFP Nos. 60–65, 69, 70, 72, 81, 83, 85, and 87). |
| **89** | The response cites SAS-0001 through SAS-0012 and refers to Mr. Pinto Sumoza's personnel records and EEOC position statement without Bates numbers, and states that StratAir "will produce responsive documents" without identifying any. |
| **90** | During conferral, StratAir indicated that there was nothing further to produce, but the response states that StratAir "will produce responsive documents." Plaintiffs request that StratAir reconcile the response. |
| **106, 109, and 110** | StratAir agreed to amend these responses to make them more specific. The responses still identify no documents supporting StratAir's after-acquired-evidence, no-replacement, or same-decision defenses. |
| **111 and 112** | StratAir agreed to produce employee schedules from six months before through three months after the RIF. The responses refer to MOP workbooks and "related records" that StratAir "will produce" but do not identify them. |
| **115** | RFP No. 115 seeks all insurance policies that may provide coverage for Plaintiffs' claims, including EPLI policies in effect from 2023 through the present. StratAir produced only the declarations page of its EPLI policy, and the response does not identify that page by Bates number. A declarations page is not the policy, and StratAir must make the full insurance agreement available for inspection and copying. See Fed. R. Civ. P. 26(a)(1)(A)(iv). Plaintiffs request that StratAir produce the complete policy, including all endorsements and exclusions, along with any other policy that may provide coverage, or state that no other policy exists. |

| RFP No(s). | Deficiency |
|---|---|
| **116 and 117** | The responses state that StratAir is producing financial records but identify none. Plaintiffs have located only the budget and forecast workbooks at SAS-13667 through SAS-13693. |
| **118–121** | Your October email identifies SAS-2206 through SAS-2667 as responsive, but the responses still state that StratAir is reviewing documents and "will produce" them. Plaintiffs request amended responses identifying that range and confirming that production is complete. |
| **122, 123, 124, and 126–128** | Each response states that StratAir is reviewing documents and "will produce" them but identifies none. |
| **129–133, 135, and 136** | These responses cite only pre-hearing productions (SAS-0001 through SAS-0469) and state that StratAir will produce additional roster, demographic, EEO, and workforce records. StratAir agreed to supplement these responses (and, for RFP No. 136, to produce EEO forms), but they do not identify the later-produced employee lists, EEO data, MOP workbooks, or payroll records. |
| **134** | StratAir indicated during conferral that no responsive documents exist, but the response cites documents concerning the January 2024 RIF and states that StratAir will produce additional documents. Plaintiffs request that StratAir clearly state whether any responsive documents exist. |
| **137** | The response states that StratAir collected "the SNI contract and related materials" and "will produce" them, but identifies none. |
| **141, 145, 146, and 148** | These responses cite only pre-hearing productions and state that StratAir will produce additional documents. StratAir agreed to supplement RFP Nos. 141, 146, and 148, but none of these responses identifies the documents produced. |

## IV. REQUESTED RELIEF

Plaintiffs request that StratAir serve amended responses that, for each request: (1) identify the responsive documents by Bates number or, if StratAir contends they were produced as kept in the usual course of business, say so and identify where they are located; (2) state whether production is complete; (3) state whether any documents are being withheld on the basis of an objection; and (4) clearly state when no responsive documents exist. Given the December 11, 2026 discovery deadline, Plaintiffs request amended responses by November 11, 2026. Otherwise, Plaintiffs intend to raise these issues with the Court. I remain available to confer further.

Very truly yours,



P. Brooks LaRou, Esq.
brooks@fairlawattorney.com