UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

Defendant.
_______________________________/

**PARTIES' LEGAL AUTHORITIES FOR DISCOVERY HEARING**

**PLAINTIFFS' LEGAL AUTHORITIES**

**I. StratAir's Supplemental Responses to Plaintiffs' First Requests for Production**

**A. A Rule 34 response must state whether production will be made and when it will be completed, and each objection must state whether responsive materials are being withheld; a response that leaves the requesting party unable to tell whether and which responsive documents exist is deficient (Fed. R. Civ. P. 34(b)(2)(B)–(C)).**

**Fed. R. Civ. P. 34(b)(2)(B)–(C)**
Holding: A responding party that elects to produce copies must complete production "no later than the time for inspection specified in the request or another reasonable time specified in the response," and "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."

***New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 U.S. Dist. LEXIS 25731, at *15–16 (S.D. Fla. Apr. 6, 2007)**
Holding: Rule 34 requires specific responses and objections, and the requesting party "is entitled to a clear representation from Defendant that all responsive documents with regard to a given issue have been produced. That is a right a party has under Rule 34."

***Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-CIV, 2009 U.S. Dist. LEXIS 63538, at *9–11 (S.D. Fla. Feb. 5, 2009)**
Holding: A response stating that responsive documents will be made available "to the extent they exist" "does not constitute a clear response and provides no reasonable means for Defendant to know precisely whether and which responsive documents exist." The court ordered the producing party to state whether responsive documents exist and to supplement its responses "in a manner that allows Defendant to reasonably ascertain which documents are responsive to which requests."

**B. A party that elects to produce documents as they are kept in the usual course of business bears the burden of showing that it did so; documents collected from multiple sources or assembled for litigation are not usual-course business records, and the producing party must identify which documents respond to which request (Fed. R. Civ. P. 34(b)(2)(E)(i)).**

***Mizner Grand Condo. Ass'n v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700–01 (S.D. Fla. 2010)**
Holding: A party that claims it produced documents as they are kept in the ordinary course of business "bears the burden of demonstrating that fact." Documents "accumulated during a specific, non-routine occurrence" are, "by their very nature," not business records under Rule 34(b)(2)(E)(i), and the producing party must provide "some modicum of information" about how the documents are ordinarily kept. Sorting through a production to locate responsive documents is "a task that Rule 34(b)(2)(E)(i) clearly assigns to the producing party."

***Seropian v. Wachovia Bank, N.A.*, No. 10-80397-CIV, 2011 U.S. Dist. LEXIS 174633, at *6–7 (S.D. Fla. Jan. 31, 2011)**
Holding: Where the producing party had not stated that it produced documents as they are kept in the usual course of business, and its Bates-numbered production had "clearly been culled from multiple accounts and sources," the production fell under the second prong of Rule 34(b)(2)(E)(i). The court ordered the producing party "to provide a Bates number index or some other means of identifying which of its documents are responsive to Plaintiffs' requests."

## II. StratAir's Objections to Plaintiffs' Rule 30(b)(6) Deposition Topics

**A. Rule 30(b)(6) is self-executing: a corporation serves its objections to noticed topics before the deposition, must produce a witness prepared to testify on the noticed topics, and is not entitled to a pre-deposition ruling on anticipatory relevance objections (Order Setting Discovery Procedures [ECF No. 8 at 8]; Fed. R. Civ. P. 30(b)(6)).**

***King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)**
Holding: "Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice." If the designee cannot answer those questions, "the corporation has failed to comply with its Rule 30(b)(6) obligations and may be

subject to sanctions." Rule 30(b)(6) "should not be read to confer some special privilege on a corporate deponent responding to this type of notice."

***New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 U.S. Dist. LEXIS 25731, at *9–11 (S.D. Fla. Apr. 6, 2007)**
Holding: Denying a corporate defendant's pre-deposition motion for protective order directed to the topics in a Rule 30(b)(6) notice, the court held that the Rule "is intended to be self-executing and must operate extrajudicially," and that its proper operation "does not require, and indeed does not justify, a process of objection and Court intervention prior to the schedule[d] deposition," because that "would provide a corporate deponent a procedural benefit that no other deponent has." The corporation should serve its objections, and the requesting party may "seek to compel additional answers if necessary, following the deposition."

