# Armor Screen Corp. v. Storm Catcher, Inc.

United States District Court for the Southern District of Florida

February 5, 2009, Decided

Case No. 07-81091-Civ-Ryskamp/Vitunac

**Reporter**
2009 U.S. Dist. LEXIS 63538 *; 2009 LX 97037

ARMOR SCREEN CORPORATION, a Florida Corporation, Plaintiff, vs. STORM CATCHER, INC., a Florida Corporation, et al., Defendants.

**Subsequent History:** Motion denied by *Armor Screen Corp. v. Storm Catcher, Inc., 2009 U.S. Dist. LEXIS 17136 (S.D. Fla., Feb. 23, 2009)*

**Prior History:** *Armor Screen Corp. v. Storm Catcher, Inc., 2008 U.S. Dist. LEXIS 106370 (S.D. Fla., Nov. 24, 2008)*

**Counsel:** [*1] For Armor Screen Corporation, a Florida corporation, Plaintiff, Counter Defendant: Jeremy Dutra, John A. Burlingame, LEAD ATTORNEYS, Squire Sanders & Dempsey, Washington, DC; Robert C. L. Vaughan, LEAD ATTORNEY, Javier Asis Lopez, Squire Sanders & Dempsey LLP, Miami, FL.

For Munn Reynolds Dodd, Intervenor Plaintiff, Intervenor Defendant: John Fulton, Jr., LEAD ATTORNEY, Malloy & Malloy, Miami, FL.

For FCCI Insurance Group, Inc., Intervenor Plaintiff: Peter Scott Baumberger, LEAD ATTORNEY, Law Offices of Kubicki Draper, Miami, FL.

For Storm Catcher Inc., a Florida corporation, Defendant; Andrew William Ransom, Benjamin Michael Hanrahan, John Fulton, Jr., LEAD ATTORNEYS, David Andrew Gast, Malloy & Malloy, Miami, FL; Clifford Lawrence Rostin, Kaplan Zeena, Miiami, FL; Oliver Alan Ruiz, Raquel Aurora Regalado-Herrera, Malloy & Malloy, P.A., Miami, FL.

For Storm Smart Building Systems, Inc., a Florida corporation, Smart Tracks, Inc., a Florida corporation, Defendants: Andrew William Ransom, Benjamin Michael Hanrahan, David Andrew Gast, John Fulton, Jr., LEAD ATTORNEYS, Malloy & Malloy, Miami, FL; Raquel Aurora Regalado-Herrera, LEAD ATTORNEY, Malloy & Malloy, P.A., Miami, FL; Clifford Lawrence [*2] Rostin, Kaplan Zeena, Miiami, FL.

For Brian Rist, an individual, Defendant: Andrew William Ransom, Benjamin Michael Hanrahan, John Fulton, Jr., LEAD ATTORNEYS, David Andrew Gast, Malloy & Malloy, Miami, FL; Raquel Aurora Regalado-Herrera, LEAD ATTORNEY, Malloy & Malloy, P.A., Miami, FL; Clifford Lawrence Rostin, Kaplan Zeena, Miiami, FL.

For Stephen Johnson, an individual, Defendant: Lawrence D. Smith, Michael R. Jenks, Thomas Joseph Caldwell, LEAD ATTORNEYS, Walton Lantaff, Miami, FL.

For Storm Smart Industries, Inc., Storm Smart Sales, Inc., Defendants: Andrew William Ransom, Benjamin Michael Hanrahan, David Andrew Gast, LEAD ATTORNEYS, Malloy & Malloy, Miami, FL; Raquel Aurora Regalado-Herrera, LEAD ATTORNEY, Malloy & Malloy, P.A., Miami, FL.

For Storm Catcher Inc., a Florida corporation, Counter Claimant: Andrew William Ransom, LEAD ATTORNEY, David Andrew Gast, Malloy & Malloy, Miami, FL.

For Armor Screen Corporation, a Florida corporation, Counter Defendant: Javier Asis Lopez, Squire Sanders & Dempsey LLP, Miami, FL.

For Storm Catcher Inc., a Florida corporation, Counter Claimant: Andrew William Ransom,John Fulton, Jr., LEAD ATTORNEYS, Malloy & Malloy, Miami, FL; Clifford Lawrence [*3] Rostin, Kaplan Zeena, Miiami, FL.

For Storm Catcher Inc., a Florida corporation, Storm Smart Industries, Inc., Storm Smart Sales, Inc., Counter Claimants: Andrew William Ransom, LEAD ATTORNEY, Malloy & Malloy, Miami, FL.

