# Mizner Grand Condo. Ass'n v. Travelers Prop. Cas. Co. of Am.

United States District Court for the Southern District of Florida

November 18, 2010, Decided; November 18, 2010, Entered on Docket

CASE NO. 09-82280-CIV-MARRA/JOHNSON

**Reporter**
270 F.R.D. 698 *; 2010 U.S. Dist. LEXIS 123656 **; 77 Fed. R. Serv. 3d (Callaghan) 1349

MIZNER GRAND CONDOMINIUM ASSOCIATION, INC., Plaintiff, vs. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, MILLER & SOLOMON GENERAL CONTRACTORS, INC., and BOCA MARINA, LTD., Defendants.

**Prior History:** *Mizner Grand Condo. Ass'n v. Travelers Prop. Cas. Co. of Am., 2010 U.S. Dist. LEXIS 52507 (S.D. Fla., May 24, 2010)*

**Counsel:** [**1] For Mizner Grand Condominium Association, Inc., Plaintiff: David K. Friedman, Seth Adam Kolton, William John Cornwell, Weiss Handler Angelos & Cornwell PA, Boca Raton, FL.

For Travelers Property Casualty Company of America, formerly known as The Travelers Indemnity Company of Illinois, Defendant: Eric Hiller, Sina Bahadoran, Hinshaw & Culbertson, Miami, FL.

**Judges:** Linnea R. Johnson, United States Magistrate Judge.

**Opinion by:** Linnea R. Johnson

## Opinion

[*699] **ORDER ON MOTION TO COMPEL DISCOVERY**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Discovery [DE 49]. The matter is fully briefed and ripe for review. The Court has carefully considered the filings of the parties and is otherwise fully advised in the premises.

### I. BACKGROUND

The instant action revolves around a breach of contract claim brought by Plaintiff Mizner Grand Condominium Association, Inc. ("Mizner") against Defendant Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, and Defendant The Travelers Indemnity Company of America (collectively "Travelers"). Originally, on April 14, 2003, Mizner brought suit in Florida circuit court against Defendants Boca Marina, Ltd. ("Boca") and Miller & Solomon Contractors, [**2] Inc. ("M&S"), alleging that Boca and M&S were to blame for numerous construction defects at the Mizner Grand Condominium. M&S was the general contractor for the condominium, and was insured under commercial general liability policies with Travelers. Boca was the developer of the condominium, and claimed that it was an additional insured under M&S's policies. During the course of Mizner's suit against Boca, Boca requested coverage from Travelers as an additional insured, but Travelers refused to defend or indemnify Boca.

Mizner, Boca, and M&S executed a Mediated Settlement Agreement which resolved Mizner's construction defect claims. Travelers's failure to defend and indemnify Boca, however, purportedly caused Boca to default on its obligations under the settlement agreement, particularly its obligation to pay for third-party contractor work to remedy the defects. In consideration of Mizner's forbearance from suit against Boca, Boca assigned any claims it may have had under the insurance policy to Mizner. [1] In turn, Mizner brought the instant action against Travelers for breach of contract and declaratory judgment.

In the instant [**3] motion, Travelers moves to compel responses to Request Nos. 4 and 10 of its First Request for Production and to Request Nos. 3, 4, 5, and 6 of its Second Request for Production. [2] Travelers argues that

---

[1] Boca and M&S are present in this suit as nominal defendants.

[2] Travelers also moved to compel a response to Request No. 9

Page 2 of 3


Mizner has shirked its discovery obligations by offering for inspection approximately 100,000 unsegregated and uncategorized [*700] documents. According to Travelers, Mizner's counsel "merely selected portions of its files that it deemed relevant, placed them in bankers boxes, and assembled the boxes in a conference room." DE 49 at 7. Travelers argues that this overly generous production is an evasive tactic that does little to respond to its discovery requests.

In opposing Travelers's motion, Mizner does not argue that Travelers's requests are substantively inappropriate. Instead, Mizner asserts that, during the underlying construction [**4] defect litigation in Florida court, Mizner came to possess "75 banker boxes consisting of documents, depositions, photographs, diagrams, CDs, and floppy disks." DE 57 at 2. In response to Travelers's discovery requests, these records were recovered from storage and Mizner's counsel separated out irrelevant documents. Mizner then allowed Travelers to examine and copy any documents from the thirty remaining boxes. Mizner claims that it has no duty to perform the work of Travelers's counsel by combing through its files to find information that may be helpful to Travelers's case, and argues that it has satisfied its discovery obligations by producing responsive documents as they were kept in the ordinary course of business. [3] For the following reasons, the Court disagrees, and finds that Mizner's production is improper.

## II. STANDARD OF REVIEW

A party responding to a discovery request must either produce documents "as they are kept in the usual course of business," or "must organize and label them to correspond to the categories in the request." *Fed. R. Civ. P. 34(b)(2)(E)(i)*. *Rule 34(b)(2)(E)(i)* is intended to prevent parties from hiding "a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." *Hagemeyer North America, Inc. v. Gateway Data Sciences Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004)*. Ideally, the burden and expense incurred to find responsive documents within a given set of records produced under *Rule 34* should be substantially equal for both parties. See *Graske v. Auto-Owners Ins Co., 647 F. Supp. 2d 1105, 1109 (D. Neb. 2009)*; *Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 462 (M.D. Ala. 2001)* ("The party complies with the rule if it affords opposing sides equal access to the information sought").

