# Seropian v. Wachovia Bank, N.A.

United States District Court for the Southern District of Florida

January 31, 2011, Decided; January 31, 2011, Entered on Docket

CASE NO. 10-80397-CIV-MARRA/JOHNSON

**Reporter**
2011 U.S. Dist. LEXIS 174633 *; 2011 LX 27814

NICOLE C. SEROPIAN, individually, and as parent and natural guardian of KATHERINE ELIZABETH SEROPIAN, a minor and SARAH LUCINE SEROPIAN, a minor, Plaintiff, vs. WACHOVIA BANK, N.A., Defendant.

**Prior History:** Seropian v. Wachovia Bank, N.A., 2010 U.S. Dist. LEXIS 144314 (S.D. Fla., July 16, 2010)

**Counsel:** [*1] For Nicole C Seropian, Plaintiff: Diran Vahn Seropian, Steinger, Iscoe & Greene, P.A., West Palm Beach, FL USA.

For Wachovia Bank, N.A., Defendant: Dori Katrine Stibolt, Amy S. Rubin, Fox Rothschild LLP, West Palm Beach, FL USA.

**Judges:** Linnea R. Johnson, United States Magistrate Judge.

**Opinion by:** Linnea R. Johnson

## Opinion

**ORDER ON PLAINTIFFS' MOTION FOR FURTHER RELIEF**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Further Relief, Including Sanctions and Attorneys' Fees [DE 58]. The motion is fully briefed and ripe for review. After carefully considering the filings of the parties and being otherwise fully advised in the premises, the Court grants in part and denies in part Plaintiffs' Motion.

### I. Background

The instant dispute concerns certain payable-on-death certificates of deposit ("CDs") formerly held by Elizabeth H. Bleyer ("Bleyer"). These CDs were payable upon Bleyer's death to each Plaintiff; three were payable to Bleyer's biological granddaughter, Plaintiff Nicole C. Seropian, and the other two CDs were each payable to Bleyer's great-granddaughters, Plaintiffs Katherine Elizabeth Seropian and Sarah Lucine Seropian. According to Plaintiffs, Bleyer's stated testamentary intention was to create a vested [*2] interest in the named recipients; this intention was allegedly thwarted when Wachovia breached the terms of the CDs. Specifically, Plaintiffs allege that, in December of 2008, Wachovia wrongfully re-titled and liquidated the CDs at the urging of non-party Joan Caruso, Bleyer's biological daughter. Although Caruso had been granted a durable power of attorney from Bleyer, Plaintiffs argue that under Fla. Stat. § 709.08(7)(b), Caruso's position as Bleyer's attorney-in-fact did not allow Caruso to dispose of the CDs. After Bleyer died on September 19, 2009, Plaintiffs brought suit against Defendant Wachovia Bank, N.A. ("Wachovia") for breach of third party beneficiary contract (Count I) and tortious interference with expectation of inheritance (Count II).

By the motion at bar, Plaintiffs seek an order compelling further discovery as well as sanctions and attorneys' fees pursuant to Federal Rule of Civil Procedure 37(b). Plaintiffs allege that Wachovia has intentionally violated this Court's October 8, 2010 Omnibus Order [DE 49] by failing to produce materials responsive to Plaintiffs' First Request to Produce and First Set of Interrogatories, which were propounded on April 20, 2010. According to Plaintiffs, Wachovia asserted unauthorized substantive [*3] objections in its discovery responses, produced illegible and unsorted documents in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(i), failed to produce responsive documents to some requests, and provided evasive answers to interrogatories. In response, Wachovia argues that this Court's Omnibus Order did not foreclose it from substantive discovery objections. Wachovia also asserts that its production was appropriate, that Plaintiffs' motion is untimely, and that several of Plaintiffs' requests are either overbroad or request information protected by the attorney-client privilege.

Page 2 of 5


**II. Standard of Review**

Under *Federal Rule of Civil Procedure 26(b)(1)*, "[p]ates may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Discovery rules are liberally construed to allow for the fullest appropriate discovery, and as a consequence discovery is generally not limited to issues raised by the pleadings or by the merits of the case. See *Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)*; *Kreuzfeld A.G. v. Carnehammar, 138 F.R.D. 594, 607 (S.D. Fla. 1991)*. The party resisting discovery therefore has a heavy burden of showing why the requested discovery should not be permitted. *Rossbach v. Rundle, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000)* ("The onus is on the party resisting discovery to demonstrate specifically how the objected-to information is unnecessary, unreasonable or otherwise unduly burdensome."). [*4] To meet this burden, the party resisting discovery must demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. See *Fed. R. Civ. P. 33(b)(4)*; *Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985)*; *Rossbach, 128 F. Supp. 2d at 1353*.

