# *King v. Pratt & Whitney*

United States District Court for the Southern District of Florida

April 27, 1995, Decided ; April 27, 1995, FILED

CASE NO. 93-8609-CIV-GONZALEZ

**Reporter**
161 F.R.D. 475 *; 1995 U.S. Dist. LEXIS 7680 **; 31 Fed. R. Serv. 3d (Callaghan) 1338; 9 Fla. L. Weekly Fed. D 75

THOMAS KING, PLAINTIFF, v. PRATT & WHITNEY, a division of UNITED TECHNOLOGIES CORPORATION, DEFENDANT.

**Counsel:** [**1] For Plaintiff: Christopher C. Sharp, Esq., AMLONG & AMLONG, Fort Lauderdale, FL.

For Defendant: Patricia E. Lowry, Mark B. Roberts, STEEL HECTOR & DAVIS, West Palm Beach, FL.

**Judges:** JOSE A. GONZALEZ, JR., UNITED STATES DISTRICT JUDGE

**Opinion by:** JOSE A. GONZALEZ, JR.

## Opinion

[*475] ORDER

THIS CAUSE has come before the Court upon Defendants' Motion for Protective Order to Prohibit Examination Outside the Scope of *Rule 30(b)(6)* Notices. The Motion has been fully briefed and is ripe for disposition.

Plaintiff served three *Rule 30(b)(6)* notices which requested Defendant to designate representatives to testify as to three issues. Defendant produced two representatives to testify as to those three issues. At deposition, these deponents were also asked questions that went beyond the scope of the three issues described in the *Rule 30(b)(6)* notices. Defendant's counsel objected, terminated the deposition, and sought a protective order to limit the scope of questioning to those areas described in the notices.

At issue is whether a deponent produced pursuant to a *Rule 30(b)(6)* notice may only be questioned regarding issues described in the notice or may be questioned as broadly as any other deponent. The [**2] answer is not clearly found on the face of the Rules. *Rule 30(b)(6)* leaves this issue open to question:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation … and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated the matters on which the person will testify. A subpoena shall advise a non-party organization [*476] of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

*Fed.R.Civ.P. Rule 30(b)(6)*.

Initially, the Court notes that counsel's challenging of questions outside the scope of the notices was understandable and that counsel followed proper procedure by promptly seeking a protective order. Indeed the only opinion the Court has found, or that the parties have cited, that is precisely [**3] on point supports Defendant's interpretation of *Rule 30(b)(6)*. *Paparelli v. Prudential Insurance Co., 108 F.R.D. 727 (D.Mass. 1985)*. However, this Court believes that there is a better reading of the Rule and declines to follow *Paparelli.*

*Rule 30(b)(6)* should not be read to confer some special privilege on a corporate deponent responding to this type of notice. Clearly, Plaintiff could simply re-notice a deponent under the regular notice provisions and ask him the same questions that were objected to. However, Plaintiff should not be forced to jump through that extra hoop absent some compelling reason. Rather, the Rule is best read as follows:

1) *Rule 30(b)(6)* obligates the responding corporation to

Page 2 of 2


provide a witness who can answer questions regarding the subject matter listed in the notice.

2) If the designated deponent cannot answer those questions, then the corporation has failed to comply with its *Rule 30(b)(6)* obligations and may be subject to sanctions, etc. The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are "known or reasonably available" to the [**4] corporation. *Rule 30(b)(6)* delineates this affirmative duty.

3) If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. *Fed.R.Civ.P. 26(b)(1)*), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).

4) However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem.

This interpretation does not render the "describe with reasonable particularity" language "superfluous"; rather, it imposes an obligation on a corporation to provide someone who can indeed answer the particular questions presaged by the notice. *Rule 30(b)(6)* does not limit what can be asked at deposition.

Since there is no specific limitation of what can be asked at deposition, the general deposition standards govern. The reason for adopting *Rule 30(b)(6)* was not to provide greater notice or protections to corporate deponents, but rather to have the right person present at deposition. The Rule is not one of limitation but rather of [**5] specification within the broad parameters of the discovery rules. This is made clear by both the Advisory Committee's statement that 30(b)(6) "should be viewed as an added facility for discovery…" and the Rule's final sentence: "This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules." *Fed.R.Civ.P. 30(b)(6)* advisory committee's note. This Court sees no harm in allowing all relevant questions to be asked at a *Rule 30(b)(6)* deposition or any incentive for an examining party to somehow abuse this process.

In sum, this Court concludes that *Rule 30(b)(6)* cannot be used to limit what is asked of a designated witness at a deposition. Rather, the Rule simply defines a corporation's obligations regarding whom they are obligated to produce for such a deposition and what that witness is obligated to be able to answer.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED AND ADJUDGED that Defendant's Motion for Protective Order is DENIED [*477] and Plaintiff is hereby granted leave to reconvene the subject depositions.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this 27TH [**6] day of April, 1995.

JOSE A. GONZALEZ, JR.

UNITED STATES DISTRICT JUDGE

---

**End of Document**