# Case v. Bank of Am., N.A.

United States District Court for the Southern District of Florida

August 14, 2026, Decided; August 14, 2026, Filed

CASE NO. 0:25-CV-61198-LEIBOWITZ/AUGUSTIN-BIRCH

**Reporter**
2026 U.S. Dist. LEXIS 186859 *; 2026 LX 435144; 2026 WL 2389066

DEBRA CASE, et al., Plaintiffs, v. BANK OF AMERICA, N.A., Defendant.

**Prior History:** *Case v. Bank of Am., N.A., 2025 U.S. Dist. LEXIS 151296, 2025 WL 2263695 (Aug. 6, 2025)*

**Counsel:** [*1] For Bank Of America N.A., Defendant: Jason Richard Bowyer, LEAD ATTORNEY, McGuireWoods LLP, Jacksonville, FL; Kathleen Danielle Dackiewicz, LEAD ATTORNEY, McGuirewoods LLP, Jacksonville, FL.

For Debra Case, as Trustee of the Debra Anita Case Revocable Trust dated May 9 2023, Debra Case, individually, Terrence Case, as Trustee of the Terrence David Case Revocable Trust dated May 9 2023, Terrence Case, individually, Plaintiffs: Larry Scott Davis, LEAD ATTORNEY, Larry S Davis PA, Hollywood, FL; Marc A Burton, LEAD ATTORNEY, Marc Burton, Aventura, FL; Matthew Thomas Hatfield, LEAD ATTORNEY, Law Offices of Larry S. Davis PA, Hollywood, FL; Richard Jay Burton, LEAD ATTORNEY, The Burton Firm P.A., Aventura, FL; Shana Jill Korda, LEAD ATTORNEY, Law Offices of Larry S. Davis, Hollywood, FL.

For Fisher Asset Management LLC, doing business as, Fisher Asset Management LLC, Fisher Investments, Defendants: William Patrick Keith, Duckor Spradling Metzger & Wynne, San Diego, CA; Scott L. Metzger, PRO HAC VICE, Duckor Spradling & Metzger, San Diego, CA.

For Regions Bank, Defendant: Michael Manuel Gropper, Holland & Knight LLP, Jacksonville, FL; Joshua Herington Roberts, Michael B. Decembrino Jr., LEAD [*2] ATTORNEYS, Holland Knight LLP, Jacksonville, FL.

For UBS Financial Services Inc., Defendant: Jeannine Cline Jacobson, Maynard Nexsen, Miami, FL.

**Judges:** PANAYOTTA AUGUSTIN-BIRCH, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** PANAYOTTA AUGUSTIN-BIRCH

## Opinion

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO OVERRULE OBJECTIONS AND COMPEL DEPOSITIONS, DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, AND CONVERTING THE AUGUST 18 DISCOVERY HEARING INTO A DISCOVERY STATUS CONFERENCE**

This cause comes before the Court on Plaintiffs Debra and Terrence Case's Motion to Overrule Defendant Bank of America, N.A.'s *Rule 30(b)(6)* Objections and Compel a Fully Prepared Corporate Designee and the Deposition of Lisa Phillips. The Motion to Compel is fully briefed at docket entries 92, 95, and 98. This cause also comes before the Court on Defendant's Motion for Protective Order, which is fully briefed at docket entries 93, 96, and 99. The Court has carefully considered the briefing and the record and is fully advised in the premises.

The Motion to Compel and the Motion for Protective Order present the parties' opposing positions on the same dispute. That dispute is whether, during the *Rule 30(b)(6)* deposition of Defendant's corporate representative [*3] that is scheduled for August 24, the corporate representative must answer questions on eight of the eleven topics Plaintiffs have noticed in advance of the deposition. The eight topics in dispute are #'s 1-2, 4-6, and 8-10 that Plaintiffs sent Defendant in late July. *See* DE 92-1 at 1-2 (email notice of eleven deposition topics). Defendant raises various objections to the eight topics in dispute and asks for a protective order either narrowing or striking those topics. For their part, Plaintiffs maintain that questions on each topic are within the scope of discovery, and they ask for an order compelling the corporate representative's testimony on

the topics.

