# Orlando Torah Ctr., Inc. v. Orange Cnty.

United States District Court for the Middle District of Florida, Orlando Division

October 15, 2026, Decided; October 15, 2026, Filed

Case No.: 6:25-cv-01463-PGB-LHP

**Reporter**
2026 U.S. Dist. LEXIS 235143 *; 2026 LX 501389

ORLANDO TORAH CENTER, INC., Plaintiff, v. ORANGE COUNTY, FLORIDA, Defendant,

**Subsequent History:** Appeal filed, 10/21/2026

**Prior History:** *Orlando Torah Ctr., Inc. v. Orange Cnty., 2026 U.S. Dist. LEXIS 142966, 2026 WL 1865429 (June 29, 2026)*

**Counsel:** [*1] For Orlando Torah Center, Inc., Plaintiff: Roman P. Storzer, Blair Lazarus Storzer, Margaret Valentin, LEAD ATTORNEYS, Storzer & Associates, P.C, Owings Mills, MD; Gregory Lathrop Pierson, Gunster, Yoakley & Stewart, P.A, Tampa, FL; Joshua A. Levine, Gunster, Yoakley & Stewart, PA, Miami, FL.

For Orange County, Florida, Defendant: Derek J. Angell, LEAD ATTORNEY, Dennis R. O'Connor, O'Connor, Haftel & Angell, PLLC, Orlando, FL; Julia Pirillo, O'Connor, Haftel & Angell PLLC, Orlando, FL; Lee N. Bernbaum, Orange County Attorney's Office, Orlando, FL.

**Judges:** LESLIE HOFFMAN PRICE, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** LESLIE HOFFMAN PRICE

## Opinion

### ORDER

Before the Court is Plaintiff's Motion to Compel 30(b)(6) Deposition or, Alternatively, for Sanctions. Doc. No. 68. The Court permitted Plaintiff to file supplemental briefing, Doc. Nos. 71, 80, Plaintiff has complied, Doc. No. 87, *see also* Doc. No. 89, and Defendant has filed a response in opposition, Doc. No. 92. By the motion and supplement, Plaintiff seeks to compel Defendant to submit to a redeposition of its corporate representative under *Federal Rule of Civil Procedure 30(b)(6)*, regarding pre-noticed topics 9, 10, 11, 13, 14, 15, 16, 37, and 38, about which Defendant objected pre-deposition and refused to provide testimony at an August 31, 2026 deposition. [*2] *See* Doc. Nos. 87, 89-3, 89-4, 89-5. Alternatively, Plaintiff requests sanctions in the form of preventing Defendant from presenting evidence on these topics at trial. Doc. No. 68, at 3; Doc. No. 87, at 10-11.[1] For the reasons that follow, Plaintiff's motion (Doc. No. 68) will be granted in part.

In short, this case concerns Plaintiff's claims against Defendant[2] regarding the denial of Plaintiff's land use application seeking special exceptions and/or variances to zoning ordinances, which denial Plaintiff alleges was discriminatory. Doc. No. 1. The complaint is lengthy, and Plaintiff brings eleven (11) claims, to include claims under the *First Amendment*; the *Fourteenth Amendment*; *42 U.S.C. § 1983*; the *Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, et seq.* ("RLUIPA"); *42 U.S.C. § 1982*; the *Florida Religious Freedom Restoration Act, Fla. Stat. § 761, et seq.* ("FRFRA"); and *Article I, Section 3 of the Florida Constitution.* *See id.* ¶¶ 1-3, 404-90. Defendant's motion to dismiss was denied in large part, and Defendant has since filed its answer and affirmative defenses. Doc. No. 57, at 13-14, Doc. No. 59; *see also* Doc. No. 32. The Court has extended the discovery period through November 2, 2026. Doc. No. 88.

As relevant to this dispute, Plaintiff served a notice of *Rule 30(b)(6)* deposition, which included thirty-eight (38)

---

[1] Pinpoint citations in this Order refer to the CM/ECF pagination, rather than the internal pagination on the filings.

[2] Plaintiff initially brought this case against both Defendant Orange County, Florida and the Orange County Board of County Commissioners. Doc. No. 1. On Defendants' motion, and without opposition from Plaintiff, the Court dismissed Orange County Board of County Commissioners as a Defendant. *See* Doc. Nos. 32, 33, 57. Accordingly, this Order simply refers to the singular Defendant, Orange County, Florida, which remains in the case.

