# Marin v. Jm Auto, Inc.

United States District Court for the Southern District of Florida

March 10, 2011, Decided; March 10, 2011, Entered on Docket

CASE NO. 10-61072-CIV-MARRA/JOHNSON

**Reporter**
2011 U.S. Dist. LEXIS 165459 *

BARBARA MARIN, Plaintiff, vs. JM AUTO, INC., a Florida corporation, d/b/a JM LEXUS, Defendant.

**Counsel:** [*1] For Barbara Marin, Plaintiff: Natalie Erin Norfus, Burger King Corporation, Miami, FL; Ellen Marcie Leibovitch, Assouline & Berlow, P.A., Boca Raton, FL.

For JM Auto, Inc., doing business as, JM Lexus, Defendant: Jenna Rinehart Rassif, LEAD ATTORNEY, Jackson Lewis P.C., Miami, FL; Natalie Erin Norfus, Burger King Corporation, Miami, FL.

**Judges:** Linnea R. Johnson, United States Magistrate Judge.

**Opinion by:** Linnea R. Johnson

## Opinion

**ORDER ON MOTION TO COMPEL**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery Responses from Defendant [DE 20]. The motion is fully briefed and ripe for review. The Court has carefully considered the filings of the parties and is fully advised in the premises.

**I. Background**

The controversy at bar arises out of the termination of Plaintiff Barbara Marin ("Marin"), a former employee of Defendant JM Auto Inc. ("JM"). JM is an automobile dealership located in Broward County, Florida. Before her termination, Marin worked as manager of JM's Service Department. After Marin learned that JM's Body Shop Manager, Robert Glaize, earned considerably more than her, Marin complained about her salary to her supervisor. According to Marin, Glaize performed work equal or comparable to that [*2] performed by Marin, and the only explanation for the pay disparity was improper sex discrimination. After an investigation by her supervisor found that Marin's compensation complaint had no merit, JM denied the complaint and suspended Marin for allegedly lying about how she came to know of Glaize's salary. Two days later, on May 21, 2010, JM terminated Marin, and Marin sued JM for employment discrimination.

In the instant Motion to Compel, Marin originally asked the Court to compel responses to certain requests in her First Set of Interrogatories and First Request for Production. After Marin's motion was filed, JM agreed to provide Marin with much of the requested discovery, and depositions conducted by Marin have resolved the other substantive discovery issues raised in the Motion to Compel. See DE 38 at 4-5.

The only question that remains is whether Marin is entitled to attorney's fees and costs incurred in filing her Motion to Compel under *Federal Rule of Civil Procedure 37(a)(5)(A)*. Marin argues that an award of expenses is proper because JM's objections were baseless and inappropriate, and because JM produced the requested material only after Marin forced the issue by filing her Motion. In response, JM claims that its objections [*3] to Marin's motion were substantially justified, despite the fact that JM eventually produced the documents. According to JM, it is Marin who exceeded the bounds of permissible discovery by inquiring about matters that have little or no relevance to the case.

**II. Standard of Review**

When a party files a motion to compel discovery, and the opposing party subsequently produces the material requested in the motion,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the Court

must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). This award of expenses is intended to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." Fed. R. Civ. P. 37(a)(4) advisory committee's note. Courts have [*4] substantial discretion as to whether and how to award expenses in cases of discovery misconduct. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).

"The Supreme Court has clarified that an individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.- Devaney v. Continental American Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). Genuine disputes can arise when the issues present "novel facts and new legal questions." Continental Cas. Co. v. St. Paul Surplus Lines Ins. Co., 265 **F.R.D**. 510, 531 (E.D. Cal. 2010). Courts may also decline to award costs and attorney's fees when the applicable authority on the discovery dispute is conflicting or noncontrolling. Thermal Design, Inc. v. Guardian Bldg. Products, Inc., 270 F.R.D. 437, 439 (E.D. Wis. 2010).

## III. Discussion

As far as substantive relief is concerned, Marin's Motion to Compel is largely moot; the discovery requests in the Motion have been satisfied by depositions conducted by Marin and documents produced by JM. Marin now argues that she is entitled to costs and attorney's fees incurred in filing the Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

In this case, there is no question that JM provided the requested discovery only after Marin's motion was filed. Furthermore, from the filings of the parties, the Court finds that Marin properly conferred with opposing counsel before filing the instant [*5] motion in an attempt to obtain the requested discovery, as required by Local Rule 7.1(a)(3) and Federal Rule of Civil Procedure 37(a)(5)(A)(i). See DE 34, Ex. 7 (letter from Marin's counsel explaining her responses to JM's objections and advising them of future motion to compel). In order to avoid paying Marin's attorney's fees, JM must therefore satisfy one of the two other exceptions to the fee-shifting provisions of Rule 37(a)(5)(A); JM must either show that its objections were "substantially justified," or that "other circumstances make an award of expenses unjust." The Court now examines the justifications for each of JM's objections.

