# Belfor United States Group v. Bray & Gillespie

United States District Court for the Middle District of Florida, Orlando Division

April 23, 2007, Decided; April 23, 2007, Filed

Case No. 6:05-cv-1624-Orl-18JGG

**Reporter**
2007 U.S. Dist. LEXIS 117767 *

BELFOR USA GROUP, INC., Plaintiff, -vs- BRAY & GILLESPIE, LLC, a/k/a Bray & Gillespie Management, LLC, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, AXIS REINSURANCE COMPANY, WACHOVIA BANK, N.A., Defendants.

**Subsequent History:** Motion denied by *Belfor United States Group v. Bray & Gillespie, 2007 U.S. Dist. LEXIS 117766 (M.D. Fla., Aug. 3, 2007)*

Motion denied by *Belfor USA Group, Inc. v. Bray & Gillespie, LLC, 2007 U.S. Dist. LEXIS 83646 (M.D. Fla., Oct. 26, 2007)*

Partial summary judgment denied by *Belfor United States Group, Inc. v. Bray & Gillespie, LLC, 2007 U.S. Dist. LEXIS 94469 (M.D. Fla., Dec. 17, 2007)*

**Counsel:** [*1] For Belfor USA Group, Inc., a Colorado corporation, Plaintiff: Marvin P. Pastel, II, LEAD ATTORNEY, Winter Capriola Zenner, Atlanta, GA USA; Patrice S. Arend, LEAD ATTORNEY, Eric Linden, Michelle L. Coakley, Jaffe, Raitt, Heuer & Weiss, PC, Southfield, MI USA.

For Bray & Gillespie, Llc, a Florida limited liability company, also known as, Bray & Gillespie Management, LLC, Wachovia Bank, N.A., Defendants: Bruce A. Hanna, Cobb Cole, Daytona Beach, FL USA; Jennifer D. Katz, Anderson Kill & Olick, PC, Newark, NJ USA; John N. Ellison, PRO HAC VICE, Reed Smith, LLP, New York, NY USA; Kathryn Diane Weston, State of Florida, Circuit Judge, S James Foxman Justice Center, Daytona Beach, FL USA; Michael Conley, William H. Pillsbury, PRO HAC VICE, Anderson Kill & Olick, PC, Philadelphia, PA USA; Michael J. Lane, PRO HAC VICE, Anderson Kill & Olick, PC, New York, NY USA.

For Westchester Surplus Lines Insurance Company, a Georgia corporation, Axis Reinsurance Company, a New York corporation, Defendants: John J. Pappas, LEAD ATTORNEY, Pappas & Associates, Orlando, FL USA.

For Wells Fargo Bank, N.A., as Successor by Merger to Wachovia Bank, N.A., Interested Party: James H. Post, LEAD ATTORNEY, Smith, Hulsey [*2] & Busey, Jacksonville, FL USA; Michael N. DiCanio, LEAD ATTORNEY, PRO HAC VICE, Reed Smith, LLP, New York, NY USA; R. Christopher Dix, LEAD ATTORNEY, Smith, Hulsey & Busey, Jacksonville, FL USA; Jennifer D. Katz, Anderson Kill & Olick, PC, Newark, NJ USA; Kathryn Diane Weston, State of Florida, Circuit Judge, S James Foxman Justice Center, Daytona Beach, FL USA; Michael Conley, PRO HAC VICE, Anderson Kill & Olick, PC, Philadelphia, PA USA.

For Bray & Gillespie, Llc, a Florida limited liability company, Counter Claimant: R. Christopher Dix, LEAD ATTORNEY, Smith, Hulsey & Busey, Jacksonville, FL USA; Jennifer D. Katz, Anderson Kill & Olick, PC, Newark, NJ USA; Kathryn Diane Weston, State of Florida, Circuit Judge, S James Foxman Justice Center, Daytona Beach, FL USA; Michael Conley, PRO HAC VICE, Anderson Kill & Olick, PC, Philadelphia, PA USA.

For Belfor USA Group, Inc., a Colorado corporation, Counter Defendant: Eric Linden, Michelle L. Coakley, LEAD ATTORNEYS, Patrice S. Arend, Jaffe, Raitt, Heuer & Weiss, PC, Southfield, MI USA.

