# Mitchell v. Town of Hayneville

United States District Court for the Middle District of Alabama, Northern Division

March 18, 2021, Decided; March 18, 2021, Filed

No.: 2:20-cv-00252-MHT-SRW

**Reporter**
2021 U.S. Dist. LEXIS 273787 *; 2021 WL 12320388

KELVIN MITCHELL, Plaintiff, v. TOWN OF HAYNEVILLE, ALABAMA, et al., Defendants.

**Counsel:** [*1] For Kelvin Mitchell, Plaintiff: Ashley Nicole Smith, LEAD ATTORNEY, ANSmith Law LLC, Montgomery, AL.

For Town of Hayneville Alabama, Justin Pouncey, In his individual capacity, Cynthia McDonald, In her individual and official capacity as a member of the town council for the Town of Hayneville AL a municipal corporation, Lula Tyson-Bailey, In her individual capacity, Sharon Reeves, In her individual capacity, Defendants: Robbie Alexander Hyde, LEAD ATTORNEY, Alexander Hyde LLC, Auburn, AL.

**Judges:** Susan Russ Walker, United States Magistrate Judge.

**Opinion by:** Susan Russ Walker

## Opinion

### ORDER

On January 25, 2021, the parties filed their Rule 26(f)(3) discovery plan with the district court. (Doc. 35). On January 26, 2021, the court entered its uniform scheduling order ("USO"), adopting the parties' discovery plan except to the extent that there were any conflicts with the deadlines set forth in the USO or the parties had not reached an agreement. (Doc. 36, at 5). The District Judge referred to the undersigned the resolution of all disputes in the Rule 26(f) report. (Doc. 37). On February 22, 2021, this court ordered the parties to confer by February 26, 2021, in a good faith effort to resolve or narrow their points of dispute, and to file a [*2] joint written notice by March 2, 2021, should they be unable to resolve their dispute in its entirety. (Doc. 38). Before the court is the parties' joint written notice of the issues remaining in dispute and their respective positions on each issue. The court will address these issues in turn.

### 1. Depositions

#### a. 30(b)(6) witness/topics areas

Plaintiff requests that the Rule 26(f) report provide the following:

> For purposes of Rule 30(b)(6) witnesses, Plaintiff shall be permitted up to seven (7) hours per each designated witness. If a witness is designated as both a fact witness and a Rule 30(b)(6) witness, Plaintiff shall be permitted to depose the witness up to (7) hours in each capacity. The parties agree that designation of deponents and/or any objections to deposition topic areas will be made no later than fourteen (14) days prior to the date the deposition is scheduled. All documents responsive to discovery requests and disclosures must be produced ten (10) days prior to the deposition.

(Doc. 40, at 3).

Plaintiff asserts that because a party can choose more than one individual to represent Defendant Town of Hayneville, Alabama, he is seeking to ensure that there is enough time to depose each 30(b)(6) witness designated by Defendants. [*3] Plaintiff also maintains that he desires to minimize potential discovery disputes by addressing some common issues that arise in the discovery process, such as untimely objections to topic areas listed in a 30(b)(6) deposition notice that can cause a need to reschedule or cancel a deposition. *Id.* Defendants' blanket position is that all of Plaintiff's requests exceed the normal parameters of a normal Rule 26 report, that he is essentially seeking through the Rule 26 report to modify the Federal Rules of Civil Procedure without citing authority in support, and that these requests are unnecessary additions to a Rule 26 report. *Id.* at 4.

Rule 30(d)(1) of the Federal Rules of Civil Procedures

provides that "a deposition is limited to one day of 7 hours." "[T]he deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Rule 30(d), Advisory Committee's Notes 2000 Amendment. A witness designated as a 30(b)(6) witness may be deposed separately in his or her individual capacity. *See* [*Ferguson v. Bell Helicopter Textron Inc., No. 1:09CV635, 2011 WL 13365084, at *1 (M.D. Ala. Sept. 2, 2011)*](#) (concluding that the witness's deposition as the defendant's corporate representative did not preclude his subsequent deposition in his individual capacity as a fact witness). As courts have explained:

> A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition [*4] as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity ... Moreover, if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.... In other words, "[U]nder the law, a corporate entity is distinct from individuals who control or manage the corporation."

*Id.; DHL Express (USA), Inc., v. Express Save Indus., Inc.*, No. 09-60276, 2009 WL 3418148, at *1-3 (S.D. Fla. 2009); *Sabre v. First Dominion Cap., LLC*, No. 01CIV2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) (noting that if a "person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching" as an entity that wanted to limit the testimony of an individual could designate the individual as a 30(b)(6) witness, thereby deducting every minute spent conducting the 30(b)(6) deposition from the witness's [*5] available time in his individual capacity, or an entity could curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual, thereby leaving one hour on his presumptive seven-hour clock).

