2025 WL 5278578
Only the Westlaw citation is currently available.
United States District Court, N.D. Florida.

GULF ATLANTIC CONSTRUCTORS, INC., Plaintiff,
v.
WEBB, LLC, et al., Defendants.
and
HITT CONTRACTING INC.,
Defendant/Counterclaim-Plaintiff,
v.
NGM INSURANCE CO.,
Counterclaim-Defendant.

Case No.: 3:23cv24674/TKW/ZCB
|
Filed 09/19/2025

**Attorneys and Law Firms**

Robert Alexander Andrade, George Roderick Mead II, Moore Hill & Westmoreland PA, Pensacola, FL, for Plaintiff.

Bruce Douglas Partington, Jones Walker LLP, Pensacola, FL, Keith L. Bell Jr., Trevor A. Thompson, Clark Partington, Tallahassee, FL, Stephen Arthur Luongo, Clark Partington, Pensacola, FL, for Defendants.

Trevor A. Thompson, Clark Partington, Tallahassee, FL, Bruce Douglas Partington, Jones Walker LLP, Pensacola, FL, Stephen Arthur Luongo, Clark Partington, Pensacola, FL, for Defendant/Counterclaim-Plaintiff.

Timothy Shane Taylor, Robert Paul Washington, Timothy Drew Corwin, Vanessa Alison Van Cleaf, Taylor Corwin & Van Cleaf, Coral Gables, FL, for Counterclaim-Defendant.

**ORDER**

Zachary C. Bolitho United States Magistrate Judge

***1** This matter is before the Court on a motion to compel filed by Counterclaim-Defendant NGM Insurance Co. (Doc. 84). In the motion, NGM says Counterclaim-Plaintiff HITT Contracting, Inc. should be compelled to specify which discovery requests the produced records are responsive to. HITT has opposed the motion, arguing that its production complied with the applicable rules. (Doc. 94). The Court held a hearing on the motion. For the reasons below, NGM's motion is denied.

## I. Background

During discovery in this case, NGM submitted interrogatories and requests for production to HITT. HITT responded to those requests by producing voluminous electronic records. NGM's discovery requests did not specify a particular format for production, so HITT produced the records in image format, .pdf format, and native file format.[1] The records were also Bates-numbered. Additionally, HITT provided NGM with metadata Excel spreadsheets. The spreadsheets contain the Bates-number, family information, custodian, date, filename, file path, and author, among other information.

Upon receiving the production, NGM requested that HITT identify by Bates-number which records corresponded to which of NGM's discovery requests. NGM argued HITT was required to do this because HITT had not produced the records as they were kept in the usual course of business under Fed. R. Civ. P. 34(b)(2)(E)(i). HITT rejected NGM's request. In doing so, HITT argued that its production complied with the applicable rules. NGM responded by filing the current motion to compel.

## II. Discussion

The question before the Court today is whether HITT's production complied with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure. Let's start the discussion by looking at the relevant text:

> (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> > (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> >
> > (ii) If a request does not specify a form for producing electronically stored information, a party must produce

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). The text of a rule is, of course, always important. But here it is particularly so. That is because the parties disagree regarding the appropriate construction of the rule. The disagreement centers on whether Rule 34(b)(2)(E)(i) or (ii) (or both) applies to HITT's production. According to NGM, subpart (i) applies and HITT's production was deficient because the records were neither produced as kept in the usual course of business nor labeled to correspond to the discovery requests. Underlying NGM's argument is the belief that subpart (i) is not limited to paper documents; rather, it applies to both paper documents and electronically stored information (ESI).

***2** HITT sees things differently and argues that subpart (i) is inapplicable because the production involved ESI, as opposed to paper documents. Thus, HITT says that subpart (i) applies to the production of paper documents and subpart (ii) applies to the production of ESI. And HITT says that its production satisfied subpart (ii)'s requirements because the ESI was produced in a reasonably usable form.

