Lane v. Capital Acquisitions, 242 F.R.D. 667 (2005)

242 F.R.D. 667
United States District Court,
S.D. Florida.

# Richard LANE and Faith Lane, Plaintiffs,

v.

# CAPITAL ACQUISITIONS, et al., Defendants.

No. 04–60602–CIV.
|
Aug. 12, 2005.

**Synopsis**

**Background:** Former employees brought suit against employer, its corporate officers, and its parent corporation. Plaintiffs asserted a claim under the Fair Labor Standard Act (FLSA) against all defendants, and employment discrimination claims and a retaliation claim under § 1981 against employer and its parent. Plaintiffs filed motions to compel production of documents from individual defendants and parent.

**Holdings:** The District Court, Seltzer, United States Magistrate Judge, held that:

plaintiffs were not entitled to production of corporate officers' individual financial records;

plaintiffs were entitled to production of parent's financial records, as such records were relevant to their punitive damages claim against parent; and

plaintiffs' requests for production of parent's financial records were overbroad on their face.

Motions directed to individual defendants denied; motion directed to parent granted in part.

**Attorneys and Law Firms**

***668** Chris Kleppin, Esq., Harry O. Boreth, Glasser, Boreth, Ceasar & Kleppin, Plantation, FL, for plaintiffs.

Andrew P. Speranzini, Foley & Lardner, West Palm Beach, FL, Melissa C. Brown, Dykema Gossett PLLC, Chicago, IL, Thomas F. Munro, II, Foley & Lardner, Tampa, FL, Michele Leneve Stocker, Greenberg Traurig, Fort Lauderdale, FL, for defendants.

*ORDER ON MOTIONS TO COMPEL*

SELTZER, United States Magistrate Judge.

THIS CAUSE is before the Court on the following motions:

1. Plaintiffs' Motion to Compel Discovery Pursuant to Plaintiffs' First Request for Production of Documents to Defendant XYZ Venture Partners, L.L.C. (DE 59);

2. Plaintiffs' Motion to Compel Discovery Pursuant to Plaintiffs' First Request for Production of Documents to Defendant Eric Woldoff (DE 60);

3. Plaintiffs' Motion to Compel Discovery Pursuant to Plaintiffs' First Request for Production of Documents to Defendant George Othon (DE 61); and

4. Plaintiffs' Motion to Compel Discovery Pursuant to Plaintiffs' First Request for Production of Documents to Defendant Reese Waugh (DE 62).

***669** For the reasons set forth below, it is hereby ORDERED that Plaintiffs' motions to compel directed to the individual Defendants Eric Woldoff, George Othon, and Reese Waugh (DE 60–62) are DENIED and Plaintiffs' motion to compel directed to Defendant XYZ Venture Partners, L.L.C. ("XYZ") (DE 59) is GRANTED in part. Within 14 days of the date of this Order, Defendant XYZ shall produce all non-privileged documents responsive to Plaintiffs' First Request for Production limited to the period January 1, 2003 to date.

Plaintiffs' First Amended Complaint asserts a claim under the Fair Labor Standards Act ("FLSA") against all Defendants, and employment discrimination claims and a retaliation claim under 42 U.S.C. § 1981 against Defendants Capital Acquisitions and Management Company ("CAMCO") and XYZ Venture Partners, L.L.C. ("XYZ").[1] More specifically, Plaintiffs allege that they were required to work without payment for overtime hours, that they were subject to race discrimination with respect to their compensation and assignment of accounts, and that (after complaining about the discrimination) they were discharged.

Plaintiffs now move to compel Defendants to produce 31 categories of financial records responsive to their First Request for Production of Documents.[2] Both in their responses to the discovery request and in their response to the instant motion, Defendants object to production of their financial records on the ground of relevancy. Plaintiffs counter that the requested documents are relevant to the issue of whether Defendants are able to pay any judgment that may be entered against them. They state that they seek Defendants' financial records to determine "whether any judgment in this case is recoverable, and to what extent from whom." Plaintiffs' Motion at 3 (DE 59). Additionally, Plaintiffs contend that the information contained in such financial documents is relevant to the issue of whether the case may be settled.

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery permitted: parties may discover any non-privileged matter relevant to the "claim or defense of any party." Fed.R.Civ.P. 26(b)(1). With respect to the FLSA claim, Defendants' financial ability to settle this action or satisfy a judgment is not relevant to the issue of whether Defendants improperly failed to pay Plaintiffs for overtime hours. And, with respect to discovery of the individual Defendants' financial records, the Court is not persuaded by the cases relied on by Plaintiffs. The plaintiffs in those cases had asserted employment discrimination claims for which they sought punitive damages. To the extent the courts discussed the issue, they found that the financial information sought was relevant to the plaintiffs' claims for punitive damages. Here, Plaintiffs have not sought punitive damages against the individual Defendants in connection with their FLSA claim—the only claim asserted against them. The Court, therefore, finds that the individual Defendants' financial records are not relevant or likely to lead to the discovery of any admissible evidence.

