2010 WL 11505127
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

Gilbert Joe ANDERSON, Plaintiff,
v.
PREMIER BEVERAGE CO., LLC, Defendant.

CASE NO. 09-61143-CIV-COHN/SELTZER
|
Signed 01/22/2010

**Attorneys and Law Firms**

Karen Coolman Amlong, Rani Nair Bolen, William Robert Amlong, Amlong & Amlong, PA, Fort Lauderdale, FL, for Plaintiff.

Lori Anne Brown, Gaye Lon Huxoll, Littler Mendelson, Miami, FL, for Defendant.

ORDER

BARRY S. SELTZER, United States Magistrate Judge

***1** THIS CAUSE is before the Court on Defendant's Motion to Compel (DE 15) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 5).

Plaintiff brings this discrimination action against his former employer, Defendant Premier Beverage Co., LLC, alleging violations of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Florida Civil Rights Acts of 1992, Fla. Stat. §§ 760.01-760.11. See Complaint (DE 1).[1] Plaintiff alleges that he has sustained "past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Complaint at ¶ 23 (DE 1); see also Complaint at ¶ 16. For the wrongs alleged, Plaintiff seeks compensatory damages, liquidated damages, punitive damages, and attorney's fees and costs. See Complaint (DE 1). The parties are currently engaged in discovery.

Defendant served Plaintiff with Interrogatory and Document Requests to which Plaintiff has timely responded. See Motion (DE 15). On December 18, 2009, Defendant filed the instant Motion, challenging Plaintiff's objections to its interrogatories and document requests and seeking the previously requested information. Id. Shortly thereafter, the Court ordered the parties to confer and to file a Joint Status Report identifying the specific requests (if any) that remained at issue. See Order (DE 17). The Court having considered the Motion, the parties' Joint Status Report (DE 18), Plaintiff's Response (DE 21), Defendant's Reply (DE 22) and being otherwise sufficiently advised, it is hereby ORDERED that the Motion is GRANTED in PART and DENIED in PART and as follows:

1. To the extent that Defendant moves the Court to compel the production of medical information and documents related to Plaintiff's claimed emotional distress and claimed physical limitations, it is GRANTED. By seeking damages for emotional distress and asserting that he was demoted for medical reasons, Plaintiff has clearly put his medical condition at issue in this action. See Complaint at ¶¶ 1, 10, 11, and 23 (DE 1). The Court, therefore, finds that such specified medical records are relevant and discoverable. Accordingly, unless otherwise agreed by the parties, Plaintiff shall provide Defendant with these medical records (or releases) on or before February 8, 2010.

2. To the extent that Defendant moves to the Court to compel the identity of interviewed witnesses, it is DENIED. Here, Defendant (ultimately) requests that Plaintiff be required to disclose the identity of witnesses Plaintiff's counsel has interviewed related to this litigation. See Reply at 2 (DE 22). Plaintiff, however, has "agreed to provide any statements that Plaintiff has made to Defendant or other third party regarding the allegations in this case" and has provided the Defendant with a "list of individuals who [Plaintiff's counsel] may call as a witness and his/her area of knowledge of the case." Response at 7 (DE 21) (emphasizing that this "is not a case where plaintiff provided 200 names of potential witnesses which forces defendant to conduct a massive investigation; Plaintiff provided only 21 names"). The Court finds this production to be sufficient in this matter. Defendant has the means with which to contact these (limited) individuals, and none of its objections are well-taken. Accordingly, the Court declines to compel the (additional) requested information from Plaintiff's counsel.

***2** 3. To the extent that Defendant moves the Court to compel better responses to Interrogatory No. 13 and to compel production of documents responsive to Document Request Nos. 9, 19, and 22, it is DENIED. In these requests, Defendant seeks to compel Plaintiff to produce a plethora

of documents and information, including: all other lawsuits to which Plaintiff has been a party; all diaries, calendars, journals, planners, appointment books, notebooks or similar documents; and all financial receipts, check stubs, tax returns and evidence of income, salary, pay and/or remuneration from any source (for a six year period). In response, Plaintiff has agreed to produce many responsive documents, including W-2 and 1099 forms, Social Security statements, Medicare and supplemental insurance records, all documents related to Plaintiff's job search efforts, and he has informed Defendant that Plaintiff has not been a party to any other discrimination law suit against his employer. See Response (DE 21). But to the extent that these requets seek information unrelated to the claims of this action, Plaintiff opposes them; he contends they are irrelevant, overbroad and/or harassing. Id.

Here, the Court fails to see (at this juncture) how the additional requested documents and information are relevant or likely to lead to the discovery of admissible evidence as to Plaintiff's specific age discrimination claim. See, e.g., Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the case."); Awad v. CiCi Enters., No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) ("discovery is not a fishing expedition"); Dean v. Anderson, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002) ("[W]hen relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request."); Longmire v. Alabama State University, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (discovery requests should be carefully scrutinized when they have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life"). Furthermore, even assuming that the requested tax information were relevant, Defendant has failed to demonstrate that there exists a compelling need or that the information cannot be obtained from other sources.[2] The Court therefore declines to compel the production of the requested discovery.

***3** 4. To the extent Plaintiff moves the Court to compel production of expert documents and reports, it is DENIED. Here, Defendant asks Plaintiff to produce all documents created, reviewed, examined or otherwise relied on by Plaintiff's expert and all reports (and drafts) created by Plaintiff's experts, including all exhibits and attachments. See Reply at 7 (DE 22). Plaintiff, however, "has not determined an expert witness at this time." Response at 8 (DE 21). Defendant's request, therefore, is premature. Plaintiff is reminded of his duty to timely supplement his response and produce all responsive non-privileged documents in accordance with Fed. R. Civ. P. 26(a)(2)(B).

