2011 WL 13227800
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

Kathy URBAN, Plaintiff,
v.
WESCO DISTRIBUTION, INC., Defendant.

Case No. 10-80782-Civ-DIMITROULEAS/SNOW
|
Signed 06/09/2011

**Attorneys and Law Firms**

Christina Jean Thomas, Morgan & Morgan, Davie, FL, Karen Coolman Amlong, Jennifer E. Daley, Amlong & Amlong, PA, Fort Lauderdale, FL, for Plaintiff.

Ryan Todd Hollander, Thomas Mead Santoro, Jackson Lewis LLP, Miami, FL, for Defendant.

**ORDER**

LURANA S. SNOW, UNITED STATES MAGISTRATE JUDGE

***1** THIS CAUSE is before the Court on Plaintiff's Motion to Compel re: First Request for Production (Docket Entry 15), which was referred to United States Magistrate Judge Lurana S. Snow. The complaint sets forth claims for age and disability discrimination. The complaint alleges the plaintiff was diagnosed with breast cancer in February 2009, and informed her supervisor at that time. The plaintiff alleges she was laid off on March 11, 2009, less than a week after she informed the defendant that she needed medical leave for treatment. She was replaced by a younger employee and was not reinstated even after another employee volunteered to be laid off instead of the plaintiff.

The plaintiff's motion divides the document requests into three categories: requests for personnel and payroll documents about the person who replaced the plaintiff and about her comparators (Requests No. 6, 16, 19(c), 19(e) and 22; request for 404(b)) records for similar claims of discrimination (Request No. 29), and requests for records relevant to defendant's alleged reduction-in-workforce and Forms EEO-1 (Requests No. 8, 14, 30, 32, 19(c) and 19(e)).

Document Request No. 6 seeks "Defendant's complete personnel files for: a. Clara (who worked at the location where the plaintiff worked), b. Monique Olungi, c. Sheri Rose, d. each person who replaced plaintiff or performed her former job duties after her termination, e. Charles Blystone." The defendant responded that the documents requested were not relevant nor reasonably likely to lead to the discovery of admissible evidence.

The motion contends that documents about Clara (who is alleged to have replaced the plaintiff), and other expediters who held the position the plaintiff held, are related to the defendant's response to Interrogatory No. 5, which stated that the defendant "needed to eliminate two [expediting] positions, because work there was slow, and Plaintiff was selected for termination because she was not among the strongest performers in her work group and had low seniority." (DE 15, p. 6) Because the plaintiff must be able to demonstrate pretext, personnel files of the other expediters are relevant. Documents for Clara, who had never worked as an expediter, would show her relevant previous work.

The defendant's response to the motion notes that its answers to Interrogatories No. 3 and 6 demonstrate that Ms. Clara Sarmiento did not replace the plaintiff on the basis of being a more qualified expediter. Rather the plaintiff's position was eliminated as part of cost cutting measures. Ms. Sarmiento, an area branch manager, was subsequently asked to perform the plaintiff's duties at a reduced salary after the defendant lost a program with a pharmaceutical company which Ms. Sarmiento was supporting. The defendant contends that the plaintiff has not demonstrated a compelling relevance sufficient to intrude on the private nature of personnel files in order to pursue a fishing expedition.

The plaintiff's reply asserts that since the defendant has claimed that the plaintiff was not among the strongest performers in her work group and lacked seniority, the relevance of the request for the personnel records of the other expediters, including their performance and seniority, is obvious. The defendant's response to Interrogatory No. 6 stated that Clara "was demoted to an expediting position"[1] just two days after the plaintiff's termination. If Clara was able to move into an expediter's position two days after the plaintiff's position was "eliminated," Clara's personnel records would be relevant to show her qualifications.

***2** The Court notes that the plaintiff seeks the personnel files of three of her co-worker expediters, Monique Olungi and Sheri Rose, who were not terminated, and Charles Blystone, who was terminated. The plaintiff also seeks the personnel file of Clara Sarmiento, who subsequently performed the plaintiff's duties. Finally, the plaintiff seeks the personnel files of each person who performed the plaintiff's duties afer she was terminated.

