2026 WL 1980595
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Tampa Division.

TRUMP MEDIA & TECHNOLOGY GROUP CORP., Plaintiff,
v.
WP COMPANY LLC d/b/a the Washington Post, Defendant.

Case No. 8:23-cv-01535-TPB-AAS
|
Signed March 5, 2026

**Attorneys and Law Firms**

Alejandro Brito, Ian Corp, Jalaine Garcia, Brito, PLLC, Coral Gables, FL, Jesse R. Binnall, Pro Hac Vice, Stephen B. French, Binnall Law Group PLLC, Alexandria, VA, Jared Joseph Roberts, Alexandria, VA, Jason R. Kobal, Kobal Law, P.A., Tampa, FL, Steven S. Biss, Pro Hac Vice, Law Office of Steven S. Biss, Charlottesville, VA, for Plaintiff.

Thomas G. Hentoff, Pro Hac Vice, Nicholas G. Gamse, Pro Hac Vice, Samuel Max Lazerwitz, Pro Hac Vice, Williams & Connolly LLP, Washington, DC, Catherine A. Reid, Claire Rossell Cahill, Isabelle Jensen Beaton, Pro Hac Vice, Washington, DC, Linda Riedemann Norbut, Carol J. Locicero, Thomas & LoCicero, PL, Tampa, FL, for Defendant.

**ORDER**

AMANDA ARNOLD SANSONE, United States Magistrate Judge

***1** Defendant WP Company LLC d/b/a The Washington Post (The Post) moves under Federal Rule of Civil Procedure 26(c) for entry of a protective order narrowing the scope of 13 topics in Plaintiff Trump Media & Technology Group's (TMTG) Rule 30(b)(6) deposition notice. (Doc. 140). TMTG opposes the motion. (Doc. 151).

## I. BACKGROUND

On February 12, 2026, TMTG served the Post with its revised Rule 30(b)(6) deposition notice. (Doc. 140-2). With subparts included, TMTG's revised 30(b)(6) topics total 39 subjects, including seven new topics. (*Id.*). TMTG identified "[t]he applicable timeframe for all topics" as "January 2021 through the present." (*Id.*). Here, The Post requests a protective order as to Topics 9–21, which cover:

> (1) "[a]ny communications or documents had or exchanged between" The Post and six individuals on six topics;
>
> (2) The Post's "investigation" of six entities or individuals at any time "before publishing"; and
>
> (3) The Post's "investigation" of those same entities or individuals "specifically related to its research to publish" the Article.

(*Id.*).

The Post stated it prepared its corporate designee on 26 out of the 39 topics in TMTG's Rule 30(b)(6) deposition notice. However, the Post requests a protective order limiting the scope of the remaining 13 topics, claiming they are overly broad, unduly burdensome, duplicative, and disproportionate to the needs of the case. (Doc. 140). In response, TMTG argues that The Post has not shown good cause to narrow topics 9–21. (Doc. 152).

## II. ANALYSIS

The court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (providing that the district court may issue a protective order if "good cause" is shown). The party seeking a protective order has the burden to demonstrate good cause. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). " 'Good cause' is a well-established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *Alexander*, 820 F.2d at 356. Establishing good cause requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (internal quotations omitted).

### A. Topics 12, 14, 16, 18, and 20

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

Topic 12: WP Company, LLC's investigation of Plaintiff [TMTG] before publishing the WaPo Article.

Topic 14: WP Company, LLC's investigation of Will Wilkerson before publishing the WaPo Article.

Topic 16: WP Company, LLC's investigation of Digital World Acquisition Corp. before publishing the WaPo Article.

Topic 18: WP Company, LLC's investigation of ES Family Trust before publishing the WaPo Article.

Topic 20: WP Company, LLC's investigation of Patrick Orlando before publishing the WaPo Article.

Topics 12, 14, 16, 18, and 20 require The Post to prepare its 30(b)(6) witness to discuss its "investigation" of five subjects from January 2021 until "publishing the WaPo [The Post] Article" in May 2023. During that period, the Post published more than a dozen articles that included information about TMTG, Wilkerson, SWAC, ES Family Trust, and Patrick Orlando. None of those articles is the subject of this lawsuit, and it would require a substantial expenditure of time for The Post's 30(b)(6) designee to become educated as to each of these unrelated articles.

***2** TMTG has taken the depositions of the reporter, his editor, the business editor, the senior managing editor, and the executive editor involved in the Article's publication or the response to TMTG's retraction demand. Any questions TMTG may have about The Post's evaluation of the credibility and reliability of its source, Wilkerson, have been addressed in witness depositions by Post reporter Drew Harwell and his editor, Mark Seibel. *See FTC v. First Universal Lending*, 2011 WL 666149, at *6 (S.D. Fla. Feb. 12, 2011) (recognizing that Rule 26 "endows the Court with the authority and responsibility to limit discovery" where "the information sought is cumulative or duplicative").

