United States Code Annotated
Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
Title V. Disclosures and Discovery (Refs & Annos)

Federal Rules of Civil Procedure Rule 30

# Rule 30. Depositions by Oral Examination

Currentness

**(a) When a Deposition May Be Taken.**

**(1)** ***Without Leave.*** A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

**(2)** ***With Leave.*** A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

**(A)** if the parties have not stipulated to the deposition and:

**(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

**(ii)** the deponent has already been deposed in the case; or

**(iii)** the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

**(B)** if the deponent is confined in prison.

**(b) Notice of the Deposition; Other Formal Requirements.**

**(1)** ***Notice in General.*** A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

**(2)** ***Producing Documents.*** If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

**(3)** ***Method of Recording.***

**(A)** *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

**(B)** *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

**(4)** ***By Remote Means.*** The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

**(5)** ***Officer's Duties.***

**(A)** *Before the Deposition.* Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:

**(i)** the officer's name and business address;

**(ii)** the date, time, and place of the deposition;

**(iii)** the deponent's name;

**(iv)** the officer's administration of the oath or affirmation to the deponent; and

**(v)** the identity of all persons present.

**(B)** *Conducting the Deposition; Avoiding Distortion.* If the deposition is recorded non-stenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.

**(C)** *After the Deposition.* At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

**(6)** ***Notice or Subpoena Directed to an Organization.*** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

**(c) Examination and Cross-Examination; Record of the Examination; Objections; Written Questions.**

**(1)** ***Examination and Cross-Examination.*** The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

**(2)** ***Objections.*** An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

**(3)** ***Participating Through Written Questions.*** Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must ask the deponent those questions and record the answers verbatim.

**(d) Duration; Sanction; Motion to Terminate or Limit.**

**(1)** ***Duration.*** Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

**(2)** ***Sanction.*** The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.

**(3)** ***Motion to Terminate or Limit.***

**(A)** *Grounds.* At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

**(B)** *Order.* The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.

**(C)** *Award of Expenses.* Rule 37(a)(5) applies to the award of expenses.

**(e) Review by the Witness; Changes.**

**(1)** ***Review; Statement of Changes.*** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

**(A)** to review the transcript or recording; and

**(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

**(2)** ***Changes Indicated in the Officer's Certificate.*** The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

**(f) Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.**

**(1)** ***Certification and Delivery.*** The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

**(2)** ***Documents and Tangible Things.***

**(A)** *Originals and Copies.* Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

**(i)** offer copies to be marked, attached to the deposition, and then used as originals--after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or

**(ii)** give all parties a fair opportunity to inspect and copy the originals after they are marked--in which event the originals may be used as if attached to the deposition.

**(B)** *Order Regarding the Originals.* Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

**(3)** ***Copies of the Transcript or Recording.*** Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

**(4)** ***Notice of Filing.*** A party who files the deposition must promptly notify all other parties of the filing.

**(g) Failure to Attend a Deposition or Serve a Subpoena; Expenses.** A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

**(1)** attend and proceed with the deposition; or

**(2)** serve a subpoena on a nonparty deponent, who consequently did not attend.

**CREDIT(S)**

(Amended January 21, 1963, effective July 1, 1963; March 30, 1970, effective July 1, 1970; March 1, 1971, effective July 1, 1971; November 20, 1972, effective July 1, 1975; April 29, 1980, effective August 1, 1980; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 30, 2007, effective December 1, 2007; April 29, 2015, effective December 1, 2015; April 27, 2020, effective December 1, 2020.)

**<Amendments received through April 1, 2026>**

**ADVISORY COMMITTEE NOTES**

**1937 Adoption**

**Note to Subdivision (a).** This is in accordance with common practice. See U.S.C., Title 28, [former] § 639 (Depositions *de bene esse*; when and where taken; notice), the relevant provisions of which are incorporated in this rule; West's Ann.Code Civ.Proc. § 2031; and statutes cited in respect to notice in the Note to Rule 26(a). The provision for enlarging or shortening the time of notice has been added to give flexibility to the rule.

**Note to Subdivisions (b) and (d).** These are introduced as a safeguard for the protection of parties and deponents on account of the unlimited right of discovery given by Rule 26.

