United States Code Annotated
Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
Title V. Disclosures and Discovery (Refs & Annos)

Federal Rules of Civil Procedure Rule 34

# Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering Onto Land, for Inspection and Other Purposes

Currentness

**(a) In General.** A party may serve on any other party a request within the scope of Rule 26(b):

**(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

**(A)** any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

**(B)** any designated tangible things; or

**(2)** to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

**(b) Procedure.**

**(1)** ***Contents of the Request.*** The request:

**(A)** must describe with reasonable particularity each item or category of items to be inspected;

**(B)** must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

**(C)** may specify the form or forms in which electronically stored information is to be produced.

**(2)** ***Responses and Objections.***

**(A)** *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or--if the request was delivered under Rule 26(d)(2)--within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

**(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

**(C)** *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

**(D)** *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form--or if no form was specified in the request--the party must state the form or forms it intends to use.

**(E)** *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

**(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

**(ii)**If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

**(iii)** A party need not produce the same electronically stored information in more than one form.

**(c) Nonparties.** As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

**CREDIT(S)**

(Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 22, 1993, effective December 1, 1993; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 29, 2015, effective December 1, 2015.)

**<Amendments received through April 1, 2026>**

**ADVISORY COMMITTEE NOTES**

**1937 Adoption**

In England orders are made for the inspection of documents, *English Rules Under the Judicature Act (The Annual Practice,* 1937) O. 31, r.r. 14, et seq., or for the inspection of tangible property or for entry upon land, O. 50, r. 3. Michigan provides for inspection of damaged property when such damage is the ground of the action. Mich.Court Rules Ann. (Searl, 1933) Rule 41, § 2.

Practically all states have statutes authorizing the court to order parties in possession or control of documents to permit other parties to inspect and copy them before trial. See Ragland, *Discovery Before Trial* (1932) Appendix, p. 267, setting out the statutes.

Compare [former] Equity Rule 58 (Discovery--Interrogatories--Inspection and Production of Documents--Admission of Execution or Genuineness) (fifth paragraph).

**1946 Amendment**

**Note.** The changes in clauses (1) and (2) correlate the scope of inquiry permitted under Rule 34 with that provided in Rule 26(b), and thus remove any ambiguity created by the former differences in language. As stated in *Olson Transportation Co. v. Socony-Vacuum Oil Co.,* E.D.Wis.1944, 8 Fed.Rules Serv. 34.41, Case 2, "* * * Rule 34 is a direct and simple method of discovery." At the same time the addition of the words following the term "parties" makes certain that the person in whose custody, possession, or control the evidence reposes may have the benefit of the applicable protective orders stated in Rule 30(b). This change should be considered in the light of the proposed expansion of Rule 30(b).

An objection has been made that the word "designated" in Rule 34 has been construed with undue strictness in some district court cases so as to require great and impracticable specificity in the description of documents, papers, books, etc., sought to be inspected. The Committee, however, believes that no amendment is needed, and that the proper meaning of "designated" as requiring specificity has already been delineated by the Supreme Court. *See Brown v. United States,* 1928, 48 S.Ct. 288, 276 U.S. 134, 143, 72 L.Ed. 500 ("The subpoena * * * specifies * * * with reasonable particularity the subjects to which the documents called for related."); *Consolidated Rendering Co. v. Vermont,* 1908, 28 S.Ct. 178, 207 U.S. 541, 543-544, 52 L.Ed. 327 ("We see no reason why all such books, papers and correspondence which related to the subject of inquiry, and were described with reasonable detail, should not be called for and the company directed to produce them. Otherwise, the State would be compelled to designate each particular paper which it desired, which presupposes an accurate knowledge of such papers, which the tribunal desiring the papers would probably rarely, if ever, have.").

**1970 Amendment**

Rule 34 is revised to accomplish the following major changes in the existing rule: (1) to eliminate the requirement of good cause; (2) to have the rule operate extrajudicially; (3) to include testing and sampling as well as inspecting or photographing tangible things; and (4) to make clear that the rule does not preclude an independent action for analogous discovery against persons not parties.

**Subdivision (a).** Good cause is eliminated because it has furnished an uncertain and erratic protection to the parties from whom production is sought and is now rendered unnecessary by virtue of the more specific provisions added to Rule 26(b) relating to materials assembled in preparation for trial and to experts retained or consulted by parties.