***Case v. Bank of Am., N.A.*, No. 0:25-cv-61198, 2026 U.S. Dist. LEXIS 186859, at *3–6 (S.D. Fla. Aug. 14, 2026)**
Holding: Applying New World Network, the court denied a corporate defendant's motion for protective order seeking to narrow or strike eight of eleven noticed Rule 30(b)(6) topics. The court explained that it "cannot rule on Defendant's objections in a vacuum and absent specific questions," that the defendant could preserve its objections during the deposition under Rule 30(c)(2), and that the deposition "must occur . . . as scheduled."

**B. A corporation must prepare its designee on the noticed topics using all information reasonably available to it, including documents, prior testimony, and former employees; it may not substitute its document production or interrogatory answers for Rule 30(b)(6) testimony, and the burden of preparation does not excuse compliance (Fed. R. Civ. P. 30(b)(6)).**

***Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1322 (11th Cir. 2022)**
Holding: The corporation's duty to prepare a Rule 30(b)(6) witness extends, "beyond matters personally known to [the] designee," to all information reasonably available to the corporation, "whether from documents, past employees, or other sources." If the designee cannot answer questions on the subject matter he was designated to address, the corporation has failed to satisfy its obligation to prepare the designee and may be subject to sanctions. The Court's statement that a Rule 30(b)(6) deposition "is not a memory test" addressed whether a designee's imperfect answers warranted sanctions after the deposition.

***QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012)**
Holding: A corporation with no current knowledgeable employees "must prepare its designees by having them review available materials, such as fact witness deposition testimony, exhibits to depositions, documents produced in discovery, materials in former employees' files and, if necessary, interviews of former employees or others with knowledge." A corporation "may not take the position that its documents state the company's position and that a corporate deposition is therefore unnecessary," and "cannot point to interrogatory answers in lieu of producing a live, in-person corporate representative designee." "Preparing a Rule 30(b)(6) designee may be an onerous

and burdensome task, but this consequence is merely an obligation that flows from the privilege of using the corporate form to do business."

***Orlando Torah Ctr., Inc. v. Orange Cnty.*, No. 6:25-cv-01463-PGB-LHP, 2026 U.S. Dist. LEXIS 235143, at *11 (M.D. Fla. Oct. 15, 2026)**
Holding: Rejecting the defendant's argument that it need not provide Rule 30(b)(6) testimony on topics because it had otherwise produced responsive information in discovery, the court applied QBE's holding that a corporation "may not take the position that its documents state the company's position and that a corporate deposition is therefore unnecessary." The court also compelled testimony on the defendant's answer and affirmative defenses, holding that "[f]acts supporting a party's claim or defense are not privileged or protected," that the defendant's undue-burden contentions were unsupported, and that the defendant "simply cannot refuse to provide a representative and/or testify about those topics wholesale."

**C. Evidence of discrimination against other employees is relevant to the employer's intent to discriminate and is discoverable.**

***Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1285–86 (11th Cir. 2008)**
Holding: "Me too" evidence of discrimination against the plaintiff's co-workers "was admissible, under Rule 404(b), to prove the intent of Bagby Elevator to discriminate and retaliate," particularly where the co-workers were subjected to decisions by the same supervisors. The evidence was also probative of whether the employer's antidiscrimination and antiretaliation policies were effective.

***Marin v. JM Auto, Inc.*, No. 10-61072-CIV, 2011 U.S. Dist. LEXIS 165459, at *9–10 (S.D. Fla. Mar. 10, 2011)**
Holding: Applying Goldsmith, the court overruled the employer's relevance objection to discovery about another employee's discrimination claim, explaining that documents "pertaining to the hiring and termination of coworkers are relevant under Federal Rule of Civil Procedure 26(b)(1)" because, "by revealing the treatment of other employees, such documents may establish general patterns of improper discrimination as well as the employer's knowledge of that discrimination."

## III. The Scheduling and Duration of StratAir's Rule 30(b)(6) Deposition

**A. Each person an organization designates under Rule 30(b)(6) may be deposed for up to seven hours, and the Court must allow additional time if needed to fairly examine the deponent (Fed. R. Civ. P. 30(d)(1)).**

**Fed. R. Civ. P. 30(d)(1) & Advisory Committee's Note to 2000 Amendment**
Holding: "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." The Advisory Committee's Note provides that, "[f]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

***Belfor USA Grp., Inc. v. Bray & Gillespie, LLC*, No. 6:05-cv-1624, 2007 U.S. Dist. LEXIS 117767, at *7–9 (M.D. Fla. Apr. 23, 2007)**
Holding: Although a Rule 30(b)(6) deposition counts as a single deposition toward the ten-deposition limit, "the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition" for purposes of the seven-hour durational limit, so it is "entirely possible that a Rule 30(b)(6) deposition will last more than one day if the organization designates more than one person." The court recognized that the second designee's Rule 30(b)(6) deposition "has a presumptive time limit of seven hours."