For Brian Rist, an individual, Smart Tracks, Inc., a Florida corporation, Storm Catcher Inc., a Florida corporation, Storm Smart Building Systems, Inc., a Florida corporation, Counter Claimants: Andrew William Ransom,John Fulton, Jr., LEAD ATTORNEYS, Malloy & Malloy, Miami, FL; Clifford Lawrence Rostin, Kaplan Zeena, Miiami, FL.

**Judges:** ANN E. VITUNAC, United States Magistrate Judge.

**Opinion by:** ANN E. VITUNAC

## Opinion

ORDER

THIS CAUSE is before this Court on Order of Reference (DE 64), filed May 16, 2008, from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court." Pending before the Court is Defendant Stephen Johnson's Motion to Compel Better Responses to His Second Request for Production to Plaintiff (DE 176), filed December 15, 2008. Plaintiff filed a Response (DE 181) on January 2, 2009. Defendant filed a Reply (DE 182) on January 12, 2009. The matter is now ripe [*4] for review.

PARTIES' CONTENTIONS

Defendant asks this Court to compel Plaintiff to "clarify its responses and produce any and all documents that satisfy [the] requests" set forth in his second request for production. Specifically, Defendant claims that Plaintiff's responses to requests 1-4, 8-15, and 17-21 are deficient. In the Motion's first twenty pages, Defendant essentially repeats verbatim the same argument for each request at issue. Defendant's argument boils down to three contentions. First, Defendant contends that Plaintiff's responses are "evasive and defective" in that Plaintiff "did not supply enough information in most of its responses which would allow Johnson to know with any certainty if the Plaintiff has or does not have any documents" responsive to his requests. Additionally, Defendant claims that Plaintiff's offer for him to "conduct a second on-site review of [its] records as they are kept in the ordinary course of business" would require "days of document review and would be akin to looking for a needle in the hay stack." Second, Defendant contends that the "boilerplate statement…used by the Plaintiff in almost every single response" stating that Plaintiff "will make [*5] responsive documents, to the extent they exist, available for inspection at a mutually agreeable date and time" violates the manner of response requested by Defendant. Defendant argues that Plaintiff should be compelled to comply with his specific request for Plaintiff to either provide copies of the documents with a bill for reasonable copy expenses or deliver them to a copy service for copying, either option of which would be payable by Defendant. Third, Defendant contends that Plaintiff's practice of interposing objections to some responses, followed by the statement "subject to and without waiving" those objections. Plaintiff "will make responsive documents, to the extent they exist, available for inspection" leaves Defendant unclear as to whether or not the documents exist. Defendant asks this Court to compel Plaintiff to "respond and either supply the requested materials or object with specificity."

Plaintiff counters that its responses fully comport with *Federal Rule of Civil Procedure 34(b)(2)(D)*, Plaintiff claims that, in light of its offer to make all responsive documents available, it is "indefensible" for Defendant to argue that Plaintiff's responses are evasive and defective. [*6] Plaintiff maintains that *Rule 34* does not permit a requesting party to dictate the manner of production by the producing party. Plaintiff maintains that providing responsive documents as they are kept in the regular course of business complies with *Rule 34*. Plaintiff asserts that it should not be forced to incur the costs of review necessitated by Defendant's requests, especially considering that this is the second inspection demanded by Defendant. Plaintiff contends that the fact that his co-defendants have agreed to conduct a second on-site review of Plaintiff's records, a review Defendant declines to engage in, leads Plaintiff to conclude that Defendant's request is "pure harassment" designed to increase Plaintiff's litigation costs.

DISCUSSION

District courts are entitled to broad discretion and authority in controlling and managing pretrial discovery matters to ensure that cases move to a reasonably timely and orderly conclusion. *Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)*; *Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir.1993)*. The Federal Rules of Civil Procedure allow for broad discovery of material that does not need to be admissible at trial. *Fed. R. Civ. P. 26(b)(1)*; [*7] *Oppenheimer Fund. Inc., v. Sanders, 437 U.S. 340, 351-52, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)*. Discovery is designed to help define and clarify the issues in a case. See *Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451(1947)*.

*Federal Rule of Civil Procedure 34* governs requests for document production. *Rule 34(b)(1)* states that a requesting party "must describe with reasonable particularity each item or category of items to be inspected" and "must specify a reasonable time, place,

and manner for the inspection and for performing the related acts." Rule 34(b)(2)(B) requires a responding party to, for each item or category, "either state that the inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(E)(i) permits a party responding to a request for production to either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request."