"[A] responding party [**6] has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business." *Hagemeyer, 222 F.R.D. at 598*. If a party claims that documents were kept in the ordinary course of business, however, it bears the burden of demonstrating that fact. See *Synventive Molding Solutions, Inc. v. Husky Injection Molding Sys., 262 F.R.D. 365, 370 (D. Vt. 2009)*. Moreover, even when a party produces documents as they are kept in the ordinary course of business, if the business record-keeping system used by the producing party "is so deficient as to undermine the usefulness of production," that party may not have met its obligations under *Rule 34*. *Pass & Seymour, Inc. v. Hubbell Inc., 255 F.R.D. 331, 336 n.2 (N.D.N.Y. 2008)*.

## III. DISCUSSION

In this case, Mizner has represented that the files it produced were accumulated during the course of the underlying construction defect litigation in state court, a litigation that Travelers actively participated in. According to Mizner, Mizner's counsel undertook an extensive review of the litigation documents, and, opting to err on the side of caution, designated approximately 30 boxes of material as responsive to the [**7] First Request for Production. Mizner argues that since these litigation documents have always been maintained in this fashion, these documents were produced as they have been kept in the normal course of business.

[*701] The Court finds, however, that Mizner has made no meaningful attempt to show that its production satisfies the business records option in *Rule 34(b)(2)(E)(i)*. Unless Mizner habitually keeps all

---

of its First Request for Production. Mizner has since agreed to provide Travelers with segregated folders containing all of the documents substantiating each category of damages it is seeking in this action. The Court will therefore refrain from considering Travelers's motion to compel as to Request No. 9.

[3] Mizner also argues that Travelers failed to timely file its Motion as required by *Local Rule 26.1(h)(1)* with respect to the items in its First Request for Production. The Court agrees with Travelers, however, that the Second Request for Production was intended to narrow Mizner's responses to the First Request; additionally, in responding to the Second Request, Mizner referred [**5] back to its original responses. Since Travelers moved to compel discovery within thirty days of Mizner's second response, the Court holds that the instant motion is timely, and addresses both sets of document requests.

Page 3 of 3


documents it receives in storage with its attorneys, the documents Mizner acquired during the underlying litigation were simply not maintained in the "usual course of business." Instead, these documents were accumulated during a specific, non-routine occurrence, and by their very nature are not business records under *Rule 34(b)(2)(E)(i)*. See *SEC v. Collins & Aikman Corp., 256 F.R.D. 403, 412-413 (S.D.N.Y. 2009)* (production of records procured during an SEC investigation did not satisfy *Rule 34*, as the SEC's documents were collected haphazardly during the course of the investigation, and were maintained in large disorderly databases). Moreover, the fact that an organization regularly stores documents as part of its business operations does not mean that production of *any* documents in [**8] storage automatically satisfies *Rule 34*. See *In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 351, 363 (N.D. Ill. 2005)* (records sent to a storage facility were not used with regularity and were only kept in the "usual course of '*storage*;'" since documents had no relation to day-to-day business operations, they were not organized in a useful manner).

Even if Mizner's litigation files could somehow be construed as "documents kept in the usual course of business," Mizner's record-keeping in this case would not pass muster under *Rule 34(b)(2)(E)(i)*. Courts typically require the producing party to provide "some modicum of information" regarding how documents are ordinarily kept in the course of business, which would ideally include "the identity of the custodian or person from whom the documents were obtained,. . . , assurance that the documents have been produced in the order in which they are maintained, and a general description of the filing system from which they were recovered." *Hubbell, 255 F.R.D. at 337*.

In this case, Mizner's production is so disorganized that it is insufficient under *Rule 34(b)(2)(E)(i)*. As Travelers correctly argues, the litigation files Mizner has produced are [**9] bereft of context; there is no way of knowing where the documents originated, who possessed them, or whether they are even complete. Accepting, as Mizner suggests, that each individual file folder's contents are named and marked on the outside of the folder, the actual folders and bankers boxes are apparently devoid of any organization. The folders are not numbered, the boxes are not sorted, and Mizner has not provided any indices or summaries indicating how the documents were kept in the usual course of business. In order to obtain documents responsive to its requests, Travelers would therefore have to examine and sort through each individual file folder. This is a task that *Rule 34(b)(2)(E)(i)* clearly assigns to the producing party, whether it is completed in the usual course of business or in response to a specific request.

**III. CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Compel Discovery [DE 49] is **GRANTED**. Pursuant to *Federal Rule of Civil Procedure 34(b)(2)(E)(i)*, Mizner shall organize and label its production in a manner that reasonably corresponds to the categories contained in Defendants' First and Second Request for Production [**10] within twenty (20) days from the date of this Order. To the extent Mizner retains any documents responsive to Travelers's requests outside of the main litigation file, Mizner must also produce these documents.

**DONE AND ORDERED** in Chambers November 18th, 2010 at West Palm Beach, Florida.

/s/ Linnea R. Johnson

Linnea R. Johnson

United States Magistrate Judge

---

**End of Document**