When a court does compel further discovery, a party may be subject to sanctions if it fails to comply with the court's order. See *Fed. R. Civ. P. 37(b)*; *Pesaplastic C.A. v. Cincinnati Milacron Co., 799 F.2d 1510, 1519 (11th Cir.1986)*. Under *Federal Rule of Civil Procedure 37(b)(2)(C)*, a "court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Once the moving party makes a *prima facie* showing that the other party violated a discovery order, the non-moving party must prove that all reasonable efforts were made to comply with the order, and that it was impossible to do so, in order to avoid sanctions. See *In re Chase & Sanborn Corp., 872 F.2d 397, 400 (11th Cir. 1989)* (rejecting defendant's unsupported argument that Colombian law prevented compliance with discovery order). District courts have broad discretion to issue monetary sanctions for failure to comply with discovery orders, and such sanctions may only be reversed upon an abuse of discretion. See *BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir. 1994)*.

**III. Discussion**

The Court first addresses Plaintiffs' request for [*5] sanctions. As Wachovia correctly notes, the October 8, 2010 Omnibus Order only holds that the confidentiality afforded by *Fla. Stat. § 655.059(2)* is overridden by the competing interest of the Plaintiffs in obtaining relevant discovery in this case. See DE 49 at 2. Despite the fact that the Omnibus Order granted Plaintiffs' Motions to Compel, it did not address Wachovia's other objections to Plaintiffs' First Request to Produce and First Set of Interrogatories.[1] For this reason, when Wachovia asserted additional objections in its Amended Responses, including attorney-client privilege, it was not violating this Court's Omnibus Order. The Court therefore denies Plaintiffs' request for sanctions.

Plaintiffs also move to compel further discovery from Wachovia, alleging that Wachovia's production and amended interrogatory responses are defective.[2] The Court discusses each of these issues in turn:

**A. Wachovia's Document Production Under *Rule 34(b)(2)(E)***

Plaintiffs claim that Wachovia's production of documents is insufficient under *Federal Rule of Civil Procedure 34(b)(2)(E)* in two respects. First, Plaintiffs argue that Wachovia failed to specify which documents in its production were responsive to each category of Plaintiffs' First Request to Produce. Second, [*6]

---

[1] Plaintiffs argue that Wachovia's objections have been waived or overruled, citing *Covad Communications Co. v. Revonet, Inc., 2009 U.S. Dist. LEXIS 45295, 258 F.R.D. 17, 25 (D.D.C. 2009)* and *Shomide v. ILC Dover, Inc., 521 F. Supp. 2d 324, 330 (D. Del. 2007)*. These cases are inapplicable to the issues at hand; in Covad the responding party completely failed to respond to several discovery requests, and in Shomide the responding party did not timely file its interrogatory objections. See *258 F.R.D. at 23-24*; *521 F. Supp. 2d at 331*.

[2] As a threshold matter, Wachovia argues that the instant motion was not timely filed. Under Local Rule 26.1(h)(1), discovery motions "shall be filed within thirty (30) days of the occurrence of grounds for the motion," and "absent a showing of reasonable cause," a later filing "may constitute a waiver of the relief sought." Although Wachovia's Amended Responses were delivered on October 18, 2010, more than thirty days before the filing of the instant motion on December 2, 2010, the controversy over the Amended Responses clearly stretched into the middle of November; the parties continued to email each other in an attempt to resolve these discovery issues. See DE 58, Ex. H. The Court thus finds the instant motion is timely under Rule 26.1(h)(1).

Plaintiffs contend that Wachovia's production of electronically stored client telephone service notes (referred to by the parties as "SOLD notes") was inadequate; according to Plaintiffs, instead of copying the SOLD note data into an electronic storage medium, Wachovia produced blurry photocopies of the SOLD notes that were substantially illegible. See DE 58, Ex. D1.