In a notice or subpoena, "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." *Fed. R. Civ. P. 30(b)(6)*. "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it must set out the matters on which each person designated will testify." *Id.*

There is mixed caselaw on whether courts should intercede [*4] in the topics for a *Rule 30(b)(6)* deposition in advance of the deposition by issuing a protective order. *See* *Florida v. United States, 342 F.R.D. 153, 156 (N.D. Fla. 2022)* ("At the outset, the Court notes there are varying opinions on whether a district court should even entertain a pre-deposition motion for a protective order that seeks to limit the topics that can be covered during a *Rule 30(b)(6)* deposition."). One Judge in this District has explained that *Rule 30(b)(6)* "is intended to be self-executing and must operate extrajudicially." *New World Network Ltd. v. M/V Norwegian Sea, No. 05-22916-CIV, 2007 WL 1068124, at *4 (S.D. Fla. Apr. 6, 2007)*. "[T]he proper operation of the Rule does not require, and indeed does not justify, a process of objection and Court intervention prior to the schedule[d] deposition," as such a process "would provide a corporate deponent a procedural benefit that no other deponent has." *Id.* "[T]he better procedure to follow for the proper operation of the Rule is for a corporate deponent to object to the designation topics that are believed to be improper and give notice to the requesting party of those objections, so that they can either be resolved in advance or otherwise." *Id.* "The requesting party has the obligation to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers if necessary, [*5] following the deposition." *Id.* (emphasis omitted). *But see* *Florida, 342 F.R.D. at 156-57* (citing caselaw where courts have ruled on motions seeking to limit topics before *Rule 30(b)(6)* depositions and agreeing to rule on one such motion because the parties "provided the Court with a sufficient basis to rule").

The Court has reviewed the eight topics that are in dispute here. The Court can envision questions falling under each topic that would be relevant and proportional to the needs of this case. Of course, the Court can also conceive of questions falling under each topic that would be irrelevant or disproportional to the needs of the case. The Court cannot rule on Defendant's objections in a vacuum and absent specific questions. Those questions have not been asked yet. Defendant's objections are best made and resolved based on individual questions. Defendant may preserve its objections to questions during the deposition. *See* *Fed. R. Civ. P. 30(c)(2)* ("An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner."). Defendant may instruct the deponent not to answer [*6] only in limited circumstances. *See id.* ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under *Rule 30(d)(3)*.").

The Court will not narrow or strike any of the proposed deposition topics in advance of the August 24 deposition, and Defendant's Motion for Protective Order [DE 93] is therefore **DENIED**. The *Rule 30(b)(6)* deposition of Defendant's corporate representative must occur on August 24 as scheduled and may not be continued or canceled absent Court Order.

Plaintiffs' Motion to Compel [DE 92] is **GRANTED** insofar as the Court compels the *Rule 30(b)(6)* deposition to go forward with all eleven topics being permissible subjects of inquiry. Plaintiffs' request that the Court overrule Defendant's objections on the topics is **DENIED**. As stated above, Defendant may preserve its objections during the deposition. Plaintiffs' request for an award of expenses is also **DENIED**. Having resolved the Motion to Compel and the Motion for Protective Order, the discovery hearing scheduled for August 18 at 10:30 a.m. is **CONVERTED** into a discovery status conference.

Finally, the parties reach two agreements within the motion briefing. [*7] First, they agree that a deposition of Lisa Phillips should be scheduled and take place. Second, they agree that Defendant will amend its response to Plaintiffs' Interrogatory # 21. By **August 18**, the parties must agree on the date, time, and location of Lisa Phillips' deposition and file a notice on the docket setting forth that date, time, and location. The deposition may not be continued or canceled absent Court Order. Also by **August 18**, Defendant must serve an amended response to Interrogatory # 21.

**DONE AND ORDERED** in Chambers at Fort

Page 3 of 3


Lauderdale, Florida, this 14th day of August, 2026.

/s/ Panayotta Augustin-Birch

PANAYOTTA AUGUSTIN-BIRCH

UNITED STATES MAGISTRATE JUDGE

---

End of Document