Page 2 of 6


delineated topics. Doc. No. 89-1.[3] On August 21, 2026, following conferral with Defendant, Plaintiff scheduled the [*3] deposition for Monday August 31, 2026. Doc. No. 89-3. On Friday August 28, 2026, Defendant served objections to several of the deposition topics. Doc. No. 89-4.[4] However, Defendant did not file a motion for protective order prior to the deposition.

As it relates to the present motion, Defendant objected to topics 9, 10, 11, 13, 14, 15, 16, 37 and 38 as follows:

> 9. Any alternative means, other than denial of the 2024 Application considered by the BZA to achieve the County's interests. **Objection, relevance, overbroad, and outside of the scope of the BZA's consideration**.
>
> 10. Any alternative means, other than denial of the 2024 Application considered by the BCC to achieve the County's interests. **Objection, relevance, overbroad, and outside of the scope of the BCC's consideration**.
>
> 11. The County's positions as to the sincerity and nature of Plaintiff's religious beliefs. **Objection, relevance, inflammatory, prejudicial, and confusing**.
>
> 13. The County's decision to file IN RE: 8613 Banyan Boulevard, Case Numbers SM 2025-499257Z and SM 2025-499053Z. **Objection, relevance, attorney-client privilege, work product, and calls for information not reasonably calculated to lead to** [*4] **admissible evidence**.
>
> 14. The County's legal positions and factual bases for IN RE: 8613 Banyan Boulevard, Case Numbers SM 2025-499257Z and SM 2025-499053Z. **Objection, relevance, attorney-client privilege, work product, and calls for information not reasonably calculated to lead to admissible evidence**.
>
> 15. Communications and/or complaints with or from third parties regarding Plaintiff, the 2024 Application, and/or the Subject Property. **Objection, overbroad, unduly burdensome, and not limited in time or scope. Subject to and notwithstanding these objections, the County has produced all non-privileged documents in its possession, custody, or control that are responsive to this topic. Further, Jennifer Moreau, Megan Marshall, and other County employees have previously testified as to this topic**.
>
> 16. Communications and/or complaints with or from third parties regarding purported code violations within Sand Lake Hills from December 2024 to present. **Objection, overbroad, and unduly burdensome. Subject to and notwithstanding these objections, the County has produced all non-privileged documents in its possession, custody, or control that are responsive to this topic. Further, Megan Marshall has** [*5] **previously testified as to this topic**.
>
> 37. The County's Answer filed in this case. **Objection, overbroad and unduly burdensome. This topic seeks purely legal arguments and conclusions and legal analysis**.
>
> 38. The factual basis for each of the County's Affirmative Defenses filed in this case. **Objection. This topic seeks purely legal arguments and conclusions. Notwithstanding said objection, Jennifer Moreau will testify as to Affirmative Defenses 5, 6, and 7**.

Doc. No. 89-4.

The deposition proceeded on August 31, 2026. Doc. No. 89-5. During the deposition, Defendant's counsel stated that Defendant refused to designate a corporate representative for topics 9, 10, 11, 13, 14, 15, and 16 based on its pre-deposition objections. *See id.* at 7-9. Defendant's counsel also instructed the deponent not to answer questions related to topics 9, 10, 11, 37, and portions of 38. *See id.* at 9-10, 18, 21-23, 24-26. Again, however, Defendant never moved for a protective order.

Plaintiff argues that the objections and instructions not to answer were improper, because Defendant failed to file a motion for protective order and because the objections are not grounded in Federal Rule of Civil

[3] Plaintiff has filed more than one version of the same exhibits. *See generally* Doc. Nos. 68, 87, 89. For ease of reference, the undersigned cites to the exhibits filed as a notice related to the supplemental briefing. Doc. No. 89.

[4] As set forth in the record, there are two different versions of the topics for the deposition, but Defendant's objections relate to the first-served list of topics, and the deposition appears to have proceeded on same. Accordingly, the Court uses the numbering from the first-served list of topics. *See* Doc. Nos. 89-1, 89-3, 89-4; *see also* Doc. No. 80, Doc. No. 87, at 3-4 & n.3.