### A. Parts Department Discovery Requests

Marin originally served interrogatories and requests for production regarding the three departments of JM's Fixed Operations Division: Parts, Service, and Body Shop. JM responded to Marin's requests with respect to the Service and Body Shop departments, but objected to the requests related to JM's Parts Department and JM's Parts Director position. In its objections, JM claimed that information about the Parts Department had no bearing on Marin's discrimination claims; because Marin was comparing herself to Glaize, the Body Shop director, there was no reason for JM to produce "highly confidential [*6] and proprietary" Parts Department information. In the same vein, JM argued that the Parts Director position was not comparable to either the Service Director position or the Body Shop Director position, and thus discovery directed toward the Parts Director position would not lead to discoverable information. JM subsequently acquiesced and, through the documents JM produced and depositions conducted by Marin, Marin obtained the information she requested about JM's Parts Department and Parts Director.

Marin now moves for attorney's fees, and claims that JM's objection to producing information about JM's Parts Department was unjustified. As Marin correctly points out, the scope of permissible discovery under the Federal Rules of Civil Procedure is broad; parties may inquire about "any nonprivileged matter that is relevant to any party's claim or defense," and "Nelevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence." Fed R. Civ. P. 26(b)(1). "Relevancy" under Rule 26(b)(1) is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear

Page 3 of 5


on, any issue that is or may be in the [*7] case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Here, the Court finds that information about the Parts Department and the compensation of JM's Parts Director is relevant. Even though the Parts Director may not be a valid comparator for the purposes of evaluating Marin's employment discrimination claims, information about the compensation of the Parts Director and about the Parts Department could reasonably lead to other relevant information regarding JM's compensation schemes in the other two departments of its Fixed Operations Division.

Though the Court ultimately agrees that discovery about the Parts Department was relevant, the issue was also not so cut-and-dried as to be above reasonable dispute. In its Response, JM argued that Marin conceded that the Parts Director position was not comparable to either the Service or Body Shop Director positions, citing deposition testimony from Marin explaining the many differences between the responsibilities and functions of the Parts Department versus the Service and Body Shop Departments. DE 34, Ex. 4. Conversely, Marin did not present authoritative caselaw addressing the relevance of managers of other business departments in the employment discrimination context. The Court thus [*8] finds that the instant situation presented novel facts and new legal questions, especially given Marin's deposition testimony stating that the Parts Department Director should be compensated differently than the Service and Body Shop Directors. Accordingly, the Court finds that JM's objections to Marin's Parts Department discovery requests were substantially justified.

**B. Discovery Regarding Joanie Van Orman**

JM's next objections were directed at discovery items relating to Joanie Van Orman, a former JM employee. Before she was terminated, Joanie Van Orman served as JM's Body Shop Director. When JM ended Orman's employment, Orman filed a Title VII sex discrimination suit against JM; Orman and JM settled the case shortly thereafter. JM replaced Orman with Robert Glaize.

In her First Request for Production, Marin asked JM to provide all documents concerning Orman's discrimination claims, including the final settlement agreement between Orman and JM. JM responded that the settlement agreement and all communications between its attorneys and Orman's attorneys were irrelevant. Marin argues that JM's objections were not substantially justified. The Court agrees.

In an employment discrimination [*9] suit, evidence of discrimination against other employees is admissible under Federal Rule of Evidence 404(b) to prove the employer had an intent to discriminate. Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1286 (11' Cir. 2008) ("me too" evidence of discrimination against plaintiff's coworkers was probative of intent to discriminate and retaliate). Likewise, documents pertaining to the hiring and termination of coworkers are relevant under Federal Rule of Civil Procedure 26(b)(1); by revealing the treatment of other employees, such documents may establish general patterns of improper discrimination as well as the employer's knowledge of that discrimination. Knopfel v. Tech Data Corp., 225 F.R.D. 263, 265-66 (M.D. Fla. 2004).

Here, discovery targeting the discrimination claim brought by Joanie Van Orman is highly relevant; the central premise of Marin's claim in the instant case is that Orman's replacement, Robert Glaize, was paid substantially more than Marin despite performing comparable work, and that the only reason for the difference was sex discrimination. Documents related to JM's treatment of Orman, its former Body Shop Director, are reasonably calculated to lead to information about JM's treatment of Marin. JM's relevance objection is without merit, and the Court holds that documents regarding Orman's suit are relevant and discoverable absent some other specific [*10] protection or privilege.[1]

Despite the Court's finding that JM's objection was baseless, other circumstances in this case make an award of attorney's fees improper. Originally, Marin requested documents concerning en employee named "Joan or Joanie Iaco." After JM objected to the request and told Marin that it never employed such a person, Marin corrected the error and served amended discovery requests relating to "Joanie Van Orman" on October 28, 2010. JM's discovery responses to these requests were not due until 30 days later. Fed. R. Civ. P. 34(b)(2)(A). On November 11, 2010, JM provided its Responses and Objection to Marin's amended requests, and advised Marin that it would provide a copy of

---

[1] JM also argued that mutual confidentiality provisions in its settlement agreement with Orman prevented disclosure absent a court order. Given that Marin and JM have already entered into a confidentiality agreement in this case, the Court finds this objection to be meritless.