**Judges:** JAMES G. GLAZEBROOK, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** JAMES G. GLAZEBROOK

## Opinion

### ORDER

This cause came on for consideration without oral argument on the following motion: [*3]

**MOTION: MOTION FOR REIMBURSEMENT OF COSTS AND ATTORNEYS FEES (Doc. No. 93)**

**FILED: March 20, 2007**

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Belfor USA Group, Inc. ("Belfor") moves to recover attorneys' fees and costs it claims that it unnecessarily incurred because Defendant Bray & Gillespie, L.L.C. ("B&G") failed to produce a representative with sufficient knowledge to testify at a *Rule 30(b)(6)* deposition noticed by Defendants Westchester Surplus Lines Insurance Inc. ("Westchester") and Axis Reinsurance Company ("Axis"). B&G contends that it complied with its *Rule 30(b)(6)* obligations and that the motion is frivolous. For the reasons set forth below, the motion for monetary sanctions is **DENIED**.

## I. STATEMENT OF FACTS

On December 15, 2006, Westchester and Axis issued a First Amended Notice of Taking Videotaped Corporate Representative Deposition Duces Tecum of Bray & Gillespie Management, L.L.C. Docket 93-3. The deposition was scheduled to take place on February 7, 2007, in Tampa, Florida. Docket 93-3 at 1. The deposition notice required B&G to produce a corporate representative to testify regarding 16 enumerated topics. Docket 93-3 at 9-10.

After the deposition notice was issued, the parties discussed [*4] both the date and location for the deposition. Docket 93 at 4; Docket 93-4. It is apparent that the parties were trying to coordinate the deposition of B&G's representative and the deposition of Belfor's corporate representative to take place on consecutive dates. Belfor argues that it only agreed to bring its corporate representative from Michigan to Florida on the condition that it could take and complete B&G's corporate representative deposition during the same trip. Docket 93 at 4. B&G disputes that Belfor agreed to produce its corporate representative on the condition that it could complete the deposition of B&G's corporate representative on that trip. Docket 94 at 5.

The parties, however, did agree that the depositions would take place in Daytona Beach, and that B&G's corporate representative would be deposed on Wednesday, February 7, 2007, and Belfor's corporate representative would be deposed on Thursday, February 8, 2007. Docket 93 at 4; Docket 93-4 at 2. Westchester and Axis thereafter issued a Second Amended Deposition Notice that was substantively the same as the First Amended Notice, but changed the location of the deposition to Daytona Beach. Docket 93-4.

On February 7, [*5] 2007, B&G produced Sydney Slome, who testified as to one of the topics enumerated on the deposition notice. Slome's deposition began at 10:15 a.m. and concluded at 5:34 p.m. Docket 94-2 at 2. Belfor states its questioning of Slome took less than 4.5 hours. Docket 93 at 6. B&G contends that the topic Slome testified about was the major topic regarding the dispute between Belfor and B&G. Docket 94-2 at 4 (depo. at 27:1-8). Joseph Gillespie, B&G's corporate representative who could testify as to the other 15 subjects enumerated in the deposition notice, was not available on February 7, 2007. Docket 94-2 at 3, 5. B&G, however, has made clear its willingness to produce Gillespie for deposition both as a *Rule 30(b)(6)* witness and as an individual witness. Docket 94-2 at 5.

Belfor's counsel claims that prior to February 7, 2007, B&G did not notify her that it would be producing only a single witness to testify as to one of the enumerated topics. Docket 93-6 at ¶ 4. Belfor's counsel stated that she needed to leave the deposition on February 8, 2007, no later than 4:00 p.m. to catch her plane back to Michigan. Docket 94-2 at 7-9.

Belfor claims that the time taken to prepare for taking the deposition on the [*6] other 15 topics was wasted, because the knowledge will have become stale by the time Gillespie is deposed and Belfor's counsel will have to again review her notes and documents. Docket 93 at 5. Belfor also claims that it will incur additional travel costs of traveling from Michigan to Florida a second time to complete the deposition of Belfor's corporate representative. Belfor, therefore, requests that B&G pay it $5,035.83 for its costs and fees related to B&G's alleged improper designation.