The first two sentences in Plaintiff's request, regarding Plaintiff's having up to seven hours to depose each designated witness, including a witness who is designated as both a fact witness and a Rule 30(b)(6) witness, accurately reflect a general statement of the law. However, "[t]his is not to say . . . that the inquiring party has *carte blanche* to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness." *Sabre*, 2001 WL 1590544, at *2 (noting that "[i]n the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity," and that "[i]n such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition."); *DHL Express*, 2009 WL 3418148, at *3 (citing *Sabre*); *AllianceOne, Inc. v. Monti*, No. 203CV629FTM29SPC, 2005 WL 8153191, at *1 (M.D. Fla. Mar. 25, 2005) ("Investigations into matters that were previously covered in the representatives' deposition as individuals may not be covered unless it directly [*6] pertains to his or her corporate representation."). Thus, while Plaintiff's submission is an accurate reflection of the law in general terms, the factual record as it develops will determine the limits, if any, to Plaintiff's inquiry in such a situation or even whether a second deposition would be necessary. *See Sobolik, Tr. for Sobolik v. Briggs & Stratton Corp.*, No. CV 09-1785, 2010 WL 11640194, at *7 (D. Minn. June 2, 2010) ("[W]e find that the fact that the individual, who will be produced for the Rule 30(b)(6) deposition, may have already been deposed as an individual, that fact, *alone*, is not a sufficient basis for denying the Plaintiff's Motion, *at least on the Record presented*.") (emphasis added). Therefore, the inclusion of this provision in the discovery plan is neither necessary nor wise as the Federal Rules provide avenues to address any issues surrounding such a situation if it were to arise.

As to the rest of Plaintiff's submission pertaining to setting specific deadlines for the designation of deponents and objections, and the production of discovery requests and disclosures prior to the deposition, the court finds these unnecessary to include in the discovery plan. Such deadlines are not required by the Federal Rules, nor does Plaintiff cite any authority in support of this request. Plaintiff's [*7] justification for this request is to minimize discovery disputes involving common issues that arise in the discovery process and to avoid the need to reschedule or cancel a deposition based upon untimely objections. These concerns are present in any case, and Plaintiff has failed to show any unusual circumstances in this case requiring these proposed deadlines to be

incorporated into the discovery plan, given Defendants' objection to their inclusion. The Federal Rules provide adequate procedures and remedies to address any disputes that may arise. The touchstone is whether a party acted reasonably and responded in a meaningful way. *See generally Kartagener v. Carnival Corp., 380 F. Supp. 3d 1290, 1296 (S.D. Fla. 2019)* ("Defendant's attempt to raise objections for the first time in the deposition was untimely and insufficient to give Plaintiff notice of those objections. Where a corporation objects to the designation, it must give advance notice to the requesting party of those objections.").

**b. Production of documents**

Plaintiff asks that the Rule 26(f) report include a requirement that, "No document may be used in a deposition that has not been tendered to opposing counsel at least seven (7) days in advance of the deposition." (Doc. 40, at 5). Plaintiff asserts that [*8] he is seeking to avoid any unnecessary "document dumps" just prior to a deposition or for the first time at a deposition. *Id.* Plaintiff does not cite any unusual circumstances necessitating or supporting the inclusion of such a provision in the plan. Given Defendants' objection, the court finds that the requirement requested is unnecessary and is due to be denied.

**c. Use of depositions from another case**

Plaintiff asks that the Rule 26(f) report include the following:

> Additionally, the parties agree that either may seek permission of Court if additional depositions are deemed necessary. Should any party wish to use a deposition in this case that was taken in connection with another case, the party must identify it in timely made Rule 26(a)(1) disclosures and make a copy of the deposition transcript available to the other parties upon request. Such disclosure does not make said transcript, or the testimony or evidence contained therein, admissible evidence in the case at hand. The determination of admissibility is within the province of the Court.

*Id.* at 5-6.

Plaintiff states that "[d]epositions from another case could be helpful to Plaintiff proving his case or disproving Defendants' affirmative defenses." *Id. [*9]* at 6. Again, for the reasons previously stated, the court finds that the requested provision is not required under the Federal Rules, is unnecessary, and is therefore due to be denied.

**d. Deposition Dates**

Plaintiff asks that the Rule 26(f) report provide that, "The parties agree that when a request for deposition dates is made by the other party, the responding party shall reply within five (5) business days with available dates." *Id.* Plaintiff explains that he is seeking to ensure that there are no unreasonable lapses of time between requests and responses that would affect the management of the case. *Id.* at 6-7. Plaintiff fails to cite anything unique about this case that warrants such a provision, given Defendants' objection to it. The court finds that the requested provision is not required under the Federal Rules, is unnecessary, and is therefore due to be denied.