So, the Court must decide whose construction of the rule is correct. Does subpart (i) apply to both paper documents and ESI as NGM argues? Or does, subpart (i) apply to paper documents and subpart (ii) apply to ESI as HITT argues? District courts across the country have faced this same question, and they have provided different answers. Some courts have held that "Rule 34(b)(2)(E)(i) governs only the production of physical documents, while Rule 34(b)(2)(E)(ii) governs only the production of ESI." *McCreight v. AuburnBank*, 3:19-cv-865, 2021 WL 6926818, at *2 (M.D. Ala. Mar. 30, 2021); *see also* *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514,527 (D.N.M. 2014) ("Rule 34(b)(2)(E)(i) governs hard copy documents, and (E)(ii) governs ESI, with no overlap between."). Other courts have reached the opposite conclusion. *See* *Holmes v. N. Tex. Health Care Laundry Coop. Ass'n*, No. 3:15-cv-2117, 2016 WL 1366269, at *7 (N.D. Tex. Apr. 6, 2016) (holding that both Rule 34(b)(2)(E)(i) and (ii)'s requirements "apply to ESI productions"); *see also* *Chet Morrison Contractors, Inc. v. Medco Energi US LLC*, No. 08-1638, 2009 WL 2762049, at *2 (E.D. La. Aug. 25, 2009) (applying Rule 34(b)(2)(E)(i) to ESI).

Having carefully considered the matter, the Court finds persuasive the reasoning of those courts that have applied subpart (i) to paper documents and subpart (ii) to ESI. The Court believes the plain text of the rule requires that conclusion. And this Court "must enforce plain and unambiguous statutory language according to its terms." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010). Looking to the rule's text, subpart (i) uses the word "documents" and does not use the phrase "electronically stored information." Subpart (ii) uses the phrase "electronically stored information" and does not use the term "documents." Although there are times when the word "documents" may be fairly read to encompass both paper documents and electronic records, this is not one of those times. That is so because the drafters of the rule specifically drew a distinction between "documents" and "electronically stored information." If the drafters wanted "electronically stored information" to be treated the same as "documents," then they would not have specifically referred to "documents" in one part of the rule (i.e., subpart (i)) and "electronically stored information" in another part of the rule (i.e., subpart (ii)).[2]

***3** Support for this interpretation of the rule can be found in the Advisory Committee Notes to the 2006 amendments,[3] which show that the drafters meant to draw a distinction between "documents" and "electronically stored information" in Rule 34(b). *See* Fed. R. Civ. P. 34 advisory committee's note to 2006 amendment; *see also* *In re: Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 23-cv-0818, 2024 WL 3153321, at *1 (N.D. Ill. Mar. 1, 2024) ("The plain text of the Rule distinguishes between hard copy documents and ESI. So do the notes accompanying the 2006 Amendments to the Rule ...."); *Ark. River Power Auth. v. Babcock & Wilcox Power Generation Grp., Inc.*, No. 14-cv-00638, 2015 WL 2128312, at *10 (D. Colo. May 5, 2015) (stating that "Rule 34(a)(1) and the Advisory Committee Note thereto acknowledge that ESI, and therefore, its treatment, is distinct from hard copy documents").

This reading of Rule 34(b)(2)(E) is also endorsed by the Sedona Principles, which were developed by the Sedona Conference[4] and are regularly relied on by courts when addressing discovery issues. *See* *McCreight v. AuburnBank*, No. 3:19-cv-865, 2021 WL 6926818, at *2 (M.D. Ala. Mar. 30, 2021) ("Courts in the Eleventh Circuit routinely turn to the Sedona Principles for direction when dealing with complex e-discovery issues."). According to the Sedona Principles, the correct reading of Rule 34(b)(2)(E) "is that subpart (i) only

applies to documents other than ESI, and subparts (ii) and (iii) apply only to ESI." *The Sedona Principles*, 19 Sedona Conf. J. 1, 183 (3d ed. 2018). The Sedona Principles explain that this reading is consistent with the language of the rule and the intent of the drafters. *Id.* at 182-84. Thus, the Sedona Principles endorse the view that "subpart (i) should not be interpreted to apply to ESI." *Id.* at 184.