Plaintiffs, however, have sought punitive damages in connection with their employment discrimination and retaliation claims against Defendant XYZ. The financial records sought are relevant to the issue of punitive damages, and, thus, are discoverable. *See* *E.J. Lavino & Co. v. Universal Health Servs., Inc.,* No. Civ. A. 89–2717, 1991 WL 275767, at *1 (E.D.Pa.1991) ( "Most courts ... have held that a plaintiff seeking punitive damages may discover information pertaining to a defendant's net worth."). *See also* ***670** *North Dakota Fair Housing Council, Inc. v. Allen,* 298 F.Supp.2d 897, 899 (D.N.D.2004) ("The discovery of financial records of a defendant in order to prepare a case on the issue of punitive damages is permissible."); *EEOC v. Ian Schrager Hotels, Inc.,* No. CV 99–0987GAFRCX, 2000 WL 307470, at *4 (C.D.Cal. Mar.8, 2000) (financial records showing defendant's net worth relevant to punitive damages claim); *Burrell v. Crown Central Petroleum, Inc.,* 177 F.R.D. 376, 386 n. 9. (E.D.Tex.1997) ("if punitive damages are available, discovery as to the defendant's net worth ... is appropriate and relevant"); *Bessier v. Precise Tool & Eng'g Co., Inc.,* 778 F.Supp. 1509, 1514 (W.D.Mo.1991) (A plaintiff is "clearly entitled to the discovery of financial records of defendant in order to prepare a case on the issue of punitive damages.").

Defendant XYZ argues that even if the records are relevant, Plaintiffs' discovery requests are unduly burdensome and overly broad. The party objecting to discovery requests must demonstrate that they are unduly burdensome. *Saye v. Old Hill Partners, Inc.,* No. 3:03CV1071(DJS), 2004 WL 1944024, at *2–3 (D.Conn. Aug.31, 2004); *Snowden v. Connaught Labs., Inc.,* 137 F.R.D. 325, 332 (D.Kan.1991). And the objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, ... each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (internal citations and quotation marks omitted). "The mere fact that compliance ... will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion." 8 Wright & Miller § 2214, at 647–48 (citations omitted). "In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information." *Hoffman v. United Telecomms., Inc.,* 117 F.R.D. 436, 438 (D.Kan.1987) (citing *Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir.1975)). "[D]iscovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." *Snowden,* 137 F.R.D. at 333.

Defendant XYZ has failed to sustain its burden of showing that the requests are unduly burdensome. It merely states that Plaintiffs are seeking "every single piece of paper ... which in any way mentions, refers to or reflects their financial condition ..." and that it would be required "to search, locate, and produce ... financial records for themselves, and every

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

person or entity with whom they have ever been involved." Defendants' Response at 4 (DE 66). The Court, therefore, will not deny Plaintiffs' motion to compel on this basis.

The Court, however, does find that Plaintiffs' discovery requests are overbroad on their face in that some seek financial records for a five year period and some seek records for an unlimited time period. "Only current financial documents are relevant to a claim for punitive damages." *Fieldturf Int'l v. Triexe Management Group, Inc.,* No. 03 C 3512, 2004 WL 866494, at *3 (N.D.Ill. Apr.16, 2004); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.,* No. 94–2395–GTV, 1995 WL 625962, at *4 (D.Kan. Oct.5, 1995) (finding only current information of party's net worth or financial condition relevant to issue of punitive damages); *Raiser v. O'Shaughnessy,* No. 92 C 286, 1992 WL 309541, at *1 (N.D.Ill. Oct.21 1992) (finding document requests overbroad, court held request for financial records would "be met by disclosure of the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities"). The Court, therefore, will require Defendant XYZ to produce financial records only for period from January 1, 2003, to date.

**All Citations**

242 F.R.D. 667

Footnotes

1 It is unclear from Plaintiff's First Amended Complaint (the operative Complaint) which claims are being asserted against which Defendants. Plaintiffs' response to Defendants' Motion to Dismiss the First Amended Complaint, however, clarifies that they are asserting only a FLSA claim against the individual Defendants. *See* Plaintiffs' Response at 2 (DE 53). In the instant motion, Plaintiffs state that they are asserting a retaliation claim under Fla. Stat. § 448.101 (the "Whistle Blower Act"). Plaintiffs' First Amended Complaint, however, does not assert such a claim.

2 Plaintiffs served a First Request for Production on each Defendant; the Requests are identical.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.