5. To the extent that Defendant moves to the Court to compel the production of the fee agreement between Plaintiff and his counsel (and any related documents), it is DENIED. Plaintiff has put his attorney's fees at issue by his claim for damages. See Complaint (DE 1). The Court, however, makes its fee determination independent of any fee agreement between the parties. See, e.g., Norman v. Hous. Auth. Of the City of Montgomery, 836 F.2d 1292, 1299-1302 (11th Cir. 1998) (adopting the lodestar method to determine a reasonable attorney's fee). The Court finds that the requested documents are not relevant or likely to lead to the discovery of admissible evidence. Accordingly, it declines to compel the requested production.

6. To the extent that Defendant seeks an award of attorneys' fees and expenses incurred in bring the instant motion, it is DENIED.

7. In all other respects, Defendant's Motion is DENIED as MOOT. See Joint Status Report (DE 18) (delineating discovery requests remaining at issue); see also Response (DE 21) and Reply (DE 22) (addressing only discovery remaining at issue). Plaintiff shall provide to Defendant any information agreed to be produced forthwith.

DONE AND ORDERED in Fort Lauderdale, Florida, this 22nd day of January 2010.

**All Citations**

Not Reported in Fed. Supp., 2010 WL 11505127

Footnotes

1 According to Plaintiff, "[t]his is an age discrimination case where Plaintiff was constantly questioned about retirement shortly after his quadruple by-pass surgery. After he refused to retire, Plaintiff was demoted to a position which required him to exceed the 40-pound lifting requirement that [Defendant] knew that his physician had imposed." Response at 1 (DE 21); see also Complaint (DE 1).

2 There is a split of authority within the federal courts—including among judges of this Court—as to whether tax returns are entitled to enhanced protection from discovery. Compare, e.g., Pendlebury v. Starbucks Coffee Co., No. 04-80521-Civ, 2005 WL 2105024, *1-*2 (S.D. Fla. Aug. 29, 2005); Aliotti v. Vessel Senora, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003); Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001); Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 71-73 (D. Conn. 2001); Terwilliger v. York Int'l Corp., 176 F.R.D. 214, 216-17 (W.D. Va. 1997); United States v. Bonanno Organized Crime Family of La Cosa Nostra, 119 F.R.D. 625, 627 (E.D.N.Y. 1988); E. Auto Distribs., Inc. v. Peugeot Motors of Am., Inc., 96 F.R.D. 147, 148-49 (E.D. Va. 1982) (all holding either that tax returns are privileged or that public policy restricts their disclosure) with Platypus Wear, Inc. v. Clarke Modet & Co., No. 06-20976-CIV, 2008 WL 728540, at *3 (S.D. Fla. Mar. 17, 2008); MCI Worldcom Network Servs., Inc. v. Von Behren Elec., Inc., No. 1:00CV3311JTC, 2002 WL 32166535, at *4 (N.D. Ga. May 21, 2002); Shearson Lehman Hutton v. Lambros, 135 F.R.D. 195, 198 (M.D. Fla. 1990); Halperin v. Berlandi, 114 F.R.D. 8, 11 (D. Mass. 1986); Weiner v. Bache Halsey Stuart, Inc., 76 F.R.D. 624, 627 (S.D. Fla. 1977) (all holding that no privilege attaches to tax returns and that their discoverability turns on relevance).

Moreover, in holding that only relevance need be shown to obtain tax returns, the Platypus court cited to Eleventh Circuit “precedent”—Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997). See also United States v. Certain Real Property Located at 6469 Polo Pointe Way, Delray Beach, Florida, 444 F. Supp. 1258, (S.D. Fla. 2006) (same). In Maddow, the defendants requested the production of the plaintiffs' tax returns. The plaintiffs objected to the production on the basis of relevancy; they also argued that a qualified privilege attached to tax returns. They, however, did produce W-2 and 1099 forms to document their earnings. The trial court ruled that the tax returns would contain relevant information that may not have been available from the W-2 and 1099 forms produced; it also required plaintiffs to pay $3,000 in attorney's fees for failing to comply with the discovery request. On appeal, the Eleventh Circuit held that the trial court's decision to compel the production of the tax returns did not constitute an abuse of discretion as the information contained therein was arguably relevant. The appellate court, however, found that the trial court did abuse its discretion in imposing sanctions. The court concluded that where there existed no in-circuit authority as to the standard required for production of tax returns, the plaintiffs reliance on out-of-circuit decisions (holding that a compelling need must be shown to obtain discovery of tax returns) was substantially justified. This Court does not read Maddow as either adopting or rejecting a heightened standard for production of tax returns.

In sum, the greater weight of authority has concluded that tax returns are subject to at least some level of heightened protection from disclosure. See Terwilliger, 176 F.R.D. at 217 (noting that only “a minority of courts have held that the sole inquiry governing discovery of tax returns is whether the information contained [therein] is relevant”). This Court agrees that “[i]ncome tax returns are highly sensitive documents” that courts should be reluctant to order disclosed during discovery. Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1411 (5th Cir. 1993); see also DeMasi v. Weiss, 669 F.2d 114, 119-20 (3rd Cir. 1982) (noting existence of public policy against public disclosure of tax returns); Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) (same). For this reason, the Court agrees with those courts that have held that a party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) the existence of a compelling need for the tax returns because the information contained therein is not otherwise readily obtainable. See, e.g., Dunkin' Donuts, 2001 WL 34079319, at *2; Terwilliger, 176 F.R.D. at 217; SEC v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985).

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.