A plaintiff establishes a prima facie case of discrimination by establishing that he or she was treated differently from similarly situated employees who are not in the protected classification. Morrison v. Booth, 763 F.2d 1366, 1371 (11th Cir. 1985). With regard to the three expediters, the Court finds that these employees were similarly situated with respect to the plaintiff, working at the same location, performing the same job under the same supervisors. Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000); Wolber v. Kitsap Mental Health Services, 2006 WL 1734079 *1, n.1 (W.D. Wash. 2006). Accordingly, the personnel files for these employees are relevant and discoverable for the issue of discriminatory treatment. Id. Moreover, personnel files of similarly situated employees who performed the same function, but were terminated after the plaintiff was terminated, are discoverable. Wolber 2006 WL 1734079 *1, n. 1.

With respect to Ms. Sarmiento, the defendant characterizes her as a mere witness, who should not be exposed to a fishing expedition. The defendant asserts that Ms Sarmiento did not replace the plaintiff, but rather subsequently performed the plaintiff's duties after Ms Sarmiento's other duties were curtailed after the loss of a pharmaceutical contract. However, the defendant also stated under oath in response to Interrogatory No. 6 that Ms. Sarmiento "was demoted to an expediting position." In light of this ambiguity in the defendant's description of the situation, the Court finds that the plaintiff is entitled to discovery of Ms. Sarmiento's personnel file as the individual who replaced her. Gage v. Metropolitan Water Reclamation District of Greater Chicago, 365 F.Supp.2d 919, 933 (N.D. Ill. 2005)(circumstantial evidence that the person was replaced by a person not have the protected characteristic may be evidence of pretext) Miles v. The Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994).

Accordingly, the Court will grant the motion to compel production for Document Request No. 6. Owing to the confidential nature of personnel files, these files must be subject to a protective order pursuant to Fed.R.Civ.P. 26(c)(1), limiting their disclosure and use in the litigation. Miles, 154 F.R.D. at 115. The parties shall submit a stipulated protective order to the Court, for documents deemed confidential by the party disclosing the document, within ten days of the date of this Order.

Document Request No. 16 states

> With respect to Clara (who worked at the location where the plaintiff worked):
>
> (a) documents (including correspondence and notes) related to each recommendation or decision to terminate her or eliminate her position;
>
> (b) documents (including correspondence and notes) showing the duties she performed before the decision was made to terminate plaintiff;
>
> (c) documents (including correspondence and notes) showing the duties she preformed after plaintiff's termination.

The defendant responded

> Clara Sarmiento was an area branch manager who started working for Bruckner Supply on December 11, 2000. She was demoted to an expediting position ($13,000 reduction on March 16, 2009, when Bruckner needed to reduce program costs after the company lost a program with a pharmaceutical company in Puerto Rico she was supporting. She was considered a very strong buyer, was fluent in Spanish, and had a strong pharmaceutical background.

***3** The defendant also asserted that the documents were not relevant nor reasonably likely to lead to the discovery of admissible evidence. The response also states that the request was made to harass the defendant and invade the privacy of a non-party.

The motion to compel makes the same argument asserted for Document Request No. 6. The defendant's response to the motion asserts that the plaintiff mistakenly assumes that Ms. Sarmiento replaced the plaintiff. The workforce reduction was implemented in February 2009. Ms Sarmiento was assigned to a lower-paying job after the defendant lost the specific business she was handling. The defendant argues that it never determined that Ms. Sarmiento was more qualified and better able than the plaintiff to perform the plaintiff's work. The plaintiff's reply makes the same argument asserted for Document Request No. 6.

For the reasons set forth for Document request No. 6, the Court will order production of documents responsive to Document Request No. 16.

Document Requests Nos. 19(c) and 19(e) request

> Notes, e-mails, correspondence, other documents and recordings regarding:
>
> (c) each individual defendant considered for termination due to the "adverse business circumstances" defendant alleged required plaintiff's termination;
>
> (e) each position for which Clara (who worked at the location where plaintiff worked) was considered during 2009.