Before those fact witness depositions, The Post produced reporter Drew Harwell's notes on Wilkerson, TMTG, DWAC, Patrick Orlando, and ES Family Trust. It also produced Harwell's emails, starting in October 2022, seeking information on these topics from TMTG, ES Family Trust, DWAC, Patrick Orlando, Wilkerson's attorneys, the Securities and Exchange Commission, the Department of Justice, and others. The Post further produced all non-privileged, responsive communications between Harwell and his editor, Mark Seibel, regarding these subjects, leading up to the publication of the subject Article.

Because Topics 12, 14, 16, 18, and 20 impose substantial burdens and would uncover no new information, good cause exists to limit their scope to focus only on the statements at issue in this litigation.

**B. Topics 9–11**

Topic 9: Any communications or documents had or exchanged between Matei Rosca and WaPo concerning Plaintiff, Wilkerson, Digital World Acquisition Corp., Patrick Orlando, ES Family Trust, and/or the WaPo Article.

Topic 10: Any communications or documents had or exchanged between Matei Rosca and WaPo concerning Plaintiff, Wilkerson, Digital World Acquisition Corp., Patrick Orlando, ES Family Trust, and/or the WaPo Article.

Topic 11: Any communications or documents had or exchanged between Will Wilkerson or his attorneys and WaPo concerning Plaintiff, Wilkerson, Digital World Acquisition Corp., Patrick Orlando, ES Family Trust, and/or the WaPo Article.

Topics 9–11 cover "any documents or communications" between The Post and six individuals on six subjects from January 2021 to present. Thus, they include other aspects of the Article, or other articles that are not the subject of this litigation. *See Woliner v. Sofronsky*, No. 2018 WL 5660529, 2018 WL 5660529, at *3 (S.D. Fla. Nov. 1, 2018) (granting protective order where requests sought information "largely irrelevant" to case and "disproportionate"); *Klayman v. City Pages*, No. 5:13-CV-143-OC-22PRL, 2014 WL 5426515, at *3 (M.D. Fla. Oct. 22, 2014) (denying motion to compel discovery related to statements and articles not at issue).

These topics are also duplicative of testimony TMTG already elicited from The Post's fact witnesses. Harwell, the reporter who spoke with Wilkerson, Wilkerson's attorneys, Rosca, and Bernardini, has testified about these communications and the documents exchanged. To the extent that TMTG has further questions about what communications occurred or documents were exchanged, The Post produced hundreds of documents detailing these interactions, including: (1) the email thread between Harwell, Rosca, and Bernardini for reporting and drafting the Article; (2) audio recordings of Harwell's interviews with Wilkerson and his attorneys; and (3) emails from Wilkerson's attorneys sharing the key documents used in the Article.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

Because Topics 9–11 would require unduly burdensome preparation on irrelevant topics, good cause exists to limit their scope to the statements at issue in this litigation.

**C. Topics 13, 15, 17, 19, and 21**

***3** Topic 13: WP Company, LLC's investigation of Plaintiff specifically related to its research to publish the WaPo Article.

Topic 15: WP Company, LLC's investigation of Will Wilkerson specifically related to [its] research to publish the WaPo Article.

Topic 17: WP Company, LLC's investigation of Digital World Acquisition Corp., specifically related to its research to publish the WaPo Article.

Topic 19: WP Company, LLC's investigation of ES Family Trust specifically related to its research to publish the WaPo Article.

Topic 21: WP Company, LLC's investigation of Patrick Orlando specifically related to its research to publish the WaPo Article.

Topics 13, 15, 17, 19, and 21 require The Post to prepare its 30(b)(6) witness to discuss its "investigation" of five individuals and entities "specifically related to its research to publish" the Article, as opposed to the two remaining statements still challenged by TMTG. The Post's 30(b)(6) witness would have to speak to the reporting process for an article with more than 2,700 words, including 111 sentences not at issue.

TMTG has taken depositions from fact witnesses regarding the steps taken to investigate these topics. Requiring The Post's 30(b)(6) witness to prepare on topics beyond the statements at issue is overly burdensome and in violation of the proportionality restraints of Federal Rule of Civil Procedure 26. Thus, these topics must be narrowed in scope to the statements at issue in this litigation.

**III. CONCLUSION**

The Post motion for a protective order narrowing the scope of topics 9–21 of their revised 30(b)(6) deposition notice (Doc. 140) is **GRANTED**. These deposition topics are narrowed in scope to the statements at issue in this litigation.

**All Citations**

Slip Copy, 2026 WL 1980595

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.