**Note to Subdivisions (c) and (e).** These follow the general plan of [former] Equity Rule 51 (Evidence Taken Before Examiners, Etc.) and U.S.C., Title 28, [former] §§ 640 (Depositions *de bene esse*; mode of taking), and [former] 641 (Same; transmission to court), but are more specific. They also permit the deponent to require the officer to make changes in the deposition if the deponent is not satisfied with it. See also [former] Equity Rule 50 (Stenographer--Appointment--Fees.)

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

**Note to Subdivision (f).** Compare [former] Equity Rule 55 (Depositions Deemed Published When Filed.)

**Note to Subdivision (g).** This is similar to 2 Minn.Stat. (Mason, 1927) § 9833, but is more extensive.

**1963 Amendment**

This amendment corresponds to the change in Rule 4(d)(4). See Advisory Committee's Note to that amendment.

**1970 Amendment**

**Subdivision (a).** This subdivision contains the provisions of existing Rule 26(a), transferred here as part of the rearrangement relating to Rule 26. Existing Rule 30(a) is transferred to 30(b). Changes in language have been made to conform to the new arrangement.

This subdivision is further revised in regard to the requirement of leave of court for taking a deposition. The present procedure, requiring a plaintiff to obtain leave of court if he serves notice of taking a deposition within 20 days after commencement of the action, is changed in several respects. First, leave is required by reference to the time the deposition is to be taken rather than the date of serving notice of taking. Second, the 20-day period is extended to 30 days and runs from the service of summons and complaint on any defendant, rather than the commencement of the action. *Cf.* Ill.S.Ct.R. 19-1 S-H Ill.Ann.Stat. § 101.19-1. Third, leave is not required beyond the time that defendant initiates discovery, thus showing that he has retained counsel. As under the present practice, a party not afforded a reasonable opportunity to appear at a deposition, because he has not yet been served with process, is protected against use of the deposition at trial against him. See Rule 32(a), transferred from 26(d). Moreover, he can later redepose the witness if he so desires.

The purpose of requiring the plaintiff to obtain leave of court is, as stated by the Advisory Committee that proposed the present language of Rule 26(a), to protect "a defendant who has not had an opportunity to retain counsel and inform himself as to the nature of the suit." Note to 1948 amendment of Rule 26(a), quoted in 3A Barron & Holtzoff, *Federal Practice and Procedure* 455-456 (Wright ed. 1958). In order to assure defendant of this opportunity, the period is lengthened to 30 days. This protection, however, is relevant to the time of taking the deposition, not to the time that notice is served. Similarly, the protective period should run from the service of process rather than the filing of the complaint with the court. As stated in the note to Rule 26(d), the courts have used the service of notice as a convenient reference point for assigning priority in taking depositions, but with the elimination of priority in new Rule 26(d) the reference point is no longer needed. The new procedure is consistent in principle with the provisions of Rules 33, 34, and 36 as revised.

Plaintiff is excused from obtaining leave even during the initial 30-day period if he gives the special notice provided in subdivision (b)(2). The required notice must state that the person to be examined is about to go out of the district where the action is pending and more than 100 miles from the place of trial, or out of the United States, or on a voyage to sea, and will be unavailable for examination unless deposed within the 30-day period. These events occur most often in maritime litigation, when seamen are transferred from one port to another or are about to go to sea. Yet, there are analogous situations in nonmaritime litigation, and although the maritime problems are more common, a rule limited to claims in the admiralty and maritime jurisdiction is not justified.

In the recent unification of the civil and admiralty rules, this problem was temporarily met through addition in Rule 26(a) of a provision that depositions *de bene esse* may continue to be taken as to admiralty and maritime claims within the meaning of Rule 9(h). It was recognized at the time that "a uniform rule applicable alike to what are now civil actions and suits in admiralty" was clearly preferable, but the de bene esse procedure was adopted "for the time being at least." See Advisory Committee's Note in Report of the Judicial Conference: Proposed Amendments to Rules of Civil Procedure 43-44 (1966).