The good cause requirement was originally inserted in Rule 34 as a general protective provision in the absence of experience with the specific problems that would arise thereunder. As the note to Rule 26(b)(3) on trial preparation materials makes clear, good cause has been applied differently to varying classes of documents, though not without confusion. It has often been said in court opinions that good cause requires a consideration of need for the materials and of alternative means of obtaining them, i.e., something more than relevance and lack of privilege. But the overwhelming proportion of the cases in which the formula of good cause has been applied to require a special showing are those involving trial preparation. In practice, the courts have

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

not treated documents as having a special immunity to discovery simply because of their being documents. Protection may be afforded to claims of privacy or secrecy or of undue burden or expense under what is now Rule 26(c) (previously Rule 30(b)). To be sure, an appraisal of "undue" burden inevitably entails consideration of the needs of the party seeking discovery. With special provisions added to govern trial preparation materials and experts, there is no longer any occasion to retain the requirement of good cause.

The revision of Rule 34 to have it operate extrajudicially, rather than by court order, is to a large extent a reflection of existing law office practice. The Columbia Survey shows that of the litigants seeking inspection of documents or things, only about 25 percent filed motions for court orders. This minor fraction nevertheless accounted for a significant number of motions. About half of these motions were uncontested and in almost all instances the party seeking production ultimately prevailed. Although an extrajudicial procedure will not drastically alter existing practice under Rule 34--it will conform to it in most cases--it has the potential of saving court time in a substantial though proportionately small number of cases tried annually.

The inclusion of testing and sampling of tangible things and objects or operations on land reflects a need frequently encountered by parties in preparation for trial. If the operation of a particular machine is the basis of a claim for negligent injury, it will often be necessary to test its operating parts or to sample and test the products it is producing. *Cf.* Mich.Gen.Ct.R. 310.1(1) (1963) (testing authorized).

The inclusive description of "documents" is revised to accord with changing technology. It makes clear that Rule 34 applies to electronics data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form. In many instances, this means that respondent will have to supply a print-out of computer data. The burden thus placed on respondent will vary from case to case, and the courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovering party pay costs. Similarly, if the discovering party needs to check the electronic source itself, the court may protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters, and costs.

**Subdivision (b).** The procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended, and the discussion in the note appended to that rule is relevant to Rule 34 as well. Problems peculiar to Rule 34 relate to the specific arrangements that must be worked out for inspection and related acts of copying, photographing, testing, or sampling. The rule provides that a request for inspection shall set forth the items to be inspected either by item or category, describing each with reasonable particularity, and shall specify a reasonable time, place, and manner of making the inspection.

**Subdivision (c).** Rule 34 as revised continues to apply only to parties. Comments from the bar make clear that in the preparation of cases for trial it is occasionally necessary to enter land or inspect large tangible things in the possession of a person not a party, and that some courts have dismissed independent actions in the nature of bills in equity for such discovery on the ground that Rule 34 is preemptive. While an ideal solution to this problem is to provide for discovery against persons not parties in Rule 34, both the jurisdictional and procedural problems are very complex. For the present, this subdivision makes clear that Rule 34 does not preclude independent actions for discovery against persons not parties.

**1980 Amendment**

**Subdivision (b).** The Committee is advised that, "It is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance." *Report of the Special Committee for the Study of Discovery Abuse, Section of Litigation of the American Bar Association* (1977) 22. The sentence added by this subdivision follows the recommendation of the *Report.*

**1987 Amendment**

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

The amendment is technical. No substantive change is intended.

**1991 Amendment**

This amendment reflects the change effected by revision of Rule 45 to provide for subpoenas to compel non-parties to produce documents and things and to submit to inspections of premises. The deletion of the text of the former paragraph is not intended to preclude an independent action for production of documents or things or for permission to enter upon land, but such actions may no longer be necessary in light of this revision.

**1993 Amendment**

The rule is revised to reflect the change made by Rule 26(d), preventing a party from seeking formal discovery prior to the meeting of the parties required by Rule 26(f). Also, like a change made in Rule 33, the rule is modified to make clear that, if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions.

When a case with outstanding requests for production is removed to federal court, the time for response would be measured from the date of the parties' meeting. See Rule 81(c), providing that these rules govern procedures after removal.