***Adventist Health Sys./Sunbelt, Inc. v. Med. Sav. Ins. Co.*, No. 6:03-cv-1121, 2005 U.S. Dist. LEXIS 60199, at *4–5 (M.D. Fla. May 6, 2005)**
Holding: "It is improper to refuse to produce a witness merely because a motion for protective order is pending." Where the noticing party reserved only one seven-hour day for a Rule 30(b)(6) deposition at which the organization produced several designees, the court observed that the noticing party "might have been justified in scheduling one day of seven hours for each representative produced," citing the Advisory Committee's Note to the 2000 Amendment to Rule 30(d).

***Mitchell v. Town of Hayneville*, No. 2:20-cv-00252-MHT-SRW, 2021 U.S. Dist. LEXIS 273787, at *3–6 (M.D. Ala. Mar. 18, 2021)**
Holding: Quoting the Advisory Committee's Note to the 2000 Amendment to Rule 30(d), the court found that a proposal permitting the plaintiff "up to seven hours to depose each designated witness" under Rule 30(b)(6) "accurately reflect[s] a general statement of the law," though it declined to write the provision into the discovery plan because the Federal Rules already address the issue.

## STRATAIR'S LEGAL AUTHORITIES

***Henderson v. Holiday CVS, LLC*, No. 09-80909-CIV, 2010 WL 11505168, at *3, *5 (S.D. Fla. Aug. 11, 2010)** (holding that a party producing documents as kept in the usual course of business may "provide a key, index or other device to assist the responding party in locating the responsive documents," and declining to order the producing party "to go through each of the documents produced and prepare an index specifying as to each document, which request it is responsive to").

***Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-CIV, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009)** (applying the standard of "whether the production allows the requesting party to reasonably determine what documents are responsive to its requests. If it does, the production complies with Rule 34(b)(2)(E)(i).").

***Gulf Atl. Constructors, Inc. v. Webb, LLC*, No. 3:23cv24674/TKW/ZCB, 2025 WL 5278578, at *2–3 (N.D. Fla. Sept. 19, 2025)** (applying "subpart (i) to paper documents and subpart (ii) to ESI," and finding compliance where ESI was produced "in multiple reasonably usable forms—i.e., image format, searchable .pdf format, and native file format").

***Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 701 (S.D. Fla. 2010)** (explaining that a usual-course production requires "some modicum of information" about how documents are kept, ideally "the identity of the custodian or person from whom the documents were obtained, ... assurance that the documents have been produced in the order in which they are maintained, and a general description of the filing system from which they were recovered").

***Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005)** ("Only current financial documents are relevant to a claim for punitive damages.").

***Anderson v. Premier Beverage Co., LLC*, No. 09-61143-CIV, 2010 WL 11505127, at *2 & n.2 (S.D. Fla. Jan. 22, 2010)** (finding that "a party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) the existence of a compelling need for the tax returns because the information contained therein is not otherwise readily obtainable").

***Urban v. WESCO Distribution, Inc.*, No. 10-80782-CIV, 2011 WL 13227800, at *6 (S.D. Fla. June 9, 2011)** (employment-discrimination case; denying motion to compel corporate employer's tax returns where plaintiff "ha[d] not demonstrated that the financial documents already produced are insufficient to calculate punitive damages").

***Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1322 (11th Cir. 2022)** ("[A] Rule 30(b)(6) deposition is not a memory test, and '[a]bsolute perfection is not required of a ... witness.'") .

***Trump Media & Tech. Grp. Corp. v. WP Co. LLC*, No. 8:23-cv-01535-TPB-AAS, 2026 WL 1980595, at *3 (M.D. Fla. Mar. 5, 2026)** ("Requiring The Post's 30(b)(6) witness to prepare on topics beyond the statements at issue is overly burdensome and in violation of the proportionality restraints of Federal Rule of Civil Procedure 26.").

**Fed. R. Civ. P. 26(c)(1)** ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters ....").

**Fed. R. Civ. P. 30(b)(6)** ("In its notice or subpoena, a party may name as the deponent a public or private corporation ... and must describe with reasonable particularity the matters for examination. ... The persons designated must testify about information known or reasonably available to the organization.").

**Fed. R. Civ. P. 34(b)(2)(E)** ("Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information: (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; (ii) If a request does not specify a form for

producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) A party need not produce the same electronically stored information in more than one form.").

Respectfully submitted this 18th day of November 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*