The instant dispute highlights the need to balance Rule 34(b)(2)(E)(i)'s legitimate purpose of alleviating a responding party's burden of production while reasonably assuring a requesting party's ability to obtain discoverable documents [*8] under Rule 26(b)(1). Rule 34 is generally designed to facilitate discovery of relevant information by preventing "attempt[s] to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." *Williams v. Taser Int'l, Inc., No. 1:06-CV-0051-RWS, 2006 U.S. Dist. LEXIS 47255, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006)*.

A producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect. See Fed. R. Civ. P. 34 advisory committee's note (1980 amendment follows recommendation in report noting it to be "not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance"). While Rule 34 does not obligate a producing party to per se organize and label usable documents for the requesting party's convenience, a party exercising Rule 34's option to produce records as they are kept in the usual course of business should "organize the documents in such a manner that [the requesting party] may obtain, with reasonable effort, the documents responsive to their requests." *Williams, 2006 U.S. Dist. LEXIS 47255, 2006 WL 1835437, at *7*.

In light of the foregoing discovery principles, the standard [*9] this Court will use in determining what is required will be whether the production allows the requesting party to reasonably determine what documents are responsive to its requests. If it does, the production complies with Rule 34(b)(2)(E)(i). If it does not, then the production does not comply.

As a preliminary matter, the Court has reviewed the document requests and responses and finds that request 2 is unrelated to the claims or defenses in this case and is not calculated to lead to admissible evidence. Additionally, request 14 is duplicative of request 4. Similarly, requests 15, 19 and 20, are duplicative of request 3. Thus, Plaintiff need not supplement its responses to requests 2, 14, 15, 19, and 20.

As to requests 1, 3, 9, 10, 12, 17 and 20, Plaintiff responds by objecting, but then states that "subject to and without waiving the foregoing objection, [Plaintiff] will make responsive documents, to the extent they exist, available for inspection." This response does not constitute a clear response and provides no reasonable means for Defendant to know precisely whether and which responsive documents exist. Rule 34(b)(2)(B) requires Plaintiff, as the responding party to either state [*10] that an inspection will be permitted *or* object with reasons. Thus, as to these requests, this Court orders Plaintiff to either object with specificity or more precisely inform Defendant of the existence of documents responsive to these requests, but not both.

For instance, request 1 seeks a list or roster of persons "who Plaintiff believes have personal knowledge of the wrongful acts claimed against Defendant Stephen Johnson," while request 9 seeks a list or roster of persons "who Plaintiff believes were misled or deceived by any claimed false advertising by Defendants, that resulted in lost sales by [Plaintiff]." While the Court agrees that Plaintiff is not required to create new documents, the Court orders Plaintiff to clarify its response by stating whether the requested lists are maintained in the ordinary course of Plaintiff's business. If so, Plaintiff must produce them.

Plaintiff responds to requests 4, 8, 11, 13, 18, and 21 by stating that it "will make responsive documents available for inspection." The Court presumes this to mean that responsive documents exist and orders Plaintiff to supplement its responses to these requests in a manner that allows Defendant to reasonably [*11] ascertain which documents are responsive to which requests.

After Plaintiff supplements its responses, the Court orders Plaintiff and Defendant to communicate in good faith to complete the document production by agreeing to a reasonable time, place, and manner for inspection of responsive documents. This Court will not condone any attempt by Defendant to overburden Plaintiff regarding Plaintiff's manner of production. Plaintiff satisfies its Rule 34 obligations by reasonably identifying responsive documents and then making those documents available for inspection as they are kept in the ordinary course of business, so long as the

Page 4 of 4


production allows Defendant to obtain the documents with reasonable effort.

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Compel Better Responses to His Second Request for Production to Plaintiff (DE 176) is GRANTED in part and DENIED in part as follows:

(1) Plaintiff shall supplement its responses to requests 1, 3, 9, 10, 12, 17, and 20, by either objecting with specificity or more precisely inform Defendant of the existence of documents responsive to these requests

(2) Plaintiff shall supplement its responses to requests 4, 8, 11, [*12] 13, 18, and 21 in a manner that allows Defendant to reasonably ascertain which documents are responsive to his requests.

(3) Plaintiff shall submit its supplemental responses to the above requests to Defendant on or before February 10, 2009.

(4) Plaintiff and Defendant shall communicate in good faith to complete the document production at issue by agreeing to a reasonable time, place, and manner for inspection of responsive documents. Such inspection shall occur on or before February 13, 2009.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 5th day of February, 2009.

/s/ Ann E. Vitunac

ANN E. VITUNAC

United States Magistrate Judge

---

End of Document