Rule 34(b)(2)(E)(i) requires a party to either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." When producing documents kept in the usual course of business, a party has "no legal obligation to arrange or label the usable documents for the 'convenience' of the requesting party." In re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation, No. 4:08-MD-2004, 2009 U.S. Dist. LEXIS 5791, 2009 WL 152495, at *2 (M.D. Ga. Jan. 22, 2009). If not producing documents as they are kept in the usual course of business, the producing party must organize the documents and identify which ones are responsive to which request. See Unlimited Resources Inc. v. Deployed Resources, LLC, No. 3:07-CV-961-J-12MCR, 2009 U.S. Dist. LEXIS 72144, 2009 WL 1563489, at *2 (M.D. Fla. June 3, 2009) (producing party was required to specify, by Bates number, the documents it contended were responsive).

In this case, Wachovia [*7] has not stated that it has produced documents as they are kept in the usual course of business. Though Wachovia has submitted some 195 pages of Bates numbered documents, the documents have clearly been culled from multiple accounts and sources. Wachovia's production thus falls under the second prong of Rule 34(b)(2)(E)(i), but there is no index or identification that would allow Plaintiffs to reasonably locate which documents are responsive to their requests. Therefore, to the extent that Wachovia's production is disorganized, the Court grants Plaintiffs' motion to compel; Wachovia is ordered to provide a Bates number index or some other means of identifying which of its documents are responsive to Plaintiffs' requests.

Plaintiffs also allege that the SOLD notes Wachovia has produced are illegible and defective under Rule 34(b)(2)(E)(ii). In response, Wachovia argues that the SOLD notes, while difficult to read, were in a "reasonably useful form" and that, in any case, Wachovia made the originals available for review by Plaintiffs. As an initial matter, the Court finds that the photocopies of the SOLD notes are substantially illegible and not in a reasonably useful form. See Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 259 F.R.D. 568, 585-86 (M.D. Fla. 2009) (copies of e-mail data that were converted to [*8] image files were not reasonably useful, since e-mail text files were readily searchable and image files were not). However, Plaintiffs never specified a preferred form for production in their First Request to Produce, and "the party making records available for inspection need not always make copies for the discovering party." Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 462 (M.D. Ala. 2001) (finding that requesting party had sufficient resources to view and copy relevant documents). Assuming Wachovia allows Plaintiffs a reasonable opportunity to view, search, and copy information from the SOLD note database, there is no requirement for Wachovia to produce copies of the data in an electronic format. To that extent, the Court denies Plaintiffs' motion to compel.

### B. Deposit Information

Plaintiffs next move to compel "all information" regarding several of Elizabeth Bleyer's CDs and accounts, from the date of their inception to the time of their liquidation. According to Plaintiffs, Wachovia has purposefully failed and refused to produce these documents. For its part, Wachovia argues that Plaintiffs' Request for Production Nos. 11 and 12 only ask for "[c]opies of each 'pay on death' Certificate of Deposit or Time Deposit, owned by Elizabeth 'Betty' H. [*9] Bleyer . . . from date of inception until . . . liquidated by anyone, for any purpose." Wachovia asserts that it has already produced this information for all of Bleyer's CDs and time deposit accounts. DE 64, Ex. B.

For the most part, the Court agrees, and finds that Wachovia has delivered much of the account information actually requested by Plaintiffs' First Request to Produce. In particular, Wachovia has provided the account maintenance audit trail for deposit account numbers XX6403, XX6404, XX5950, XX5962, XX1255, XX1261, and XX6286, including the issue dates for each account. Accordingly, the Court denies Plaintiffs motion to compel with respect to these deposit accounts.

### C. SOLD Note Details

In addition to requesting better copies of the SOLD notes themselves, Plaintiffs allege that the SOLD notes Wachovia has already provided are incomplete, and

move to compel additional SOLD note details from Wachovia. These details are present in various subcategories visible from the photocopies of the SOLD notes Wachovia has already provided. The subcategory headings include items such as "Contact History," "Important Messages," "Maintenance," and "Book of Business," among others, and evidently [*10] contain customer information about Elizabeth Bleyer and her accounts; Plaintiffs assert that Wachovia has not provided all relevant SOLD note details. In response, Wachovia argues that Plaintiffs' Request to Produce only asked for "all servicing notes, memos, recordings, [and] transcripts" regarding telephone communication between Elizabeth Bleyer and Wachovia, and that the SOLD note details are not within the ambit of Plaintiffs' Request.