Page 3 of 6


Procedure 30(c)(2). Doc. Nos. 68, 87. Plaintiff further argues [*6] that the pre-deposition objections on which Defendant relies are not legally valid bases to avoid answering questions at deposition, as they are based on relevance, overbreadth, undue burden, cumulativeness, and arguments that otherwise should be made in a motion for protective order. *Id.*

In response, Defendant complains that Plaintiff failed to limit the deposition topics prior to the deposition,[5] and argues that most of the topics have already been testified to by other deponents. Doc. No. 92, at 1-2. Defendant also contends that the disputed topics are not relevant nor proportional to the needs of the case. *Id.* at 2. Notably, Defendant does not address its failure to seek a protective order prior to deposition.

"Under Rule 30(b)(6), if a party's notice names a corporation as the deponent and describes the deposition topics with 'reasonable particularity[,]' then the corporation must designate an officer or other person to testify on its behalf." *United States Equal Emp. Opportunity Comm'n v. Qualtool, Inc., No. 5:21-cv-229-ACC-PRL, 2022 U.S. Dist. LEXIS 200752, 2022 WL 16695172, at *5 (M.D. Fla. Nov. 3, 2022)* (citation omitted). "Additionally, the parties must confer in good faith about the deposition topics before or promptly after service of the notice . . . . While the parties must confer in good faith, it is unnecessary that they reach an agreement about [*7] the deposition topics." *Id.* (citations omitted).

Pursuant to Rule 30:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. *A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under* Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2) (emphasis added). *See also* *Hominski v. Gusar, LLC, No. 24-CV-21590, 2026 U.S. Dist. LEXIS 127069, 2026 WL 1655786, at *9 (S.D. Fla. June 9, 2026)* ("At a deposition, a rare occasion may arise when a lawyer instructs the witness not to answer the question. This instruction, however, should be used sparingly and only in three scenarios: (1) the question seeks privileged information or trade secret information, (2) 'to enforce a court order,' or (3) 'to suspend a deposition for the purposes of filing a Rule 30(d)(3) motion related to improper harassing conduct.'" (citation omitted)).

Here, Defendant's refusal to designate a 30(b)(6) representative to testify as to topics 9, 10, 11, 13, 14, 15, [*8] and 16, and counsel's instructions not to answer questions related to topics 9, 10, 11, 37, and portions of 38 were clearly improper. For one, Defendant has never moved for a protective order. "When a corporation disagrees with the deposition notice, it cannot decide on its own to ignore the notice. Instead, a corporation refusing to make a Rule 30(b)(6) designation must seek a protective order." *Qualtool, Inc., 2022 U.S. Dist. LEXIS 200752, 2022 WL 16695172, at *6* (citations omitted). Indeed, "[s]ome courts refuse to consider a corporation's objections to Rule 30(b)(6) deposition topics if they are initially brought before it in opposition to a motion to compel, rather than in filing for a motion for a protective order." *Id.* (citation omitted). Thus, Defendant's arguments are arguably waived. *See id.*

Notably, Defendant did not seek to limit or terminate the deposition under Rule 30(d)(3), and again, Defendant has never moved for a protective order. Thus, even the work product arguments in relation to topics 13 and 14 are arguably waived.[6] *See, e.g., Buckley Towers Condo., Inc. v. QBE Ins. Corp., No. 07-22988-CIV, 2008 U.S. Dist. LEXIS 49305, 2008 WL 2645680, at *9-10 (S.D. Fla. June 26, 2008)* ("Even in the case of an instruction not to answer based on privilege, the party who instructs the witness not to answer should *immediately* seek a protective order . . . The record here shows that counsel violated [the prior version of Rule 30(d)(3)] by not [*9] immediately filing a motion for protection following the deposition. On this basis alone, any otherwise meritorious arguments to the questions posed during the deposition were thus waived."

---

[5] The Court notes, however, that the record reflects Defendant did not serve formal objections to the deposition topics until the Friday before the Monday deposition. *See* Doc. Nos. 89-1 through 89-4.

[6] While Defendant's pre-deposition objections also stated an objection based on privilege, in response to the motion to compel, Defendant addresses work product alone with respect to topics 13 & 14. Doc. No. 92, at 5-7. Thus, this Court confines its analysis to work product as well.