Orman's charge of discrimination. On November 19, 2010, Marin filed her Motion to Compel.

Under *Rule 34*, a party may produce its discovery responses at any time within 30 days. In this case, Marin filed her Motion to Compel before the 30 day period elapsed. Even though JM's initial objections to the Joanie Van Orman discovery were baseless, after the Motion to Compel was filed, the record indicates JM quickly capitulated and produced the required documents on or about the 30 day deadline. This is evidenced by the parties' filing [*11] of a joint motion on December 3, 2010 to defer the time for JM to file its Response to Marin's Motion to Compel. See DE 21 (advising that the parties were able to reach an agreement on the production of documents except for discovery regarding the Parts Department).The Court holds that under these circumstances, an award of attorney's fees would be unjust.

**C. Discovery Regarding Stephanie Ruiz**

Finally, JM objected to the discovery requests relating to former JM employee Stephanie Ruiz, who previously worked under Marin as a service manager. When Marin discovered that Ruiz allegedly performed the same work as a male service manager but made $25,000 less, Marin complained to Jim Dunn, JM's General Manager. Dunn purportedly became angry at Marin for making the request and denied the salary increase. According to Marin, it was only after being pressed on the matter that Dunn eventually agreed to give Ruiz a raise in March of 2010.

In correspondence with opposing counsel, Marin justified her discovery request by explaining that documents relating to Ruiz's salary increase would lead to evidence of Jim Dunn's disdain for female employees. JM objected, claiming that the request was not reasonably [*12] calculated to lead to the discovery of admissible evidence. Specifically, JM argued that any evidence regarding Dunn's biases would be irrelevant and inadmissible character evidence under *Federal Rule of Evidence 404*. See DE 34, Ex. 2, ¶ 6.

The Court finds that this objection is meritless. As with the discovery requests concerning the Joanie Van Orman suit, information about the treatment of Ruiz may uncover an overall pattern of JM underpaying female employees. Additionally, the fact that Dunn's biases may not be admissible at trial has no bearing on the relevance of documents revealing Dunn's treatment of the Ruiz matter. At the discovery stage, relevance is construed more broadly than it is in the Federal Rules of Evidence, and JM's objection flies in the face of the language of *Federal Rule of Civil Procedure 26(b)(2)*, which expressly states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence."

While the Court overrules JM's objection to the Ruiz discovery, the Court finds that the circumstances also weigh against an award of attorney's fees. As JM correctly points out, Marin listed an additional justification in its Motion to Compel; she argued [*13] that her request for Ruiz's salary increase was, in and of itself, "a protected activity" and that JM's retaliation for that request contributed, at least in part, to her termination. After Marin brought this argument, JM promptly acquiesced and turned over the requested discovery, acknowledging that the Ruiz discovery requests were directly relevant under this new theory. This sort of reversal suggests that JM's objections to Marin's requests originated from a genuinely flawed understanding of the Federal Rules of Civil Procedure, rather than an impermissible attempt to withhold documents that were relevant. Under these circumstances, the Court will not award attorney's fees.

**IV. Conclusion**

Without the fee-shifting provisions of *Rule 37(a)(5)(A)*, a party could unreasonably object to discovery requests, and then withdraw those objections as soon as the opposing party expended the time and effort necessary to move to compel discovery. Such gamesmanship violates both the letter and spirit of the Federal Rules of Civil Procedure. In this case, though JM only produced the requested discovery after Marin's Motion to Compel was filed, JM has not otherwise obstructed or frustrated discovery. JM has produced [*14] substantial amounts of documents, has participated in numerous depositions, and has responded to Marin's interrogatories and requests for admissions. The Court finds that the circumstances militate against awarding Marin attorney's fees at this time. In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs Motion to Compel [DE 20] be **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** Plaintiffs Motion as to all substantive discovery matters. To the extent Defendant has not produced materials responsive to Plaintiff's First

Request for Production and First Set of Interrogatories, Defendant is hereby ordered to do so within fourteen (14) days. The Court **DENIES** Plaintiff's request for attorney's fees and expenses.

**DONE AND ORDERED** in Chambers this 10th day of March, 2011 at West Palm Beach, Florida.

/s/ Linnea R. Johnson

Linnea R. Johnson

United States Magistrate Judge

End of Document