## II. THE LAW

Belfor argues that because Slome was not prepared to testify as to all topics enumerated in the deposition notice and Gillespie was not available, B&G failed to satisfy its obligations pursuant to *Rule 30(b)(6)*. *Rule 30(b)(6)* provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named

> shall designate *one or more* officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the [*7] person will testify. . .The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

*Fed. R. Civ. P. 30(b)(6)* (emphasis added). The rule is silent as to when the organization must inform other parties of its designation, and the Court has located no authority that requires an organization to inform other parties of its designation prior to the deposition.

A deposition pursuant to *Rule 30(b)(6)* is considered a single deposition for purposes of the ten deposition numerical limit. *Rule 30(a)(2)* Advisory Committee's Notes 1993 Amendments. With respect to the durational limit of taking a deposition in one day of seven hours, when an organization designates more than one individual under *Rule 30(b)(6)*, "the deposition of each person designated under *Rule 30(b)(6)* should be considered a separate deposition." *Rule 30(d)(2)* Advisory Committee's Notes 2000 Amendment. Reading the rules together, it is entirely possible that a *Rule 30(b)(6)* deposition will last more than one day if the organization designates more than one person in response to a deposition notice.

III. **ANALYSIS**

**A. Sanctions**

B&G acted within its rights to designate more than one person in response [*8] to the *Rule 30(b)(6)* deposition notice. Further, there is no rule that required B&G to inform Belfor in advance of its plan. The Court observes, however, that courteous and professional attorneys communicate with the other parties prior to the commencement of the deposition to discuss an organization's designation of its representative, especially when more than one representative will be produced and the ability to complete the deposition in a single day may be in question. B&G's discourtesy, however, falls short of sanctionable conduct in these circumstances.

Belfor does not dispute that Slome was knowledgeable regarding the topic for which he was designated. Belfor also does not dispute B&G's position that Slome testified about the central issue in dispute between Belfor and B&G. Belfor admits that its questioning on this one topic alone was approximately 4.5 hours and, although the Court was not informed of the length of questioning by the other parties, Slome's deposition concluded at 5:34 p.m. on February 7. The deposition of Belfor's corporate representative began the following morning at 8:30 a.m. and Belfor's counsel had to leave at 4:00 p.m. Even if Gillespie had been present, it appears [*9] there would have been no time to take his deposition during the two-day period that Belfor's counsel was present.[1] B&G has agreed to produce Gillespie for the *Rule 30(b)(6)* deposition and, under the rules, that deposition has a presumptive time limit of seven hours. *Rule 30(d)(2)* Advisory Committee's Notes 2000 Amendment; *Sabre v. First Dominion Capital, LLC, 2001 U.S. Dist. LEXIS 20637, 2001 WL 1590544 *2 (S.D.N.Y. Dec. 12, 2001)* (30(b)(6) deposition of a witness and a deposition of the same witness as an individual are subject to separate, independent seven-hour time limits).

The Court is unpersuaded that Belfor's counsel's preparation time was wasted or that Belfor will incur substantial attorneys' fees for counsel to refresh her recollection prior to taking Gillespie's *Rule 30(b)(6)* deposition. The Court also is unpersuaded that there was an agreement to complete the deposition of B&G's corporate representative on a single day. The Court, therefore, **DENIES** Belfor's motion for sanctions.

**B. Motion to Exceed Durational Limits for Deposition**

Buried in its motion, Belfor requests that it be permitted to depose Gillespie for more than seven hours, as it anticipates that it will take longer than seven hours to depose him in both his capacity as a corporate representative and as an individual. B&G points out that Belfor's motion is the [*10] first time it has made this request. Docket 94 at 3. The Court **DENIES WITHOUT PREJUDICE** the motion to exceed the durational limits for deposition as Belfor failed to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2007.

---

[1] Belfor does not explain why its counsel could not alter her travel plans or why the deposition of Gillespie could n taken after Belfor's corporate representative deposition concluded.

Page 4 of 4


/s/ James G. Glazebrook

JAMES G. GLAZEBROOK

UNITED STATES MAGISTRATE JUDGE

---

End of Document