**2. Interrogatories**

Plaintiff asks for a maximum of 45 interrogatories per party, citing the need to use interrogatories to prove his five remaining claims and to disprove all 27 of Defendants' affirmative defenses, and also based upon Defendants' allegedly insufficient responses in their answer. *Id.* at 7-8. Defendants request only [*10] 25 interrogatories per party as set forth in *Fed. R. Civ. P. 33(a)*. *Id.* at 8.

The court has discretion under *Fed. R. Civ. P. 26(b)(2)* to alter the number of interrogatories allowed. Based upon Plaintiff's request and the reasons stated, the court will grant each party 40 interrogatories, including all discrete subparts.

**3. Requests for Production--Document Produced After Deposition**

Plaintiff asks that the Rule 26(f) report provide that, "With respect to the timing of production, the parties agree that in the event a document is produced after a deposition that requires the testimony of a witness to be reopened, the party producing the document after the deposition shall bear the cost of the reopened deposition." (Doc. 40, at 9). This provision is unnecessary, as the Federal Rules already impose certain obligations on parties in conducting discovery and provide adequate remedies for discovery violations.

*See* Fed. R. C.v. P. 26, 30, 37.

**4. Production of Documents Received Pursuant to a Subpoena**

Next, Plaintiff asks that the Rule 26(f) report provide the following:

> Any documents received by a party pursuant to a subpoena shall be produced to the other parties within fourteen (14) days of receipt of the documents, but to the extent the production is close in time to a deposition [*11] where the documents may be used or the subject matter of the documents may be discussed, then the production shall occur no later than five (5) business days prior to the deposition unless otherwise agreed to by the parties. The parties shall produce copies of all documents received in response to a third-party subpoena.

(Doc. 40, at 10).

Plaintiff explains that he is seeking to establish deadlines for when documents that the other party receives pursuant to a subpoena need to be produced, as the Federal Rules do not provide such deadlines. *Id.* Plaintiff does not cite any authority or unusual circumstances requiring such deadlines to be included in the discovery plan. Given Defendants' objection, the court finds that this request is unnecessary and is due to be denied.

**5. Supplementation**

Lastly, Plaintiff asks that the Rule 26(f) report provide the following:

> Supplementation of disclosures under *Federal Rule of Civil Procedure 26(e)* are due within fourteen (14) days of learning of the need to supplement (i.e. within fifteen (15) days of discovering a witness and/or document), but no later than forty-five (45) days before the close of discovery. If it is not possible to supplement disclosures within this time-frame, then the disclosing [*12] party agrees to permit discovery on the disclosed information outside of the discovery period. The mention of or reference to a witness in written discovery responses, documents, and/or in depositions does not satisfy the duty to supplement Rule 26 disclosures.

*Id.* at 10-11.

Plaintiff maintains that because the Federal Rules do not set a specific time for disclosures to be supplemented, the court should establish concrete deadlines for when the parties are required to supplement disclosures. *Id.* at 11. Plaintiff asserts that Defendants seek to set the deadline to supplement disclosures at 30 days before the close of discovery, but Plaintiff believes that 30 days prior to the close of discovery is often not enough time to schedule, prepare for, and/or take a deposition or conduct such other discovery as a result of the supplementation, and therefore supplementation of disclosures and discovery requests should occur as soon as practicable, not just 30 days prior to the close of discovery. *Id.* at 11-12.

Rule 26(e) requires that a party supplement or correct its disclosure in a timely manner. *See* *Fed. R. Civ. P. 26(e)(1)(A)*. Rule 37(c) sets forth the consequences of a party's failure to do so. *See* *Fed. R. Civ. P. 37(c)(1)*. Plaintiff fails to cite any unusual circumstances [*13] in this case that warrant his suggested deadlines. The court finds that the specific deadlines requested by Plaintiff are unnecessary and the request is therefore due to be denied. Supplementation of disclosures and discovery under *Fed. R. Civ. P. 26(e)* is due in a timely manner, or no later than thirty (30) days prior to the discovery deadline; the drafters and enactors of the Rule thought this requirement was sufficient and the court agrees.

Accordingly, for the reasons stated above, it is

ORDERED that Plaintiff's requests to include certain requirements in the discovery plan are DENIED; that the parties are GRANTED 40 interrogatories, including all discrete subparts; and that supplementation of disclosures and discovery under *Fed. R. Civ. P. 26(e)* is due in a timely manner, or no later than thirty (30) days prior to the discovery deadline.

DONE, on this the 18th day of March, 2021.

/s/ Susan Russ Walker

Susan Russ Walker

United States Magistrate Judge

---

End of Document