Having concluded that Rule 34(b)(2)(E)(ii) is the applicable standard, the Court will now explain why HITT's production complied with that standard.[5] Under Rule 34(b)(2)(E)(ii), "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). In this case, NGM did not specify a form for ESI production. That means HITT was required to produce the ESI either in the form it was ordinarily maintained or in a reasonably usable form.

The Court finds that HITT complied with that requirement by producing the ESI in multiple reasonably usable forms—i.e., image format, searchable .pdf format, and native file format. *See U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 244 (S.D. Cal. 2015) (recognizing that image production formats and .pdfs "have [been] endorsed" by many courts and are generally recognized as reasonably usable formats); *see also Davenport v. Charter Commc'ns, LLC*, No. 4:12cv0007, 2015 WL 1286372, at *3 (E.D. Mo. Mar. 20, 2015) (stating that "courts regularly find searchable PDF documents to constitute a reasonably usable form"). Additionally, HITT produced an Excel spreadsheet containing metadata information and produced load files in the formats commonly used by e-discovery review platforms.

***4** Because HITT's production complied with Rule 34(b)(2)(E)(ii), NGM's motion to compel lacks merit. That is not the end of the matter, however, because HITT has requested attorney's fees and costs related to its opposition of the motion to compel. Under Rule 37(a)(5)(B), if a motion to compel is denied the Court must award "the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The Court should not issue such an award, however, "if the motion was substantially justified." *Id.* Here, the Court finds that NGM's motion was substantially justified because the motion involved a genuine dispute. *See Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (stating that "an individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action") (cleaned up). Accordingly, the Court will not award HITT its attorney's fees and costs.

## III. Conclusion

For the reasons above, NGM's "Motion for Order Compelling Counterclaim Plaintiff HITT Contracting, Inc. to Identify the Documents it Believes are Responsive to Counterclaim Defendant's First Request for Production" (Doc. 84) is **DENIED**.

**DONE AND ORDERED** this the 19th day of September 2025.

## All Citations

Slip Copy, 2025 WL 5278578

Footnotes

1 HITT also produced load files that were compatible with commonly used e-discovery platforms. But it was subsequently revealed that, although engaging in sophisticated litigation involving large quantities of data, NGM's counsel is not using an e-discovery platform or vendor to assist in the e-discovery process.

2 The heading of Rule 34(b)(2)(E) is also instructive. *See Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 583 U.S. 366, 380 (2018) ("Although section headings cannot limit the plain meaning of statutory text, they supply cues as to what Congress intended.") (cleaned up). Here, the heading of Rule 34(b)(2)(E) states: "Producing the Documents or Electronically Stored Information." The use of the disjunctive "or" suggests that "documents" and "electronically stored information" are subject to different treatment under the rule. *See Loughrin v. United States*, 573 U.S. 351, 357 (2014) (explaining that the word "or" is "almost always disjunctive, that is, the words it connects are to be given separate meanings").

3 The 2006 amendments added the language at issue to Rule 34. For an excellent overview of the evolution of Rule 34 from 1970 to 2006, please see *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 521-523 (D.N.M. 2014).

4 The Sedona Conference is a "research and educational institute composed of leading judges, attorneys, academics, and experts" who "help resolve ESI discovery issues." *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 3779194, at *23 (S.D. Fla. Aug. 12, 2019).

5 "Because rule 34(b)(2)(E)(i) is not controlling, [HITT was] under no obligation to produce [its] discovery in the usual course of business, nor to label it to correspond to the categories in [NGM's] requests." *Anderson Living Tr.*, 298 F.R.D. at 526.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.