The defendant responded that these documents were not relevant nor reasonably likely to lead to the discovery of admissible evidence.

The motion to compel asserts the same argument as Document Request No. 6. The defendant's response to the motion states that the response to request 19(c) would require production of documents related to each and every employee, since each was considered at the inception of the planned reduction of the work force in December 2008. The response continues:

> Defendant has already produced the e-mails and memoranda dealing with the planning and implementation of the reduction in the force that affected Plaintiff, and documents regarding individuals working in the Bruckner Supply Division who were ultimately selected for layoffs, including Plaintiff and a younger male employee at the Bruckner Supply facility in Boca Raton, Florida. The records, beginning on February 4, 2009, indicate the name, date of birth, gender, and ethnicity and other demographic information of all employees selected for lay-off. They also show that Plaintiff herself was formally selected for lay-off on February 25, 2009.

(DE 19, p. 14)

The response also states that documents responsive to request 19(e) regarding Ms. Sarmiento's position in 2009 are not relevant to the plaintiff's claims, since Ms. Sarmiento was not part of the 2009 workforce reduction, although she was transferred to a lower-paying position where he own position was adversely impacted by the loss of relevant business. The plaintiff's reply asserts the same argument set forth for Document Request No. 6.

The Court finds that the request for responsive documents sought in Request No. 19(e) are relevant, as discussed above. However, the plaintiff has not shown that every employee at the Boca Raton location was similarly situated with regard to the plaintiff. Graham, 230 F.3d at 39; Wolber, 2006 WL 1734079 *1, n.1. Accordingly, the court will not compel production of additional documents responsive to Request No. 19(c).

***4** Document Request No. 22 states

> Each document (including, but not limited to, lists of salary ranges for particular pay-grades, Hay-point analyses, automobile-allowance policies and procedures, position description, compensation analyses, summary plan descriptions) pertaining to the total compensation, including but not limited to bonuses, employee benefits and deferred compensation, available to persons who held the job that plaintiff held prior to plaintiff's separation.

The defendant responded that these documents were not relevant nor reasonably likely to lead to the discovery of admissible evidence.

The motion to compel contends that this information is needed to calculate the plaintiff's damages. The defendant's response to the motion asserts that the documents do not tend to prove or disprove any element of the plaintiff's claim of discrimination. The plaintiff's reply notes that the defendant's response to the motion does not discuss the issue of calculation of damages, for which the documents clearly are relevant. The court finds that the defendant has failed to demonstrate why responsive documents are not relevant to the issue of damages. The court will compel production of documents responsive to request no. 22.

Document Request No. 29 states

> All documents relating to administrative charges of discrimination (e.g., with the Equal Employment Opportunity Commission or any similar state of local agency), or any civil action alleging employment discrimination base upon age, disability or handicap, filed by any employee or defendant for the three calendar years immediately preceding the filing of the complaint and for all years thereafter through the time of your response to the Rule 34 request.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

The defendant responded that these documents were not relevant nor reasonably likely to lead to the discovery of admissible evidence.

The motion to compel asserts that the documents are discoverable, and can be protected by a confidentiality order. The request is limited to the same types of discrimination, and limited to a three-year time period around when the plaintiff was terminated. Evidence that the defendant engages in similar discrimination against others is evidence of motive or intent. The defendant has not asserted that the material is privileged.

The defendant's response to the motion contends that the request is over broad because it seeks administrative actions alleging discrimination from any place in the world where the defendant has employees and is not limited to the Boca Raton facility. The plaintiff's reply notes that human resources issues are handled on a corporate level rather than on a local level. The witnesses involved in the decision to discharge the plaintiff did not work at the Boca Raton location.