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

The changes in Rule 30(a) and the new Rule 30(b)(2) provide a formula applicable to ordinary civil as well as maritime claims. They replace the provision for depositions *de bene esse*. They authorize an early deposition without leave of court where the witness is about to depart and, unless his deposition is promptly taken, (1) it will be impossible or very difficult to depose him before trial or (2) his deposition can later be taken but only with substantially increased effort and expense. *Cf. S.S. Hai Chang,* 1966 A.M.C. 2239 (S.D.N.Y.1966), in which the deposing party is required to prepay expenses and counsel fees of the other party's lawyer when the action is pending in New York and depositions are to be taken on the West Coast. Defendant is protected by a provision that the deposition cannot be used against him if he was unable through exercise of diligence to obtain counsel to represent him.

The distance of 100 miles from place of trial is derived from the *de bene esse* provision and also conforms to the reach of a subpoena of the trial court, as provided in Rule 45(e). See also S.D.N.Y. Civ.R. 5(a). Some parts of the *de bene esse* provision are omitted from Rule 30(b)(2). Modern deposition practice adequately covers the witness who lives more than 100 miles away from place of trial. If a witness is aged or infirm, leave of court can be obtained.

**Subdivision (b).** Existing Rule 30(b) on protective orders has been transferred to Rule 26(c), and existing Rule 30(a) relating to the notice of taking deposition has been transferred to this subdivision. Because new material has been added, subsection numbers have been inserted.

**Subdivision (b)(1).** If a subpoena duces tecum is to be served, a copy thereof or a designation of the materials to be produced must accompany the notice. Each party is thereby enabled to prepare for the deposition more effectively.

**Subdivision (b)(2).** This subdivision is discussed in the note to subdivision (a), to which it relates.

**Subdivision (b)(3).** This provision is derived from existing Rule 30(a), with a minor change of language.

**Subdivision (b)(4).** In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means--*e.g.*, by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

**Subdivision (b)(5).** A provision is added to enable a party, through service of notice, to require another party to produce documents or things at the taking of his deposition. This may now be done as to a nonparty deponent through use of a subpoena duces tecum as authorized by Rule 45, but some courts have held that documents may be secured from a party only under Rule 34. See 2A Barron & Holtzoff, *Federal Practice and Procedure* § 644.1 n. 83.2, § 792 n. 16 (Wright ed. 1961). With the elimination of “good cause” from Rule 34, the reason for this restrictive doctrine has disappeared. *Cf.* N.Y.C.P.L.R. § 3111.

Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery. If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rules 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone.

**Subdivision (b)(6).** A new provision is added, whereby a party may name a corporation, partnership, association, or governmental agency as the deponent and designate the matters on which he requests examination, and the organization shall then name one or more of its officers, directors, or managing agents, or other persons consenting to appear and testify on its behalf with respect to matters known or reasonably available to the organization. *Cf.* Alberta Sup.Ct.R. 255. The organization may designate persons other than officers, directors, and managing agents, but only with their consent. Thus, an employee or

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

agent who has an independent or conflicting interest in the litigation--for example, in a personal injury case--can refuse to testify on behalf of the organization.

This procedure supplements the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision.

The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent." See Note, *Discovery Against Corporations Under the Federal Rules*, 47 Iowa L.Rev. 1006-1016 (1962). It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it. *Cf. Haney v. Woodward & Lothrop, Inc.,* 330 F.2d 940, 944 (4th Cir. 1964). The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. Some courts have held that under the existing rules a corporation should not be burdened with choosing which person is to appear for it. E.g., *United States v. Gahagan Dredging Corp.,* 24 F.R.D. 328, 329 (S.D.N.Y.1958). This burden is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge.

**Subdivision (c).** A new sentence is inserted at the beginning, representing the transfer of existing Rule 26(c) to this subdivision. Another addition conforms to the new provision in subdivision (b)(4).

The present rule provides that transcription shall be carried out unless all parties waive it. In view of the many depositions taken from which nothing useful is discovered, the revised language provides that transcription is to be performed if any party requests it. The fact of the request is relevant to the exercise of the court's discretion in determining who shall pay for transcription.