**2006 Amendment**

**Subdivision (a)**. As originally adopted, Rule 34 focused on discovery of “documents” and “things.” In 1970, Rule 34(a) was amended to include discovery of data compilations, anticipating that the use of computerized information would increase. Since then, the growth in electronically stored information and in the variety of systems for creating and storing such information has been dramatic. Lawyers and judges interpreted the term “documents” to include electronically stored information because it was obviously improper to allow a party to evade discovery obligations on the basis that the label had not kept pace with changes in information technology. But it has become increasingly difficult to say that all forms of electronically stored information, many dynamic in nature, fit within the traditional concept of a “document.” Electronically stored information may exist in dynamic databases and other forms far different from fixed expression on paper. Rule 34(a) is amended to confirm that discovery of electronically stored information stands on equal footing with discovery of paper documents. The change clarifies that Rule 34 applies to information that is fixed in a tangible form and to information that is stored in a medium from which it can be retrieved and examined. At the same time, a Rule 34 request for production of “documents” should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and “documents.”

Discoverable information often exists in both paper and electronic form, and the same or similar information might exist in both. The items listed in Rule 34(a) show different ways in which information may be recorded or stored. Images, for example, might be hard-copy documents or electronically stored information. The wide variety of computer systems currently in use, and the rapidity of technological change, counsel against a limiting or precise definition of electronically stored information. Rule 34(a)(1) is expansive and includes any type of information that is stored electronically. A common example often sought in discovery is electronic communications, such as e-mail. The rule covers--either as documents or as electronically stored information--information “stored in any medium,” to encompass future developments in computer technology. Rule 34(a)(1) is intended to be broad enough to cover all current types of computer-based information, and flexible enough to encompass future changes and developments.

References elsewhere in the rules to “electronically stored information” should be understood to invoke this expansive approach. A companion change is made to Rule 33(d), making it explicit that parties choosing to respond to an interrogatory by permitting access to responsive records may do so by providing access to electronically stored information. More generally, the term used in Rule 34(a)(1) appears in a number of other amendments, such as those to Rules 26(a)(1), 26(b)(2), 26(b)(5)(B), 26(f), 34(b), 37(f), and 45. In each of these rules, electronically stored information has the same broad meaning it has under Rule 34(a)(1).

References to "documents" appear in discovery rules that are not amended, including Rules 30(f), 36(a), and 37(c)(2). These references should be interpreted to include electronically stored information as circumstances warrant.

The term "electronically stored information" is broad, but whether material that falls within this term should be produced, and in what form, are separate questions that must be addressed under Rules 26(b), 26(c), and 34(b).

The Rule 34(a) requirement that, if necessary, a party producing electronically stored information translate it into reasonably usable form does not address the issue of translating from one human language to another. *See In re Puerto Rico Elect. Power Auth.*, 687 F.2d 501, 504-510 (1st Cir. 1989).

Rule 34(a)(1) is also amended to make clear that parties may request an opportunity to test or sample materials sought under the rule in addition to inspecting and copying them. That opportunity may be important for both electronically stored information and hard-copy materials. The current rule is not clear that such testing or sampling is authorized; the amendment expressly permits it. As with any other form of discovery, issues of burden and intrusiveness raised by requests to test or sample can be addressed under Rules 26(b)(2) and 26(c). Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Rule 34(a)(1) is further amended to make clear that tangible things must--like documents and land sought to be examined--be designated in the request.

**Subdivision (b).** Rule 34(b) provides that a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the discovery request. The production of electronically stored information should be subject to comparable requirements to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party. Rule 34(b) is amended to ensure similar protection for electronically stored information.

The amendment to Rule 34(b) permits the requesting party to designate the form or forms in which it wants electronically stored information produced. The form of production is more important to the exchange of electronically stored information than of hard-copy materials, although a party might specify hard copy as the requested form. Specification of the desired form or forms may facilitate the orderly, efficient, and cost-effective discovery of electronically stored information. The rule recognizes that different forms of production may be appropriate for different types of electronically stored information. Using current technology, for example, a party might be called upon to produce word processing documents, e-mail messages, electronic spreadsheets, different image or sound files, and material from databases. Requiring that such diverse types of electronically stored information all be produced in the same form could prove impossible, and even if possible could increase the cost and burdens of producing and using the information. The rule therefore provides that the requesting party may ask for different forms of production for different types of electronically stored information.

The rule does not require that the requesting party choose a form or forms of production. The requesting party may not have a preference. In some cases, the requesting party may not know what form the producing party uses to maintain its electronically stored information, although Rule 26(f)(3) is amended to call for discussion of the form of production in the parties' prediscovery conference.