The Court disagrees, and finds that Wachovia's interpretation of Plaintiffs' Request to Produce is too narrow. Plaintiffs explicitly requested copies of "servicing notes" *regarding* communication between Wachovia and Bleyer; this encompasses the entirety of the SOLD notes, not merely the parts which transcribe or memorialize precisely what was said between Bleyer and Wachovia. Because the SOLD notes are kept, at least in part, for the purpose of client telephone service, they are responsive to Plaintiffs' requests. The Court therefore grants Plaintiffs' motion to compel; Wachovia is ordered to produce all SOLD notes and SOLD note details for all of Elizabeth Bleyer's accounts from January 1, 2007 through September 30, 2009, assuming it has not already [*11] done so. As the Court noted *supra*, Wachovia may satisfy its discovery obligations by affording Plaintiffs a reasonable opportunity to view, search, and copy from the SOLD note database.

### D. Attorney-Client Privilege

In its production, Wachovia claims two documents are protected by the attorney-client privilege. Both are authored by Kate Miller, a Wachovia employee, and purportedly addressed to Ms. Janiene Colton, the manager of the Wachovia branch where the CDs were negotiated. One document is a SOLD note, and the other is a consolidated account statement with notes. Wachovia claims both documents are related to and were created pursuant to consultation with its legal department. Plaintiffs move to compel production of these documents, arguing that notes arising from communication with an internal legal department are not protected by the attorney-client privilege.

Confidential communications from in-house counsel to a corporation's employees for the purpose of securing legal advice are subject to the attorney-client privilege. See *Upjohn Co. v. United States, 449 U.S. 383, 395, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)*. The privilege extends not only to the original communication between the attorney and an employee, but also to "communications among the corporation's employees [*12] intended to disseminate the legal advice provided by counsel and discussing the ramifications of that legal advice." *Preferred Care Partners Holding Corp. v. Humana, Inc., 258 F.R.D. 684, 696 (S.D. Fla. 2009)*. The privilege does not attach to communications between in-house counsel and employees which are made "primarily for business purposes." *In re Hillsborough Holdings Corp., 132 B.R. 478, 480 (Bankr. M.D. Fla. 1991)*.

Here, Plaintiffs argue that the communications between the employees and Wachovia's legal department regarding the liquidation of Bleyer's accounts primarily served a business purpose. As Plaintiffs correctly point out, Wachovia has failed to identify which lawyers the employees consulted with, and has not provided any other evidence supporting the existence of a privilege. Accordingly, if the parties continue to dispute the existence of the attorney-client privilege after applying the Court's foregoing analysis, Wachovia shall file unredacted copies of the two documents at issue under seal for *in camera* inspection, so as to allow the Court to determine the applicability of the privilege.

### E. Interrogatory Responses

Finally, Plaintiffs claim that many of Wachovia's discovery responses are incomplete, evasive, and misleading. Wachovia's sole argument in response is that Plaintiffs' interrogatories are overbroad and irrelevant, as they [*13] request information regarding a non-relevant time period, from 2005 to 2007.

As an initial matter, some of Plaintiffs' Motion is moot, as Wachovia has supplemented several of its interrogatory responses since the filing of the instant motion. See DE 78. As for the rest of Plaintiffs' Interrogatories, the Court rejects Wachovia's overbreadth and irrelevance objections. Under *Federal Rule of Civil Procedure 26(b)(1)*, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and "relevancy" under *Rule 26(b)(1)* is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that

Page 5 of 5


could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)*. In this case, Plaintiffs' interrogatories ask for relevant information, including the circumstances of any contact between Wachovia and Bleyer's daughter and the involvement of Wachovia employees in re-titling the CDs. The Court therefore grants Plaintiffs' Motion to Compel, and orders Wachovia to provide more complete answers to Plaintiffs' Interrogatories if it has not already done so.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Further Relief, Including [*14] Sanctions and Attorneys' Fees [DE 58] is **GRANTED IN PART AND DENIED IN PART**. No sanctions or attorneys' fees are warranted in this case. To the extent the Court has ordered production, Wachovia shall provide more responsive materials within fourteen (14) days in accordance with the terms and conditions set forth herein, assuming it has not already done so.

**DONE AND ORDERED** in Chambers this 31st day of January, 2011 at West Palm Beach, Florida.

/s/ Linnea R. Johnson

Linnea R. Johnson

United States Magistrate Judge

---

End of Document