Page 4 of 6


(emphasis in original) (citations omitted)). *See also* Mitnor Corp. v. Club Condominiums, 339 F.R.D. 312, 319-20 (N.D. Fla. 2021) ("When an attorney instructs a deponent not to answer a question based on one of the reasons enumerated in Rule 30(c)(2), he must *immediately* seek a protective order from the relevant court, unless one was obtained prior to the deposition or the examining counsel *on the record* agrees to withdraw the objectionable question. Unless the examining attorney agrees to withdraw the offending question or a party already has obtained a protective order, objecting counsel violates Rule 30(c)(2) when he instructs a deponent not to answer a question and fails to move for a protective order." (emphasis in original) (citations omitted)).[7]

Even if not waived, however, Defendant's contentions are unpersuasive. Defendant's refusal to designate a deponent to testify as to topics 9, 10, 11, 15, and 16, and counsel's instructions not to answer questions related to topics 9, 10, 11, 37, and 38, did not comply with the dictates of Rule 30. Defendant's objections to these topics do not concern [*10] the need to "preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Instead, the objections are grounded in relevance or overbreadth, or similar objections that do not provide a basis for an instruction not to answer.[8] *See* Fed. R. Civ. P. 30(c)(2). *See also, e.g.,* Qualtool, Inc., 2022 U.S. Dist. LEXIS 200752, 2022 WL 16695172, at *5 ("Defendant was required to designate a Rule 30(b)(6) witness even if it disagreed with the deposition topics."); Christie v. Royal Caribbean Cruises, LTD, No. 20-22439, 2021 U.S. Dist. LEXIS 129957, 2021 WL 2940251, at *5 (S.D. Fla. July 13, 2021) ("[I]t is improper to instruct a witness not to answer based on relevance[.]" (citation omitted)); Hannah v. Armor Corr. Health Servs. Inc., No. 8:19-cv-596-T-30SPF, 2020 U.S. Dist. LEXIS 258745, 2020 WL 10692760, at *6 (M.D. Fla. June 30, 2020) (citation omitted) (a party cannot "simply instruct a witness not to answer questions that the party's lawyer unilaterally deems irrelevant"); Parson & Whittemore Enters. Corp. v. Cello Energy LLC, No. 09-00631-CG-B, 2010 U.S. Dist. LEXIS 57852, 2010 WL 1994857, at *3 (S.D. Ala. Mar. 29, 2010) ("[W]hile . . . counsel was entitled to state on the record during the deposition his objection as to lack of relevance, he was not entitled under the circumstances to instruct the deponent not to answer due to lack of relevance."); New World Network Ltd. v. M/V NORWEGIAN SEA, No. 05-22916 CIV, 2007 U.S. Dist. LEXIS 25731, 2007 WL 1068124, at *4 (S.D. Fla. Apr. 6, 2007) ("A corporate representative must answer any question posed at the deposition, whether deemed irrelevant or not."). *Cf.* Meraki Solar, LLC v. Rosenbalm, No. 3:21-CV-405-MCR-HTC, 2021 U.S. Dist. LEXIS 271966, 2021 WL 12286635, at *5 (N.D. Fla. Oct. 29, 2021) ("Casting [the deposition] questions as harassing, annoying, embarrassing or in bad faith, simply does not make them so.").[9]

---

[7] Defendant relies on U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr., No. 6:09-cv-1002-Orl-31TBS, 2012 U.S. Dist. LEXIS 114222, 2012 WL 3537070, at *5 (M.D. Fla. Aug. 14, 2012), but in Baklid-Kunz, the Court was addressing pre-deposition motions to compel, during which objections to various deposition topics were addressed. And unlike the present case, the deponent was not instructed at deposition not to testify, nor did any party simply refuse to designate a corporate representative at deposition.

[8] As set forth in response to the motion, the bases for Defendant's objections include:

• Topics 9 & 10 are "frankly confusing," irrelevant, and Defendant cannot produce a representative [*11] to testify on them given its (now-denied) amended motion for protective order seeking to preclude the depositions of the BCC and BZA decisionmakers. *See* Doc. Nos. 93, 95.

• Topic 11 seeks irrelevant information, Defendant does not have a formal position as to Plaintiff's religious beliefs, and the topic is otherwise "inflammatory, prejudicial, and confusing."

• Topics 15 & 16 had already been previously testified to by other deponents, and Defendant had already produced all responsive written discovery regarding same, the documents produced are public record, and any additional discovery on these topics would be unnecessary and duplicative.