The Court finds that a request which is limited to the types of discrimination alleged in the complaint and limited to a three-year period in which the plaintiff was discharged is not over broad. Robbins v. camden City Board of Education, 105 F.R.D. 49, 58 (D. N.J. 1985). However, the geographic scope of the request is over broad. Even if employment decisions must be approved by high level managers, company-wide discovery is not appropriate. Byers v. Illinois State Police, 2002 U.S.Dist Lexis 9861 *27-30 (E.D. Ill. 2002)(limiting discovery to the plaintiff's district where the original employment decision for a promotion was made, even though that decision was rejected at a higher level, leading to the discrimination complaint); Williams v. Asplundh Tree Expert Co., 2006 U.S.Dist Lexis 44995 *4-8 (M.D. Fla. 2006)(limiting discovery to the region in which the plaintiff worked, which was governed by a special contract). The cases cited by the plaintiff do not contradict the defendant's legal argument. Phillips v. Smalley Maintenance Services, Inc., 711 F.2d 1524 (11th Cir. 1983)involved a single Montsanto plant. Resnick v. American dental Ass'n, 90 F.R.D. 530, 541 (N.D. Ill. 1981) involved a company-wide class action discrimination complaint.

***5** In the instant case, neither party has informed the Court where the decision to discharge the plaintiff was made initially. The defendant's response to Plaintiff's Interrogatory No. 1 lists three persons involved in the decision making process leading to the decision to select the plaintiff for termination. One was the Senior Expediter at the Boca Raton location. The work location of the two others, the Office Services Supervisor and the Payroll Administrator, is in Port Washington, New York. Because the Court cannot determine whether the initial decision was made by the Boca Raton Senior Expediter, and subsequently approved by the other two managers, or whether the decision was made jointly, the Court cannot determine the proper geographical scope for the document production. Accordingly, the Court will grant the motion, limited to the Boca Raton location. If, through further discovery, the plaintiff learns that the decision was made by the three individuals in concert, she may seek wider discovery of these documents.

The plaintiff argues that the documents sought in requests no. 8, 14, 19(c), 19(e), 30, and 32 are all relevant to the defendant's alleged reduction-in-force and forms EEO-1.

Document Request No. 8 states

> With respect to each position in defendant's Florida location(s) that was open from 2009 to present:
>
> a. the job posting, advertisement or notice for each position;
>
> b. the job description for each position
>
> c. documents (including applications, personnel forms, correspondence and notes) showing the identity (including name, age and date of birth) and qualifications of the individual who filled the position;
>
> d. defendant's communication with the individual who filled each position concerning the vacancy, hiring and qualifications for the position.

The defendant responded that these documents were not relevant nor reasonably likely to lead to the discovery of admissible evidence.

The motion to compel asserts that in a reduction of workforce claim of discrimination, the plaintiff must show that she was qualified for his former position or for another position at the time of being adversely affected. Verbraeken v, Westinghouse, Inc., 881 F.2d 1041, 1045 (11th Cir. 1989). The defendant contends that there is no logical connection between any position the defendant might have had open in Florida in 2009 or thereafter and the plaintiff's termination. The plaintiff's reply notes that her resume, which was in her personnel file, demonstrated that she had held several

previous management positions which would have made her eligible for various positions in Florida, including management positions.

The Court finds that the documents sought are relevant to the plaintiff's prima facie case. Verbraeken. Accordingly, the Court will compel production of documents responsive to Document Request No. 8.

Document Request No. 14 states:

> If defendant contends that plaintiff was terminated due for [sic] financial reasons:
>
> a. defendant's financial statements (included but not limited to, budget reports, balance sheets, tax returns and other financial reports) for the three-year fiscal period prior to the plaintiff's termination;
>
> b. defendant's financial statement for the fiscal period after the plaintiff's termination.
>
> c. correspondence between and among defendant's employees and/or agents concerning the financial reasons that justify plaintiff's termination.