Parties choosing to serve written questions rather than participate personally in an oral deposition are directed to serve their questions on the party taking the deposition, since the officer is often not identified in advance. Confidentiality is preserved, since the questions may be served in a sealed envelope.

**Subdivision (d).** The assessment of expenses incurred in relation to motions made under this subdivision (d) is made subject to the provisions of Rule 37(a). The standards for assessment of expenses are more fully set out in Rule 37(a), and these standards should apply to the essentially similar motions of this subdivision.

**Subdivision (e).** The provision relating to the refusal of a witness to sign his deposition is tightened through insertion of a 30-day time period.

**Subdivision (f)(1).** A provision is added which codifies in a flexible way the procedure for handling exhibits related to the deposition and at the same time assures each party that he may inspect and copy documents and things produced by a nonparty witness in response to a subpoena duces tecum. As a general rule and in the absence of agreement to the contrary or order of the court, exhibits produced without objection are to be annexed to and returned with the deposition, but a witness may substitute copies for purposes of marking and he may obtain return of the exhibits. The right of the parties to inspect exhibits for identification and to make copies is assured. *Cf.* N.Y.C.P.L.R. § 3116(c).

**1971 Amendment**

The subdivision permits a party to name a corporation or other form of organization as a deponent in the notice of examination and to describe in the notice the matters about which discovery is desired. The organization is then obliged to designate natural

persons to testify on its behalf. The amendment clarifies the procedure to be followed if a party desires to examine a non-party organization through persons designated by the organization. Under the rules, a subpoena rather than a notice of examination is served on a non-party to compel attendance at the taking of a deposition. The amendment provides that a subpoena may name a non-party organization as the deponent and may indicate the matters about which discovery is desired. In that event, the non-party organization must respond by designating natural persons, who are then obliged to testify as to matters known or reasonably available to the organization. To insure that a non-party organization that is not represented by counsel has knowledge of its duty to designate, the amendment directs the party seeking discovery to advise of the duty in the body of the subpoena.

**1972 Amendment**

**Subdivision (c).** Existing Rule 43(b), which is to be abrogated, deals with the use of leading questions, the calling, interrogation, impeachment, and scope of cross-examination of adverse parties, officers, etc. These topics are dealt with in many places in the Rules of Evidence. Moreover, many pertinent topics included in the Rules of Evidence are not mentioned in Rule 43(b), e.g. privilege. A reference to the Rules of Evidence generally is therefore made in subdivision (c) of Rule 30.

**1980 Amendment**

**Subdivision (b)(4).** It has been proposed that electronic recording of depositions be authorized as a matter of course, subject to the right of a party to seek an order that a deposition be recorded by stenographic means. The Committee is not satisfied that a case has been made for a reversal of present practice. The amendment is made to encourage parties to agree to the use of electronic recording of depositions so that conflicting claims with respect to the potential of electronic recording for reducing costs of depositions can be appraised in the light of greater experience. The provision that the parties may stipulate that depositions may be recorded by other than stenographic means seems implicit in Rule 29. The amendment makes it explicit. The provision that the stipulation or order shall designate the person before whom the deposition is to be taken is added to encourage the naming of the recording technician as that person, eliminating the necessity of the presence of one whose only function is to administer the oath. See Rules 28(a) and 29.

**Subdivision (b)(7).** Depositions by telephone are now authorized by Rule 29 upon stipulation of the parties. The amendment authorizes that method by order of the court. The final sentence is added to make it clear that when a deposition is taken by telephone it is taken in the district and at the place where the witness is to answer the questions rather than that where the questions are propounded.

**Subdivision (f)(1).** For the reasons set out in the Note following the amendment of Rule 5(d), the court may wish to permit the parties to retain depositions unless they are to be used in the action. The amendment of the first paragraph permits the court to so order.

The amendment of the second paragraph is clarifying. The purpose of the paragraph is to permit a person who produces materials at a deposition to offer copies for marking and annexation to the deposition. Such copies are a "substitute" for the originals, which are not to be marked and which can thereafter be used or even disposed of by the person who produces them. In the light of that purpose, the former language of the paragraph had been justly termed "opaque." Wright & Miller, *Federal Practice and Procedure: Civil* § 2114.