The responding party also is involved in determining the form of production. In the written response to the production request that Rule 34 requires, the responding party must state the form it intends to use for producing electronically stored information if the requesting party does not specify a form or if the responding party objects to a form that the requesting party specifies. Stating the intended form before the production occurs may permit the parties to identify and seek to resolve disputes before

the expense and work of the production occurs. A party that responds to a discovery request by simply producing electronically stored information in a form of its choice, without identifying that form in advance of the production in the response required by Rule 34(b), runs a risk that the requesting party can show that the produced form is not reasonably usable and that it is entitled to production of some or all of the information in an additional form. Additional time might be required to permit a responding party to assess the appropriate form or forms of production.

If the requesting party is not satisfied with the form stated by the responding party, or if the responding party has objected to the form specified by the requesting party, the parties must meet and confer under Rule 37(a)(2)(B) in an effort to resolve the matter before the requesting party can file a motion to compel. If they cannot agree and the court resolves the dispute, the court is not limited to the forms initially chosen by the requesting party, stated by the responding party, or specified in this rule for situations in which there is no court order or party agreement.

If the form of production is not specified by party agreement or court order, the responding party must produce electronically stored information either in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable. Rule 34(a) requires that, if necessary, a responding party “translate” information it produces into a “reasonably usable” form. Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information. The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Some electronically stored information may be ordinarily maintained in a form that is not reasonably usable by any party. One example is “legacy” data that can be used only by superseded systems. The questions whether a producing party should be required to convert such information to a more usable form, or should be required to produce it at all, should be addressed under Rule 26(b)(2)(B).

Whether or not the requesting party specified the form of production, Rule 34(b) provides that the same electronically stored information ordinarily need be produced in only one form.

**2007 Amendment**

The language of Rule 34 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The final sentence in the first paragraph of former Rule 34(b) was a redundant cross-reference to the discovery moratorium provisions of Rule 26(d). Rule 26(d) is now familiar, obviating any need to carry forward the redundant cross-reference.

The redundant reminder of Rule 37(a) procedure in the second paragraph of former Rule 34(b) is omitted as no longer useful.

**2015 Amendment**

Several amendments are made in Rule 34, aimed at reducing the potential to impose unreasonable burdens by objections to requests to produce.

Rule 34(b)(2)(A) is amended to fit with new Rule 26(d)(2). The time to respond to a Rule 34 request delivered before the parties' Rule 26(f) conference is 30 days after the first Rule 26(f) conference.

Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity. This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34. The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection. An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad. Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection.

Rule 34(b)(2)(B) is further amended to reflect the common practice of producing copies of documents or electronically stored information rather than simply permitting inspection. The response to the request must state that copies will be produced. The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.

Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."

Notes of Decisions (1294)

**O'CONNOR'S CROSS REFERENCES**
**O'Connor's Federal Rules Civil Trials:**

See ***O'Connor's Federal Rules***, "Requests for Production," ch. 6-I, §1 et seq.; ***O'Connor's Federal Rules***, "Request for Entry on Land," ch. 6-K, §1 et seq.; ***O'Connor's Federal Civil Forms***, FORMS 6I:1 et seq.; ***O'Connor's Federal Civil Forms***, FORMS 6K:1 et seq.

**O'CONNOR'S ANNOTATIONS**
***Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct. for the Dist. of Mont.***, 408 F.3d 1142, 1149 (9th Cir.2005). See annotation under FRCP 26, *Asserting Privileges* .

***Wiwa v. Royal Dutch Pet. Co.***, 392 F.3d 812, 821 (5th Cir.2004). "[T]he subpoena requests all documents to which [nonparty] has 'access.' [Nonparty] contends that the term 'access' is overbroad because [FRCP] 34 requires only the production of documents in the 'possession, custody, or control' of the person to whom the subpoena is directed. [Nonparty] argues that the term 'access' encompasses documents that he does not have under his 'possession, custody, or control.' We agree. The phrase 'to which he has access' is overbroad; it would require the retrieval of documents … not under [nonparty's] custody, control, or possession, but to which he could conceivably have access by virtue of his prior position with [D]. We therefore limit the document request in the subpoena to documents within [nonparty's] custody, control, or possession."

***Resolution Trust Corp. v. North Bridge Assocs.***, 22 F.3d 1198, 1205 (1st Cir.1994). FRCP 34(b) gives "the discovering party, not the discovery target, the option of specifying the time, place, and manner of production and inspection. Absent a court order

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

or an agreement among the litigants, a party from whom discovery is sought cannot unilaterally alter these directives to suit its fancy [especially] where … the discovering party's notice [provided] an entirely reasonable time/place/manner format for document production."

Fed. Rules Civ. Proc. Rule 34, 28 U.S.C.A., FRCP Rule 34
Including Amendments Received Through 11-1-2026

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.