• Topics 37 & 38 are overbroad given the breadth of the complaint, Defendant's affirmative defenses include legal theories, and preparing a witness on these topics would impose a substantial and disproportionate burden.

Doc. No. 92.

[9] Outside of relevance, and as it relates to topics 9 & 10, Defendant relies solely on a now-denied motion for protective order, which is therefore unpersuasive. *See* Doc. No. 92, at 4. *See also* Doc. Nos. 93, 95.

As it relates to topic 11, Defendant contends that Plaintiff seeks "inflammatory, prejudicial, and confusing" information about Defendant's beliefs. However, it is appropriate for Plaintiff to inquire into corporate "position, beliefs and opinions." *See* QBE Ins. Corp. v. Jorda Enters., Inc., 277 F.R.D. 676, 689 (S.D. Fla. 2012) (citing, *inter alia,* United

Page 5 of 6


Defendant's objections related to topics 13 and 14, which address work product objections, are equally unavailing under the circumstances of this case. Without ever moving for a protective order, Defendant wholly refused to produce a 30(b)(6) representative to discuss these topics, *see* Doc. No. 89-5, [*12] at 6-7, precluding the Court's review of any proposed questions by Plaintiff. True, work product may protect some information related to these topics, but without the questions to be asked, the Court cannot definitively make such determination. *See generally Strauss v. Rent-A-Ctr.*, Inc., No. 6:04-cv-1133-Orl-22KRS, 2007 U.S. Dist. LEXIS 48879, 2007 WL 2010780, at *1 (M.D. Fla. July 6, 2007) ("[I]t is inappropriate for a corporation simply to refuse to designate a witness for a properly noticed *Rule 30(b)(6)* deposition. Rather, the Federal Rules of Civil Procedure require the party seeking to narrow the scope of the requested discovery to bring a motion for a protective order under *Rule 26(c)*."); *cf. Kartagener v. Carnival Corp., 380 F. Supp. 3d 1290, 1295 (S.D. Fla. 2019)* ("[B]ecause the work product privilege does not protect the facts in that document (the privilege protects documents, not facts), the party seeking those facts may obtain them through other means of discovery, such as through depositions . . . ." (quoting *Stern v. O'Quinn, 253 F.R.D. 663, 687 (S.D. Fla. 2008)*)); *see also Fed. Trade Comm'n v. Vylah Tec LLC, No. 2:17-cv-228-FtM-99MRM, 2018 U.S. Dist. LEXIS 223374, 2018 WL 7364589, at *4 (M.D. Fla. Nov. 26, 2018)* ("While cognizant of Plaintiff's counsel's duty to guard against waiving any work-product protection or privileged information, the Court nonetheless finds that counsel asserted overly expansive work-product objections in response to numerous questions posed by defense counsel." (citing *United States v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990)* ("If construed too broadly, the work product privilege may interfere with the essential [*13] function of the discovery process of narrowing issues for trial."))).

In sum, Defendant's conduct at the August 31, 2026 deposition was inconsistent with the requirements of *Rule 30*, both by failing to provide a corporate representative to testify on certain topics and by instructing the deponent not to answer any questions related to others. The question then becomes the issue of the appropriate remedy and/or whether sanctions are warranted. Plaintiff seeks to compel another *Rule 30(b)(6)* deposition on the outstanding topics and costs for that deposition, or alternatively to preclude Defendant from presenting testimony on these topics at trial. Doc. No. 68, at 3; Doc. No. 87, at 10-11. Plaintiff also seeks an award of expenses for bringing the motion. *Id.*