The defendant agreed to produce "non-privileged documents in its possession, custody or control that may consist of correspondence between and among defendant's employees and/or agents concerning the reasons for plaintiff's termination,"

The motion to compel asserts that the above documents are relevant to establishing that the defendant's defense of "reduction of workforce" for economic reason is pretext. The financial information also is relevant to the plaintiff's claim for punitive damages. In the Eleventh Circuit, tax returns are discoverable if relevance is established; a compelling need is not required. Preferred Care Partners Holding Corp. v. Humana, Inc., 2008 U.S.Dist. Lexis 85483 (S.D. Fla. 2008).

***6** The defendant's response to the motion to compel asserts that it has produced the documents related to the plaintiff's termination as well as its parent company, WESCO International, Inc.'s, consolidated financial statements for 2007, 2008 and 2009 (Form 10K reports filed with the S.E.C.), which contain detailed information about the defendant's operations, including sales and net income, consolidated balance sheets and income tax data for the parent company and its subsidiaries, including the defendant. Additionally the defendant produced summaries of WESCO's Fourth Quarter 2009 full-year 195 results. The total package was 273 pages. The defendant argues that tax records are generally confidential unless they are relevant to a claim in the case, such as brokerage fraud or a party's financial impropriety or conversion. The defendant asserts that the documents already provided are sufficient to support the plaintiff's claim for punitive damages if they are warranted, and the tax returns do not have any relation to her claims for employment discrimination. The defendant contends that the plaintiff has not shown a compelling need for the tax returns. Pendlebury v. Starbucks Coffee Co., 2005 WL 2105024 *1-2 (S.D. Fla. 2005).

The plaintiff's reply asserts that the defendant cannot pick and choose which financial documents to produce. The legal authority supports production of the tax records.

The Court notes that the Pendlebury court found that within the Eleventh Circuit and within the Southern District of Florida judges are divided over whether tax returns must be disclosed if they are relevant or whether the party seeking the returns must show a compelling need. The undersigned agrees with the analysis in Pendlebury. "The greater weight of authority, however, has concluded that tax returns are subject to at least some level of heightened protection from disclosure." Pendlebury, 2005 WL 2105024 *1-2. Accordingly, the plaintiff must demonstrate that a compelling need for the tax returns exists because the information contained therein is not otherwise readily available. Preferred Care Partners, cited by the plaintiffs found that the plaintiff needed the tax returns since the publicly-available documents were insufficient to allow the plaintiff to calculate punitive damages. The plaintiff also cited Williams v. Asplundh, 2006 U.S.Dist Lexis 44995 *11, where the court held that the 10-K statements and annual reports were sufficient to calculate punitive damages. In the instant case, the plaintiff has not demonstrated that the financial documents already produced are insufficient to calculate punitive damages. Accordingly, the Court will deny the motion to compel production of the defendant's tax returns for Document Request No. 14.

Document Requests Nos. 19(c) and 19(e) seek

> Notes, e-mails, correspondence, other documents and recordings regarding:
>
> (c) each individual defendant considered for termination due to the "adverse business circumstances" defendant alleged required plaintiff's termination;

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

(e) each position for which Clara (who worked at the location where plaintiff worked) was considered during 2009.

The defendant responded that these documents were not relevant nor reasonably likely to lead to the discovery of admissible evidence.

The motion to compel asserts that these requests are related to the defendant's alleged reduction in workforce defense. The motion does not otherwise discuss this request. However, the plaintiff's reply asserts that the defendant's response to the request attempts to select the information available by failing to supply the information about the employees considered for termination.

The Court has already considered these two requests, above, and found that request 19(e) is relevant to the plaintiff's claim. However, the plaintiff has failed to show that all other employees considered for termination are similarly situated to the plaintiff. Given the scope of the request, the Court finds that the request is over broad insofar as it might demonstrate the actual workforce reduction. Thus the Court will not compel a response to Document Request No.19(c).

Document request No. 30 states:

***7** Any work force analysis for the three calendar years immediately preceding the filing of the complaint and for all years thereafter through the time of your response to the Rule 34 request, including but not limited to, Forms EEO-1, showing the composition of the work force of defendant and/or its operating units, if any.

The defendant responded that these documents were not relevant nor reasonably likely to lead to the discovery of admissible evidence.