**1987 Amendment**

The amendments are technical. No substantive change is intended.

**1993 Amendment**

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

**Subdivision (a).** Paragraph (1) retains the first and third sentences from the former subdivision (a) without significant modification. The second and fourth sentences are relocated.

Paragraph (2) collects all provisions bearing on requirements of leave of court to take a deposition.

Paragraph (2)(A) is new. It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles. Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions.

A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify.

In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court. If these disputes cannot be amicably resolved, the court can be requested to resolve the dispute or permit additional depositions.

Paragraph (2)(B) is new. It requires leave of court if any witness is to be deposed in the action more than once. This requirement does not apply when a deposition is temporarily recessed for convenience of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition. If significant travel costs would be incurred to resume the deposition, the parties should consider the feasibility of conducting the balance of the examination by telephonic means.

Paragraph (2)(C) revises the second sentence of the former subdivision (a) as to when depositions may be taken. Consistent with the changes made in Rule 26(d), providing that formal discovery ordinarily not commence until after the litigants have met and conferred as directed in revised Rule 26(f), the rule requires leave of court or agreement of the parties if a deposition is to be taken before that time (except when a witness is about to leave the country).

**Subdivision (b).** The primary change in subdivision (b) is that parties will be authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel.

Former subdivision (b)(2) is partly relocated in subdivision (a)(2)(C) of this rule. The latter two sentences of the first paragraph are deleted, in part because they are redundant to Rule 26(g) and in part because Rule 11 no longer applies to discovery requests. The second paragraph of the former subdivision (b)(2), relating to use of depositions at trial where a party was unable to obtain counsel in time for an accelerated deposition, is relocated in Rule 32.

New paragraph (2) confers on the party taking the deposition the choice of the method of recording, without the need to obtain prior court approval for one taken other than stenographically. A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56. Objections to the nonstenographic recording of a deposition, when warranted by the circumstances, can be presented to the court under Rule 26(c).

Paragraph (3) provides that other parties may arrange, at their own expense, for the recording of a deposition by a means (stenographic, visual, or sound) in addition to the method designated by the person noticing the deposition. The former provisions of this paragraph, relating to the court's power to change the date of a deposition, have been eliminated as redundant in view of Rule 26(c)(2).

Revised paragraph (4) requires that all depositions be recorded by an officer designated or appointed under Rule 28 and contains special provisions designed to provide basic safeguards to assure the utility and integrity of recordings taken other than stenographically.

Paragraph (7) is revised to authorize the taking of a deposition not only by telephone but also by other remote electronic means, such as satellite television, when agreed to by the parties or authorized by the court.

**Subdivision (c).** Minor changes are made in this subdivision to reflect those made in subdivision (b) and to complement the new provisions of subdivision (d)(1), aimed at reducing the number of interruptions during depositions.

In addition, the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions. The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.

**Subdivision (d).** The first sentence of new paragraph (1) provides that any objections during a deposition must be made concisely and in a non-argumentative and non-suggestive manner. Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond. While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, *i.e.,* objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer. Under Rule 32(b), other objections can, even without the so-called "usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition.

Directions to a deponent not to answer a question can be even more disruptive than objections. The second sentence of new paragraph (1) prohibits such directions except in the three circumstances indicated: to claim a privilege or protection against disclosure (*e.g.,* as work product), to enforce a court directive limiting the scope or length of permissible discovery, or to suspend a deposition to enable presentation of a motion under paragraph (3).

Paragraph (2) is added to this subdivision to dispel any doubts regarding the power of the court by order or local rule to establish limits on the length of depositions. The rule also explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction. This sanction may be imposed on a non-party witness as well as a party or attorney, but is otherwise congruent with Rule 26(g).