Upon consideration of applicable authority and the circumstances of this case, the Court finds re-deposition appropriate, with the costs to be borne by Defendant. *See, e.g., Vylah Tec LLC, 2018 U.S. Dist. LEXIS 223374, 2018 WL 7364589, at *9* (compelling second 30(b)(6) deposition on certain topics); *Christie, 2021 U.S. Dist. LEXIS 129957, 2021 WL 2940251, at *6* (ordering re-deposition); *Joseph as next friend of Est. of Joseph v. Chronister, No. 8:16-cv-274-T-35CPT, 2019 U.S. Dist. LEXIS 227780, 2019 WL 8014505, at *3 (M.D. Fla. Jan. 29, 2019)* (permitting re-deposition and ordering that costs of the deposition be borne by the defendant-deponent); *Regions Bank v. Legal Outsource PA, No. 2:14-cv-476-FtM-29MRM, 2016 U.S. Dist. LEXIS 187195, 2016 WL 7228738, at *5 (M.D. Fla. Mar. 10, 2016)* (ordering re-deposition); *Buckley Towers Condo., Inc., 2008 U.S. Dist. LEXIS 49305, 2008 WL 2645680, at *10* (ordering second 30(b)(6) deposition with costs to be borne [*14] by the objecting party). The Court also finds an award of fees in favor of Plaintiff for bringing the motion proper as Defendant's position was not substantially justified. *Fed. R. Civ. P. 30(d)(2)*, *37(a)(5)(A)*. *See, e.g., Sun State Ford v. Ford Motor Co., No. 6:23-cv-1728-PGB-LHP, 2025 U.S. Dist. LEXIS 138406, 2025 WL 2029737, at *3 (M.D. Fla. July 21, 2025)* (ordering re-deposition and awarding fees where "Defendant never sought a protective order or any other

---

*States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.)* (designee presents corporation's "position," its "subjective beliefs and opinions" and its "interpretation of documents and events").

Regarding topics 15 & 16, Defendant argues it has otherwise produced responsive information in discovery. Doc. No. 92, at 7-8. However, "[i]n responding to a *Rule 30(b)(6)* notice or subpoena, a corporation may not take the position that its documents state the company's position and that a corporate deposition is therefore unnecessary." ***Jorda Enters., Inc., 277 F.R.D. at 689*** (citation omitted).

Finally, the Court finds unpersuasive Defendant's contention that it need not produce 30(b)(6) testimony as to topic 37 and portions of 38 regarding Defendant's answer and affirmative defenses, based on assertions of privilege and/or undue burden. For one, "[f]acts supporting a party's claim or defense are not privileged or protected." *Strauss v. Rent-A-Ctr.*, Inc., No. 6:04-cv-1133-Orl-22KRS, 2007 U.S. Dist. LEXIS 48879, 2007 WL 2010780, at *2 (M.D. Fla. July 6, 2007) (citation omitted). Moreover, Defendant's contentions of undue burden are unsupported. *See id.* ("RAC's assertion that responding to topic number 8 would be unduly burdensome fails because it is not supported by any evidence showing that such a burden exists." (citation omitted)).

relief - rather Defendant merely chose not to provide a corporate representative as to" certain topics).

For these reasons, it is **ORDERED** as follows:

1. Plaintiff's Motion to Compel 30(b)(6) Deposition or, Alternatively, for Sanctions (Doc. No. 68) is **GRANTED in part.**

2. Defendant shall produce a corporate representative for a deposition of up to **three (3) hours** in length, to testify as to topics 9, 10, 11, 13, 14, 15, 16, 37, and 38. *See* Doc. No. 89-1.[10] Within **seven (7) days** of the date of this Order, the parties shall meet and confer on the deposition date, which shall be on or before the close of discovery on November 2, 2026. *See* Doc. No. 88. **On or before expiration of this seven (7) day period**, the parties shall file a joint notice on the docket identifying the date, time, and location of the deposition. Defendant shall be responsible for any court reporter and/or videographer fees incurred during [*15] the deposition. **Failure to comply with this Order or file the joint notice as required will result in the Court setting the deposition on its own accord, at a date, time, and location convenient to the Court.**

3. Within **fourteen (14) days** of the date of this Order, Plaintiff and Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Plaintiff for the filing of the present motion and non-stricken supplemental briefing (Doc. Nos. 68, 87). By this same deadline, the parties shall file a joint notice of the amount agreed upon. If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Plaintiff shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

4. Plaintiff's motion (Doc. No. 68) is **DENIED without prejudice** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2026.

/s/ Leslie Hoffman Price

**LESLIE HOFFMAN PRICE**

**UNITED STATES MAGISTRATE JUDGE**

---

End of Document

---

[10] Nothing in this Order precludes Defendant from raising work product or other appropriate privilege objections at the deposition as to any specific question asked. *Fed. R. Civ. P. 30(c)(2)*. Rather, Defendant simply cannot refuse to provide a representative and/or testify about those topics wholesale. In addition, should Defendant be willing to stipulate in writing that it will not provide any evidence on these topics at trial, a second deposition could become unnecessary as to any such stipulated-to topics.