The motion to compel asserts that the EEO-1 forms and other records demonstrate an employer's general policy and practice concerning minority employment and may be relevant to show pretext. Sweat v. Miller Brewing Co., 708 F.2d 655, 658 (11th Cir. 1983).

The defendant's response to the motion asserts that documents showing the composition of the workforce do not tend to prove the plaintiff's claim of age and disability discrimination. The EEO-1 report are a yearly count of employees by race, ethnicity and gender for each of nine job descriptions. 20 C.F.R. § 1602.7, § 1602.13. These statistics would not be relevant to claims of age or disability discrimination. By statute the forms are confidential. 42 U.S.C. § 2000e-8(e). Moreover the defendant has already produced a full list, prepared at the time of the layoffs, of all employees, with names deleted, who were considered and selected for layoffs including their job titles and ages. However, the defendant cannot say whether any of these employees suffered from any disability or handicap.

The plaintiff's reply contends that the forms would identify whether the defendant indeed reduced its workforce as the defendant claims. The defendant responded to Interrogatory No. 4 with a sweeping statistical analysis of the rise of unemployment in the United States and the defendant's 24.3% loss of net sales in 2009, which was alleviated by a cost reduction of $140 million including a reduction in the defendant's workforce. The response also stated that the defendant would provide non-privileged business records responsive to the interrogatory. The plaintiff's reply asserts that these records should be produced.

The Court finds that the information in the EEO-1 forms does not include statistics about age or disability in the workforce. Accordingly, the EEO-1 reports would not be relevant to the issue of pretext in the plaintiff's case. Moreover, the defendant has provided a list of all employees, including their ages and job titles, laid off during the workforce reduction. The cases cited by the plaintiff do not support production of the EEO-1 forms to demonstrate workforce reduction in the instant case. Whitten v. A.H.Smith & Co., 100 F.R.D. 446 454 (D. Md. 1984)(a class action alleging *racial* discrimination ordered production of EEO-1 forms as relevant to the allegations in the complaint); West v. Marion Lab., Inc., 1991 U.S.Dist. Lexis 18457 (W.D. Mo. 1991) (a decision to permit discovery of a company's affirmative action plan based solely on Missouri law).

The Court finds that the plaintiff has not shown how these documents are relevant to the allegations in the complaint or how they would provide proof of workforce reduction better than the list of terminated employees already provided. Additionally, Document Request No. 32, below, seeks the employee rosters for the Boca Raton facility, which would show the staffing level at that facility. The Court will deny the motion to compel a better response to Document Request No. 30.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

***8** Document Request No. 32 states: "Employee roster or listing for the location where Plaintiff worked for 2008 to present." The defendant responded that these documents were not relevant nor reasonably likely to lead to the discovery of admissible evidence.

The motion to compel does not address request 32. The defendant's response to the motion to compel asserts that the names of the individuals who worked at the defendant's Boca Raton facility from 2008 to the present would not tend to prove any issue raised in the complaint. The plaintiff's reply contends that the roster would show if there actually was a reduction in the workforce at the facility, and would show the positions added after the workforce reduction.

The Court finds that these documents would show if there actually was a workforce reduction at the facility. The facility has a small number of employees and production of the rosters would not overly burden the defendant. The Court will compel a response to Document request No. 32. With the Court being advised, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED IN PART and DENIED IN PART as follows:

1. The motion to compel is GRANTED for Document Requests No. 6, 8, 16, 19(e), 22, 29 limited to the defendant's Boca Raton facility, and 32. The parties shall, within ten days of the date of this Order, submit a stipulated protective order for the Court to issue. The defendant shall produce the documents within ten days after the issuance of the protective order.

2. The motion to compel is DENIED for Document Requests No. 14, seeking the defendant's tax returns, 19(c) and 30.

DONE AND ORDERED at Fort Lauderdale, Florida, this 9th day of June, 2011.

**All Citations**

Not Reported in Fed. Supp., 2011 WL 13227800

Footnotes

1 DE 13-2, Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories, p. 12.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.