It is anticipated that limits on the length of depositions prescribed by local rules would be presumptive only, subject to modification by the court or by agreement of the parties. Such modifications typically should be discussed by the parties in their meeting under Rule 26(f) and included in the scheduling order required by Rule 16(b). Additional time, moreover, should be allowed under the revised rule when justified under the principles stated in Rule 26(b)(2). To reduce the number of special motions, local rules should ordinarily permit--and indeed encourage--the parties to agree to additional time, as when, during the taking of a deposition, it becomes clear that some additional examination is needed.

Paragraph (3) authorizes appropriate sanctions not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections or giving directions not to answer prohibited by paragraph (1). In general, counsel should not engage in any conduct during a

deposition that would not be allowed in the presence of a judicial officer. The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct, as may the refusal of an attorney to agree with other counsel on a fair apportionment of the time allowed for examination of a deponent or a refusal to agree to a reasonable request for some additional time to complete a deposition, when that is permitted by the local rule or order.

**Subdivision (e).** Various changes are made in this subdivision to reduce problems sometimes encountered when depositions are taken stenographically. Reporters frequently have difficulties obtaining signatures--and the return of depositions--from deponents. Under the revision pre-filing review by the deponent is required only if requested before the deposition is completed. If review is requested, the deponent will be allowed 30 days to review the transcript or recording and to indicate any changes in form or substance. Signature of the deponent will be required only if review is requested and changes are made.

**Subdivision (f).** Minor changes are made in this subdivision to reflect those made in subdivision (b). In courts which direct that depositions not be automatically filed, the reporter can transmit the transcript or recording to the attorney taking the deposition (or ordering the transcript or record), who then becomes custodian for the court of the original record of the deposition. Pursuant to subdivision (f)(2), as under the prior rule, any other party is entitled to secure a copy of the deposition from the officer designated to take the deposition; accordingly, unless ordered or agreed, the officer must retain a copy of the recording or the stenographic notes.

**2000 Amendment**

**Subdivision (d).** Paragraph (1) has been amended to clarify the terms regarding behavior during depositions. The references to objections " to evidence" and limitations "on evidence" have been removed to avoid disputes about what is "evidence" and whether an objection is to, or a limitation is on, discovery instead. It is intended that the rule apply to any objection to a question or other issue arising during a deposition, and to any limitation imposed by the court in connection with a deposition, which might relate to duration or other matters.

The current rule places limitations on instructions that a witness not answer only when the instruction is made by a "party." Similar limitations should apply with regard to anyone who might purport to instruct a witness not to answer a question. Accordingly, the rule is amended to apply the limitation to instructions by any person. The amendment is not intended to confer new authority on nonparties to instruct witnesses to refuse to answer deposition questions. The amendment makes it clear that, whatever the legitimacy of giving such instructions, the nonparty is subject to the same limitations as parties.

Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. The Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances. This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition. For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Parties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to

designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, with regard to expert witnesses, there may more often be a need for additional time--even after the submission of the report required by Rule 26(a)(2)--for full exploration of the theories upon which the witness relies.

It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. The limitation is phrased in terms of a single day on the assumption that ordinarily a single day would be preferable to a deposition extending over multiple days; if alternative arrangements would better suit the parties, they may agree to them. It is also assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided.

The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time. The amendment makes clear that additional time should also be allowed where the examination is impeded by an "other circumstance," which might include a power outage, a health emergency, or other event.

In keeping with the amendment to Rule 26(b)(2), the provision added in 1993 granting authority to adopt a local rule limiting the time permitted for depositions has been removed. The court may enter a case-specific order directing shorter depositions for all depositions in a case or with regard to a specific witness. The court may also order that a deposition be taken for limited periods on several days.

Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition. If the impediment or delay results from an "other circumstance" under paragraph (2), ordinarily no sanction would be appropriate.

Former paragraph (3) has been renumbered (4) but is otherwise unchanged.

**Subdivision (f)(1)**: This subdivision is amended because Rule 5(d) has been amended to direct that discovery materials, including depositions, ordinarily should not be filed. The rule already has provisions directing that the lawyer who arranged for the transcript or recording preserve the deposition. Rule 5(d) provides that, once the deposition is used in the proceeding, the attorney must file it with the court.

"Shall" is replaced by "must" or "may" under the program to conform amended rules to current style conventions when there is no ambiguity.

**GAP Report**

The Advisory Committee recommends deleting the requirement in the published proposed amendments that the deponent consent to extending a deposition beyond one day, and adding an amendment to Rule 30(f)(1) to conform to the published amendment to Rule 5(d) regarding filing of depositions. It also recommends conforming the Committee Note with regard to the deponent veto, and adding material to the Note to provide direction on computation of the durational limitation on depositions, to provide examples of situations in which the parties might agree--or the court order--that a deposition be extended, and to make clear that no new authority to instruct a witness is conferred by the amendment. One minor wording improvement in the Note is also suggested.

**2007 Amendment**

The language of Rule 30 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The right to arrange a deposition transcription should be open to any party, regardless of the means of recording and regardless of who noticed the deposition.

"[O]ther entity" is added to the list of organizations that may be named as deponent. The purpose is to ensure that the deposition process can be used to reach information known or reasonably available to an organization no matter what abstract fictive concept is used to describe the organization. Nothing is gained by wrangling over the place to fit into current rule language such entities as limited liability companies, limited partnerships, business trusts, more exotic common-law creations, or forms developed in other countries.

**2015 Amendment**

Rule 30 is amended in parallel with Rules 31 and 33 to reflect the recognition of proportionality in Rule 26(b)(1).

**2020 Amendment**

Rule 30(b)(6) is amended to respond to problems that have emerged in some cases. Particular concerns raised have included overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses. This amendment directs the serving party and the named organization to confer before or promptly after the notice or subpoena is served about the matters for examination. The amendment also requires that a subpoena notify a nonparty organization of its duty to confer and to designate each person who will testify. It facilitates collaborative efforts to achieve the proportionality goals of the 2015 amendments to Rules 1 and 26(b)(1).

Candid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination, and enable the organization to designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements. It may be productive also to discuss "process" issues, such as the timing and location of the deposition, the number of witnesses and the matters on which each witness will testify, and any other issue that might facilitate the efficiency and productivity of the deposition.

The amended rule directs that the parties confer either before or promptly after the notice or subpoena is served. If they begin to confer before service, the discussion may be more productive if the serving party provides a draft of the proposed list of matters for examination, which may then be refined as the parties confer. The process of conferring may be iterative. Consistent with Rule 1, the obligation is to confer in good faith about the matters for examination, but the amendment does not require the parties to reach agreement. In some circumstances, it may be desirable to seek guidance from the court.

When the need for a Rule 30(b)(6) deposition is known early in the case, the Rule 26(f) conference may provide an occasion for beginning discussion of these topics. In appropriate cases, it may also be helpful to include reference to Rule 30(b)(6) depositions in the discovery plan submitted to the court under Rule 26(f)(3) and in the matters considered at a pretrial conference under Rule 16.

Because a Rule 31 deposition relies on written questions rather than a description with reasonable particularity of the matters for examination, the duty to confer about the matters for examination does not apply when an organization is deposed under Rule 31(a)(4).

Notes of Decisions (1171)

**O'CONNOR'S CROSS REFERENCES**
**O'Connor's Federal Rules Civil Trials:**

See ***O'Connor's Federal Rules***, "Procedure for oral deposition," ch. 6-F, §3; ***O'Connor's Federal Civil Forms***, FORMS 6F:1 et seq.

See also 5 U.S.C.A. §2903 (notary public and other persons authorized to administer oaths); 28 U.S.C.A. §636 (power of U.S. magistrate judges to administer oaths and take depositions).

**O'CONNOR'S ANNOTATIONS**

***FRCP 30(b)(6) - Deposition of Organization***

***Snapp v. United Transp. Un.***, 889 F.3d 1088, 1103 (9th Cir.2018). "'[A] corporation *generally* cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative.' '[B]ecause a Rule 30(b)(6) designee testifies on behalf of the entity, the entity is not allowed to defeat a motion for summary judgment based on an affidavit that conflicts with its Rule 30(b)(6) deposition or contains information that the Rule 30(b)(6) deponent professed not to know.' [¶] This general proposition should not be overstated, however, because it applies only where the purportedly conflicting evidence truly, and without good reason or explanation, is in conflict, *i.e.*, where it cannot be deemed as clarifying or simply providing full context for the Rule 30(b)(6) deposition." *See also* ***Vehicle Mkt. Research, Inc. v. Mitchell Int'l***, 839 F.3d 1251, 1260-61 (10th Cir.2016).

***Keepers, Inc. v. City of Milford***, 807 F.3d 24, 34-35 (2d Cir.2015). "[A]n organization's deposition testimony is 'binding' in the sense that whatever its deponent says can be used against the organization. But Rule 30(b)(6) testimony is not 'binding' in the sense that it precludes the deponent from correcting, explaining, or supplementing its statements. Nothing in the text of the Rule or in the Advisory Committee notes indicates that the Rule is meant to bind a corporate party irrevocably to whatever its designee happens to recollect during her testimony. Of course, a party whose testimony 'evolves' risks its credibility, but that does not mean it has violated the [FRCPs]. [¶] [A] Rule 30(b)(6) deponent may [supply additional *facts* and] also amend and expand its *legal conclusions*. Courts have held repeatedly that a party is 'entitled to produce contrary evidence' that contradicts legal interpretations offered during a deposition. [¶] Some deponents will, of course, try to abuse Rule 30(b)(6) by intentionally offering misleading or incomplete responses, then seeking to 'correct' them by offering new evidence after discovery. Appropriate remedies are available for such situations."

***Brazos River Auth. v. GE Ionics, Inc.***, 469 F.3d 416, 432-34 (5th Cir.2006). "Rule 30(b)(6) is designed to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself. Therefore, the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters. The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. [¶] [A] rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's position on the topic. When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions. If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute. [¶] If the designated agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." (Internal quotes omitted.) *See also* ***Reilly v. NatWest Mkts. Grp.***, 181 F.3d 253, 268 (2d Cir.1999) (when party does not comply, court may impose various sanctions, including preclusion of evidence).

***FRCP 30(c) - Examination***

***In re Terra Int'l***, 134 F.3d 302, 306 (5th Cir.1998). FRCP 30(c)'s "exclusion of depositions from the strictures of [FRE] 615 was intended to establish a general rule that 'other witnesses are not automatically excluded from a deposition simply by the request of a party.' Rather, exclusion of other witnesses requires that the court grant a protective order pursuant to [FRCP 26(c)(5), now FRCP 26(c)(1)(E)]."

***Security Nat'l Bank v. Jones Day***, 800 F.3d 936, 942 (8th Cir.2015). See annotation under this rule, *FRCP 30(d) - Sanctions*.

***FRCP 30(d) - Sanctions***

***Security Nat'l Bank v. Jones Day***, 800 F.3d 936, 942 (8th Cir.2015). "Objections at the time of examination are to be 'noted on the record' and 'stated concisely in a nonargumentative and nonsuggestive manner.' [A]rgumentative objections, suggestive objections, and directions to a deponent not to answer[ ] improperly disrupt, prolong, and frustrate deposition testimony. '[A]n excessive number of unnecessary objections may itself constitute sanctionable conduct.' To 'deter' such practices, [FRCP] 30(d)(2) authorizes courts to impose 'appropriate' sanctions on any 'person who impedes, delays, or frustrates the fair examination of the deponent.' [¶] We … recognize that opposing attorneys may choose to ignore discovery violations and not pursue sanctions because such 'proceedings can be disruptive, costly, and may create personal antagonism inimical to an atmosphere of cooperation.' Courts may nonetheless impose Rule 30(d)(2) sanctions on their own accord … to deter ongoing and future misconduct. The rule's provisions are generally 'congruent' with [FRCP] 26(g) which expressly allows courts to impose sanctions 'on [their] own' motion. Both the purpose and the plain language of Rule 30(d)(2) allow courts to consider sanctions sua sponte."

Fed. Rules Civ. Proc. Rule 30, 28 U.S.C.A., FRCP Rule 30
Including Amendments Received Through 11-1-2026

**End of Document** © 2026 Thomson Reuters. No claim to original U.S. Government Works.